IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CR-00134-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALEJANDRO UMANA (2) | ) | |
| | ) | |

**THIS MATTER** comes before the Court on its own motion.

The Court previously appointed counsel to represent the defendant in post-conviction proceedings pursuant to 28 U.S.C. § 2255 seeking to vacate or set aside his death sentence. (Doc. No. 1621). Although the defendant has yet to file a § 2255 petition, the Court finds that the interests of judicial administration would be served by the opening of a civil case placeholder for all future pleadings related to such expected petition.[1]

**IT IS, THEREFORE, ORDERED** the Clerk of Court shall open a § 2255 civil case placeholder, flag it as a death penalty habeas action, and file this Order in it. All future filings related to the defendant's expected § 2255 petition shall be docketed under the civil case number.

Signed: February 2, 2016

Robert J. Conrad, Jr.
United States District Judge

---

[1] However, the opening of a civil case placeholder for the purposes of administrative convenience does not create any rights or toll the statute of limitations applicable to § 2255 proceedings. See e.g., Williams v. Cain, 125 F.3d 269, 273-74 (5th Cir. 1997) (death row inmate's habeas corpus case was not "pending" as of effective date of Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and case was thus subject to revised standard of review under AEDPA, though inmate filed motions for stay of execution, to proceed in forma pauperis, and for appointment of counsel before effective date, where actual habeas petition was not filed until after effective date); Moseley v. French, 961 F. Supp. 889, 892-893 (M.D.N.C. 1997) ("Nor is the limitation period tolled because of petitioner's motion for court appointed counsel."), rev'd on other grounds sub nom., Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999).