# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | DOCKET NO. 3:08CR134-RJC |
| | ) | |
| **(2) ALEJANDRO ENRIQUE RAMIREZ UMANA,** | ) | |
| a/k/a "Wizard" | ) | |
| "Lobo" | ) | |
| _____ | ) | |

### NOTICE OF INTENTION TO SEEK THE DEATH PENALTY
### AS TO DEFENDANT ALEJANDRO ENRIQUE RAMIREZ UMANA

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through its undersigned counsel, and notifies the Court and the defendant in the above-captioned case that the Government believes the circumstances of the offenses charged in Counts Twenty-Two, Twenty-Three, Twenty-Four, and Twenty-Five of the First Superseding Bill of Indictment are such that, in the event of the defendant's conviction of any of these offenses, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the Government will seek the sentence of death for these offenses:

1. Count Twenty-Two, murder of Ruben Garcia Salinas in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1);

2. Count Twenty-Three, causing the death Ruben Garcia Salinas with a firearm, in violation of 18 U.S.C. § 924(j);

3. Count Twenty-Four, murder of Manuel Garcia Salinas in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); and

1

Case 3:16-cv-00257-MOC Document 42-5 Filed 02/02/16 Page 1 of 10

4. Count Twenty-Five, causing the death Manuel Garcia Salinas with a firearm, in violation of 18 U.S.C. § 924(j).

The Government proposes to prove the following factors beyond a reasonable doubt as justifying a sentence of death:

I. **COUNT TWENTY-TWO** (Murder in Aid of Racketeering) & **COUNT TWENTY-THREE** (Use and Possession of Firearm During and in Relation to a Crime of Violence Resulting in Death).

    A. Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591 (a)(2)(A)-(D)

        1. **Intentional Killing**.

The defendant intentionally killed Ruben Garcia Salinas.

        2. **Intentional Infliction of Serious Bodily Injury Resulting in the Death of the Victim**.

The defendant intentionally inflicted serious bodily injury to Ruben Garcia Salinas resulting in his death.

        3. **Intentional Acts to Take Life or Use Lethal Force.**

The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Ruben Garcia Salinas died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

        4. **Intentional Acts of Violence Creating a Grave Risk of Death**.

The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such

that participation in the act constituted a reckless disregard for human life and Ruben Garcia Salinas died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(D).

      B.      <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).</u>

          1.      **Grave Risk of Death to Additional Persons**.

The defendant, in the commission of the offense, knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense, Ruben Garcia Salinas.  18 U.S.C. § 3592(c)(5).

          2.      **Multiple Killings or Attempted Killings.**

The defendant killed and attempted to kill more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

      C.      <u>Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).</u>

          1.      **Gang Motivated Killing**.

The defendant killed Ruben Garcia Salinas to  protect and maintain the name and reputation of the criminal enterprise MS-13, and to advance his position and reputation within the criminal enterprise.

          2.      **Victim Impact Evidence**.

As demonstrated by the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family and friends, the defendant caused injury, harm, and loss to the Ruben Garcia Salinas family and friends.

          3.      **Callous Disregard for the Severity of the Offense**.

Defendant has demonstrated a callous disregard for the severity of the offense, as evidenced by his words and actions following the murder of Ruben Garcia Salinas.

4. **Participation in Additional Uncharged Murders and Other Acts of Violence.**

Apart from the offenses charged in the First Superseding Bill of Indictment, defendant has been involved in other serious acts of violence, which are not reflected in his criminal record. Including but not limited to:

a. On or about July 27, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully killed Jose Herrera and Gustavo Porras.

b. On or about September 28, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully participated and aided and abetted the killing of Andy Abarca.

5. **Future Dangerousness**.

Defendant is likely to commit criminal acts of violence in the future which would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

a. **Continuing Pattern of Violence**.

Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including but not limited to the crimes alleged against defendant in the First Superseding Bill of Indictment.

b. **Low Rehabilitative Potential**.

Defendant poses a future danger to the lives and safety of other persons as demonstrated by his lack of rehabilitation after prior incarceration, his pattern of criminal conduct, and, his allegiance to and membership in MS-13.

4

   c.  **Lack of Remorse**.

Defendant has never expressed any remorse for killing Rubin Garcia Salinas as indicated by defendant's statements to fellow gang-members during the course of and following the offenses alleged in the First Superseding Bill of Indictment.

   d.  **Gang Membership.**

Defendant has demonstrated an allegiance to and active membership in MS-13, a violent criminal enterprise.

