IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57-RJC

ALEJANDRO RAMIREZ UMAÑA )
)
Movant, )
)
vs. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )

**RESPONSE OF THE UNITED STATES TO
UMAÑA'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Alejandro Ramirez Umaña received a sentence of death, after a jury trial over which this Court presided. The Court of Appeals for the Fourth Circuit affirmed Umaña's convictions and his sentence, holding that "Umaña had a fair trial and that the death penalty was justified by the jury's factual findings and by law." *United States v. Umaña*, 750 F.3d 320, 359 (4th Cir. 2014). Umaña has not challenged his conviction or sentence since they became final. In his words, he is "unable to present complete claims and underlying facts in support of a § 2255 motion." (Mot. 1.)

Unable to allege specific facts that would establish that his conviction or sentence is infirm, Umaña asks this Court to issue an unprecedented order granting him pre-motion discovery in the hope that he might be able to find something he can use to challenge his sentence under 28 U.S.C. § 2255. (Mot. 1,

5.)  He candidly admits that the discovery he requests may or may not support the claims that he hopes to make, "[d]epending on the content."  (Mot. 17.)  And this request is only the first of many.  (Mot. 25.)  He "anticipates further requests" depending on what this fishing expedition turns up.  (*Id.*)

No legal basis exists for Umaña to obtain discovery in advance of filing a motion under 28 U.S.C. § 2255.  Umaña received an enormous amount of discovery during his criminal case.  And, if Umaña files a motion under 28 U.S.C. § 2255, this Court would have discretion to permit discovery to the extent that Umaña shows good cause.  R. Governing § 2255 Proceedings 6(a).  But "[d]iscovery cannot be had *prior to* the filing of the habeas petition."  17B Charles Alan Wright et al., Federal Practice & Procedure § 4268.4 (3d ed.) (emphasis added).  The United States therefore respectfully requests that this Court deny Umaña's request.

## BACKGROUND

Umaña shot and killed two brothers at point-blank range in Greensboro, North Carolina, because Umaña believed that the brothers had insulted his gang, MS-13.  *Umaña*, 750 F.3d at 329.  A jury convicted Umaña of numerous federal criminal offenses, including four capital offenses:  two counts of murder in aid of racketeering, 18 U.S.C. § 1959(a)(1), and two counts of murder while using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), (j)(1).  *Umaña*, 750 F.3d at 329.  The same jury found that Umaña was death eligible on the four capital counts.  *Id.*  And it imposed the death penalty after weighing the

2

mitigating and aggravating factors that it found. *Id.* at 329–30.

The Court of Appeals for the Fourth Circuit affirmed Umaña's conviction and sentence. *Id. at* 360. The United States Supreme Court denied Umaña's petition for a writ of certiorari on June 22, 2015. *Umaña v. United States*, 135 S. Ct. 2856 (2015).

Since Umaña's judgment became final, Umaña has not filed a motion under 28 U.S.C. § 2255 or otherwise alleged in this court that his conviction or sentence are unlawful. Instead, on April 27, 2016, he moved for leave to conduct discovery pursuant to "Rule 6 of the Rules Governing 28 U.S.C. § 2255 Procedures." (Mot. 1.) He contends that it is "possible" that violations of discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1965) occurred, that the United States introduced false testimony, *Napue v. Illinois*, 360 U.S. 264 (1959), and that the performance of the attorneys who represented Umaña was constitutionally deficient. (Mot. 5.)

### DISCUSSION

Umaña is not entitled to discovery before he files a motion under 28 U.S.C. § 2255, because "[t]here is no pre-motion discovery in a Section 2255 case." *Puglisi v. United* States, 586 F.3d 209, 213 (2d Cir. 2009). The rules under which Umaña seeks discovery, the rules governing proceedings under Section 2255, by their own terms apply only to a "motion *filed* in a United States district court under 28 U.S.C. § 2255." R. Governing § 2255 Proceedings 1 (emphasis added). If a motion under section 2255 were filed, Rule 6 would grant this Court

3

discretion to authorize a party to conduct discovery, if the party shows "good cause." R. Governing § 2255 Proceedings 6(a); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). To establish "good cause," Umaña would need to file a *motion under section 2255* that establishes a prima facie case for relief. *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004) ("'[G]ood cause' for discovery exists when *a petition for habeas corpus* establishes a prima facie case for relief." (emphasis added) (quoting with approval *Johnson v. Pruett*, No. 3:97CV895 (E.D. Va. May 3, 2000))). As numerous courts have held in federal habeas-corpus proceedings and proceedings under section 2255, "federal courts do not have authority to order pre-petition discovery." *United States v. Lawrence*, No. 2:05-CR-011, 2015 WL 7570515, at *3 (S.D. Ohio Nov. 25, 2015); *Calderon v. U.S. Dist. Ct. for N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[P]re-petition discovery is impermissible . . . ."); *United States v. Tamayo*, No. 99-6577, at *1 (6th Cir. Dec. 11, 2000) (criminal defendant not entitled to discovery after the final judgment in his criminal case "prior to filing a motion for post-conviction relief") (unpublished decision); *Orbe v. True*, 201 F. Supp. 2d 671, 680 (E.D. Va. 2002) ("[P]repetition discovery is neither specifically allowed nor contemplated."). *See also* 17B Charles Alan Wright et al., Federal Practice & Procedure § 4268.4 (3d ed.); *Brian R. Means*, Federal Habeas Manual § 6:10 ("Federal district courts do not have authority to order prepetition discovery in habeas cases, including capital cases.").

