**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

_____

|  |  |
|---|---|
| ALEJANDRO UMAÑA,<br>Petitioner | :     No. 16-CV-00057-RJC |
| -v- | :     **CAPITAL § 2255 PROCEEDINGS** |
| UNITED STATES OF AMERICA,<br>Respondent | :     HON. ROBERT J. CONRAD JR. |

_____

## MEMORANDUM IN SUPPORT

Several factors in Mr. Umaña's case militate in favor of allowing factual development to proceed in this federal capital case before the Government is required to file pleadings responsive to his § 2255 Motion. Given the District Court's familiarity with the procedural history of this case, Mr. Umaña summarizes aspects of it only briefly.

### A.  Relevant Procedural History

Alejandro Umaña was accused of shooting and killing two men on December 8, 2007. The shooting happened in Greensboro, North Carolina, and state charges were initially brought there. On June 23, 2008, federal prosecutors charged Mr. Umaña in the Western District of North Carolina. The Greensboro shooting was charged as overt act under a RICO conspiracy (18 U.S.C. § 1962(d) (Count 1)).

On September 23, 2008, the Government superseded the indictment adding capital counts under 18 U.S.C. § 1959 (VICAR murder) (Counts 22 and 24), and possession of a firearm in

1

relation to crimes of violence under §§ 924(c) & (j)(1) (Counts 23 and 25). ECF Doc. No. 276. The Government filed a notice of intention to seek the death penalty on the same day. ECF Doc. No. 276.

On April 19, 2010, a jury returned a verdict finding Mr. Umaña guilty of all death eligible counts. They also found Mr. Umaña guilty on Count 1 (RICO conspiracy), Count 27 (illegal alien in possession of firearm, 18 U.S.C. § 922(g)(5), Count 28 (robbery affecting interstate commerce, 18 U.S.C. § 1951), Count 61 (conspiracy to commit witness tampering, 18 U.S.C. § 371), and Count 63 (witness tampering, 18 U.S.C. § 1512).

The penalty proceedings were bifurcated into eligibility and selection phases. At the eligibility phase, the Government alleged all four § 3591(a) gateway factors. On the VICAR counts, the jury returned no finding on the first three intent-to-kill aggravators and found only the "grave risk of harm" to exist, ECF Doc. No. 1044, 1046; on the § 924 counts it found intent to kill, ECF Doc. No. 1045, 1047. The jury also found § 3592(c) aggravating factors of creation of a grave risk of death to others and multiple killings to exist. ECF Doc. No. 1044-47.

At the selection phase, the Government alleged four more aggravators: (1) the purpose of the killing was to maintain the name and reputation of MS-13 and advance his position therein; (2) injury, harm, and loss was caused to the victim's family and friends ("victim impact"); (3) involvement in other serious acts of violence including (a) committing two prior unadjudicated murders on Fairfax Avenue, Los Angeles and (b) participating in and aiding and abetting in one additional unadjudicated murder in Lemon Grove park, Los Angeles; and (4) likelihood of committing criminal acts of violence in the future as evidenced by four sub-factors ("future

2

dangerousness"). ECF Doc. No. 1048-51. The jury found that the Government established all aggravating factors. Mr. Umaña alleged thirteen mitigating factors. After deliberation, the jury recommended that Mr. Umaña be sentenced to death on Counts 22-25. On July 27, 2010, this Court entered a judgment sentencing Mr. Umaña to death. The Court also imposed a life sentence on Count 1, and various sentences on the other counts all to run concurrent.

Mr. Umaña's appeal to the Fourth Circuit was affirmed by a divided panel. *United States v. Umaña*, 750 F.3d 320 (4th Cir. 2010). Mr. Umaña's petition for rehearing *en banc* was denied on June 27, 2014, by an eight to five vote. Case No. 10-6, Doc. 143. On June 22, 2015, the United States Supreme Court denied Mr. Umaña's Petition for a Writ of Certiorari.

On June 22, 2016, Mr. Umaña filed a Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial, pursuant to 28 U.S.C. § 2255 (hereinafter, § 2255 Motion), in which he asserted thirty claims of relief.

### B. Capital Postconviction Cases Brought Pursuant to 28 U.S.C. § 2255 Proceed More Efficiently When Factual Development is Begun Prior to the Government's Filing Its Responsive Pleadings.

Capital § 2255 proceedings represent the first opportunity for a federal prisoner to assert postconviction challenges to the constitutionality of his or her conviction and sentence. Section 2255 proceedings thus stand in stark contrast to capital cases that arise from state prosecutions, which are litigated in federal court pursuant to 28 U.S.C. § 2254.

