IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00057-RJC
(3:08cr134-2)

| | | |
|---|---|---|
| ALEJANDRO ENRIQUE RAMIREZ UMANA | ) | |
| | ) | |
| V | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the motion of Movant Alejandro Enrique Ramirez Umaña for leave to conduct discovery. (Doc. No. 13). Also before the Court is Umaña's motion to set an initial period for discovery. (Doc. No. 25).

On July 27, 2010, after a jury trial and bifurcated penalty proceedings, this Court entered judgment in accordance with the jury's recommendation and sentenced Umana to death on four capital counts. The Court imposed various sentences on five other non-capital counts.

Umaña's appeal to the Fourth Circuit was affirmed. United States v. Umaña, 750 F.3d 320 (4th Cir. 2010), rehearing en banc denied, 762 F.3d 413, (4th Cir. 2014). On June 22, 2015, the United States Supreme Court denied Umaña's Petition for a Writ of Certiorari. Umaña v. United States, 135 S.Ct. 2856 (2015). On June 22, 2016, Umaña filed a Motion to Vacate, Set Aside, or Correct Sentence, and for a New Trial, pursuant to 28 U.S.C. § 2255.

Prior to filing his § 2255 Motion to Vacate, Umaña filed the instant motion for leave to conduct discovery pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District. (Doc. No. 13). "There is no pre-motion discovery in a Section 2255 case[,]" however. Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009); see also Calderon v. U.S. Dist. Ct. for N.D. Cal., 98 F.3d 1102, 1106 (9th Cir. 1996) ("[P]re-petition discovery is

impermissible . . . ."); United States v. Tamayo, 238 F.3d 425, 2000 WL 1871673, at * 1 (6th Cir. 2000) (unpublished) (finding that district court did not abuse discretion in denying motion for grand jury materials where motion was filed after judgment became final and defendant was "not entitled to discovery prior to filing a motion for post-conviction relief.") (unpublished); Owens v. Stirling, 015MC00254TLWPJG, 2016 WL 3397586, at *3 (D.S.C. June 21, 2016) (unpublished) (noting the "relevant rules do not permit pre-petition discovery"); United States v. Lawrence, No. 2:05-CR-011, 2015 WL 7570515, at *3 (S.D. Ohio Nov. 25, 2015) (unpublished) ("[F]ederal courts do not have authority to order pre-petition discovery."); Orbe v. True, 201 F. Supp. 2d 671, 680 (E.D. Va. 2002) ("[P]repetition discovery is neither specifically allowed nor contemplated."). Umaña has since filed a § 2255 Motion, which renders the instant motion for discovery, which was subject to dismissal as premature, moot.

After filing his Motion to Vacate, Umaña filed a motion requesting the Court set an initial time period within which he may file discovery requests before the Government is required to file pleadings responsive to his § 2255 Motion. (Doc. No. 25). Umaña asserts that he intends to file discovery requests and argues that resolving discovery issues before the Government is required to file a responsive pleading to the § 2255 Motion is more efficient than having the Government respond piecemeal in the event new or additional facts come to light if discovery is granted. The Court agrees, although, it considers the amount of time Umaña requests to file discovery motions, excessive. Therefore, his motion will be granted with some modification.

**IT IS, THEREFORE, ORDERED** that:

1. Umaña's Motion for Leave to Conduct Discovery (Doc. No. 13) is **DENIED** as moot;

2. Umaña's motion to set an initial period to resolve discovery matters (Doc. No. 25)

is **GRANTED**, with the following modification: Umaña shall have forty-five (45) days from entrance of this Order to file a discovery motion in this Court;

3. Respondent shall have sixty (60) days to file a response to any discovery motion filed by Umaña; and

4. Umaña shall have fourteen (14) days to file a reply.

**IT IS SO ORDERED.**

Signed: September 6, 2016

Robert J. Conrad, Jr.
United States District Judge