IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57-RJC

ALEJANDRO RAMIREZ UMAÑA )
 )
   Movant, )
 )
 vs. )
 )
UNITED STATES OF AMERICA, )
 )
   Respondent. )
_____ )

**UNITED STATES'S REQUEST FOR AN OPPORTUNITY TO
RESPOND TO UMAÑA'S MOTION TO VACATE
BEFORE HIS DISCOVERY MOTION**

The United States respectfully requests an opportunity to respond to

Alejandro Ramirez Umaña's motion under 28 U.S.C. § 2255, before this Court

further considers his October 2016 motion for leave to conduct discovery.  In July,

Umaña sought permission to file that discovery motion before this Court ordered

the United States to respond to his 2255 motion.[1]  (Dkt. No. 25.)  Umaña

indicated that he would file a discovery motion that would be more "efficient" to

resolve in advance of a response to his 2255 motion and avoid "piecemeal

litigation."  (Dkt. No. 25-1, at 5.)  The discovery motion that Umaña filed,

however, does not live up to that aspiration.

---

[1] Umaña's counsel did not seek the United States's position on this July motion before it was filed.

Umaña's discovery motion does not focus, for example, on a handful of issues that he contends are critical and could or ought to be resolved before this Court examines the legal sufficiency of his 2255 motion. Instead, Umaña seeks leave to make 180 extraordinarily and unnecessarily broad requests for discovery that span decades, seeking categories of materials not only from the United States attorney's office, but also from numerous state and federal entities and this Court. (Disc. Mem. 74–75 (Dkt. No. 37–1); Proposed Order 1–21 (Dkt. No. 37–2).). He seeks discovery in support of a host of claims, including, for example, claims that "his rights under the Vienna Convention were violated," (Disc. Mem. at 76); and claims that the "security measures" employed by the Court denied him the "right to a fair trial," (*id.* at 68). Many of these claims rest upon a dubious legal footing that does not withstand even brief scrutiny.

Umaña has made clear, moreover, that resolution of his discovery motion would do nothing to avoid "piecemeal litigation." (Dkt. No. 25-1, at 5.) Umaña states, in his 96-page brief in support of his discovery motion, that this is only his "initial request for discovery." (Disc. Mem. 2–3 n. 4.) He previews additional plans to seek further discovery from everyone from "non-testifying witnesses" to "jurors and interpreters." (*Id.*).

This Court can fairly, and far more efficiently, evaluate the legal sufficiency of Umaña's 2255 motion *before* the parties submit further briefing on Umaña's discovery motion. If this Court permits the United States to respond to Umaña's 2255 motion, the United States expects to assert strong arguments that

2

many, if not all, of the dozens of claims in that motion fail as a matter of law. If this Court concludes that any of Umaña's claims are not legally viable, an order dismissing or denying those claims will eliminate or significantly narrow many of the thorny issues raised by Umaña's discovery motion.

## BACKGROUND

Umaña shot and killed two brothers at point-blank range in Greensboro, North Carolina, because Umaña believed that the brothers had insulted his gang, MS-13. *United States v. Umaña*, 750 F.3d 320, 329 (4th Cir. 2014). A jury convicted Umaña of numerous federal criminal offenses, including four capital offenses. *Id.* at 329. The same jury found that Umaña was death eligible on the four capital counts. *Id.* And it imposed the death penalty after weighing the mitigating and aggravating factors that it found. *Id.* at 329–30.

The Court of Appeals for the Fourth Circuit affirmed Umaña's convictions and his sentence, holding that "Umaña had a fair trial and that the death penalty was justified by the jury's factual findings and by law." *Id.* at 359. The United States Supreme Court denied Umaña's petition for a writ of certiorari on June 22, 2015. *Umaña v. United States*, 135 S. Ct. 2856 (2015).

