IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57-RJC

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**UNITED STATES'S REPLY IN SUPPORT OF AN OPPORTUNITY TO
RESPOND TO UMAÑA'S MOTION TO VACATE
<u>BEFORE HIS DISCOVERY MOTION</u>**

The United States requests the opportunity, contemplated by the

applicable rules, to respond to Umaña's 2255 motion. *See* R. Governing § 2255

Proceedings 4(b). The United States does not ask this Court to deprive Umaña of

any right or opportunity to which the law entitles him. But this Court should

consider the views of the United States on the legal sufficiency of Umaña's 2255

motion before requiring burdensome litigation about the propriety of the 180

broad discovery requests that Umaña seeks leave to serve on the United States

and other entities. Many of the claims for which Umaña seeks discovery —

including claims of misconduct by the United States — are foreclosed by well-

established law, contradicted by the record of Umaña's criminal proceedings, or

otherwise legally insufficient. Discovery will not fix the deficiencies of those

claims.  Consideration of the legal sufficiency of Umaña's claims first will allow this Court to avoid wasting significant time and public resources on litigation about hundreds of discovery requests that a quick look at the applicable law would render academic.  The parties, and this Court, will instead be able to focus on any real and obvious wrongs alleged in Umaña's 2255 motion that, if proved, would entitle him to relief.

> **A.  This Court has ample authority to consider a response to Umaña's 2255 motion before his discovery motion.**

Contrary to what Umaña suggests (*Cf.* Response 5–8), this Court has ample authority to consider a response to his 2255 motion before further litigation on his motion for discovery.  Permitting a response by the United States is the first action contemplated by the rules for a 2255 motion after "Preliminary Review" by the Court.  *See* R. Governing § 2255 Proceedings 4(b).  And, to the extent this Court is convinced that any of Umaña's claims are legally insufficient, it is not required to postpone dismissal of those claims.  "Federal courts are authorized to dismiss *summarily* any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (O'Connor, J., concurring) (emphasis added); R. Governing § 2255 Proceedings 4(b).  Discovery serves no purpose for legally insufficient claims because, even if Umaña were, with discovery, able to prove the facts he alleges, he would not be entitled to relief.  Accordingly, courts of appeals, including the Fourth Circuit, have routinely upheld the dismissal — without discovery — of habeas and 2255

2

claims that fail as a matter of law. *See Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999) (upholding denial of discovery for procedurally defaulted claims); *Thomas v. Taylor*, 170 F.3d 466, 474 (4th Cir. 1999) (upholding denial of discovery because, even if habeas petitioner "were able to establish" what he alleged, his "claim would still fail as a matter of law."); *United States v. Webster*, 392 F.3d 787, 801–02 (5th Cir. 2004) (upholding denial of discovery where habeas petitioner did "not allege a single factual dispute, which, if resolved in his favor, would entitle him to relief."); *Williams v. Bagley*, 380 F.3d 932, 974–77 (6th Cir. 2004) (upholding the dismissal of habeas petition and denial of discovery on a number of claims that fail as a matter of law). It is entirely appropriate for this Court to examine the sufficiency of Umaña's claims before requiring further litigation about discovery. *See Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) ("Unless the petition itself passes scrutiny, there would be no basis to require the state to respond to discovery requests.").

Umaña's contention that this Court cannot assess the legal sufficiency of his claims based on "the facts already alleged" and "the record" because it must also consider a "full complement" of unstated and unknown facts that Umaña hopes to find through discovery (Response 9 (emphasis omitted)) is directly contradicted by the applicable rules. This Court "*must* dismiss" Umaña's motion to the extent that "it plainly appears from *the motion, any attached exhibits, and the record of prior proceedings*" that he is "not entitled to relief." R. Governing § 2255 Proceedings 4(b) (emphasis added). A "complement" of unalleged facts that

3

might later turn up is not among the sources that the rule directs the Court to consult when making its determination.

This Court can appropriately consider a response to Umaña's 2255 motion without awaiting what discovery might turn up. "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (citation omitted). Accordingly, 2255 motions and "[h]abeas corpus petitions must meet heightened pleading requirements." *McFarland*, 512 U.S. at 855. Umaña was required to include in the 2255 motion that he already filed not only "all the grounds for relief available" to him, but also "the facts supporting each ground." *Id.* To the extent he has failed to include within his 410-page motion facts that identify a real or obvious wrong, he is not entitled to use discovery to fish for them. This Court "must allow discovery . . . only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." *Webster*, 392 F.3d at 801–02.

