# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,
Movant,

-v-

UNITED STATES,
Respondent.

:
:
:
:
:
:
:
:
:
:
:
:

3:16-CV-00057-RJC

**CAPITAL § 2255 PROCEEDINGS**

HON. ROBERT J. CONRAD JR.

## MR. UMAÑA'S UNOPPOSSED MOTION TO PLACE 28 U.S.C. § 2255 LITIGATION IN ABEYANCE

Alejandro Umaña, through undersigned counsel, moves this Court to stay the § 2255 litigation in this matter, pending the outcome of appeals addressing the effect of *Johnson v. United States*, 135 S.Ct. 2551 (2015) on 18 U.S.C. §§ 924(c) and/or 16(b) because Mr. Umaña's *Johnson* claim is potentially dispositive of his § 2255 motion and therefore, if granted, would obviate the need for litigating the great bulk of Mr. Umaña's other claims.

## I.      RELEVANT PROCEDURAL HISTORY

A jury convicted Mr. Umaña of four capital offenses: two counts of murder in aid of racketeering, 18 U.S.C. § 1959(a)(1), and two counts of murder while using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), (j)(1). *See United States v. Umaña*, 750 F.3d 320, 329 (4th Cir. 2014). The same jury found that Mr. Umaña was death-eligible on all four capital counts (*Id.*), and it imposed the death penalty after weighing the mitigating and aggravating factors that it found. *Id.* at 329-30.

The Court of Appeals for the Fourth Circuit affirmed Mr. Umaña's conviction and sentence. *Id.* at 360. The United States Supreme Court denied Mr. Umaña's petition for writ of certiorari on June 22, 2015. *Umaña v. United States*, 135 S.Ct. 2856 (2015).

On June 22, 2016, Mr. Umaña filed a timely motion to vacate the conviction and sentence under 28 U.S.C. § 2255. On September 6, 2016, this Court granted Mr. Umaña's request to resolve discovery matters prior to the Government filing a responsive pleading to the § 2255 Motion. ECF Doc. No. 30. On October 21, 2016, Mr. Umaña filed a Motion for Leave to Conduct Discovery. ECF Doc. No. 37. On November 10, 2016, the Government filed motions to respond to Mr. Umaña' § 2255 Motion before responding to his discovery motion, and to suspend the discovery briefing order. ECF Doc. No. 39, 40. Mr. Umaña opposed the Government's request to respond without resolving discovery and did not oppose suspending the discovery motion schedule. ECF Doc. No. 43.

On December 5, 2016, the Government filed its Reply in Support of an Opportunity to Respond to Umaña's Motion to Vacate Before his Discovery Motion. ECF Doc. No. 44. In this pleading, the Government argued that "consideration of the legal sufficiency of Umaña's claims first will allow this Court to avoid wasting significant time and public resources on litigation about hundreds of discovery requests that a quick look at the applicable law would render academic." ECF Doc No. 44 at page 2. More specifically, the Government noted that if Mr. Umaña's *Johnson*-related claims were accepted, it "would render his discovery requests moot," and "all of the time and effort spent on discovery requests related to claims challenging Umaña's penalty proceedings would be for naught." *Id*. at 6-7.

2

## II.     DISCUSSION

Mr. Umaña seeks to hold these proceedings in abeyance in the interest of judicial economy.  Holding the case in abeyance will allow this Court to avoid wasting significant time and public resources.  Although Mr. Umaña continues to believe that discovery is necessary and should precede the Government's response to the balance of his claims, the *Johnson* claim is a purely legal claim for which no discovery is necessary and it could potentially resolve the entirety of Mr. Umaña's post-conviction litigation.  Thus, Mr. Umaña seeks the same or similar action as recently ordered by United States District Judge Richard L. Voorhees in *Barnette v. United States*, where capital § 2255 proceedings were held in abeyance pending *Johnson*-related decisions from the Supreme Court and Fourth Circuit.  *See* Case No. 3:12-cv-00327-RLV, ECF Doc. No. 124.

