IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv57-RJC
(3:08cr134-RJC-2)

| | |
|---|---|
| ALEJANDRO ENRIQUE RAMIREZ UMAÑA )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon the Government's request to respond to Petitioner Alejandro Enrique Ramirez Umaña's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence before responding to Umaña's motion for discovery. (Doc. No. 39). Also before the Court is the Government's unopposed motion to suspend the existing discovery-related briefing schedule in this action. (Doc. No. 40).

I.  RELEVANT PROCEDURAL HISTORY

On June 22, 2016, Umaña filed a Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255; the Motion was in excess of 380 pages. He subsequently filed a motion to establish a discovery schedule, which the Court granted with modification (Doc. No. 30). Per the Court's Order, Umaña was provided 60 days to file a discovery motion in this action. The Government was provided 60 days to respond to the motion, and Umaña was given 14 days to reply to the Government's response.

Umaña filed a Motion for Discovery on October 21, 2016. (Doc. No. 36.) The two-page Motion was accompanied by a 96-page memorandum seeking hundreds of items of discovery

1

falling into 180-enumerated categories. (Doc. No. 36-1). Not included in the 180 categories are requests pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963) and Giglio v. United States, 405 U.S. 150, 154 (1972), as well as requests related to the discovery policy for criminal cases, which was announced by the United States Attorney's Office for the Western District of North Carolina in 2010.[1] On November 10, 2016, the Government filed the instant motion seeking permission to respond to Umaña's § 2255 Motion to Vacate before responding to the Motion for Discovery. (Doc. No. 39). The Government also filed the instant unopposed motion to suspend the discovery-related briefing schedule pending a ruling on the previous motion. (Doc. No. 40).

## II. DISCUSSION

Unlike a traditional civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). A petitioner may engage in discovery only with leave of the court, after having demonstrated "good cause." See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 6(a), 28 U.S.C. foll. § 2255 (2016). "Good cause" for discovery exists when a petitioner establishes a prima facie case for relief. See Harris v. Nelson, 394 U.S. 286, 290 (1969). Specifically, discovery is warranted, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (quoting Harris, 394 U.S. at 300).

Under this standard, a request for discovery must rely on specific factual allegations. Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998) (citing Harris, 394 U.S. at 300). "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) (quoting Rector v. Johnson, 120 F.3d 551,

---

[1] Umaña's proposed orders for discovery total over 300 pages. (Doc. Nos. 36-2 thru 36-4.)

562 (5th Cir. 1997)); see also Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007) (observing that "[a] habeas proceeding is not a fishing expedition"). Moreover, "good cause" does not exist if a petitioner premises a discovery request on a claim that fails as a matter of law. See Thomas v. Taylor, 170 F.3d 466, 474 (4th Cir. 1999) (finding that trial court did not abuse its discretion in denying discovery request related to claim that failed as a matter of law).

The Government asserts that many of the claims for which Umaña seeks discovery are legally insufficient; that is, they fail as a matter of law. It argues that it would be more efficient for the Court to assess the legal sufficiency of Umaña's substantive claims, of which there are dozens, before tackling his discovery requests. Ruling on the sufficiency of Umaña's claims first would eliminate the need for the parties to litigate a large number of Umaña's discovery requests, the Government argues.

While the Court is sympathetic to the Government's position, it disagrees that discovery issues should be resolved after substantive ones. That being said, there is nothing prohibiting the Government from asserting that entire enumerated categories of requested discovery fail to meet the "good cause" standard because the related substantive claims fail as a matter of law or are not cognizable under § 2255, see Thomas, 170 F.3d at 474, or because Umaña's requests exceed what he is entitled to under evidentiary rules, federal statutory law, and/or case law, see e.g. Rule 6(a) of the Rules Governing § 2255 Proceedings. Likewise, there is nothing prohibiting the Government from asserting that the claims underlying Umaña's discovery requests are based upon conclusory allegations, conjecture, or supposition rather than specific factual allegations. Bracy, 520 U.S. at 908–09. The Court is confident the Government can distinguish between Umaña's requests that require detailed analysis and those that can be addressed more summarily.

The Court agrees with the Government's contention that a number of Umaña's discovery

3

requests overreach or are based upon claims that fail as a matter of law.  This Court disfavors the "everything but the kitchen sink" approach to litigation and reminds counsel for Umaña that the purpose of habeas review is not to retry the underlying criminal case.  While respecting their duty to zealously advocate for their client, the Court encourages counsel to use appropriate discretion when replying to the Government's response to their discovery requests.

The Government shall have 60 days to respond to Umaña's discovery motion.  Rather than 14 days, as originally ordered, Umaña shall have 30 days to reply, but his reply shall be limited to 50 pages that comply with the requirements of Local Civil Rule 7.1.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's request to respond to Umaña's § 2255 Motion to Vacate before responding to the discovery motion (Doc. No. 39) is **DENIED**;

2. The Government's motion to suspend the discovery briefing schedule (Doc. No. 40) is **DENIED** as moot;

3. The Government shall have 60 days from entrance of this Order to respond to Umaña's Motion for Discovery (Doc. No. 36); and

4. Umaña shall have 30 days thereafter to file a reply that complies with the requirements set out in the body of this Order.

Signed: January 26,

Robert J. Conrad, Jr.
United States District Judge