# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

|  |  |  |
|---|---|---|
| ALEJANDRO UMAÑA, | : | No. 3:16 CV-00057-RJC |
| Defendant/Movant | : | |
|  | : | **CAPITAL § 2255 PROCEEDINGS** |
|  | : | |
| -v- | : | HON. ROBERT J. CONRAD JR. |
|  | : | |
| UNITED STATES OF AMERICA | : | |
|  | : | |

## MOTION FOR SUBSTITUTION OF COUNSEL

Alejandro Umaña, through undersigned counsel, respectfully moves the Court to substitute counsel, pursuant to 18 U.S.C. §§ 3599 (a) and (c), to represent him before this Court in ongoing 28 U.S.C. § 2255 litigation and any and all available post-conviction remedies. Specifically, Mr. Umaña requests that the Court allow undersigned counsel Kenneth Rose, formerly with the Center for Death Penalty Litigation (CDPL), to withdraw and, at no cost to the Court, to appoint the Federal Public Defender for the Middle District of Pennsylvania, Capital Habeas Unit, Kelly Miller appearing.

If appointed, Ms. Miller, who is barred in the State of North Carolina, would serve as co-counsel with the Federal Defenders of San Diego in representing Mr. Umaña in the pending

1

federal capital habeas proceeding brought pursuant to 28 U.S.C. § 2255.[1]  This substitution, from Mr. Rose to Ms. Miller, would substantially reduce the costs to the Court.

The reason for this request is as follows:

Mr. Rose has served as lead counsel since the beginning of the § 2255 case and has been the attorney with primarily responsibility on issues of habeas law and practice.  However, he has recently left his long-held position as senior staff attorney at the CDPL to engage in private practice, working out of a home office with reduced hours.  Further, Mr. Rose needs time to attend to personal family matters.  Specifically, Mr. Rose's father is gravely ill and has been recently hospitalized in Arizona.  Mr. Rose plans to spend as much time as possible in the immediate future in Arizona to be with his father.   His changed personal and professional circumstances will not permit him to devote the time required to serve as counsel for Mr. Umaña. He therefore respectfully requests that this Court permit him to withdraw from representing Mr. Umaña.

While the San Diego part of Mr. Umaña's team is responsible for critical aspects of his case, it lacks the capital habeas expertise sufficient to serve as lead counsel or move the procedural aspects of the case forward in an efficient manner.  Appropriate substitute assistance is therefore required in light of Mr. Rose's motion to withdraw.

As explained in greater detail below, the Middle District of Pennsylvania Defender, Ms.

---

[1] Should the Court feel it necessary to retain local counsel with an office in the state, CDPL staff attorney Mark Pickett, is willing and able to continue to serve as associate counsel in Mr. Umaña's case.  Mr. Pickett has been working on Mr. Umaña's case as an associate to Mr. Rose and is therefore familiar with the facts and legal proceedings in this case.  He is a CJA panel attorney and a member in good standing of the North Carolina bar and of the bar of this Court. Mr. Pickett, however, was brought in as an affiliate and has neither the time nor the expertise in § 2255 litigation that Ms. Miller is able to bring to the case.  He nevertheless remains able and willing to assist Ms. Miller and appear as local CJA counsel should this the court so require.

2

Miller appearing, is willing and qualified to assist in this manner.  Ms. Miller and her office possess special expertise in capital jurisprudence and qualify for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2).  Specifically, the office represents death-sentenced prisoners in federal capital habeas proceedings throughout Pennsylvania and in jurisdictions outside of Pennsylvania as well.  The Middle District's Capital Habeas Unit attorneys specialize in federal capital habeas representation pursuant to 28 U.S.C. § 2254 and, of particular utility here, § 2255 and are able to competently handle the highly complex nature of Mr. Umaña's case. Ms. Miller and her office understand the massive record in this case consists of over 1,600 entries on the main criminal docket, a trial transcript of over 4,000 pages and discovery that includes over 40,000 pages and 300 hours of audio recordings, in addition to the fruits of the § 2255 investigation.  The Middle District of Pennsylvania Defender is willing and able to invest the necessary resources to get quickly up to speed on this case and not cause any unnecessary delay.

