# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:16cv57-RJC
## (3:08cr134-RJC-2)

| | | |
|---|---|---|
| ALEJANDRO ENRIQUE RAMIREZ UMAÑA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Alejandro Enrique Ramirez Umaña's Motion

For Substitution of Counsel.  (Doc. No. 48).  Umaña currently is represented by Kenneth J. Rose

and the Federal Defenders of San Diego, Inc.  He seeks to substitute the Federal Public Defender

for the Middle District of Pennsylvania, Capital Habeas Unit, Kelly Miller appearing, for

Kenneth J. Rose.

## PROCEDURAL HISTORY

Umaña is a federal prisoner who was sentenced to death by this Court on July 27, 2010.

Judgment, United States v. Umaña, 3:08cr134-RJC-2 (W.D.N.C. filed July 27, 2010) (Doc. No.

1168).  His convictions and death sentences were affirmed on direct appeal.  United States v.

Umaña, 750 F.3d 320 (4th Cir. 2010), reh'g en banc den., 762 F.3d 413 (4th Cir. 2014).  On June

22, 2015, the United States Supreme Court denied Umaña's Petition for a Writ of Certiorari.

Umaña v. United States, 135 S.Ct. 2856 (2015).  Umaña filed a 28 U.S.C. § 2255 Motion to

Vacate, Set Aside, or Correct Sentence in this Court on June 22, 2016.  (Doc. No. 22; Doc. No.

1

24 (sealed)).

## DISCUSSION

Rules governing appointment of counsel in habeas proceedings initiated pursuant to 28 U.S.C. § 2255 are governed by 18 U.S.C. § 3599. A financially eligible person seeking to vacate or set aside a death sentence under § 2255 is entitled to appointment of one or more qualified attorneys, § 3599(a)(2), throughout every stage of available judicial proceedings, including applications for stays of execution and proceedings for executive or other clemency, § 3599(e).

Federal law favors continuity of representation for capital defendants. See id. (requiring counsel appointed in capital cases to continue their representation through all post-conviction proceedings "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant"). Moreover, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez–Lopez, 548 U.S. 140, 151 (2006).

Nevertheless, counsel may be replaced on federal habeas review if the interests of justice so dictate. See Martel v. Clair, 565 U.S. 648, 658 (2012) (holding that courts should employ an "interests of justice" standard to adjudicate federal habeas petitioners' motions to substitute counsel in capital cases). Because the inquiry is fact specific, the Court's ruling may be overturned only for an abuse of discretion. Id. at 663-64.

Umaña seeks to replace Mr. Rose, who recently left his long-held position as senior staff attorney at the Center for Death Penalty Litigation to engage in private practice, working out of a home office with reduced hours. Further, Mr. Rose's father is gravely ill and has been recently

2

hospitalized in Arizona.  Mr. Rose plans to spend as much time as possible in the immediate future with his father in Arizona.  His changed personal and professional circumstances will not permit him to devote the time required to serve as counsel for Umaña.

According to the instant Motion, Ms. Miller and the Capital Habeas Unit of the Federal Public Defender ("FPD") for the Middle District of Pennsylvania qualify for appointment of counsel under the standards set forth in § 3599(a)(2).  The Middle District of Pennsylvania FPD Capital Habeas Unit specializes in federal capital habeas representation in 28 U.S.C. §§ 2254 and 2255 actions and represents prisoners throughout Pennsylvania and in jurisdictions outside Pennsylvania, as well.  Also according to the Motion, the Middle District of Pennsylvania FDP is willing and able to invest the necessary resources to get quickly up to speed on this case and not cause any unnecessary delay.