II.  **COUNT TWENTY-FOUR** (Murder in Aid of Racketeering) & **COUNT TWENTY- FIVE** (Use and Possession of Firearm During and in Relation to a Crime of Violence Resulting in Death).

 A.  <u>Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591 (a)(2)(A)-(D)</u>

  1.  **Intentional Killing**.

 The defendant intentionally killed Manuel Garcia Salinas.

  2.  **Intentional Infliction of Serious Bodily Injury Resulting in the Death of the Victim**.

The defendant intentionally inflicted serious bodily injury to Manuel Garcia Salinas resulting in his death.

  3.  **Intentional Acts to Take Life or Use Lethal Force.**

The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Manuel Garcia Salinas died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

5

4. **Intentional Acts of Violence Creating a Grave Risk of Death**.

The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Manuel Garcia Salinas died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

B. Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1. **Grave Risk of Death to Additional Persons**.

The defendant, in the commission of the offense, knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense, Manuel Garcia Salinas. 18 U.S.C. § 3592(c)(5).

2. **Multiple Killings or Attempted Killings.**

The defendant killed and attempted to kill more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

C. Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

1. **Gang Motivated Killing**.

The defendant killed Manuel Garcia Salinas to protect and maintain the name and reputation of the criminal enterprise MS-13, and to advance his position and reputation within the criminal enterprise.

2. **Victim Impact Evidence**.

As demonstrated by the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family and friends, the defendant caused injury, harm, and loss to the Manuel Garcia Salinas family and friends.

6

3.      **Callous Disregard for the Severity of the Offense**.

The defendant has demonstrated a callous disregard for the severity of the offense, as evidenced by his words and actions following the murder of Manuel Garcia Salinas.

4.      **Participation in Additional Uncharged Murders and Other Acts of Violence**.

Apart from the offenses charged in the First Superseding Bill of Indictment, defendant has been involved in other serious acts of violence, which are not reflected in his criminal record. Including, but not limited to:

a.      On or about July 27, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully killed Jose Herrera and Gustavo Porras.

b.      On or about September 28, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully participated and aided and abetted the killing of Andy Abarca.

5.      **Future Dangerousness**.

Defendant is likely commit criminal acts of violence in the future which would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, on or more of the following:

a.      **Continuing Pattern of Violence**.

Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including but not limited to the crimes alleged against defendant in the First Superseding Bill of Indictment.

Case 3:16-cv-00257-MOC Document 4-275 Filed 02/02/16 Page 7 of 10
Case 3:08-cr-00134-RJC-DSC Document 275 Filed 03/25/08 Page 7 of 10

b.    **Low Rehabilitative Potential**.

Defendant poses a future danger to the lives and safety of other persons as demonstrated by his lack of rehabilitation after prior incarceration, his pattern of criminal conduct, and, his allegiance to and membership in MS-13.

c.    **Lack of Remorse**.

Defendant has never expressed any remorse for killing Manuel Garcia Salinas as indicated by defendant's statements to fellow gang-members during the course of and following the offenses alleged in the First Superseding Bill of Indictment.

d.    **Gang Membership.**

Defendant has demonstrated an allegiance to and active membership in MS-13, a violent criminal enterprise.

8

The Government further gives notice that, in support of imposition of the death penalty, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Indictment as they relate to the background and character of defendant, his moral culpability, and the nature and circumstances of the offenses charged in the Indictment.

Respectfully submitted, September 23, 2008.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

/s Kevin Zolot

Kevin Zolot
Assistant U.S. Attorney
Bar: New York State (number N/A)
Attorney for the Plaintiff/Government
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, NC 28202
(704) 338-3167
(704) 227-0254 Fax
Kevin.Zolot@usdoj.gov

9

## CERTIFICATE OF SERVICE

This certifies that on the September 23, 2008, I served the defendants with a copy of the foregoing, through counsel, by utilizing the Court's Electronic Filing System and the attorney contact information contained within. Notice was sent through the ECF system to:

**John David Bryson**
Wyatt Early Harris & Wheeler, LLP
P.O. Box 2086
High Point, NC 27261
336-819-6016
336-819-6076 (fax)
jbryson@wehwlaw.com

10