4

The Court of Appeals for the Ninth Circuit described several reasons why pre-petition discovery is not authorized in a federal habeas-corpus action. *Calderon*, 98 F.3d at 1106. Many of those reasons apply with equal force to a proceeding under 28 U.S.C. § 2255, the habeas corpus equivalent for federal prisoners.

First, "a prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery." *Calderon*, 98 F.3d at 1106. To determine whether good cause exists to permit discovery, this Court would be required to evaluate the entire motion, to determine whether "specific allegations" showed "reason to believe that" Umaña "may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Roane*, 378 F.3d at 403. The claims that Umaña seeks to assert, for example, require a showing of prejudice. (*See* Mot. 17.) Accordingly, the extent to which Umaña may be able to demonstrate that he is entitled to relief will turn on the totality of the evidence introduced against him at trial and sentencing. *See Donald v. Spencer*, 656 F.3d 14, 16 (1st Cir. 2011). Discovery would be inappropriate, moreover, if the specific factual allegations that he includes in his motion would not entitle him to relief, even if believed. *See United States v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004). Discovery would also be inappropriate for claims that are barred by limitations that exist on collateral review, which Umaña does not even purport to address in his motion for discovery, such as the doctrine of procedural default. *See United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir.

5

2010).  And Umaña would not be able to establish good cause for discovery related to claims that otherwise fail as a matter of law.  *See Ashe v. United States*, No. 2:12-CR-00033-MR-DLH, 2015 WL 5430847, at *12 (W.D.N.C. Sept. 15, 2015), *appeal dismissed*, No. 15-7520, 2016 WL 791734 (4th Cir. Mar. 1, 2016).  A proper evaluation of the good-cause standard for discovery therefore requires the context of a filed motion under 28 U.S.C. § 2255.

Second, the provisions to which Rule 6 of the Rules Governing Section 2255 Proceedings refers do not authorize pre-motion discovery.  *Calderon*, 98 F.3d at 1106.  That rule, upon a showing of good cause, permits discovery "under the Federal Rules of Criminal Procedure or Civil Procedure."  R. Governing § 2255 Proceedings 6(a).  The "Federal Rules of Civil Procedure do not permit pre-complaint discovery," with one inapplicable exception for a party that "can show the need to perpetuate testimony that may not be available later."  *Calderon*, 98 F.3d at 1106.  The Federal Rules of Criminal Procedure similarly do not afford defendants pre-indictment discovery.  *See In re Possible Violations of 18 U.S.C. §§ 201, 371*, 491 F. Supp. 211, 214 (D.D.C. 1980) ("Rule 16(a)(1)(A) applies only to defendants; it governs discovery of evidence after the return of an indictment.").

Finally, "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."  *Calderon*, 98 F.3d at 1106.  This reason is particularly relevant to Umaña's motion.  He admits that he does not have enough information even to "sufficiently plead" the claims that he hopes to find through discovery.  (Mot. 17.)  This Court has repeatedly rejected motions

6

for discovery in section 2255 proceedings, based on conclusory or speculative allegations, as impermissible fishing expeditions, *see, e.g.*, *Parham v. United States*, No. 5:11CV63-03-V, 2011 WL 1899773, at *1 (W.D.N.C. May 19, 2011); *Olton v. United States*, No. 3:03CR127, 2010 WL 2640315, at *1 (W.D.N.C. July 1, 2010); *Woltz v. United States*, No. 3:06CR74, 2010 WL 138121, at *2 (W.D.N.C. Jan. 7, 2010), including in capital cases, *Jackson v. United States*, 638 F. Supp. 2d 514, 613 (W.D.N.C. 2009) ("To the extent that the Petitioner's request now speculates that there is exculpatory evidence which the prosecutor or the Government failed to turn over, 'he cannot conduct a 'fishing expedition' to find something that may support further relief under 28 U.S.C. § 2255.'"). The fishing-expedition metaphor that doomed these unfounded discovery requests, all made *after* the defendant had filed a motion under section 2255, is even more appropriate for Umaña's request, which is entirely unmoored from such a motion. *Calderon*, 98 F.3d at 1106.

No legal basis exists for Umaña's request for discovery in the absence of a filed motion under 28 U.S.C. § 2255. The United States, therefore, respectfully requests that this Court deny his motion for leave to conduct discovery.

### CONCLUSION

Because Umaña is not entitled to discovery in the absence of a filed motion under 28 U.S.C. § 2255, the United States respectfully requests that his motion

7

be denied.[1]

RESPECTFULLY SUBMITTED, this 31st day of May, 2016.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

---

[1] If this Court should conclude that Umaña would be entitled to pre-motion discovery upon the requisite showing of "good cause," the United States respectfully requests permission to file an additional brief to explain why the allegations contained in Umaña's motion do not meet that standard.

8

## CERTIFICATE OF SERVICE

I certify that on this 31st day of May, 2016, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

9