In cases brought pursuant to § 2254, the litigant has already been provided the opportunity to assert his federal constitutional claims in state court. Before reaching federal court, a state prisoner has also had an opportunity to develop the factual bases for his claims through

3

investigation, often conducted over the course of several years, and through the discovery permitted under state law. A § 2254 petitioner may also have presented the evidence supporting his or her claims in a state-court evidentiary hearing. In fact, by the time a state prisoner reaches federal court, the rights to discovery, a hearing, and de novo review of his claims are constrained by the amount of review and process he has received in state court and the prior adjudication of those claims by the state courts. Likewise, during state proceedings, the state has had the opportunity to identify and develop the facts it deems necessary to defend against the petitioner's challenges.[1] Accordingly, factual development in federal court in § 2254 cases tends to be quite limited.

In contrast, in cases brought pursuant to § 2255, all postconviction fact development occurs in the federal forum. Initial § 2255 motions must be filed within a strict one-year statute of limitations that begins running as of the date certiorari is denied on direct appeal, a time period during which counsel for the movant needs to review the voluminous record and develop claims through their preliminary investigation. Moreover, during that pre § 2255 filing period, Mr. Umaña made attempts to obtain discovery from the Government both informally and in a discovery motion to the Court. ECF No. 13. No discovery was produced as a result of the informal requests and the Government's response to the discovery motion was that Mr. Umaña was not entitled to discovery

---

[1] *See, e.g., Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing.").

4

prior to filing the § 2255 motion. ECF No. 18. The Court had not ruled on that discovery motion prior to the filing of the § 2255 motion.

Mr. Umaña has now asserted thirty claims of constitutional violations including, *inter alia*, claims of ineffective assistance of counsel, violations of *Brady v. Maryland*, 373 U.S. 83 (1963), juror misconduct, and other issues. In order to gather all relevant facts to prove his claims, Mr. Umaña will first need to thoroughly review his claims and account for which entities and agencies may possess pertinent information. Mr. Umaña will then move for discovery from the Government as well as for other discovery that will require Court orders permitting him to obtain information from other entities.

Moreover, the Government is required in § 2255 proceedings to respond to all claims for which Mr. Umaña has made a prima facie showing. Thus, it is important for the Government to be aware of the full complement of factual support Mr. Umaña relies on for his claims before filing pleadings responsive to Mr. Umaña's § 2255 Motion.

Mr. Umaña respectfully suggests that the most efficient way to proceed at this stage with the above goals in mind would be for this Court to enter a scheduling order that permits Mr. Umaña to file his initial discovery requests which, if granted, will allow fuller proof in support of his claims, before the Government is required to file any pleading responsive to Mr. Umaña's § 2255 Motion. This will enable the parties to litigate based on a more complete set of facts and will help prevent piecemeal litigation that would result if new or additional facts come to light as the result of discovery that might warrant a different response than the claim as originally pled may have. The requested time will also permit the parties to talk and attempt to resolve discovery issues informally.

5

Because the length of time it will take to complete discovery depends upon many factors, including the scope of discovery that is ultimately authorized by the Court and the amount of time it takes parties from whom discovery is sought to respond, Mr. Umaña proposes that dates for the Government to file its responsive pleadings be designated at a time period dating from the conclusion of discovery.

For the foregoing reasons, Mr. Umaña asks this Court to enter an Order, giving him 90 days from the date of this motion, or until October 8, 2016, to file his initial requests for discovery in this case, before setting a schedule for the remaining litigation.

Respectfully submitted,

Dated: July 8, 2016

*/s/ Kenneth J. Rose*
**KENNETH J. ROSE**
The Center for Death Penalty Litigation
123 West Main Street
Suite 700
Durham, North Carolina 27701-3228
Telephone: 919-956-9545
ken@CDPL.ORG

*/s/ Zandra L. Lopez*
**ZANDRA L. LOPEZ**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: 619-234-8467
Zandra_Lopez@fd.org

Attorneys for Alejandro Umaña

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 8th day of July, 2016, the foregoing document was filed

electronically through ECF. The foregoing motion was duly served upon counsel for the

government herein by mailing a copy of the motion by first-class mail to the following address:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202

Respectfully submitted,

Dated: July 8, 2016

*/s/ Kenneth J. Rose*
**KENNETH J. ROSE**
The Center for Death Penalty Litigation
123 West Main Street
Suite 700
Durham, North Carolina 27701-3228
Telephone: 919-956-9545
ken@CDPL.ORG

*/s/ Zandra L. Lopez*
**ZANDRA L. LOPEZ**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: 619-234-8467
Zandra_Lopez@fd.org

Attorneys for Alejandro Umaña

7