Umaña filed a motion under 28 U.S.C. § 2255, challenging his sentence and requesting a new trial, on June 22, 2016, exactly one year after his judgment became final. (2255 Mot. 1.) That 410-page motion alleges dozens of claims, and it is accompanied by hundreds of pages of exhibits. (2255 Mot.) This Court entered an order permitting Umaña to file a motion for leave to conduct discovery

3

before this Court ordered the United States to respond to his 2255 motion. (Dkt. No. 30.)  In October, Umaña filed his discovery motion, (Dkt. No. 37), and the United States's response is currently due on December 20 (*see* Dkt. No. 30).[2]

## DISCUSSION

This Court ought to permit the United States to file a response to Umaña's 2255 motion and consider its legal sufficiency before further litigation about discovery.  Umaña's 2255 motion is already ripe for a response.  This Court can fairly and more efficiently address the legal sufficiency of Umaña's 2255 motion before it considers his discovery motion.  And evaluating the legal sufficiency of Umaña's 2255 motion first will cause Umaña no prejudice.

### A.     Umaña's 2255 motion is ripe for a response.

Umaña's 2255 motion is ripe for a response by the United States.  "[A]ll the grounds for relief available to" Umaña are before this Court, as are the alleged facts "supporting each ground."  R. Governing § 2255 Proceedings 2(b)(1), (2).  Umaña was required to include all of his claims and supporting facts in the 2255 motion that he filed in July.  *Id.*

If permitted to respond to Umaña's 2255 motion, the United States will address its legal sufficiency.  This Court "must dismiss" the motion if it "plainly appears from the motion, any attached exhibits, and the record of prior

---

[2] The United States has filed a separate request that this Court suspend its briefing order on Umaña's discovery motion pending its decision on the United States's request for permission to respond to Umaña's 2255 motion first.

4

proceedings" that Umaña "is not entitled to relief." R. Governing § 2255 Proceedings 4(b). A 2255 motion "can be dismissed without a hearing" if "the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." *Engleen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Court need not accept every kind of allegation. *Id.* It "need not assume the credibility of factual assertions, as it would in civil cases," for example, "where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009). And it need not accept an allegation that is "inherently incredible, or [a conclusion] rather than [a] statement[] of fact." *Jackson v. United* States, 638 F. Supp. 2d 514, 528 (W.D.N.C. 2009). But when the only cognizable factual allegations that a 2255 motion contains in support of a claim would not establish that claim, even if proved, this Court can say that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). *See Hill v. Ozmint*, 339 F.3d 187, 201 (4th Cir. 2003) (habeas petitioner "obliged to allege 'facts that, if true, *would* entitle him to relief.'" (emphasis in original)).

The Court currently has before it the information necessary to address the legal sufficiency of Umaña's 2255 motion. Applying the law in the light of "the motion and the files and records of the case," 28 U.S.C. § 2255(b), will reveal if a claim is, for example, not cognizable under 28 U.S.C. § 2255, or based on an erroneous legal theory, or barred by precedent, or legally insufficient because the allegations, if proved, would fail to establish an essential element of the claim.

5

The Court need not address discovery or hold a hearing before assessing the legal sufficiency of Umaña's motion because it can assume that, with discovery and a hearing, Umaña would be able to prove the cognizable facts contained in his 2255 motion. If, on that assumption, Umaña would still not be entitled to relief, this Court can reject his claims as a matter of law. *See Engleen* 68 F.3d at 240; *Ozmint*, 339 F.3d at 201. If, in contrast, the Court determines that the facts alleged, if proved, would entitle Umaña to relief on a claim, then this Court can "grant a prompt hearing" at which Umaña can attempt to prove those facts. 28 U.S.C. § 2255(b). And, to the extent that Umaña has shown the requisite "good cause," R. Governing § 2255 Proceedings 6(a), this Court can authorize Umaña to conduct discovery to obtain evidence that may prove the alleged facts at the hearing.

Relatedly, the legal sufficiency of Umaña's 2255 motion does not depend on what Umaña might uncover if allowed to conduct discovery. To the extent that Umaña, in his 410-page 2255 motion, has not *already* asserted legally sufficient claims, he cannot use discovery to fish for them. "Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions." *Ward v. Whitley*, 21 F.3d 1355, 1366 (5th Cir. 1994). To obtain discovery under the "good cause" standard, Umaña's *2255 motion* must establish a prima-facie case in support of a claim. *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004) ("'[G]ood cause' for discovery exists when *a petition for habeas corpus* establishes a prima facie case for relief." (emphasis added) (quoting with

6

approval *Johnson v. Pruett*, No. 3:97CV895 (E.D. Va. May 3, 2000))). And, to the extent that Umaña's motion does not *already* contain sufficiently specific factual allegations, it cannot support a request for discovery: "[A] petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). Accordingly, to the extent Umaña's motion is not legally sufficient, it cannot provide a basis for discovery requests. *See Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) ("Unless the petition itself passes scrutiny, there would be no basis to require the state to respond to discovery requests.").