Umaña's suggestion that "Supreme Court precedent" somehow precludes this Court from considering a response to his 2255 motion before his discovery motion (Response 5) misreads that precedent. The Supreme Court has held that a district court "may use or authorize the use of suitable discovery procedures" when "confronted by a petition for habeas corpus *which establishes a prima facie case for relief*." *Harris v. Nelson*, 394 U.S. 286, 290 (1969) (emphasis added). The

4

decision that Umaña cites, *Bracy v. Gramley*, 520 U.S. 899 (1997), did "not lower the grade" established by *Harris* "for discovery in habeas cases." *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004). Instead, *Bracy* held that a habeas petitioner was entitled to discovery in support of a claim that was plainly legally sufficient. *Bracy v.* 520 U.S. at 905. The Court explained that "there is no question that, if it could be proved," the kind of judicial bias that Bracy alleged "would violate the Due Process Clause of the Fourteenth Amendment." *Id.* Umaña's speculation that Bracy's claim "appears" to have been "unexhausted" (Response 6) had nothing to do with the Supreme Court's decision, and it is incorrect. Bracy and his companion had "exhausted their state remedies" before seeking "habeas corpus in federal district court." *Bracy v. Gramley*, 81 F.3d 684, 687 (7th Cir. 1996), *rev'd on other grounds*, 520 U.S. 899.

**B.      This Court can more efficiently consider a response to Umaña's 2255 motion before further litigation about his discovery motion.**

Considering a response to Umaña's 2255 motion first would be not only well within this Court's authority, but also a far more efficient course. If this Court considers a response to Umaña's 2255 motion first, it will only need to evaluate the legal sufficiency of Umaña's claims once. And, if this Court decides that even a handful of Umaña's claims are not legally viable, its decision could eliminate the need to address scores of broad discovery requests. (*See* Response 2 (noting that 50% of Umaña's "claim specific" discovery requests relate to only three claims)).

5

Umaña's contention that the United States can address the legal sufficiency of his claims as part of its response to Umaña's discovery motion (Response 9) ignores the enormous potential of that approach for waste, in the light of the excessive number of broad discovery requests that Umaña has proposed.   Because Umaña's requests are plagued with deficiencies related to their lack of specificity, improper scope, lack of materiality, tendency to seek obviously privileged material, and other errors, any response to Umaña's discovery motion will need to address those deficiencies.   Doing so for Umaña's 180 claims will be no trivial task; it might well require more time and resources than a response to Umaña's 2255 motion.   Umaña will then require time for a reply, which, if consistent with his earlier filings, will consume hundreds of pages or more.   And, regardless of the outcome of Umaña's discovery motion, the Court will have to endure another round of briefing, because this Court will have yet to consider arguments about the 2255 motion itself.

Moreover, Umaña has asserted claims that, if *accepted* by this Court, would render his discovery requests moot.   Umaña contends, for example, that two of his capital convictions for murder while using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), (j), are unconstitutional.   (2255 Mot. 323–25.).   Umaña contends that the Supreme Court's decision in *Johnson v. United States* — which held that the "residual clause" of the definition of "violent felony" in a different statute, the Armed Career Criminal Act, is unconstitutionally vague, 135 S. Ct. 2551 (2015) — invalidates the part of the

6

definition of "crime of violence" in section 924(c) on which his convictions depend. (2255 Mot. 323–39.)  Although Umaña was also sentenced for two other capital counts that do not involve section 924(c), he contends that the alleged invalidity of his 924(c) convictions "requires that he be resentenced" on those "convictions as well."  (2255 Mot. 341–44.)  Umaña does not seek discovery in support of this claim (*see* Discovery Mot. i–iv), so, under his proposal, this Court would have no occasion to consider it until his discovery motion is fully litigated and the discovery process itself is complete.  Yet, if the Court were to accept Umaña's legal argument based on *Johnson*, all of the time and effort spent on discovery requests related to claims challenging Umaña's penalty proceedings would be for naught.