In Claim XXII of his motion to vacate (ECF doc. 24, 323-44), Mr. Umaña argued that his death sentence is unconstitutional in light of intervening Supreme Court precedent.  Mr. Umaña contended that the residual clause of § 924(c) is materially indistinguishable from the residual clause of the Armed Career Criminal Act, which the Supreme Court recently deemed unconstitutionally vague.  *See Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015).   In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that the ruling in *Johnson* applies retroactively to cases on collateral review.  136 S.Ct. at 1268.  Without the residual clause, if either predicate offense of conspiracy to participate in racketeering or murder in aid of racketeering do not have an element of use of violent physical force then Mr. Umaña's counts of murder while using a firearm during and in relation to a crime of violence, §§ 924(c)/(j), must be vacated.  Moreover, in the event that these convictions are vacated under *Johnson* and its

3

progeny, Mr. Umaña's death sentences for counts of murder in aid of racketeering also must be vacated.[1]  Thus, as the Government has recognized, a favorable resolution of Mr. Umaña's *Johnson*-based claim may be dispositive of all the counts for which Mr. Umaña was sentenced to death.  *Accord Barnette v. United States*, No. 3:12-cv-00327-RLV, ECF Doc. No. 124 at 4-5 ("Without going into the details or merits of Barnette's arguments on this matter, the Court concedes that, if nothing else, vacation of judgment in his other death penalty-related convictions would have to be incorporated into the prejudice analysis required by some of Barnette's other § 2255 claims related to [Barnette's other sentence of death count].").

Mr. Umaña moves to hold these matters in abeyance pending decisions by the United States Supreme Court in *Lynch v. Dimaya*, No. 15-1498, the Fourth Circuit Court of Appeals in *United States v. Simms*, No. 15-4640, and the Fourth Circuit Court of Appeals in *United States v. Ali*, No. 15-4433, whichever is issued latest.  The United States Supreme Court granted certiorari in *Lynch v. Dimaya*, No. 15-1498, to address "[w]hether 18 U.S.C. 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague."  See Pet'r's Br., *Lynch v. Dimaya*, 2016 WL 6768940, *I (U.S. filed Nov. 14, 2016).   The residual clause of § 924(c) contains a "materially identical definition" as § 16(b).  *Id*. at *53.  The *Simms* case involves whether under *Johnson*, § 924(c)'s residual clause is unconstitutionally vague.  *Simms,* No. 15-4660.  The Fourth Circuit has since stayed action in another case, *United States v. Ali*, alleging the same error as the appellant in

---

[1] Although the Government does not oppose this motion, it has noted its disagreement with this particular argument.

*Simms*, pending the decision by the Supreme Court in *Dimaya*. *See* Order, *Ali*, No. 15-4433, (4th Cir. filed Oct. 4, 2016), ECF Doc. No. 82.

Wherefore, because Mr. Umaña's claim under *Johnson v. United States* is potentially dispositive of his entire § 2255 motion, he respectfully moves this Court to stay the balance of his § 2255 litigation – including his motion to vacate under § 2255, his motion for discovery, and the Government's request to respond to the § 2255 motion – pending the issuance of decisions in *Lynch v. Dimaya*, No. 15-1498, the Fourth Circuit Court of Appeals in *United States v. Simms*, No. 15-4640, and the Fourth Circuit Court of Appeals in *United States v. Ali*, No. 15-4433.  Once these cases are decided, Mr. Umaña's § 2255 litigation can resume its current posture, without the possibility of an intervening decision from the Supreme Court or the Fourth Circuit that would render already-litigated legal issues moot.

Dated:  December 13, 2016                                   Respectfully submitted,

*/s/ Kenneth J. Rose*                                            */s/ Zandra L. Lopez*
**KENNETH J. ROSE**                                       **ZANDRA L. LOPEZ**
The Center for Death Penalty Litigation        Federal Defenders of San Diego, Inc.
123 West Main Street, Suite 700                     225 Broadway, Suite 900
Durham, North Carolina 27701-3228             San Diego, California 92101-5030
Telephone: 919-956-9545                               Telephone:  619-234-8467
ken@CDPL.ORG                                            Zandra_Lopez@fd.org
Attorneys for Alejandro Umaña                     Attorneys for Alejandro Umaña

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2016, I electronically filed the foregoing Unopposed

Motion To Place 28 U.S.C. § 2255 Litigation In Abeyance with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing to the following:

> Anthony J. Enright
> Assistant United States Attorney
> Suite 1650, Carillon Building
> 227 West Trade Street
> Charlotte, NC 28202
> Anthony.enright@usdoj.gov

> */s/ Kenneth J. Rose*
> **KENNETH J. ROSE**
> The Center for Death Penalty Litigation
> 123 West Main Street
> Suite 700
> Durham, North Carolina 27701-3228
> Telephone: 919-956-9545
> ken@CDPL.ORG

> */s/ Zandra L. Lopez*
> **ZANDRA L. LOPEZ**
> Federal Defenders of San Diego, Inc.
> 225 Broadway, Suite 900
> San Diego, California  92101-5030
> Telephone:  619-234-8467
> Zandra_Lopez@fd.org

> Attorneys for Alejandro Umaña

6