If appointed, Ms. Miller would appear for Mr. Umaña on behalf of the office.  Ms. Miller is a member in good standing of the North Carolina (admitted 2003) and Pennsylvania (admitted 2010) state bars, is admitted to practice in the United States District Courts for the Eastern District of Missouri and the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit, and is eligible for admission to practice in the Western District of North Carolina.  Ms. Miller has devoted her entire career to indigent criminal defense.  Upon admission to the State Bar of North Carolina in 2003, Ms. Miller worked for the North Carolina Office of the Appellate Defender where she represented indigent criminal defendants in a wide range of cases in the North Carolina Court of Appeals and Supreme Court.  Since January 2006, Ms. Miller has focused her practice exclusively on the representation of death-sentenced

3

prisoners in proceedings under 28 U.S.C. §§ 2254 and 2255, ancillary state court exhaustion proceedings, and federal clemency. She has extensive experience in representing capital defendants in post-conviction and federal habeas corpus proceedings and is thoroughly familiar with the governing law.

Consistent with ongoing cost-containment efforts of the judiciary, appointment of the Middle District of Pennsylvania Defender would be cost effective. The office is recognized by the United States Courts as a Federal Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act. *See* Addendum to the Plan for the Implementation of the Criminal Justice Act of 1964, as Amended, 18 U.S.C. § 3006A, of the United States District Court for the Middle District of Pennsylvania and the Eastern District of Pennsylvania. Accordingly, the office receives funding from the Administrative Office of the United States Courts to provide representation in federal habeas corpus proceedings. The Middle District of Pennsylvania Defender will not seek costs, litigation or expert expenses, or attorneys' fees related to its representation of Mr. Umaña in this matter. The fact that the Middle District of Pennsylvania Defender will not seek costs, expenses or fees is particularly significant because any new counsel will need to devote hundreds of hours simply to become familiar with the vast record of this case. Ms. Miller and her office are in a position to assist in this case without requiring an outlay of funds.

The Middle District of Pennsylvania Defender has obtained the appropriate administrative approval to seek appointment in Mr. Umaña's § 2255 matter and, pursuant to the Administrative Office of the Courts out-of-district protocol, notifications of the potential appearance of the office have been provided to Fourth Circuit Chief Judge Gregory and Third Circuit Chief Judge Smith, neither of whom posed any objection to the appointment.

4

WHEREFORE, pursuant to 18 U.S.C. § 3599, Mr. Umaña, by and through undersigned counsel, respectfully requests that the Court appoint Federal Public Defender for the Middle District of Pennsylvania, Capital Habeas Unit, Kelly Miller appearing, to join as counsel in representing him in seeking all available post-conviction remedies, while granting Mr. Rose's motion to withdraw.

Dated:  January 30, 2017                          Respectfully submitted,


*/s/ Kenneth J. Rose*
**KENNETH J. ROSE**
809 Carolina Avenue
Durham, North Carolina 27705
Telephone: 919-886-0350
kenroseatty@gmail.com

*/s/ Zandra L. Lopez*
**ZANDRA L. LOPEZ**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California  92101-5030
Telephone: 619-234-8467
Zandra_Lopez@fd.org

Attorneys for Alejandro Umaña

5

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2017, I electronically filed the foregoing Motion for

Appointment of Counsel with the Clerk of Court using the CM/ECF system, which will then

send a notification of such filing to the following:

>       Anthony J. Enright
>       Assistant United States Attorney
>       Suite 1650, Carillon Building
>       227 West Trade Street
>       Charlotte, NC 28202
>       Anthony.enright@usdoj.gov


>               */s/ Kenneth J. Rose*
>               **KENNETH J. ROSE**
>               809 Carolina Avenue
>               Durham, North Carolina 27705
>               Telephone: 919-886-0350
>               kenroseatty@gmail.com
>
>               */s/ Zandra L. Lopez*
>               **ZANDRA L. LOPEZ**
>               Federal Defenders of San Diego, Inc.
>               225 Broadway, Suite 900
>               San Diego, California  92101-5030
>               Telephone: 619-234-8467
>               Zandra_Lopez@fd.org
>
>               Attorneys for Alejandro Umaña

6