If the Middle District of Pennsylvania FPD is appointed, Ms. Miller would appear for Umaña on the Capital Habeas Unit's behalf.  Ms. Miller is a member in good standing of the North Carolina (admitted 2003) and Pennsylvania (admitted 2010) state bars, is admitted to practice in the United States District Courts for the Eastern District of Missouri and the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit, and is eligible for admission to practice in the Western District of North Carolina.  Upon admission to the State Bar of North Carolina in 2003, Ms. Miller worked for the North Carolina Office of the Appellate Defender where she represented indigent criminal defendants in a wide range of cases in the North Carolina Court of Appeals and Supreme Court.  Since January 2006, Ms. Miller has focused her practice exclusively on the representation of death-sentenced prisoners in

3

proceedings under 28 U.S.C. §§ 2254 and 2255, ancillary state court exhaustion proceedings, and federal clemency.

According to the Motion, the Middle District of Pennsylvania FPD is recognized by the United States Courts as a Federal Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act, receives funding from the Administrative Office of the United States Courts ("AO") to provide representation in federal habeas corpus proceedings, and will not seek costs, litigation or expert expenses, or attorneys' fees related to its representation of Umaña in this matter. Also according to the Motion, the FDP has obtained the appropriate administrative approval to seek appointment in Umaña's § 2255 matter and, pursuant to the AO's out-of-district protocol, notifications of the potential appearance of the FPD have been provided to Fourth Circuit Chief Judge Gregory and Third Circuit Chief Judge Smith, neither of whom posed any objection to the appointment.

## **CONCLUSION**

Based upon the foregoing, the Court makes the following findings of fact:

1. Changed personal and professional circumstances make it difficult for Umaña's lead habeas counsel, Mr. Kenneth J. Rose, to devote the time necessary to adequately represent Umana.

2. It is in Umaña's best interest to be represented by counsel with experience representing capital litigants in 28 U.S.C. § 2255 actions.

3. The Middle District of Pennsylvania FPD's Capital Habeas Unit has experience representing capital litigants in 28 U.S.C. § 2255 actions.

4. The Middle District of Pennsylvania FPD's Capital Habeas Unit is qualified under § 3599(c) to represent Umaña.

5. Ms. Kelly Miller of the Middle District of Pennsylvania FPD's Capital Habeas

4

Unit is qualified under § 3599(c) to represent Umaña.

6. The Middle District of Pennsylvania FPD has obtained permission from the AO to seek appointment in this case.

7. According to the instant motion, neither the Chief Judge of the Fourth Circuit Court of Appeals nor the Chief Judge of the Third Circuit Court of Appeals object to the appointment of the Middle District of Pennsylvania FPD to represent Umaña.

8. The Middle District of Pennsylvania FPD will not seek reimbursement for costs, expenses, or attorneys' fees in connection with its representation of Umaña.

9. The Government has entered no objection to the substitution of appointed counsel as requested in the Motion.

The Court concludes that the interests of justice would be best served by releasing Mr. Rose and substituting the Middle District of Pennsylvania FPD as counsel. Therefore, the Court shall grant the Motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Umaña's Motion For Substitution of Counsel (Doc. No. 48) is **GRANTED**;

2. Kenneth J. Rose shall be relieved as Umaña's counsel upon the filing of a notice of appearance by substitute counsel;

3. The Federal Public Defender for the Middle District of Pennsylvania is **APPOINTED** as lead counsel for any and all proceedings related to Umaña's motion pursuant to 28 U.S.C. § 2255;

4. Appointment shall be effective upon the filing of a notice of appearance by designated counsel from the Federal Public Defender for the Middle District of Pennsylvania;

5. Counsel for the Federal Public Defender for the Middle District of Pennsylvania shall be admitted pro hac vice upon a motion for special

5

appearance <u>pro hac vice</u> filed according to the rules established by this Court;

6. Alternatively, if eligible, counsel for the Federal Public Defender for the Middle District of Pennsylvania may seek admission to practice in the Western District of North Carolina; and

7. Neither the Federal Public Defender for the Middle District of Pennsylvania nor its attorneys shall seek reimbursement from this Court for costs, expenses, or attorneys' fees in connection with representation of Umaña.

**IT IS SO ORDERED.**

Signed: February 22,

Robert J. Conrad, Jr.
United States District Judge

6