**B.    This Court can fairly and more efficiently evaluate the legal sufficiency of Umaña's 2255 motion before requiring the parties to further address Umaña's discovery motion.**

This Court can fairly and more efficiently address the legal sufficiency of Umaña's 2255 before further litigation about Umaña's discovery motion. Umaña's discovery motion assumes that the claims that he has already asserted in his 2255 motion are legally viable. His discovery motion explicitly alleges, as a starting point, that the 2255 motion that he filed in June surpasses the requirements of the standard described in 28 U.S.C. § 2255(b) and that he has already made "detailed factual allegations" in support of each of his claims, "which if true, will entitle him to relief." (Disc. Mot. 6.)

This Court should determine the extent to which Umaña's assumption that he has already asserted legally sufficient claims is correct before wading into the myriad issues raised by his discovery motion. "A habeas petitioner, unlike the

7

usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). If this Court were to accept Umaña's assumption that his claims are viable, it would then need to determine the extent to which Umaña has shown "good cause" for any discovery. R. Governing § 2255 Proceedings 6(a). This Court would have to evaluate the "specific allegations" in Umaña's motion and determine whether they showed "reason to believe that" Umaña "may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908–09 (ellipses omitted).

The 180 discovery requests proposed by Umaña present a number of legal and potentially fact-intensive questions. Umaña's discovery motion would require this Court to evaluate each request in the light of the specific allegations in Umaña's 2255 motion, the extensive record developed during Umaña's multi-phase trial, and the specific evidence that Umaña has already presented in connection with his 2255 motion. *See Bracy*, 520 U.S. at 908–09; *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Good cause for discovery was established in *Bracy* primarily upon the specific nature of the allegations and the concrete nature of the evidence proffered to support Bracy's theory."); *Ozmint*, 339 F.3d 187 at 201 (habeas petitioner not entitled to discovery based on "speculative" assertions). This Court would have to determine which of Umaña's requests — many of which seek broad categories of materials beginning with, "Any communications, documents, or information . . .," (*see* Dkt. No. 37-2, at 1–

8

20) — comply with the rule requiring Umaña to "specify any requested documents." R. Governing § 2255 Proceedings 6(b); *see also Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007) (explaining that the rules require a habeas petitioner to "indicate exactly what information he seeks to obtain."). And, to the extent Umaña has identified the "specific information sought," this Court would have to determine whether he has also met his burden to establish that the information "is material" to the claims to which he contends it relates. *See Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009).

Moreover, Umaña's proposed requests include broad categories of privileged materials. He seeks leave to request, for example, "[a]ny communications, documents, or information relating to prosecutors' discretion under the Federal Death Penalty Act that leads to the selection of which defendants to prosecute capitally . . . ." (Dkt. No. 37-2, at 13.) This information is, among other things, subject to the deliberative-process privilege, *see United States v. Frank*, 8 F. Supp. 2d 253, 284 (S.D.N.Y. 1998), and the work-product-doctrine, Fed. R. Crim. P. 16(a)(2), *see United States v. Nguyen*, 928 F. Supp. 1525, 1552 (D. Kan. 1996).

It would be inefficient for this Court (and the United States) to address the thorny issues attending scores of Umaña's discovery requests without this Court's first determining which, if any, of Umaña's claims are legally viable. If this Court were to decide Umaña's discovery motion first, regardless of the outcome, the Court would still need to address the legal sufficiency of Umaña's

9

claims.  If this Court instead were to address Umaña's 2255 motion first and determine that any of his dozens of claims are legally insufficient, the Court's determination would eliminate the need to address the discovery-related issues related to those claims.