Time and public resources are properly directed by the United States, this Court, and public defenders toward *well founded* claims in a capital 2255 action. Umaña, however, seeks broad discovery in support of dubious claims, the legal deficiencies of which no amount of discovery will cure.  As explained in the United States's motion, Umaña seeks discovery in support of non-cognizable claims related to unenforceable treaty provisions; claims based on nonexistent constitutional rights; claims for which the record precludes him from showing prejudice; and a host of others on shaky legal footing.   The time and public resources properly spent on "real and obvious wrongs," *Rich*, 187 F.3d at 1067, ought not be wasted litigating hundreds of discovery issues that a quick look at well-established law would render academic.

7

**C. Umaña will suffer no prejudice if this Court considers a response to his 2255 motion first.**

Umaña's contention that he will suffer "great[] prejudice" if this Court considers a response to his 2255 motion before his discovery motion (Response 1), misunderstands the scope of discovery in a 2255 action. Umaña fears that this Court's consideration of a response to his 2255 first motion will thwart his plan to "amend his § 2255 motion" after using discovery as a tool to find "additional facts" that he did not include among the 410 pages that he already filed. (Response 10–11.) But his plan represents exactly the kind of "fishing expedition" that the discovery rule prohibits. Because Umaña is not entitled to use discovery to fish for grounds to amend his already extensive 2255 motion, he will not suffer "prejudice" from the inability to do so. *See Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Simply put, Rule 6 does not authorize fishing expeditions.").

The United States does not seek to deprive Umaña of any right or opportunity to which he is entitled. If Umaña has asserted claims like Bracy's, which are legally sufficient and for which he has shown good cause for discovery, then he has nothing to fear if this Court first considers a response to his 2255 motion. Such claims will necessarily withstand scrutiny under the applicable standards. Similarly, to the extent that Umaña's claims are supported by cognizable "factual allegations, which if true, will entitle him to relief," as he represents, (Discovery Mot. 6), those claims are unlikely to be dismissed before he

8

has an opportunity to prove his allegations. Moreover, to the extent that Umaña believes that any challenge to any of his claims is misplaced, because of the operation of the discovery rules, because of the operation of a procedural bar,[1] or for any other reason, Umaña will have the opportunity to explain his position in his reply. R. Governing § 2255 Proceedings 5(d).

## CONCLUSION

This Court can fairly, and far more efficiently, address the legal sufficiency of Umaña's 2255 motion before the parties further litigate his discovery motion. The United States, therefore, respectfully requests that this Court permit it to respond to Umaña's 2255 motion first and consider its response before requiring further briefing on Umaña's discovery motion.[2]

RESPECTFULLY SUBMITTED, this 5th day of December, 2016.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

/s/Anthony J. Enright

---

[1] Umaña suggests that this Court cannot dismiss claims based on a procedural bar without first permitting discovery. (*See* Response 1, 6, 9.) The Fourth Circuit and other courts of appeals disagree. *See, e.g.*, *Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999) (upholding denial of discovery for procedurally defaulted claims); *Beatty v. Greiner*, 50 F. App'x 494, 497 (2d Cir. 2002) (upholding denial of discovery where defendant "failed to exhaust his claim in state court"); *Bagley*, 380 F.3d at 975–76 (upholding denial of discovery for procedurally defaulted claim); *Byrd v. Amontrout*, 880 F.2d 1, 7 (8th Cir. 1989) (same). In any event, if Umaña disagrees on this ground with a challenge to any of his claims, he will have the opportunity to argue his position in his reply.

[2] Umaña's request for permission to "amend his § 2255 Motion . . . *after* the resolution of his discovery requests" (Response 12 (emphasis in original)) is premature. Umaña filed his 2255 motion on the last day of the "1-year period of limitation" that applies to his motion, 28 U.S.C. § 2255(f), so any amendment is likely to be untimely and futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). If Umaña is able to present grounds to amend his motion in the future, this Court can consider a request for leave to amend at the appropriate time.

9

Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

10

Case 3:16-cv-00057-MOC    Document 44    Filed 12/05/16    Page 10 of 11

## CERTIFICATE OF SERVICE

I certify that on this 5th day of December, 2016, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

11