The United States expects to assert strong arguments that many, if not all, of Umaña's claims are legally insufficient.  Three examples illustrate why allowing the United States to respond to Umaña's 2255 motion before his discovery motion would be a fair, but more efficient, course.[3]

Umaña's claim that the performance of his attorney was constitutionally deficient "at the presentation to the Department of Justice in opposition to the authorization of a capital prosecution," (2255 Mot. 345), illustrates why this Court ought to allow the United States to respond to Umaña's 2255 motion first. In support of this claim, Umaña requests permission to seek discovery of nine different categories of materials.  (Disc. Mot. 72–73.)  The categories are remarkably broad, spanning multiple decades and seeking, for example, "[a]ll documents regarding and including guidelines, criteria, rules, factors, manuals, protocols, and any other means of selecting defendants for authorization of the federal death penalty in existence at any time since enactment of the Federal Death Penalty in 1994."  (*Id.* at 72.)

---

[3] These examples do not purport to fully discuss the position of the United States or all of Umaña's claims.  The United States will include a complete discussion in its response to Umaña's 2255 motion, if this Court permits.

This Court need not spend judicial time and resources addressing the many specificity, scope, materiality, and privilege issues raised by Umaña's proposed requests in support of this claim if it agrees with the numerous courts that have held that "there is no Sixth Amendment right to counsel in connection with the Department of Justice's capital authorization procedure." *Bolden v. United States*, 171 F. Supp. 3d 891, 911 (E.D. Mo. 2016); *United States v. Caro*, 102 F. Supp. 3d 813, 831–32 (W.D. Va. 2015); *United States v. Furrow*, 100 F. Supp. 2d 1170, 1177 (C.D. Cal. 2000); *United States v. Boyd*, 931 F. Supp. 968, 973 (D.R.I. 1996). Because Umaña had no constitutional right to any counsel during this presentation, he was not denied a constitutional right to the effective assistance of counsel. *See Caro*, 102 F. Supp. 3d at 832. This Court can dismiss or deny this claim because it "plainly appears" that Umaña is "not entitled to relief," R. Governing § 2255 Proceedings 4(b), and eliminate the need to address the thorny questions raised by his nine discovery requests. *See Thomas v. Taylor*, 170 F.3d 466, 474 (4th Cir. 1999). If a constitutional right to counsel in connection with the Department's capital authorization procedure does not exist, no amount of discovery will create one.

Umaña's claim that the United States "did not notify Mr. Umaña of his rights under the Vienna Convention [and] did not contact the Guatemalan Consulate" (2255 Mot. 354–55) offers another example of why an assessment of the legal sufficiency of Umaña's 2255 motion should precede a response to his discovery motion. Courts have held that "Article 36 of the Vienna Convention,"

11

the Article on which Umaña relies, "does not create an individually enforceable right." *Medellin v. Dretke*, 371 F.3d 270, 280 (5th Cir. 2004). The rules of procedural default apply to the Vienna Convention, *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 360 (2006), and Umaña did not raise his Convention argument on direct appeal. Moreover, a claim based on an alleged violation of the Convention is not cognizable under 28 U.S.C. § 2255 because it is not a "constitutional" or "jurisdictional" claim or a claim based on "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). If given the opportunity to respond to Umaña's 2255 motion, the United States would assert strong arguments that this Convention claim fails as a matter of law, even if this Court assumes the truth of Umaña's factual allegations.

This Court does not need to address the issues associated with the broad discovery that Umaña seeks if his Convention claim is legally invalid on its face. Umaña requests leave to seek discovery from four different state and federal entities in support of this claim and materials "from December 2002 through April 2010." (Disc. Mot. 77.) Like others, this request raises questions about specificity, scope, materiality, and privilege that this Court need not address if it concludes that Umaña's Convention claim fails as a matter of law.

Umaña's numerous claims of ineffective assistance of trial counsel and violations of criminal discovery obligations offer a third example of why this Court ought to consider the legal sufficiency of Umaña's 2255 motion first. These

12

claims require Umaña to demonstrate, among other things, a reasonable probability that, if counsel's performance had been different or the allegedly withheld discovery had been produced, Umaña "would not have been sentenced to death." *Buckner v. Polk*, 453 F.3d 195, 201 (4th Cir. 2006) (describing the prejudice requirement of an ineffective assistance claim); *Strickler v. Greene*, 527 U.S. 263, 296 (1999) (describing the materiality requirement of a *Brady* claim). This Court can evaluate the legal sufficiency of these claims by examining the facts that Umaña has alleged in his 2255 motion in the light of the record and evidence that was before this Court and the jury. If "[t]he record provides strong support for the conclusion that [Umaña] would have been convicted of capital murder and sentenced to death," *Strickler* 527 U.S. at 296, even if Umaña proves the specific facts that he alleges, this Court can reject the claims based on those facts without an evidentiary hearing or discovery. *See Strickland v. Washington*, 466 U.S. 668, 700 (1984) (holding that "state courts properly concluded that" a death-penalty habeas petitioner's "ineffectiveness claim was meritless without holding an evidentiary hearing"); *United States v. Wilson*, 901 F.2d 378, 379, 382 (4th Cir. 1990) (upholding rejection of 2255 motion raising *Brady* claim "without discovery and without an evidentiary hearing" because documents allegedly withheld were not "material.").[4]

---

[4] This Court can, of course, also evaluate other elements of these claims as a matter of law in the light of the record. For example, an attorney is not constitutionally deficient for "failing to raise meritless, or even long-shot, theories." *Carrasco v. United States*, No. 3:13-CR-199-RJC-1, 2016 WL 6023539, at *4 (W.D.N.C. Oct. 13, 2016).

If permitted to respond, the United States expects to make strong arguments that many of Umaña's claims are legally insufficient in the light of "the record of prior proceedings." R. Governing § 2255 Proceedings 4(b). To the extent the Court agrees with those arguments, its determination is likely to eliminate the need for this court to further address scores of discovery requests that Umaña seeks permission to assert. The United States, of course, expects that Umaña will disagree with its view of the legal sufficiency of his claims, and the rules allow him a reply to the United States's response. *See* R. Governing § 2255 Proceedings 5(d).

**C. Umaña will suffer no prejudice if this Court permits the United States to respond to his 2255 motion before his discovery motion.**

Umaña will suffer no prejudice if this Court addresses the legal sufficiency of his 2255 motion before his discovery motion. As explained previously, the legal sufficiency of Umaña's 2255 motion does not turn on evidence that he might uncover in the future if permitted to conduct discovery. And Umaña asserts that he has already alleged the specific facts that establish his claims. (Disc. Mot. 6.) Because Umaña is not entitled to relief or discovery on claims that fail as a matter of law, he will suffer no prejudice if this Court permits the United States to respond to Umaña's 2255 motion and considers that motion's legal sufficiency first. Moreover, even if movants under section 2255 were ordinarily permitted to fish for new claims, *cf. Whitley*, 21 F.3d at 1366, Umaña's opportunity would have passed. Umaña filed his 2255 motion on the last day of the "1-year period of

14

limitation" that applies to his motion. 28 U.S.C. § 2255(f). Any new claim would be untimely.

## CONCLUSION

Because this Court can fairly and more efficiently address the legal sufficiency of Umaña's 2255 motion before the parties further litigate his discovery motion, the United States respectfully requests that this Court permit it to respond to Umaña's 2255 motion first. Before filing this motion, the United States consulted with Umaña's counsel, who stated that counsel would need more time to determine Umaña's position on the United States's request.

This Court ordinarily requires the United States to respond within 60 days of orders seeking a response to a 2255 motion. Because Umaña's 2255 motion asserts dozens of claims spanning more than 400 pages, against the background of an unusually extensive trial record, a thorough response would benefit from more time. The United States, therefore, requests 180 days to respond to Umaña's 2255 motion. Counsel for Umaña has requested 120 days thereafter to file a response, and the United States has no objection to that request. If the Court issues a decision after receiving the United States's response and Umaña's reply and discovery issues remain, the United States proposes to confer with counsel for Umaña to negotiate a briefing schedule. A proposed order is attached.

RESPECTFULLY SUBMITTED, this 10th day of November, 2016.

15

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

16

## CERTIFICATE OF SERVICE

I certify that on this 10th day of November, 2016, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

17