No.  10-6

## UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff-Appellee, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ALEJANDRO ENRIQUE RAMIREZ UMANA, | ) |
|  | ) |
| Defendant-Appellant. | ) |

Appeal from the United States District Court
for the Western District of North Carolina

**Joint Appendix**
**Volume 1 of 11**

VINCENT J. BRUNKOW
ZANDRA L. LOPEZ
JANET C. TUNG
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California  92101-5030
Telephone:  (619) 234-8467
Attorneys for Defendant-Appellant

-and-

MALCOLM RAY HUNTER, JR.
Attorney at Law
P.O. Box 3018
Chapel Hill, N.C. 27515-3018
Telephone:  (919) 929-9655

# TABLE OF CONTENTS

## VOLUME 1 (1-482)

District Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CJA 20 Appointment of Counsel
(July 10, 2008, DE 140) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 153

Notice of Intention to Seek the Death Penalty
(September 23, 2008, DE 275) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 154

Motion to Change Venue, Motion to Dismiss for Improper Venue by
Alejandro Enrique Ramirez Umana
(April 24, 2009, DE 480) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 164

Motion to Strike Notice of Nonstatutory Aggravating Factor, Motion
to Exclude Evidence of Unadjudicated Criminal Acts by Alejandro Enrique
Ramirez Umana
(April 24, 2009, DE 483) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 177

Motion to Suppress Defendant's April 23, 2008 Statement by Alejandro Enrique
Ramirez Umana
(April 24, 2009, DE 490) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 189

Memorandum in Support by Alejandro Enrique Ramirez Umana
(April 24, 2009, DE 491) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 193

Government's Consolidated Response to the Motions of the Defendant Filed
April 24, 2009
(May 8, 2009, DE 503) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 213

Memorandum and Recommendation and Order
(May 20, 2009, DE 527) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 288

i

Objection to Memorandum and Recommendation by
Alejandro Enrique Ramirez Umana
(June 4, 2009, DE 543) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 301

Defendant's First Motion to Continue Trial
(June 11, 2009, DE 549) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 307

Third Superceding Indictment
(July 27, 2009, DE 623) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 318

Ex Parte Attachment Supporting Defendant's Motion to Continue or
Alternatively to Strike Death Penalty
(August 19, 2009, DE 662) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 424

Excerpt (pp. 46-73, 78-82, 89-103), Transcript of Motion Hearing
(August 26, 2009, DE 684) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 434

## VOLUME II (483-985)

Defendant's Renewed Motion to Continue Trial or to Alternatively Strike the
Death Penalty
(September 22, 2009, DE 689) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 483

Motion for Pretrial Hearing on Mental Retardation in the Event Trial is
Continued
(September 22, 2009, DE 690) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 512

Excerpt (pp. 12-13), Transcript of Status Conference, Continuance of Trial
(September 28, 2009, DE 1254) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 516

Transcript of Mental Retardation Hearing
(November 30, 2010, DE 932) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 519

Excerpt (pp. 27-59), Transcript of Opening Statements of Co-Defendants
(January 12, 2010, DE 1466) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 952

ii

**VOLUME 3 (986-1474)**

Verdict Form for Co-Defendant Elvin Pastor Fernandez-Gradis
(January 26, 2010, DE 843) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 986

Order Denying Motion to Dismiss Re: Venue
(March 18, 2010, DE 933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 988

Order Denying *Atkins* Relief
(March 19, 2010, DE 934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 998

Excerpt (pp. 17-30, 40-46), Transcript of Jury Selection (Re: Juror 119)
(March 22, 2010, DE 1353) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1018

Excerpt (pp. 399-416), Transcript of Jury Selection (Re: Juror 119)
(March 23, 2010, DE 1354) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1040

Excerpt (pp. 1114-1158, 1194-1217), Transcript of Jury Selection
(Re: Juror 286)
(March 25, 2010, DE 1356) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1059

Excerpt (pp. 1502-1533) , Transcript of Jury Selection (Re: Peremptory
Challenges and Seating of Jury)
(March 29, 2010, DE 1358) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1099

Defendant's Supplemental Motion Re: Reliability of Unadjudicated Murders
(March 31, 2010, DE 960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1132

United States's Response Regarding the Applicability of
*Crawford v. Washington* at Sentencing Hearing
(April 5, 2010, DE 967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1138

Motion to Strike the Non-Statutory Aggravating Factor of Future
Dangerousness From the Notice of Intent to Seek the Death Penalty
(April 6, 2010, DE 968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1169

iii

Defendant's Reply to Government's Response to Defendant's Motion for Court to Determine the Admissibility and Reliability of Evidence Before Allowing Evidence to be Presented to Jury in Sentencing Phase
(April 10, 2010, DE 985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1183

Transcript of Jury Trial - Opening Statements
(April 12, 2010, morning session, DE 1339) . . . . . . . . . . . . . . . . . . . . . . . . 1202

     Jury Empaneled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1205

     Court's Opening Statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1205

          By the Government . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1212
          By the Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1218

Government's Case in Chief

Transcript of Jury Trial
(April 12, 2010, afternoon session, DE 1340) . . . . . . . . . . . . . . . . . . . . . . . . 1222

     Dan Horne               Direct Examination . . . . . . . . . . 1226

     Jeffrey T. Courtet       Direct Examination . . . . . . . . . . 1232

     George Marshall Barnette   Direct Examination . . . . . . . . . . 1235

     Andrew Wrenn          Direct Examination . . . . . . . . . 1239

     J.E. Brown              Direct Examination . . . . . . . . . 1243

     Frank Flores           Direct Examination . . . . . . . . . 1247
                           Voir Dire Examination . . . . . . . 1255
                           Redirect Examination . . . . . . . . 1257
                           Cross Examination . . . . . . . . . . 1316

     Charles Barkley        Direct Examination . . . . . . . . . . 1332
                           Cross Examination . . . . . . . . . . 1338

Jeff Bruner                    Direct Examination . . . . . . . . . . 1339

Eduardo Vasquez                Direct Examination . . . . . . . . . . 1344

Lenny Moriera                  Direct Examination . . . . . . . . . . 1352
                               Cross Examination  . . . . . . . . . . 1369

John Sloane                    Direct Examination . . . . . . . . . . 1371
                               Cross Examination  . . . . . . . . . . 1391

Gene Richey                    Direct Examination . . . . . . . . . . 1391

Juan Ruben Vela Garcia         Direct Examination . . . . . . . . . . 1407

## VOLUME 4 (1475 - 1899)

United States Sur-Reply Regarding Reliability
(April 13, 2010, DE 988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1475

Transcript of Jury Trial
(April 13, 2010, morning session, DE 1341)  . . . . . . . . . . . . . . . . . . . . . . . . . 1485

Juan Ruben Vela Garcia         Direct Examination . . . . . . . . . . 1492
                               Cross Examination  . . . . . . . . . . 1498
                               Redirect Examination  . . . . . . . . 1529

Officer James K. Griffen       Direct Examination . . . . . . . . . . 1530

Ann Hamlin                     Direct Examination . . . . . . . . . . 1537

T.J. Miller                    Direct Examination . . . . . . . . . . 1544
                               Cross Examination  . . . . . . . . . . 1566

Marie Terrell                  Direct Examination . . . . . . . . . . 1570
                               Cross Examination  . . . . . . . . . . 1576

Officer Benjamin Altizer        Direct Examination . . . . . . . . . . 1576
                                Cross Examination  . . . . . . . . . . 1584

Officer Ryan Dutko              Direct Examination . . . . . . . . . . 1586

Abel Santos                     Direct Examination . . . . . . . . . . 1604

Transcript of Jury Trial
(April 13, 2010, afternoon session, DE 1256)  . . . . . . . . . . . . . . . . . . . . . . . . 1641

Abel Santos                     Cross Examination  . . . . . . . . . . 1644

Marco Antonio Guzman Mejia Direct Examination . . . . . . . . . . 1651
                                Cross Examination  . . . . . . . . . . 1663

Teresa Ketner                   Direct Examination . . . . . . . . . . 1666
                                Cross Examination   . . . . . . . . . . 1703
                                Redirect Examination  . . . . . . . . 1705

Barry Whitlow                   Direct Examination . . . . . . . . . . 1707

John D. Butts                   Direct Examination . . . . . . . . . . 1715
                                Cross Examination  . . . . . . . . . . 1733

James Cayton                    Direct Examination . . . . . . . . . . 1735

Amy Wilde                       Direct Examination . . . . . . . . . . 1739

Transcript of Jury Trial
(April 14, 2010, morning session, DE 1342)  . . . . . . . . . . . . . . . . . . . . . . . . 1762

Amy Wilde                       Direct Examination . . . . . . . . . . 1765
                                Cross Examination  . . . . . . . . . . 1773

Doreen Huntington               Direct Examination . . . . . . . . . . 1780
                                Cross Examination  . . . . . . . . . . 1797

vi

Susan Conrad                Direct Examination . . . . . . . . . . 1804
                           Cross Examination  . . . . . . . . . . 1840

Jeff Strohm                Direct Examination . . . . . . . . . . 1846
                           Cross Examination  . . . . . . . . . . 1851

Officer Renee Quiles       Direct Examination . . . . . . . . . . 1851
                           Cross Examination  . . . . . . . . . . 1856

Rony Antonio Magana Lopez   Direct Examination . . . . . . . . . . 1856

## VOLUME 5 (1900 - 2390)

Transcript of Jury Trial
(April 14, 2010, afternoon session, DE 1256)  . . . . . . . . . . . . . . . . . . . . . . . . 1900

Rony Antonio Magana Lopez   Direct Examination . . . . . . . . . . 1903
                           Cross Examination  . . . . . . . . . . 1953
                           Redirect Examination  . . . . . . . . 1987
                           Recross Examination . . . . . . . . . 1988

William Chuck Hastings      Direct Examination . . . . . . . . . . 1989

Transcript of Jury Trial
(April 15, 2010, morning session, DE 1343)  . . . . . . . . . . . . . . . . . . . . . . . . 2031

William Chuck Hastings      Direct Examination . . . . . . . . . . 2034
                           Cross Examination  . . . . . . . . . . 2044

Alexandra Hirsch           Direct Examination . . . . . . . . . . 2049
                           Cross Examination  . . . . . . . . . . 2054

Michele Scheuerman         Direct Examination . . . . . . . . . . 2055
                           Cross Examination  . . . . . . . . . . 2064

Gene Rivera                Direct Examination . . . . . . . . . . 2065
                           Cross Examination  . . . . . . . . . . 2086

Andrew Cheramie            Direct Examination . . . . . . . . . . 2090
                           Cross Examination  . . . . . . . . . . 2095

Jose Romero                Direct Examination . . . . . . . . . . 2095

Alexander Granados         Direct Examination . . . . . . . . . . 2102

Transcript of Jury Trial
(April 15, 2010, afternoon session, DE 1257)  . . . . . . . . . . . . . . . . . . . . . . . . . . 2133


Alexander Granados         Direct Examination . . . . . . . . . . 2136
                           Cross Examination  . . . . . . . . . . 2138
                           Redirect Examination  . . . . . . . . 2158

Maricruz Medina            Direct Examination . . . . . . . . . . 2159

Jasmine Dinwiddie          Direct Examination . . . . . . . . . . 2166

Chris Tyndall              Direct Examination . . . . . . . . . . 2173
                           Cross Examination  . . . . . . . . . . 2190

Mark Young                 Direct Examination . . . . . . . . . . 2191

Sergeant Scott Clarkson    Direct Examination . . . . . . . . . . 2208
                           Cross Examination  . . . . . . . . . . 2213
                           Redirect Examination  . . . . . . . . 2213
                           Recross Examination . . . . . . . . . 2215

Jeffrey Taylor             Direct Examination . . . . . . . . . . 2216
                           Cross Examination  . . . . . . . . . . 2247
                           Redirect Examination  . . . . . . . . 2254

Denise Daniels             Direct Examination . . . . . . . . . . 2255
                           Cross Examination  . . . . . . . . . . 2257

William Chuck Hastings        Direct Examination . . . . . . . . . . 2259
                              Cross Examination  . . . . . . . . . . 2261

Transcript of Jury Trial - Government Witnesses
(April 16, 2010, morning session, DE 1344)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 2278

Sergeant Scott Clarkson        Direct Examination . . . . . . . . . . 2323
                               Cross Examination  . . . . . . . . . . 2330

Denise Daniels                 Direct Examination . . . . . . . . . 2332
                               Cross Examination  . . . . . . . . . . 2333

Jeffrey Taylor                 Direct Examination . . . . . . . . . . 2333
                               Cross Examination  . . . . . . . . . . 2356
                               Redirect Examination  . . . . . . . . 2359

William Chuck Hastings         Direct Examination . . . . . . . . . . 2361

## VOLUME 6 (2391 - 2856)

Transcript of Jury Trial
(April 16, 2010, afternoon session, DE 1258)  . . . . . . . . . . . . . . . . . . . . . . . . . 2391

Closing Arguments  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2392

By the government  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2392
By the defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2420
Rebuttal by the government  . . . . . . . . . . . . . . . . . . . . . . . . . . . 2444

Jury Instructions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2450

United States Motion *In Limine* to Preclude Information and Argument
Regarding ''Equally Culpable'' Defendants and Proportionality
(April 19, 2010, DE 996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2505

Order on Defendant's Objection to the Admission of Exhibits
(April 19, 2010, DE 998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2510

ix

Order Denying Motion to Strike
(April 19, 2010, DE 1000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2517

Transcript of Trial
(April 19, 2010, morning session, DE 1345) . . . . . . . . . . . . . . . . . . . . . . . . . 2540

    Jury Deliberations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2542
    Jury Question #1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2542
    Jury Question #2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2544
    Jury Question #3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2547
    Jury Question #4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2550

    Jury Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2550

Verdict Form
(April 19, 2010, DE 1043) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2556

Transcript of Sentencing Phase
(April 19, 2010, afternoon session, DE 1346) . . . . . . . . . . . . . . . . . . . . . . . . . 2559

    Motion to Strike . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2561

    Court's Opening Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2568

    Opening Statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2571

        By the government . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2571
        By the defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2573

    Government Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2574

        Ismar Sanchez               Direct Examination . . . . . . . . . . 2574
                                     Cross Examination . . . . . . . . . . 2584
                                     Redirect Examination . . . . . . . . 2590

        David Henderson            Direct Examination . . . . . . . . . . 2590

x

Carlton Phoenix                     Direct Examination . . . . . . . . . . 2596

Excerpt (pp. 71-87), Transcript of Eligibility Phase
(April 20, 2010, morning session, DE 1347) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2610

Special Verdict Form Death Penalty Eligibility Count Twenty-Two
(April 20, 2010, DE 1044) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2628

Special Verdict Form Death Penalty Eligibility Count Twenty-Three
(April 20, 2010, DE 1045) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2633

Special Verdict Form Death Penalty Eligibility Count Twenty-Four
(April 20, 2010, DE 1046) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2638

Special Verdict Form Death Penalty Eligibility Count Twenty-Five
(April 20, 2010, DE 1047) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2643

Excerpt (pp. 88-164) - Transcript of Sentencing Phase
(April 20, 2010, morning session, DE 1347) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2648

    Government Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2651

        Thomas Small                Direct Examination . . . . . . . . . . 2651
                                    Cross Examination . . . . . . . . . . 2677

        Roberto Ramos               Direct Examination . . . . . . . . . . 2680
                                    Cross Examination . . . . . . . . . . 2694

        Juan Lara                   Direct Examination . . . . . . . . . . 2699
                                    Cross Examination . . . . . . . . . . 2706

        Raffi Djabourian            Direct Examination . . . . . . . . . . 2709
                                    Cross Examination . . . . . . . . . . 2715

        John Maloney                Direct Examination . . . . . . . . . . 2716
                                    Cross Examination . . . . . . . . . . 2724

Transcript - Sentencing Phase
(April 20, 2010, afternoon session, DE 1259) . . . . . . . . . . . . . . . . . . . . . . . . . 2727

    Government Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2730

        Gene Parshall               Direct Examination . . . . . . . . . . 2730
                                        Cross Examination  . . . . . . . . . 2756
                                        Redirect Examination  . . . . . . . . 2781

        Barry Telis                  Direct Examination . . . . . . . . . . 2784
                                        Cross Examination  . . . . . . . . . . 2798
                                        Redirect Examination  . . . . . . . . 2803

        William Moore            Direct Examination . . . . . . . . . . 2806
                                        Cross Examination  . . . . . . . . . . 2820
                                        Redirect Examination  . . . . . . . . 2822

        Susan Selser               Direct Examination . . . . . . . . . . 2822

        J. Sage                    Direct Examination . . . . . . . . . . 2838
                                        Cross Examination  . . . . . . . . . . 2842

        L. Goodman             Direct Examination . . . . . . . . . . 2843
                                        Cross Examination  . . . . . . . . . . 2844

        A. Thornwell           Direct Examination . . . . . . . . . . 2846
                                        Cross Examination  . . . . . . . . . . 2851

### VOLUME 7 (2857 - 3373)

Transcript - Sentencing Phase
(April 21, 2010, DE 1348) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2857

    Government Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2874

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 13 of 501

Carlos Alfredos
Dominguez Gonzalez          Direct Examination . . . . . . . . . . 2874
                           Cross Examination  . . . . . . . . . . 2881

Sharod Culpepper           Direct Examination . . . . . . . . . 2902
                           Cross Examination  . . . . . . . . . . 2908

Luis Amaro                 Direct Examination . . . . . . . . . . 2911
                           Cross Examination  . . . . . . . . . . 2917

Russell Lashley            Direct Examination . . . . . . . . . . 2919
                           Cross Examination  . . . . . . . . . . 2928

Rony Antonio Magana Lopez  Direct Examination . . . . . . . . . . 2930
                           Cross Examination  . . . . . . . . . . 2931
                           Redirect Examination  . . . . . . . . 2935
                           Recross Examination . . . . . . . . 2936

Douglas Friend             Direct Examination . . . . . . . . . . 2938
                           Cross Examination  . . . . . . . . . . 2944

Jean Garcia                Direct Examination . . . . . . . . . . 2946
                           Cross Examination  . . . . . . . . . . 2952

Carmen Garcia              Direct Examination . . . . . . . . . . 2953
                           Cross Examination  . . . . . . . . . . 2958

Elizabeth Garcia           Direct Examination . . . . . . . . . . 2959
                           Cross Examination  . . . . . . . . . . 2965

United State's Motion *In Limine* Regarding Defense Case In-Chief and Argument
(April 25, 2010, DE 1018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2969

Transcript - Sentencing Phase
(April 26, 2010, morning session, DE 1349) . . . . . . . . . . . . . . . . . . . . . . . . . . 2975

      Defendant's Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2986

xiii

Mark Cunningham                 Direct Examination . . . . . . . . . . 2986
                                Cross Examination  . . . . . . . . . . 3050

Richard McGough                 Direct Examination . . . . . . . . . . 3080

Transcript - Sentencing Phase
(April 26, 2010, afternoon session, DE 1260)  . . . . . . . . . . . . . . . . . . . . . . . 3096

    Defendant's Witnesses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3099

        Richard McGough         Direct Examination . . . . . . . . . . 3099
                                Cross Examination  . . . . . . . . . . 3157

        Selena Sermeno          Direct Examination . . . . . . . . . . 3167
                                Cross Examination  . . . . . . . . . . 3189
                                Redirect Examination  . . . . . . . . 3203

        Maria Santacruz Geralt  Direct Examination . . . . . . . . . . 3204

Order Granting in Part and Denying in Part Motion to Determine the
Admissibility and Reliability of Evidence of Unadjudicated Acts as to
Alejandro Enrique Ramirez Umana
(April 26, 2010, DE 1021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3222

Transcript - Sentencing Phase
(April 27, 2010, morning session, DE 1350)  . . . . . . . . . . . . . . . . . . . . . . . 3234

    Defendant's Witnesses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3237

        Maria Santacruz Geralt  Voir Dire Exam. by Defendant  . . . 3237
                                Voir Dire Exam. by Government . . 3250
                                Direct Examination . . . . . . . . . . . . 3256
                                Cross Examination  . . . . . . . . . . . . 3263

        Mark Bezy               Direct Examination . . . . . . . . . . . . 3276
                                Cross Examination  . . . . . . . . . . . . 3289

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 15 of 501

James R. Merikangas,
Ph.D.                              Direct Examination . . . . . . . . . . . . 3294
                                   Cross Examination  . . . . . . . . . . . . 3317

    Government's Rebuttal Witness  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3336

        Helen Mayberg              Direct Examination . . . . . . . . . . . . 3336
                                   Cross Examination  . . . . . . . . . . . . 3358

## VOLUME 8 ( 3374 - 3704)

Transcript - Sentencing Phase
(April 27, 2010, afternoon session, DE 1261)  . . . . . . . . . . . . . . . . . . . . . . . . 3374

        Defendant's Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3500

            Richard McGough        Voir Dire Exam. by Defendant  . . . 3500

Defendant's Request for Instruction on Mitigating Factors
(April 27, 2010, DE 1024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3506

Transcript - Sentencing Phase
(April 28, 2010, DE 1351) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3509

Order Granting Motion *In Limine* to Preclude Information and Argument
Regarding ''Equally Culpable'' Defendants and Proportionately as to Alejandro
Enrique Ramirez Umana
(April 28, 2010, DE 1025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3535

Special Verdict Form Penalty Selection Count Twenty-Two
(April 28, 2010, DE 1048) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3543

Special Verdict Form Penalty Selection Count Twenty-Three
(April 28, 2010, DE 1049) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3552

Special Verdict Form Penalty Selection Count Twenty-Four
(April 28, 2010, DE 1050) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3561

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 16 of 501

Special Verdict Form Penalty Selection Count Twenty-Five
(April 28, 2010, DE 1051) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3570

Defendant's Motion for New Trial on Guilt and Sentencing Phases
(June 14, 2010, DE 1103) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3579

United States's Response to Defendant's Motion for a New Trial
(July 9, 2010, DE 1147) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3630

Order Denying Motion for New Trial as to Alejandro Enrique Ramirez Umana
(July 27, 2010, DE 1165) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3669

Judgment in a Criminal Case
(July 27, 2010, DE 1168) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3697

Notice of Appeal
(August 9, 2010, DE 1171) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3703

## VOLUME 9 (3705 - 4209)

## EXHIBITS

August 26, 2009 Suppression Hearing Ex. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3705

*Atkins* Hearing Def. Ex. 1, Curriculum Vitae for John Gregory Olley . . . . . . . 3888

*Atkins* Hearing Def. Ex. 2, Psychological Evaluation of Alejandro Enrique
Ramirez Umana . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3902

*Atkins* Hearing Def. Ex. 3,  School Records . . . . . . . . . . . . . . . . . . . . . . . . . . 3912

*Atkins* Hearing Def. Ex. 4, Photographs of Mr. Umana's Primary School . . . . 3917

*Atkins* Hearing Def. Ex. 5, Photograph of School Courtyard . . . . . . . . . . . . . . 3918

*Atkins* Hearing Def. Ex. 6, Photograph of School Director . . . . . . . . . . . . . . . 3919

*Atkins* Hearing Def. Ex. 7, Photograph of Rafael Umana . . . . . . . . . . . . . . . . 3920

*Atkins* Hearing Def. Ex. 8, Photograph of Mr. Umana's Home . . . . . . . . . . . 3921

*Atkins* Hearing Def. Ex. 9, Photograph of Miguel Eduardo Castaneda,
Mr. Umana's Former Employer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3922

*Atkins* Hearing Def. Ex. 10, Photograph of Carlos Yovani Herrera and Karla
Herrera . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3923

*Atkins* Hearing Def. Ex. 11, Photograph of Monica Reyes and Rafael . . . . . . 3924

*Atkins* Hearing Def. Ex. 12, Letter from Interpreter Freida de Garcia . . . . . . . 3925

*Atkins* Hearing Def. Ex. 13, Curriculum Vitae for Ricardo Weinstein, Ph.D. . 3926

*Atkins* Hearing Def. Ex. 14, Letter from Ricardo Weinstein, Ph.D. . . . . . . . . . 3931

*Atkins* Hearing Def. Ex. 15, Curriculum Vitae for
James R. Merikangas, M.D. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3960

*Atkins* Hearing Def. Ex. 16, Radiologist Report for Mr. Umana . . . . . . . . . . . 3988

*Atkins* Hearing Def. Ex. 17, Neuropsychiatric Evaluation of Mr. Umana . . . . 3990

*Atkins* Hearing Def. Demonstrative Exhibit, PowerPoint Demonstration
by John Gregory Olley . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3992

*Atkins* Hearing Gov't Ex. 1, Slides by Dr. Suarez . . . . . . . . . . . . . . . . . . . . . 4017

*Atkins* Hearing Gov't Ex. 2, Curriculum Vitae of Enrique M. Suarez . . . . . . . 4023

*Atkins* Hearing Gov't Ex. 3, Psychological Evaluation for Mental
Retardation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4030

Govt Trial Exhibit 506, 4-15-08 Gonzalez Pre-Trial Identification . . . . . . . . . 4055

xvii

Gov't Trial Ex. 507, 12-28-05 Gonzalez Pre-Trial Identification . . . . . . . . . . 4058

Gov't Trial Ex. 518, Transcript of Arevalo Interrogation . . . . . . . . . . . . . . . . 4061

## VOLUME 10 (4210 - 4500)

Gov't Trial Ex. 520, Transcript of Rivera Interrogation . . . . . . . . . . . . . . . . . 4210

Gov't Trial Ex. 522, Transcript of Umana Interrogation . . . . . . . . . . . . . . . . 4258

Defense Trial Ex. 3, Drawing Fairfax Shooting . . . . . . . . . . . . . . . . . . . . . . . 4492

Defense Trial Ex. 28, Birth Certificate of Mr. Umana . . . . . . . . . . . . . . . . . . 4493

Defense Trial Ex. 29, Birth Certificate of Rafael Enrique . . . . . . . . . . . . . . . . 4495

Defense Trial Ex. 30, Birth Certificate of Denis Umana . . . . . . . . . . . . . . . . . 4497

Defense Trial Ex. 31, Photograph of Monica Reyes and
son Rafael Enrique . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4498

Defense Trial Ex. 32, Birth Certificate of Mr. Umana . . . . . . . . . . . . . . . . . . 4499

## VOLUME 11 (4501 - 4537)

### SEALED VOLUME

Sealed documents, reproduced separately and filed Under Seal

Presentence Investigation Report for Alejandro Enrique Ramirez Umana
(June 8, 2010, DE 1088) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4501

APPEAL,INTERPRETER,Mr>

# U.S. District Court
## Western District of North Carolina (Charlotte)
## CRIMINAL DOCKET FOR CASE #: 3:08–cr–00134–RJC All Defendants

Case title: USA v. Ayala et al                    Date Filed: 06/24/2008
 Related  Case:  3:12–cv–00372–RJC

Assigned to: Chief Judge Robert J. Conrad, Jr
Referred to: Magistrate Judge David S. Cayer

### Defendant (1)

**Manuel De Jesus Ayala**
*also known as*
Chacua

| Pending Counts | Disposition |
|---|---|
| RACKETEERING (1) | |
| RACKETEERING(RICO Conspiracy) (1s) | |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | |
| 18:1962(d) – RACKETEERING (1sss) | |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr

Appeals court case number: 10–6 4th Circuit

### Defendant (2)

**Alejandro Enrique Ramirez Umana**        represented by **John David Bryson ,**
*TERMINATED: 07/27/2010*                Wyatt Early Harris &Wheeler, LLP
*also known as*                          P.O. Box 2086
Wizard                                   High Point, NC 27261
*TERMINATED: 07/27/2010*                 336–819–6016

JA1

*also known as*
Lobo
*TERMINATED: 07/27/2010*

Fax: 336−819−6076
Email: jbryson@wehwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Mark Patrick Foster , Jr.**
Rawls, Scheer, Foster &Mingo, PLLC
1011 E. Morehead St., Ste 300
Charlotte, NC 28204
704 376−3200
Fax: 704−332−2716
Email: mfoster@rsfmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Malcom Ray Hunter , Jr.**
Center for Death Penalty Litigation
201 W. Main Street
Suite 301
Durham, NC 27701
919−956−9545
Fax: 919−956−9547
Email: Tye@cdpl.org
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | |
| RACKETEERING(RICO Conspiracy) (1s) | |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | |
| 18:1962(d) – RACKETEERING (1sss) | Life + 5 yr SRT + CAC costs + $100 assess |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (21) | |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (22) | |
| RACKETEERING ACTIVITY, MURDER (22s) | |
| 18:1959(a)(1) and 2 RACKETEERING ACTIVITY, MURDER/KIDNAPPING (22ss) | |
| 18:1959(a)(1) and 2 – RACKETEERING ACTIVITY, MURDER/KIDNAPPING (22sss) | Death + 5 yr SRT conc. + $100 assess |
| VIOLENT CRIME/DRUGS/MACHINE GUN WHERE DEATH OCCURS | |

Case 3:16-cv-00057-MOC    Document 50-1    Filed 03/23/17    Page 21 of 501
Case: 3:08-cr-134    As of: 08/02/2013 04:21 PM EDT    2 of 452
**JA2**

(23s)

18:924(c) and 924(j) VIOLENT
CRIME/DRUGS/MACHINE GUN
(23ss)

18:924(c) and 924(j)(1) – VIOLENT
CRIME/DRUGS/MACHINE GUN
(23sss)

Death to run conc w/ 25sss + 5 yr SRT conc. +
$100 assess

RACKETEERING ACTIVITY,
MURDER
(24s)

18:1959(a)(1) and 2
RACKETEERING ACTIVITY,
MURDER/KIDNAPPING
(24ss)

18:1959(a)(1) and 2 –
RACKETEERING ACTIVITY,
MURDER/KIDNAPPING
(24sss)

Death + 5 yr SRT conc. + $100 assess

VIOLENT
CRIME/DRUGS/MACHINE GUN
WHERE DEATH OCCURS
(25s)

18:924(c) and 924(j)(1) VIOLENT
CRIME/DRUGS/MACHINE GUN
(25ss)

18:924(c) and 924(j)VIOLENT
CRIME/DRUGS/MACHINE GUN
(25sss)

Death to run conc w/ 23sss + 5 yr SRT + $100
assess

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.
(27s)

18:922(g)(5) UNLAWFUL
TRANSPORT OF FIREARMS, ETC.
(27ss)

18:922(g)(5) – UNLAWFUL
TRANSPORT OF FIREARMS, ETC.
(27sss)

120 months imp. conc. + 3 yr SRT conc + $100
assess

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE – HOBBS ACT
ROBBERY
(28s)

18:1951 and 2 INTERFERENCE
WITH COMMERCE BY THREAT
OR VIOLENCE
(28ss)

18:1951 and 2 – INTERFERENCE
WITH COMMERCE BY THREAT
OR VIOLENCE
(28sss)

240 mos. imp. conc. + 3 yr SRT conc. + $100
assess

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(48)

CONSPIRACY TO DEFRAUD THE
UNITED STATES

**JA3**

(51)
INFLUENCE/INJURING
OFFICER/JUROR/WITNESS
(52)

INTIMIDATION OR FORCE
AGAINST WITNESS
(53)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE (HOBBS ACT
EXTORTION CONSPIRACY)
(58s)

18:1951 INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(58ss)

18:1951 – INTERFERENCE WITH
COMMERCE BY THREAT OR                          Dismissed
VIOLENCE
(58sss)

CONSPIRACY TO DEFRAUD THE
UNITED STATES
(61s)

18:371 and 2 CONSPIRACY TO
DEFRAUD THE UNITED STATES
(61ss)

18:371 and 2 – CONSPIRACY TO
DEFRAUD THE UNITED STATES           60 mos. imp. conc. + 3 yr SRT conc. + $100
(61sss)                             assess

INFLUENCE/INJURING
OFFICER/JUROR/WITNESS
(62s)

18:1503 and 2
INFLUENCE/INJURING
OFFICER/JUROR/WITNESS
(62ss)

18:1503 and 2 –
INFLUENCE/INJURING
OFFICER/JUROR/WITNESS                           Dismissed
(62sss)

INTIMIDATION OR FORCE
AGAINST WITNESS
(63s)

18:1512(b)(1) and 2 INTIMIDATION
OR FORCE AGAINST WITNESS
(63ss)

18:1512(b)(1) and 2 –
INTIMIDATION OR FORCE               240 mos. imp. conc + 3 yr SRT conc. + $100
AGAINST WITNESS                     assess
(63sss)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 23 of 501
Case: 9:08-cr-134    As of: 08/05/2013 04:21 PM EDT    4 of 452

**JA4**

None

## Highest Offense Level (Terminated)

None

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr

Referred to: Magistrate Judge David S. Cayer

Appeals court case number: 10–4897 4th Circuit

## Defendant (3)

**Heverth Ulises Castellon**
*TERMINATED: 06/29/2010*
*also known as*
Misterio
*TERMINATED: 06/29/2010*
*also known as*
Sailor
*TERMINATED: 06/29/2010*

represented by **Richard Lamb Brown , Jr.**
Law Offices of Richard L. Brown, Jr.
309 Lancaster Ave
Monroe, NC 28112
704−283−6800
Fax: 704−291−7725
Email: richardbrown@richardLbrownlaw.com
*TERMINATED: 08/27/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Richard Deke Falls**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101−5030
619−234−8467
Fax: 619−687−2666
Email: deke_falls@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| Pending Counts | Disposition |
|---|---|
| 18:1962(d) – RACKETEERING (1sss) | 180 mos. imp. conc. + 5 yr SRT conc. + $100 assess + $1,000 CAC costs |
| 21:846,841(b)91)(A)and 841(b)(1)(C) –CONSPIRACY TO DISTRIBUTE NARCOTICS (2sss) | 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE– HOBBS ACT ROBBERY CONSPIRACY (46s) | |
| 18:1951 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (46sss) | 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 18:1951 and 2 – INTERFERENCE WITH COMMERCE BY THREAT | 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 24 of 501
Case: 9.08-cr-134   As of: 08/02/2013 04:21 PM EDT   5 of 152
**JA5**

OR VIOLENCE
(47sss)

18:924(c) and 2 – VIOLENT
CRIME/DRUGS/MACHINE GUN
(48sss)

60 mos. imp. consec for a total of 240 mos. imp. + 5 yrs. SRT conc. + $100 assess

18:1951 – INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(58sss)

180 mos. imp. conc. + 3 yr SRT conc. + $100 assess

18:371 and 2 – CONSPIRACY TO
DEFRAUD THE UNITED STATES
(61sss)

60 mos. imp. conc. + 3 yr SRT conc. + $100 assess

18:1503 and 2 –
INFLUENCE/INJURING
OFFICER/JUROR/WITNESS
(62sss)

120 mos. imp. conc. + 3 yr SRT conc. + $100 assess

18:1512(b)(1) and 2 –
INTIMIDATION OR FORCE
AGAINST WITNESS
(63sss)

180 mos. imp. conc. + 3 yr SRT conc. + $100 assess

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                          **Disposition**

RACKETEERING
(1)

RACKETEERING(RICO
Conspiracy)
(1s)

18:1962(d) RACKETEERING
–RICO Conspiracy
(1ss)

CONSPIRACY TO DISTRIBUTE
CONTROLLED SUBSTANCE and
841
(2)

MARIJUANA – SELL,
DISTRIBUTE, OR DISPENSE
(2s)

21:846, 841(b)(1)(A) and
841(b)(1)(C) CONSPIRACY TO
DISTRIBUTE MARIJUANA
(2ss)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(40–41)

VIOLENT
CRIME/DRUGS/MACHINE GUN
(42)

18:1951 INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(46ss–47ss)

Case 3:16-cv-00057-MOC   Document 59-13   Filed 03/23/17   Page 25 of 501
Case: 9:08-cr-134   As of: 08/06/2013 04:21 PM EDT   6 of 452

**JA6**

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE– HOBBS ACT
ROBBERY
(47s)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(48)

VIOLENT
CRIME/DRUGS/MACHINE GUN
(48s)

18:924(c) and 2 VIOLENT
CRIME/DRUGS/MACHINE GUN
(48ss)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE (HOBBS ACT
EXTORTION CONSPIRACY)
(58s)

18:1951 INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(58ss)

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Chief Judge Robert J.
Conrad, Jr
Referred to: Magistrate Judge David
S. Cayer

Appeals court case number: 11–4320
4th Circuit

**Defendant (4)**

| | | |
| --- | --- | --- |
| **Julio Cesar Rosales Lopez**<br>*TERMINATED: 03/04/2011*<br>*also known as*<br>Stiler<br>*TERMINATED: 03/04/2011* | represented by | **Richard Eugene Beam , Jr.**<br>Law Offices of Richard Beam<br>P.O. Box 2401<br>262 W. Main Ave.<br>Gastonia, NC 28053<br>7048676363<br>Fax: 7048676488<br>Email: Rbeamatty@carolina.rr.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1962(d) – RACKETEERING<br>(1sss) | 240 mos. imp. conc. + 3 yr SRT conc. + $100<br>assess + $2,000 CAC costs |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 26 of 501
Case: 9:08-cr-134    As of: 08/02-13 04:21 PM EDT    7 of 482
**JA7**

| | |
|---|---|
| 18:3 and 2 – ACCESSORY AFTER THE FACT (26sss) | 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 18:1951 and 2 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (28sss) | 240 mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 18:1951 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (58sss) | 80 mos. imp. consec. for a total of 320 mos. imp. + 3 yr SRT conc. + $100 assess |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | Dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | Dismissed |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (22) | Dismissed |
| ACCESSORY AFTER THE FACT to MURDER (26s) | Dismissed |
| 18:3 and 2 ACCESSORY AFTER THE FACT (26ss) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE – HOBBS ACT ROBBERY (28s) | Dismissed |
| 18:1951 and 2 INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (28ss) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (48) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (HOBBS ACT EXTORTION CONSPIRACY) (58s) | Dismissed |
| 18:1951 INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (58ss) | Dismissed |

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J.
Conrad, Jr
Referred to: Magistrate Judge David
S. Cayer

Appeals court case number: 11–4458
4th Circuit

**Defendant (5)**

| | | |
|---|---|---|
| **Juan Gilberto Villalobos**<br>*TERMINATED: 03/04/2011*<br>*also known as*<br>Smokey<br>*TERMINATED: 03/04/2011*<br>*also known as*<br>Smoke<br>*TERMINATED: 03/04/2011* | represented by | **Kimberly Yvette Best**<br>Best Law Firm, PLLC<br>PO Box 37154<br>Charlotte, NC 28237–7154<br>704–332–9942<br>Fax: 704–376–4463<br>*TERMINATED: 11/07/2008*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Roderick Morris Wright , Jr.**<br>Wright Law Firm<br>525 N. Tryon Street, Suite 1600<br>Charlotte, NC 28202<br>704–332–2274<br>Fax: 704–333–5424<br>Email: attorneywright@yahoo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Ross Hall Richardson**<br>Federal Defenders of Western North Carolina<br>129 West Trade Steet<br>Suite 300<br>Charlotte, NC 28202<br>704–374–0720<br>Email: ross_richardson@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) – RACKETEERING<br>(1sss) | 144 Mos. imp. conc. +3 yr SRT conc. + $2,000.00<br>CAC costs + $100 assess |
| 21:846,841(b)91)(A)and 841(b)(1)(C)<br>–CONSPIRACY TO DISTRIBUTE<br>NARCOTICS<br>(2sss) | 144 Mos. imp. conc. + 4 yr SRT conc. + $100<br>assess |
| 21:843(b) – USE<br>COMMUNICATIONS FACILITY – | 48 mos. imp. conc. + 1 yr SRT conc. + $100<br>assess |

**JA9**

| | |
|---|---|
| NARCOTIC – DISTRIBUTE<br>(16sss) | |
| 21:841(a)(1), 841(b)(1)(C) and 18:2 – NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE<br>(17sss) | 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 21:843(b) – USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE<br>(20sss) | 48 mos. imp. conc. 1 yr SRT conc. + $100 assess |
| 21:841(a)(1), 841(b)(1)(C0 and 18:2 – NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE<br>(21sss) | 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 21:843(b) – USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE<br>(32sss) | 48 mos. imp. conc. 1 yr SRT conc. + $100 assess |
| 18:3 and 2 – ACCESSORY AFTER THE FACT<br>(41sss) | 120 mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 21:843(b) – USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE<br>(42sss) | 48 mos. imp. conc. 1 yr SRT conc. + $100 assess |
| 21:843(b) – USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE<br>(44sss) | 48 mos. imp. conc. 1 yr SRT conc. + $100 assess |
| 21:841(a)(1), 841(b)(1)(C) and 18:2 – NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE<br>(45sss) | 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 18:1951 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE<br>(46sss) | 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 18:1951 and 2 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE<br>(47sss) | 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 18:924(c) and 2 – VIOLENT CRIME/DRUGS/MACHINE GUN<br>(48sss) | 60 mos. imp. consec. for a TOTAL OF 204 mos. imp. + 5 yr SRT + $100 assess |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC.<br>(50sss) | 120 mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 21:841(a)(1), 841(b)(1)(C) and 18:2 – NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE<br>(57sss) | 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 18:1951 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE<br>(58sss) | 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC. | 120 mos. imp. conc. + 3 yr SRT conc. + $100 assess |

**JA10**

(69sss)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |

RACKETEERING
(1)

RACKETEERING(RICO
Conspiracy)
(1s)

18:1962(d) RACKETEERING
–RICO Conspiracy
(1ss)

CONSPIRACY TO DISTRIBUTE
CONTROLLED SUBSTANCE and
841
(2)

MARIJUANA – SELL,
DISTRIBUTE, OR DISPENSE
(2s)

21:846, 841(b)(1)(A) and
841(b)(1)(C) CONSPIRACY TO
DISTRIBUTE MARIJUANA
(2ss)

USE COMMUNICATIONS
FACILITY – CONTROLLED
SUBSTANCE – DISTR.
(15)

CONTROLLED SUBSTANCE –
SELL, DISTRIBUTE, OR
DISPENSE
(16)

USE COMMUNICATIONS
FACILITY – NARCOTIC –
DISTRIBUTE
(16s)

21:843(b) USE
COMMUNICATIONS FACILITY –
CONTROLLED SUBSTANCE –
DISTR.
(16ss)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.
(17)

NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE
(17s)

21:841(a)(1) and 841(b)(1)(C) and
18:2 NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE
(17ss)

USE COMMUNICATIONS
FACILITY – CONTROLLED
SUBSTANCE – DISTR.
(19)

**JA11**

CONTROLLED SUBSTANCE –
SELL, DISTRIBUTE, OR
DISPENSE
(20)

USE COMMUNICATIONS
FACILITY – NARCOTIC –
DISTRIBUTE
(20s)

18:843(b) USE
COMMUNICATIONS FACILITY –
CONTROLLED SUBSTANCE –
DISTR.
(20ss)

NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE –
COCAINE – and 18:2
(21s)

21:841(a)(1) and 841(b)(1)(C) and
18:2 NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE
(21ss)

UNLAWFUL ACTS –
CONTROLLED SUBSTANCE –
DISTRIBUTION
(26)

USE COMMUNICATIONS
FACILITY – NARCOTIC –
DISTRIBUTE
(32s)

21:843(b) USE
COMMUNICATIONS FACILITY –
CONTROLLED SUBSTANCE –
DISTR.
(32ss)

ACCESSORY AFTER THE FACT
(35)

USE COMMUNICATIONS
FACILITY – CONTROLLED
SUBSTANCE – DISTR.
(36)

USE COMMUNICATIONS
FACILITY – CONTROLLED
SUBSTANCE – DISTR.
(38)

CONTROLLED SUBSTANCE –
SELL, DISTRIBUTE, OR
DISPENSE
(39)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(40–41)

ACCESSORY AFTER THE FACT
(41s)

18:3 and 2 ACCESSORY AFTER
THE FACT
(41ss)

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 31 of 501
Case: 3:09-cr-134   As of: 01/03/2012 04:21 PM EST   12 of 152

JA12

VIOLENT
CRIME/DRUGS/MACHINE GUN
(42)

USE COMMUNICATIONS
FACILITY – NARCOTIC –
DISTRIBUTE
(42s)

21:843(b) USE
COMMUNICATIONS FACILITY –
CONTROLLED SUBSTANCE –
DISTR.
(42ss)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.
(44)

USE COMMUNICATIONS
FACILITY – NARCOTIC –
DISTRIBUTE
(44s)

21:843(b) USE
COMMUNICATIONS FACILITY –
CONTROLLED SUBSTANCE –
DISTR.
(44ss)

NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE –
COCAINE – and 18:2
(45s)

21:841(a)(1) and 841(b)(1)(C) and
18:2 NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE
(45ss)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE– HOBBS ACT
ROBBERY CONSPIRACY
(46s)

18:1951 INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(46ss–47ss)

CONTROLLED SUBSTANCE –
SELL, DISTRIBUTE, OR
DISPENSE
(47)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE– HOBBS ACT
ROBBERY
(47s)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(48)

VIOLENT
CRIME/DRUGS/MACHINE GUN
(48s)

**JA13**

18:924(c) and 2 VIOLENT
CRIME/DRUGS/MACHINE GUN
(48ss)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.
(50s)

18:922(g)(5) and 2 UNLAWFUL
TRANSPORT OF FIREARMS, ETC.
(50ss)

NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE –
COCAINE – and 18:2
(57s)

21:841(a)(1) and 841(b)(1)(C) and
18:2 NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE
(57ss)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE (HOBBS ACT
EXTORTION CONSPIRACY)
(58s)

18:1951 INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(58ss)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.
(69s)

18:922(g)(5) and 2 UNLAWFUL
TRANSPORT OF FIREARMS, ETC.
(69ss)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J.
Conrad, Jr
Referred to: Magistrate Judge David
S. Cayer

Appeals court case number: 11–4319
4th Circuit

**Defendant (6)**

| | | |
|---|---|---|
| **Elvin Pastor Fernandez–Gradis** | represented by | **Casper Fredric Marcinak , III** |
| *TERMINATED: 03/04/2011* | | Smith Moore Leatherwood, LLP |
| *also known as* | | 300 East McBee Avenue, Suite 500 |
| Tigre | | PO Box 87 |
| *TERMINATED: 03/04/2011* | | Greenville, SC 29602–0087 |
| *also known as* | | 864–240–2491 |
| Juan Alberto Irias | | Fax: 864–240–2475 |
| *TERMINATED: 03/04/2011* | | Email: fredric.marcinak@smithmoorelaw.com |
| *also known as* | | *LEAD ATTORNEY* |

**JA14**

Freddy
*TERMINATED: 03/04/2011*
*also known as*
Flaco
*TERMINATED: 03/04/2011*

*ATTORNEY TO BE NOTICED*

**Eric A. Bach**
P. O. Box 33566
Charlotte, NC 28233
704–364–6580
Fax: 704–364–6579
Email: ebach@mindspring.com
*TERMINATED: 02/23/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joe Von Kallist**
Joe Von Kallist, PA
6743–A Fairview Road
Charlotte, NC 28210
704–366–9008
Fax: 704–365–2109
Email: joevonkallist@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Ross Hall Richardson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) – RACKETEERING (1sss) | Life imp. + 5 yr SRT + $100 assess + $2,000 CAC costs |
| 18:1959(a)(1) and 2 – ASSAULT, OTHER (51sss) | Life imp. conc. + 5 yr SRT conc. + $100 assess |
| 18:924(c) and 924(j)(1) – VIOLENT CRIME/DRUGS/MACHINE GUN (52sss) | Life imp. consec. + 5 yr SRT conc. + $100 assess |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC. (54sss) | 120 mos. imp. + 3 yr SRT conc. + $100 assess |
| 8:1326(a) – REENTRY OF DEPORTED ALIENS (55sss) | 24 mos. imp. conc. + 3 yr SRT con. + $100 assess |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | Dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | Dismissed |
| 18:1962(d) RACKETEERING –RICO Conspiracy | Dismissed |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 34 of 501
Case: 3:09-cr-134    As of: 01/08/2013 04:21 PM EST    15 of 452
**JA15**

(1ss)

| | |
|---|---|
| REENTRY OF DEPORTED ALIENS (45) | Dismissed |
| RACKETEERING ACTIVITY, MURDER (51s) | Dismissed |
| 18:1959(a)(1) and 2 RACKETEERING ACTIVITY, MURDER/KIDNAPPING (51ss) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN WHERE DEATH OCCURS (52s) | Dismissed` |
| 18:924(c) and 924(j)(1) VIOLENT CRIME/DRUGS/MACHINE GUN (52ss) | Dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (54s) | Dismissed |
| 18:922(g)(5) and 2 UNLAWFUL TRANSPORT OF FIREARMS, ETC. (54ss) | Dismissed |
| REENTRY OF DEPORTED ALIENS (55s) | Dismissed` |
| 8:1326(a) REENTRY OF DEPORTED ALIENS (55ss) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Chief Judge Robert J. Conrad, Jr
Referred to: Magistrate Judge David S. Cayer

**Defendant (7)**

| | | |
|---|---|---|
| **Juan Ruben Vela Garcia** *also known as* Mariachi | represented by | **F. Lane Williamson** Garlitz &Williamson, PLLC 212 South Tryon Street Suite 930, The Johnston Building Charlotte, NC 28281 704−372−1282 Fax: 704−372−1621 Email: lwilliamson@gwattorneys.com *TERMINATED: 08/08/2008* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 35 of 501
Case: 3:05-cr-134    As of: 01/18/2012 04:21 PM EST    16 of 152
**JA16**

*Designation: CJA Appointment*

**Timothy Dewitt Smith**
Law Office of Timothy D. Smith
122 N. McDowell St.
Charlotte, NC 28204
704–777–8246
Fax: 704–295–6405
Email: tdsmith@lawtds.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | |
| RACKETEERING(RICO Conspiracy) (1s) | |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | |
| 18:1962(d) – RACKETEERING (1sss) | |
| CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE and 841 (2) | |
| MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (2s) | |
| 21:846, 841(b)(1)(A) and 841(b)(1)(C) CONSPIRACY TO DISTRIBUTE MARIJUANA (2ss) | |
| 21:846,841(b)91)(A)and 841(b)(1)(C) –CONSPIRACY TO DISTRIBUTE NARCOTICS (2sss) | |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (48) | |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (HOBBS ACT EXTORTION CONSPIRACY) (58s) | |
| 18:1951 INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (58ss) | |
| 18:1951 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (58sss) | |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 36 of 501
Case: 3:09-cr-134    As of: 01/08/2013 04:21 PM EDT    17 of 152

JA17

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J.
Conrad, Jr

**Defendant (8)**

| | | |
|---|---|---|
| **Jose Amilcar Garcia–Bonilla**<br>*TERMINATED: 10/04/2010*<br>*also known as*<br>Psicopata<br>*TERMINATED: 10/04/2010*<br>*also known as*<br>Sicario<br>*TERMINATED: 10/04/2010* | represented by | **Charles Linwood Morgan , Jr.**<br>101 N. McDowell Street<br>Suite 200<br>Charlotte, NC 29204<br>704–334–9669<br>Fax: 704–334–9679<br>Email: atticus1215@yahoo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Marshall Anthony Swann**<br>6201 Fairview Rd., Ste 200<br>Charlotte, NC 28210<br>704–554–0826<br>Fax: 704–552–6332<br>Email: Marshallmale@AOL.com<br>*TERMINATED: 12/03/2008*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Ross Hall Richardson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community<br>Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) – RACKETEERING<br>(1sss) | 78 mos. imp. + 3 yr SRT + $100 fine + $500 CAC<br>costs |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| | dismissed |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 37 of 501
Case: 3:08-cr-134   As of: 01/08/2010 04:21 PM EST   18 of 152

**JA18**

RACKETEERING
(1)

| | |
|---|---|
| RACKETEERING(RICO Conspiracy) (1s) | dismissed |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (17) | dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18s) | dismissed |
| 18:922(g)(5)and 2 UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18ss) | dismissed |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18sss) | dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Chief Judge Robert J. Conrad, Jr
Referred to: Magistrate Judge David S. Cayer

**Defendant (9)**

| | | |
|---|---|---|
| **Yelson Olider Castro–Licona** *TERMINATED: 05/18/2010* *also known as* Diablo *TERMINATED: 05/18/2010* | represented by | **Eugene James Chandler , II** PO Box 471492 Charlotte, NC 28247 704/281–3465 Fax: 704/364–1205 Email: ejchandler@carolina.rr.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: CJA Appointment* |
| | | **Ross Hall Richardson** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | 75 mos. imp + 3 yr SRT + 100 assessment + $1,000 CAC costs |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 38 of 501
Case: 3:08-cr-134   As of: 01/03/2012 04:21 PM EST   19 of 152

**JA19**

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | dismissed |
| 18:1962(d) – RACKETEERING (1sss) | dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (17) | dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18s) | dismissed |
| 18:922(g)(5)and 2 UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18ss) | dismissed |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18sss) | dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr

**Defendant (10)**

**Carlos Ferufino–Bonilla**                    represented by    **M. Victoria Jayne**
*TERMINATED: 03/08/2011*                                        Office of Capital Defender – Western Reg. Office
*also known as*                                                17 N. Market St., Suite 102
Tigre                                                          Asheville, NC 28801
*TERMINATED: 03/08/2011*                                       828−251−6785
                                                               Fax: 828−251−6750
                                                               Email: vicki@victoriajaynelawoffice.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: CJA Appointment*

                                                               **Ross Hall Richardson**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: Public Defender or Community Defender Appointment*

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 39 of 501
Case: 3:09-cM-134   As of: 01/08/2015 04:21 PM EDT   20 of 152

**JA20**

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | 78 mos. imp. + 3 yr SRT + $100 assess + $1,000 CAC costs |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | Dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | Dismissed |
| 18:1962(d) – RACKETEERING (1sss) | Dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (17) | Dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18s) | Dismissed |
| 18:922(g)(5)and 2 UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18ss) | Dismissed |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC. (18sss) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr
Referred to: Magistrate Judge David S. Cayer

**Defendant (11)**

| | | |
|---|---|---|
| **Nelson Hernandez–Ayala** *TERMINATED: 06/29/2010* *also known as* Sixteen *TERMINATED: 06/29/2010* | represented by | **Haakon Thorsen** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING –RICO Conspiracy | 42 mos. imp. + 3 yr SRT + $100 assess + $500 CAC costs |

**JA21**

(1ss)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| RACKETEERING<br>(1) | Dismissed |
| RACKETEERING(RICO Conspiracy)<br>(1s) | Dismissed |
| 18:1962(d) – RACKETEERING<br>(1sss) | Dismissed |
| CONSPIRACY TO DISTRIBUTE<br>CONTROLLED SUBSTANCE and<br>841<br>(2) | Dismissed |
| MARIJUANA – SELL,<br>DISTRIBUTE, OR DISPENSE<br>(2s) | Dismissed |
| 21:846, 841(b)(1)(A) and<br>841(b)(1)(C) CONSPIRACY TO<br>DISTRIBUTE MARIJUANA<br>(2ss) | Dismissed |
| 21:846,841(b)91)(A)and 841(b)(1)(C)<br>–CONSPIRACY TO DISTRIBUTE<br>NARCOTICS<br>(2sss) | Dismissed |
| USE COMMUNICATIONS<br>FACILITY – CONTROLLED<br>SUBSTANCE – DISTR.<br>(10–11) | Dismissed |
| USE COMMUNICATIONS<br>FACILITY – NARCOTIC –<br>DISTRIBUTE<br>(11s–12s) | Dismissed |
| 21:843(b) USE<br>COMMUNICATIONS FACILITY –<br>CONTROLLED SUBSTANCE –<br>DISTR.<br>(11ss–12ss) | Dismissed |
| 21:843(b) USE<br>COMMUNICATIONS FACILITY –<br>NARCOTIC – DISTRIBUTE<br>(11sss–12sss) | Dismissed |
| CONTROLLED SUBSTANCE –<br>SELL, DISTRIBUTE, OR DISPENSE<br>(12) | Dismissed |
| NARCOTICS – SELL,<br>DISTRIBUTE, OR DISPENSE –<br>COCAINE – and 18:2<br>(13s) | Dismissed |
| 21:841(a)(1) and 841(b)(1)(C) and<br>18:2 NARCOTICS – SELL,<br>DISTRIBUTE, OR DISPENSE –<br>Cocaine<br>(13ss) | Dismissed |

**JA22**

21:841(a)(1), 841(b)(1)(C) and 18:2 –
NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE
(13sss)

Dismissed

### Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr

### Defendant (12)

**Mario Melgar–Diaz**
*also known as Nino*
*TERMINATED: 10/05/2010*

represented by **Reggie E. McKnight , Esq.**
1401 East 7th Street
Suite 100
Charlotte, NC 28204
704/ 333–9283
Fax: 704/333/9280
Email: rmcknight@mcknightlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | 68 mos. imp + 3 yr SRT + $100 assess + $500 CAC costs |

### Highest Offense Level (Opening)

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | dismissed |
| 18:1962(d) – RACKETEERING (1sss) | dismissed |
| CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE and 841 (2) | dismissed |
| MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (2s) | dismissed |
| 21:846, 841(b)(1)(A) and 841(b)(1)(C) CONSPIRACY TO DISTRIBUTE MARIJUANA (2ss) | dismissed |
| 21:846,841(b)91(A)and 841(b)(1)(C) –CONSPIRACY TO | dismissed |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 42 of 501
Case: 3:09-cr-134   As of: 01/08/2013 04:21 PM EDT   23 of 152

**JA23**

DISTRIBUTE NARCOTICS
(2sss)

| | |
|---|---|
| CONTROLLED SUBSTANCE – SELL, DISTRIBUTE, OR DISPENSE (4–6) | dismissed |
| NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE – COCAINE – and 18:2 (5s–7s) | dismissed |
| 21:841(a)(1) and 841(b)(1)(C) and 18:2 NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE – COCAINE (5ss–7ss) | dismissed |
| 21:841(a)(1), 841(b)(1)(C) and 18:2 – NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE (5sss–7sss) | dismissed |
| USE COMMUNICATIONS FACILITY – CONTROLLED SUBSTANCE – DISTR. (8) | dismissed |
| USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE (9s) | dismissed |
| 21:843(b)USE COMMUNICATIONS FACILITY – CONTROLLED SUBSTANCE – DISTR. (9ss) | dismissed |
| 21:843(b) USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE (9sss) | dismissed |

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr

Appeals court case number: 10–4971
4th Circuit

**Defendant (13)**

| | | |
|---|---|---|
| **Alexi Ricardo Ramos** *TERMINATED: 06/29/2010* *also known as* Pajaro *TERMINATED: 06/29/2010* | represented by | **James Stephens Weidner , Jr.** P. O. Box 241325 Charlotte, NC 28224–1325 704–576–1409 Fax: 704–900–7026 Email: jsweidneratty@aol.com |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 43 of 501
Case: 3:09-cr-134   As of: 01/08/2013 04:21 PM EST   24 of 52

**JA24**

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:1962(d) RACKETEERING –RICO
Conspiracy
(1ss)

21:841(a)(1) and 841(b)(1)(C) and
18:2 NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE –
Cocaine
(14ss)

21:841(a)(1) and 841(b)(1)(C)and 2
NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE
(30ss)

18:924(c)VIOLENT
CRIME/DRUGS/MACHINE GUN
(31ss)

**Disposition**

48 mos. imp conc. + 5 yr SRT conc. + $100
assess + $500 CAC costs.

48 mos. imp conc. + 3 yr SRT conc. + $100
assess

48 mos. imp. conc. + 3 yr SRT conc. + $100
assess

60 mos. imp. consec w/ cnts 1ss, 14ss &30ss for a
total of 108 mos. imp. + 5 yr SRT conc + $100
assess

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

RACKETEERING
(1)

RACKETEERING(RICO Conspiracy)
(1s)

18:1962(d) – RACKETEERING
(1sss)

CONTROLLED SUBSTANCE –
SELL, DISTRIBUTE, OR DISPENSE
(13)

NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE –
COCAINE
(14s)

21:841(a)(1), 841(b)(1)(C) –
NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE
(14sss)

CONTROLLED SUBSTANCE –
SELL, DISTRIBUTE, OR DISPENSE
(24)

VIOLENT
CRIME/DRUGS/MACHINE GUN
(25)

NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE –
COCAINE – and 18:2
(30s)

21:841(a)(1), 841(b)(1)(C0 and 18:2 –
NARCOTICS – SELL,

**Disposition**

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 44 of 501
Case: 3:09-cr-134   As of: 04/08/2015 04:21 PM EDT   25 of 52
**JA25**

DISTRIBUTE, OR DISPENSE
(30sss)

VIOLENT
CRIME/DRUGS/MACHINE GUN
(31s)

18:924(c) – VIOLENT
CRIME/DRUGS/MACHINE GUN
(31sss)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: Chief Judge Robert J.
Conrad, Jr
Referred to: Magistrate Judge David
S. Cayer

Appeals court case number: 11–4418
4th Circuit

**Defendant (14)**

| | | |
| --- | --- | --- |
| **Carlos Roberto Figueroa–Pineda** | represented by | **Scott Hadden Gsell** |
| *TERMINATED: 03/03/2011* | | Law Office of Scott Gsell |
| *also known as* | | 212 South Tryon Street |
| Drogo | | Suite 1615 |
| *TERMINATED: 03/03/2011* | | Charlotte, NC 28281 |
| | | 704/342–5400 |
| | | Fax: 704/342–2888 |
| | | Email: sgnclaw@earthlink.net |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1962(d) – RACKETEERING (1sss) | 240 mos. imp. + 3 yrs SRT + $100 assess + $2,000.00 |
| 21:846,841(b)91)(A)and 841(b)(1)(C) –CONSPIRACY TO DISTRIBUTE NARCOTICS (2sss) | 120 mos. imp. consec. + 3 yr SRT + $100 assess |
| 21:841(a)(1), 841(b)(1)(D) and 18:2 –MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (33sss) | 60 mos. imp. conc. + 3 yr SRT + $100 assess |
| 18:924(c) and 2 – VIOLENT CRIME/DRUGS/MACHINE GUN (34sss) | 60 mos. imp. consec to a total of 420 mos. imp. + 5 yr SRT + $100 assess |
| 21:841(a)(1), 841(b)(1)(D) and 18:2 –MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (70sss) | 60 mos. imp conc. + $100 assess |

**Highest Offense Level (Opening)**

**JA26**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| RACKETEERING (1) | Dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | Dismissed |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | Dismissed |
| CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE and 841 (2) | Dismissed |
| MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (2s) | Dismissed |
| 21:846, 841(b)(1)(A) and 841(b)(1)(C) CONSPIRACY TO DISTRIBUTE MARIJUANA (2ss) | Dismissed |
| UNLAWFUL ACTS – CONTROLLED SUBSTANCE – DISTRIBUTION (27) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (28) | Dismissed |
| NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE – COCAINE – and 18:2 (33s) | Dismissed |
| 21:841(a)(1) and 841(b)(1)(D) and 18:2 MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (33ss) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (34s) | Dismissed |
| 18:924(c) and 2 VIOLENT CRIME/DRUGS/MACHINE GUN (34ss) | Dismissed |
| MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE and 18:2 (70s) | Dismissed |
| 21:841(a)(1) and 841(b)(1)(D) and 18:2 MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (70ss) | Dismissed` |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |

**JA27**

None

---

Assigned to: Chief Judge Robert J. Conrad, Jr

**Defendant (15)**

| | |
|---|---|
| **Cesar Yoaldo Castillo**<br>*TERMINATED: 01/04/2011*<br>*also known as*<br>Chino<br>*TERMINATED: 01/04/2011* | represented by **James Edward Quander , Jr.**<br>301 N. Main Street<br>Suite 2020<br>Winston–Salem, NC 27101<br>(336) 725–6600<br>Fax: (336) 725–5103<br>Email: jeq8@yahoo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Lisa S. Costner**<br>318 Indera Mills Ct.<br>Winston Salem, NC 27101<br>336/ 748–1885<br>Fax: 336/ 725–6330<br>Email: costner1@triad.rr.com<br>*TERMINATED: 11/23/2009*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

**Pending Counts** | **Disposition**
---|---

18:1962(d) – RACKETEERING
(1sss)

2 mos. imp. conc. + 5 yr SRT conc + $100 assess + $2,500 CAC costs

18:3 and 2 – ACCESSORY AFTER THE FACT
(26sss)

Dismissed

18:1959(a)(3) and 2 – ASSAULT, OTHER
(35sss)

2 mos. imp. conc. + 3 yr SRT conc. + $100 assess

18:924(c) – VIOLENT CRIME/DRUGS/MACHINE GUN
(36sss)

90 mos. imp. consec. + 5 yr SRT conc. + $100 assess

18:1959(a)(3) and 2 – ASSAULT, OTHER
(37sss)

2 mos. imp. conc. + 3 yr SRT conc + $100 assess

18:1959(a)(3) and 2 – ASSAULT, OTHER
(39sss)

2 mos. imp. conc. + 3 yr SRT conc. + $100 assess

18:924(c) – VIOLENT CRIME/DRUGS/MACHINE GUN
(40sss)

300 mos. imp. consec. + 5 yr SRT conc. + $100 assess

**Highest Offense Level (Opening)**

Felony

**Terminated Counts** | **Disposition**
---|---

RACKETEERING
(1)

Dismissed

**JA28**

| | |
|---|---|
| RACKETEERING(RICO Conspiracy)<br>(1s) | Dismissed |
| 18:1962(d) RACKETEERING –RICO<br>Conspiracy<br>(1ss) | Dismissed |
| ACCESSORY AFTER THE FACT to<br>MURDER<br>(26s) | Dismissed |
| 18:3 and 2 ACCESSORY AFTER<br>THE FACT<br>(26ss) | Dismissed |
| ASSAULT, OTHER<br>(29) | Dismissed |
| VIOLENT<br>CRIME/DRUGS/MACHINE GUN<br>(30) | Dismissed |
| ASSAULT, OTHER<br>(31) | Dismissed |
| VIOLENT<br>CRIME/DRUGS/MACHINE GUN<br>(32) | Dismissed |
| ASSAULT, OTHER<br>(33) | Dismissed |
| VIOLENT<br>CRIME/DRUGS/MACHINE GUN<br>(34) | Dismissed |
| ASSAULT with a Deadly Weapon in<br>Aie of Racketeering Activity<br>(35s) | Dismissed |
| 18:1959(a)(3) and 2 ASSAULT<br>(35ss) | Dismissed |
| VIOLENT<br>CRIME/DRUGS/MACHINE GUN<br>(36s) | Dismissed |
| 18:924(c) VIOLENT<br>CRIME/DRUGS/MACHINE GUN<br>(36ss) | Dismissed |
| ASSAULT with a Deadly Weapon in<br>Aid of Racketeering Activity<br>(37s) | Dismissed |
| 18:1959(a)(3) and 2 ASSAULT<br>(37ss) | Dismissed |
| VIOLENT<br>CRIME/DRUGS/MACHINE GUN<br>(38s) | Dismissed |
| 18:924(c) VIOLENT<br>CRIME/DRUGS/MACHINE GUN<br>(38ss) | Dismissed |
| 18:924(c) – VIOLENT<br>CRIME/DRUGS/MACHINE GUN<br>(38sss) | |
| ASSAULT with a Deadly Weapon in<br>Aid of Racketeeering Activity<br>(39s) | Dismissed |

**JA29**

18:1959(a)(3) and 2 ASSAULT
(39ss)                                                      Dismissed

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE                                                    Dismissed
(40–41)

VIOLENT
CRIME/DRUGS/MACHINE GUN                                     Dismissed
(40s)

18:924(c) VIOLENT
CRIME/DRUGS/MACHINE GUN                                     Dismissed
(40ss)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE– HOBBS ACT                                        Dismissed
ROBBERY CONSPIRACY
(46s)

18:1951 INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE                                                    Dismissed
(46ss–47ss)

18:1951 – INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE                                                    Dismissed
(46sss)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE– HOBBS ACT                                        Dismissed
ROBBERY
(47s)

18:1951 and 2 – INTERFERENCE
WITH COMMERCE BY THREAT
OR VIOLENCE                                                 Dismissed
(47sss)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: Chief Judge Robert J.
Conrad, Jr
Referred to: Magistrate Judge David
S. Cayer

**Defendant (16)**

| | | |
| --- | --- | --- |
| **Alexander Granados**<br>*also known as*<br>Gorilon | represented by | **Daniel Baker McIntyre , III**<br>200 E. Woodlawn Road<br>Bldg. #1, Ste. 118<br>Charlotte, NC 28217<br>704–522–8001<br>Fax: 704–522–0533<br>Email: bmcintyre3@bellsouth.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 49 of 501
Case 3:09-cr-134   As of: 08/13/2013 04:21 PM EDT   30 of 152
**JA30**

| Pending Counts | Disposition |
|---|---|

18:1962(d) RACKETEERING
–RICO Conspiracy
(1ss)

18:1962(d) – RACKETEERING
(1sss)

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|

RACKETEERING
(1)

RACKETEERING(RICO
Conspiracy)
(1s)

CONSPIRACY TO DISTRIBUTE
CONTROLLED SUBSTANCE and
841
(2)

MARIJUANA – SELL,
DISTRIBUTE, OR DISPENSE
(2s)

21:846, 841(b)(1)(A) and
841(b)(1)(C) CONSPIRACY TO
DISTRIBUTE MARIJUANA
(2ss)

21:846,841(b)91)(A)and
841(b)(1)(C) –CONSPIRACY TO
DISTRIBUTE NARCOTICS
(2sss)

**Highest Offense Level
(Terminated)**

Felony

| Complaints | Disposition |
|---|---|

None

Assigned to: Chief Judge Robert J.
Conrad, Jr

**Defendant (17)**

| | | |
|---|---|---|
| **Michael Steven Mena** | represented by | **Steven T. Meier** |
| *TERMINATED: 10/05/2010* | | Meier Law |
| *also known as* | | 1401 East Seventh St., Suite 200 |
| Cholo | | Charlotte, NC 28204 |
| *TERMINATED: 10/05/2010* | | 704.333.3456 |
| | | Fax: 704.376.9330 |
| | | Email: steve@meierlawnc.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 50 of 501
Case 3:09-cr-134    As of: 01/03/2013 04:21 PM EDT    31 of 52

**JA31**

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959 (a)(3) and 2 – ASSAULT, OTHER (3sss) | 27 months imp. + 3 yr SRT + $100 assess + $500 CAC costs |
| 18:924(c) – VIOLENT CRIME/DRUGS/MACHINE GUN (4sss) | 120 mos. imp consec + 5 yr SRT consec w/ cnt 3sss + $100 assess |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | dismissed |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | dismissed |
| 18:1962(d) – RACKETEERING (1sss) | dismissed |
| ASSAULT, OTHER (3) | dismissed |
| ASSAULT with a Dangerous Weapon in Aid of Racketeering Activity (3s) | dismissed |
| 18:1959(a)(3) and 2 ASSAULT WITH A DANGEROUS WEAPON in AID OF RACKETEERING ACTIVITY (3ss) | dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (4s) | dismissed |
| 18:924(c) VIOLENT CRIME/DRUGS/MACHINE GUN (4ss) | dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr
Referred to: Magistrate Judge David S. Cayer

Appeals court case number: 11–4300
4th Circuit

**Defendant (18)**

represented by

**Johnny Elias Gonzalez**
*TERMINATED: 03/04/2011*
*also known as*
Solo
*TERMINATED: 03/04/2011*

**Johnny Elias Gonzalez**
23060–058
BIG SANDY US Penitentiary
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224
PRO SE

**Harold J. Bender**
Law Office of Harold Bender
200 N Mcdowell St.
Charlotte, NC 28204
704–458–5631
Fax: 704/333–0837
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**S. Frederick Winiker , III**
Winiker Law Firm, PLLC
435 East Morehead St.
Charlotte, NC 28202
(704) 333–8440
Fax: (704) 831–5274
Email: swiniker@winikerlaw.com
*TERMINATED: 09/02/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:1962(d) – RACKETEERING
(1sss)

**Disposition**

360 mos. imp. + 5 yr SRT + $100 assess +
$2,000.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

RACKETEERING
(1)

RACKETEERING(RICO
Conspiracy)
(1s)

18:1962(d) RACKETEERING
–RICO Conspiracy
(1ss)

**Disposition**

Dismissed

Dismissed

Dismissed

**Highest Offense Level
(Terminated)**

Felony

**Complaints**

None

**Disposition**

Assigned to: Chief Judge Robert J.
Conrad, Jr

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 52 of 501
Case: 3:09-cr-134   As of: 04/08/2013 04:21 PM EDT   33 of 152

**JA33**

Appeals court case number: 10–4896
4th Circuit

**Defendant (19)**

| | |
|---|---|
| **Jaime Sandoval** | represented by **Lucky Theophilus Osho** |
| *TERMINATED: 06/29/2010* | 5222 Monroe Rd. Suite 126 |
| *also known as* | Charlotte, NC 28205 |
| Pelon | 704/ 531–9311 |
| *TERMINATED: 06/29/2010* | Fax: 704/ 531–1931 |
| | Email: Ltolaw@aol.com |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) – RACKETEERING (1sss) | 162 mos. imp. + 5 yr SRT + $100 assess + $1,000 CAC costs |
| 18:924(c) – VIOLENT CRIME/DRUGS/MACHINE GUN (64sss) | 60 mos. imp. consec to cnt 1sss for a total of 222 mos. imp. + 5 yr SRT + $100 assess |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | Dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | Dismissed |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | Dismissed |
| CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE and 841 (2) | Dismissed |
| MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (2s) | Dismissed |
| 21:846, 841(b)(1)(A) and 841(b)(1)(C) CONSPIRACY TO DISTRIBUTE MARIJUANA (2ss) | Dismissed |
| 21:846,841(b)91)(A)and 841(b)(1)(C) –CONSPIRACY TO DISTRIBUTE NARCOTICS (2sss) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (22) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE – HOBBS ACT ROBBERY (28s) | Dismissed |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 53 of 501
Case 3:09-cr-134   As of: 01/08/2013 04:21 PM EDT   34 of 152

**JA34**

| | |
|---|---|
| 18:1951 and 2 INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (28ss) | Dismissed |
| 18:1951 and 2 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (28sss) | Dismissed |
| USE COMMUNICATIONS FACILITY – CONTROLLED SUBSTANCE – DISTR. (37) | Dismissed |
| USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE (43s) | Dismissed |
| 21:843(b) USE COMMUNICATIONS FACILITY – CONTROLLED SUBSTANCE – DISTR. (43ss) | Dismissed |
| 21:843(b) – USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE (43sss) | Dismissed |
| USE COMMUNICATIONS FACILITY – CONTROLLED SUBSTANCE – DISTR. (46) | Dismissed |
| CONTROLLED SUBSTANCE – SELL, DISTRIBUTE, OR DISPENSE (47) | Dismissed |
| CONSPIRACY TO DEFRAUD THE UNITED STATES (51) | Dismissed |
| INFLUENCE/INJURING OFFICER/JUROR/WITNESS (52) | Dismissed |
| INTIMIDATION OR FORCE AGAINST WITNESS (53) | Dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (54) | Dismissed |
| USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE (56s) | Dismissed |
| 21:843(b) USE COMMUNICATIONS FACILITY – CONTROLLED SUBSTANCE – DISTR. (56ss) | Dismissed |
| 21:843(b) – USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE (56sss) | Dismissed |
| NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE – COCAINE – and | Dismissed |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 54 of 501
Case: 3:09-cr-134   As of: 01/08/2015 04:21 PM EST   35 of 152

**JA35**

18:2
(57s)

21:841(a)(1), 841(b)(1)(C) and 18:2 –
NARCOTICS – SELL, DISTRIBUTE,
OR DISPENSE                                    Dismissed
(57sss)

INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE (HOBBS ACT                            Dismissed
EXTORTION CONSPIRACY)
(58s)

18:1951 – INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE                                       Dismissed
(58sss)

CONSPIRACY TO DEFRAUD THE
UNITED STATES                                  Dismissed
(61s)

18:371 and 2 CONSPIRACY TO
DEFRAUD THE UNITED STATES                      Dismissed
(61ss)

18:371 and 2 – CONSPIRACY TO
DEFRAUD THE UNITED STATES                      Dismissed
(61sss)

INFLUENCE/INJURING
OFFICER/JUROR/WITNESS                          Dismissed
(62s)

18:1503 and 2
INFLUENCE/INJURING
OFFICER/JUROR/WITNESS                          Dismissed
(62ss)

18:1503 and 2 –
INFLUENCE/INJURING
OFFICER/JUROR/WITNESS                          Dismissed
(62sss)

INTIMIDATION OR FORCE
AGAINST WITNESS                                Dismissed
(63s)

18:1512(b)(1) and 2 INTIMIDATION
OR FORCE AGAINST WITNESS                       Dismissed
(63ss)

18:1512(b)(1) and 2 –
INTIMIDATION OR FORCE
AGAINST WITNESS                                Dismissed
(63sss)

VIOLENT
CRIME/DRUGS/MACHINE GUN                        Dismissed
(64s)

18:924(c) VIOLENT
CRIME/DRUGS/MACHINE GUN                        Dismissed
(64ss)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.                                 Dismissed
(65s–66s)

18:922(g)(1) UNLAWFUL                          Dismissed
TRANSPORT OF FIREARMS, ETC.

**JA36**

(65ss)

| | |
|---|---|
| 18:922(g)(1) – UNLAWFUL TRANSPORT OF FIREARMS, ETC. (65sss) | Dismissed |
| 18:922(g)(5) and 2 UNLAWFUL TRANSPORT OF FIREARMS, ETC. (66ss) | Dismissed |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC. (66sss) | Dismissed |
| REENTRY OF DEPORTED ALIENS (67s) | Dismissed |
| 8:1326(a) and (b) REENTRY OF DEPORTED ALIENS (67ss) | Dismissed |
| 8:1326(a)and (b)– REENTRY OF DEPORTED ALIENS (67sss) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Chief Judge Robert J. Conrad, Jr

Appeals court case number: 10–4809
4th Circuit

**Defendant (20)**

| | | |
|---|---|---|
| **Santos Canales–Reyes** *TERMINATED: 07/01/2010* *also known as* Chicago *TERMINATED: 07/01/2010* | represented by | **Denzil H. Forrester** 3325 Washburn Avenue, Suite103 Charlotte, NC 28205 704–632–9992 Fax: 704–632–9969 Email: denzilfesq@aol.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: CJA Appointment* |
| | | **Ross Hall Richardson** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | 84 mos. imp + 5 yr SRT + $100 assess + $1,000 CAC costs |
| 18:924(c) VIOLENT CRIME/DRUGS/MACHINE GUN (64ss) | 60 mos. imp. consec + 5 yr SRT + $100 assess |

**JA37**

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| RACKETEERING<br>(1) | Dismissed |
| RACKETEERING(RICO Conspiracy)<br>(1s) | Dismissed |
| 18:1962(d) – RACKETEERING<br>(1sss) | Dismissed |
| CONSPIRACY TO DEFRAUD THE<br>UNITED STATES<br>(51) | Dismissed |
| INFLUENCE/INJURING<br>OFFICER/JUROR/WITNESS<br>(52) | Dismissed |
| INTIMIDATION OR FORCE<br>AGAINST WITNESS<br>(53) | Dismissed |
| UNLAWFUL TRANSPORT OF<br>FIREARMS, ETC.<br>(55) | Dismissed |
| CONSPIRACY TO DEFRAUD THE<br>UNITED STATES<br>(61s) | Dismissed |
| 18:371 and 2 CONSPIRACY TO<br>DEFRAUD THE UNITED STATES<br>(61ss) | Dismissed |
| 18:371 and 2 – CONSPIRACY TO<br>DEFRAUD THE UNITED STATES<br>(61sss) | Dismissed |
| INFLUENCE/INJURING<br>OFFICER/JUROR/WITNESS<br>(62s) | Dismissed |
| 18:1503 and 2<br>INFLUENCE/INJURING<br>OFFICER/JUROR/WITNESS<br>(62ss) | Dismissed |
| 18:1503 and 2 –<br>INFLUENCE/INJURING<br>OFFICER/JUROR/WITNESS<br>(62sss) | Dismissed |
| INTIMIDATION OR FORCE<br>AGAINST WITNESS<br>(63s) | Dismissed |
| 18:1512(b)(1) and 2 INTIMIDATION<br>OR FORCE AGAINST WITNESS<br>(63ss) | Dismissed |
| 18:1512(b)(1) and 2 –<br>INTIMIDATION OR FORCE<br>AGAINST WITNESS<br>(63sss) | Dismissed |
| VIOLENT<br>CRIME/DRUGS/MACHINE GUN | Dismissed |

**JA38**

(64s)

18:924(c) – VIOLENT
CRIME/DRUGS/MACHINE GUN                    Dismissed
(64sss)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.                             Dismissed
(68s)

18:922(g)(5) and 2 UNLAWFUL
TRANSPORT OF FIREARMS, ETC.                Dismissed
(68ss)

18:922(g)(5) and 2 – UNLAWFUL
TRANSPORT OF FIREARMS, ETC.                Dismissed
(68sss)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J.
Conrad, Jr

**Defendant (21)**

| | | |
|---|---|---|
| **Jose Efrain Ayala–Urbina**<br>*TERMINATED: 06/29/2010*<br>*also known as*<br>Peligroso<br>*TERMINATED: 06/29/2010* | represented by | **Reita P Pendry**<br>PO Box 5432<br>Charlotte, NC 28299<br>704/ 532–6232<br>Fax: 704/ 537–7536<br>Email: rpendry@bellsouth.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) – RACKETEERING<br>(1sss) | 168 mos. imp + 3 yr SRT + $100 assess + $1,000<br>CAC costs |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING<br>(1) | Dismissed |
| RACKETEERING(RICO Conspiracy)<br>(1s) | Dismissed |
| 18:1962(d) RACKETEERING –RICO<br>Conspiracy<br>(1ss) | Dismissed |
| UNLAWFUL TRANSPORT OF<br>FIREARMS, ETC.<br>(9) | Dismissed |
| UNLAWFUL TRANSPORT OF<br>FIREARMS, ETC. | Dismissed |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 58 of 501
Case: 3:09-cr-134   As of: 01/03/2012 04:21 PM EDT   39 of 152
**JA39**

(10s)

| | |
|---|---|
| 18:922(g)(1) UNLAWFUL TRANSPORT OF FIREARMS, ETC. (10ss) | Dismissed |
| 18:922(g)(1) – UNLAWFUL TRANSPORT OF FIREARMS, ETC. (10sss) | Dismissed |
| CONSPIRACY TO DEFRAUD THE UNITED STATES (51) | Dismissed |
| INFLUENCE/INJURING OFFICER/JUROR/WITNESS (52) | Dismissed |
| INTIMIDATION OR FORCE AGAINST WITNESS (53) | Dismissed |
| CONSPIRACY TO DEFRAUD THE UNITED STATES (61s) | Dismissed |
| 18:371 and 2 CONSPIRACY TO DEFRAUD THE UNITED STATES (61ss) | Dismissed |
| 18:371 and 2 – CONSPIRACY TO DEFRAUD THE UNITED STATES (61sss) | Dismissed |
| INFLUENCE/INJURING OFFICER/JUROR/WITNESS (62s) | Dismissed |
| 18:1503 and 2 INFLUENCE/INJURING OFFICER/JUROR/WITNESS (62ss) | Dismissed |
| 18:1503 and 2 – INFLUENCE/INJURING OFFICER/JUROR/WITNESS (62sss) | Dismissed |
| INTIMIDATION OR FORCE AGAINST WITNESS (63s) | Dismissed |
| 18:1512(b)(1) and 2 INTIMIDATION OR FORCE AGAINST WITNESS (63ss) | Dismissed |
| 18:1512(b)(1) and 2 – INTIMIDATION OR FORCE AGAINST WITNESS (63sss) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (64s) | Dismissed |
| 18:924(c) VIOLENT CRIME/DRUGS/MACHINE GUN (64ss) | Dismissed |
| 18:924(c) – VIOLENT CRIME/DRUGS/MACHINE GUN (64sss) | Dismissed |

Case: 3:09-cr-134   As of: 01/08/2010 04:21 PM EST   40 of 52

**JA40**

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr

**Defendant (22)**

| | | |
|---|---|---|
| **Oscar Manuel Moral–Hernandez** | represented by | **Randolph Marshall Lee** |
| *TERMINATED: 05/18/2010* | | P. O. Box 77005 |
| *also known as* | | Charlotte, NC 28271 |
| Truchon | | 704–841–2222 |
| *TERMINATED: 05/18/2010* | | Email: Randolph@LeeLaw.biz |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | 34 mos. imp. + 3 yr SRT + $100 assess + $1,000 CAC costs |
| 18:924(c) and 2 VIOLENT CRIME/DRUGS/MACHINE GUN (48ss) | 60 mos. imp consec w/ cnt 1ss for a total of 94 months + 5 yr SRT conc w/ 1ss + $100 assess |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | Dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | Dismissed |
| 18:1962(d) – RACKETEERING (1sss) | dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (40–41) | dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (42) | dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (43) | dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE– HOBBS ACT ROBBERY CONSPIRACY (46s) | dismissed |
| | dismissed |

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 60 of 501
Case: 3:09-cr-134   As of: 03/24/2014 04:21 PM EDT   41 of 52

**JA41**

| | |
|---|---|
| 18:1951 INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE<br>(46ss–47ss) | |
| 18:1951 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE<br>(46sss) | dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE– HOBBS ACT ROBBERY<br>(47s) | dismissed |
| 18:1951 and 2 – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE<br>(47sss) | dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN<br>(48s) | dismissed |
| 18:924(c) and 2 – VIOLENT CRIME/DRUGS/MACHINE GUN<br>(48sss) | dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC.<br>(49s) | dismissed |
| 18:922(g)(5) and 2 UNLAWFUL TRANSPORT OF FIREARMS, ETC.<br>(49ss) | dismissed |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC.<br>(49sss) | dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J. Conrad, Jr
Referred to: Magistrate Judge David S. Cayer

Appeals court case number: 11–4284
4th Circuit

**Defendant (23)**

| | | |
|---|---|---|
| **Santos Anibal Caballer Fernandez**<br>*TERMINATED: 03/04/2011*<br>*also known as*<br>Garra<br>*TERMINATED: 03/04/2011* | represented by | **David Q. Burgess**<br>1409 East Blvd., Ste. 200<br>Charlotte, NC 28203<br>704–377–9800<br>Fax: 704–377–9828<br>Email: dburgess@dqblaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 61 of 501
Case: 3:09-cr-134   As of: 01/03/2012 04:21 PM EDT   42 of 52
**JA42**

**Ross Hall Richardson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| Pending Counts | Disposition |
| --- | --- |
| 18:1962(d) – RACKETEERING (1sss) | 150 mos. imp. + 3 yr SRT conc. + $100 assess + $2,000 CAC costs |
| 18:922(g)(5) and 2 – UNLAWFUL TRANSPORT OF FIREARMS, ETC. (8sss) | 120 mos. imp conc. + 3 yr SRT conc. + $100 assess |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
| --- | --- |
| RACKETEERING (1) | Dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | Dismissed |
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | Dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (7) | Dismissed |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (8s) | Dismissed |
| 18:822(g)(5) and 2 UNLAWFUL TRANSPORT OF FIREARMS, ETC. (8ss) | Dismissed |
| ACCESSORY AFTER THE FACT to MURDER (53s) | Dismissed |
| 18:3 and 1959ACCESSORY AFTER THE FACT (53ss) | Dismissed |
| 18:3 and 1959 – ACCESSORY AFTER THE FACT (53sss) | 150 mos. imp conc. + 3 yr SRT conc. + $100 assess |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
| --- | --- |
| None | |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 62 of 501
Case: 3:09-cr-134   As of: 01/03/2013 04:21 PM EDT   43 of 452

**JA43**

Assigned to: Chief Judge Robert J.
Conrad, Jr

### Defendant (24)

**Manuel Cruz**                     represented by  **Eric A. Bach**
*TERMINATED: 05/20/2010*                         (See above for address)
*also known as*                                  *LEAD ATTORNEY*
Silencioso                                       *ATTORNEY TO BE NOTICED*
*TERMINATED: 05/20/2010*                         *Designation: CJA Appointment*

                                                 **Julia Grace Mimms**
                                                 Law Office of Julia G. Mimms, P.A.
                                                 1001 Elizabeth Ave., Suite 1A
                                                 Charlotte, NC 28204
                                                 704/333−1301
                                                 Fax: 704/333−1290
                                                 Email: jgmassistant@bellsouth.net
                                                 *TERMINATED: 10/02/2008*
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: CJA Appointment*

### Pending Counts                          ### Disposition

18:1962(d) RACKETEERING
–RICO Conspiracy                            27 mos. imp + 3 yr SRT + $100 assess +$500
(1ss)

### Highest Offense Level (Opening)

Felony

### Terminated Counts                       ### Disposition

RACKETEERING
(1)

RACKETEERING(RICO
Conspiracy)
(1s)

18:1962(d) – RACKETEERING
(1sss)

CONSPIRACY TO DISTRIBUTE
CONTROLLED SUBSTANCE and
841
(2)

MARIJUANA – SELL,
DISTRIBUTE, OR DISPENSE
(2s)

21:846, 841(b)(1)(A) and
841(b)(1)(C) CONSPIRACY TO
DISTRIBUTE MARIJUANA
(2ss)

21:846,841(b)91)(A)and
841(b)(1)(C) –CONSPIRACY TO
DISTRIBUTE NARCOTICS
(2sss)

USE COMMUNICATIONS
FACILITY – CONTROLLED
SUBSTANCE – DISTR.
(14)

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 63 of 501
Case: 3:09-cr-134   As of: 04/03/2012 04:21 PM EDT   44 of 52
**JA44**

USE COMMUNICATIONS
FACILITY – NARCOTIC –
DISTRIBUTE
(15s)

21:843(b) USE
COMMUNICATIONS FACILITY –
CONTROLLED SUBSTANCE –
DISTR.
(15ss)

21:843(b) USE
COMMUNICATIONS FACILITY –
NARCOTIC – DISTRIBUTE
(15sss)

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J.
Conrad, Jr
Referred to: Magistrate Judge David
S. Cayer

**Defendant (25)**

**Javier Molina**                    represented by  **Mark Patrick Foster , Jr.**
*TERMINATED: 05/18/2010*                         (See above for address)
*also known as*                                   *TERMINATED: 02/05/2009*
Big Psycho                                        *LEAD ATTORNEY*
*TERMINATED: 05/18/2010*                          *ATTORNEY TO BE NOTICED*
*also known as*
Gringo                                            **Matthew G. Pruden**
*TERMINATED: 05/18/2010*                          301 E. Park Avenue
                                                  Charlotte, NC 28203
                                                  704–338–1220
                                                  Fax: 704–338–1312
                                                  Email: mpruden@tinfulton.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | Time Served + 3 yr SRT + $100 assess |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | |
| RACKETEERING(RICO Conspiracy) | |

**JA45**

(1s)

18:1962(d) – RACKETEERING
(1sss)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.
(23)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC.
(29s)

18:922(g)(1) and 2 UNLAWFUL
TRANSPORT OF FIREARMS,
ETC.
(29ss)

18:922(g)(1) and 2 – UNLAWFUL
TRANSPORT OF FIREARMS,
ETC.
(29sss)

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Robert J.
Conrad, Jr

**Defendant (26)**

| | | |
|---|---|---|
| **Mario Guarjardo–Garcia** | represented by | **Richard A. Culler** |
| *TERMINATED: 06/29/2010* | | Culler &Culler, P.A. |
| *also known as* | | Suite 212, The Barrister Place |
| Iran Guerrero–Gomez | | 212 N. McDowell St. |
| *TERMINATED: 06/29/2010* | | Charlotte, NC 28204 |
| | | 704/347–5030 |
| | | Fax: 704/347–5022 |
| | | Email: andyculler@bellsouth.net |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING –RICO Conspiracy (1ss) | Dismissed |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | Dismissed |
| RACKETEERING(RICO Conspiracy) (1s) | Dismissed |

Case: 3:09-cr-134   As of: 01/08/2013 04:21 PM EDT   46 of 152

**JA46**

| | |
|---|---|
| 18:1962(d) – RACKETEERING (1sss) | 94 mos. imp. + 3 yr SRT + $100 assess + $1,000 CAC costs |
| CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE and 841 (2) | Dismissed |
| MARIJUANA – SELL, DISTRIBUTE, OR DISPENSE (2s) | Dismissed |
| 21:846, 841(b)(1)(A) and 841(b)(1)(C) CONSPIRACY TO DISTRIBUTE MARIJUANA (2ss) | Dismissed |
| 21:846,841(b)91)(A)and 841(b)(1)(C) –CONSPIRACY TO DISTRIBUTE NARCOTICS (2sss) | Dismissed |
| CONTROLLED SUBSTANCE – SELL, DISTRIBUTE, OR DISPENSE (12) | Dismissed |
| NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE – COCAINE – and 18:2 (13s) | Dismissed |
| 21:841(a)(1) and 841(b)(1)(C) and 18:2 NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE – Cocaine (13ss) | Dismissed |
| 21:841(a)(1), 841(b)(1)(C) and 18:2 – NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE (13sss) | Dismissed |
| USE COMMUNICATIONS FACILITY – CONTROLLED SUBSTANCE – DISTR. (18) | Dismissed |
| USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE (19s) | Dismissed |
| 18:843(b) USE COMMUNICATIONS FACILITY – CONTROLLED SUBSTANCE – DISTR. (19ss) | Dismissed |
| 21:843(b) – USE COMMUNICATIONS FACILITY – NARCOTIC – DISTRIBUTE (19sss) | Dismissed |
| CONTROLLED SUBSTANCE – SELL, DISTRIBUTE, OR DISPENSE (49) | Dismissed |
| REENTRY OF DEPORTED ALIENS | Dismissed |

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 66 of 501
Case 3:09-cr-134   As of: 01/03/2013 04:21 PM EST   47 of 152

**JA47**

(50)
NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE –                     Dismissed
COCAINE
(59s)

21:841(a)(1) and 841(b)(1)(C) and
18:2 NARCOTICS – SELL,                         Dismissed
DISTRIBUTE, OR DISPENSE
(59ss)

21:841(a)(1), 841(b)(1)(C) and 18:2
– NARCOTICS – SELL,                            Dismissed
DISTRIBUTE, OR DISPENSE
(59sss)

REENTRY OF DEPORTED
ALIENS                                         Dismissed
(60s)

8:1326(a) REENTRY OF
DEPORTED ALIENS                                Dismissed
(60ss)

8:1326(a) – REENTRY OF
DEPORTED ALIENS                                Dismissed
(60sss)

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Material Witness**

**Herman Fernandez–Gradis**          represented by   **John James Cacheris**
*TERMINATED: 07/01/2010*                              JC Law Center
                                                      301 S. McDowell Street
                                                      Suite 606
                                                      Charlotte, NC 28204
                                                      704 919 1155
                                                      Fax: 704 358 0536
                                                      Email: john@jclawcenter.com
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: CJA Appointment*

**Plaintiff**

**USA**                              represented by   **Adam Christopher Morris AUSA**
                                                      227 West Trade Street
                                                      Suite 1650
                                                      Charlotte, NC 28202
                                                      704–338–3101
                                                      Fax: 704–344–6629
                                                      Email: lorraine.simpson@usdoj.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Haakon Thorsen**
                                                      1235–E East Blvd., #239
                                                      Charlotte, NC 28203

**JA48**

704–333–0120
Fax: 704–949–2624
Email: thorsenlawoffice@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Zolot**
U.S. Attorney's Office
227 W. Trade St.
Charlotte, NC 28202
704–344–6222
Email: kevin.zolot@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark A. Jones AUSA**
U.S. Attorney's Office
227 W. Trade St., Suite 1650
Charlotte, NC 28202
704–344–6222
Fax: 704–344–6229
Email: lorraine.simpson@usdoj.gov
*TERMINATED: 12/11/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sam G. Nazzaro**
U.S. Department of Justice
950 Pennsylvania Av. NW
Washington, DC 20530
202–230–8269
Fax: 202–307–3944
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A. Brafford**
U.S. Attorney's Office
227 West Trade Street
Suite1650, Carillon Building
Charlotte, NC 28202
704/344–6222
Fax: 704/344–6629
Email: william.brafford@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Bain–Creed**
U.S. Attorney's Office
227 West Trade Street
Suite 1650, Carillon Building
Charlotte, NC 28202
704–338–3123
Fax: 704–344–6629
Email: benjamin.bain–creed@usdoj.gov
*TERMINATED: 02/08/2010*

**Don Gast**
United States Attorney
Office of the United States Attorney
100 Otis St., Ste. 233
Asheville, NC 28801
828–271–4661
Fax: 828–271–4670
Email: Don.Gast@usdoj.gov
*TERMINATED: 03/30/2011*

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 68 of 501
Case 3:09-cv-134   As of: 04/03/2012 04:21 PM EDT   49 of 152

**JA49**

*ATTORNEY TO BE NOTICED*

**Jill Westmoreland Rose**
United States Attorney
100 Otis Street
Asheville, NC 28801
828–271–4661
Fax: 828–271–4670
Email: jill.rose@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/23/2008 | 1 | MOTION to Seal Case by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Motions referred to Carl Horn, III(tob) (Entered: 06/24/2008) |
| 06/23/2008 | 2 | ORDER granting 1 Motion to Seal Case as to Manuel De Jesus Ayala (1), Alejandro Enrique Ramirez Umana (2), Heverth Ulises Castellon (3), Julio Cesar Rosales Lopez (4), Juan Gilberto Villalobos (5), Elvin Pastor Fernandez–Gradis (6), Juan Ruben Vela Garcia (7), Jose Amilcar Garcia–Bonilla (8), Yelson Olider Castro–Licona (9), Carlos Ferufino–Bonilla (10), Nelson Hernandez–Ayala (11), Mario Melgar–Diaz (12), Alexi Ricardo Ramos (13), Carlos Roberto Figueroa–Pineda (14), Cesar Yoaldo Castillo (15), Alexander Granados (16), Michael Steven Mena (17), Johnny Elias Gonzalez (18), Jaime Sandoval (19), Santos Canales–Reyes (20), Jose Efrain Ayala–Urbina (21), Oscar Manuel Moral–Hernandez (22), Santos Anibal Caballer Fernandez (23), Manuel Cruz (24), Javier Molina (25), Mario Guarjardo–Garcia (26) Signed by Magistrate Judge David Keesler on 6/23/08. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 3 | SEALED INDICTMENT as to Manuel De Jesus Ayala (1) count(s) 1, Alejandro Enrique Ramirez Umana (2) count(s) 1, 21, 22, 48, 51, 52, 53, Heverth Ulises Castellon (3) count(s) 1, 2, 40–41, 42, 48, Julio Cesar Rosales Lopez (4) count(s) 1, 22, 48, Juan Gilberto Villalobos (5) count(s) 1, 2, 15, 16, 17, 19, 20, 26, 35, 36, 38, 39, 40–41, 42, 44, 47, 48, Elvin Pastor Fernandez–Gradis (6) count(s) 1, 45, Juan Ruben Vela Garcia (7) count(s) 1, 2, 48, Jose Amilcar Garcia–Bonilla (8) count(s) 1, 17, Yelson Olider Castro–Licona (9) count(s) 1, 17, Carlos Ferufino–Bonilla (10) count(s) 1, 17, Nelson Hernandez–Ayala (11) count(s) 1, 2, 10–11, 12, Mario Melgar–Diaz (12) count(s) 1, 2, 4–6, 8, Alexi Ricardo Ramos (13) count(s) 1, 13, 24, 25, Carlos Roberto Figueroa–Pineda (14) count(s) 1, 2, 27, 28, Cesar Yoaldo Castillo (15) count(s) 1, 29, 30, 31, 32, 33, 34, 40–41, Alexander Granados (16) count(s) 1, 2, Michael Steven Mena (17) count(s) 1, 3, Johnny Elias Gonzalez (18) count(s) 1, Jaime Sandoval (19) count(s) 1, 2, 22, 37, 46, 47, 51, 52, 53, 54, Santos Canales–Reyes (20) count(s) 1, 51, 52, 53, 55, Jose Efrain Ayala–Urbina (21) count(s) 1, 9, 51, 52, 53, Oscar Manuel Moral–Hernandez (22) count(s) 1, 40–41, 42, 43, Santos Anibal Caballer Fernandez (23) count(s) 1, 7, Manuel Cruz (24) count(s) 1, 2, 14, Javier Molina (25) count(s) 1, 23, Mario Guarjardo–Garcia (26) count(s) 1, 2, 12, 18, 49, 50. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 4 | Arrest Warrant Issued *(Sealed Court)* in case as to Manuel De Jesus Ayala. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 5 | Arrest Warrant Issued *(Sealed Court)* in case as to Alejandro Enrique Ramirez Umana. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 6 | Arrest Warrant Issued *(Sealed Court)* in case as to Heverth Ulises Castellon. (tob) (Entered: 06/24/2008) |

**JA50**

| 06/23/2008 | 7 | Arrest Warrant Issued *(Sealed Court)* in case as to Julio Cesar Rosales Lopez. (tob) (Entered: 06/24/2008) |
|---|---|---|
| 06/23/2008 | 8 | Arrest Warrant Issued *(Sealed Court)* in case as to Juan Gilberto Villalobos. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 9 | Arrest Warrant Issued *(Sealed Court)* in case as to Elvin Pastor Fernandez–Gradis. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 10 | Arrest Warrant Issued *(Sealed Court)* in case as to Juan Ruben Vela Garcia. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 11 | Arrest Warrant Issued *(Sealed Court)* in case as to Jose Amilcar Garcia–Bonilla. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 12 | Arrest Warrant Issued *(Sealed Court)* in case as to Yelson Olider Castro–Licona. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 13 | Arrest Warrant Issued *(Sealed Court)* in case as to Carlos Ferufino–Bonilla. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 14 | Arrest Warrant Issued *(Sealed Court)* in case as to Nelson Hernandez–Ayala. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 15 | Arrest Warrant Issued *(Sealed Court)* in case as to Mario Melgar–Diaz. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 16 | Arrest Warrant Issued *(Sealed Court)* in case as to Alexi Ricardo Ramos. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 17 | Arrest Warrant Issued *(Sealed Court)* in case as to Carlos Roberto Figueroa–Pineda. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 18 | Arrest Warrant Issued *(Sealed Court)* in case as to Cesar Yoaldo Castillo. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 19 | Arrest Warrant Issued *(Sealed Court)* in case as to Alexander Granados. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 20 | Arrest Warrant Issued *(Sealed Court)* in case as to Michael Steven Mena. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 21 | Arrest Warrant Issued *(Sealed Court)* in case as to Johnny Elias Gonzalez. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 22 | Arrest Warrant Issued *(Sealed Court)* in case as to Jaime Sandoval. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 23 | Arrest Warrant Issued *(Sealed Court)* in case as to Santos Canales–Reyes. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 24 | Arrest Warrant Issued *(Sealed Court)* in case as to Jose Efrain Ayala–Urbina. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 25 | Arrest Warrant Issued *(Sealed Court)* in case as to Oscar Manuel Moral–Hernandez. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 26 | Arrest Warrant Issued *(Sealed Court)* in case as to Santos Anibal Caballer Fernandez. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 27 | Arrest Warrant Issued *(Sealed Court)* in case as to Manuel Cruz. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 28 | Arrest Warrant Issued *(Sealed Court)* in case as to Javier Molina. (tob) (Entered: 06/24/2008) |
| 06/23/2008 | 29 | Arrest Warrant Issued *(Sealed Court)* in case as to Mario Guarjardo–Garcia. (tob) (Entered: 06/24/2008) |
| 06/24/2008 | 30 | MOTION to Unseal Case by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan |

**JA51**

| | | |
|---|---|---|
| | | Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Motions referred to Carl Horn, III(tob) (Entered: 06/24/2008) |
| 06/24/2008 | 31 | ORDER granting 30 Motion to Unseal Case as to Manuel De Jesus Ayala (1), Alejandro Enrique Ramirez Umana (2), Heverth Ulises Castellon (3), Julio Cesar Rosales Lopez (4), Juan Gilberto Villalobos (5), Elvin Pastor Fernandez–Gradis (6), Jose Amilcar Garcia–Bonilla (8), Yelson Olider Castro–Licona (9), Carlos Ferufino–Bonilla (10), Nelson Hernandez–Ayala (11), Mario Melgar–Diaz (12), Alexi Ricardo Ramos (13), Carlos Roberto Figueroa–Pineda (14), Cesar Yoaldo Castillo (15), Alexander Granados (16), Michael Steven Mena (17), Johnny Elias Gonzalez (18), Jaime Sandoval (19), Santos Canales–Reyes (20), Jose Efrain Ayala–Urbina (21), Oscar Manuel Moral–Hernandez (22), Santos Anibal Caballer Fernandez (23), Manuel Cruz (24), Javier Molina (25), Mario Guarjardo–Garcia (26) Signed by Magistrate Judge David Keesler on 6/24/08. (tob) (Entered: 06/24/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Juan Ruben Vela Garcia: Initial Appearance set for 6/24/2008 03:00 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/24/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Alexander Granados: Initial Appearance set for 6/24/2008 03:00 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/24/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Alexi Ricardo Ramos, Oscar Manuel Moral–Hernandez: Initial Appearance set for 6/24/2008 03:00 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/24/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Juan Gilberto Villalobos, Michael Steven Mena: Initial Appearance set for 6/24/2008 03:00 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/24/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Heverth Ulises Castellon, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez: Initial Appearance set for 6/24/2008 03:00 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/24/2008) |
| 06/24/2008 | 32 | Corrected Arrest Warrant Issued *(Sealed Court)* in case as to Juan Ruben Vela Garcia. (tob) (Entered: 06/24/2008) |
| 06/24/2008 | | Arrest of Heverth Ulises Castellon, Juan Gilberto Villalobos (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Minute Entry: Initial Appearance as to Heverth Ulises Castellon, Juan Gilberto Villalobos held on 6/24/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Cecilia Oseguera. (Court Reporter FTR) (mga) (Entered: 06/25/2008) |
| 06/24/2008 | 33 | CJA 23 (Ex Parte) Financial Affidavit by Juan Gilberto Villalobos (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | ORAL ORDER as to Juan Gilberto Villalobos granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/24/08. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Heverth Ulises Castellon: Arraignment set for 6/27/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 71 of 501
Case: 3:08-cr-134   As of: 01/08/2013 04:21 PM EST   52 of 457

JA52

| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Juan Gilberto Villalobos: Arraignment set for 6/27/2008 10:45 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 10:45 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |
|---|---|---|
| 06/24/2008 | | Arrest of Juan Ruben Vela Garcia, Alexi Ricardo Ramos (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Minute Entry: Initial Appearance as to Juan Ruben Vela Garcia, Alexi Ricardo Ramos held on 6/24/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Sam Nazzaro. Defendant attorney: Cecilia Oseguera. (Court Reporter FTR) (Interpreter: Jackie Gonzalez interpreted for dft Alexi Ricardo Ramos) (mga) (Entered: 06/25/2008) |
| 06/24/2008 | 34 | CJA 23 (Ex Parte) Financial Affidavit by Juan Ruben Vela Garcia (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | ORAL ORDER as to Juan Ruben Vela Garcia granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/24/08. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | 35 | CJA 23 (Ex Parte) Financial Affidavit by Alexi Ricardo Ramos (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Juan Ruben Vela Garcia: Arraignment set for 6/27/2008 11:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 11:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Alexi Ricardo Ramos: Arraignment set for 6/27/2008 11:15 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 11:15 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Arrest of Carlos Roberto Figueroa–Pineda, Alexander Granados (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Minute Entry: Initial Appearance as to Carlos Roberto Figueroa–Pineda, Alexander Granados held on 6/24/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Cecilia Oseguera. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | ORAL ORDER as to Alexander Granados granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/24/08. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | ORAL ORDER as to Carlos Roberto Figueroa–Pineda granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/24/08. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Carlos Roberto Figueroa–Pineda: Arraignment set for 6/27/2008 11:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 11:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Alexander Granados: Arraignment set for 6/27/2008 02:00 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 02:00 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Arrest of Michael Steven Mena, Johnny Elias Gonzalez, Oscar Manuel Moral–Hernandez (mga) (Entered: 06/25/2008) |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 72 of 501
Case: 3:08-cr-134    As of: 07/08/2010 04:29 PM EDT    53 of 452

**JA53**

| 06/24/2008 | | Minute Entry: Initial Appearance as to Michael Steven Mena, Johnny Elias Gonzalez, Oscar Manuel Moral–Hernandez held on 6/24/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Sam Nazzaro. Defendant attorney: Cecilia Oseguera. (Court Reporter FTR)(Interpreter: Jackie Gonzalez interpreted for dft Oscar Manuel Moral–Hernandez) (mga) Modified on 6/25/2008 to correct text (mga). (Entered: 06/25/2008) |
|---|---|---|
| 06/24/2008 | 36 | CJA 23 (Ex Parte) Financial Affidavit by Michael Steven Mena (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | ORAL ORDER as to Michael Steven Mena granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/24/08. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | 37 | CJA 23 (Ex Parte) Financial Affidavit by Johnny Elias Gonzalez (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | ORAL ORDER as to Johnny Elias Gonzalez granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/24/08. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | ORAL ORDER as to Oscar Manuel Moral–Hernandez granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/24/08. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Michael Steven Mena: Arraignment set for 6/27/2008 02:15 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 02:15 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Johnny Elias Gonzalez: Arraignment set for 6/27/2008 02:30 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 02:30 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | Set/Reset Deadlines/Hearings as to Oscar Manuel Moral–Hernandez: Arraignment set for 6/27/2008 02:45 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 6/27/2008 02:45 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/25/2008) |
| 06/24/2008 | | ORAL ORDER as to Alexi Ricardo Ramos granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/24/08. (mga) (Entered: 06/25/2008) |
| 06/25/2008 | 39 | CJA 20 *(Restricted)* as to Johnny Elias Gonzalez: Appointment of Attorney S. Frederick Winiker, III for Johnny Elias Gonzalez (mga) (Entered: 06/25/2008) |
| 06/25/2008 | 40 | CJA 20 *(Restricted)* as to Johnny Elias Gonzalez: Appointment of Attorney S. Frederick Winiker, III for Johnny Elias Gonzalez (tob) (Entered: 06/26/2008) |
| 06/25/2008 | 41 | CJA 20 *(Restricted)* as to Alexander Granados: Appointment of Attorney Daniel Baker McIntyre, III for Alexander Granados (tob) (Entered: 06/26/2008) |
| 06/25/2008 | 42 | CJA 20 *(Restricted)* as to Oscar Manuel Moral–Hernandez: Appointment of Attorney Randolph Marshall Lee for Oscar Manuel Moral–Hernandez (tob) (Entered: 06/26/2008) |
| 06/25/2008 | 43 | CJA 20 *(Restricted)* as to Juan Ruben Vela Garcia: Appointment of Attorney F. Lane Williamson for Juan Ruben Vela Garcia (tob) (Entered: 06/26/2008) |
| 06/25/2008 | 44 | CJA 20 *(Restricted)* as to Carlos Roberto Figueroa–Pineda: Appointment of Attorney Scott Hadden Gsell for Carlos Roberto Figueroa–Pineda (tob) (Entered: 06/26/2008) |
| 06/25/2008 | 45 | CJA 20 *(Restricted)* as to Alexi Ricardo Ramos: Appointment of Attorney James Stephens Weidner, Jr for Alexi Ricardo Ramos (tob) (Entered: 06/26/2008) |

Case 3:16-cv-00057-MOC    Document 50-1    Filed 03/23/17    Page 73 of 501
Case 3:08-cr-134    As of: 04/08/2013 04:21 PM EDT    54 of 452

**JA54**

| 06/25/2008 | 46 | CJA 20 *(Restricted)* as to Juan Gilberto Villalobos: Appointment of Attorney Kimberly Yvette Best for Juan Gilberto Villalobos (tob) (Entered: 06/26/2008) |
|---|---|---|
| 06/25/2008 | 47 | CJA 20 *(Restricted)* as to Michael Steven Mena: Appointment of Attorney Steven T. Meier for Michael Steven Mena (tob) (Entered: 06/26/2008) |
| 06/26/2008 | | NOTICE OF HEARING as to Alexi Ricardo Ramos: Arraignment reset for 7/1/2008 09:55 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/1/2008 09:55 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Hearing reset per Weidner. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 06/26/2008) |
| 06/26/2008 | | NOTICE OF HEARING as to Johnny Elias Gonzalez: Arraignment reset for 7/1/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing reset for 7/1/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Hearings reset per Atty Winiker. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 06/26/2008) |
| 06/26/2008 | 48 | NOTICE OF ATTORNEY APPEARANCE Sam G. Nazzaro appearing for USA. *and Criminal Division, Department of Justice* (Nazzaro, Sam) (Entered: 06/26/2008) |
| 06/27/2008 | 53 | Application for Writ of Habeas Corpus ad Prosequendum as to Jose Efrain Ayala–Urbina (Zolot, Kevin) (Entered: 06/27/2008) |
| 06/27/2008 | 54 | Application for Writ of Habeas Corpus ad Prosequendum as to Alejandro Enrique Ramirez Umana (Zolot, Kevin) (Entered: 06/27/2008) |
| 06/27/2008 | 55 | Application for Writ of Habeas Corpus ad Prosequendum as to Jaime Sandoval (Zolot, Kevin) (Entered: 06/27/2008) |
| 06/27/2008 | 56 | NOTICE OF ATTORNEY APPEARANCE Adam Christopher Morris appearing for USA. (Morris, Adam) (Entered: 06/27/2008) |
| 06/27/2008 | 57 | Writ of Habeas Corpus ad Prosequendum Issued as to Jaime Sandoval Signed by Magistrate Judge Carl Horn, III Initial Appearance set for 7/28/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (ssh) (Entered: 06/27/2008) |
| 06/27/2008 | 58 | Writ of Habeas Corpus ad Prosequendum Issued as to Jose Efrain Ayala–Urbina Signed by Magistrate Judge Carl Horn, III Initial Appearance set for 7/28/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (ssh) (Entered: 06/27/2008) |
| 06/27/2008 | 59 | Writ of Habeas Corpus ad Prosequendum Issued as to Alejandro Enrique Ramirez Umana Signed by Magistrate Judge Carl Horn, III Initial Appearance set for 7/28/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (ssh) (Entered: 06/27/2008) |
| 06/27/2008 | | ORAL ORDER continuing arraignment and detention hearings as to Heverth Ulises Castellon re arraignment deadline and detention deadline. Entered by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/27/2008) |
| 06/27/2008 | | Minute Entry: Inquiry into Status of Counsel Hearing as to Heverth Ulises Castellon held on 6/27/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Steve Slawinski. (Court Reporter FTR) (mga) (Entered: 06/27/2008) |
| 06/27/2008 | | ORAL ORDER as to Heverth Ulises Castellon granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/27/2008) |
| 06/27/2008 | | Set/Reset Deadlines/Hearings as to Heverth Ulises Castellon: Arraignment set for 7/1/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/1/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/27/2008) |

| | | |
|---|---|---|
| 06/27/2008 | | Set/Reset Deadlines/Hearings as to Mario Melgar–Diaz: Initial Appearance set for 6/30/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/27/2008) |
| 06/27/2008 | | NOTICE OF HEARING as to Juan Gilberto Villalobos, Juan Ruben Vela Garcia: Arraignment set for 7/2/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 06/27/2008) |
| 06/27/2008 | | Minute Entry: Detention Hearing as to Juan Gilberto Villalobos held on 6/27/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Kimberly Best. (Court Reporter FTR) (mga) (Entered: 06/30/2008) |
| 06/27/2008 | 74 | ORDER OF DETENTION as to Juan Gilberto Villalobos. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | | ORAL MOTION to Continue Arraignment Hearing by Juan Gilberto Villalobos. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | | ORAL ORDER granting Oral Motion to Continue Arraignment Hearing as to Juan Gilberto Villalobos (5) Entered by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | | ORAL MOTION to Continue Arraignment Hearing by Juan Ruben Vela Garcia. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | | ORAL ORDER granting Oral Motion to Continue Arraignment Hearing as to Juan Ruben Vela Garcia (7) Entered by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | | Minute Entry: Detention Hearing as to Juan Ruben Vela Garcia held on 6/27/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: F. Lane Williamson. (Court Reporter FTR) (mga) (Entered: 06/30/2008) |
| 06/27/2008 | 75 | ORDER OF DETENTION as to Juan Ruben Vela Garcia. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | | Minute Entry: Arraignment as to Carlos Roberto Figueroa–Pineda (14) Count 1,2,27,28 and Detention Hearing held on 6/27/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Scott Gsell. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (mga) (Entered: 06/30/2008) |
| 06/27/2008 | 76 | SCHEDULING ORDER as to Carlos Roberto Figueroa–Pineda Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | 77 | Standard Discovery Order in case as to Carlos Roberto Figueroa–Pineda.. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | 78 | ORDER OF DETENTION as to Carlos Roberto Figueroa–Pineda. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | | Minute Entry: Arraignment as to Alexander Granados (16) Count 1,2 and Detention Hearing held on 6/27/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: D. Baker McIntyre. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (mga) (Entered: 06/30/2008) |
| 06/27/2008 | 79 | SCHEDULING ORDER as to Alexander Granados Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
| 06/27/2008 | 80 | Standard Discovery Order in case as to Alexander Granados.. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |

| 06/27/2008 | 81 | ORDER OF DETENTION as to Alexander Granados. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 06/30/2008) |
|---|---|---|
| 06/27/2008 | | Minute Entry: Arraignment as to Oscar Manuel Moral–Hernandez (22) Count 1,40–41,42,43 and Detention Hearing held on 6/27/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: Randy Lee. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (mga) (Entered: 07/01/2008) |
| 06/27/2008 | 82 | SCHEDULING ORDER as to Oscar Manuel Moral–Hernandez Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 07/01/2008) |
| 06/27/2008 | 83 | Standard Discovery Order in case as to Oscar Manuel Moral–Hernandez.. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 07/01/2008) |
| 06/27/2008 | 84 | ORDER OF DETENTION as to Oscar Manuel Moral–Hernandez. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 07/01/2008) |
| 06/27/2008 | | Minute Entry: Arraignment as to Michael Steven Mena (17) Count 1,3 and Detention Hearing held on 6/27/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: Steve Meier. (Court Reporter FTR) (mga) (Entered: 07/01/2008) |
| 06/27/2008 | 86 | SCHEDULING ORDER as to Michael Steven Mena Docket Call set for 8/4/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 8/4/08. (mga) (Entered: 07/01/2008) |
| 06/27/2008 | 87 | Standard Discovery Order in case as to Michael Steven Mena.. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 07/01/2008) |
| 06/27/2008 | 88 | ORDER OF DETENTION as to Michael Steven Mena. Signed by Magistrate Judge David Keesler on 6/27/08. (mga) (Entered: 07/01/2008) |
| 06/30/2008 | 60 | Application for Writ of Habeas Corpus ad Prosequendum as to Santos Canales–Reyes (Zolot, Kevin) (Entered: 06/30/2008) |
| 06/30/2008 | | Set/Reset Deadlines/Hearings as to Mario Guarjardo–Garcia: Initial Appearance set for 6/30/2008 02:45 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/30/2008) |
| 06/30/2008 | 61 | Application for Writ of Habeas Corpus ad Prosequendum as to Mario Guarjardo–Garcia (Zolot, Kevin) (Entered: 06/30/2008) |
| 06/30/2008 | 62 | Application for Writ of Habeas Corpus ad Prosequendum as to Cesar Yoaldo Castillo (Zolot, Kevin) (Entered: 06/30/2008) |
| 06/30/2008 | 63 | Application for Writ of Habeas Corpus ad Prosequendum as to Elvin Pastor Fernandez–Gradis (Zolot, Kevin) (Entered: 06/30/2008) |
| 06/30/2008 | 64 | Application for Writ of Habeas Corpus ad Prosequendum as to Santos Anibal Caballer Fernandez (Zolot, Kevin) (Entered: 06/30/2008) |
| 06/30/2008 | 65 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Juan Gilberto Villalobos. (klg) (Entered: 06/30/2008) |
| 06/30/2008 | 66 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Michael Steven Mena. (klg) (Entered: 06/30/2008) |
| 06/30/2008 | 67 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Alexander Granados. (klg) (Entered: 06/30/2008) |
| 06/30/2008 | 68 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Johnny Elias Gonzalez. (klg) (Entered: 06/30/2008) |
| 06/30/2008 | 69 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Carlos Roberto Figueroa–Pineda. (klg) (Entered: 06/30/2008) |

| | | |
|---|---|---|
| 06/30/2008 | 70 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Alexi Ricardo Ramos. (klg) (Entered: 06/30/2008) |
| 06/30/2008 | 71 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Oscar Manuel Moral–Hernandez. (klg) (Entered: 06/30/2008) |
| 06/30/2008 | | Minute Entry: Initial Appearance as to Mario Melgar–Diaz held on 6/30/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: Emily Marroquin. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (mga) (Entered: 06/30/2008) |
| 06/30/2008 | 72 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Heverth Ulises Castellon. (klg) (Entered: 06/30/2008) |
| 06/30/2008 | | ORAL ORDER as to Mario Melgar–Diaz granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 6/30/08. (mga) (Entered: 06/30/2008) |
| 06/30/2008 | 73 | Arrest Warrant Returned Executed on 6/24/2008 in case as to Juan Ruben Vela Garcia. (klg) (Entered: 06/30/2008) |
| 06/30/2008 | | Set/Reset Deadlines/Hearings as to Mario Melgar–Diaz: Arraignment set for 7/3/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/3/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 06/30/2008) |
| 06/30/2008 | 85 | CJA 20 *(Restricted)* as to Heverth Ulises Castellon: Appointment of Attorney Richard Lamb Brown, Jr for Heverth Ulises Castellon (tob) (Entered: 07/01/2008) |
| 06/30/2008 | | Arrest of Mario Guarjardo–Garcia (mga) (Entered: 07/01/2008) |
| 06/30/2008 | 89 | Writ of Habeas Corpus ad Prosequendum Issued as to Mario Guarjardo–Garcia Signed by Magistrate Judge Carl Horn, III Initial Appearance set for 7/17/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 07/01/2008) |
| 06/30/2008 | | Minute Entry: Initial Appearance as to Mario Guarjardo–Garcia held on 6/30/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: Emily Marroquin. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (mga) (Entered: 07/01/2008) |
| 06/30/2008 | 90 | CJA 23 (Ex Parte) Financial Affidavit by Mario Guarjardo–Garcia (mga) (Entered: 07/01/2008) |
| 06/30/2008 | | ORAL ORDER as to Mario Guarjardo–Garcia granting Oral Motion to Appoint Counsel. Signed by Magistrate Judge David Keesler on 6/30/08. (mga) (Entered: 07/01/2008) |
| 06/30/2008 | 91 | Writ of Habeas Corpus ad Prosequendum Issued as to Santos Anibal Caballer Fernandez Signed by Magistrate Judge Carl Horn, III Initial Appearance set for 7/17/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 07/01/2008) |
| 06/30/2008 | | Set/Reset Deadlines/Hearings as to Mario Guarjardo–Garcia: Arraignment set for 7/3/2008 10:40 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/3/2008 10:40 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 07/01/2008) |
| 06/30/2008 | 92 | Writ of Habeas Corpus ad Prosequendum Issued as to Elvin Pastor Fernandez–Gradis Signed by Magistrate Judge Carl Horn, III Initial Appearance set for 7/17/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 07/01/2008) |
| 06/30/2008 | 93 | Writ of Habeas Corpus ad Prosequendum Issued as to Cesar Yoaldo Castillo Signed by Magistrate Judge Carl Horn, III Initial Appearance set for 7/17/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 07/01/2008) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 77 of 501
Case 3:08-cr-134   As of: 01/08/2016 04:21 PM EST   58 of 452

JA58

| | | |
|---|---|---|
| 06/30/2008 | 94 | Writ of Habeas Corpus ad Prosequendum Issued as to Santos Canales–Reyes Signed by Magistrate Judge Carl Horn, III Initial Appearance set for 7/17/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 07/01/2008) |
| 07/01/2008 | | Minute Entry: Arraignment as to Johnny Elias Gonzalez (18) Count 1 and Detention Hearing held on 7/1/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: S. Frederick Williams. (Court Reporter FTR) (Interpreter: none requested) (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 95 | SCHEDULING ORDER as to Johnny Elias Gonzalez Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 96 | CJA 20 *(Restricted)* as to Mario Guarjardo–Garcia: Appointment of Attorney Richard A. Culler for Mario Guarjardo–Garcia (tob) (Entered: 07/01/2008) |
| 07/01/2008 | 97 | CJA 20 *(Restricted)* as to Mario Melgar–Diaz: Appointment of Attorney Reggie E. McKnight, Esq for Mario Melgar–Diaz (tob) (Entered: 07/01/2008) |
| 07/01/2008 | 98 | Standard Discovery Order in case as to Johnny Elias Gonzalez.. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 99 | ORDER OF DETENTION as to Johnny Elias Gonzalez. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | | Minute Entry for proceedings held before Magistrate Judge David Keesler: Arraignment as to Alexi Ricardo Ramos (13) Count 1,13,24,25 and Detention Hearing held on 7/1/2008. Government attorney: Adam Morris.Defendant attorney: James Weidner. (Court Reporter FTR.)(Interpreter: David Kramer. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 100 | SCHEDULING ORDER as to Alexi Ricardo Ramos Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 101 | Standard Discovery Order in case as to Alexi Ricardo Ramos.. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 102 | ORDER OF DETENTION as to Alexi Ricardo Ramos. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | | Minute Entry: Arraignment as to Heverth Ulises Castellon (3) Count 1,2,40–41,42,48 and Detention Hearing held on 7/1/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: Richard Brown.Interpreter: none requested (Court Reporter FTR) (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 103 | SCHEDULING ORDER as to Heverth Ulises Castellon Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 104 | Standard Discovery Order in case as to Heverth Ulises Castellon.. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | 105 | ORDER OF DETENTION as to Heverth Ulises Castellon. Signed by Magistrate Judge David Keesler on 7/1/08. (mga) (Entered: 07/01/2008) |
| 07/01/2008 | | Reset Deadlines/Hearings as to Juan Gilberto Villalobos: Arraignment set for 7/2/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (tob) (Entered: 07/01/2008) |
| 07/01/2008 | 108 | CJA 23 (Ex Parte) Financial Affidavit by Elvin Pastor Fernandez–Gradis (bsw) (Entered: 07/02/2008) |

Case 3:16-cv-00057-MOC    Document 59-1e    Filed 03/23/17    Page 78 of 501
Case 3:08-cr-134    As of: 01/06/2016 04:21 PM EST    59 of 152

**JA59**

| | | |
|---|---|---|
| 07/01/2008 | | Arrest of Manuel Cruz (mga) (Entered: 07/02/2008) |
| 07/02/2008 | | Terminate Deadlines and Hearings as to Juan Gilberto Villalobos: Attorney fld waiver of arraignment. (mga) (Entered: 07/02/2008) |
| 07/02/2008 | | NOTICE OF HEARING as to Mario Guarjardo–Garcia: Arraignment set for 7/7/2008 10:20 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. Detention Hearing set for 7/7/2008 10:20 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 07/02/2008) |
| 07/02/2008 | 109 | MOTION to Appoint Expert *Interpreter* by Alexander Granados. Motions referred to Carl Horn, III(McIntyre, Daniel) (Entered: 07/02/2008) |
| 07/02/2008 | | Minute Entry: Initial Appearance as to Manuel Cruz held on 7/2/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: Steve Slawinski. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (mga) (Entered: 07/02/2008) |
| 07/02/2008 | 110 | CJA 23 (Ex Parte) Financial Affidavit by Manuel Cruz (mga) (Entered: 07/02/2008) |
| 07/02/2008 | | ORAL ORDER as to Manuel Cruz granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 7/2/08. (mga) (Entered: 07/02/2008) |
| 07/02/2008 | | Set/Reset Deadlines/Hearings as to Manuel Cruz: Arraignment set for 7/8/2008 09:35 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. Detention Hearing set for 7/8/2008 09:35 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (mga) (Entered: 07/02/2008) |
| 07/02/2008 | | Minute Entry: Arraignment as to Juan Ruben Vela Garcia (7) Count 1,2,48 held on 7/2/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: F. Lane Williamson. (Court Reporter FTR) (mga) (Entered: 07/02/2008) |
| 07/02/2008 | | Set/Reset Deadlines/Hearings as to Mario Guarjardo–Garcia: Arraignment reset for 7/7/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. Detention Hearing reset for 7/7/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (mga) (Entered: 07/02/2008) |
| 07/02/2008 | 111 | SCHEDULING ORDER as to Juan Ruben Vela Garcia Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/2/08. (mga) (Entered: 07/02/2008) |
| 07/02/2008 | 112 | Standard Discovery Order in case as to Juan Ruben Vela Garcia.. Signed by Magistrate Judge David Keesler on 7/2/08. (mga) (Entered: 07/02/2008) |
| 07/02/2008 | 113 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Juan Gilberto Villalobos (mga) (Entered: 07/03/2008) |
| 07/02/2008 | 114 | SCHEDULING ORDER as to Juan Gilberto Villalobos Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/2/08. (mga) (Entered: 07/03/2008) |
| 07/02/2008 | 115 | Standard Discovery Order in case as to Juan Gilberto Villalobos.. Signed by Magistrate Judge David Keesler on 7/2/08. (mga) (Additional attachment(s) added on 7/3/2008: #1 Main Document) (mga). (Entered: 07/03/2008) |
| 07/03/2008 | | Minute Entry: Arraignment as to Mario Melgar–Diaz (12) Count 1,2,4–6,8 and Detention Hearing held on 7/3/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: Rggie McKnight.Interpreter: Jackie Gonzalez (Court Reporter FTR) (mga) (Entered: 07/03/2008) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 79 of 501
Case 3:08-cm-134   As of: 04/08/2016 04:21 PM EDT   60 of 152
**JA60**

| | | |
|---|---|---|
| 07/03/2008 | | Arrest of Nelson Hernandez–Ayala (mga) (Entered: 07/03/2008) |
| 07/03/2008 | | Minute Entry: Initial Appearance as to Nelson Hernandez–Ayala held on 7/3/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Adam Morris. Defendant attorney: Claire Rauscher. (Court Reporter FTR) (Interpreter: Monica Bew) (mga) (Entered: 07/03/2008) |
| 07/03/2008 | 116 | CJA 23 (Ex Parte) Financial Affidavit by Nelson Hernandez–Ayala (mga) (Entered: 07/03/2008) |
| 07/03/2008 | | ORAL ORDER as to Nelson Hernandez–Ayala granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 7/3/08. (mga) (Entered: 07/03/2008) |
| 07/03/2008 | | Set/Reset Deadlines/Hearings as to Nelson Hernandez–Ayala: Arraignment set for 7/9/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. Detention Hearing set for 7/9/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (mga) (Entered: 07/03/2008) |
| 07/03/2008 | 117 | SCHEDULING ORDER as to Mario Melgar–Diaz Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/3/08. (mga) (Entered: 07/03/2008) |
| 07/03/2008 | 118 | Standard Discovery Order in case as to Mario Melgar–Diaz.. Signed by Magistrate Judge David Keesler on 7/3/08. (mga) (Entered: 07/03/2008) |
| 07/03/2008 | 119 | ORDER OF DETENTION as to Mario Melgar–Diaz. Signed by Magistrate Judge David Keesler on 7/3/08. (mga) (Entered: 07/03/2008) |
| 07/03/2008 | 120 | ORDER granting 109 Motion to Appoint Expert as to Alexander Granados (16) Signed by Magistrate Judge Carl Horn, III on 7/2/08. (mga) (Entered: 07/03/2008) |
| 07/03/2008 | 123 | Writ of Habeas Corpus ad Prosequendum as to Mario Guarjardo–Garcia Returned Unexecuted. (klg) (Entered: 07/07/2008) |
| 07/07/2008 | 122 | CJA 20 *(Restricted)* as to Manuel Cruz: Appointment of Attorney Julia Grace Mimms for Manuel Cruz (mga) (Entered: 07/07/2008) |
| 07/07/2008 | | Set Deadlines/Hearings as to Javier Molina: Initial Appearance set for 7/7/2008 02:50 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 07/07/2008) |
| 07/07/2008 | | Minute Entry: Arraignment as to Mario Guarjardo–Garcia (26) Count 1,2,12,18,49,50 and Detention Hearing held on 7/7/2008 for proceedings held before Judge Magistrate Judge Carl Horn, III:Government attorney: Kevin Zolot. Defendant attorney: Richard Culler. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (tob) (Entered: 07/07/2008) |
| 07/07/2008 | 124 | CJA 20 *(Restricted)* as to Nelson Hernandez–Ayala: Appointment of Attorney Haakon Thorsen for Nelson Hernandez–Ayala (tob) (Entered: 07/07/2008) |
| 07/07/2008 | | Minute Entry: Initial Appearance as to Javier Molina held on 7/7/2008. for proceedings held before Judge Magistrate Judge Carl Horn, III: Defendant to retain Atty Matthew Pruden.Government attorney: Kevin Zolot. Defendant attorney: Angela Parrott. (Court Reporter FTR) (Interpreter: speaks English) (tob) (Entered: 07/07/2008) |
| 07/07/2008 | | Set Deadlines/Hearings as to Javier Molina: Arraignment set for 7/10/2008 09:50 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. Detention Hearing set for 7/10/2008 09:50 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 07/07/2008) |
| 07/07/2008 | 126 | ORDER OF DETENTION as to Mario Guarjardo–Garcia. Signed by Magistrate Judge Carl Horn, III on 7/7/08. (tob) (Entered: 07/07/2008) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 80 of 501
Case: 3:08-cr-134   As of: 01/08/2014 04:21 PM EST   61 of 152

**JA61**

| | | |
|---|---|---|
| 07/07/2008 | 128 | SCHEDULING ORDER as to Mario Guarjardo–Garcia Docket Call set for 8/4/2008 09:30 AM before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge Carl Horn, III on 7/7/08. (tob) (Entered: 07/08/2008) |
| 07/07/2008 | 129 | Standard Discovery Order in case as to Mario Guarjardo–Garcia.. Signed by Magistrate Judge Carl Horn, III on 7/7/08. (tob) (Entered: 07/08/2008) |
| 07/08/2008 | | Minute Entry: Arraignment as to Manuel Cruz (24) Count 1,2,14 and Detention Hearing held on 7/8/2008 for proceedings held before Judge Magistrate Judge Carl Horn, III:Government attorney: Adam Morris. Defendant attorney: Julia Mimms. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (tob) (Entered: 07/08/2008) |
| 07/08/2008 | 130 | ORDER OF DETENTION as to Manuel Cruz. Signed by Magistrate Judge Carl Horn, III on 7/8/08. (tob) (Entered: 07/08/2008) |
| 07/08/2008 | 131 | SCHEDULING ORDER as to Manuel Cruz Docket Call set for 8/4/2008 09:30 AM before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge Carl Horn, III on 7/08/08. (tob) (Entered: 07/08/2008) |
| 07/08/2008 | 132 | Standard Discovery Order in case as to Manuel Cruz.. Signed by Magistrate Judge Carl Horn, III on 7/8/08. (tob) (Entered: 07/08/2008) |
| 07/09/2008 | | Minute Entry: Arraignment as to Nelson Hernandez–Ayala (11) Count 1,2,10–11,12 and Detention Hearing held on 7/9/2008 for proceedings held before Judge Magistrate Judge Carl Horn, III:Government attorney: Kevin Zolot. Defendant attorney: Haakon Thorsen. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (tob) (Entered: 07/09/2008) |
| 07/09/2008 | 133 | CJA 23 (Ex Parte) Financial Affidavit by Alejandro Enrique Ramirez Umana (tob) (Entered: 07/09/2008) |
| 07/09/2008 | 135 | CJA 23 (Ex Parte) Financial Affidavit by Elvin Pastor Fernandez–Gradis (tob) (Entered: 07/09/2008) |
| 07/09/2008 | 137 | ORDER OF DETENTION as to Nelson Hernandez–Ayala. Signed by Magistrate Judge Carl Horn, III on 7/9/08. (tob) (Entered: 07/09/2008) |
| 07/09/2008 | 138 | SCHEDULING ORDER as to Nelson Hernandez–Ayala Docket Call set for 8/4/2008 09:30 AM before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge Carl Horn, III on 7/9/08. (tob) (Entered: 07/09/2008) |
| 07/09/2008 | 139 | Standard Discovery Order in case as to Nelson Hernandez–Ayala.. Signed by Magistrate Judge Carl Horn, III on 7/9/08. (tob) (Entered: 07/09/2008) |
| 07/09/2008 | 145 | Arrest Warrant Returned Executed on 7/3/2008 in case as to Nelson Hernandez–Ayala. (klg) (Entered: 07/11/2008) |
| 07/09/2008 | 146 | Arrest Warrant Returned Executed on 6/30/2008 in case as to Mario Melgar–Diaz. (klg) (Entered: 07/11/2008) |
| 07/09/2008 | 147 | Arrest Warrant Returned Executed on 7/1/2008 in case as to Manuel Cruz. (klg) (Entered: 07/11/2008) |
| 07/09/2008 | 148 | Arrest Warrant Returned Executed on 6/30/2008 in case as to Mario Guarjardo–Garcia. (klg) (Entered: 07/11/2008) |
| 07/10/2008 | 140 | CJA 20 (Restricted) as to Alejandro Enrique Ramirez Umana: Appointment of Attorney John Bryson for Alejandro Enrique Ramirez Umana (tob) (Entered: 07/10/2008) |
| 07/10/2008 | 141 | CJA 20 (Restricted) as to Elvin Pastor Fernandez–Gradis: Appointment of Attorney Joe Von Kallist for Elvin Pastor Fernandez–Gradis (tob) (Entered: 07/10/2008) |
| 07/10/2008 | 142 | MOTION to Unseal Document by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander |

**JA62**

| | | |
|---|---|---|
| | | Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Responses due by 7/24/2008. Motions referred to Carl Horn, III(Zolot, Kevin) (Entered: 07/10/2008) |
| 07/10/2008 | | Minute Entry: Arraignment as to Javier Molina (25) Count 1,23 and Detention Hearing held on 7/10/2008 for proceedings held before Judge Magistrate Judge Carl Horn, III:Government attorney: Kevin Zolot. Defendant attorney: Matthew Pruden. (Court Reporter FTR) (Interpreter: SPEAKS ENGLISH) (tob) (Entered: 07/10/2008) |
| 07/10/2008 | | NOTICE OF ATTORNEY APPEARANCE: Matthew G. Pruden appearing for Javier Molina making a General Apperance. (tob) (Entered: 07/10/2008) |
| 07/10/2008 | 143 | ORDER granting 142 Motion to Unseal Document as to Manuel De Jesus Ayala (1), Alejandro Enrique Ramirez Umana (2), Heverth Ulises Castellon (3), Julio Cesar Rosales Lopez (4), Juan Gilberto Villalobos (5), Elvin Pastor Fernandez–Gradis (6), Juan Ruben Vela Garcia (7), Jose Amilcar Garcia–Bonilla (8), Yelson Olider Castro–Licona (9), Carlos Ferufino–Bonilla (10), Nelson Hernandez–Ayala (11), Mario Melgar–Diaz (12), Alexi Ricardo Ramos (13), Carlos Roberto Figueroa–Pineda (14), Cesar Yoaldo Castillo (15), Alexander Granados (16), Michael Steven Mena (17), Johnny Elias Gonzalez (18), Jaime Sandoval (19), Santos Canales–Reyes (20), Jose Efrain Ayala–Urbina (21), Oscar Manuel Moral–Hernandez (22), Santos Anibal Caballer Fernandez (23), Manuel Cruz (24), Javier Molina (25), Mario Guarjardo–Garcia (26) Signed by Magistrate Judge Carl Horn, III on 7/10/2008. (klg) (Entered: 07/10/2008) |
| 07/10/2008 | 144 | ORDER OF DETENTION as to Javier Molina. Signed by Magistrate Judge Carl Horn, III on 7/10/08. (tob) (Entered: 07/11/2008) |
| 07/10/2008 | 149 | SCHEDULING ORDER as to Javier Molina Docket Call set for 8/4/2008 09:30 AM before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge Carl Horn, III on 7/10/08. (tob) (Entered: 07/11/2008) |
| 07/10/2008 | 150 | Standard Discovery Order in case as to Javier Molina.. Signed by Magistrate Judge Carl Horn, III on 7/10/08. (tob) (Entered: 07/11/2008) |
| 07/17/2008 | | Minute Entry: Initial Appearance as to Elvin Pastor Fernandez–Gradis held on 7/17/2008. for proceedings held before Judge Magistrate Judge Carl Horn, III:Government attorney: Cortney Escaravage. Defendant attorney: Cecilia Oseguera present @ I.A.. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | Set Deadlines/Hearings as to Elvin Pastor Fernandez–Gradis: Arraignment set for 7/22/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/22/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | Minute Entry: Initial Appearance as to Santos Canales–Reyes held on 7/17/2008. for proceedings held before Judge Magistrate Judge Carl Horn, III:Government attorney: Cortney Escaravage. Defendant attorney: Cecilia Oseguera. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | ORAL ORDER as to Santos Canales–Reyes granting Oral Motion to Appoint Counsel by Magistrate Judge Carl Horn, III on 7/17/08. (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | Set Deadlines/Hearings as to Santos Canales–Reyes: Arraignment set for 7/22/2008 09:50 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/22/2008 09:50 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | Minute Entry: Initial Appearance as to Cesar Yoaldo Castillo held on 7/17/2008. for proceedings held before Judge Magistrate Judge Carl Horn, III:Government attorney: Cortney Escaravage. Defendant attorney: Cecilia Oseguera. (Court |

Case: 3:08-cr-134   As of: 01/05/2010 04:21 PM EST   63 of 152

**JA63**

| | | Reporter FTR) (Interpreter: Speaks English) (tob) (Entered: 07/17/2008) |
|---|---|---|
| 07/17/2008 | | ORAL ORDER as to Cesar Yoaldo Castillo granting Oral Motion to Appoint Counsel by Magistrate Judge Carl Horn, III on 7/17/08. (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | Set Deadlines/Hearings as to Cesar Yoaldo Castillo: Arraignment set for 7/22/2008 09:40 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/22/2008 09:40 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | Minute Entry: Initial Appearance as to Santos Anibal Caballer Fernandez held on 7/17/2008. for proceedings held before Judge Magistrate Judge Carl Horn, III:Government attorney: Cortney Escaravage. Defendant attorney: Cecilia Oseguera. (Court Reporter FTR) (Interpreter: Jackie Gonzalez) (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | ORAL ORDER as to Santos Anibal Caballer Fernandez granting Oral Motion to Appoint Counsel by Magistrate Judge Carl Horn, III on 7/22/08. (tob) (Entered: 07/17/2008) |
| 07/17/2008 | | Set Deadlines/Hearings as to Santos Anibal Caballer Fernandez: Arraignment set for 7/22/2008 10:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/22/2008 10:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (tob) (Entered: 07/17/2008) |
| 07/18/2008 | 156 | CJA 20 *(Restricted)* as to Santos Canales–Reyes: Appointment of Attorney Denzil Horace Forrester for Santos Canales–Reyes (mga) (Entered: 07/18/2008) |
| 07/18/2008 | 157 | CJA 20 *(Restricted)* as to Cesar Yoaldo Castillo: Appointment of Attorney Lisa S. Costner for Cesar Yoaldo Castillo. Signed by Magistrate Judge David Keesler on 7/17/08. (mga) (Entered: 07/18/2008) |
| 07/18/2008 | 158 | CJA 20 *(Restricted)* as to Santos Anibal Caballer Fernandez: Appointment of Attorney David Q. Burgess for Santos Anibal Caballer Fernandez (mga) (Entered: 07/18/2008) |
| 07/18/2008 | 161 | Arrest Warrant Returned Executed on 7/6/08 in case as to Javier Molina. (dtr) (Entered: 07/18/2008) |
| 07/22/2008 | | Minute Entry: Arraignment as to Cesar Yoaldo Castillo (15) Count 1,29,30,31,32,33,34,40–41 and Detention Hearing held on 7/22/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Lisa Costner. (Court Reporter FTR) (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 164 | SCHEDULING ORDER as to Cesar Yoaldo Castillo Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 165 | Standard Discovery Order in case as to Cesar Yoaldo Castillo.. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 166 | ORDER OF DETENTION as to Cesar Yoaldo Castillo. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | | Minute Entry: Arraignment as to Santos Canales–Reyes (20) Count 1,51,52,53,55 and Detention Hearing held on 7/22/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Denzil Forrester. (Court Reporter FTR) (Interpreter: Jaclyn Gonzalez) (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 167 | SCHEDULING ORDER as to Santos Canales–Reyes Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 83 of 501
Case: 3:08-cr-134   As of: 04/10/2012 04:21 PM EDT   64 of 452

**JA64**

| | | |
|---|---|---|
| 07/22/2008 | 168 | Standard Discovery Order in case as to Santos Canales–Reyes.. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 169 | ORDER OF DETENTION as to Santos Canales–Reyes. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | | Minute Entry: Arraignment as to Santos Anibal Caballer Fernandez (23) Count 1,7 and Detention Hearing held on 7/22/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: David Burgess. (Court Reporter FTR) (Interpreter: Jaclyn Gonzalez) (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 170 | SCHEDULING ORDER as to Santos Anibal Caballer Fernandez Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 171 | Standard Discovery Order in case as to Santos Anibal Caballer Fernandez.. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 172 | ORDER OF DETENTION as to Santos Anibal Caballer Fernandez. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | | Minute Entry: Arraignment as to Elvin Pastor Fernandez–Gradis (6) Count 1,45 and Detention Hearing held on 7/22/2008 for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Joe Von Kallist. (Court Reporter FTR) (Interpreter: Jaclyn Gonzalez) (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 173 | SCHEDULING ORDER as to Elvin Pastor Fernandez–Gradis Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 174 | Standard Discovery Order in case as to Elvin Pastor Fernandez–Gradis.. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/22/2008 | 175 | Unopposed MOTION to Continue Docket Call/Trial by Santos Anibal Caballer Fernandez. Responses due by 8/4/2008. (Burgess, David) (Entered: 07/22/2008) |
| 07/22/2008 | 176 | ORDER OF DETENTION as to Elvin Pastor Fernandez–Gradis. Signed by Magistrate Judge David Keesler on 7/22/08. (mga) (Entered: 07/22/2008) |
| 07/24/2008 | 178 | NOTICE OF ATTORNEY APPEARANCE Jill Westmoreland Rose appearing for USA. *co–counsel relating to Umana and Gradis* (Rose, Jill) (Entered: 07/24/2008) |
| 07/24/2008 | 179 | Arrest Warrant Returned Executed on 7/17/2008 in case as to Elvin Pastor Fernandez–Gradis. (klg) (Entered: 07/24/2008) |
| 07/24/2008 | 180 | Arrest Warrant Returned Executed on 7/17/2008 in case as to Santos Anibal Caballer Fernandez. (klg) (Entered: 07/24/2008) |
| 07/24/2008 | 181 | Arrest Warrant Returned Executed on 7/17/2008 in case as to Santos Canales–Reyes. (klg) (Entered: 07/24/2008) |
| 07/24/2008 | 182 | Arrest Warrant Returned Executed on 7/17/2008 in case as to Cesar Yoaldo Castillo. (klg) (Entered: 07/24/2008) |
| 07/24/2008 | 183 | NOTICE OF ATTORNEY APPEARANCE: Timothy D. Smith appearing for Juan Ruben Vela Garcia (klg) (Entered: 07/25/2008) |
| 07/28/2008 | 184 | ORDER granting 153 Sealed Motion. Signed by Chief Judge Robert J. Conrad, Jr on 7/26/08. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C) (com) (Entered: 07/28/2008) |
| 07/28/2008 | | Arrest of Alejandro Enrique Ramirez Umana (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Minute Entry: Initial Appearance, Arraignment and Detention Hearing as to Alejandro Enrique Ramirez Umana (2) Count 1,21,22,48,51,52,53 held on 7/28/2008 for proceedings held before Judge Magistrate Judge David |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 84 of 501
Case: 3:08-cr-134   As of: 01/08/2016 04:21 PM EST   65 of 452

**JA65**

| | | Keesler:Government attorney: Kevin Zolot. Defendant attorney: John Bryson. (Court Reporter FTR) (Interpreter: Jaclyn Gonzalez) (mga) (Entered: 07/28/2008) |
|---|---|---|
| 07/28/2008 | 185 | SCHEDULING ORDER as to Alejandro Enrique Ramirez Umana Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/28/08. (mga) (Entered: 07/28/2008) |
| 07/28/2008 | 186 | Standard Discovery Order in case as to Alejandro Enrique Ramirez Umana.. Signed by Magistrate Judge David Keesler on 7/28/08. (mga) (Entered: 07/28/2008) |
| 07/28/2008 | 187 | ORDER OF DETENTION as to Alejandro Enrique Ramirez Umana. Signed by Magistrate Judge David Keesler on 7/28/08. (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Arrest of Jaime Sandoval (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Minute Entry: Initial Appearance as to Jaime Sandoval held on 7/28/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Cecilia Oseguera. (Court Reporter FTR) (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | ORAL ORDER as to Jaime Sandoval granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 7/28/08. (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Set/Reset Deadlines/Hearings as to Jaime Sandoval: Arraignment set for 7/31/2008 10:20 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/31/2008 10:20 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Arrest of Jose Efrain Ayala–Urbina (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Minute Entry: Initial Appearance as to Jose Efrain Ayala–Urbina held on 7/28/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Kevin Zolot. Defendant attorney: Cecilia Oseguera. (Court Reporter FTR) (Interpreter: Jaclyn Gonzalez) (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | ORAL ORDER as to Jose Efrain Ayala–Urbina granting Oral Motion to Appoint Counsel. Entered by Magistrate Judge David Keesler on 7/28/08. (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Set/Reset Deadlines/Hearings as to Jose Efrain Ayala–Urbina: Arraignment set for 7/31/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing set for 7/31/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Set/Reset Deadlines/Hearings as to Jose Efrain Ayala–Urbina: Arraignment reset for 7/31/2008 10:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing reset for 7/31/2008 10:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 07/28/2008) |
| 07/28/2008 | | Set/Reset Deadlines/Hearings as to Jaime Sandoval: Arraignment reset for 7/31/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing reset for 7/31/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 07/28/2008) |
| 07/29/2008 | 189 | CJA 20 *(Restricted)* as to Jaime Sandoval: Appointment of Attorney Lucky Theophilus Osho for Jaime Sandoval (mga) (Entered: 07/29/2008) |
| 07/29/2008 | 190 | ORDER granting 175 Motion to Continue Docket Call/Trial as to Santos Anibal Caballer Fernandez (23) Docket Call set for 10/6/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Signed by Chief Judge Robert J. Conrad, Jr on 7/29/2008. (klg) (Entered: 07/29/2008) |

| 07/29/2008 | | Set/Reset Deadlines/Hearings as to Jose Efrain Ayala–Urbina: Arraignment reset for 8/1/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. Detention Hearing reset for 8/1/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 07/29/2008) |
|---|---|---|
| 07/30/2008 | 191 | CJA 20 *(Restricted)* as to Jose Efrain Ayala–Urbina: Appointment of Attorney Reita P Pendry for Jose Efrain Ayala–Urbina (mga) (Entered: 07/30/2008) |
| 07/30/2008 | 192 | Unopposed MOTION to Continue Docket Call/Trial by Michael Steven Mena. Responses due by 8/11/2008. (Meier, Steven) (Entered: 07/30/2008) |
| 07/31/2008 | 193 | ORDER granting 192 Motion to Continue Docket Call/Trial as to Michael Steven Mena (17) Docket Call set for 10/6/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Signed by Chief Judge Robert J. Conrad, Jr on 7/30/2008. (klg) (Entered: 07/31/2008) |
| 07/31/2008 | | Minute Entry: ARRAIGNMENT as to Jaime Sandoval (19) Count 1,2,22,37,46,47,51,52,53,54 and DETENTION HEARING held before Magistrate Judge David Keesler. Defendant pled not guilty. Government moves for detention. Defendant waived detention hearing. Defendant detained. Government attorney: Kevin Zolot. Defendant attorney: Lucky Osho. Court Reporter FTR. Interpreter: Jaclyn Gonzalez. (mga) (Entered: 07/31/2008) |
| 07/31/2008 | 194 | SCHEDULING ORDER as to Jaime Sandoval Docket Call set for 8/4/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 7/31/08. (mga) (Entered: 07/31/2008) |
| 07/31/2008 | 195 | Standard Discovery Order in case as to Jaime Sandoval.. Signed by Magistrate Judge David Keesler on 7/31/08. (mga) (Entered: 07/31/2008) |
| 07/31/2008 | 196 | ORDER OF DETENTION as to Jaime Sandoval. Signed by Magistrate Judge David Keesler on 7/31/08. (mga) (Entered: 07/31/2008) |
| 08/01/2008 | | Minute Entry: ARRAIGNMENT as to Jose Efrain Ayala–Urbina (21) Count 1,9,51,52,53 and DETENTION HEARING held before Magistrate Judge David Keesler. Defendant pled not guilty. Government moves for detention. Defendant waived detention hearing. Defendant detained. Government attorney: Kevin Zolot. Defendant attorney: Reita Pendry. Court Reporter FTR. Interpreter: Monica Bew. (mga) (Entered: 08/01/2008) |
| 08/01/2008 | 197 | SCHEDULING ORDER as to Jose Efrain Ayala–Urbina Docket Call set for 10/6/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 8/1/08. (mga) (Entered: 08/01/2008) |
| 08/01/2008 | 198 | Standard Discovery Order in case as to Jose Efrain Ayala–Urbina.. Signed by Magistrate Judge David Keesler on 8/1/08. (mga) (Entered: 08/01/2008) |
| 08/01/2008 | 199 | ORDER OF DETENTION as to Jose Efrain Ayala–Urbina. Signed by Magistrate Judge David Keesler on 8/1/08. (mga) (Entered: 08/01/2008) |
| 08/01/2008 | 200 | ORDER resetting docket call as to Jaime Sandoval, ( Docket Call set for 10/6/2008 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.). Signed by Chief Judge Robert J. Conrad, Jr on 8/1/2008. (klg) (Entered: 08/01/2008) |
| 08/01/2008 | 202 | SEALED MOTION *(Sealed – Attorney)* to Seal Documents filed by Ayala–Urbina; (available to: Jose Efrain Ayala–Urbina) (Pendry, Reita) (Entered: 08/01/2008) |
| 08/04/2008 | 206 | ORDER *(Sealed – Attorney)* granting 202 Sealed Motion as to Jose Efrain Ayala–Urbina (21) Signed by Magistrate Judge Carl Horn, III on 8/4/2008. (klg) (Entered: 08/04/2008) |
| 08/05/2008 | 208 | NOTICE OF ATTORNEY APPEARANCE: Richard Deke Falls appearing for Heverth Ulises Castellon (Falls, Richard) (Entered: 08/05/2008) |

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 86 of 501
Case: 3:08-cr-134   As of: 01/08/2010 04:29 PM EST   67 of 152

**JA67**

| 08/06/2008 | 220 | Arrest Warrant Returned Executed on 7/28/08 in case as to Jaime Sandoval. (dtr) (Entered: 08/08/2008) |
| 08/06/2008 | 221 | Arrest Warrant Returned Executed on 7/28/08 in case as to Alejandro Enrique Ramirez Umana. (dtr) (Entered: 08/08/2008) |
| 08/06/2008 | 222 | Arrest Warrant Returned Executed on 7/28/08 in case as to Jose Efrain Ayala−Urbina. (dtr) (Entered: 08/08/2008) |
| 08/07/2008 | 210 | MOTION to Appoint Expert *Interpreter* by Alejandro Enrique Ramirez Umana. Motions referred to Carl Horn, III(Bryson, John) (Entered: 08/07/2008) |
| 08/07/2008 | 211 | ORDER granting 210 Motion to Appoint Expert as to Alejandro Enrique Ramirez Umana (2) Signed by Magistrate Judge Carl Horn, III on 8/7/2008. (klg) (Entered: 08/07/2008) |
| 08/07/2008 | 216 | MOTION to Appoint Expert by Santos Anibal Caballer Fernandez. Motions referred to Carl Horn, III(Burgess, David) (Entered: 08/07/2008) |
| 08/07/2008 | 217 | ORDER granting 216 Motion to Appoint Expert as to Santos Anibal Caballer Fernandez (23) Signed by Magistrate Judge Carl Horn, III on 8/7/2008. (klg) (Entered: 08/07/2008) |
| 08/07/2008 | 218 | CJA 21 *(Restricted – Defense Counsel)* as to Santos Anibal Caballer Fernandez: Appointment of Jaclyn Gonzalez as Expert. Signed by Magistrate Judge Carl Horn, III on 8/7/08. (mga) (Entered: 08/07/2008) |
| 08/07/2008 | 219 | MOTION to Withdraw as Attorney by F. Lane Williamson. by Juan Ruben Vela Garcia. Motions referred to Carl Horn, III(Williamson, F.) (Entered: 08/07/2008) |
| 08/08/2008 | | Set Deadlines/Hearings as to Julio Cesar Rosales Lopez: Initial Appearance set for 8/12/2008 10:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 08/08/2008) |
| 08/08/2008 | 223 | ORDER granting 219 Motion to Withdraw as Attorney. F. Lane Williamson withdrawn from case. as to Juan Ruben Vela Garcia (7) Signed by Magistrate Judge Carl Horn, III on 8/8/2008. (klg) (Entered: 08/08/2008) |
| 08/12/2008 | | Minute Entry: INITAL APPEARANCE and DETENTION HEARING as to Julio Cesar Rosales Lopez held before Magistrate Judge Carl Horn, III. Defendant advised of rights &charges. Defendant moves for appointment of counsel. Court approves appointment of counsel. Government moves for detention. Defendant detained. Government attorney: Rahwa Gebre−Egziabher. Defendant attorney: Kevin Zolot. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 08/12/2008) |
| 08/12/2008 | | ORAL ORDER as to Julio Cesar Rosales Lopez granting Oral Motion to Appoint Counsel by Magistrate Judge Carl Horn, III on 8/12/08. (tob) (Entered: 08/12/2008) |
| 08/12/2008 | 228 | ORDER OF DETENTION as to Julio Cesar Rosales Lopez. Signed by Magistrate Judge Carl Horn, III on 8/12/08. (tob) (Entered: 08/18/2008) |
| 08/13/2008 | 224 | CJA 20 *(Restricted)* as to Julio Cesar Rosales Lopez: Appointment of Attorney Richard Eugene Beam, Jr for Julio Cesar Rosales Lopez (mga) (Entered: 08/13/2008) |
| 08/13/2008 | 226 | MOTION to Seal *Ex Parte Motion for Expert Services* by Manuel Cruz. Responses due by 8/25/2008. Motions referred to Carl Horn, III(Mimms, Julia) (Entered: 08/13/2008) |
| 08/18/2008 | | NOTICE OF HEARING as to Julio Cesar Rosales Lopez: Arraignment set for 9/4/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 08/18/2008) |
| 08/25/2008 | 233 | MOTION to Withdraw as Attorney by S. Frederick Winiker. by Johnny Elias Gonzalez. Motions referred to Carl Horn, III(Winiker, S.) (Entered: 08/25/2008) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 87 of 501
Case: 3:08-cm-134   As of: 01/08/2014 04:21 PM EST   68 of 452

**JA68**

| | | |
|---|---|---|
| 08/25/2008 | | NOTICE OF HEARING ON MOTION in case as to Johnny Elias Gonzalez 233 MOTION to Withdraw as Attorney by S. Frederick Winiker. : Motion Hearing set for 9/2/2008 09:45 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 08/25/2008) |
| 08/25/2008 | 234 | NOTICE *of secure leave* by Jaime Sandoval (Osho, Lucky) (Entered: 08/25/2008) |
| 08/27/2008 | | Attorney update in case as to Heverth Ulises Castellon. Attorney Richard Lamb Brown, Jr terminated. (tob) (Entered: 08/27/2008) |
| 09/02/2008 | 259 | SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Juan Ruben Vela Garcia) (Zolot, Kevin) (Entered: 09/02/2008) |
| 09/02/2008 | | Minute Entry: MOTION HEARING as to Johnny Elias Gonzalez held before Magistrate Judge Carl Horn, III. Re 233 MOTION to Withdraw as Attorney by S. Frederick Winiker.. Government attorney: Kevin Zolot. Defendant attorney: Rick Winiker. Court Reporter FTR. (tob) (Entered: 09/02/2008) |
| 09/02/2008 | | ORAL ORDER granting 233 Motion to Withdraw as Attorney. S. Frederick Winiker, III withdrawn from case. as to Johnny Elias Gonzalez (18) by Magistrate Judge Carl Horn, III on 9/2/08. (tob) (Entered: 09/02/2008) |
| 09/02/2008 | | ORAL ORDER as to Johnny Elias Gonzalez granting Oral Motion to Appoint NEW Counsel by Magistrate Judge Carl Horn, III on 9/2/08. (tob) (Entered: 09/02/2008) |
| 09/03/2008 | 263 | CJA 20 *(Restricted)* as to Johnny Elias Gonzalez: Appointment of Attorney Harold J. Bender for Johnny Elias Gonzalez (mga) (Entered: 09/03/2008) |
| 09/04/2008 | 264 | NOTICE OF ATTORNEY APPEARANCE: Richard Eugene Beam, Jr appearing for Julio Cesar Rosales Lopez (Beam, Richard) (Entered: 09/04/2008) |
| 09/04/2008 | | Minute Entry: ARRAIGNMENT as to Julio Cesar Rosales Lopez (4) Count 1,22,48 held before Magistrate Judge Carl Horn, III. Defendant pled not guilty. Government attorney: Kevin Zolot. Defendant attorney: Richard Beam. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 09/04/2008) |
| 09/04/2008 | 265 | SCHEDULING ORDER as to Julio Cesar Rosales Lopez Docket Call set for 10/6/2008 09:30 AM before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge Carl Horn, III on 9/4/08. (tob) (Entered: 09/04/2008) |
| 09/04/2008 | 266 | Standard Discovery Order in case as to Julio Cesar Rosales Lopez.. Signed by Magistrate Judge Carl Horn, III on 9/4/08. (tob) (Entered: 09/04/2008) |
| 09/04/2008 | 267 | Arrest Warrant Returned Executed on 8/7/08 in case as to Julio Cesar Rosales Lopez. (dtr) (Entered: 09/04/2008) |
| 09/04/2008 | 268 | SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Juan Ruben Vela Garcia) (Zolot, Kevin) (Entered: 09/04/2008) |
| 09/05/2008 | 270 | SEALED DOCUMENT *(Sealed – Attorney)*: re: 262 Order on Ex Parte Motion (available to: Jose Efrain Ayala–Urbina) (Attachments: # 1 Copy of Letter)(mga) (Entered: 09/05/2008) |
| 09/16/2008 | 272 | MOTION to Continue Docket Call/Trial by Alexi Ricardo Ramos. Responses due by 9/29/2008. (Weidner, James) (Entered: 09/16/2008) |
| 09/23/2008 | 273 | NOTICE OF INTENT TO SEEK THE DEATH PENALTY as to Alejandro Enrique Ramirez Umana (Zolot, Kevin) (Entered: 09/23/2008) |
| 09/23/2008 | | NOTICE of ECF Filing Error re: 273 Notice of Intent to Seek Death Penalty filed by USA did not contain a certificate of service. Filer shall file a certificate of service using the *Certificate of Service* event. (com) (Entered: 09/23/2008) |
| 09/23/2008 | 274 | MOTION Pretrial Scheduling Conference by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo |

**JA69**

| | | |
|---|---|---|
| | | Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Responses due by 10/6/2008. (Zolot, Kevin) (Entered: 09/23/2008) |
| 09/23/2008 | 275 | NOTICE OF INTENT TO SEEK THE DEATH PENALTY as to Alejandro Enrique Ramirez Umana *Amended with Cert. of Service* (Zolot, Kevin) (Entered: 09/23/2008) |
| 09/23/2008 | 276 | FIRST SUPERSEDING BILL OF INDICTMENT as to Manuel De Jesus Ayala (1) count(s) 1s, Alejandro Enrique Ramirez Umana (2) count(s) 1s, 22s, 23s, 24s, 25s, 27s, 28s, 58s, 61s, 62s, 63s, Heverth Ulises Castellon (3) count(s) 1s, 2s, 46s, 47s, 48s, 58s, Julio Cesar Rosales Lopez (4) count(s) 1s, 26s, 28s, 58s, Juan Gilberto Villalobos (5) count(s) 1s, 2s, 16s, 17s, 20s, 21s, 32s, 41s, 42s, 44s, 45s, 46s, 47s, 48s, 50s, 57s, 58s, 69s, Elvin Pastor Fernandez–Gradis (6) count(s) 1s, 51s, 52s, 54s, 55s, Juan Ruben Vela Garcia (7) count(s) 1s, 2s, 58s, Jose Amilcar Garcia–Bonilla (8) count(s) 1s, 18s, Yelson Olider Castro–Licona (9) count(s) 1s, 18s, Carlos Ferufino–Bonilla (10) count(s) 1s, 18s, Nelson Hernandez–Ayala (11) count(s) 1s, 2s, 11s–12s, 13s, Mario Melgar–Diaz (12) count(s) 1s, 2s, 5s–7s, 9s, Alexi Ricardo Ramos (13) count(s) 1s, 14s, 30s, 31s, Carlos Roberto Figueroa–Pineda (14) count(s) 1s, 2s, 33s, 34s, 70s, Cesar Yoaldo Castillo (15) count(s) 1s, 26s, 35s, 36s, 37s, 38s, 39s, 40s, 46s, 47s, Alexander Granados (16) count(s) 1s, 2s, Michael Steven Mena (17) count(s) 1s, 3s, 4s, Johnny Elias Gonzalez (18) count(s) 1s, Jaime Sandoval (19) count(s) 1s, 2s, 28s, 43s, 56s, 57s, 58s, 61s, 62s, 63s, 64s, 65s–66s, 67s, Santos Canales–Reyes (20) count(s) 1s, 61s, 62s, 63s, 64s, 68s, Jose Efrain Ayala–Urbina (21) count(s) 1s, 10s, 61s, 62s, 63s, 64s, Oscar Manuel Moral–Hernandez (22) count(s) 1s, 46s, 47s, 48s, 49s, Santos Anibal Caballer Fernandez (23) count(s) 1s, 8s, 53s, Manuel Cruz (24) count(s) 1s, 2s, 15s, Javier Molina (25) count(s) 1s, 29s, Mario Guarjardo–Garcia (26) count(s) 1s, 2s, 13s, 19s, 59s, 60s. (tob) (Entered: 09/24/2008) |
| 09/24/2008 | 277 | NOTICE OF HEARING as to Alejandro Enrique Ramirez Umana, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Santos Anibal Caballer Fernandez: Arraignment on First Superseding Indictment set for 10/2/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 09/24/2008) |
| 09/24/2008 | 278 | NOTICE OF HEARING as to Manuel De Jesus Ayala, Heverth Ulises Castellon, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Alexander Granados, Oscar Manuel Moral–Hernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia: Arraignment on First Superseding Indictment set for 10/2/2008 10:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 09/24/2008) |
| 09/24/2008 | 279 | CJA 20 *(Restricted – Defense Counsel)* as to Heverth Ulises Castellon: Authorization to Pay Richard L. Brown. Amount: $ 2,395.75, Voucher # 080904000077. Signed by Chief Judge Robert J. Conrad, Jr on 9/5/08. (lhg) (Entered: 09/24/2008) |
| 09/25/2008 | | Terminate Arraignment Deadlines and Hearings as to Manuel De Jesus Ayala, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla: Defendants remain Fugitives (tob) (Entered: 09/25/2008) |
| 09/26/2008 | 280 | WAIVER of Personal Appearance at Arraignment on First Superseding Indictment and Entry of Plea of Not Guilty by Alexi Ricardo Ramos (tob) (Entered: 09/26/2008) |
| 09/29/2008 | | TEXT–ONLY ORDER granting 274 Motion for scheduling conference as to Manuel De Jesus Ayala (1), Alejandro Enrique Ramirez Umana (2), Heverth Ulises Castellon (3), Julio Cesar Rosales Lopez (4), Juan Gilberto Villalobos (5), Elvin |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 89 of 501
Case 3:08-cr-134   As of: 01/06/2010 04:21 PM EST   70 of 152

JA70

| | | |
|---|---|---|
| | | Pastor Fernandez–Gradis (6), Juan Ruben Vela Garcia (7), Jose Amilcar Garcia–Bonilla (8), Yelson Olider Castro–Licona (9), Carlos Ferufino–Bonilla (10), Nelson Hernandez–Ayala (11), Mario Melgar–Diaz (12), Alexi Ricardo Ramos (13), Carlos Roberto Figueroa–Pineda (14), Cesar Yoaldo Castillo (15), Alexander Granados (16), Michael Steven Mena (17), Johnny Elias Gonzalez (18), Jaime Sandoval (19), Santos Canales–Reyes (20), Jose Efrain Ayala–Urbina (21), Oscar Manuel Moral–Hernandez (22), Santos Anibal Caballer Fernandez (23), Manuel Cruz (24), Javier Molina (25), Mario Guarjardo–Garcia (26) *Text of Order: The Court will conduct a scheduling conference immediately following calendar call on October 6, 2008. The parties should be prepared to select a new trial date. Any other issues should be submitted in writing prior to the conference. So Ordered.* Entered by Chief Judge Robert J. Conrad, Jr on 09/29/08. (Haycox, TJ) (Entered: 09/29/2008) |
| 09/29/2008 | | Reset Deadlines/Hearings as to Alejandro Enrique Ramirez Umana: Arraignment reset for 10/3/2008 09:45 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 09/29/2008) |
| 09/29/2008 | 281 | WAIVER of Personal Appearance at Arraignment on Superseding Indictment and Entry of Plea of Not Guilty by Santos Canales–Reyes (tob) (Entered: 09/29/2008) |
| 09/30/2008 | 284 | WAIVER of Personal Appearance at Arraignment on Superseding Indictment and Entry of Plea of Not Guilty by Javier Molina (tob) (Entered: 09/30/2008) |
| 09/30/2008 | 285 | WAIVER of Personal Appearance at Arraignment on Superseding Indictment and Entry of Plea of Not Guilty by Alexander Granados (tob) (Entered: 09/30/2008) |
| 09/30/2008 | 286 | NOTICE by Jose Efrain Ayala–Urbina (Attachments: # 1 Exhibit Waiver of Arraignment)(Pendry, Reita) (Entered: 09/30/2008) |
| 10/01/2008 | | NOTICE of ECF Filing Error re: 286 Notice (Other) filed by Jose Efrain Ayala–Urbina Original document with defendant's signature must be filed in the Clerk's Office. Please refile. (ssh) (Entered: 10/01/2008) |
| 10/01/2008 | 287 | Unopposed MOTION to Continue Docket Call/Trial by Michael Steven Mena. Responses due by 10/14/2008. (Meier, Steven) (Entered: 10/01/2008) |
| 10/01/2008 | 288 | WAIVER of Personal Appearance at Arraignment on Superseding Indictment and Entry of Plea of Not Guilty by Manuel Cruz (tob) (Entered: 10/01/2008) |
| 10/01/2008 | 289 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Heverth Ulises Castellon in re: First Superseding Bill Indictment (mga) Modified on 10/1/2008 to correct text (mga). (Entered: 10/01/2008) |
| 10/01/2008 | 290 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jose Efrain Ayala–Urbina in re: First Superseding Bill of Indictment (mga) Modified on 10/1/2008 (mga). (Entered: 10/01/2008) |
| 10/01/2008 | 291 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Michael Steven Mena in re: First Superseding Bill of Indictment (mga) (Entered: 10/01/2008) |
| 10/01/2008 | 292 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Johnny Elias Gonzalez in re: First Superseding Indictment (mga) (Entered: 10/01/2008) |
| 10/01/2008 | 293 | Unopposed MOTION to Appoint Counsel by Manuel Cruz. Motions referred to Carl Horn, III(Mimms, Julia) (Entered: 10/01/2008) |
| 10/01/2008 | 294 | ATTACHMENT by Manuel Cruz re: 293 Motion to Appoint Counsel filed by Manuel Cruz (Mimms, Julia) (Entered: 10/01/2008) |
| 10/02/2008 | 295 | NOTICE *Waiver of Arraignment* by Julio Cesar Rosales Lopez (Beam, Richard) (Entered: 10/02/2008) |
| 10/02/2008 | 296 | WAIVER of Personal Appearance at Arraignment on Superseding Indictment and Entry of Plea of Not Guilty by Julio Cesar Rosales Lopez (tob) Modified on 10/2/2008 (tob). (Entered: 10/02/2008) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 90 of 501
Case 3:08-cr-134   As of: 01/05/2015 04:29 PM EST   71 of 152

JA71

| | | |
|---|---|---|
| 10/02/2008 | | Minute Entry: ARRAIGNMENT on First Superseding Indictment as to Juan Gilberto Villalobos (5) Count 1s,2s,16s,17s,20s,21s,32s,41s,42s,44s,45s,46s,47s,48s,50s,57s,58s,69s and Elvin Pastor Fernandez–Gradis (6) Count 1s,45,51s,52s,54s,55s and Nelson Hernandez–Ayala (11) Count 1s,2s,11s–12s,13s and Mario Melgar–Diaz (12) Count 1s,2s,5s–7s,9s and Carlos Roberto Figueroa–Pineda (14) Count 1s,2s,33s,34s,70s and Cesar Yoaldo Castillo (15) Count 1s,26s,35s,36s,37s,38s,39s,40s,46s,47s and Jaime Sandoval (19) Count 1s,2s,28s,43s,56s,57s,58s,61s,62s,63s,64s,65s–66s,67s and Oscar Manuel Moral–Hernandez (22) Count 1s,46s,47s,48s,49s and Santos Anibal Caballer Fernandez (23) Count 1s,8s,53s held before Magistrate Judge Carl Horn, III. Defendant pled not guilty. Government attorney: Kevin Zolot. Defendant attorney: Best, VonKallist, Gsell, Costner, Osho, Burgess, Thorsen, McKnight, Lee. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 10/02/2008) |
| 10/02/2008 | | Reset Deadlines/Hearings as to Juan Ruben Vela Garcia, Mario Guarjardo–Garcia: Arraignment on Superseding Indictment reset for 10/9/2008 10:00 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 10/02/2008) |
| 10/02/2008 | 297 | ORDER granting 293 Motion to Appoint Counsel as to Manuel Cruz (24) Signed by Magistrate Judge Carl Horn, III on 10/2/2008. (klg) (Entered: 10/02/2008) |
| 10/02/2008 | | Attorney update in case as to Manuel Cruz. Attorney Julia Grace Mimms terminated. See order dated 10/2/08. (mga) (Entered: 06/04/2009) |
| 10/03/2008 | | Minute Entry: ARRAIGNMENT on Superseding Indictment as to Alejandro Enrique Ramirez Umana (2) Count 1s,22s,23s,24s,25s,27s,28s,58s,61s,62s,63s held before Magistrate Judge Carl Horn, III. Defendant pled not guilty. Government attorney: Kevin Zolot. Defendant attorney: John David Bryson. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 10/03/2008) |
| 10/03/2008 | 298 | CJA 20 *(Restricted)* as to Manuel Cruz: Appointment of Attorney Eric A. Bach for Manuel Cruz (mga) (Entered: 10/03/2008) |
| 10/03/2008 | 299 | CJA 30: *(Restricted)* Appointment of Attorney John David Bryson for Alejandro Enrique Ramirez Umana in Death Penalty Proceedings as to Alejandro Enrique Ramirez Umana (mga) (Entered: 10/03/2008) |
| 10/03/2008 | 300 | CJA 30: *(Restricted)* Appointment of Attorney Mark Patrick Foster, Jr for Alejandro Enrique Ramirez Umana in Death Penalty Proceedings as to Alejandro Enrique Ramirez Umana (mga) (Entered: 10/03/2008) |
| 10/03/2008 | 301 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Elvin Pastor Fernandez–Gradis on 7/16/2008. (apb) (Entered: 10/03/2008) |
| 10/03/2008 | 303 | WAIVER of Personal Appearance at Arraignment on SUPERSEDING INDICTMENT and Entry of Plea of Not Guilty by Mario Guarjardo–Garcia (tob) (Entered: 10/06/2008) |
| 10/05/2008 | 302 | MOTION to Continue Docket Call/Trial by Manuel Cruz. Responses due by 10/20/2008. (Bach, Eric) (Entered: 10/05/2008) |
| 10/06/2008 | | Minute Entry: STATUS CONFERENCE as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia held before Chief Judge Robert J. Conrad, Jr. Court severs defendant Alejandro Enrique Ramirez Umana and sets trial date of June 1, 2009 for all defendants except Alejandro Enrique Ramirez Umana which is October 5, 2009. Government attorney: Zolot, Nazzaro. Defendant attorney: Mark Foster spoke for defense attys. Court Reporter Andersen. (ssh) (Entered: 10/09/2008) |

| | | |
|---|---|---|
| 10/06/2008 | | Oral Order Severing Defendant from Codefendant(s) as to Alejandro Enrique Ramirez Umana. entered by Chief Judge Robert J. Conrad, Jr on 10/6/08. (ssh) (Entered: 10/09/2008) |
| 10/06/2008 | | Reset Docket Call as to Alejandro Enrique Ramirez Umana Time excluded from 10/6/08 until 10/5/09. Docket Call set for 10/5/2009 09:30 AM before Chief Judge Robert J. Conrad Jr. (ssh) (Entered: 10/09/2008) |
| 10/06/2008 | | Docket Call set for 6/1/2009 09:30 AM before Chief Judge Robert J. Conrad Jr.. Signed by Chief Judge Robert J. Conrad, Jr on 10/6/08. (ssh) (Entered: 10/09/2008) |
| 10/07/2008 | 304 | NOTICE *of unavailability* by Jaime Sandoval (Osho, Lucky) (Entered: 10/07/2008) |
| 10/09/2008 | 305 | WAIVER of Personal Appearance at Arraignment on SUPERSEDING INDICTMENT and Entry of Plea of Not Guilty by Juan Ruben Vela Garcia (tob) (Entered: 10/09/2008) |
| 10/10/2008 | 306 | MOTION Pre–trial Motions Deadline by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Responses due by 10/27/2008. (Zolot, Kevin) (Entered: 10/10/2008) |
| 10/10/2008 | 307 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Cesar Yoaldo Castillo on 10/9/2008. (klg) (Entered: 10/14/2008) |
| 10/21/2008 | 313 | CJA 20 *(Restricted – Defense Counsel)* as to Juan Ruben Vela Garcia: Authorization to Pay Frank Williamson. Amount: $ 320.00, Voucher # 081015000112. Signed by Chief Judge Robert J. Conrad, Jr on 10/3/08. (lhg) (Entered: 10/21/2008) |
| 11/03/2008 | 319 | ORDER granting 306 Motion to set a pretrial motions deadline as to Manuel De Jesus Ayala (1). The parties shall file any pretrial motion on or before March 1,2008. The response to any motion shall be filed on or before March 10,2008. Signed by Chief Judge Robert J. Conrad, Jr on 11/3/08. (dtr) (Entered: 11/03/2008) |
| 11/06/2008 | 320 | MOTION to Withdraw as Attorney by Kimberly Y. Best. by Juan Gilberto Villalobos. Motions referred to Carl Horn, III(Best, Kimberly) (Entered: 11/06/2008) |
| 11/07/2008 | | ORAL ORDER granting 320 Motion to Withdraw as Attorney. Kimberly Yvette Best withdrawn from case as to Juan Gilberto Villalobos (5) by Magistrate Judge Carl Horn, III on 11/7/08. (tob) (Entered: 11/07/2008) |
| 11/07/2008 | | ORDER APPOINTING COMMUNITY DEFENDER /PANEL ATTORNEY as to Juan Gilberto Villalobos by Magistrate Judge Carl Horn, III on 11/7/08. (tob) (Entered: 11/07/2008) |
| 11/12/2008 | 323 | CJA 20 *(Restricted)* as to Juan Gilberto Villalobos: Appointment of Attorney Roderick Morris Wright, Jr for Juan Gilberto Villalobos (tob) (Entered: 11/13/2008) |
| 11/17/2008 | 331 | Arrest Warrant Returned Executed on 11/10/08 in case as to Yelson Olider Castro–Licona. (dtr) (Entered: 11/18/2008) |
| 11/18/2008 | | NOTICE OF HEARING ON MOTION in case as to Carlos Roberto Figueroa–Pineda 329 EX PARTE MOTION Authorization to Retain Spanish language Translation Services : Motion Hearing set for 11/25/2008 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 11/18/2008) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 92 of 501
Case 3:08-cr-134   As of: 01/08/2010 04:21 PM EDT   73 of 152

**JA73**

| | | |
|---|---|---|
| 11/24/2008 | | Set Deadlines/Hearings as to Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona: Initial Appearance set for 11/26/2008 10:10 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 11/24/2008) |
| 11/25/2008 | | Minute Entry: MOTION HEARING as to Carlos Roberto Figueroa–Pineda held before Magistrate Judge Carl Horn, III. Re 329 EX PARTE MOTION Authorization to Retain Spanish language Translation Services. Order to issue. Government attorney: Kevin Zolot. Defendant attorney: Scott Gsell. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 11/25/2008) |
| 11/26/2008 | 334 | CJA 20 *(Restricted – Defense Counsel)* as to Manuel Cruz: Authorization to Pay Julia Mimms. Amount: $ 4,248.87, Voucher # 081030000015. Signed by Chief Judge Robert J. Conrad, Jr on 10/28/08. (lhg) (Entered: 11/26/2008) |
| 11/26/2008 | | Minute Entry: INITIAL APPEARANCE as to Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona held before Magistrate Judge Carl Horn, III. Defendant advised of rights &charges. Defendant moves for appointment of counsel. Court approves appointment of counsel. Government moves for detention. Defendant detained. Arraignment set for 12/4/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III.Government attorney: Kevin Zolot. Defendant attorney: Emily Marroquin / Rahwa Gebre Egziabher. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 11/26/2008) |
| 11/26/2008 | | ORAL ORDER as to Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona granting Oral Motion to Appoint Counsel by Magistrate Judge Carl Horn, III on 11/26/08. (tob) (Entered: 11/26/2008) |
| 11/26/2008 | 336 | CJA 20 *(Restricted – Defense Counsel)* as to Alejandro Enrique Ramirez Umana: Authorization to Pay John Bryson. Amount: $ 8,827.43, Voucher # 081119000097. Signed by Chief Judge Robert J. Conrad, Jr on 11/17/08. Signed by Circuit Chief Judge Williams on 11/10/08 (lhg) (Entered: 11/26/2008) |
| 11/26/2008 | 339 | ORDER OF DETENTION as to Yelson Olider Castro–Licona. Signed by Magistrate Judge Carl Horn, III on 11/26/08. (tob) (Entered: 12/01/2008) |
| 12/01/2008 | 338 | ORDER OF DETENTION as to Jose Amilcar Garcia–Bonilla. Signed by Magistrate Judge Carl Horn, III on 11/26/08. (tob) (Entered: 12/01/2008) |
| 12/01/2008 | 340 | CJA 20 *(Restricted)* as to Jose Amilcar Garcia–Bonilla: Appointment of Attorney Marshall Anthony Swann for Jose Amilcar Garcia–Bonilla (tob) (Entered: 12/01/2008) |
| 12/01/2008 | 341 | CJA 20 *(Restricted)* as to Yelson Olider Castro–Licona: Appointment of Attorney Eugene James Chandler, II for Yelson Olider Castro–Licona (tob) (Entered: 12/01/2008) |
| 12/03/2008 | 342 | CJA 20 *(Restricted)* as to Jose Amilcar Garcia–Bonilla: Appointment of Attorney Charles Linwood Morgan, Jr for Jose Amilcar Garcia–Bonilla (tob) (Entered: 12/03/2008) |
| 12/03/2008 | | Attorney update in case as to Jose Amilcar Garcia–Bonilla. Attorney Marshall Anthony Swann terminated. (tob) (Entered: 12/03/2008) |
| 12/03/2008 | 343 | Arrest Warrant Returned Executed on 9/15/08 in case as to Jose Amilcar Garcia–Bonilla. (dtr) (Entered: 12/03/2008) |
| 12/04/2008 | | Minute Entry: ARRAIGNMENT as to Yelson Olider Castro–Licona (9) Count 1s,18s held before Magistrate Judge Carl Horn, III. Defendant pled not guilty. Government attorney: Nicks Williams. Defendant attorney: James Chandler. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 12/04/2008) |
| 12/04/2008 | | ORAL MOTION to Continue Arraignment by Jose Amilcar Garcia–Bonilla. (tob) (Entered: 12/04/2008) |
| 12/04/2008 | | ORAL ORDER granting [] Motion to Continue Arraignment as to Jose Amilcar Garcia–Bonilla (8) Arraignment reset for 12/11/2008 01:59 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 93 of 501
Case: 3:08-cr-134    As of: 07/14/2014 04:21 PM EDT    74 of 152

**JA74**

| | | |
|---|---|---|
| | | Keesler. by Magistrate Judge Carl Horn, III on 12/4/08. (tob) (Entered: 12/04/2008) |
| 12/04/2008 | | Reset Deadlines/Hearings as to Jose Amilcar Garcia–Bonilla: Arraignment reset for 12/11/2008 01:59 PM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. (tob) (Entered: 12/04/2008) |
| 12/04/2008 | 344 | SCHEDULING ORDER as to Yelson Olider Castro–Licona Docket Call set for 2/2/2009 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge Carl Horn, III on 12/4/08. (tob) (Entered: 12/05/2008) |
| 12/04/2008 | 345 | Standard Discovery Order in case as to Yelson Olider Castro–Licona.. Signed by Magistrate Judge Carl Horn, III on 12/4/08. (tob) (Additional attachment(s) added on 12/5/2008: # 1 Discovery Order) (tob). (Entered: 12/05/2008) |
| 12/09/2008 | | NOTICE OF HEARING as to Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia: Status Conference set for 3/16/2009 09:30 AM before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 12/09/2008) |
| 12/09/2008 | 347 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jose Amilcar Garcia–Bonilla (tob) (Entered: 12/09/2008) |
| 12/09/2008 | 348 | SCHEDULING ORDER as to Jose Amilcar Garcia–Bonilla Docket Call set for 2/2/2009 09:30 AM before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge David Keesler on 12/9/08. (tob) (Entered: 12/09/2008) |
| 12/09/2008 | 349 | Standard Discovery Order in case as to Jose Amilcar Garcia–Bonilla.. Signed by Magistrate Judge David Keesler on 12/9/08. (tob) (Entered: 12/09/2008) |
| 12/15/2008 | 353 | ORDER as to Jose Amilcar Garcia–Bonilla, ( Docket Call set for 6/1/2009 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.). Signed by Chief Judge Robert J. Conrad, Jr on 12/15/08. (dtr) (Entered: 12/15/2008) |
| 12/16/2008 | 355 | SECOND SUPERSEDING INDICTMENT as to Manuel De Jesus Ayala (1) count(s) 1ss, Alejandro Enrique Ramirez Umana (2) count(s) 1ss, 22ss, 23ss, 24ss, 25ss, 27ss, 28ss, 58ss, 61ss, 62ss, 63ss, Heverth Ulises Castellon (3) count(s) 1ss, 2ss, 46ss–47ss, 48ss, 58ss, Julio Cesar Rosales Lopez (4) count(s) 1ss, 26ss, 28ss, 58ss, Juan Gilberto Villalobos (5) count(s) 1ss, 2ss, 16ss, 17ss, 20ss, 21ss, 32ss, 41ss, 42ss, 44ss, 45ss, 46ss–47ss, 48ss, 50ss, 57ss, 58ss, 69ss, Elvin Pastor Fernandez–Gradis (6) count(s) 1ss, 51ss, 52ss, 54ss, 55ss, Juan Ruben Vela Garcia (7) count(s) 1ss, 2ss, 58ss, Jose Amilcar Garcia–Bonilla (8) count(s) 1ss, 18ss, Yelson Olider Castro–Licona (9) count(s) 1ss, 18ss, Carlos Ferufino–Bonilla (10) count(s) 1ss, 18ss, Nelson Hernandez–Ayala (11) count(s) 1ss, 2ss, 11ss–12ss, 13ss, Mario Melgar–Diaz (12) count(s) 1ss, 2ss, 5ss–7ss, 9ss, Alexi Ricardo Ramos (13) count(s) 1ss, 14ss, 30ss, 31ss, Carlos Roberto Figueroa–Pineda (14) count(s) 1ss, 2ss, 33ss, 34ss, 70ss, Cesar Yoaldo Castillo (15) count(s) 1ss, 26ss, 35ss, 36ss, 37ss, 38ss, 39ss, 40ss, 46ss–47ss, Alexander Granados (16) count(s) 1ss, 2ss, Michael Steven Mena (17) count(s) 1ss, 3ss, 4ss, Johnny Elias Gonzalez (18) count(s) 1ss, Jaime Sandoval (19) count(s) 1ss, 2ss, 28ss, 43ss, 56ss, 61ss, 62ss, 63ss, 64ss, 65ss, 66ss, 67ss, Santos Canales–Reyes (20) count(s) 1ss, 61ss, 62ss, 63ss, 64ss, 68ss, Jose Efrain Ayala–Urbina (21) count(s) 1ss, 10ss, 61ss, 62ss, 63ss, 64ss, Oscar Manuel Moral–Hernandez (22) count(s) 1ss, 46ss–47ss, 48ss, 49ss, Santos Anibal Caballer Fernandez (23) count(s) 1ss, 8ss, 53ss, Manuel Cruz (24) count(s) 1ss, 2ss, 15ss, Javier Molina (25) count(s) 1ss, 29ss, Mario Guarjardo–Garcia (26) count(s) 1ss, 2ss, 13ss, 19ss, 59ss, 60ss. (tob) (Entered: 12/17/2008) |

**JA75**

| 12/17/2008 | | NOTICE OF HEARING as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia: Arraignment set for 1/22/2009 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 12/17/2008) |
|---|---|---|
| 12/19/2008 | 356 | PLEA AGREEMENT (*Restricted*) as to Javier Molina (com) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 12/19/2008) |
| 12/19/2008 | 362 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Santos Canales–Reyes (mga) (Entered: 12/23/2008) |
| 12/22/2008 | 359 | CJA 20 (*Restricted – Defense Counsel*) as to Juan Gilberto Villalobos: Authorization to Pay Kimberly Best. Amount: $ 1,041.34, Voucher # 081126000173. Signed by Chief Judge Robert J. Conrad, Jr on 11/21/08. (lhg) (Entered: 12/22/2008) |
| 12/22/2008 | 361 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jose Amilcar Garcia–Bonilla (mga) (Entered: 12/23/2008) |
| 12/22/2008 | | Minute Entry: SEALED HEARING (*Sealed – Court*) as to Javier Molina held before Chief Judge Robert J. Conrad, Jr. Government attorney: Zolot. Defendant attorney: Pruden. Court Reporter Andersen. (ssh) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 12/23/2008) |
| 12/23/2008 | 363 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Alexi Ricardo Ramos in re: Third Superseding Indictment (mga) (Entered: 12/23/2008) |
| 12/23/2008 | 364 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Heverth Ulises Castellon in re Third Superseding Indictment (mga) (Entered: 12/23/2008) |
| 12/24/2008 | 365 | SEALED DOCUMENT (*Sealed – Attorney*): (available to: Javier Molina)Court interpreter's statement regarding conflict of interest and impartiality (ssh) (Entered: 12/24/2008) |
| 12/29/2008 | | Set Deadlines/Hearings as to Carlos Ferufino–Bonilla: Initial Appearance set for 12/30/2008 09:45 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. (tob) (Entered: 12/29/2008) |
| 12/30/2008 | | Minute Entry: INITIAL APPEARANCE as to Carlos Ferufino–Bonilla held before Magistrate Judge Carl Horn, III. Defendant advised of rights &charges. Defendant moves for appointment of counsel. Court approves appointment of counsel. Government moves for detention. Defendant detained. Arraignment set for 1/20/2009 09:29 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III.Government attorney: Kevin Zolot. Defendant attorney: Steve Slawinski. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 12/30/2008) |
| 12/30/2008 | | ORAL ORDER as to Carlos Ferufino–Bonilla granting Oral Motion to Appoint Counsel by Magistrate Judge Carl Horn, III on 12/30/08. (tob) (Entered: 12/30/2008) |
| 12/30/2008 | 366 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Alexander Granados (tob) (Entered: 12/30/2008) |
| 12/30/2008 | 367 | ORDER OF DETENTION as to Carlos Ferufino–Bonilla. Signed by Magistrate Judge Carl Horn, III on 12/30/08. (tob) (Entered: 12/30/2008) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 95 of 501
Case: 3:08-cr-134   As of: 01/05/2011 04:21 PM EST   76 of 452

JA76

| 12/30/2008 | 368 | CJA 20 *(Restricted)* as to Carlos Ferufino–Bonilla: Appointment of Attorney M. Victoria Jayne for Carlos Ferufino–Bonilla (mga) (Entered: 12/30/2008) |
|---|---|---|
| 12/31/2008 | 371 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jaime Sandoval (tob) (Entered: 12/31/2008) |
| 01/05/2009 | 372 | Rule 5(c)(3) Documents Received as to Carlos Ferufino–Bonilla (Attachments: #_1 Minute Entry, #_2 Order on Initial Appearance, #_3 Minute Entry)(com) (Entered: 01/05/2009) |
| 01/05/2009 | 373 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Nelson Hernandez–Ayala (bsw) (Entered: 01/05/2009) |
| 01/08/2009 | 379 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jose Efrain Ayala–Urbina (tob) (Entered: 01/08/2009) |
| 01/09/2009 | 380 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Yelson Olider Castro–Licona (tob) (Entered: 01/09/2009) |
| 01/09/2009 | 381 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Manuel Cruz (tob) (Entered: 01/09/2009) |
| 01/13/2009 | 387 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Julio Cesar Rosales Lopez (tob) (Entered: 01/13/2009) |
| 01/14/2009 | 388 | MOTION to Appoint Expert *for service to appoint an interpreter* by Jose Amilcar Garcia–Bonilla. Motions referred to Carl Horn, III(Morgan, Charles) Modified on 1/14/2009 to change to Ex Parte (com). (Entered: 01/14/2009) |
| 01/15/2009 | 390 | Arrest Warrant Returned Executed on 11/26/08 in case as to Carlos Ferufino–Bonilla. (chh) (Entered: 01/15/2009) |
| 01/15/2009 | 391 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Carlos Ferufino–Bonilla (tob) (Entered: 01/15/2009) |
| 01/15/2009 | 392 | SCHEDULING ORDER as to Carlos Ferufino–Bonilla Docket Call set for 2/2/2009 09:30 AM before Chief Judge Robert J. Conrad Jr.. Signed by Magistrate Judge Carl Horn, III on 1/15/09. (tob) (Entered: 01/15/2009) |
| 01/15/2009 | 393 | Standard Discovery Order in case as to Carlos Ferufino–Bonilla.. Signed by Magistrate Judge Carl Horn, III on 1/15/09. (tob) (Entered: 01/15/2009) |
| 01/16/2009 | 396 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Carlos Roberto Figueroa–Pineda (tob) (Entered: 01/16/2009) |
| 01/16/2009 | 397 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Mario Guarjardo–Garcia (tob) (Entered: 01/16/2009) |
| 01/16/2009 | 398 | ORDER as to Carlos Ferufino–Bonilla. Docket Call reset for 6/1/2009 09:30 AM in Courtroom 2, 401 W Trade, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Signed by Chief Judge Robert J. Conrad, Jr on 1/16/09. (com) (Entered: 01/16/2009) |
| 01/16/2009 | 400 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Javier Molina (tob) (Entered: 01/20/2009) |
| 01/18/2009 | 399 | MOTION for Release from Custody by Jose Efrain Ayala–Urbina. Responses due by 2/2/2009. Motions referred to Carl Horn, III(Pendry, Reita) (Entered: 01/18/2009) |
| 01/20/2009 | 401 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Johnny Elias Gonzalez (tob) (Entered: 01/20/2009) |
| 01/21/2009 | 402 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty in re Second Superseding Indictment by Juan Gilberto Villalobos (mga) (Entered: 01/21/2009) |
| 01/21/2009 | 404 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Alejandro Enrique Ramirez Umana (tob) (Entered: 01/21/2009) |

| 01/21/2009 | 405 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Mario Melgar–Diaz (tob) (Entered: 01/21/2009) |
|---|---|---|
| 01/21/2009 | 406 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Michael Steven Mena (tob) (Entered: 01/21/2009) |
| 01/22/2009 | | Minute Entry: ARRAIGNMENT as to Cesar Yoaldo Castillo (15) Count 1ss,26ss,35ss,36ss,37ss,38ss,39ss,40ss,46ss–47ss held before Magistrate Judge Carl Horn, III. Defendant pled not guilty. Government attorney: Kevin Zolot. Defendant attorney: Lisa Costner. Court Reporter FTR. Interpreter: SPEAKS ENGLISH. (tob) (Entered: 01/22/2009) |
| 01/22/2009 | | Minute Entry: ARRAIGNMENT as to Santos Anibal Caballer Fernandez (23) Count 1ss,8ss,53ss held before Magistrate Judge Carl Horn, III. Defendant pled not guilty. Government attorney: Kevin Zolot. Defendant attorney: David Burgess. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 01/22/2009) |
| 01/22/2009 | 407 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Oscar Manuel Moral–Hernandez (tob) (Entered: 01/22/2009) |
| 01/22/2009 | 408 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Juan Ruben Vela Garcia (tob) (Entered: 01/22/2009) |
| 01/22/2009 | 410 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Elvin Pastor Fernandez–Gradis re: Second Superseding Indictment (mga) (Entered: 01/22/2009) |
| 01/24/2009 | 412 | NOTICE *of Unavailability* by Jaime Sandoval (Osho, Lucky) (Entered: 01/24/2009) |
| 01/26/2009 | | NOTICE OF HEARING as to Jose Efrain Ayala–Urbina: Bond Hearing set for 2/4/2009 09:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 01/26/2009) |
| 01/27/2009 | | NOTICE OF HEARING as to Jose Efrain Ayala–Urbina: Bond Hearing reset for 2/10/2009 09:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 01/27/2009) |
| 02/02/2009 | | NOTICE OF HEARING as to Jose Efrain Ayala–Urbina: Bond Hearing reset for 2/10/2009 10:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 02/02/2009) |
| 02/09/2009 | | NOTICE OF HEARING as to Jose Amilcar Garcia–Bonilla, Santos Anibal Caballer Fernandez: Inquiry into Status of Counsel Hearing set for 2/12/2009 02:15 PM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 02/09/2009) |
| 02/10/2009 | | Minute Entry: BOND REVIEW HEARING as to Jose Efrain Ayala–Urbina held before Magistrate Judge David Keesler. Government attorney: Kevin Zolot. Defendant attorney: Reita Pendry. Court Reporter FTR. Interpreter: Liz Cario present but not used. (mga) (Entered: 02/10/2009) |
| 02/10/2009 | | ORAL ORDER denying 399 Motion for Release from Custody as to Jose Efrain Ayala–Urbina (21) Entered by Magistrate Judge David Keesler on 2/10/09. (mga) (Entered: 02/10/2009) |
| 02/10/2009 | 422 | MOTION to Continue Docket Call/Trial *Motion to Continue* by Carlos Ferufino–Bonilla. Responses due by 2/23/2009. (Jayne, M.) (Entered: 02/10/2009) |
| 02/11/2009 | 424 | AFFIDAVIT by Charles L. Morgan, Jr. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 5, # 7 Exhibit 6)(dtr) (Entered: 02/12/2009) |
| 02/12/2009 | 426 | ORDER denying 422 Motion to Continue Docket Call/Trial as to Carlos Ferufino–Bonilla (10) Signed by Chief Judge Robert J. Conrad, Jr on 2/12/09. (dtr) |

# JA78

| | | |
|---|---|---|
| | | (Entered: 02/12/2009) |
| 02/17/2009 | 429 | SEALED RESPONSE *(Sealed – Attorney)* to Motion of witness Granados' for deposition (motion filed in magistrate case) filed by Alejandro Enrique Ramirez Umana; (available to: USA, Alejandro Enrique Ramirez Umana) (Foster, Mark) Modified on 2/18/2009 to indicate its a response not a motion (com). (Entered: 02/17/2009) |
| 02/17/2009 | | NOTICE OF HEARING as to Jose Amilcar Garcia–Bonilla, Santos Anibal Caballer Fernandez: Inquiry into Status of Counsel Hearing set for 2/19/2009 10:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 02/17/2009) |
| 02/17/2009 | 430 | SEALED DOCUMENT *(Sealed – Attorney)*: by USA; (available to: USA, Alejandro Enrique Ramirez Umana)(Jones, Mark) (bsw) (Entered: 02/17/2009) |
| 02/18/2009 | 434 | PLEA AGREEMENT *(Restricted)*: Plea Agreement by USA as to Juan Ruben Vela Garcia (ssh) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 02/20/2009) |
| 02/19/2009 | | NOTICE OF HEARING as to Alejandro Enrique Ramirez Umana: Status Conference set for 3/16/2009 10:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/19/2009) |
| 02/19/2009 | | Minute Entry: INQUIRY INTO STATUS OF COUNSEL as to Jose Amilcar Garcia–Bonilla, Santos Anibal Caballer Fernandez held before Magistrate Judge Carl Horn, III. Government attorney: Kevin Zolot, Sam Nazzaro. Defendant attorney: Charles Morgan, David Burgess. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 02/19/2009) |
| 02/19/2009 | | ORAL WAIVER of Potential Conflict or Appearance of Conflict now or later by Jose Amilcar Garcia–Bonilla, Santos Anibal Caballer Fernandez. In re: Attorney representation. AUSA: Kevin Zolot, Sam Nazzarro DEF ATTY: Charles Morgan, David Burgess (tob) (Entered: 02/19/2009) |
| 02/23/2009 | | Attorney update in case as to Elvin Pastor Fernandez–Gradis. Attorney Eric A. Bach terminated. Attorney added by mistake when he filed waiver for Attorney Joe Von Kallist. (mga) (Entered: 02/23/2009) |
| 02/27/2009 | | Minute Entry: SEALED HEARING *(Sealed – Court)* as to Nelson Hernandez–Ayala held before Chief Judge Robert J. Conrad, Jr. Government attorney: Zolot. Defendant attorney: Thornson. Court Reporter Nuccio. Interpreter: Maria Lando. (ssh) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 03/06/2009) |
| 02/27/2009 | 446 | PLEA AGREEMENT *(Restricted)* as to Nelson Hernandez–Ayala (ssh) Modified on 2/22/2010 to useal per #880 Order (tmg). (Entered: 03/06/2009) |
| 03/05/2009 | 445 | Unopposed MOTION to Continue Docket Call/Trial by Carlos Roberto Figueroa–Pineda. Responses due by 3/19/2009. (Gsell, Scott) (Entered: 03/05/2009) |
| 03/09/2009 | 448 | MOTION to Adopt Motions of Co–Defendants *Motion to Continue Docket Call/Trial* by Michael Steven Mena. Responses due by 3/23/2009. Motions referred to Carl Horn, III(Meier, Steven) (Entered: 03/09/2009) |
| 03/09/2009 | | NOTICE OF HEARING as to Carlos Ferufino–Bonilla: Status Conference set for 3/16/2009 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 03/09/2009) |
| 03/16/2009 | 453 | (Ex Parte) EX PARTE MOTION Interim CJA Payment by Santos Anibal Caballer Fernandez. Responses due by 3/30/2009. (Burgess, David) Modified to change to Ex Parte Motion on 5/13/2009 (klg). (Entered: 03/16/2009) |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 98 of 501
Case: 3:08-cr-134    As of: 07/06/09   04:21 PM EDT   79 of 152

**JA79**

| | | |
|---|---|---|
| 03/16/2009 | | Minute Entry: STATUS CONFERENCE as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Pretrial deadlines set. Government attorney: Rose, Nazzaro. Defendant attorney: Foster, Bryson. Court Reporter Andersen. (ssh) (Entered: 03/17/2009) |
| 03/16/2009 | | Minute Entry: STATUS CONFERENCE as to Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia held before Chief Judge Robert J. Conrad, Jr. Court will hold status conference the 1st Monday of each month until a trial date is determined. Government attorney: Zolot, Nazzaro. Defendant attorneys: present Court Reporter Andersen. (ssh) (Entered: 03/17/2009) |
| 03/17/2009 | | NOTICE OF HEARING as to Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia: Status Conference set for 5/4/2009 09:00 AM in Courtroom, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Status Conference set for 6/1/2009 10:00 AM in Courtroom, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Status Conference set for 7/6/2009 09:00 AM in Courtroom, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 03/17/2009) |
| 03/19/2009 | 454 | PLEA AGREEMENT (*Restricted*) as to Yelson Olider Castro–Licona (tmg) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 03/19/2009) |
| 04/06/2009 | | Case reassigned for case referral to Magistrate Judge David S. Cayer. (Entered: 04/06/2009) |
| 04/07/2009 | 464 | AMENDED PLEA AGREEMENT (*Restricted*) as to Yelson Olider Castro–Licona (ssh) (changes made to document in court). Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 04/08/2009) |
| 04/07/2009 | | Minute Entry: SEALED HEARING (*Sealed – Court*) as to Yelson Olider Castro–Licona held before Chief Judge Robert J. Conrad, Jr. Government attorney: Morris. Defendant attorney: Chandler. Court Reporter Andersen. Interpreter: Maria Lando. (ssh) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 04/08/2009) |
| 04/16/2009 | 466 | *Request for Government to Provide Advance Notice of 404(b) Evidence* by Alejandro Enrique Ramirez Umana (Foster, Mark) (Entered: 04/16/2009) |
| 04/20/2009 | 473 | MOTION for Inquiry of Counsel by Heverth Ulises Castellon. Motions referred to David S. Cayer(Falls, Richard) (Entered: 04/20/2009) |
| 04/20/2009 | | NOTICE OF HEARING ON MOTION in case as to Heverth Ulises Castellon 473 MOTION for Inquiry of Counsel : Motion Hearing set for 4/23/2009 10:35 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 04/20/2009) |
| 04/21/2009 | | Reset Deadlines/Hearings as to Heverth Ulises Castellon: Motion Hearing reset for 4/22/2009 02:00 PM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 04/21/2009) |
| 04/21/2009 | 477 | SEALED MOTION (*Sealed – Attorney*) Evaluation filed by Michael S. Mena; (available to: USA, Michael Steven Mena) (Meier, Steven) (Entered: 04/21/2009) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 99 of 501
Case 3:08-cr-134   As of: 04/08/2010 04:21 PM EDT   80 of 452

JA80

| 04/22/2009 | 478 | **ORDER** *(Sealed – Attorney)* **granting 477 Sealed Motion Evaluation (available to: USA, Michael Steven Mena) as to Michael Steven Mena (17) Signed by Magistrate Judge David S. Cayer on 4/22/2009. (tmg)** (Entered: 04/22/2009) |
|---|---|---|
| 04/22/2009 | | Minute Entry: MOTION HEARING as to Heverth Ulises Castellon held before Magistrate Judge David S. Cayer. Re 473 MOTION for Inquiry of Counsel. Government attorney: Kevin Zolot. Defendant attorney: Richard Falls. Court Reporter FTR. (tob) (Entered: 04/22/2009) |
| 04/22/2009 | | **ORAL ORDER as to Heverth Ulises Castellon granting Oral Motion to Appoint RICHARD DEKE FALLS as Counsel by Magistrate Judge David S. Cayer on 4/22/09. (tob)** (Entered: 04/22/2009) |
| 04/22/2009 | 479 | **CJA 20** *(Restricted)* **as to Heverth Ulises Castellon: Appointment of Attorney Richard Deke Falls for Heverth Ulises Castellon (mga)** (Entered: 04/23/2009) |
| 04/23/2009 | | NOTICE OF HEARING as to all defts: Status Conference RESET for 6/1/2009 09:31 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. (Was originally scheduled for 10:00 a.m.) *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 04/23/2009) |
| 04/24/2009 | | **Oral ORDER granting 448 Motion to Adopt Motion of Co–Defendants as to Michael Steven Mena (17) entered by Chief Judge Robert J. Conrad, Jr on 4/24/09. (ssh)** (Entered: 04/24/2009) |
| 04/24/2009 | 480 | MOTION to Change Venue, MOTION to Dismiss *for Improper Venue* by Alejandro Enrique Ramirez Umana. Responses due by 5/8/2009. Motions referred to David S. Cayer(Foster, Mark) (Entered: 04/24/2009) |
| 04/24/2009 | 481 | MOTION to Suppress *Statement Made on 12/12/07* by Alejandro Enrique Ramirez Umana. Responses due by 5/8/2009. (Attachments: # 1 Exhibit A)(Foster, Mark) (Entered: 04/24/2009) |
| 04/24/2009 | 482 | MOTION for Bill of Particulars *as to Count 28* by Alejandro Enrique Ramirez Umana. Responses due by 5/8/2009. Motions referred to David S. Cayer(Foster, Mark) (Entered: 04/24/2009) |
| 04/24/2009 | 483 | MOTION to Strike *Notice of Nonstatutory Aggravating Factor*, MOTION to Exclude *Evidence of Unadjudicated Criminal Acts* by Alejandro Enrique Ramirez Umana. Responses due by 5/8/2009. Motions referred to David S. Cayer(Foster, Mark) (Entered: 04/24/2009) |
| 04/24/2009 | 484 | MOTION for Extension of Time to File *Pretrial Motions* by Alejandro Enrique Ramirez Umana. Motions referred to David S. Cayer(Foster, Mark) (Entered: 04/24/2009) |
| 04/24/2009 | 485 | *Joint Proposal regarding Jury Procedure* by USA as to Alejandro Enrique Ramirez Umana (Attachments: # 1 Proposed Juror Questionnaire, # 2 Proposed Jury Selection Procedure, # 3 Proposed Voir Dire by Court and Parties)(Rose, Jill) (Entered: 04/24/2009) |
| 04/24/2009 | 486 | MOTION for Bill of Particulars *with respect to Notice of Intent to Seek Death Penalty* by Alejandro Enrique Ramirez Umana. Responses due by 5/8/2009. Motions referred to David S. Cayer(Bryson, John) (Entered: 04/24/2009) |
| 04/24/2009 | 487 | MEMORANDUM in Support by Alejandro Enrique Ramirez Umana re 486 MOTION for Bill of Particulars *with respect to Notice of Intent to Seek Death Penalty* (Bryson, John) (Entered: 04/24/2009) |
| 04/24/2009 | 488 | MOTION to Strike *Non–Statutory Aggravating Factors* by Alejandro Enrique Ramirez Umana. Responses due by 5/8/2009. (Bryson, John) (Entered: 04/24/2009) |
| 04/24/2009 | 489 | MEMORANDUM in Support by Alejandro Enrique Ramirez Umana re 488 MOTION to Strike *Non–Statutory Aggravating Factors* (Bryson, John) (Entered: 04/24/2009) |
| 04/24/2009 | 490 | MOTION to Suppress *Defendant's April 23, 2008 Statement* by Alejandro Enrique Ramirez Umana. Responses due by 5/8/2009. (Bryson, John) (Entered: |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 100 of 501
Case: 3:08-cv-134    As of: 06/17/2011 04:21 PM EDT    81 of 152

**JA81**

| | | 04/24/2009) |
|---|---|---|
| 04/24/2009 | 491 | MEMORANDUM in Support by Alejandro Enrique Ramirez Umana re 490 MOTION to Suppress *Defendant's April 23, 2008 Statement* (Bryson, John) (Entered: 04/24/2009) |
| 04/27/2009 | 492 | MOTION to Appoint Expert *Additional Funds for Interpreter* by Alexander Granados. Motions referred to David S. Cayer(McIntyre, Daniel) (Entered: 04/27/2009) |
| 04/27/2009 | | NOTICE OF HEARING ON MOTION in case as to Alejandro Enrique Ramirez Umana 486 MOTION for Bill of Particulars *with respect to Notice of Intent to Seek Death Penalty*, 482 MOTION for Bill of Particulars *as to Count 28* : Motion Hearing set for 5/13/2009 10:00 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 04/27/2009) |
| 04/28/2009 | | NOTICE OF HEARING Status Conference set for 5/4/2009 09:00 AM; Status Conference set for 6/1/2009 09:31 AM; Status Conference set for 7/6/2009 09:00 AM before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 04/28/2009) |
| 04/28/2009 | 494 | PLEA AGREEMENT (*Restricted*) as to Alexander Granados (tmg) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Main Document 494 replaced on 3/30/2011) (ssh). (Entered: 04/28/2009) |
| 04/28/2009 | 495 | MOTION to Continue Hearing by USA as to Alejandro Enrique Ramirez Umana. Responses due by 5/11/2009. (Rose, Jill) (Entered: 04/28/2009) |
| 04/29/2009 | | **ORAL ORDER granting 495 Motion to Continue Motions Hearing as to Alejandro Enrique Ramirez Umana (2) Motions Hearing reset for 5/20/2009 10:00 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. by Magistrate Judge David S. Cayer on 4/29/09. (tob)** (Entered: 04/29/2009) |
| 04/29/2009 | | Reset Deadlines re Motion or MRin case as to Alejandro Enrique Ramirez Umana 486 MOTION for Bill of Particulars *with respect to Notice of Intent to Seek Death Penalty*, 482 MOTION for Bill of Particulars *as to Count 28*. Motion Hearing set for 5/20/2009 10:00 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 04/29/2009) |
| 05/04/2009 | | Minute Entry: STATUS CONFERENCE held before Chief Judge Robert J. Conrad, Jr. Government attorney: Zolot. Defense attorneys present Court Reporter Nancy Lombardi w/ Huseby. (ssh) (Entered: 05/19/2009) |
| 05/05/2009 | 497 | MOTION to Restrict Victim Impact Evidence by Alejandro Enrique Ramirez Umana. Responses due by 5/18/2009. (Bryson, John) (Entered: 05/05/2009) |
| 05/05/2009 | 498 | MEMORANDUM in Support by Alejandro Enrique Ramirez Umana re 497 MOTION to Restrict Victim Impact Evidence (Bryson, John) (Entered: 05/05/2009) |
| 05/07/2009 | 500 | MOTION to Suppress *Identification of Defendant by Angel Granados* by Alejandro Enrique Ramirez Umana. Responses due by 5/21/2009. (Bryson, John) (Entered: 05/07/2009) |
| 05/07/2009 | 501 | MEMORANDUM in Support by Alejandro Enrique Ramirez Umana re 500 MOTION to Suppress *Identification of Defendant by Angel Granados* (Bryson, John) (Entered: 05/07/2009) |
| 05/07/2009 | 521 | SEALED DOCUMENT (*Sealed – Attorney*): FACTUAL BASIS (available to: USA, Alexander Granados) (ssh) (Main Document 521 replaced on 3/30/2011) (ssh). (Entered: 05/19/2009) |
| 05/07/2009 | | Minute Entry: SEALED HEARING (*Sealed – Court*) Plea and R. 11 Inq. as to Alexander Granados held before Chief Judge Robert J. Conrad, Jr. Government attorney: Zolot. Defendant attorney: McIntyre. Court Reporter Kelly. Interpreter: Maria Lando. (ssh) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 05/19/2009) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 101 of 501
Case 3:08-cr-134   As of: 06/07/2011 04:21 PM EDT   82 of 152

**JA82**

| | | |
|---|---|---|
| 05/08/2009 | 503 | RESPONSE to Motions by USA as to Alejandro Enrique Ramirez Umana re 480 Motion to Change Venue; 481 Motion to Suppress; 482 Motion for Bill of Particulars; 483 MOTION to Strike; 486 Motion of Bill of Particulars; 488 Motion to Strike; 490 Motion to Suppress. (Rose, Jill) Modified on 5/8/2009 to link to all motions (MacEwan, Cathy). (Entered: 05/08/2009) |
| 05/08/2009 | 504 | RESPONSE to Motion by USA as to Alejandro Enrique Ramirez Umana re 497 MOTION to Restrict Victim Impact Evidence (Rose, Jill) (Entered: 05/08/2009) |
| 05/13/2009 | 510 | **ORDER denying 482 Motion for Bill of Particulars as to Count 28 ; denying 486 Motion for Bill of Particulars with respect to Notice of Intent to Seek Death Penalty as to Alejandro Enrique Ramirez Umana (2). Signed by Magistrate Judge David S. Cayer on 5/12/2009. (tmg)** (Entered: 05/13/2009) |
| 05/13/2009 | 516 | MOTION to Adopt Motions of Co–Defendants by Jaime Sandoval. Responses due by 5/26/2009. Motions referred to David S. Cayer(Osho, Lucky) (Entered: 05/13/2009) |
| 05/13/2009 | 517 | MOTION for Disclosure *of Grand Jury Testimony and Jeaks materials* by Jaime Sandoval. Responses due by 5/26/2009. Motions referred to David S. Cayer(Osho, Lucky) (Entered: 05/13/2009) |
| 05/14/2009 | 518 | **ORDER denying without prejudice 516 Motion to Adopt Motions of Co–Defendants as to Jaime Sandoval (19). Signed by Magistrate Judge David S. Cayer on 5/13/2009. (tmg)** (Entered: 05/14/2009) |
| 05/14/2009 | | NOTICE OF HEARING Status Conference set for 6/8/2009 09:31 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Status Conference set for 7/6/2009 09:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 05/14/2009) |
| 05/20/2009 | 527 | **MEMORANDUM AND RECOMMENDATIONS recommending denying MOTION to Dismiss *for Improper Venue* ( Objections to MRdue by 6/8/2009), ORDER denying 480 MOTION to Change Venue as to Alejandro Enrique Ramirez Umana. Signed by Magistrate Judge David S. Cayer on 5/20/2009. (tmg)** (Entered: 05/20/2009) |
| 05/21/2009 | 528 | RESPONSE to Motion by USA as to Alejandro Enrique Ramirez Umana re 500 MOTION to Suppress *Identification of Defendant by Angel Granados* (Rose, Jill) (Entered: 05/21/2009) |
| 05/26/2009 | 529 | SEALED DOCUMENT *(Sealed – Attorney)*: Order (available to: Alexander Granados) (ssh) Modified on 5/27/2009 to add additional funds to Doc#121 (tob). Modified on 5/29/2009 (com). (Entered: 05/26/2009) |
| 05/26/2009 | 530 | RESPONSE in Opposition by USA as to Jaime Sandoval re 517 MOTION for Disclosure *of Grand Jury Testimony and Jeaks materials* (Zolot, Kevin) (Entered: 05/26/2009) |
| 05/27/2009 | 531 | LETTER by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia (Zolot, Kevin) (Entered: 05/27/2009) |
| 05/29/2009 | | NOTICE OF HEARING as to Manuel Cruz: Plea Hearing set for 6/4/2009 09:45 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 05/29/2009) |
| 05/29/2009 | 534 | PLEA AGREEMENT *(Restricted)* as to Manuel Cruz (dtr) (Entered: 05/29/2009) |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 03/23/17    Page 102 of 501
Case: 3:08-cr-134    As of: 06/05/2012 04:21 PM EDT    83 of 152
**JA83**

| 06/01/2009 | 537 | **ORDER denying 517 Motion for Disclosure of Grand Jury Testimony and Jeaks materials as to Jaime Sandoval (19). Signed by Magistrate Judge David S. Cayer on 5/31/2009. (tmg)** (Entered: 06/01/2009) |
|---|---|---|
| 06/03/2009 | 539 | MOTION for Disclosure *of confidential Informant* by Jaime Sandoval. Responses due by 6/15/2009. Motions referred to David S. Cayer(Osho, Lucky) (Entered: 06/03/2009) |
| 06/04/2009 | 540 | AMENDED FRONT PAGE OF PLEA AGREEMENT (*Restricted*) as to Manuel Cruz (mga) (Entered: 06/04/2009) |
| 06/04/2009 | | Minute Entry: PLEA HEARING as to Manuel Cruz held before Magistrate Judge David Keesler. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Manuel Cruz (24) Guilty Count 1ss. Plea accepted. Government attorney: Eric Bach. Defendant attorney: Kevin Zolot. Court Reporter FTR. Interpreter: Jaclyn Gonzalez. (mga) (Entered: 06/04/2009) |
| 06/04/2009 | 541 | ACCEPTANCE and entry of Guilty Plea as to Manuel Cruz signed by Magistrate Judge David Keesler. (mga) (Entered: 06/04/2009) |
| 06/04/2009 | 543 | OBJECTION TO MEMORANDUM AND RECOMMENDATIONS 527 by Alejandro Enrique Ramirez Umana *&Motion for Reconsideration* (Foster, Mark) (Entered: 06/04/2009) |
| 06/08/2009 | 544 | RESPONSE in Opposition by USA as to Jaime Sandoval re 539 MOTION for Disclosure *of confidential Informant* (Zolot, Kevin) (Entered: 06/08/2009) |
| 06/08/2009 | | Minute Entry: STATUS CONFERENCE as to all defendants held before Chief Judge Robert J. Conrad, Jr. Government attorney: Zolot, Rose. Defendant attorney: Court Reporter Andersen. (ssh) (Entered: 06/11/2009) |
| 06/09/2009 | 546 | **ORDER denying 539 Motion for Disclosure as to Jaime Sandoval (19) Signed by Magistrate Judge David S. Cayer on 6/9/2009. (klg)** (Entered: 06/09/2009) |
| 06/09/2009 | 547 | MOTION for Reconsideration re 510 Order on Motion for Bill of Particulars,,, by Alejandro Enrique Ramirez Umana. Responses due by 6/22/2009. Motions referred to David S. Cayer(Bryson, John) (Entered: 06/09/2009) |
| 06/11/2009 | 548 | PLEA AGREEMENT (*Restricted*) as to Mario Guarjardo−Garcia (tmg) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 06/11/2009) |
| 06/11/2009 | 549 | MOTION to Continue Docket Call/Trial *First Motion to Continue Trial* by Alejandro Enrique Ramirez Umana. Responses due by 6/25/2009. (Foster, Mark) (Entered: 06/11/2009) |
| 06/16/2009 | 551 | MOTION to Amend/Correct 547 MOTION for Reconsideration re 510 Order on Motion for Bill of Particulars,,, filed by Alejandro Enrique Ramirez Umana by Alejandro Enrique Ramirez Umana. Responses due by 6/29/2009. Motions referred to David S. Cayer(Bryson, John) (Entered: 06/16/2009) |
| 06/18/2009 | 555 | **CJA 20 (*Restricted – Defense Counsel)* as to Carlos Ferufino−Bonilla: Authorization to Pay Mary Victoria Jayne. Amount: $ 7,294.31, Voucher # 090528000241. Signed by Chief Judge Robert J. Conrad, Jr on 5/26/09. (lhg)** (Entered: 06/18/2009) |
| 06/19/2009 | 564 | PLEA AGREEMENT (*Restricted*) as to Oscar Manuel Moral−Hernandez (tmg) (Entered: 06/19/2009) |
| 06/19/2009 | 566 | PLEA AGREEMENT (*Restricted*) as to Santos Canales−Reyes (tmg) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 06/19/2009) |
| 06/19/2009 | | NOTICE OF HEARING as to Oscar Manuel Moral−Hernandez: Plea Hearing set for 6/29/2009 10:15 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 06/19/2009) |
| 06/22/2009 | 568 | RESPONSE in Opposition by USA as to Alejandro Enrique Ramirez Umana re 549 MOTION to Continue Docket Call/Trial *First Motion to Continue Trial* (Rose, Jill) (Entered: 06/22/2009) |

| 06/23/2009 | 569 | PLEA AGREEMENT (*Restricted*) as to Mario Melgar–Diaz (tmg) Modified on 6/8/2010 to unseal per Order 1087 (tmg). (Entered: 06/23/2009) |
|---|---|---|
| 06/29/2009 | 571 | **ORDER denying 549 Motion to Continue Docket Call/Trial as to Alejandro Enrique Ramirez Umana (2) Signed by Chief Judge Robert J. Conrad, Jr on 6/29/2009. (tmg)** (Entered: 06/29/2009) |
| 06/29/2009 | | Minute Entry: Plea Hearing held but was not completed as to Oscar Manuel Moral–Hernandez held on 6/29/2009. Counsel will notify the court when they are ready to reschedule. Government attorney: Adam Morris. Defendant attorney: Randolph Lee. Court Reporter FTR. Interpreter: Jaclyn Gonzalez. (mga) (Entered: 06/29/2009) |
| 07/01/2009 | | Set/Reset Deadlines/Hearings as to Oscar Manuel Moral–Hernandez: Plea Hearing reset for 7/2/2009 10:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. (mga) (Entered: 07/01/2009) |
| 07/02/2009 | 581 | AMENDED PLEA AGREEMENT (*Restricted*) as to Oscar Manuel Moral–Hernandez sticking paragraph 7–H. (mga) (Entered: 07/06/2009) |
| 07/02/2009 | | Minute Entry: PLEA HEARING as to Oscar Manuel Moral–Hernandez held before Magistrate Judge David Keesler. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Oscar Manuel Moral–Hernandez (22) Guilty Count 1ss,48ss. Plea accepted. Government attorney: Adam Morris. Defendant attorney: Randolph Lee. Court Reporter FTR. Interpreter: Jaclyn Gonzalez. (mga) (Entered: 07/06/2009) |
| 07/02/2009 | 582 | ACCEPTANCE and entry of Guilty Plea as to Oscar Manuel Moral–Hernandez signed by Magistrate Judge David Keesler. (mga) (Entered: 07/06/2009) |
| 07/06/2009 | | NOTICE OF HEARING as to Mario Melgar–Diaz: Plea Hearing set for 7/10/2009 10:25 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 07/06/2009) |
| 07/06/2009 | | NOTICE OF HEARING as to Mario Guarjardo–Garcia: Plea Hearing set for 7/10/2009 10:40 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 07/06/2009) |
| 07/06/2009 | | NOTICE OF HEARING as to Santos Canales–Reyes: Plea Hearing set for 7/10/2009 10:50 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 07/06/2009) |
| 07/06/2009 | 586 | PLEA AGREEMENT (*Restricted*) as to Jaime Sandoval (tmg) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 07/06/2009) |
| 07/06/2009 | | Minute Entry: STATUS CONFERENCE held before Chief Judge Robert J. Conrad, Jr. Trial date of January 11, 2010 set.Government attorney: Zolot, Nazzaro. Defendant attorney: yes. Court Reporter Jackie Johnson w/ Huseby. (ssh) Modified on 7/8/2009 to correct trial date(ssh). (Entered: 07/08/2009) |
| 07/06/2009 | | **ORAL ORDER TO CONTINUE – Ends of Justice Time excluded until 1/11/10. Jury Trial set for 1/11/2010 09:30 AM in Courtroom, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Status Conference will be held immediately following December 2009 calendar call.entered by Chief Judge Robert J. Conrad, Jr on 7/6/09. (ssh)** (Entered: 07/09/2009) |
| 07/07/2009 | | Reset Deadlines/Hearings as to Mario Melgar–Diaz: Plea Hearing reset for 7/13/2009 09:40 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 07/07/2009) |
| 07/07/2009 | | Reset Deadlines/Hearings as to Mario Melgar–Diaz: Plea Hearing reset for 7/13/2009 09:50 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 07/07/2009) |

| 07/07/2009 | | NOTICE OF HEARING as to Alexi Ricardo Ramos: Plea Hearing – Straight Up set for 7/10/2009 10:25 AM before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 07/07/2009) |
|---|---|---|
| 07/07/2009 | | NOTICE OF HEARING as to Carlos Ferufino–Bonilla: Plea Hearing set for 7/10/2009 11:00 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 07/07/2009) |
| 07/07/2009 | 588 | PLEA AGREEMENT (*Restricted*) as to Carlos Ferufino–Bonilla (tmg) Modified on 6/23/2010 to unseal pursuant to Doc. No. 1117 Order (tmg). (Entered: 07/07/2009) |
| 07/08/2009 | | NOTICE of Cancellation of Plea Hearing scheduled for 7/10/09 as to Mario Guarjardo–Garcia. Atty Culler in capital murder case / Union Cty. Atty to advise Court of his availability. (tob) (Entered: 07/08/2009) |
| 07/09/2009 | | NOTICE OF HEARING as to Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Nelson Hernandez–Ayala, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Jose Efrain Ayala–Urbina, Santos Anibal Caballer Fernandez, Javier Molina: Jury Trial set for 1/11/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Status Conference set for 12/7/2009 09:40 AM (immediately following calendar call) in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 07/09/2009) |
| 07/09/2009 | 592 | **SEALED ORDER** *(Sealed – Court)* **as to Michael Steven Mena re 591 Psychiatric Report. Signed by Magistrate Judge David S. Cayer on 7/9/09. (tob)** (Entered: 07/10/2009) |
| 07/10/2009 | 591 | Psychiatric Report (*Sealed – Attorney*) as to Michael Steven Mena (available to: USA, Michael Steven Mena) (tob) (Entered: 07/10/2009) |
| 07/10/2009 | | Minute Entry: PLEA HEARING – Straight Up as to Alexi Ricardo Ramos held before Magistrate Judge David S. Cayer. Defendant sworn and advised of rights and charges. Plea Entered by Alexi Ricardo Ramos (13) Guilty Count 1ss,14ss,30ss,31ss. Plea accepted. Government attorney: Kevin Zolot. Defendant attorney: Jim Weidner. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 07/10/2009) |
| 07/10/2009 | | Minute Entry: PLEA HEARING as to Santos Canales–Reyes held before Magistrate Judge David S. Cayer. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Santos Canales–Reyes (20) Guilty Count 1ss,64ss. Plea accepted. Government attorney: Kevin Zolot. Defendant attorney: Denzil Forrester. Court Reporter FTR. Interpreter: speaks English. (tob) (Entered: 07/10/2009) |
| 07/10/2009 | | Minute Entry: PLEA HEARING as to Carlos Ferufino–Bonilla held before Magistrate Judge David S. Cayer. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Carlos Ferufino–Bonilla (10) Guilty Count 1ss. Plea accepted. Government attorney: Kevin Zolot. Defendant attorney: Victoria Jayne. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 07/10/2009) |
| 07/10/2009 | 595 | ACCEPTANCE and entry of Guilty Plea as to Carlos Ferufino–Bonilla signed by Magistrate Judge David S. Cayer. (tob) (Entered: 07/10/2009) |
| 07/10/2009 | 596 | ACCEPTANCE and entry of Guilty Plea as to Santos Canales–Reyes signed by Magistrate Judge David S. Cayer. (tob) (Entered: 07/10/2009) |
| 07/10/2009 | 597 | ACCEPTANCE and entry of Guilty Plea as to Alexi Ricardo Ramos signed by Magistrate Judge David S. Cayer. (tob) (Entered: 07/10/2009) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 105 of 501
Case: 3:08-cr-134   As of: 08/05/2011 04:21 PM EDT   86 of 152
**JA86**

| | | |
|---|---|---|
| 07/12/2009 | 598 | NOTICE *of Unavailability* by Santos Canales–Reyes (Forrester, Denzil) (Entered: 07/12/2009) |
| 07/13/2009 | | Minute Entry: PLEA HEARING as to Mario Melgar–Diaz held before Magistrate Judge David S. Cayer. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Mario Melgar–Diaz (12) Guilty Count 1ss. Plea accepted. Government attorney: Kevin Zolot / Kevin Murphy (3rd yr law student). Defendant attorney: Reggie McKnight. Court Reporter FTR. Interpreter: Jackie Gonzalez present. (tob) (Entered: 07/13/2009) |
| 07/13/2009 | 599 | ACCEPTANCE and entry of Guilty Plea as to Mario Melgar–Diaz signed by Magistrate Judge David S. Cayer. (tob) (Entered: 07/13/2009) |
| 07/14/2009 | | NOTICE OF HEARING as to Michael Steven Mena: Competency Hearing set for 8/5/2009 09:45 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 07/14/2009) |
| 07/14/2009 | 601 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 10/06/2008 before Judge Robert J. Conrad. (Foster, Mark) (Entered: 07/14/2009) |
| 07/14/2009 | 605 | NOTICE *of Unavailability* by Jaime Sandoval (Osho, Lucky) (Entered: 07/14/2009) |
| 07/22/2009 | | NOTICE OF HEARING as to Mario Guarjardo–Garcia: Plea Hearing set for 7/24/2009 09:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 07/22/2009) |
| 07/22/2009 | 608 | MOTION and Incorporated Memorandum Requesting Discovery of Mental Health Evidence by USA as to Alejandro Enrique Ramirez Umana. Responses due by 8/3/2009. (Rose, Jill) (Entered: 07/22/2009) |
| 07/23/2009 | 609 | MOTION for Discovery by USA as to Alejandro Enrique Ramirez Umana. Responses due by 8/6/2009. Motions referred to David S. Cayer(Rose, Jill) (Entered: 07/23/2009) |
| 07/24/2009 | | Minute Entry: PLEA HEARING as to Mario Guarjardo–Garcia held before Magistrate Judge David Keesler. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Mario Guarjardo–Garcia (26) Guilty Count 1ss. Plea accepted. Government attorney: Kevin Zolot. Defendant attorney: Richard Culler. Court Reporter FTR. Interpreter: Jaclyn Gonzalez. (mga) (Entered: 07/24/2009) |
| 07/24/2009 | 619 | ACCEPTANCE and entry of Guilty Plea as to Mario Guarjardo–Garcia signed by Magistrate Judge David Keesler. (mga) (Additional attachment(s) added on 7/24/2009: #1 Main Document) (mga). (Entered: 07/24/2009) |
| 07/27/2009 | 622 | SEALED MOTION *(Sealed – Court)* Motion filed by USA; (Zolot, Kevin) Modified on 7/28/2009 to change to court (com). (Entered: 07/27/2009) |
| 07/27/2009 | 623 | THIRD SUPERSEDING BILL OF INDICTMENT as to Manuel De Jesus Ayala (1) count(s) 1sss, Alejandro Enrique Ramirez Umana (2) count(s) 1sss, 22sss, 23sss, 24sss, 25sss, 27sss, 28sss, 58sss, 61sss, 62sss, 63sss, Heverth Ulises Castellon (3) count(s) 1sss, 2sss, 46sss, 47sss, 48sss, 58sss, 61sss, 62sss, 63sss, Julio Cesar Rosales Lopez (4) count(s) 1sss, 26sss, 28sss, 58sss, Juan Gilberto Villalobos (5) count(s) 1sss, 2sss, 16sss, 17sss, 20sss, 21sss, 32sss, 41sss, 42sss, 44sss, 45sss, 46sss, 47sss, 48sss, 50sss, 57sss, 58sss,69sss Elvin Pastor Fernandez–Gradis (6) count(s) 1sss, 51sss, 52sss, 54sss, 55sss, Juan Ruben Vela Garcia (7) count(s) 1sss, 2sss, 58sss, Jose Amilcar Garcia–Bonilla (8) count(s) 1sss, 18sss, Yelson Olider Castro–Licona (9) count(s) 1sss, 18sss, Carlos Ferufino–Bonilla (10) count(s) 1sss, 18sss, Nelson Hernandez–Ayala (11) count(s) 1sss, 2sss, 11sss–12sss, 13sss, Mario Melgar–Diaz (12) count(s) 1sss, 2sss, 5sss–7sss, 9sss, Alexi Ricardo Ramos (13) count(s) 1sss, 14sss, 30sss, 31sss, Carlos Roberto Figueroa–Pineda (14) count(s) 1sss, 2sss, 33sss, 34sss,70sss Cesar Yoaldo Castillo (15) count(s) 1sss, 26sss, 35sss, 36sss, 37sss, 38sss, 39sss, 40sss, 46sss, 47sss, Alexander Granados (16) count(s) 1sss, 2sss, Michael Steven Mena |

**JA87**

| | | |
|---|---|---|
| | | (17) count(s) 1sss, 3sss, 4sss, Johnny Elias Gonzalez (18) count(s) 1sss, Jaime Sandoval (19) count(s) 1sss, 2sss, 28sss, 43sss, 56sss, 57sss, 58sss, 61sss, 62sss, 63sss,64sss,65sss,66sss,67ss Santos Canales–Reyes (20) count(s) 1sss, 61sss, 62sss, 63sss,64sss,68sss Jose Efrain Ayala–Urbina (21) count(s) 1sss, 10sss, 61sss, 62sss, 63sss,64sss Oscar Manuel Moral–Hernandez (22) count(s) 1sss, 46sss, 47sss, 48sss, 49sss, Santos Anibal Caballer Fernandez (23) count(s) 1sss, 8sss, 53sss, Manuel Cruz (24) count(s) 1sss, 2sss, 15sss, Javier Molina (25) count(s) 1sss, 29sss, Mario Guarjardo–Garcia (26) count(s) 1sss, 2sss, 13sss, 19sss, 59sss, 60sss. (Attachments: #_1 Cover Sheet) (mga) (Entered: 07/29/2009) |
| 07/29/2009 | 624 | Document deleted. Duplicate of document no. 625 by Juan Ruben Vela Garcia (Smith, Timothy) (com). (Entered: 07/29/2009) |
| 07/29/2009 | 625 | *Waiver of Arraignment–3rd Superceding* by Juan Ruben Vela Garcia (Smith, Timothy) (Entered: 07/29/2009) |
| 07/30/2009 | 626 | PLEA AGREEMENT (*Restricted*) as to Jose Amilcar Garcia–Bonilla (tmg) Modified on 6/8/2010 to unseal per Order No. 1087 (tmg). (Entered: 07/30/2009) |
| 08/03/2009 | 628 | RESPONSE to Motion by Alejandro Enrique Ramirez Umana re 608 MOTION and Incorporated Memorandum Requesting Discovery of Mental Health Evidence (Bryson, John) (Entered: 08/03/2009) |
| 08/03/2009 | 629 | SEALED RESPONSE (*Sealed – Attorney*) to Motion re: 608 Motion for Miscellaneous Relief (Bryson, John) (Entered: 08/03/2009) |
| 08/03/2009 | 630 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jose Efrain Ayala–Urbina in re: Third Superseding Indictment (mga) (Entered: 08/04/2009) |
| 08/04/2009 | | NOTICE OF HEARING as to Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Jose Amilcar Garcia–Bonilla, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Michael Steven Mena, Johnny Elias Gonzalez, Jose Efrain Ayala–Urbina, Santos Anibal Caballer Fernandez: Arraignment in re: Third Superseding set for 8/11/2009 09:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 08/04/2009) |
| 08/04/2009 | | NOTICE OF HEARING as to Jose Amilcar Garcia–Bonilla: Arraignment on 3rd Superseding Indictment set for 8/11/2009 09:35 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. Plea Hearing set for 8/11/2009 09:35 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 08/04/2009) |
| 08/04/2009 | | Reset Deadlines/Hearings as to Cesar Yoaldo Castillo: Arraignment on 3rd Superseding Indictment reset for 8/13/2009 09:45 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 08/04/2009) |
| 08/05/2009 | 634 | WAIVER of Personal Appearance at Arraignment on Third Superseding and Entry of Plea of Not Guilty by Alejandro Enrique Ramirez Umana (tmg) (Entered: 08/05/2009) |
| 08/05/2009 | | Minute Entry: COMPETENCY HEARING as to Michael Steven Mena held before Magistrate Judge David S. Cayer. Defendant to file motion for further evaluation. Government attorney: Kevin Zolot. Defendant attorney: Steve Meier. Court Reporter FTR. (tob) (Entered: 08/05/2009) |
| 08/05/2009 | 635 | WAIVER of Personal Appearance at Arraignment on Third Superseding and Entry of Plea of Not Guilty by Cesar Yoaldo Castillo (tmg) (Entered: 08/05/2009) |
| 08/05/2009 | 636 | WAIVER of Personal Appearance at Arraignment on Third Superseding and Entry of Plea of Not Guilty by Javier Molina (tmg) (Entered: 08/05/2009) |
| 08/05/2009 | 637 | WAIVER of Personal Appearance at Arraignment on Third Superseding and Entry of Plea of Not Guilty by Juan Ruben Vela Garcia (tmg) (Entered: 08/05/2009) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 107 of 501
Case 3:08-cr-134   As of: 06/03/2010 04:21 PM EDT   88 of 152
JA88

| | | |
|---|---|---|
| 08/05/2009 | 638 | **ORDER deferring ruling on competency to stand trial as to Michael Steven Mena. Signed by Magistrate Judge David S. Cayer on 8/5/2009. (tmg)** (Entered: 08/05/2009) |
| 08/06/2009 | 639 | WAIVER of Personal Appearance at Arraignment on Third Superseding and Entry of Plea of Not Guilty by Johnny Elias Gonzalez (tmg) (Entered: 08/06/2009) |
| 08/06/2009 | | Reset Deadlines/Hearings as to Julio Cesar Rosales Lopez: Arraignment reset for 8/13/2009 09:29 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 08/06/2009) |
| 08/06/2009 | 640 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Carlos Roberto Figueroa–Pineda in re: Third Superseding Indictment (mga) (Entered: 08/06/2009) |
| 08/07/2009 | 643 | **CJA 20** *(Restricted – Defense Counsel)* **as to Johnny Elias Gonzalez: Authorization to Pay Frederick Winiker. Amount: $ 1,800.00, Voucher # 090721000125. Signed by Chief Judge Robert J. Conrad, Jr on 7/14/09. (lhg)** (Entered: 08/07/2009) |
| 08/07/2009 | 645 | WAIVER of Personal Appearance at Arraignment on Third Superseding and Entry of Plea of Not Guilty by Elvin Pastor Fernandez–Gradis (tmg) (Entered: 08/07/2009) |
| 08/07/2009 | 646 | **CJA 20** *(Restricted – Defense Counsel)* **as to Jaime Sandoval: Authorization to Pay Lucky Osho. Amount: $ 1,600.00, Voucher # 090804000003. Signed by Chief Judge Robert J. Conrad, Jr on 7/30/09. (lhg)** (Entered: 08/07/2009) |
| 08/07/2009 | 647 | **CJA 20** *(Restricted – Defense Counsel)* **as to Carlos Roberto Figueroa–Pineda: Authorization to Pay Scott Gsell. Amount: $ 11,639.05, Voucher # 090728000090. Signed by Chief Judge Robert J. Conrad, Jr on 7/14/09. Signed by Circuit Judge on 7/23/09 (lhg)** (Entered: 08/07/2009) |
| 08/07/2009 | 648 | NOTICE *of Intent to Introduce Potential Testimony Pursuant to Fed. R. Evid. 702, 703 and 705* by USA as to Alejandro Enrique Ramirez Umana (Attachments: #1 Exhibit 1, #2 Exhibit 2, #3 Exhibit 3, #4 Exhibit 4, #5 Exhibit 5, #6 Exhibit 6, #7 Exhibit 7)(Rose, Jill) (Entered: 08/07/2009) |
| 08/09/2009 | 649 | TRANSCRIPT of Status Conference as to Alejandro Enrique Ramirez Umana held on 10–6–08 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 11/9/2009. (Reporter: Laura Andersen, 704–350–7493) (Entered: 08/09/2009) |
| 08/10/2009 | 650 | WAIVER of Personal Appearance at Arraignment on Third Superseding and Entry of Plea of Not Guilty by Heverth Ulises Castellon (tmg) (Entered: 08/10/2009) |
| 08/10/2009 | 651 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Juan Gilberto Villalobos (tob) (Entered: 08/10/2009) |
| 08/10/2009 | 652 | WAIVER of Personal Appearance at Arraignment on third superseding indictment and Entry of Plea of Not Guilty by Michael Steven Mena (tob) (Entered: 08/10/2009) |
| 08/11/2009 | | Minute Entry: ARRAIGNMENT on Third Superseding Indictment as to Santos Anibal Caballer Fernandez (23) Count 1sss,8sss,53sss held before Magistrate Judge David S. Cayer. Defendant pled not guilty. Government attorney: Kevin Zolot. Defendant attorney: David Burgess. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 08/11/2009) |
| 08/11/2009 | | Minute Entry: ARRAIGNMENT as to Jose Amilcar Garcia–Bonilla (8) Count 1sss,18sss held before Magistrate Judge David S. Cayer. Defendant pleads guilty to Count 1sss pursuant to Plea Agreement. Government attorney: Kevin Zolot. Defendant attorney: Charles Morgan. Court Reporter FTR. Interpreter: Jackie |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 108 of 501
Case 3:08-cr-00134   As of: 06/07/2011 04:21 PM EDT   89 of 152
**JA89**

| | | |
|---|---|---|
| | | Gonzalez. (tob) (Entered: 08/11/2009) |
| 08/11/2009 | | Minute Entry: PLEA HEARING as to Jose Amilcar Garcia–Bonilla held before Magistrate Judge David S. Cayer. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Jose Amilcar Garcia–Bonilla (8) Guilty Count 1sss. Plea accepted. Government attorney: Kevin Zolot. Defendant attorney: Charles Morgan. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 08/11/2009) |
| 08/11/2009 | 655 | ACCEPTANCE and entry of Guilty Plea as to Jose Amilcar Garcia–Bonilla signed by Magistrate Judge David S. Cayer. (tob) (Entered: 08/11/2009) |
| 08/12/2009 | 658 | **ORDER granting in part and denying in part 608 Motion Requesting Discovery of Mental Health Evidence ; granting 609 Motion for Discovery as to Alejandro Enrique Ramirez Umana (2). Signed by Magistrate Judge David S. Cayer on 8/11/2009. (tmg)** (Entered: 08/12/2009) |
| 08/13/2009 | | Minute Entry: ARRAIGNMENT on Third Superseding Indictment as to Julio Cesar Rosales Lopez (4) Count 1sss,26sss,28sss,58sss held before Magistrate Judge David S. Cayer. Defendant pled not guilty. Government attorney: Kevin Zolot. Defendant attorney: Richard Beam. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 08/13/2009) |
| 08/13/2009 | 660 | SEALED MOTION *(Sealed – Attorney)* Evaluation filed by Steven T. Meier for Defendant; (available to: USA, Michael Steven Mena) (Attachments: # 1 Exhibit Curriculum Vitae)(Meier, Steven) (Entered: 08/13/2009) |
| 08/14/2009 | | Minute Entry: SEALED HEARING Plea &R. 11 *(Sealed – Court)* as to Jaime Sandoval held before Chief Judge Robert J. Conrad, Jr. Government attorney: Zolot. Defendant attorney: Osho. Court Reporter FTR. Interpreter: Julia Davis. (ssh) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 08/20/2009) |
| 08/19/2009 | | NOTICE OF HEARING ON MOTION in case as to Alejandro Enrique Ramirez Umana 481 MOTION to Suppress, 490 MOTION to Suppress, 500 MOTION to Suppress Motion Hearing set for 8/26/2008 09:00 AM in Courtroom, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 08/19/2009) |
| 08/19/2009 | 661 | MOTION to Continue Docket Call/Trial *or to Alternatively Strike the Death Penalty* by Alejandro Enrique Ramirez Umana. Responses due by 8/31/2009. (Attachments: # 1 Affidavit of Kevin McNally)(Bryson, John) (Entered: 08/19/2009) |
| 08/20/2009 | 665 | RESPONSE in Opposition by Alejandro Enrique Ramirez Umana re 658 Order on Motion for Miscellaneous Relief, Order on Motion for Discovery,, *Objection Pursuant to Rule 59(a)* (Bryson, John) (Entered: 08/20/2009) |
| 08/20/2009 | | NOTICE OF HEARING ON MOTIONS in case as to Alejandro Enrique Ramirez Umana : Motions Hearing RESET for 8/26/2009 09:00 AM in Courtroom, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. (Original notice said 2008) *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 08/20/2009) |
| 08/20/2009 | | NOTICE OF HEARING ON MOTION in case as to Cesar Yoaldo Castillo 664 EX PARTE MOTION Withdraw : Motion Hearing set for 9/3/2009 10:00 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 08/20/2009) |
| 08/20/2009 | 667 | Plea Agreement *Restricted* re 586 Plea Agreement by Jaime Sandoval with initialed changes (ssh) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 08/20/2009) |
| 08/21/2009 | | NOTICE OF HEARING ON MOTION in case as to Cesar Yoaldo Castillo 664 EX PARTE MOTION Withdraw : Motion Hearing reset for 9/1/2009 09:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 08/21/2009) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 08/23/17   Page 109 of 501
Case: 3:08-cv-234   As of: 06/07/2010 04:21 PM EDT   90 of 152

JA90

| | | |
|---|---|---|
| 08/26/2009 | | Minute Order: denying 481 Motion to Suppress; denying 490 Motion to Suppress; denying 500 Motion to Suppress; denying 661 Motion to Continue Docket Call/Trial as to Alejandro Enrique Ramirez Umana (2); MOTION HEARING held before Chief Judge Robert J. Conrad, Jr. Government attorney: Rose, Nazzaro. Defendant attorney: Foster, Bryson. Court reporter: Andersen. Interpreter: Julia Davis. (ssh) (Entered: 08/27/2009) |
| 08/27/2009 | | NOTICE OF HEARING as to Alejandro Enrique Ramirez Umana: Status Conference set for 9/28/2009 10:00 AM in Courtroom, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 08/27/2009) |
| 08/29/2009 | 669 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 08/26/2009 before Judge Robert J. Conrad, Jr.. (Foster, Mark) (Entered: 08/29/2009) |
| 09/01/2009 | | Minute Entry: MOTION HEARING as to Cesar Yoaldo Castillo held before Magistrate Judge David S. Cayer. Re 664 EX PARTE MOTION Withdraw. Government attorney: Kevin Zolot. Defendant attorney: Lisa Costner. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 09/01/2009) |
| 09/01/2009 | | **ORAL ORDER as to Cesar Yoaldo Castillo granting Motion to Appoint New Counsel. by Magistrate Judge David S. Cayer on 9/1/09. (tob)** (Entered: 09/01/2009) |
| 09/02/2009 | 670 | **CJA 20 *(Restricted)* as to Cesar Yoaldo Castillo: Appointment of Attorney James Edward Quander, Jr for Cesar Yoaldo Castillo (mga)** (Entered: 09/02/2009) |
| 09/02/2009 | 672 | COURT'S REVISED JURY QUESTIONNAIRE In re: Alejandro Enrique Ramirez Umana. Parties have until on or before Friday, September 4, 2009 to file objections. (ssh) (Entered: 09/02/2009) |
| 09/04/2009 | 673 | Response to Revised Jury Questionnaire by USA as to Alejandro Enrique Ramirez Umana re: 672 Miscellaneous Filing (Rose, Jill) Modified docket text on 9/8/2009 (com). (Entered: 09/04/2009) |
| 09/04/2009 | 674 | NOTICE *of Intent to Use Electronic Surveillance Evidence* by USA as to Alejandro Enrique Ramirez Umana (Rose, Jill) (Entered: 09/04/2009) |
| 09/04/2009 | 675 | SEALED DOCUMENT *(Sealed – Attorney)*: by Alejandro Enrique Ramirez Umana; (available to: Alejandro Enrique Ramirez Umana) (Foster, Mark) (Entered: 09/04/2009) |
| 09/08/2009 | 676 | PLEA AGREEMENT *(Restricted)* as to Jose Efrain Ayala–Urbina (tmg) Modified on 2/22/2010 to unseal per #880 Order (tmg). (Entered: 09/09/2009) |
| 09/10/2009 | 677 | NOTICE *of Appearance as to Firewall Attorney* by USA as to Alejandro Enrique Ramirez Umana (Gast, Don) (Entered: 09/10/2009) |
| 09/11/2009 | 679 | SEALED MOTION *(Sealed – Court)* Second motion for discovery filed by USA; (Gast, Don) Modified on 9/15/2009 to set access to USA; to make a Sealed Motion – Court (com). (Entered: 09/11/2009) |
| 09/15/2009 | | NOTICE OF HEARING as to Jose Efrain Ayala–Urbina: Plea Hearing set for 10/2/2009 09:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 09/15/2009) |
| 09/15/2009 | 680 | MOTION to Seal *document #679* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 9/28/2009. Motions referred to David S. Cayer(Gast, Don) (Entered: 09/15/2009) |
| 09/15/2009 | | **TEXT–ONLY ORDER granting 680 Motion to Seal as to Alejandro Enrique Ramirez Umana (2) *Text of Order: Motion granted. So Ordered.* Entered by Magistrate Judge David S. Cayer on 09/15/09. (Arnold, Kristin)** (Entered: 09/15/2009) |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 110 of 501
Case: 9.08-cv-134   As of: 06/03/17   04:21 PM EDT   91 of 152

JA91

| | | |
|---|---|---|
| 09/18/2009 | 681 | MOTION to Compel *Identification and Notice of Mitigating Factors* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 10/2/2009. Motions referred to David S. Cayer(Rose, Jill) (Entered: 09/18/2009) |
| 09/18/2009 | 682 | **ORDER as to Alejandro Enrique Ramirez Umana re 661 denying MOTION to Continue Docket Call/Trial *or to Alternatively Strike the Death Penalty* filed by Alejandro Enrique Ramirez Umana. Signed by Chief Judge Robert J. Conrad, Jr on 9/18/09. (ssh)** (Entered: 09/18/2009) |
| 09/21/2009 | 684 | TRANSCRIPT of Motion Hearing as to Alejandro Enrique Ramirez Umana held on 8–26–09 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 12/21/2009. (Reporter: Laura Andersen, 704–350–7493) (Entered: 09/21/2009) |
| 09/21/2009 | 685 | **SEALED ORDER *(Sealed – Court)* as to Alejandro Enrique Ramirez Umana. Signed by Chief Judge Robert J. Conrad, Jr on 9/21/2009. (tmg)** (Entered: 09/21/2009) |
| 09/22/2009 | 687 | SEALED RESPONSE *(Sealed – Court)* to Motion by Alejandro Enrique Ramirez Umana re 679 SEALED MOTION (Bryson, John) Modified on 9/22/2009 to seal document (com). (Entered: 09/22/2009) |
| 09/22/2009 | 688 | *Request for Notice of Alibi Defense* by USA as to Alejandro Enrique Ramirez Umana (Rose, Jill) (Entered: 09/22/2009) |
| 09/22/2009 | 689 | MOTION to Continue Docket Call/Trial *or Alternatively to Strike Death Penalty* by Alejandro Enrique Ramirez Umana. Responses due by 10/5/2009. (Attachments: # 1 Exhibit A––Affidavit of Richard McGough, # 2 Exhibit B––Legal Interpreting Services estimate, # 3 Exhibit C––Transcript of 10–6–08 hearing)(Foster, Mark) (Entered: 09/22/2009) |
| 09/22/2009 | 690 | MOTION Pretrial Hearing on Mental Retardation in Event Trial is Continued by Alejandro Enrique Ramirez Umana. Responses due by 10/5/2009. (Foster, Mark) (Entered: 09/22/2009) |
| 09/22/2009 | 691 | SEALED REPLY TO RESPONSE to Motion *(Sealed – Court)* by USA as to Alejandro Enrique Ramirez Umana re 679 SEALED MOTION for Discovery of Mental Health Evidence(com) (Entered: 09/23/2009) |
| 09/23/2009 | | **ORAL ORDER as to Alejandro Enrique Ramirez Umana re 689 MOTION to Continue Docket Call/Trial *or Alternatively to Strike Death Penalty* The GOVERNMENT IS DIRECTED TO RESPOND to the Motion to Continue on or before September 25, 2009 at noon.entered by Chief Judge Robert J. Conrad, Jr on 9/23/09. (ssh)** (Entered: 09/23/2009) |
| 09/23/2009 | 692 | **CJA 30: *(Restricted – Defense Counsel)* Authorization to Pay Mark Foster in Death Penalty Proceedings as to Alejandro Enrique Ramirez Umana Amount: $ 40,351.30, Voucher # 090910000001. Signed by Chief Judge Robert J. Conrad, Jr on 9/8/09. (lhg)** (Entered: 09/23/2009) |
| 09/23/2009 | 696 | **ORDER *(Sealed – Court)* granting in part and denying in part 679 Sealed Motion as to Alejandro Enrique Ramirez Umana (2). Signed by Magistrate Judge David S. Cayer on 9/23/2009. (tmg)** (Entered: 09/23/2009) |
| 09/25/2009 | 699 | RESPONSE to Motion by USA as to Alejandro Enrique Ramirez Umana re 690 MOTION Pretrial Hearing on Mental Retardation in Event Trial is Continued (Rose, Jill) (Entered: 09/25/2009) |
| 09/25/2009 | 700 | REPLY TO RESPONSE to Motion by Alejandro Enrique Ramirez Umana re 689 MOTION to Continue Docket Call/Trial *or Alternatively to Strike Death Penalty* (Foster, Mark) (Entered: 09/25/2009) |

| | | |
|---|---|---|
| 09/25/2009 | 701 | RESPONSE to Motion by Alejandro Enrique Ramirez Umana re 681 MOTION to Compel *Identification and Notice of Mitigating Factors* (Attachments: # 1 Exhibit Death Penalty Reform Act of 2006)(Bryson, John) (Entered: 09/25/2009) |
| 09/28/2009 | 702 | **ORDER denying 681 Motion to Compel Identification and Notice of Mitigating Factors as to Alejandro Enrique Ramirez Umana (2). Signed by Magistrate Judge David S. Cayer on 9/28/2009. (tmg)** (Entered: 09/28/2009) |
| 09/28/2009 | | Minute Order: granting 689 Motion to Continue Docket Call/Trial as to Alejandro Enrique Ramirez Umana (2)( Docket Call set for 4/12/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.); STATUS CONFERENCE as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Jury selection to begin 3/22/10. Government attorney: Rose, Nazarro. Defendant attorney: Foster, Bryson. Court reporter: Nuccio. Interpreter: Maria Lando. (ssh) (Entered: 10/05/2009) |
| 10/02/2009 | | Minute Entry: PLEA HEARING as to Jose Efrain Ayala–Urbina held before Magistrate Judge David S. Cayer. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Jose Efrain Ayala–Urbina (21) Guilty Count 1sss. Plea accepted. Government attorney: Kevin Zolot. Defendant attorney: Reita Pendry. Court Reporter FTR. Interpreter: Liz Carico. (tob) (Entered: 10/02/2009) |
| 10/02/2009 | 704 | ACCEPTANCE and entry of Guilty Plea as to Jose Efrain Ayala–Urbina signed by Magistrate Judge David S. Cayer. (tob) (Entered: 10/02/2009) |
| 10/05/2009 | | NOTICE OF HEARING as to Alejandro Enrique Ramirez Umana: Jury Selection set for 3/22/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 10/05/2009) |
| 10/07/2009 | 706 | **ORDER** *(Sealed – Attorney)* **denying 660 Sealed Motion Evaluation (available to: USA, Michael Steven Mena) as to Michael Steven Mena (17). Signed by Chief Judge Robert J. Conrad, Jr on 10/6/2009. (tmg)** (Entered: 10/07/2009) |
| 10/09/2009 | | NOTICE OF HEARING as to Heverth Ulises Castellon: Plea Hearing – Straight Up set for 10/22/2009 09:30 AM before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 10/09/2009) |
| 10/16/2009 | 712 | Document deleted – refiled in correct case: SEALED DOCUMENT *(Sealed – Attorney)*. Regenerated NEF (com). (Entered: 10/16/2009) |
| 10/20/2009 | | NOTICE OF HEARING as to Michael Steven Mena: Competency Hearing set for 11/5/2009 10:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice – you will not receive a separate document.*(tob) (Entered: 10/20/2009) |
| 10/21/2009 | | Reset Deadlines/Hearings as to Heverth Ulises Castellon: Plea Hearing – Straight Up reset for 10/22/2009 09:45 AM before Magistrate Judge David S. Cayer. (tob) (Entered: 10/21/2009) |
| 10/22/2009 | | Minute Entry: PLEA HEARING – Straight Up as to Heverth Ulises Castellon held before Magistrate Judge David S. Cayer. Defendant sworn and advised of rights and charges. Plea Entered by Heverth Ulises Castellon (3) Guilty Count 1sss,2sss,46sss,47sss,48sss,58sss,61sss,62sss,63sss. Plea accepted. Government attorney: Kevin Zolot. Defendant attorney: Richard Falls. Court Reporter FTR. Interpreter: Speaks English. (tob) (Entered: 10/22/2009) |
| 10/22/2009 | 713 | ACCEPTANCE and entry of Guilty Plea as to Heverth Ulises Castellon signed by Magistrate Judge David S. Cayer. (tob) (Entered: 10/22/2009) |
| 10/29/2009 | 714 | **CJA 20** *(Restricted – Defense Counsel)* **as to Santos Anibal Caballer Fernandez: Authorization to Pay David Burgess. Amount: $ 15,083.00, Voucher # 091019000084. Signed by Chief Judge Robert J. Conrad, Jr on 9/23/09./signed by Circuit Chief Judge on 10/9/09 (lhg)** (Entered: 10/29/2009) |

Case 3:16-cv-00057-MOC    Document 59-1    Filed 08/23/17    Page 112 of 501
Case 3:08-cv-134    As of: 06/07/12    4:21 PM EDT    93 of 252

**JA93**

| 11/03/2009 | 717 | MOTION for Handwriting Exemplars by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Responses due by 11/16/2009. Motions referred to David S. Cayer(Zolot, Kevin) (Entered: 11/03/2009) |
|---|---|---|
| 11/05/2009 | | Minute Entry: COMPETENCY HEARING as to Michael Steven Mena held before Magistrate Judge David S. Cayer. Defendant found competent to stand trial. ORDER to follow. Docket Call set for 1/11/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Jury Trial set for 1/11/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr.Government attorney: Kevin Zolot. Defendant attorney: Steve Meier. Court Reporter FTR. (tob) (Entered: 11/05/2009) |
| 11/06/2009 | 723 | **SEALED ORDER** *(Sealed – Attorney)***: Competency to Stand Trial as to Michael Steven Mena (available to: USA, Michael Steven Mena). Signed by Magistrate Judge David S. Cayer on 11/6/09. (com)** (Entered: 11/06/2009) |
| 11/12/2009 | | NOTICE OF HEARING ON MOTION in case as to Alejandro Enrique Ramirez Umana 690 MOTION Pretrial Hearing on Mental Retardation set for 11/30/2009 10:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 11/12/2009) |
| 11/16/2009 | 725 | MOTION for Extension of Time to File *Exchange of Expert Reports* by Alejandro Enrique Ramirez Umana. Motions referred to David S. Cayer(Foster, Mark) (Entered: 11/16/2009) |
| 11/17/2009 | 726 | SEALED MOTION *(Sealed – Attorney)* Motion filed by USA; (available to: USA) (Zolot, Kevin) (Entered: 11/17/2009) |
| 11/17/2009 | 727 | **ORDER granting 717 Motion for Handwriting Exemplars as to Julio Cesar Rosales Lopez (4), Juan Gilberto Villalobos (5), Elvin Pastor Fernandez–Gradis (6), Carlos Roberto Figueroa–Pineda (14), Cesar Yoaldo Castillo (15), Johnny Elias Gonzalez (18), Santos Anibal Caballer Fernandez (23), Signed by Magistrate Judge David S. Cayer on 11/17/2009. (tmg)** (Entered: 11/17/2009) |
| 11/17/2009 | 728 | **ORDER** *(Sealed – Attorney)* **granting 726 Sealed Motion (available to: USA). Signed by Magistrate Judge David S. Cayer on 11/17/2009. (tmg)** (Entered: 11/17/2009) |
| 11/17/2009 | 729 | **ORDER granting 725 Motion for Extension of Time to File Exchange of Expert Reports as to Alejandro Enrique Ramirez Umana (2). Signed by Magistrate Judge David S. Cayer on 11/17/2009. (tmg)** (Entered: 11/17/2009) |
| 11/19/2009 | 730 | MOTION for Transfer of Custody by USA as to Carlos Roberto Figueroa–Pineda (Zolot, Kevin) Modified on 11/19/2009 to convert to a motion type (com). (Entered: 11/19/2009) |
| 11/19/2009 | 731 | MOTION for Transfer of Custody by USA as to Cesar Yoaldo Castillo (Zolot, Kevin) Modified on 11/19/2009 to convert to motion type (com). (Entered: 11/19/2009) |
| 11/19/2009 | 732 | MOTION for Transfer of Custody by USA as to Elvin Pastor Fernandez–Gradis (Zolot, Kevin) Modified on 11/19/2009 to convert to motion type (com). (Entered: 11/19/2009) |
| 11/19/2009 | 733 | MOTION for Transfer of Custody by USA as to Johnny Elias Gonzalez (Zolot, Kevin) Modified on 11/19/2009 to convert to motion type (com). (Entered: 11/19/2009) |

| | | |
|---|---|---|
| 11/19/2009 | 734 | MOTION for Transfer of Custody by USA as to Juan Gilberto Villalobos (Zolot, Kevin) Modified on 11/19/2009 to convert to motion type (com). (Entered: 11/19/2009) |
| 11/19/2009 | 735 | MOTION for Transfer of Custody by USA as to Julio Cesar Rosales Lopez (Zolot, Kevin) Modified on 11/19/2009 to convert to motion type (com). (Entered: 11/19/2009) |
| 11/19/2009 | 736 | MOTION for Transfer of Custody by USA as to Santos Anibal Caballer Fernandez (Zolot, Kevin) Modified on 11/19/2009 to convert to motion type (com). (Entered: 11/19/2009) |
| 11/19/2009 | 737 | **ORDER granting 730 Motion for Transfer of Custody as to Carlos Roberto Figueroa−Pineda (14). Signed by Magistrate Judge David S. Cayer on 11/19/2009. (tmg)** (Entered: 11/19/2009) |
| 11/19/2009 | 738 | **ORDER granting 731 Motion for Transfer of Custody as to Cesar Yoaldo Castillo (15). Signed by Magistrate Judge David S. Cayer on 11/19/2009. (tmg)** (Entered: 11/19/2009) |
| 11/19/2009 | 739 | **ORDER granting 732 Motion for Transfer of Custody as to Elvin Pastor Fernandez−Gradis (6). Signed by Magistrate Judge David S. Cayer on 11/19/2009. (tmg)** (Entered: 11/19/2009) |
| 11/19/2009 | 740 | **ORDER granting 733 Motion for Transfer of Custody as to Johnny Elias Gonzalez (18). Signed by Magistrate Judge David S. Cayer on 11/19/2009. (tmg)** (Entered: 11/19/2009) |
| 11/19/2009 | 741 | **ORDER granting 734 Motion for Transfer of Custody as to Juan Gilberto Villalobos (5). Signed by Magistrate Judge David S. Cayer on 11/19/2009. (tmg)** (Entered: 11/19/2009) |
| 11/19/2009 | 742 | **ORDER granting 735 Motion for Transfer of Custody as to Julio Cesar Rosales Lopez (4). Signed by Magistrate Judge David S. Cayer on 11/19/2009. (tmg)** (Entered: 11/19/2009) |
| 11/19/2009 | 743 | **ORDER granting 736 Motion for Transfer of Custody as to Santos Anibal Caballer Fernandez (23). Signed by Magistrate Judge David S. Cayer on 11/19/2009. (tmg)** (Entered: 11/19/2009) |
| 11/23/2009 | 745 | MOTION for Inquiry of Counsel by Cesar Yoaldo Castillo. Motions referred to David S. Cayer(Quander, James) (Entered: 11/23/2009) |
| 11/23/2009 | | NOTICE OF HEARING ON MOTION in case as to Cesar Yoaldo Castillo 745 MOTION for Inquiry of Counsel : Motion Hearing set for 11/24/2009 11:00 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. *This is your only notice − you will not receive a separate document.*(tob) (Entered: 11/23/2009) |
| 11/23/2009 | | Attorney update in case as to Cesar Yoaldo Castillo. Attorney Lisa S. Costner terminated. (tob) (Entered: 11/23/2009) |
| 11/24/2009 | | Minute Entry: MOTION HEARING as to Cesar Yoaldo Castillo held before Magistrate Judge David S. Cayer. Re 745 MOTION for Inquiry of Counsel. Government attorney: Kevin Zolot. Defendant attorney: James Quander. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 11/24/2009) |
| 11/24/2009 | | **ORAL ORDER making no finding on 745 Motion for Inquiry of Counsel; as to Cesar Yoaldo Castillo (15) by Magistrate Judge David S. Cayer on 11/24/09. Defendant is satisfied with representation. (tob)** Modified on 11/24/2009 (tob). (Entered: 11/24/2009) |
| 11/24/2009 | 750 | MEMORANDUM *In Support of Defendant's Ineligibility for Death Penalty Based on Mental Retardation* by Alejandro Enrique Ramirez Umana (Foster, Mark) (Entered: 11/24/2009) |
| 11/25/2009 | | NOTICE OF HEARING ON MOTION in case as to Alejandro Enrique Ramirez Umana 690 MOTION Pretrial Hearing on Mental Retardation in Event Trial is Continued : Motion Hearing RESET for 11/30/2009 09:00 AM in Courtroom 2, |

| | | |
|---|---|---|
| | | 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. (Was originally set for 10:00 a.m.) *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 11/25/2009) |
| 11/30/2009 | | Minute Entry: MOTION HEARING as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Re 690 MOTION Pretrial Hearing on Mental Retardation in Event Trial is Continued. Motion taken under advisement, order to issue. Government attorney: Gast, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Julia Davis. (ssh) (Entered: 12/01/2009) |
| 12/07/2009 | | Minute Entry: STATUS CONFERENCE held before Chief Judge Robert J. Conrad, Jr. 1/11/10 trial date set as to all remaining defendants. Government attorney: Zolot, Nazarro, Morris. Defendant attorney: Gsell. Court Reporter Andersen. (ssh) (Entered: 12/07/2009) |
| 12/07/2009 | | Set/Reset Hearings as to Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Yelson Olider Castro–Licona, Nelson Hernandez–Ayala, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Anibal Caballer Fernandez, Javier Molina: Jury Trial set for 1/11/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. (ssh) (Entered: 12/07/2009) |
| 12/07/2009 | 753 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Manuel Cruz. Objections to PSI due 12–24–2009. (available to USA, Manuel Cruz) (Beam, Karen) (Entered: 12/07/2009) |
| 12/08/2009 | | NOTICE OF HEARING as to Cesar Yoaldo Castillo: Plea Hearing set for 12/11/2009 10:15 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 12/08/2009) |
| 12/08/2009 | 755 | PLEA AGREEMENT (*Restricted*) as to Michael Steven Mena (tmg) (Entered: 12/08/2009) |
| 12/09/2009 | | NOTICE OF HEARING as to Michael Steven Mena: Plea Hearing set for 12/15/2009 09:30 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(mga) (Entered: 12/09/2009) |
| 12/10/2009 | 756 | NOTICE *TO TERMINATE ATTORNEY APPEARANCE* by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia (Jones, Mark) (Entered: 12/10/2009) |
| 12/11/2009 | | Attorney Mark A. Jones terminated pursuant to document no. 756. (com) (Entered: 12/11/2009) |
| 12/11/2009 | 757 | NOTICE *of Expert Testimony and Demand for Reciprocal Discovery* by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia (Attachments: # 1 Exhibit CV Wilde, # 2 |

**JA96**

| | | |
|---|---|---|
| | | Exhibit CV Charlesworth, #_3 Exhibit CV Conrad, #_4 Exhibit CV Huntington 1, #_5 Exhibit CV Huntington 2, #_6 Exhibit CV Gulledge, #_7 Exhibit CV Sullivan, #_8 Exhibit CV Rossi, #_9 Exhibit CV Flores, #_10 Exhibit CV Taylor, #_11 Exhibit CV Mills, #_12 Exhibit CV Nordhoff)(Zolot, Kevin) (Entered: 12/11/2009) |
| 12/11/2009 | 758 | MOTION Detention Of Material Witness *Herman Fernandez–Gradis* by Elvin Pastor Fernandez–Gradis. Responses due by 12/21/2009. (Von Kallist, Joe) (Entered: 12/11/2009) |
| 12/11/2009 | 759 | PLEA AGREEMENT *(Restricted)* as to Cesar Yoaldo Castillo (mga) Modified on 12/21/2009 to unrestrict document (com). (Entered: 12/11/2009) |
| 12/11/2009 | | Minute Entry: PLEA HEARING as to Cesar Yoaldo Castillo held before Magistrate Judge David Keesler. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Cesar Yoaldo Castillo (15) Guilty Count 1sss,26sss,35sss,36sss,37sss,39sss,40sss. Plea accepted. Government attorney: Adam Morris. Defendant attorney: James Quander. Court Reporter FTR. (mga) (Entered: 12/11/2009) |
| 12/11/2009 | 760 | ACCEPTANCE and entry of Guilty Plea as to Cesar Yoaldo Castillo signed by Magistrate Judge David Keesler. (mga) (Entered: 12/11/2009) |
| 12/15/2009 | | Minute Entry: PLEA HEARING as to Michael Steven Mena held before Magistrate Judge David Keesler. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Michael Steven Mena (17) Guilty Count 3sss,4sss. Plea accepted. Government attorney: Mark Odulio. Defendant attorney: Kevin Zolot. Court Reporter FTR. (mga) (Entered: 12/15/2009) |
| 12/15/2009 | 765 | ACCEPTANCE and entry of Guilty Plea as to Michael Steven Mena signed by Magistrate Judge David Keesler. (mga) (Entered: 12/15/2009) |
| 12/21/2009 | 769 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Oscar Manuel Moral–Hernandez. Objections to PSI due 1/11/2010. (available to USA, Oscar Manuel Moral–Hernandez) (Beam, Karen) (Entered: 12/21/2009) |
| 12/21/2009 | **770** | **ORDER granting 758 Motion for Detention Of Material Witness Herman Fernandez–Gradis as to Elvin Pastor Fernandez–Gradis (6). Signed by Magistrate Judge David S. Cayer on 12/21/2009. (tmg)** (Entered: 12/21/2009) |
| 12/21/2009 | 771 | Arrest Warrant Issued as to Material Witness Herman Fernandez–Gradis *(Sealed – Case Participants)* in case as to Elvin Pastor Fernandez–Gradis. (tmg) (Entered: 12/21/2009) |
| 12/21/2009 | 772 | NOTICE *of Expert Testimony* by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia (Attachments: #_1 Exhibit CV Dan Horne, #_2 Exhibit CV Chris McNeil)(Zolot, Kevin) (Entered: 12/21/2009) |
| 12/21/2009 | 773 | MOTION in Limine by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Responses due by 12/31/2009. (Morris, Adam) (Entered: 12/21/2009) |

| | | |
|---|---|---|
| 12/22/2009 | <u>777</u> | Unopposed MOTION to Amend/Correct *Motion For Detention OF Material Witness* by Elvin Pastor Fernandez–Gradis. Responses due by 1/4/2010. Motions referred to David S. Cayer(Von Kallist, Joe) (Entered: 12/22/2009) |
| 12/22/2009 | | Set/ Deadlines/Hearings as to Elvin Pastor Fernandez–Gradis: Initial Appearance for Material Witness HERMAN FERNANDEZ–GRADIS set for 12/28/2009 09:45 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 12/22/2009) |
| 12/22/2009 | <u>778</u> | MOTION for Anonymous Jury by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Responses due by 1/4/2010. (Morris, Adam) (Entered: 12/22/2009) |
| 12/23/2009 | <u>779</u> | **AMENDED ORDER re: <u>770</u> Order, granting <u>777</u> Motion to Amend/Correct Motion For Detention of Material Witness Hernan Alexis Fernandez–Gradis as to Elvin Pastor Fernandez–Gradis (6). Signed by Magistrate Judge David S. Cayer on 12/23/2009. (tmg)** (Entered: 12/23/2009) |
| 12/23/2009 | <u>780</u> | Arrest Warrant re–Issued *(Sealed – Case Participants)* as to Material Witness Hernan Alexis Fernandez–Gradis in case as to Elvin Pastor Fernandez–Gradis. (tmg) (Entered: 12/23/2009) |
| 12/28/2009 | | NOTICE OF HEARING as to all defendants remaining for trial: Jury Trial set for Tuesday 1/12/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 12/28/2009) |
| 12/30/2009 | <u>794</u> | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Manuel Cruz. (available to USA, Manuel Cruz) Schedule for Sentence on or after 1/20/2010 (Beam, Karen) (Entered: 12/30/2009) |
| 12/31/2009 | <u>796</u> | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* (available to: Manuel Cruz, USA) (Bach, Eric) Modified on 1/4/2010 to make available to the USA(com). (Entered: 12/31/2009) |
| 12/31/2009 | <u>797</u> | *RULE 16(a)(1)(G) REQUEST FOR SUMMARY OF EXPERT TESTIMONY* by Santos Anibal Caballer Fernandez (Burgess, David) (Entered: 12/31/2009) |
| 12/31/2009 | <u>798</u> | RESPONSE to Motion by Juan Gilberto Villalobos as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia re <u>773</u> MOTION in Limine *Cross–Exam* (Wright, Roderick) (Entered: 12/31/2009) |
| 12/31/2009 | <u>799</u> | RESPONSE in Opposition by Santos Anibal Caballer Fernandez re <u>798</u> Response to Motion,, <u>773</u> MOTION in Limine (Burgess, David) (Entered: 12/31/2009) |
| 01/04/2010 | <u>801</u> | RESPONSE in Opposition by Juan Gilberto Villalobos as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, |

Case 3:16-cv-00057-MOC   Document 59-1   Filed 08/23/17   Page 117 of 501
Case 3:08-cr-00134   As of: 06/07/2013 04:21 PM EDT   98 of 152

**JA98**

| | | |
|---|---|---|
| | | Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia re 778 MOTION for Anonymous Jury (Wright, Roderick) (Entered: 01/04/2010) |
| 01/05/2010 | 802 | RESPONSE to Motion by Santos Anibal Caballer Fernandez re 778 MOTION for Anonymous Jury (Burgess, David) (Entered: 01/05/2010) |
| 01/05/2010 | 804 | MOTION in Limine *for Additional Alternate Jurors* by Carlos Roberto Figueroa–Pineda. Responses due by 1/15/2010. (Gsell, Scott) (Entered: 01/05/2010) |
| 01/05/2010 | 807 | NOTICE *of Intent to Introduce Expert Testimony* by USA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (Zolot, Kevin) (Entered: 01/05/2010) |
| 01/05/2010 | 808 | SEALED MOTION *(Sealed – Attorney)* Motion in Limine filed by USA; (available to: Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez, USA) (Zolot, Kevin) Modified to give access to USA on 1/11/2010 (tmg). (Entered: 01/05/2010) |
| 01/07/2010 | 809 | MOTION for Extension of Time to File Response/Reply by USA as to Manuel Cruz. (Zolot, Kevin) (Entered: 01/07/2010) |
| 01/08/2010 | 810 | Application for Writ of Habeas Corpus ad Testificandum for appearance of *David Sidney Gunter, Jr.* as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (Zolot, Kevin) (Entered: 01/08/2010) |
| 01/08/2010 | 811 | Writ of Habeas Corpus ad Testificandum Issued as to David Sidney Gunter, Jr for 1/12/2010 in case as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (tmg) (Entered: 01/08/2010) |
| 01/08/2010 | 814 | TRIAL BRIEF by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia (Morris, Adam) (Entered: 01/08/2010) |
| 01/11/2010 | 817 | SEALED RESPONSE *(Sealed – Attorney)* to Motion (available to: USA, Carlos Roberto Figueroa–Pineda) (Gsell, Scott) Modified on 1/11/2010 to give access to Figueroa–Pineda (com). (Entered: 01/11/2010) |
| 01/11/2010 | | NOTICE OF HEARING ON MOTIONS Motion Hearing set for 1/12/2010 09:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. Pretrial motions will be heard. Jury selection to follow. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 01/11/2010) |
| 01/11/2010 | 819 | **ORDER granting 778 Motion for Anonymous Jury as to Julio Cesar Rosales Lopez (4), Juan Gilberto Villalobos (5), Elvin Pastor Fernandez–Gradis (6), Carlos Roberto Figueroa–Pineda (14), Johnny Elias Gonzalez (18), Santos Anibal Caballer Fernandez (23). Signed by Chief Judge Robert J. Conrad, Jr on 1/11/2010. (tmg)** (Entered: 01/11/2010) |
| 01/12/2010 | 821 | **ORDER granting 809 Motion for Extension of Time to File Response/Reply to Presentence Investigation Report until 3/1/2010 as to Manuel Cruz (24). Signed by Chief Judge Robert J. Conrad, Jr on 1/12/2010. (tmg)** (Entered: 01/12/2010) |

| 01/12/2010 | | Minute Entry: JURY SELECTION AND TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr. Jury selected and sworn. Opening Statements. Evidence Introduced. Evidence continued. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/25/2010) |
|---|---|---|
| 01/12/2010 | | **Oral ORDER denying 773 Motion in Limine as to Manuel De Jesus Ayala (1), Heverth Ulises Castellon (3), Juan Ruben Vela Garcia (7), Jose Amilcar Garcia–Bonilla (8), Yelson Olider Castro-Licona (9), Carlos Ferufino–Bonilla (10), Nelson Hernandez–Ayala (11), Mario Melgar–Diaz (12), Alexi Ricardo Ramos (13), Cesar Yoaldo Castillo (15), Alexander Granados (16), Michael Steven Mena (17), Jaime Sandoval (19), Santos Canales–Reyes (20), Jose Efrain Ayala–Urbina (21), Oscar Manuel Moral–Hernandez (22), Manuel Cruz (24), Javier Molina (25), Mario Guarjardo–Garcia (26) entered by Chief Judge Robert J. Conrad, Jr on 1/12/10.** (ssh) (Entered: 06/23/2010) |
| 01/13/2010 | 823 | **SEALED ORDER** *(Sealed – Attorney)***: as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (available to: USA, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez). Signed by Chief Judge Robert J. Conrad, Jr on 1/13/2010.** (tmg) (Entered: 01/13/2010) |
| 01/13/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Evidence introduced. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Nuccia – AM; Kelly – PM. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/25/2010) |
| 01/14/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen – AM; Nuccio – PM. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/25/2010) |
| 01/15/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen (all day). Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/25/2010) |
| 01/19/2010 | | Set/ Deadlines/Hearings as to Elvin Pastor Fernandez–Gradis: Initial Appearance for Material Witness set for 1/19/2010 10:15 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 01/19/2010) |
| 01/19/2010 | 824 | Rule 5(c)(3) Documents Received as to Material Witnes Herman Fernandez–Gradis (com) (Entered: 01/19/2010) |
| 01/19/2010 | | Minute Entry: INITIAL APPEARANCE FOR MATERIAL WITNESS in case as to Elvin Pastor Fernandez–Gradis held before Magistrate Judge David S. Cayer. Material witness advised of rights. Material witness moved for appointment of counsel. Court approved financial affidavit. Detention Hearing set for 1/22/2010 09:50 AM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer.Government attorney: Erin Taylor. Defendant attorney: Thomas O'Malley. Court Reporter FTR. Interpreter: David Kramer. (tob) (Entered: 01/19/2010) |

Case 3:16-cv-00057-MOC  Document 50-13  Filed 03/23/17  Page 119 of 501
Case: 8.09-cM-134  As of: 08/30/2012 12:21 PM EDT  100 of 152

JA100

| | | |
|---|---|---|
| 01/19/2010 | | **ORAL ORDER as to MATERIAL WITNESS HERMAN FERNANDEZ–GRADIS in case of Elvin Pastor Fernandez–Gradis granting Oral Motion to Appoint Counsel by Magistrate Judge David S. Cayer on 1/19/10. (tob)** (Entered: 01/19/2010) |
| 01/19/2010 | | Oral MOTION in Limine, MOTION to Strike by Johnny Elias Gonzalez. (ssh) (Entered: 01/25/2010) |
| 01/19/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 02/15/2012) |
| 01/20/2010 | 825 | Proposed Jury Instructions by USA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Santos Anibal Caballer Fernandez, Johnny Elias Gonzalez, (Morris, Adam) Modified text on 1/21/2010 to indicate defts this document applies to. (com). (Entered: 01/20/2010) |
| 01/20/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen–AM; Kelly–PM. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/25/2010) |
| 01/21/2010 | 826 | **CJA 20** *(Restricted)* **as to Elvin Pastor Fernandez–Gradis: Appointment of Attorney John James Cacheris for Herman Fernandez–Gradis (Material Witness) (mga)** (Entered: 01/21/2010) |
| 01/21/2010 | 827 | Writ of Habeas Corpus ad Testificandum Returned Executed for David Sidney Gunter, Jr on 1/21/2010 in case as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (tmg) (Entered: 01/21/2010) |
| 01/21/2010 | 828 | PRESENTENCE INVESTIGATION REPORT (Revised) *(SEALED – government and defense counsel)* as to Manuel Cruz. (available to USA, Manuel Cruz) (Beam, Karen) (Entered: 01/21/2010) |
| 01/21/2010 | | Reset Deadlines/Hearings as to Elvin Pastor Fernandez–Gradis: Detention Hearing for Material Witness reset for 1/22/2010 01:00 PM in Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. (tob) (Entered: 01/21/2010) |
| 01/21/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen–AM; Nuccio–PM. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/25/2010) |
| 01/22/2010 | 831 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Santos Canales–Reyes on 1/20/2010. (tmg) (Entered: 01/22/2010) |
| 01/22/2010 | | Minute Entry: DETENTION HEARING in case as to Elvin Pastor Fernandez–Gradis held before Magistrate Judge David S. Cayer. Material witness detained until 1/22/10 @ 5:00 pm. Government attorney: Thomas O'Malley. Defendant attorney: John Cacheris. Court Reporter FTR. Interpreter: Jackie Gonzalez. (tob) (Entered: 01/22/2010) |
| 01/22/2010 | 833 | NOTICE OF ATTORNEY APPEARANCE Benjamin Bain–Creed appearing for USA. (Bain–Creed, Benjamin) (Entered: 01/22/2010) |

| 01/22/2010 | 834 | *PROPOSED FORFEITURE JURY INSTRUCTIONS AND SPECIAL VERDICT* by USA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (Bain–Creed, Benjamin) (Entered: 01/22/2010) |
|---|---|---|
| 01/22/2010 | 835 | **ORDER OF DETENTION as to MATERIAL WITNESS HERMAN FERNANDEZ–GRADIS in case of Elvin Pastor Fernandez–Gradis. Signed by Magistrate Judge David S. Cayer on 1/22/10. (tob)** (Entered: 01/22/2010) |
| 01/22/2010 | 836 | NOTICE *OF SECURED LEAVE* by Jaime Sandoval (Osho, Lucky) (Entered: 01/22/2010) |
| 01/22/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen–AM; Kelly–PM. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/25/2010) |
| 01/24/2010 | 837 | Notice of Second Set of Proposed Forfeiture Jury Instructions and Verdict Sheet, and Request for Jury Determination of Forfeitability by USA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (Bain–Creed, Benjamin) Modified text on 1/25/2010 (com). (Entered: 01/24/2010) |
| 01/25/2010 | 838 | *Objection to Proposed Jury Instructions and Verdict Forms* by USA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (Morris, Adam) (Entered: 01/25/2010) |
| 01/25/2010 | 839 | Proposed Jury Instructions by Santos Anibal Caballer Fernandez (Burgess, David) (Entered: 01/25/2010) |
| 01/25/2010 | | Oral MOTION receive medical treatment while detained by Carlos Roberto Figueroa–Pineda, Santos Anibal Caballer Fernandez. (ssh) (Entered: 01/25/2010) |
| 01/25/2010 | 840 | **ORDER denying Oral Motions for medical treatment while detained as to Carlos Roberto Figueroa–Pineda (14), Santos Anibal Caballer Fernandez (23). However, the Court REQUESTS the Jail to provide treatment outside regular hours as an accommodation to the Court's trial schedule. Signed by Chief Judge Robert J. Conrad, Jr on 1/22/2010. (tmg)** (Entered: 01/25/2010) |
| 01/25/2010 | 841 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by Defendant; (available to: USA) (McKnight, Reggie) (Entered: 01/25/2010) |
| 01/25/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government rested. Defendants rested. Closing arguments. Oral Rule 29 Motion by defendants is denied by court. (Granted in part and denied in part as to deft Fernandez cnt 34) Oral Renewed Rule 29 Motions are Denied by Court. Government attorney: Zolot, Nazzaro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen (all day). Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/27/2010) |
| 01/26/2010 | | Minute Entry: JURY TRIAL as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr.. Courts charge. Jury retired to deliberate. Jury returns verdict. Government attorney: Zolot, Nazarro, Morris. Defendant attorney: Beam, Wright, Von Kallist, Gsell, Bender, Burgess. Court Reporter Andersen. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 01/27/2010) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 121 of 501
Case: 3:09-cr-00134   As of: 08/02/2013 12:21 PM EDT   102 of 152

JA102

| 01/26/2010 | | WAIVER of jury trial and consent to bench trial at sentencing on Forfeiture by Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez (ssh) (Entered: 01/27/2010) |
|---|---|---|
| 01/26/2010 | 842 | JURY VERDICT as to Julio Cesar Rosales Lopez (4) Guilty on Count 1sss,26sss,28sss,58sss. (Attachments: # 1 Unredacted Signature Page)(ssh) (Main Document 842 replaced on 2/1/2010) (ssh). (Entered: 01/28/2010) |
| 01/26/2010 | 843 | JURY VERDICT as to Elvin Pastor Fernandez–Gradis (6) Guilty on Count 1sss,51sss,52sss,54sss,55sss. (Attachments: # 1 Unredacted Signature Page)(ssh) (Main Document 843 replaced on 2/1/2010) (ssh). (Entered: 01/28/2010) |
| 01/26/2010 | 844 | JURY VERDICT as to Carlos Roberto Figueroa–Pineda (14) Guilty on Count 1sss,2sss,33sss,34sss,70sss. (Attachments: # 1 Unredacted Signature Page)(ssh) (Main Document 844 replaced on 2/1/2010) (ssh). (Entered: 01/28/2010) |
| 01/26/2010 | 845 | JURY VERDICT as to Johnny Elias Gonzalez (18) Guilty on Count 1sss. (Attachments: # 1 Unredacted Signature Page)(ssh) (Main Document 845 replaced on 2/1/2010) (ssh). (Entered: 01/28/2010) |
| 01/26/2010 | 846 | JURY VERDICT as to Santos Anibal Caballer Fernandez (23) Guilty on Count 1sss,8sss,53sss. (Attachments: # 1 Unredacted Signature Page)(ssh) (Main Document 846 replaced on 2/1/2010) (ssh). (Entered: 01/28/2010) |
| 01/26/2010 | 847 | JURY VERDICT as to Juan Gilberto Villalobos (5) Guilty on Count 1sss,2sss,16sss,17sss,20sss,21sss,32sss,41sss,42sss,44sss,45sss,46sss,47sss,48sss, 50sss,57sss,58sss,69sss. (Attachments: # 1 Unredacted Signature Page)(ssh) (Main Document 847 replaced on 2/1/2010) (ssh). (Entered: 01/28/2010) |
| 01/28/2010 | 849 | **(Ex Parte) ORDER granting 774 Ex Parte Motion as to Elvin Pastor Fernandez–Gradis (6); granting 820 Ex Parte Motion as to Elvin Pastor Fernandez–Gradis (6) Signed by Chief Judge Robert J. Conrad, Jr and William B Traxler, Jr. on 1/13/10. (ssh)** (Entered: 01/28/2010) |
| 01/29/2010 | 855 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Jaime Sandoval (tmg) (Entered: 01/29/2010) |
| 02/01/2010 | 856 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 01/12/2010 before Judge Conrad. (Foster, Mark) (Entered: 02/01/2010) |
| 02/01/2010 | 857 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 01/13/2010 before Judge Conrad. (Foster, Mark) (Entered: 02/01/2010) |
| 02/01/2010 | 858 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 01/14/2010 before Judge Conrad. (Foster, Mark) (Entered: 02/01/2010) |
| 02/01/2010 | 859 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 01/15/2010 before Judge Conrad. (Foster, Mark) (Entered: 02/01/2010) |
| 02/01/2010 | 860 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 01/19/2010 before Judge Conrad. (Foster, Mark) (Entered: 02/01/2010) |
| 02/01/2010 | 861 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 01/20/2010 before Judge Conrad. (Foster, Mark) (Entered: 02/01/2010) |
| 02/01/2010 | 862 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 01/21/2010 before Judge Conrad. (Foster, Mark) (Entered: 02/01/2010) |
| 02/01/2010 | 863 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 01/22/10–01/25/2010 before Judge Conrad. (Foster, Mark) (Entered: 02/01/2010) |
| 02/02/2010 | 864 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Alexi Ricardo Ramos. Objections to PSI due 02–22–2010. (available to USA, Alexi Ricardo Ramos) (Beam, Karen) (Entered: 02/02/2010) |
| 02/05/2010 | 866 | MOTION to Unseal Document *All Plea Agreements and Plea Hearing Transcripts* by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 02/23/17   Page 122 of 501
Case 3:08-cr-00134   As of: 08/13/2013 1:21 PM EDT   103 of 152

JA103

| | | |
|---|---|---|
| | | Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Responses due by 2/16/2010. Motions referred to David S. Cayer(Zolot, Kevin) (Entered: 02/05/2010) |
| 02/08/2010 | 867 | Notice of Substitution of Counsel in case as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez. Attorney William A. Brafford added on behalf of USA. Attorney Benjamin Bain–Creed terminated. (Brafford, William) (Entered: 02/08/2010) |
| 02/10/2010 | 869 | Material Witness Warrant Returned Unexecuted *(Sealed – Court)* in case as to Elvin Pastor Fernandez–Gradis. (tmg) (Entered: 02/11/2010) |
| 02/10/2010 | 870 | Material Witness Warrant Returned Executed on 1/5/2010 in case as to Elvin Pastor Fernandez–Gradis. (tmg) (Entered: 02/11/2010) |
| 02/11/2010 | 871 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Oscar Manuel Moral–Hernandez. (available to USA, Oscar Manuel Moral–Hernandez) Schedule for Sentence on or after 2/19/2010 (Beam, Karen) (Entered: 02/11/2010) |
| 02/12/2010 | | NOTICE OF HEARING as to Manuel Cruz: Sentencing set for 3/4/2010 03:00 PM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/12/2010) |
| 02/12/2010 | | NOTICE OF HEARING as to Mario Guarjardo–Garcia: Sentencing set for 3/4/2010 03:30 PM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/12/2010) |
| 02/15/2010 | 873 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by Alexi Recardo Ramos; (available to: USA, Alexi Ramos) (Weidner, James) Modified text on 2/17/2010 and added access to defendant (com). (Entered: 02/15/2010) |
| 02/17/2010 | 874 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by USA; (available to: USA, Jaime Sandoval) (Zolot, Kevin) (Entered: 02/17/2010) |
| 02/17/2010 | 875 | MOTION to Continue Sentencings by USA as to Manuel Cruz, Mario Guarjardo–Garcia. Responses due by 3/1/2010. (Zolot, Kevin) (Entered: 02/17/2010) |
| 02/17/2010 | 876 | MOTION for Extension of Time to File Response/Reply *To PSR* by Jaime Sandoval. (Osho, Lucky) (Entered: 02/17/2010) |
| 02/17/2010 | | **TEXT–ONLY ORDER finding as moot** **876** **Motion for Extension of Time to File Response/Reply as to Jaime Sandoval (19)** *Text of Order: The Court considered the defendant's late–filed objections at the sentencing hearing. Therefore this motion is moot. So Ordered.* **Entered by Chief Judge Robert J. Conrad, Jr on August 12, 2010. (Haycox, TJ)** (Entered: 08/12/2010) |
| 02/19/2010 | 877 | TRANSCRIPT of EXCERPT OF TRIAL TESTIMONY OF CHARLES BARKELY and MICHAEL ATTARD as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Canales–Reyes held on 1–13–10 before Judge ROBER CONRAD,JR. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no** |

# JA104

| | | |
|---|---|---|
| | | **notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/20/2010. (Reporter: Joy Kelly, 704–350–7495) (Main Document 877 replaced on 2/19/2010) (com). (Entered: 02/19/2010) |
| 02/19/2010 | 878 | TRANSCRIPT of TRIAL TESTIMONY EXCERPT OF B.M. ALITZER, THERESA KETTNER and KEVIN WALLIN as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1–20–10 before Judge ROBERT J. CONRAD, JR. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/20/2010. (Reporter: Joy Kelly, 704–350–7495) (Main Document 878 replaced on 2/19/2010) (com). (Entered: 02/19/2010) |
| 02/22/2010 | 880 | **ORDER granting 866 Motion to Unseal Document Plea Agreements and Plea hearing minutes as to Heverth Ulises Castellon (3), Juan Ruben Vela Garcia (7), Yelson Olider Castro–Licona (9), Nelson Hernandez–Ayala (11), Alexander Granados (16), Michael Steven Mena (17), Jaime Sandoval (19), Santos Canales–Reyes (20), Jose Efrain Ayala–Urbina (21), Javier Molina (25), Mario Guarjardo–Garcia (26). Signed by Chief Judge Robert J. Conrad, Jr on 2/19/2010. (tmg)** (Entered: 02/22/2010) |
| 02/22/2010 | 881 | RESPONSE to 873 Objection to Presentence Investigation Report *(Sealed – Attorney)* by USA; (available to: USA, Alexi Ricardo Ramos) (Zolot, Kevin) (Entered: 02/22/2010) |
| 02/24/2010 | 882 | **ORDER granting 875 Motion to Continue Sentencing as to Manuel Cruz (24), Mario Guarjardo–Garcia (26). Signed by Chief Judge Robert J. Conrad, Jr on 2/24/2010. (tmg)** (Entered: 02/24/2010) |
| 02/26/2010 | 885 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT and Response to 874 Objection to Presentence Investigation Report *(Sealed – Attorney)* (available to: Jaime Sandoval, USA) (Osho, Lucky) Modified on 3/2/2010 to set access to USA (com). (Entered: 02/26/2010) |
| 02/28/2010 | 886 | Document deleted – duplicate of document no. 885. (Entered: 02/28/2010) |
| 03/02/2010 | 887 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by Jose Efrain Ayala–Urbina; (available to: USA, Jose Efrain Ayala–Urbina) (Attachments: # 1 Exhibit Police Report #1, # 2 Exhibit Police Report #2)(Pendry, Reita) Modified on 3/2/2010 to set access to deft (com). (Entered: 03/02/2010) |
| 03/04/2010 | 890 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Yelson Olider Castro–Licona. (available to USA, Yelson Olider Castro–Licona) Schedule for Sentence on or after 10/5/2009 (Beam, Karen) (Entered: 03/04/2010) |
| 03/04/2010 | 892 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Nelson Hernandez–Ayala. (available to USA, Nelson Hernandez–Ayala) Schedule for Sentence on or after 12/30/2009 (Beam, Karen) (Entered: 03/04/2010) |
| 03/04/2010 | 894 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Alexander Granados. (available to USA, Alexander Granados) Schedule for Sentence on or after 1/29/2010 (Beam, Karen) (Entered: 03/04/2010) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 124 of 501
Case 3:09-cr-134   As of: 08/13/2013 01:21 PM EDT   105 of 132

JA105

| | | |
|---|---|---|
| 03/04/2010 | 896 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Javier Molina. (available to USA, Javier Molina) Schedule for Sentence on or after 9/29/2009 (Beam, Karen) (Entered: 03/04/2010) |
| 03/04/2010 | 898 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Juan Ruben Vela Garcia. (available to USA, Juan Ruben Vela Garcia) Schedule for Sentence on or after 3/11/2010 (Beam, Karen) (Entered: 03/04/2010) |
| 03/04/2010 | 900 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* (available to: USA, Mario Melgar–Diaz) (Morris, Adam) Modified on 3/5/2010 to give access to the deft (com). (Entered: 03/04/2010) |
| 03/04/2010 | 901 | TRANSCRIPT REQUEST by Santos Canales–Reyes for proceedings held on July 10, 2009 before Judge Cayer. (Attachments: # 1 Appendix CJA 24 FTR)(Forrester, Denzil) (Entered: 03/04/2010) |
| 03/09/2010 | 906 | TRANSCRIPT of EXCERPT OF JUAN VELA GARCIA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1–13–10 before Judge ROBERT J. CONRAD, JR.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 6/7/2010. (Reporter: Joy Kelly, 704–350–7495) (Entered: 03/09/2010) |
| 03/09/2010 | 907 | TRANSCRIPT of EXCERPT OF ALEXANDER GRANADOS as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1–20–10 before Judge ROBERT J. CONRAD, JR.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 6/7/2010. (Reporter: Joy Kelly, 704–350–7495) (Entered: 03/09/2010) |
| 03/09/2010 | 908 | TRANSCRIPT of EXCERPT OF MARCO GUZMAN–MEJIA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1–20–10 before Judge ROBERT J. CONRAD, JR.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 6/7/2010. (Reporter: Joy Kelly, 704–350–7495) (Entered: 03/09/2010) |
| 03/10/2010 | 910 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Alexi Ricardo Ramos. (available to USA, Alexi Ricardo Ramos) Schedule for Sentence on or after 3/17/2010 (Beam, Karen) (Entered: 03/10/2010) |
| 03/10/2010 | 913 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Santos Canales–Reyes. (available to USA, |

| | | |
|---|---|---|
| | | Santos Canales–Reyes) Schedule for Sentence on or after 3/26/2010 (Beam, Karen) (Entered: 03/10/2010) |
| 03/11/2010 | 917 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Heverth Ulises Castellon. Objections to PSI due 3/29/2010. (available to USA, Heverth Ulises Castellon) (Beam, Karen) (Entered: 03/11/2010) |
| 03/11/2010 | 918 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 11/30/2009 before Judge Conrad. (Foster, Mark) (Entered: 03/11/2010) |
| 03/12/2010 | 920 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Mario Guarjardo–Garcia. (available to USA, Mario Guarjardo–Garcia) Schedule for Sentence on or after 2/15/2010 (Samuels, Mewanda) (Entered: 03/12/2010) |
| 03/16/2010 | 924 | SEALED DOCUMENT *(Sealed – Attorney)*: by USA; (available to: Alejandro Enrique Ramirez Umana) (Rose, Jill) (Entered: 03/16/2010) |
| 03/18/2010 | 931 | **ORDER terminating 547 Motion for Reconsideration as to Alejandro Enrique Ramirez Umana (2); terminating 551 Motion to Amend/Correct as to Alejandro Enrique Ramirez Umana (2). The Magistrate Judge's Order [doc 510] denying the defendant's Motion for a Bill of Particulars [doc 486] is AFFIRMED. Signed by Chief Judge Robert J. Conrad, Jr on 3/18/10. (ssh)** (Entered: 03/18/2010) |
| 03/18/2010 | 932 | TRANSCRIPT of hearing on Mental Retardation as to Alejandro Enrique Ramirez Umana held on 11/30/2009 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 6/16/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 03/18/2010) |
| 03/18/2010 | 933 | **ORDER denying 480 Motion to Dismiss Counts for Improper Venue and Order [doc 527] denying the defendant's Motion In The Alternative for a Change of Venue [doc 480} is AFFIRMED as to Alejandro Enrique Ramirez Umana (2) Signed by Chief Judge Robert J. Conrad, Jr on 3/18/10. (ssh)** (Entered: 03/18/2010) |
| 03/19/2010 | 934 | **ORDER denying 690 Motion to declare Defendant ineligible for the death penalty based on mental retardation as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 3/19/10. (gpb)** (Entered: 03/19/2010) |
| 03/19/2010 | 939 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Jaime Sandoval. (available to USA, Jaime Sandoval) Schedule for Sentence on or after 3/30/2010 (Samuels, Mewanda) (Entered: 03/19/2010) |
| 03/19/2010 | 941 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Jose Efrain Ayala–Urbina. (available to USA, Jose Efrain Ayala–Urbina) Schedule for Sentence on or after 3/30/2010 (Samuels, Mewanda) (Entered: 03/19/2010) |
| 03/19/2010 | 943 | SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Alejandro Enrique Ramirez Umana) (Morris, Adam) (Entered: 03/19/2010) |
| 03/19/2010 | 944 | SEALED RESPONSE *(Sealed – Attorney)* to Motion re: 943 Sealed Motion (available to: USA, Alejandro Enrique Ramirez Umana) (Foster, Mark) (Entered: 03/19/2010) |
| 03/19/2010 | 945 | MOTION For Supplemental Preliminary Jury Instructions re 485 Miscellaneous Filing by Alejandro Enrique Ramirez Umana. Responses due by 3/29/2010. |

| | | (Bryson, John) (Entered: 03/19/2010) |
|---|---|---|
| 03/22/2010 | 946 | NOTICE *of Expert Testimony* by USA as to Alejandro Enrique Ramirez Umana (Attachments: # 1 Exhibit #1 – D. Huntington, # 2 Exhibit #2 – A. Wilde, # 3 Exhibit #3 – J. Taylor, # 4 Exhibit #4 – A. Cheramie, # 5 Exhibit #5 – S. Conrad)(Rose, Jill) (Entered: 03/22/2010) |
| 03/22/2010 | 947 | Proposed Jury Instructions by USA as to Alejandro Enrique Ramirez Umana (Brafford, William) (Entered: 03/22/2010) |
| 03/22/2010 | | Minute Entry: JURY SELECTION as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Davis, Lando. (ssh) (Entered: 03/26/2010) |
| 03/23/2010 | | Minute Entry: JURY SELECTION/TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Davis, Lando. (ssh) (Entered: 03/26/2010) |
| 03/24/2010 | 948 | SEALED DOCUMENT *(Sealed – Attorney)*: re: 943 SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Alejandro Enrique Ramirez Umana) (Attachments: # 1 nine pages of correspondence)(Rose, Jill) Modified text on 3/25/2010 (com). (Entered: 03/24/2010) |
| 03/24/2010 | | Minute Entry: JURY SELECTION/TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Davis, Lando. (ssh) (Entered: 03/26/2010) |
| 03/25/2010 | 949 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by Castellon, Heverth; (available to: USA) (Falls, Richard) (Entered: 03/25/2010) |
| 03/25/2010 | | Minute Entry: JURY SELECTION/TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Davis, Lando. (ssh) (Entered: 03/26/2010) |
| 03/26/2010 | 950 | **ORDER** *(Sealed – Attorney)* **granting in part and denying in part 943 Sealed Motion (available to: USA, Alejandro Enrique Ramirez Umana) as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 3/26/2010. (tmg)** (Entered: 03/26/2010) |
| 03/26/2010 | | Minute Entry: JURY SELECTION/TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Lando, Davis. (ssh) (Entered: 03/31/2010) |
| 03/29/2010 | 952 | PRESENTENCE INVESTIGATION REPORT (Final Revised) *(SEALED – government and defense counsel)* as to Mario Melgar–Diaz. (available to USA, Mario Melgar–Diaz) (Samuels, Mewanda) (Entered: 03/29/2010) |
| 03/29/2010 | 954 | Second MOTION to Unseal Document *Plea Agreements and Plea Hearings* by USA as to Jose Amilcar Garcia–Bonilla, Carlos Ferufino–Bonilla, Mario Melgar–Diaz. Responses due by 4/8/2010. (Zolot, Kevin) (Entered: 03/29/2010) |
| 03/29/2010 | | Minute Entry: JURY SELECTION/TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Davis, Lando. (ssh) (Entered: 03/31/2010) |
| 03/30/2010 | 957 | MOTION Motion to Oppose Unsealing Plea re 954 Second MOTION to Unseal Document *Plea Agreements and Plea Hearings* by Carlos Ferufino–Bonilla. Responses due by 4/9/2010. (Jayne, M.) (Entered: 03/30/2010) |
| 03/31/2010 | 960 | Supplemental MOTION Court determination of reliability of evidence of unadjudicated criminal acts re 483 MOTION to Strike *Notice of Nonstatutory Aggravating Factor* MOTION to Exclude *Evidence of Unadjudicated Criminal* |

Case 3:08-cr-134   As of 08/03/2012 12:21 PM EDT   108 of 152

# JA108

| | | |
|---|---|---|
| | | *Acts* by Alejandro Enrique Ramirez Umana. Responses due by 4/12/2010. (Foster, Mark) (Entered: 03/31/2010) |
| 04/01/2010 | 962 | MOTION to Exclude *The Government's Gang Expert Testimony* by Alejandro Enrique Ramirez Umana. Responses due by 4/12/2010. (Bryson, John) (Entered: 04/01/2010) |
| 04/01/2010 | 963 | MOTION to Strike *The Non−Statutory Aggravating Factor Relating to Victim "Friend" Impact Evidence* by Alejandro Enrique Ramirez Umana. Responses due by 4/12/2010. (Bryson, John) (Entered: 04/01/2010) |
| 04/05/2010 | 966 | SEALED MOTION *(Sealed − Attorney)* Motion in Limine filed by USA; (available to: USA, Alejandro Enrique Ramirez Umana) (Attachments: #_1 Exhibit A)(Morris, Adam) (Entered: 04/05/2010) |
| 04/05/2010 | 967 | RESPONSE to Motion by USA as to Alejandro Enrique Ramirez Umana re_960 Supplemental MOTION Court determination of reliability of evidence of unadjudicated criminal acts re_483 MOTION to Strike *Notice of Nonstatutory Aggravating Factor* MOTION to Exclude *Evidence of Unadjudicated Criminal Acts*Supplemental MOTION Court determination of reliability of evidence of unadjudicated criminal acts re_483 MOTION to Strike *Notice of Nonstatutory Aggravating Factor* MOTION to Exclude *Evidence of Unadjudicated Criminal Acts* (Morris, Adam) (Entered: 04/05/2010) |
| 04/06/2010 | 968 | MOTION to Strike *Future Dangerousness from the Death Notice* by Alejandro Enrique Ramirez Umana. Responses due by 4/16/2010. (Bryson, John) (Entered: 04/06/2010) |
| 04/06/2010 | 969 | **Oral ORDER terminating _945 Motion supplemental jury instruction as to Alejandro Enrique Ramirez Umana (2)(Was ruled on at sidebar during jury selection) entered by Chief Judge Robert J. Conrad, Jr on 3/22/10. (ssh)** (Entered: 04/06/2010) |
| 04/07/2010 | 973 | TRANSCRIPT of Plea and Rule 11 Hearing as to Santos Canales−Reyes held on July 10, 2010 before Judge David S. Cayer. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 7/6/2010. (Reporter: Laura Andersen, 704−350−7493) (Entered: 04/07/2010) |
| 04/08/2010 | 976 | SEALED DOCUMENT *(Sealed − Attorney)*: (available to: Alejandro Enrique Ramirez Umana) (Foster, Mark) (Entered: 04/08/2010) |
| 04/09/2010 | 980 | RESPONSE in Opposition by USA as to Alejandro Enrique Ramirez Umana re 962 MOTION to Exclude *The Government's Gang Expert Testimony* (Morris, Adam) (Entered: 04/09/2010) |
| 04/09/2010 | 981 | **ORDER denying _962 Motion to Exclude as to Alejandro Enrique Ramirez Umana (2) Signed by Chief Judge Robert J. Conrad, Jr on 4/9/10. (ssh)** (Entered: 04/09/2010) |
| 04/09/2010 | 982 | **ORDER *(Sealed − Attorney)* granting _966 Sealed Motion (available to: USA, Alejandro Enrique Ramirez Umana) as to Alejandro Enrique Ramirez Umana (2) Signed by Chief Judge Robert J. Conrad, Jr on 4/9/10. (ssh)** (Entered: 04/09/2010) |
| 04/09/2010 | 983 | **SEALED ORDER *(Sealed − Attorney)*: as to Alejandro Enrique Ramirez Umana (available to: USA, Alejandro Enrique Ramirez Umana). Signed by Chief Judge Robert J. Conrad, Jr on 4/9/2010. (tmg)** (Entered: 04/09/2010) |
| 04/10/2010 | 984 | MOTION for Discovery *Related to Capital Sentencing Proceeding* by Alejandro Enrique Ramirez Umana. Responses due by 4/20/2010. (Attachments: #_1 Declaration of Dr. Mark Cunningham)(Bryson, John) (Entered: 04/10/2010) |

**JA109**

| 04/10/2010 | 985 | REPLY TO RESPONSE to Motion by Alejandro Enrique Ramirez Umana re 960 Supplemental MOTION Court determination of reliability of evidence of unadjudicated criminal acts re 483 MOTION to Strike *Notice of Nonstatutory Aggravating Factor* MOTION to Exclude *Evidence of Unadjudicated Criminal Acts* Supplemental MOTION Court determination of reliability of evidence of unadjudicated criminal acts re 483 MOTION to Strike *Notice of Nonstatutory Aggravating Factor* MOTION to Exclude *Evidence of Unadjudicated Criminal Acts Reply to Government Response−−Document 967* (Foster, Mark) (Entered: 04/10/2010) |
|---|---|---|
| 04/12/2010 | 986 | EXHIBIT LIST by USA as to Alejandro Enrique Ramirez Umana (Rose, Jill) (Entered: 04/12/2010) |
| 04/12/2010 | | Minute Entry: JURY TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr.. Opening Statements. Evidence Introduced Government attorney: Rose, Nazzaro. Defendant attorney: Foster, Bryson. Court Reporter Andersen. Interpreter: Julia Davis, Maria Lando. (ssh) (Entered: 04/22/2010) |
| 04/13/2010 | 987 | MOTION in Limine *to exclude portions of recorded conversations* by Alejandro Enrique Ramirez Umana. Responses due by 4/23/2010. (Foster, Mark) (Entered: 04/13/2010) |
| 04/13/2010 | 988 | MEMORANDUM re: 985 Reply to Response,, *Sur−reply Regarding Reliability* by USA as to Alejandro Enrique Ramirez Umana (Morris, Adam) (Entered: 04/13/2010) |
| 04/13/2010 | 989 | RESPONSE to 949 Objection to Presentence Investigation Report *(Sealed − Attorney)* by USA; (available to: USA, Heverth Ulises Castellon) (Zolot, Kevin) (Entered: 04/13/2010) |
| 04/13/2010 | 991 | RESPONSE in Opposition by USA as to Alejandro Enrique Ramirez Umana re 968 MOTION to Strike *Future Dangerousness from the Death Notice* (Morris, Adam) (Entered: 04/13/2010) |
| 04/13/2010 | | Minute Entry: JURY TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Rose, Nazzaro. Defendant attorney: Foster, Bryson. Court Reporter Andersen AM/ Nuccio PM. Interpreter: Davis, Lando. (ssh) (Entered: 04/22/2010) |
| 04/14/2010 | 992 | RESPONSE to Motion by USA as to Alejandro Enrique Ramirez Umana re 984 MOTION for Discovery *Related to Capital Sentencing Proceeding and Cross−Motion In Limine Regarding Generalized Prison−Security Information* (Morris, Adam) (Entered: 04/14/2010) |
| 04/14/2010 | | Minute Entry: JURY TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Rose, Nazzaro. Defendant attorney: Foster, Bryson. Court Reporter Andersen. Interpreter: Davis, Lando. (ssh) (Entered: 04/22/2010) |
| 04/15/2010 | 993 | MOTION in Limine *Regarding Residual Doubt* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 4/26/2010. (Morris, Adam) (Entered: 04/15/2010) |
| 04/15/2010 | 994 | MOTION in Limine *To Preclude Unsworn Allocution* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 4/26/2010. (Morris, Adam) (Entered: 04/15/2010) |
| 04/15/2010 | 995 | Proposed Jury Instructions by Alejandro Enrique Ramirez Umana (Bryson, John) (Entered: 04/15/2010) |
| 04/15/2010 | | Minute Entry: JURY TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr.. Evidence Introduced. Government attorney: Rose, Nazzaro. Defendant attorney: Foster, Bryson. Court Reporter Andersen AM/ Nuccio PM. Interpreter: Davis, Lando. (ssh) (Entered: 04/22/2010) |
| 04/16/2010 | | Minute Entry: JURY TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr.. Government rested. Defendant rested. Closing arguments. Courts charge. Jury retired to deliberate. Oral Rule 29 Motion by |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 129 of 501
Case 3:09-cr-134   As of 08/03/2011 1:21 PM EDT   110 of 132

JA110

| | | |
|---|---|---|
| | | defendant is denied by court. Government attorney: Rose, Nazzaro. Defendant attorney: Foster, Bryson. Court Reporter Andersen. Interpreter: Lando, Davis. (ssh) (Entered: 05/04/2010) |
| 04/16/2010 | | Oral MOTION to Dismiss by USA as to Alejandro Enrique Ramirez Umana. (ssh) (Entered: 05/25/2010) |
| 04/16/2010 | | **Oral ORDER (at sidebar)granting [] Motion to Dismiss cnt 58sss as to Alejandro Enrique Ramirez Umana (2) Signed by Chief Judge Robert J. Conrad, Jr on 4/16/10. (ssh)** (Entered: 05/25/2010) |
| 04/16/2010 | | Oral MOTION for R. 29 Acquittal as to cnt 62sss by Alejandro Enrique Ramirez Umana. (ssh) (Entered: 05/25/2010) |
| 04/16/2010 | | **Oral ORDER granting [] Motion for Acquittal as to cnt 62sss as to Alejandro Enrique Ramirez Umana (2) Signed by Chief Judge Robert J. Conrad, Jr on 4/16/10. (ssh)** (Entered: 05/25/2010) |
| 04/16/2010 | | DISMISSAL OF COUNTS 62sss on Motion of Alejandro Enrique Ramirez Umana. (ssh) (Entered: 05/25/2010) |
| 04/19/2010 | 996 | MOTION in Limine *to Preclude Information and Argument Regarding "Equally Culpable" Defendants and Proportionality* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 4/29/2010. (Morris, Adam) (Entered: 04/19/2010) |
| 04/19/2010 | 997 | **ORDER denying 984 Motion for Discovery Related to Capital Sentencing Proceeding as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 4/19/2010. (cw)** (Entered: 04/19/2010) |
| 04/19/2010 | 998 | **ORDER that Exhibits 160, 161, 162, 163, 165, 166, 168, and 170 are admissable into evidence as the purported writings of the defendant. Exhibits 167 and 169 are inadmissable, however, because their probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury as to Alejandro Enrique Ramirez Umana. Signed by Chief Judge Robert J. Conrad, Jr on 4/18/2010. (cw)** (Entered: 04/19/2010) |
| 04/19/2010 | 999 | **ORDER denying 497 Defendant's Motion to Restrict the Admission of Victim Impact Evidence (2); denying 963 Motion to Strike the Non–Statutory Aggravating Factor Relating to Victim "Friend" Impact Evidence as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 4/19/2010. (cw)** (Entered: 04/19/2010) |
| 04/19/2010 | 1000 | **ORDER denying 483 Motion to Strike as to Alejandro Enrique Ramirez Umana (2); denying 483 Motion to Exclude as to Alejandro Enrique Ramirez Umana (2); granting in part and denying in part 488 Motion to Strike as to Alejandro Enrique Ramirez Umana (2); denying 968 Motion to Strike as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 4/19/10. (gpb)** (Entered: 04/19/2010) |
| 04/19/2010 | 1001 | EXHIBIT LIST by USA as to Alejandro Enrique Ramirez Umana (Rose, Jill) (Entered: 04/19/2010) |
| 04/19/2010 | | Minute Entry: JURY TRIAL as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr.. Jury returns verdict. Trial moves to Eligibility phase. Govt's opening, Defense waives opening. Jury retires to deliberate Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Davis, Lando. (ssh) (Entered: 05/04/2010) |
| 04/19/2010 | 1043 | JURY VERDICT as to Alejandro Enrique Ramirez Umana (2) Guilty on Count 1sss,22sss,23sss,24sss,25sss,27sss,28sss,61sss,63sss. (Attachments: # 1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/20/2010 | 1002 | MOTION in Limine *to exclude portions of California preliminary hearing transcript* by Alejandro Enrique Ramirez Umana. Responses due by 4/30/2010. (Foster, Mark) (Entered: 04/20/2010) |

| 04/20/2010 | 1003 | AMENDED EXHIBIT LIST by USA as to Alejandro Enrique Ramirez Umana (Rose, Jill) Modified on 4/20/2010 to add text(ssh). (Entered: 04/20/2010) |
| --- | --- | --- |
| 04/20/2010 | 1010 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Heverth Ulises Castellon. (available to USA, Heverth Ulises Castellon) Schedule for Sentence on or after 4/27/2010 (Beam, Karen) (Entered: 04/20/2010) |
| 04/20/2010 | | Minute Entry: JURY TRIAL – Death Penalty Phase as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Jury verdict finding deft eligible for Death Penalty Phase. Court instructions, Govt presents evidence.Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen am / Nuccio pm. Interpreter: Lando, Davis. (ssh) (Entered: 05/04/2010) |
| 04/20/2010 | 1044 | SPECIAL JURY VERDICT – Death Penalty Eligibility – Count 22 (Attachments: # 1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/20/2010 | 1045 | SPECIAL JURY VERDICT – Death Penalty Eligibility – Count 23 (Attachments: # 1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/20/2010 | 1046 | SPECIAL JURY VERDICT – Death Penalty Eligibility – Count 24 (Attachments: # 1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/20/2010 | 1047 | SPECIAL JURY VERDICT – Death Penalty Eligibility – Count 25 (Attachments: # 1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/21/2010 | | Minute Entry: JURY TRIAL – Death Penalty Phase as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Govt evidence continues.Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Lando, Davis. (ssh) (Entered: 05/04/2010) |
| 04/22/2010 | 1014 | RESPONSE in Opposition by Alejandro Enrique Ramirez Umana re 992 Response to Motion (Bryson, John) (Entered: 04/22/2010) |
| 04/23/2010 | 1015 | MOTION in Limine *To Restrict The Cross Examination of Dr. James Merikangas* by Alejandro Enrique Ramirez Umana. Responses due by 5/3/2010. (Bryson, John) (Entered: 04/23/2010) |
| 04/23/2010 | 1017 | MOTION in Limine *to Preclude Cross–Examination on Unadjudicated Conduct* by Alejandro Enrique Ramirez Umana. Responses due by 5/3/2010. (Foster, Mark) (Entered: 04/23/2010) |
| 04/25/2010 | 1018 | MOTION in Limine *Regarding Defense Case In–Chief and Argument* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 5/5/2010. (Morris, Adam) (Entered: 04/25/2010) |
| 04/25/2010 | 1019 | MOTION in Limine *Regarding Proposed Expert Testimony by Social Historians* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 5/5/2010. (Morris, Adam) (Entered: 04/25/2010) |
| 04/26/2010 | 1020 | MOTION in Limine *Regarding "Execution Impact" and "Mercy" Information and Argument* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 5/6/2010. (Morris, Adam) (Entered: 04/26/2010) |
| 04/26/2010 | 1021 | **ORDER granting in part and denying in part 960 Motion to Determine the Admissibility and Reliability of Evidence of Unadjudicated Acts as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 4/24/10. (gpb)** (Entered: 04/26/2010) |
| 04/26/2010 | 1023 | **ORDER denying Government's 992 Cross–Motion in Limine Regarding Generalized Prison–Security Information as to Alejandro Enrique Ramirez Umana. Signed by Chief Judge Robert J. Conrad, Jr on 4/26/10. (gpb)** (Entered: 04/26/2010) |
| 04/26/2010 | | Minute Entry: JURY TRIAL – Death Penalty Phase as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Defense presents evidenceGovernment attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 131 of 501
Case 3:08-cr-134   As of: 08/03/2012 2:21 PM EDT   112 of 152

JA112

| | | |
|---|---|---|
| | | Court Reporter Andersen AM/ Nuccio PM. Interpreter: Davis, Lando. (ssh) (Entered: 05/04/2010) |
| 04/27/2010 | 1024 | Proposed Jury Instructions by Alejandro Enrique Ramirez Umana (Bryson, John) (Entered: 04/27/2010) |
| 04/27/2010 | | Minute Entry: JURY TRIAL – Death Penalty Phase as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Defense presents evidence. Defense rests. Govt presents rebuttalGovernment attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Davis, Lando. (ssh) (Entered: 05/04/2010) |
| 04/28/2010 | 1025 | **ORDER granting 996 Motion in Limine to Preclude Information and Argument regarding "Equally Culpable" Defendants and Proportionality as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 4/28/10. (gpb)** (Entered: 04/28/2010) |
| 04/28/2010 | 1052 | Minute Entry: JURY TRIAL – Death Penalty Phase as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Jury deliberates returns VerdictGovernment attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Anderseen. Interpreter: Davis, Lando. (ssh) (ssh). (Additional attachment(s) added on 5/5/2010: #1 Deft's witness list, #2 Deft's Exhibit list, #3 Govt's Exhibit List – Guilt/Innocence Phase, #4 Govt's exhibit list Sentencing Phase, #5 Govt's Alphabetical Witness List) (ssh). (Entered: 05/04/2010) |
| 04/28/2010 | 1048 | SPECIAL JURY VERDICT – Penalty Selection – Count 22 (Attachments: #1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/28/2010 | 1049 | SPECIAL JURY VERDICT – Penalty Selection – Count 23 (Attachments: #1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/28/2010 | 1050 | SPECIAL JURY VERDICT – Penalty Selection – Count 24 (Attachments: #1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/28/2010 | 1051 | SPECIAL JURY VERDICT – Penalty Selection – Count 25 (Attachments: #1 Unredacted Signature Page)(ssh) (Entered: 05/05/2010) |
| 04/30/2010 | 1027 | MOTION for Extension of Time to File *Motions for New Trial* by Alejandro Enrique Ramirez Umana. (Foster, Mark) (Entered: 04/30/2010) |
| 04/30/2010 | 1028 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on 4/12/2010 before Judge Robert J. Conrad, Jr.. (Foster, Mark) (Entered: 04/30/2010) |
| 04/30/2010 | 1029 | TRANSCRIPT REQUEST *for guilt phase closing argument transcripts* by Alejandro Enrique Ramirez Umana for proceedings held on 4/16/2010 before Judge Robert J. Conrad, Jr.. (Foster, Mark) (Entered: 04/30/2010) |
| 04/30/2010 | 1030 | TRANSCRIPT REQUEST *for sentencing phase closing arguments* by Alejandro Enrique Ramirez Umana for proceedings held on 4/27/2010 before Judge Robert J. Conrad, Jr.. (Foster, Mark) (Entered: 04/30/2010) |
| 04/30/2010 | 1038 | TRANSCRIPT REQUEST *for guilt phase jury instructions* by Alejandro Enrique Ramirez Umana for proceedings held on 4/16/2010 before Judge Robert J. Conrad, Jr.. (Foster, Mark) (Entered: 04/30/2010) |
| 04/30/2010 | 1039 | TRANSCRIPT REQUEST *for sentencing phase instructions* by Alejandro Enrique Ramirez Umana for proceedings held on 4/27/2010 before Judge Robert J. Conrad, Jr.. (Foster, Mark) (Entered: 04/30/2010) |
| 04/30/2010 | 1040 | TRANSCRIPT REQUEST *for sentence eligibility instsructions* by Alejandro Enrique Ramirez Umana for proceedings held on 4/19/2010 before Judge Robert J. Conrad, Jr.. (Foster, Mark) (Entered: 04/30/2010) |
| 05/03/2010 | 1041 | **ORDER granting 1027 Motion for Extension of Time to File Motion for new trial. Extended to 6/14/2010 as to Alejandro Enrique Ramirez Umana (2) Signed by Chief Judge Robert J. Conrad, Jr on 5/3/10. (ssh)** (Entered: 05/03/2010) |

**JA113**

| | | |
|---|---|---|
| 05/03/2010 | | Set/Reset Deadlines as to Alejandro Enrique Ramirez Umana: Motion for new trial. Motion due by 6/14/2010. (ssh) (Entered: 05/03/2010) |
| 05/05/2010 | 1053 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Michael Steven Mena. Objections to PSI due 05/24/2010. (available to USA, Michael Steven Mena) (Beam, Karen) (Entered: 05/05/2010) |
| 05/06/2010 | 1054 | NOTICE *of Unavailability of Attorney* by Alejandro Enrique Ramirez Umana (Attachments: #_1 Exhibit A––State Notice of Secure Leave Period)(Foster, Mark) (Entered: 05/06/2010) |
| 05/07/2010 | | NOTICE OF HEARING as to Oscar Manuel Moral–Hernandez: Sentencing set for 5/18/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 05/07/2010) |
| 05/07/2010 | | NOTICE OF HEARING as to Javier Molina: Sentencing set for 5/18/2010 10:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 05/07/2010) |
| 05/07/2010 | | NOTICE OF HEARING as to Yelson Olider Castro–Licona: Sentencing set for 5/18/2010 10:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 05/07/2010) |
| 05/07/2010 | | NOTICE OF HEARING as to Manuel Cruz: Sentencing set for 5/18/2010 11:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 05/07/2010) |
| 05/11/2010 | 1056 | NOTICE *of Unavailability* by Michael Steven Mena (Meier, Steven) (Entered: 05/11/2010) |
| 05/17/2010 | 1060 | SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Javier Molina) (Morris, Adam) (Entered: 05/17/2010) |
| 05/18/2010 | | Minute Entry: SENTENCING as to Javier Molina held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Nazzaro, Morris. Defendant attorney: Pruden. Court Reporter Andersen. Interpreter: None used. (ssh) (Entered: 05/18/2010) |
| 05/18/2010 | | Minute Entry: SENTENCING as to Manuel Cruz held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Nazzaro, Morris. Defendant attorney: Bach. Court Reporter Andersen. Interpreter: Maria Lando. (ssh) Modified on 7/10/2013 to correct hearing date (ssh). (Entered: 05/20/2010) |
| 05/18/2010 | | Minute Entry: SENTENCING as to Yelson Olider Castro–Licona held before Chief Judge Robert J. Conrad, Jr. Government attorney: Nazzaro, Morris. Defendant attorney: Chandler. Court Reporter Andersen. Interpreter: Maria Lando. (ssh) (Entered: 05/20/2010) |
| 05/18/2010 | | Minute Entry: SENTENCING as to Oscar Manuel Moral–Hernandez held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Nazzaro, Morris. Defendant attorney: Lee. Court Reporter Andersen. Interpreter: Maria Lando. (ssh) (Entered: 05/20/2010) |
| 05/19/2010 | | NOTICE OF HEARING as to Alejandro Enrique Ramirez Umana: Sentencing set for 7/27/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 05/19/2010) |
| 06/04/2010 | | NOTICE OF HEARING as to Alexi Ricardo Ramos: Sentencing set for 6/29/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a* |

| | | |
|---|---|---|
| | | *separate document.*(ssh) (Entered: 06/04/2010) |
| 06/04/2010 | | NOTICE OF HEARING as to Jaime Sandoval: Sentencing set for 6/29/2010 10:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/04/2010) |
| 06/04/2010 | | NOTICE OF HEARING as to Santos Canales–Reyes: Sentencing set for 6/29/2010 10:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/04/2010) |
| 06/04/2010 | | NOTICE OF HEARING as to Jose Efrain Ayala–Urbina: Sentencing set for 6/29/2010 11:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/04/2010) |
| 06/04/2010 | | NOTICE OF HEARING as to Mario Guarjardo–Garcia: Sentencing set for 6/29/2010 11:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/04/2010) |
| 06/04/2010 | | NOTICE OF HEARING as to Heverth Ulises Castellon: Sentencing set for 6/29/2010 02:00 PM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/04/2010) |
| 06/04/2010 | | NOTICE OF HEARING as to Nelson Hernandez–Ayala: Sentencing set for 6/29/2010 03:00 PM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/04/2010) |
| 06/07/2010 | 1071 | Document deleted, duplicate of document no. 1072. Modified on 6/7/2010 (com). (Entered: 06/07/2010) |
| 06/07/2010 | 1072 | TRANSCRIPT of Testimony From Trial Proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/12/2009 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/07/2010) |
| 06/07/2010 | 1073 | TRANSCRIPT of Trial Proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/13/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 06/07/2010) |

| 06/07/2010 | 1074 | TRANSCRIPT of Testimony from trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/13/2010, P.M. Session before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/07/2010) |
| --- | --- | --- |
| 06/07/2010 | 1075 | TRANSCRIPT of Testimony from trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/14/2010 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/07/2010) |
| 06/07/2010 | 1076 | TRANSCRIPT of Testimony from trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/15/2010 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/07/2010) |
| 06/07/2010 | 1077 | TRANSCRIPT of Testimony from trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/20/2010 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/07/2010) |
| 06/07/2010 | 1078 | TRANSCRIPT of Testimony from trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/20/2010 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/07/2010) |

| | | |
|---|---|---|
| 06/07/2010 | 1079 | TRANSCRIPT of Testimony from trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/21/2010 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/07/2010) |
| 06/07/2010 | 1080 | TRANSCRIPT of Trial Proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/14/10 Afternoon Session before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 06/07/2010) |
| 06/07/2010 | 1081 | TRANSCRIPT of Trial Proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/21/10 – Afternoon Session **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 06/07/2010) |
| 06/08/2010 | 1082 | TRANSCRIPT of Testimony from trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/22/2010 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/08/2010) |
| 06/08/2010 | 1083 | TRANSCRIPT of Testimony from the trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/22/2010 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/08/2010) |

| 06/08/2010 | 1084 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Jaime Sandoval. Responses due by 6/18/2010. (Brafford, William) (Entered: 06/08/2010) |
|---|---|---|
| 06/08/2010 | 1085 | TRANSCRIPT of Testimony from trial proceedings as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez held on 1/25/2010 before Judge Robert J. Conrad, Jr.. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 9/7/2010. (Reporter: Laura Andersen, 704–350–7493) (Entered: 06/08/2010) |
| 06/08/2010 | 1086 | MOTION to Continue Sentencing by Alexander Granados. Responses due by 6/18/2010. (McIntyre, Daniel) (Entered: 06/08/2010) |
| 06/08/2010 | 1087 | **ORDER granting in part 954 Motion to Unseal Plea Agreements and Plea Hearing Minutes as to Jose Amilcar Garcia–Bonilla (8), Mario Melgar–Diaz (12). Signed by Chief Judge Robert J. Conrad, Jr on 6/8/2010. (tmg)** (Entered: 06/08/2010) |
| 06/08/2010 | 1088 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Alejandro Enrique Ramirez Umana. Objections to PSI due 06/25/2010. (available to USA, Alejandro Enrique Ramirez Umana) (Beam, Karen) (Entered: 06/08/2010) |
| 06/08/2010 | 1089 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Cesar Yoaldo Castillo. Objections to PSI due 06–25–2010. (available to USA, Cesar Yoaldo Castillo) (Beam, Karen) (Entered: 06/08/2010) |
| 06/08/2010 | 1090 | SEALED MOTION *(Sealed – Attorney)* to Continue Sentencing and Motion to Seal filed by USA; (available to: USA, Heverth Ulises Castellon) (Morris, Adam) (Entered: 06/08/2010) |
| 06/09/2010 | 1094 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Jose Amilcar Garcia–Bonilla. (available to USA, Jose Amilcar Garcia–Bonilla) Schedule for Sentence on or after 5/14/2010 (Beam, Karen) (Entered: 06/09/2010) |
| 06/09/2010 | 1096 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Jose Efrain Ayala–Urbina. Responses due by 6/21/2010. (Brafford, William) (Entered: 06/09/2010) |
| 06/09/2010 | 1097 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Nelson Hernandez–Ayala. Responses due by 6/21/2010. (Brafford, William) (Entered: 06/09/2010) |
| 06/09/2010 | 1098 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Alexi Ricardo Ramos. Responses due by 6/21/2010. (Brafford, William) (Entered: 06/09/2010) |
| 06/11/2010 | 1099 | RESPONSE in Opposition by Heverth Ulises Castellon re 1090 SEALED MOTION *(Sealed – Attorney)* to Continue Sentencing and Motion to Seal (available to: USA, Heverth Ulises Castellon) (Falls, Richard) (Entered: 06/11/2010) |
| 06/11/2010 | 1100 | SEALED DOCUMENT *(Sealed – Attorney)*: Reply in Support of Motion to Continue Sentencing re: 1090 SEALED MOTION *(Sealed – Attorney)* to Continue Sentencing and Motion to Seal filed by USA; (available to: USA, Heverth Ulises Castellon), 1099 Response in Opposition (available to: USA, Heverth Ulises Castellon) (Morris, Adam) (Entered: 06/11/2010) |

| 06/14/2010 | 1101 | **ORDER** *(Sealed – Attorney)* **denying 1090 Sealed Motion to Continue Sentencing (available to: USA, Heverth Ulises Castellon) as to Heverth Ulises Castellon (3). Signed by Chief Judge Robert J. Conrad, Jr on 6/14/2010. (tmg)** (Entered: 06/14/2010) |
|---|---|---|
| 06/14/2010 | 1102 | **ORDER granting 1086 Motion to Continue Sentencing as to Alexander Granados (16). Signed by Chief Judge Robert J. Conrad, Jr on 6/14/2010. (tmg)** (Entered: 06/14/2010) |
| 06/14/2010 | 1103 | MOTION for New Trial *and New Sentencing Hearing* by Alejandro Enrique Ramirez Umana. Responses due by 6/24/2010. (Attachments: # 1 Exhibit A––records re assignment of counsel and jail visits)(Foster, Mark) (Entered: 06/14/2010) |
| 06/15/2010 | 1104 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Heverth Ulises Castellon. Responses due by 6/25/2010. (Brafford, William) (Entered: 06/15/2010) |
| 06/15/2010 | 1105 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Jose Amilcar Garcia–Bonilla. Responses due by 6/25/2010. (Brafford, William) (Entered: 06/15/2010) |
| 06/15/2010 | 1106 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Carlos Ferufino–Bonilla. Responses due by 6/25/2010. (Brafford, William) (Entered: 06/15/2010) |
| 06/16/2010 | 1107 | NOTICE of Error/Defect by Alexi Ricardo Ramos *Notice regarding Motion for Preliminary Order of Forfeiture* (Brafford, William) (Entered: 06/16/2010) |
| 06/17/2010 | 1108 | RESPONSE in Support by Jose Efrain Ayala–Urbina re 1096 MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* (Pendry, Reita) (Entered: 06/17/2010) |
| 06/18/2010 | 1110 | **PRELIMINARY ORDER OF FORFEITURE, granting 1096 Motion for Forfeiture of Property as to Jose Efrain Ayala–Urbina (21). Signed by Chief Judge Robert J. Conrad, Jr on 6/18/2010. (tmg)** (Entered: 06/18/2010) |
| 06/22/2010 | | NOTICE OF HEARING as to Nelson Hernandez–Ayala: Sentencing RESET for 6/29/2010 02:00 PM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. (was originally scheduled for 3:00 p.m.) *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/22/2010) |
| 06/22/2010 | | NOTICE OF HEARING as to Heverth Ulises Castellon: Sentencing RESET for 6/29/2010 02:45 PM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. (was originally scheduled at 2:00 p.m.) **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/22/2010) |
| 06/22/2010 | 1113 | MOTION for Extension of Time to File Response/Reply as to 1103 MOTION for New Trial *and New Sentencing Hearing* by USA as Alejandro Enrique Ramirez Umana. (Rose, Jill) (Entered: 06/22/2010) |
| 06/23/2010 | 1114 | **ORDER granting 1113 Motion for Extension of Time to File Response/Reply re: 1103 Motion for New Trial as to Alejandro Enrique Ramirez Umana (2). Responses due by 7/9/2010. Signed by Chief Judge Robert J. Conrad, Jr on 6/23/2010. (tmg)** (Entered: 06/23/2010) |
| 06/23/2010 | 1115 | **PRELIMINARY ORDER OF FORFEITURE, granting 1104 Motion for Forfeiture of Property as to Heverth Ulises Castellon (3). Signed by Chief Judge Robert J. Conrad, Jr on 6/23/2010. (tmg)** (Entered: 06/23/2010) |
| 06/23/2010 | 1116 | **PRELIMINARY ORDER OF FORFEITURE, granting 1098 Motion for Forfeiture of Property as to Alexi Ricardo Ramos (13). Signed by Chief Judge Robert J. Conrad, Jr on 6/23/2010. (tmg)** (Entered: 06/23/2010) |
| 06/23/2010 | 1117 | **ORDER granting 954 Motion to Unseal Plea Agreement; terminating 957 Motion to Oppose Unsealing Peal Agreement as to Carlos Ferufino–Bonilla** |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 02/23/17   Page 138 of 501
Case: 08-cv-134   As of: 08/03/2013 11:21 PM EDT   119 of 152
**JA119**

| | | |
|---|---|---|
| | | **(10). Signed by Chief Judge Robert J. Conrad, Jr on 6/23/2010. (tmg)** (Entered: 06/23/2010) |
| 06/23/2010 | 1118 | **PRELIMINARY ORDER OF FORFEITURE,granting 1097 Motion for Forfeiture of Property as to Nelson Hernandez–Ayala (11). Signed by Chief Judge Robert J. Conrad, Jr on 6/23/2010. (tmg)** (Entered: 06/23/2010) |
| 06/23/2010 | 1123 | **JUDGMENT as to Yelson Olider Castro–Licona (9), Count(s) 1ss, 75 mos. imp + 3 yr SRT + 100 assessment + $1,000 CAC costs. Signed by Chief Judge Robert J. Conrad, Jr on 6/23/10. (ssh)** (Entered: 06/24/2010) |
| 06/23/2010 | 1124 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1123 Judgment (available to: USA, Yelson Olider Castro–Licona). Signed by Chief Judge Robert J. Conrad, Jr on 6/23/10. (ssh)** (Entered: 06/24/2010) |
| 06/23/2010 | 1125 | **JUDGMENT as to Manuel Cruz (24), Count(s) 1ss, 27 mos. imp + 3 yr SRT + $100 assess +$500. Signed by Chief Judge Robert J. Conrad, Jr on 6/23/10. (ssh)** (Entered: 06/24/2010) |
| 06/23/2010 | 1127 | **JUDGMENT as to Javier Molina (25), Count(s) 1ss, Time Served + 3 yr SRT + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 6/23/10. (ssh)** (Entered: 06/24/2010) |
| 06/23/2010 | 1128 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1127 Judgment (available to: USA, Javier Molina). Signed by Chief Judge Robert J. Conrad, Jr on 6/23/10. (ssh)** (Entered: 06/24/2010) |
| 06/23/2010 | 1129 | **JUDGMENT as to Oscar Manuel Moral–Hernandez (22), Count(s) 1, 1s, Dismissed; Count(s) 1ss, 34 mos. imp. + 3 yr SRT + $100 assess + $1,000 CAC costs; Count(s) 1sss, 40–41, 42, 43, 46s, 46ss–47ss, 46sss, 47s, 47sss, 48s, 48sss, 49s, 49ss, 49sss, dismissed; Count(s) 48ss, 60 mos. imp consec w/ cnt 1ss for a total of 94 months + 5 yr SRT conc w/ 1ss + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 6/23/10. (ssh)** (Entered: 06/24/2010) |
| 06/23/2010 | 1130 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1129 Judgment, (available to: USA, Oscar Manuel Moral–Hernandez). Signed by Chief Judge Robert J. Conrad, Jr on 6/23/10. (ssh)** (Entered: 06/24/2010) |
| 06/24/2010 | 1122 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by Alejandro Enrique Ramirez Umana; (available to: USA, Alejandro Enrique Ramirez Umana) (Foster, Mark) (Entered: 06/24/2010) |
| 06/24/2010 | 1126 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1125 Judgment (available to: USA, Manuel Cruz). Signed by Chief Judge Robert J. Conrad, Jr on 6/23/10. (ssh)** (Entered: 06/24/2010) |
| 06/25/2010 | 1131 | SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Nelson Hernandez–Ayala) (Zolot, Kevin) (Entered: 06/25/2010) |
| 06/28/2010 | 1132 | SEALED SENTENCING MEMORANDUM *(Sealed – Attorney)* (available to: USA, Jaime Sandoval) (Attachments: # 1 Exhibit)(Osho, Lucky) Modified on 7/30/2010 to give access to deft (com). (Entered: 06/28/2010) |
| 06/28/2010 | 1133 | SEALED DOCUMENT *(Sealed – Attorney)*: Miscellaneous Sentencing Documents (available to: USA, Heverth Ulises Castellon) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Falls, Richard) Modified on 6/29/2010 to give access to USA – regenerated NEF (com). (Entered: 06/28/2010) |
| 06/28/2010 | 1134 | SEALED MOTION *(Sealed – Attorney)* Downward Departure (available to: USA, Nelson Hernandez–Ayala) (Thorsen, Haakon) (Entered: 06/28/2010) |
| 06/28/2010 | 1135 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by USA; (available to: USA, Heverth Ulises Castellon) (Zolot, Kevin) (Entered: 06/28/2010) |
| 06/29/2010 | 1136 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Michael Steven Mena. (available to USA, Michael Steven Mena) Schedule for Sentence on or after 7/7/2010 (Beam, Karen) |

Case: 8.05-cM-134   As of: 08/09/2013 21 PM EDT   120 of 132

**JA120**

| | | |
|---|---|---|
| | | (Entered: 06/29/2010) |
| 06/29/2010 | 1138 | Judgment Returned Executed as to Javier Molina on 5/18/2010. (tmg) (Entered: 06/29/2010) |
| 06/29/2010 | | Minute Entry: SENTENCING as to Santos Canales–Reyes held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Nazzaro, Zolot, Morris. Defendant attorney: Forrester. Court Reporter Andersen. Interpreter: Peter Floyd. (ssh) Modified on 10/21/2010 to correct date(ssh). (Entered: 07/02/2010) |
| 06/29/2010 | | Minute Entry: SENTENCING as to Jose Efrain Ayala–Urbina held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Morris. Defendant attorney: Pendry. Court Reporter Andersen. Interpreter: Peter Floyd. (ssh) (Entered: 07/02/2010) |
| 06/29/2010 | | Minute Entry: SENTENCING as to Mario Guarjardo–Garcia held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Morris. Defendant attorney: Culler. Court Reporter Andersen. Interpreter: Peter Floyd. (ssh) (Entered: 07/02/2010) |
| 06/29/2010 | | Minute Entry: SENTENCING as to Nelson Hernandez–Ayala held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot. Defendant attorney: Thornsen. Court Reporter Andersen. Interpreter: Peter Floyd, Julia Davis. (ssh) (Entered: 07/02/2010) |
| 06/29/2010 | | Minute Entry: SENTENCING as to Heverth Ulises Castellon held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Morris, Nazzaro. Defendant attorney: Falls. Court Reporter Andersen. Interpreter: Floyd, Davis. (ssh) (Entered: 07/19/2010) |
| 06/29/2010 | | Minute Entry: SENTENCING as to Alexi Ricardo Ramos held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Morris, Nazzaro. Defendant attorney: Weidner. Court Reporter Andersen. Interpreter: Floyd, Davis. (ssh) (Entered: 07/19/2010) |
| 06/29/2010 | 1159 | **CONSENT ORDER AND JUDGMENT OF FORFEITURE as to Jaime Sandoval. Signed by Chief Judge Robert J. Conrad, Jr on 6/29/10. (ssh)** (Entered: 07/19/2010) |
| 06/29/2010 | | Minute Entry: SENTENCING as to Jaime Sandoval held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Morris. Defendant attorney: Osho. Court Reporter Andersen. Interpreter: Davis. (ssh) (Entered: 07/19/2010) |
| 06/30/2010 | 1139 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by Cesar Yoaldo Castillo; (available to: USA, Cesar Yoaldo Castillo) (Quander, James) Modified on 6/30/2010 to give USA access. Regenerated NEF (com). (Entered: 06/30/2010) |
| 06/30/2010 | 1143 | SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Juan Ruben Vela Garcia) (Zolot, Kevin) (Entered: 06/30/2010) |
| 07/01/2010 | 1144 | Judgment Returned Executed as to Manuel Cruz on 7/1/2010. (tmg) (Entered: 07/01/2010) |
| 07/07/2010 | 1145 | Amended OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* (available to: USA, Cesar Yoaldo Castillo) (Quander, James) Modified text on 7/7/2010 and gave access to deft (com). (Entered: 07/07/2010) |
| 07/09/2010 | 1147 | RESPONSE to Motion by USA as to Alejandro Enrique Ramirez Umana re 1103 MOTION for New Trial *and New Sentencing Hearing* (Morris, Adam) (Entered: 07/09/2010) |
| 07/13/2010 | 1148 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Alejandro Enrique Ramirez Umana. (available to USA, Manuel De Jesus Ayala) Schedule for Sentence on or after 7/20/2010 (Beam, Karen) (Entered: 07/13/2010) |

Case 3:16-cv-00057-MOC   Document 50-3   Filed 03/23/17   Page 140 of 501
Case: 8.09-cM-134   As of: 08/18/2015 11:21 PM EDT   121 of 152

**JA121**

| 07/14/2010 | | NOTICE OF HEARING as to Alejandro Enrique Ramirez Umana: Sentencing set for 7/27/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 07/14/2010) |
|---|---|---|
| 07/15/2010 | 1176 | (Pro Se) NOTICE OF APPEAL by Jaime Sandoval. (7/15/2010 is date letter was rec'd in Judge's chambers)(ssh) (Entered: 08/12/2010) |
| 07/19/2010 | 1158 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 7/29/2010. (Brafford, William) (Entered: 07/19/2010) |
| 07/19/2010 | 1160 | SEALED SENTENCING MEMORANDUM *(Sealed – Attorney)* by Defendant; (available to: USA, Alejandro Enrique Ramirez Umana) (Bryson, John) (Entered: 07/19/2010) |
| 07/20/2010 | 1161 | SEALED SENTENCING MEMORANDUM *(Sealed – Attorney)* by USA; (available to: USA, Alejandro Enrique Ramirez Umana) (Rose, Jill) (Entered: 07/20/2010) |
| 07/23/2010 | 1162 | (Pro–Se) NOTICE OF APPEAL by Santos Canales–Reyes *[Judgment not entered]*. Filing fee – IFP/CJA (Attachments: #1 Forwarding Letter from USCA, #2 Mailing Envelope) (tmg) (Entered: 07/23/2010) |
| 07/23/2010 | 1163 | Transmission of Notice of Appeal as to Santos Canales–Reyes to US Court of Appeals re 1162 Notice of Appeal. (cw) (Entered: 07/23/2010) |
| 07/23/2010 | | Original Assembled Electronic Record as to Santos Canales–Reyes Transmitted to Fourth Circuit re 1162 Notice of Appeal. (cw) (Entered: 07/23/2010) |
| 07/26/2010 | 1164 | **PRELIMINARY ORDER OF FORFEITURE, granting 1158 Motion for Forfeiture of Property as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 7/26/2010. (tmg)** (Entered: 07/26/2010) |
| 07/27/2010 | 1165 | **ORDER denying 1103 Motion for New Trial as to Alejandro Enrique Ramirez Umana (2). Signed by Chief Judge Robert J. Conrad, Jr on 7/27/2010. (tmg)** (Entered: 07/27/2010) |
| 07/27/2010 | 1166 | USCA Case Number as to Santos Canales–Reyes 10–4809 for 1162 Notice of Appeal USCA Case Manager: Richard H. Sewell. (nll) (Entered: 07/27/2010) |
| 07/27/2010 | | Minute Entry: SENTENCING as to Alejandro Enrique Ramirez Umana held before Chief Judge Robert J. Conrad, Jr. Government attorney: Rose, Nazzaro. Defendant attorney: Bryson, Foster. Court Reporter Andersen. Interpreter: Maria Lando. (ssh) (Entered: 07/27/2010) |
| 07/27/2010 | 1167 | RESPONSE to 1139 Objection to Presentence Investigation Report, 1145 Objection to Presentence Investigation Report *(Sealed – Attorney)* by USA; (available to: USA, Cesar Yoaldo Castillo) (Morris, Adam) (Entered: 07/27/2010) |
| 07/27/2010 | 1168 | **JUDGMENT as to Alejandro Enrique Ramirez Umana (2), Count(s) 1sss, Life + 5 yr SRT + CAC costs + $100 assess; Count(s) 22sss, Death + 5 yr SRT conc. + $100 assess; Count(s) 23sss, Death to run conc w/ 25sss + 5 yr SRT conc. + $100 assess; Count(s) 24sss, Death + 5 yr SRT conc. + $100 assess; Count(s) 25sss, Death to run conc w/ 23sss + 5 yr SRT + $100 assess; Count(s) 27sss, 120 months imp. conc. + 3 yr SRT conc + $100 assess; Count(s) 28sss, 240 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 58sss, 62sss, Dismissed; Count(s) 61sss, 60 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 63sss, 240 mos. imp. conc + 3 yr SRT conc. + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 7/27/10. (ssh)** (Entered: 07/28/2010) |
| 07/27/2010 | 1169 | **STATEMENT OF REASONS *(Sealed – Attorney)* re: 1168 Judgment,,, (available to: USA, Alejandro Enrique Ramirez Umana). Signed by Chief Judge Robert J. Conrad, Jr on 7/27/10. (ssh)** (Entered: 07/28/2010) |
| 07/29/2010 | 1178 | (Pro Se) NOTICE OF APPEAL by Heverth Ulises Castellon. (Rec'd in Judge's chambers 7/29/2010) (ssh) (Entered: 08/12/2010) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 141 of 501
Case: 8.09-cM-134   As of: 08/03/2013 2:21 PM EDT   122 of 152

JA122

| 08/05/2010 | 1170 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Alejandro Enrique Ramirez Umana on 7/14/08. Writ satisfied on 8/5/10. (gpb) (Entered: 08/05/2010) |
|---|---|---|
| 08/09/2010 | 1171 | NOTICE OF APPEAL by Alejandro Enrique Ramirez Umana re 1168 Judgment,,,. (Foster, Mark) (Entered: 08/09/2010) |
| 08/09/2010 | 1172 | Transmission of Notice of Appeal as to Alejandro Enrique Ramirez Umana to US Court of Appeals re 1171 Notice of Appeal. (nll) (Entered: 08/09/2010) |
| 08/11/2010 | 1174 | USCA Case Number as to Alejandro Enrique Ramirez Umana 10–6 for 1171 Notice of Appeal USCA Case Manager: Beth Walton. (cw) (Entered: 08/11/2010) |
| 08/12/2010 | 1175 | ORDER of USCA as to Alejandro Enrique Ramirez Umana re: The Court appoints John David Bryson as lead counsel and Mark Patrick Foster, Jr. as co–counsel. (cw) (Entered: 08/12/2010) |
| 08/12/2010 | 1177 | Transmission of Notice of Appeal as to Jaime Sandoval to US Court of Appeals re 1176 Notice of Appeal.(nll) (Entered: 08/12/2010) |
| 08/12/2010 | | Original Assembled Electronic Record as to Jaime Sandoval Transmitted to Fourth Circuit re 1176 Notice of Appeal *** Transmitted in 2 Parts: Part 1 (1–337) and Part 2 (355–1177). (nll) (Entered: 08/12/2010) |
| 08/12/2010 | 1179 | Transmission of Notice of Appeal as to Heverth Ulises Castellon to US Court of Appeals re 1178 Notice of Appeal. (nll) (Entered: 08/12/2010) |
| 08/12/2010 | | Original Assembled Electronic Record as to Heverth Ulises Castellon Transmitted to Fourth Circuit re 1178 Notice of Appeal. *** Transmitted in 2 Parts: Part 1 (1–324) and Part 2 (355– 1179). *** (nll) (Entered: 08/12/2010) |
| 08/12/2010 | **1180** | **JUDGMENT as to Jose Efrain Ayala–Urbina (21), Count(s) 1, 10s, 10ss, 10sss, 1s, 1ss, 51, 52, 53, 61s, 61ss, 61sss, 62s, 62ss, 62sss, 63s, 63ss, 63sss, 64s, 64ss, 64sss, 9, Dismissed; Count(s) 1sss, 168 mos. imp + 3 yr SRT + $100 assess + $1,000 CAC costs. Signed by Chief Judge Robert J. Conrad, Jr on 8/12/10. (ssh) (Entered: 08/12/2010)** |
| 08/12/2010 | **1181** | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1180 Judgment, (available to: USA, Jose Efrain Ayala–Urbina). Signed by Chief Judge Robert J. Conrad, Jr on 8/12/10. (ssh) (Entered: 08/12/2010)** |
| 08/12/2010 | **1183** | **JUDGMENT as to Santos Canales–Reyes (20), Count(s) 1, 1s, 1sss, 51, 52, 53, 55, 61s, 61ss, 61sss, 62s, 62ss, 62sss, 63s, 63ss, 63sss, 64s, 64sss, 68s, 68ss, 68sss, Dismissed; Count(s) 1ss, 84 mos. imp + 5 yr SRT + $100 assess + $1,000 CAC costs; Count(s) 64ss, 60 mos. imp. consec + 5 yr SRT + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 8/12/10. (ssh) (Entered: 08/12/2010)** |
| 08/12/2010 | **1184** | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1183 Judgment, (available to: USA, Santos Canales–Reyes). Signed by Chief Judge Robert J. Conrad, Jr on 8/12/10. (ssh) (Entered: 08/12/2010)** |
| 08/12/2010 | **1185** | **JUDGMENT as to Mario Guarjardo–Garcia (26), Count(s) 1, 12, 13s, 13ss, 13sss, 18, 19s, 19ss, 19sss, 1s, 1ss, 2, 2s, 2ss, 2sss, 49, 50, 59s, 59ss, 59sss, 60s, 60ss, 60sss, Dismissed; Count(s) 1sss, 94 mos. imp. + 3 yr SRT + $100 assess + $1,000 CAC costs. Signed by Chief Judge Robert J. Conrad, Jr on 8/12/10. (ssh) (Entered: 08/12/2010)** |
| 08/12/2010 | **1186** | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1185 Judgment, (available to: USA, Mario Guarjardo–Garcia). Signed by Chief Judge Robert J. Conrad, Jr on 8/12/10. (ssh) (Entered: 08/12/2010)** |
| 08/12/2010 | **1187** | **JUDGMENT as to Heverth Ulises Castellon (3), Count(s) 1sss, 180 mos. imp. conc. + 5 yr SRT conc. + $100 assess + $1,000 CAC costs; Count(s) 2sss, 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 46sss, 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 47sss, 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 48sss, 60 mos. imp. consec for a total of 240 mos. imp. + 5 yrs. SRT conc. + $100 assess; Count(s) 58sss, 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 61sss, 60 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 62sss, 120 mos. imp. conc. + 3 yr SRT conc.** |

Case 3:16-cv-00057-MOC   Document 50-3   Filed 03/23/17   Page 142 of 501
Case: 3:09-cr-134   As of: 08/08/2013 02:21 PM EDT   123 of 152

JA123

| | | |
|---|---|---|
| | | **+ $100 assess; Count(s) 63sss, 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 8/12/10. (ssh) (Entered: 08/12/2010)** |
| 08/12/2010 | 1188 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1187 Judgment,,, (available to: USA, Heverth Ulises Castellon). Signed by Chief Judge Robert J. Conrad, Jr on 8/12/10. (ssh) (Entered: 08/12/2010)** |
| 08/12/2010 | | **TEXT–ONLY ORDER finding as moot 1084 Motion for Forfeiture of Property as to Jaime Sandoval (19)** *Text of Order: The Court entered a Consent Order and Judgment of Forfeiture on June 29, 2010 (Doc. No. 1159), rendering this motion moot. So Ordered.* **Entered by Chief Judge Robert J. Conrad, Jr on August 12, 2010. (Haycox, TJ) (Entered: 08/12/2010)** |
| 08/16/2010 | 1189 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Carlos Roberto Figueroa–Pineda. Objections to PSI due 09–02–2010. (available to USA, Carlos Roberto Figueroa–Pineda) (Beam, Karen) (Entered: 08/16/2010) |
| 08/17/2010 | 1190 | USCA Case Number as to Jaime Sandoval 10–4896 for 1176 Notice of Appeal USCA Case Manager: Richard H. Sewell. (cw) (Entered: 08/17/2010) |
| 08/17/2010 | 1191 | ORDER of USCA as to Santos Canales–Reyes re: The Court appoints Denzil H. Forrester. (cw) (Entered: 08/17/2010) |
| 08/17/2010 | 1192 | ORDER of USCA as to Heverth Ulises Castellon re: The Court appoints Richard D. Falls. (cw) (Entered: 08/17/2010) |
| 08/17/2010 | 1193 | USCA Case Number as to Heverth Ulises Castellon 10–4897 for 1178 Notice of Appeal USCA Case Manager: Richard H. Sewell. (cw) (Entered: 08/17/2010) |
| 08/17/2010 | 1194 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Julio Cesar Rosales Lopez. Objections to PSI due 09/03/2010. (available to USA, Julio Cesar Rosales Lopez) (Beam, Karen) (Entered: 08/17/2010) |
| 08/17/2010 | 1195 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Carlos Roberto Figueroa–Pineda. Responses due by 8/27/2010. (Brafford, William) (Entered: 08/17/2010) |
| 08/18/2010 | 1196 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Julio Cesar Rosales Lopez. Responses due by 8/30/2010. (Brafford, William) (Entered: 08/18/2010) |
| 08/20/2010 | 1197 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Elvin Pastor Fernandez–Gradis. Objections to PSI due 9–7–2010. (available to USA, Elvin Pastor Fernandez–Gradis) (Beam, Karen) (Entered: 08/20/2010) |
| 08/20/2010 | 1198 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Santos Anibal Caballer Fernandez. Objections to PSI due 9/7/2010. (available to USA, Santos Anibal Caballer Fernandez) (Beam, Karen) (Entered: 08/20/2010) |
| 08/20/2010 | 1199 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Jose Efrain Ayala–Urbina on 8/20/2010. (tmg) (Entered: 08/20/2010) |
| 08/20/2010 | | Set/Reset Deadlines as to Mario Melgar–Diaz: Schedule for Sentence on or after 8/20/2010 (ssh) (Entered: 08/20/2010) |
| 08/20/2010 | 1200 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Santos Canales–Reyes re 1162 Notice of Appeal ––– Court Reporter: Laura Andersen Current Deadline: 09/27/2010 Proceedings: Sentencing 6/29/10 &Plea Hearing of 10/22/09 Ordering Party(ies): Heverth Ulises Castellon ––– [10–4809](L). (nll) (Entered: 08/20/2010) |
| 08/20/2010 | 1203 | **JUDGMENT as to Jaime Sandoval (19), Count(s) 1, 1s, 1ss, 2, 22, 28s, 28ss, 28sss, 2s, 2ss, 2sss, 37, 43s, 43ss, 43sss, 46, 47, 51, 52, 53, 54, 56s, 56ss, 56sss, 57s, 57sss, 58s, 58sss, 61s, 61ss, 61sss, 62s, 62ss, 62sss, 63s, 63ss, 63sss, 64s,** |

| | | |
|---|---|---|
| | | **64ss, 65s–66s, 65ss, 65sss, 66ss, 66sss, 67s, 67ss, 67sss, Dismissed; Count(s) 1sss, 162 mos. imp. + 5 yr SRT + $100 assess + $1,000 CAC costs; Count(s) 64sss, 60 mos. imp. consec to cnt 1sss for a total of 222 mos. imp. + 5 yr SRT + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 8/20/10. (ssh)** (Entered: 08/23/2010) |
| 08/20/2010 | 1204 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1203 Judgment,, (available to: USA, Jaime Sandoval). Signed by Chief Judge Robert J. Conrad, Jr on 8/20/10. (ssh)** (Entered: 08/23/2010) |
| 08/23/2010 | 1201 | **JUDGMENT as to Nelson Hernandez–Ayala (11), Count(s) 1, 10–11, 11s–12s, 11ss–12ss, 11sss–12sss, 12, 13s, 13ss, 13sss, 1s, 1sss, 2, 2s, 2ss, 2sss, Dismissed; Count(s) 1ss, 42 mos. imp. + 3 yr SRT + $100 assess + $500 CAC costs. Signed by Chief Judge Robert J. Conrad, Jr on 8/20/10. (ssh)** (Entered: 08/23/2010) |
| 08/23/2010 | 1202 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1201 Judgment, (available to: USA, Nelson Hernandez–Ayala). Signed by Chief Judge Robert J. Conrad, Jr on 8/20/10. (ssh)** (Entered: 08/23/2010) |
| 08/23/2010 | 1205 | **JUDGMENT as to Alexi Ricardo Ramos (13), Count(s) 14ss, 48 mos. imp conc. + 3 yr SRT conc. + $100 assess; Count(s) 1ss, 48 mos. imp conc. + 5 yr SRT conc. + $100 assess + $500 CAC costs.; Count(s) 30ss, 48 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 31ss, 60 mos. imp. consec w/ cnts 1ss, 14ss &30ss for a total of 108 mos. imp. + 5 yr SRT conc + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 8/23/10. (ssh)** (Entered: 08/23/2010) |
| 08/23/2010 | 1206 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1205 Judgment, (available to: USA, Alexi Ricardo Ramos). Signed by Chief Judge Robert J. Conrad, Jr on 8/20/10. (ssh)** (Entered: 08/23/2010) |
| 08/23/2010 | 1208 | Document deleted on 8/23/2010 – refiled as document no. 1210 – filer used wrong event (com). (Entered: 08/23/2010) |
| 08/23/2010 | 1209 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Santos Anibal Caballer Fernandez. Responses due by 9/2/2010. (Brafford, William) (Entered: 08/23/2010) |
| 08/23/2010 | 1210 | NOTICE OF APPEAL by Jaime Sandoval re 1203 Judgment. (Fee – IFP). Replaces document no. 1208 – filer used wrong event. (com) (Entered: 08/23/2010) |
| 08/23/2010 | 1211 | Transmission of Notice of Appeal as to Jaime Sandoval to US Court of Appeals re 1210 Notice of Appeal. (nll) (Entered: 08/23/2010) |
| 08/26/2010 | 1213 | TRANSCRIPT REQUEST by Alejandro Enrique Ramirez Umana for proceedings held on all proceedings before Judge Robert J. Conrad, (Foster, Mark) (Entered: 08/26/2010) |
| 08/26/2010 | 1214 | TRANSCRIPT REQUEST *CJA–24* by Alejandro Enrique Ramirez Umana for proceedings held on all proceedings in case before Judge Robert J. Conrad. (Foster, Mark) (Entered: 08/26/2010) |
| 08/27/2010 | 1215 | ORDER of USCA as to Jaime Sandoval re: The Court appoints Diana Lynn Stavroulakis. (cw) (Entered: 08/27/2010) |
| 08/27/2010 | 1216 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Alejandro Enrique Ramirez Umana re 1171 Notice of Appeal––Court Reporter: Laura Andersen Current Deadline: 10/04/2010 Proceedings: Voir Dire 3/22/10–3/29/10, Opening Statements 4/12/10, Closing Arguments 4/16/10, Jury Instructions 4/16/10 &4/27/10, Sentencing 7/28/10, Pre–trial (Suppression &Mental Retardation) 8/26/09 &11/30/09, Trial and Penalty Phase 4/12/10–4/28/10Ordering Party: Alejandro Umana. (cw) (Entered: 08/27/2010) |
| 08/27/2010 | 1217 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Alejandro Enrique Ramirez Umana re 1171 Notice of Appeal––Court Reporter: Cheryl Nuccio Current Deadline: 10/04/2010 Proceedings: Status Conference 9/28/09, Trial and Penalty Phase 4/13, 4/15/10, 4/20/10, and 4/26/10. Ordering Party(ies): Alejandro Umana. (cw) (Entered: 08/27/2010) |

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 144 of 501
Case: 8:09-cM-134   As of: 08/18/2015 1:21 PM EDT   125 of 152

**JA125**

| | | |
|---|---|---|
| 08/27/2010 | 1218 | MOTION for Extension of Time to File *Objections to Presentence Report* by Carlos Roberto Figueroa–Pineda. Motions referred to David S. Cayer(Gsell, Scott) (Entered: 08/27/2010) |
| 08/27/2010 | 1219 | TRANSCRIPT REQUEST by Santos Canales–Reyes for proceedings held on 07/23/2010 before Judge Chief Judge Conrad, Jr., (Attachments: # 1 Appendix CJA 24)(Forrester, Denzil) (Entered: 08/27/2010) |
| 08/27/2010 | 1220 | TRANSCRIPT REQUEST by Santos Canales–Reyes for proceedings held on 07/23/2010 before Judge Chief Judge Conrad, Jr., (Attachments: # 1 Appendix CJA 24)(Forrester, Denzil) (Entered: 08/27/2010) |
| 08/30/2010 | 1221 | ORDER of USCA as to Santos Canales–Reyes re: The Court consolidates Case No. 10–4809(lead), Case No. 10–4896 and 10–4897. (cw) (Entered: 08/30/2010) |
| 08/30/2010 | | NOTICE OF HEARING as to Jose Amilcar Garcia–Bonilla: Sentencing set for 10/1/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 08/30/2010) |
| 08/30/2010 | | NOTICE OF HEARING as to Mario Melgar–Diaz: Sentencing set for 10/1/2010 10:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 08/30/2010) |
| 08/30/2010 | | NOTICE OF HEARING as to Michael Steven Mena: Sentencing set for 10/1/2010 10:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 08/30/2010) |
| 08/30/2010 | 1222 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Santos Canales–Reyes re 1162 Notice of Appeal––Court Reporter: Letha Guerra Current Deadline: 10/06/2010 Proceedings: Arraignment &Detention 7/22/2008; Appearance 7/17/2008; Plea &Rule 11 7/10/2009 Ordering Party(ies): Santos Canales–Reyes. (cw) Modified on 8/30/2010 to add transcript information (cw). (Entered: 08/30/2010) |
| 08/30/2010 | 1223 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Santos Canales–Reyes re 1162 Notice of Appeal––Court Reporter: Laura Andersen Current Deadline: 10/06/2010 Proceedings: Sentencing 7/1/2010 Ordering Party(ies): Santos Canales–Reyes. (cw) (Entered: 08/30/2010) |
| 09/03/2010 | 1226 | MOTION for Extension of Time to File Response/Reply *to Presentence Report* by Julio Cesar Rosales Lopez. Motions referred to David S. Cayer(Beam, Richard) (Entered: 09/03/2010) |
| 09/03/2010 | 1227 | **ORDER granting 1218 Motion for Extension of Time to File Objections to the Presentence Report until 9/14/2010 as to Carlos Roberto Figueroa–Pineda (14). Signed by Chief Judge Robert J. Conrad, Jr on 9/3/2010. (tmg)** (Entered: 09/03/2010) |
| 09/07/2010 | 1229 | NOTICE OF APPEAL by Alexi Ricardo Ramos re 1205 Judgment, IFP – status. (bsw) (Entered: 09/07/2010) |
| 09/07/2010 | 1230 | Transmission of Notice of Appeal as to Alexi Ricardo Ramos to US Court of Appeals re 1229 Notice of Appeal. (nll) (Entered: 09/07/2010) |
| 09/07/2010 | | Original Assembled Electronic Record as to Alexi Ricardo Ramos Transmitted to Fourth Circuit re 1229 Notice of Appeal. *Transmitted electronic record in 2 Parts: Part 1 (1–351) and Part 2 (355–1230)* (nll) (Entered: 09/07/2010) |
| 09/13/2010 | 1232 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Elvin Pastor Fernandez–Gradis. (available to USA, Elvin Pastor Fernandez–Gradis) Schedule for Sentence on or after 9/28/2010 (Beam, Karen) (Entered: 09/13/2010) |

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 145 of 501
Case: 8.09-cM-134   As of 08/28/2013 4:21 PM EDT   126 of 152

JA126

| 09/13/2010 | 1234 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Santos Anibal Caballer Fernandez. Schedule for Sentence on or after 9/28/2010 (Beam, Karen) Modified on 9/14/2010 to make available to USA(gpb). (Entered: 09/13/2010) |
| 09/14/2010 | 1236 | USCA Case Number as to Alexi Ricardo Ramos 10–4971 for 1229 Notice of Appeal USCA Case Manager: Richard H. Sewell. (nll) (Entered: 09/14/2010) |
| 09/14/2010 | 1237 | ORDER of USCA as to Heverth Ulises Castellon, Alexi Ricardo Ramos, Jaime Sandoval, Santos Canales–Reyes re: The Court consolidates Case No. 10–4971 and Case No. 10–4809(L). (nll) (Entered: 09/14/2010) |
| 09/14/2010 | 1238 | ORDER of USCA as to Alexi Ricardo Ramos re: The Court appoints James Weidner, Jr to represent Alexi R. Ramos. (nll) (Entered: 09/14/2010) |
| 09/14/2010 | 1239 | Judgment Returned Executed as to Yelson Olider Castro–Licona on 9/9/2010. (tmg) (Entered: 09/14/2010) |
| 09/14/2010 | 1240 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* (available to: Carlos Roberto Figueroa–Pineda, USA) (Gsell, Scott) Modified on 9/15/2010 to give access to USA. Regenerated NEF (com). (Entered: 09/14/2010) |
| 09/15/2010 | 1241 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Jaime Sandoval re 1176 Notice of Appeal, 1210 Notice of Appeal ––– Court Reporter: Laura Andersen Current Deadline: 10/22/2010 Proceedings: Sentencing 6/29/2010 Ordering Party(ies): Jaime Sandoval ––– No.10–4896 (nll) (Entered: 09/15/2010) |
| 09/15/2010 | 1242 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Jaime Sandoval re 1176 Notice of Appeal, 1210 Notice of Appeal ––– Court Reporter: Letha Guerra FTR – Current Deadline: 10/22/2010 Proceedings: Plea Hearing 8/14/2009 Ordering Party(ies): Jaime Sandoval ––– No. 10–4896. (nll) (Entered: 09/15/2010) |
| 09/15/2010 | 1243 | MOTION to Dismiss by USA as to Cesar Yoaldo Castillo. Responses due by 9/27/2010. (Morris, Adam) (Entered: 09/15/2010) |
| 09/17/2010 | 1244 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* (available to: USA, Julio Cesar Rosales Lopez) (Beam, Richard) (Entered: 09/17/2010) |
| 09/21/2010 | 1246 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Javier Molina. Responses due by 10/1/2010. (Attachments: # 1 Exhibit A)(Brafford, William) (Entered: 09/21/2010) |
| 09/22/2010 | 1247 | Judgment Returned Executed as to Alejandro Enrique Ramirez Umana on 8/24/2010. (tmg) (Entered: 09/22/2010) |
| 09/22/2010 | 1248 | ORDER of USCA as to Alexi Ricardo Ramos re: The Court grants attorney James S. Weidners motion to withdraw from further representation on appeal. [10–4971] (nll) (Entered: 09/22/2010) |
| 09/23/2010 | 1249 | MOTION for Forfeiture of Property *Motion for Preliminary Order of Forfeiture* by USA as to Juan Gilberto Villalobos. Responses due by 10/4/2010. (Brafford, William) (Entered: 09/23/2010) |
| 09/29/2010 | 1250 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Juan Gilberto Villalobos. Objections to PSI due 10/18/2010. (available to USA, Juan Gilberto Villalobos) (Beam, Karen) (Entered: 09/29/2010) |
| 09/30/2010 | 1251 | **PRELIMINARY ORDER OF FORFEITURE, granting 1105 Motion as to Jose Amilcar Garcia–Bonilla (8). Signed by Chief Judge Robert J. Conrad, Jr on 9/30/2010. (tmg)** (Entered: 09/30/2010) |
| 09/30/2010 | 1252 | SEALED SENTENCING MEMORANDUM *(Sealed – Attorney)* by Mario Melgar–Diaz; (available to: USA, Mario Melgar–Diaz) (McKnight, Reggie) Modified text on 10/1/2010 and gave access to deft (com). (Entered: 09/30/2010) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 146 of 501
Case: 8.08-cM-134   As of: 08/08/2011 2:21 PM EDT   127 of 132

JA127

| | | |
|---|---|---|
| 09/30/2010 | 1253 | SEALED SENTENCING MEMORANDUM *(Sealed – Attorney)* by Jose Amilcar Garcia–Bonilla; (available to USA, Jose Garcia–Bonilla) (Morgan, Charles) Modified text on 10/1/2010 and restrict to applicable parties (com). (Entered: 09/30/2010) |
| 10/01/2010 | | Minute Entry: SENTENCING as to Jose Amilcar Garcia–Bonilla held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot. Defendant attorney: Morgan. Court Reporter Andersen. Interpreter: Julia Davis, Maria Lando. (ssh) Modified on 7/10/2013 to correct hearing date (ssh). (Entered: 10/04/2010) |
| 10/01/2010 | | Minute Entry: SENTENCING as to Mario Melgar–Diaz held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot. Defendant attorney: McKnight. Court Reporter Andersen. Interpreter: Julia Davis/ Maria Lando. (ssh) Modified on 7/10/2013 to correct hearing date (ssh). (Entered: 10/05/2010) |
| 10/01/2010 | | Minute Entry: SENTENCING as to Michael Steven Mena held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot. Defendant attorney: Meier. Court Reporter Andersen. Interpreter: Julia Davis, Maria Lando. (ssh) Modified on 7/10/2013 to correct hearing date (ssh). (Entered: 10/05/2010) |
| 10/04/2010 | 1254 | TRANSCRIPT of Status Conference as to Alejandro Enrique Ramirez Umana held on 9/28/09 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/3/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 10/04/2010) |
| 10/04/2010 | 1255 | TRANSCRIPT of Trial Proceedings, Vol. 2B, Afternoon Session as to Alejandro Enrique Ramirez Umana held on 4/13/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/3/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 10/04/2010) |
| 10/04/2010 | 1256 | TRANSCRIPT of Trial Proceedings, Vol. 3B, Afternoon Session as to Alejandro Enrique Ramirez Umana held on 4/14/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/3/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 10/04/2010) |
| 10/04/2010 | 1257 | TRANSCRIPT of Trial Proceedings, Vol. 4B, Afternoon Session as to Alejandro Enrique Ramirez Umana held on 4/15/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/3/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: |

| | | 10/04/2010) |
|---|---|---|
| 10/04/2010 | 1258 | TRANSCRIPT of Trial Proceedings, Vol. 5B, Afternoon Session as to Alejandro Enrique Ramirez Umana held on 4/16/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/3/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 10/04/2010) |
| 10/04/2010 | 1259 | TRANSCRIPT of Sentencing Phase, Vol. 2B, Afternoon Session as to Alejandro Enrique Ramirez Umana held on 4/20/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/3/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 10/04/2010) |
| 10/04/2010 | 1260 | TRANSCRIPT of Sentencing Phase, Vol. 4B, Afternoon Session as to Alejandro Enrique Ramirez Umana held on 4/26/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/3/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 10/04/2010) |
| 10/04/2010 | 1261 | TRANSCRIPT of Sentencing Phase, Vol. 5B, Afternoon Session as to Alejandro Enrique Ramirez Umana held on 4/27/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/3/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 10/04/2010) |
| 10/12/2010 | 1262 | MOTION to Appoint Expert *and Supplemental Services* by Alexander Granados. Motions referred to David S. Cayer(McIntyre, Daniel) (Entered: 10/12/2010) |
| 10/13/2010 | 1263 | **JUDGMENT as to Jose Amilcar Garcia–Bonilla (8), Count(s) 1, 17, 18s, 18ss, 18sss, 1s, 1ss, dismissed; Count(s) 1sss, 78 mos. imp. + 3 yr SRT + $100 fine + $500 CAC costs. Signed by Chief Judge Robert J. Conrad, Jr on 10/13/10. (ssh)** (Entered: 10/13/2010) |
| 10/13/2010 | 1264 | **STATEMENT OF REASONS** (*Sealed – Attorney*) **re:** **1264** **Judgment, (available to: USA, Jose Amilcar Garcia–Bonilla). Signed by Chief Judge Robert J. Conrad, Jr on 10/13/10. (ssh)** (Entered: 10/13/2010) |
| 10/13/2010 | 1265 | **JUDGMENT as to Mario Melgar–Diaz (12), Count(s) 1, 1s, 1sss, 2, 2s, 2ss, 2sss, 4–6, 5s–7s, 5ss–7ss, 5sss–7sss, 8, 9s, 9ss, 9sss, dismissed; Count(s) 1ss, 68 mos. imp + 3 yr SRT + $100 assess + $500 CAC costs. Signed by Chief Judge Robert J. Conrad, Jr on 10/13/10. (ssh)** (Entered: 10/13/2010) |

**JA129**

| 10/13/2010 | 1266 | **STATEMENT OF REASONS** *(Sealed – Attorney)* re: **1265** **Judgment, (available to: USA, Mario Melgar–Diaz). Signed by Chief Judge Robert J. Conrad, Jr on 10/13/10. (ssh)** (Entered: 10/13/2010) |
|---|---|---|
| 10/13/2010 | 1267 | **JUDGMENT as to Michael Steven Mena (17), Count(s) 1, 1s, 1ss, 1sss, 3, 3s, 3ss, 4s, 4ss, dismissed; Count(s) 3sss, 27 months imp. + 3 yr SRT + $100 assess + $500 CAC costs; Count(s) 4sss, 120 mos. imp consec + 5 yr SRT consec w/ cnt 3sss + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 10/13/10. (ssh)** (Entered: 10/13/2010) |
| 10/13/2010 | 1268 | **STATEMENT OF REASONS** *(Sealed – Attorney)* re: **1267** **Judgment, (available to: USA, Michael Steven Mena). Signed by Chief Judge Robert J. Conrad, Jr on 10/13/10. (ssh)** (Entered: 10/13/2010) |
| 10/13/2010 | 1269 | **(Ex Parte) EX PARTE ORDER denying 1262 Motion to Appoint Expert (for additional interpreter funds) as to Alexander Granados. Signed by Chief Judge Robert J. Conrad, Jr on 10/13/10. (com)** (Entered: 10/13/2010) |
| 10/14/2010 | 1270 | MOTION for Extension of Time to File *Objections To Presentence Report* by Juan Gilberto Villalobos. Motions referred to David S. Cayer(Wright, Roderick) (Entered: 10/14/2010) |
| 10/18/2010 | 1271 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Carlos Roberto Figueroa–Pineda. (available to USA, Carlos Roberto Figueroa–Pineda) Schedule for Sentence on or after 10/27/2010 (Beam, Karen) (Entered: 10/18/2010) |
| 10/18/2010 | 1273 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Julio Cesar Rosales Lopez. (available to USA, Julio Cesar Rosales Lopez) Schedule for Sentence on or after 10/27/2010 (Beam, Karen) (Entered: 10/18/2010) |
| 10/19/2010 | 1275 | **ORDER granting 1270 Motion for Extension of Time to File Objections to the Presentence Investigation Report until 11/1/2010 as to Juan Gilberto Villalobos (5). Signed by Chief Judge Robert J. Conrad, Jr on 10/19/2010. (tmg)** (Entered: 10/19/2010) |
| 10/19/2010 | 1276 | **ORDER granting 1243 Motion to Dismiss Count 26 of the Indictment without prejudice as to Cesar Yoaldo Castillo (15). Signed by Chief Judge Robert J. Conrad, Jr on 10/19/2010. (tmg)** (Entered: 10/19/2010) |
| 10/25/2010 | 1281 | TRANSCRIPT of INITIAL APPEARANCE as to Santos Canales–Reyes held on 7–17–2008 before Judge CARL HORN, III, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/24/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/25/2010) |
| 10/25/2010 | 1282 | TRANSCRIPT of ARRAIGNMENT AND DETENTION HEARING as to Santos Canales–Reyes held on 7–22–2008 before Judge DAVID KEESLER, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/24/2011. (Reporter: Laura Andersen, 704–350–7493) Modified date of hearing on 10/27/2010 (com). (Entered: 10/25/2010) |
| 10/25/2010 | 1283 | TRANSCRIPT of PLEA AND RULE 11 HEARING as to Santos Canales–Reyes held on 7–10–2009 before Judge DAVID CAYER, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent* |

**JA130**

| | | |
|---|---|---|
| | | *to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/24/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/25/2010) |
| 10/25/2010 | 1284 | TRANSCRIPT of SENTENCING HEARING as to Santos Canales–Reyes held on 6–29–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/24/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/25/2010) |
| 10/25/2010 | 1285 | TRANSCRIPT of PLEA AND RULE 11 HEARING as to Jaime Sandoval held on 8–14–2009 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/24/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/25/2010) |
| 10/25/2010 | 1286 | TRANSCRIPT of SENTENCING HEARING as to Jaime Sandoval held on 6–29–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/24/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/25/2010) |
| 10/25/2010 | 1287 | TRANSCRIPT of PLEA AND RULE 11 HEARING as to Alexi Ricardo Ramos held on 7–10–2009 before Judge DAVID CAYER, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/24/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/25/2010) |
| 10/25/2010 | 1288 | TRANSCRIPT of SENTENCING HEARING as to Alexi Ricardo Ramos held on 6–29–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/24/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/25/2010) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 150 of 501
Case 3:08-cr-134   As of: 08/30/2011 11:21 PM EDT   131 of 152

JA131

| | | |
|---|---|---|
| 10/25/2010 | 1289 | SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Alexander Granados) (Zolot, Kevin) (Entered: 10/25/2010) |
| 10/26/2010 | 1290 | Judgment Returned Executed as to Jaime Sandoval on 10/14/2010. (tmg) (Entered: 10/26/2010) |
| 10/27/2010 | 1292 | TRANSCRIPT of PLEA AND RULE 11 HEARING as to Heverth Ulises Castellon held on 10–22–09 before Judge DAVID S. CAYER, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/27/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/27/2010) |
| 10/27/2010 | 1293 | TRANSCRIPT of SENTENCING HEARING as to Heverth Ulises Castellon held on 6–29–10 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 1/27/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 10/27/2010) |
| 10/31/2010 | 1294 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* (available to: USA, Juan Gilberto Villalobos) (Wright, Roderick) (Entered: 10/31/2010) |
| 11/01/2010 | 1295 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Cesar Yoaldo Castillo. (available to USA, Cesar Yoaldo Castillo) Schedule for Sentence on or after 11/10/2010 (Beam, Karen) (Entered: 11/01/2010) |
| 11/02/2010 | 1297 | SEALED MOTION *(Sealed – Attorney)* Motion to Amend/Correct filed by USA; (available to: USA, Juan Ruben Vela Garcia) (Zolot, Kevin) (Entered: 11/02/2010) |
| 11/02/2010 | 1298 | SEALED MOTION *(Sealed – Attorney)* Motion to Amend/Correct filed by USA; (available to: USA, Alexander Granados) (Zolot, Kevin) (Entered: 11/02/2010) |
| 11/10/2010 | 1306 | Judgment Returned Executed as to Mario Guarjardo–Garcia on 11/1/2010. (tmg) (Entered: 11/10/2010) |
| 11/15/2010 | 1307 | Judgment Returned Executed as to Heverth Ulises Castellon on 11/8/2010. (tmg) (Entered: 11/16/2010) |
| 11/17/2010 | 1309 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED – government and defense counsel)* as to Johnny Elias Gonzalez. Objections to PSI due 12–5–10. (available to USA, Johnny Elias Gonzalez) (Beam, Karen) Modified on 11/18/2010 to show objections deadline (smj). Regenerated NEF. (Entered: 11/17/2010) |
| 11/19/2010 | 1312 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Juan Gilberto Villalobos. (available to USA, Juan Gilberto Villalobos) Schedule for Sentence on or after 12/2/2010 (Beam, Karen) (Entered: 11/19/2010) |
| 11/19/2010 | | NOTICE OF HEARING as to Cesar Yoaldo Castillo: Sentencing set for 12/21/2010 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 11/19/2010) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 151 of 501
Case: 3:09-cr-134   As of: 08/13/2013 2:21 PM EDT   132 of 132

JA132

| | | |
|---|---|---|
| 11/29/2010 | 1314 | PRESENTENCE INVESTIGATION REPORT (Revised) *(SEALED – government and defense counsel)* as to Elvin Pastor Fernandez–Gradis. (available to USA, Elvin Pastor Fernandez–Gradis) (Beam, Karen) (Entered: 11/29/2010) |
| 11/29/2010 | 1316 | PRESENTENCE INVESTIGATION REPORT (Revised Final) *(SEALED – government and defense counsel)* as to Carlos Ferufino–Bonilla. (available to USA, Carlos Ferufino–Bonilla) (Beam, Karen) (Entered: 11/29/2010) |
| 12/04/2010 | 1324 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* by Johnny Elias Gonzalez; (available to: USA, Johnny Elias Gonzalez) (Bender, Harold) Modified on 12/6/2010 to give USA access(tmg). (Entered: 12/04/2010) |
| 12/13/2010 | 1326 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED – government and defense counsel)* as to Johnny Elias Gonzalez. (available to USA, Johnny Elias Gonzalez) Schedule for Sentence on or after 12/27/2010 (Beam, Karen) (Entered: 12/13/2010) |
| 12/20/2010 | 1328 | SEALED MOTION *(Sealed – Attorney)* by USA; (available to: USA, Cesar Yoaldo Castillo) (Zolot, Kevin) Modified on 12/20/2010 to convert to a motion (com). (Entered: 12/20/2010) |
| 12/20/2010 | 1330 | *Amended* SEALED MOTION *(Sealed – Attorney)* by USA; (available to: USA, Cesar Yoaldo Castillo) (Zolot, Kevin) Modified on 12/20/2010 to convert to a motion (com). (Entered: 12/20/2010) |
| 12/21/2010 | | Minute Entry: SENTENCING as to Cesar Yoaldo Castillo held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot. Defendant attorney: Quander. Court Reporter Nuccio. Interpreter: Maria Lando, Julia Davis. (ssh) Modified on 6/27/2013 to correct hearing held date (ssh). (Entered: 01/04/2011) |
| 01/06/2011 | | **TEXT–ONLY ORDER** *(Sealed – Attorney)* **granting 1330 Sealed Motion as to Cesar Yoaldo Castillo (15)** *Text of Order: This motion was granted at the sentencing hearing. So Ordered.* **Entered by Chief Judge Robert J. Conrad, Jr on January 6, 2011. (Haycox, TJ)** (Entered: 01/06/2011) |
| 01/07/2011 | 1334 | **JUDGMENT as to Cesar Yoaldo Castillo (15), Count(s) 1, 1s, 1ss, 26s, 26ss, 26sss, 29, 30, 31, 32, 33, 34, 35s, 35ss, 36s, 36ss, 37s, 37ss, 38s, 38ss, 39s, 39ss, 40–41, 40s, 40ss, 46s, 46ss–47ss, 46sss, 47s, 47sss, Dismissed; Count(s) 1sss, 2 mos. imp. conc. + 5 yr SRT conc + $100 assess + $2,500 CAC costs; Count(s) 35sss, 2 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 36sss, 90 mos. imp. consec. + 5 yr SRT conc. + $100 assess; Count(s) 37sss, 2 mos. imp. conc. + 3 yr SRT conc + $100 assess; Count(s) 39sss, 2 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 40sss, 300 mos. imp. consec. + 5 yr SRT conc. + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 1/7/11. (ssh)** (Entered: 01/12/2011) |
| 01/07/2011 | 1335 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1334 Judgment,,, (available to: USA, Cesar Yoaldo Castillo). Signed by Chief Judge Robert J. Conrad, Jr on 1/7/11. (ssh)** (Entered: 01/12/2011) |
| 01/27/2011 | 1338 | SEALED MOTION *(Sealed – Attorney)* filed by USA; (available to: USA, Deft) (Zolot, Kevin) Modified access on 1/28/2011 (com). (Entered: 01/27/2011) |
| 01/30/2011 | 1339 | TRANSCRIPT of Opening Statements as to Alejandro Enrique Ramirez Umana held on 4–12–2010 before Judge Robert J. Conrad, Jr., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request***. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |

Case 3:16-cv-00057-MOC   Document 50-3   Filed 03/23/17   Page 152 of 501
Case: 8.09-cM-134   As of 08/08/2013 2:21 PM EDT   136 of 152

JA133

| 01/30/2011 | 1340 | TRANSCRIPT of TRIAL PROCEEDINGS as to Alejandro Enrique Ramirez Umana held on 4–12–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
|---|---|---|
| 01/30/2011 | 1341 | TRANSCRIPT of TRIAL PROCEEDINGS VOLUME 2A MORNING SESSION as to Alejandro Enrique Ramirez Umana held on 4–13–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1342 | TRANSCRIPT of TRIAL PROCEEDINGS, VOL. 3A, MORNING SESSION as to Alejandro Enrique Ramirez Umana held on 4–14–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1343 | TRANSCRIPT of TRIAL PROCEEDINGS, VOL.4A, MORNING SESSION as to Alejandro Enrique Ramirez Umana held on 4–15–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1344 | TRANSCRIPT of TRIAL PROCEEDINGS, VOL 5A, MORNING SESSION as to Alejandro Enrique Ramirez Umana held on 4–16–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1345 | TRANSCRIPT of TRIAL PROCEEDINGS, VOL. 6 as to Alejandro Enrique Ramirez Umana held on 4–19–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days.** |

**JA134**

| | | |
|---|---|---|
| | | **Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1346 | TRANSCRIPT of SENTENCING PHASE, VOL I as to Alejandro Enrique Ramirez Umana held on 4–19–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1347 | TRANSCRIPT of SENTENCING PHASE, VOL. 2A, MORNING SESSION as to Alejandro Enrique Ramirez Umana held on 4–20–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1348 | TRANSCRIPT of SENTENCING PHASE, VOL 3A, MORNING SESSION as to Alejandro Enrique Ramirez Umana held on 4–21–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1349 | TRANSCRIPT of SENTENCING PHASE, VOL 4A. MORNING SESSION as to Alejandro Enrique Ramirez Umana held on 4–26–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1350 | TRANSCRIPT of SENTENCING PHASE, VOL 5A, MORNING SESSION as to Alejandro Enrique Ramirez Umana held on 4–27–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |

Case 3:16-cv-00057-MOC   Document 50-3   Filed 03/23/17   Page 154 of 501
Case: 8:08-cM-134   As of: 08/28/2013 5:21 PM EDT   135 of 152
JA135

| 01/30/2011 | 1351 | TRANSCRIPT of SENTENCING PHASE, VOL 6 as to Alejandro Enrique Ramirez Umana held on 4–28–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1352 | TRANSCRIPT of SENTENCING HEARING as to Alejandro Enrique Ramirez Umana held on 7–27–2010 before Judge ROBERT J. CONRAD, JR., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1353 | TRANSCRIPT of Voir Dire *(Restricted)* as to Alejandro Enrique Ramirez Umana held on 3–22–2010, VOLUME 1 before Judge Conrad. Partial Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) Modified date held on 1/31/2011 (com). (Entered: 01/30/2011) |
| 01/30/2011 | 1354 | TRANSCRIPT of Voir Dire *(Restricted)* as to Alejandro Enrique Ramirez Umana held on 3–23–2010, VOL. 2 before Judge Conrad. Partial Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1355 | TRANSCRIPT of Voir Dire *(Restricted)* as to Alejandro Enrique Ramirez Umana held on 3–24–2010, VOL. 3 before Judge Conrad. Partial Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1356 | TRANSCRIPT of Voir Dire *(Restricted)* as to Alejandro Enrique Ramirez Umana held on 3–25–2010, VOL. 4 before Judge Conrad. Partial Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1357 | TRANSCRIPT of Voir Dire *(Restricted)* as to Alejandro Enrique Ramirez Umana held on 3–26–2010, VOL. 5 before Judge Conrad. Partial Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 01/30/2011 | 1358 | TRANSCRIPT of Voir Dire *(Restricted)* as to Alejandro Enrique Ramirez Umana held on 3–29–2010, VOL. 6 before Judge Conrad. Partial Release of Transcript Restriction set for 5/2/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 01/30/2011) |
| 02/07/2011 | 1360 | Judgment Returned Executed as to Nelson Hernandez–Ayala on 1/26/2011. (tmg) (Entered: 02/07/2011) |
| 02/08/2011 | | NOTICE OF HEARING as to Carlos Roberto Figueroa–Pineda: Sentencing set for 3/3/2011 09:30 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/08/2011) |
| 02/08/2011 | 1362 | Judgment Returned Executed as to Mario Melgar–Diaz on 1/13/2011. (tmg) (Entered: 02/08/2011) |
| 02/14/2011 | | NOTICE OF HEARING as to Julio Cesar Rosales Lopez: Sentencing set for 3/4/2011 09:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a* |

Case 3:16-cv-00057-MOC   Document 50-2   Filed 03/23/17   Page 155 of 501
Case: 8.09-cM-134   As of: 08/08/2013 04:21 PM EDT   136 of 152

**JA136**

| | | |
|---|---|---|
| | | *separate document.*(ssh) (Entered: 02/14/2011) |
| 02/15/2011 | | NOTICE OF HEARING as to Juan Gilberto Villalobos: Sentencing set for 3/4/2011 09:45 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/15/2011) |
| 02/15/2011 | | NOTICE OF HEARING as to Elvin Pastor Fernandez–Gradis: Sentencing set for 3/4/2011 10:15 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/15/2011) |
| 02/15/2011 | | NOTICE OF HEARING as to Johnny Elias Gonzalez: Sentencing set for 3/4/2011 11:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/15/2011) |
| 02/15/2011 | | NOTICE OF HEARING as to Santos Anibal Caballer Fernandez: Sentencing set for 3/4/2011 02:00 PM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/15/2011) |
| 02/17/2011 | 1365 | **ORDER** *(Sealed – Attorney)* **granting 1338 Sealed Motion (available to: USA, Juan Ruben Vela Garcia) as to Juan Ruben Vela Garcia (7). Signed by Chief Judge Robert J. Conrad, Jr on 2/16/2011. (tmg)** (Entered: 02/17/2011) |
| 02/17/2011 | 1366 | 4th Circuit NOTICE as to Alejandro Enrique Ramirez Umana regarding appointment of appellant counsel, Malcolm Ray Hunter as lead counsel for appeal and the Federal Defenders of San Diego, Inc. as co–counsel. (bsw) (Entered: 02/17/2011) |
| 02/25/2011 | 1367 | PRESENTENCE INVESTIGATION REPORT (Supplement to Presentence) *(SEALED – government and defense counsel)* as to Santos Anibal Caballer Fernandez. (available to USA, Santos Anibal Caballer Fernandez) (Beam, Karen) (Entered: 02/25/2011) |
| 02/28/2011 | | NOTICE OF HEARING as to Carlos Ferufino–Bonilla: Sentencing set for 3/3/2011 09:15 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/28/2011) |
| 02/28/2011 | | NOTICE OF HEARING as to Carlos Roberto Figueroa–Pineda: Sentencing set for 3/3/2011 10:15 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. **All parties are directed to appear 30 minutes prior to the scheduled hearing.** *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/28/2011) |
| 02/28/2011 | | NOTICE OF HEARING as to Carlos Ferufino–Bonilla: Sentencing RESET for 3/3/2011 10:00 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 02/28/2011) |
| 03/01/2011 | 1369 | MEMORANDUM *for Sentencing* by USA as to Julio Cesar Rosales Lopez (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Zolot, Kevin) (Entered: 03/01/2011) |
| 03/01/2011 | 1370 | MEMORANDUM *for Sentencing* by USA as to Carlos Roberto Figueroa–Pineda (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Zolot, Kevin) (Entered: 03/01/2011) |
| 03/02/2011 | 1372 | **PRELIMINARY ORDER OF FORFEITURE, granting 1195 Motion for Forfeiture of Property as to Carlos Roberto Figueroa–Pineda (14). Signed by Chief Judge Robert J. Conrad, Jr on 3/2/2011. (tmg)** (Entered: 03/02/2011) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 02/23/17   Page 156 of 501
Case: 3:05-cr-134   As of: 08/08/2013 1:21 PM EDT   137 of 152

JA137

| Date | Doc # | Description |
|---|---|---|
| 03/02/2011 | | **TEXT–ONLY ORDER granting 1226 Motion for Extension of Time to File Response/Reply as to Julio Cesar Rosales Lopez (4)Responses due by 9/17/2010.** *Text of Order: For good cause shown, the motion is granted. So Ordered.* **Entered by Chief Judge Robert J. Conrad, Jr on March 2, 2011. (Haycox, TJ)** (Entered: 03/02/2011) |
| 03/02/2011 | 1373 | **PRELIMINARY ORDER OF FORFEITURE as to Julio Cesar Rosales Lopez. Signed by Chief Judge Robert J. Conrad, Jr on 3/2/11. (ssh)** (Entered: 03/02/2011) |
| 03/02/2011 | 1374 | EXHIBIT LIST by USA as to Carlos Roberto Figueroa–Pineda (Zolot, Kevin) (Entered: 03/02/2011) |
| 03/02/2011 | 1375 | **PRELIMINARY ORDER OF FORFEITURE as to Juan Gilberto Villalobos. Signed by Chief Judge Robert J. Conrad, Jr on 3/2/11. (ssh)** (Entered: 03/02/2011) |
| 03/03/2011 | 1376 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed – Attorney)* (available to: USA, Santos Anibal Caballer Fernandez) (Burgess, David) Modified on 3/3/2011 give access to USA (chh). (Entered: 03/03/2011) |
| 03/03/2011 | 1377 | **PRELIMINARY ORDER OF FORFEITURE, granting 1106 Motion for Forfeiture of Property as to Carlos Ferufino–Bonilla (10). Signed by Chief Judge Robert J. Conrad, Jr on 3/3/2011. (tmg)** (Entered: 03/03/2011) |
| 03/03/2011 | | NOTICE OF HEARING as to Johnny Elias Gonzalez: Sentencing RESET for 3/4/2011 09:00 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before Chief Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 03/03/2011) |
| 03/03/2011 | | Minute Entry: SENTENCING as to Carlos Ferufino–Bonilla held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Nazzaro. Defendant attorney: Jayne. Court Reporter Andersen. Interpreter: Julia Davis, Max Stawsky. (ssh) Modified on 4/12/2011 to correct date(ssh). (Entered: 03/08/2011) |
| 03/03/2011 | | Minute Entry: SENTENCING as to Carlos Roberto Figueroa–Pineda held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Nazzaro. Defendant attorney: Gsell. Court Reporter Andersen. Interpreter: Julia Davis, Max Stawsky. (ssh) (Entered: 03/09/2011) |
| 03/04/2011 | 1378 | **PRELIMINARY ORDER OF FORFEITURE, granting 1209 Motion for Forfeiture of Property as to Santos Anibal Caballer Fernandez (23). Signed by Chief Judge Robert J. Conrad, Jr on 3/3/2011. (tmg)** (Entered: 03/04/2011) |
| 03/04/2011 | | Minute Entry: SENTENCING as to Elvin Pastor Fernandez–Gradis held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Nazzaro. Defendant attorney: Von Kallist. Court Reporter Andersen. Interpreter: Julia Davis, Max Stawsky. (ssh) (Entered: 03/09/2011) |
| 03/04/2011 | | Minute Entry: SENTENCING as to Santos Anibal Caballer Fernandez held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Nazzaro. Defendant attorney: Burgess. Court Reporter Andersen. Interpreter: Julia Davis, Max Stawsky. (ssh) (Entered: 03/10/2011) |
| 03/04/2011 | | Minute Entry: SENTENCING as to Juan Gilberto Villalobos held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Zolot, Nazzaro. Defendant attorney: Wright. Court Reporter Andersen. Interpreter: Julia Davis, Max Stawsky. (ssh) (Entered: 03/15/2011) |
| 03/04/2011 | | Minute Entry: SENTENCING as to Johnny Elias Gonzalez held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Nazzaro, Zolot. Defendant attorney: Bender. Court Reporter Andersen. Interpreter: Julia Davis, Max Stawsky. (ssh) (Entered: 03/15/2011) |
| 03/04/2011 | | Minute Entry: SENTENCING as to Julio Cesar Rosales Lopez held before Chief Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Nazzaro, Zolot. Defendant attorney: Beam. Court Reporter Andersen. Interpreter: Julia Davis, Max Stawsky. (ssh) (Entered: 03/15/2011) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 157 of 501
Case 3:05-cr-00134   As of: 08/13/2013 3:21 PM EDT   136 of 152
JA138

| 03/04/2011 | 1386 | SEALED DOCUMENT *(Sealed – Attorney)*: Sentencing Exhibit (available to: USA, Julio Rosales–Lopez) (ssh) . (Entered: 03/15/2011) |
|---|---|---|
| 03/06/2011 | 1379 | MOTION Approval of Payment to Interpreter in Excess of Original Allowance by Santos Anibal Caballer Fernandez. Responses due by 3/17/2011. (Burgess, David) (Entered: 03/06/2011) |
| 03/08/2011 | 1380 | NOTICE OF APPEAL by Santos Anibal Caballer Fernandez. (IFP/CJA) (Burgess, David) (Entered: 03/08/2011) |
| 03/09/2011 | 1381 | Transmission of Notice of Appeal as to Santos Anibal Caballer Fernandez to US Court of Appeals re 1380 Notice of Appeal (jhg) (Entered: 03/09/2011) |
| 03/11/2011 | 1382 | MOTION to Appoint Expert *Services in Excess of Standard Maximum* by USA as to Nelson Hernandez–Ayala. Motions referred to David S. Cayer(Thorsen, Haakon) (Entered: 03/11/2011) |
| 03/14/2011 | 1383 | Document deleted on 3/14/2011, wrong event used. See document no. 1384. NEF regenerated (com). (Entered: 03/14/2011) |
| 03/14/2011 | 1384 | NOTICE OF APPEAL by Julio Cesar Rosales Lopez. (IFP/CJA) (Replaced Document 1383) (com) (Entered: 03/14/2011) |
| 03/14/2011 | 1385 | Transmission of Notice of Appeal as to Julio Cesar Rosales Lopez to US Court of Appeals re 1384 Notice of Appeal (jhg) (Entered: 03/14/2011) |
| 03/15/2011 | 1387 | Freedom of Information Act request by Johnny Elias Gonzalez. (No hearing required) (ssh) (Entered: 03/15/2011) |
| 03/15/2011 | 1388 | USCA Case Number as to Santos Anibal Caballer Fernandez 11–4284 for 1380 Notice of Appeal USCA Case Manager: Richard H. Sewell. (jhg) (Entered: 03/15/2011) |
| 03/16/2011 | 1389 | NOTICE OF APPEAL by Johnny Elias Gonzalez. (IFP/CJA) (Bender, Harold) (Entered: 03/16/2011) |
| 03/16/2011 | 1390 | Transmission of Notice of Appeal as to Johnny Elias Gonzalez to US Court of Appeals re 1389 Notice of Appeal (jhg) (Entered: 03/16/2011) |
| 03/16/2011 | 1391 | Amended Transmission of Notice of Appeal as to Johnny Elias Gonzalez to US Court of Appeals re 1389 Notice of Appeal (jhg) (Entered: 03/16/2011) |
| 03/20/2011 | 1392 | Document deleted on 3/21/2011 refiled as document no. 1393 using the correct event (com). NEF regenerated. (Entered: 03/20/2011) |
| 03/20/2011 | 1393 | NOTICE OF APPEAL by Elvin Pastor Fernandez–Gradis. (IFP/CJA) *(Replaces document 1392 – wrong event used.)* (com) (Entered: 03/21/2011) |
| 03/21/2011 | 1394 | Transmission of Notice of Appeal as to Elvin Pastor Fernandez–Gradis to US Court of Appeals re 1393 Notice of Appeal (jhg) (Entered: 03/21/2011) |
| 03/22/2011 | 1395 | Amended MOTION Approval of Payment to Court–Appointed Interpreter in Excess of Standard Maximum re 1379 MOTION Approval of Payment to Interpreter in Excess of Original Allowance by Santos Anibal Caballer Fernandez. Responses due by 4/1/2011. (Burgess, David) (Entered: 03/22/2011) |
| 03/22/2011 | 1396 | USCA Case Number as to Johnny Elias Gonzalez 11–4300 for 1389 Notice of Appeal USCA Case Manager: Richard H. Sewell. (jhg) (Entered: 03/23/2011) |
| 03/24/2011 | 1397 | USCA Case Number as to Elvin Pastor Fernandez–Gradis 11–4319 for 1393 Notice of Appeal USCA Case Manager: Richard H. Sewell. (nll) (Entered: 03/24/2011) |
| 03/24/2011 | 1398 | USCA Case Number as to Julio Cesar Rosales Lopez 11–4320 for 1384 Notice of Appeal USCA Case Manager: Richard H. Sewell. (nll) (Entered: 03/24/2011) |
| 03/30/2011 | 1399 | NOTICE *of Withdrawal of Counsel* by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 158 of 501
Case: 8.09-cM-134   As of: 08/24/2018 1:21 PM EDT   139 of 152

JA139

| | | |
|---|---|---|
| | | Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia (Gast, Don) (Entered: 03/30/2011) |
| 03/30/2011 | | Attorney update: Attorney Don Gast terminated. (com) (Entered: 03/30/2011) |
| 04/13/2011 | 1402 | **JUDGMENT as to Carlos Ferufino–Bonilla (10), Count(s) 1, 17, 18s, 18ss, 18sss, 1s, 1sss, Dismissed; Count(s) 1ss, 78 mos. imp. + 3 yr SRT + $100 assess + $1,000 CAC costs. Signed by Chief Judge Robert J. Conrad, Jr on 4/13/11. (ssh)** (Entered: 04/13/2011) |
| 04/13/2011 | 1403 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1402 Judgment, (available to: USA, Carlos Ferufino–Bonilla). Signed by Chief Judge Robert J. Conrad, Jr on 4/13/11. (ssh)** (Entered: 04/13/2011) |
| 04/13/2011 | 1404 | **JUDGMENT as to Carlos Roberto Figueroa–Pineda (14), Count(s) 1, 1s, 1ss, 2, 27, 28, 2s, 2ss, 33s, 33ss, 34s, 34ss, 70s, Dismissed; Count(s) 1sss, 240 mos. imp. + 3 yrs SRT + $100 assess + $2,000.00 CAC costs; Count(s) 2sss, 120 mos. imp. consec. + 3 yr SRT + $100 assess; Count(s) 33sss, 60 mos. imp. conc. + 3 yr SRT + $100 assess; Count(s) 34sss, 60 mos. imp. consec to a total of 420 mos. imp. + 5 yr SRT + $100 assess; Count(s) 70ss, Dismissed`; Count(s) 70sss, 60 mos. imp conc. + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 4/13/11. (ssh)** (Entered: 04/13/2011) |
| 04/13/2011 | 1405 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1404 Judgment,, (available to: USA, Carlos Roberto Figueroa–Pineda). Signed by Chief Judge Robert J. Conrad, Jr on 4/13/11. (ssh)** (Entered: 04/13/2011) |
| 04/13/2011 | 1406 | **JUDGMENT as to Elvin Pastor Fernandez–Gradis (6), Count(s) 1, 1s, 1ss, 45, 51s, 51ss, 52ss, 54s, 54ss, 55ss, Dismissed; Count(s) 1sss, Life imp. + 5 yr SRT + $100 assess + $2,000 CAC costs; Count(s) 51sss, Life imp. conc. + 5 yr SRT conc. + $100 assess; Count(s) 52s, 55s, Dismissed`; Count(s) 52sss, Life imp. consec. + 5 yr SRT conc. + $100 assess; Count(s) 54sss, 120 mos. imp. + 3 yr SRT conc. + $100 assess; Count(s) 55sss, 24 mos. imp. conc. + 3 yr SRT con. + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 4/13/11. (ssh)** (Entered: 04/13/2011) |
| 04/13/2011 | 1407 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1406 Judgment,, (available to: USA, Elvin Pastor Fernandez–Gradis). Signed by Chief Judge Robert J. Conrad, Jr on 4/13/11. (ssh)** (Entered: 04/13/2011) |
| 04/13/2011 | 1408 | **JUDGMENT as to Juan Gilberto Villalobos (5), Count(s) 16sss, 48 mos. imp. conc. + 1 yr SRT conc. + $100 assess; Count(s) 17sss, 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 1sss, 144 Mos. imp. conc. +3 yr SRT conc. + $2,000.00 CAC costs + $100 assess; Count(s) 20sss, 48 mos. imp. conc. 1 yr SRT conc. + $100 assess; Count(s) 21sss, 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 2sss, 144 Mos. imp. conc. + 4 yr SRT conc. + $100 assess; Count(s) 32sss, 48 mos. imp. conc. 1 yr SRT conc. + $100 assess; Count(s) 41sss, 120 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 42sss, 48 mos. imp. conc. 1 yr SRT conc. + $100 assess; Count(s) 44sss, 48 mos. imp. conc. 1 yr SRT conc. + $100 assess; Count(s) 45sss, 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 46sss, 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 47sss, 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 48sss, 60 mos. imp. consec. for a TOTAL OF 204 mos. imp. + 5 yr SRT + $100 assess; Count(s) 50sss, 120 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 57sss, 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 58sss, 144 Mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 69sss, 120 mos. imp. conc. + 3 yr SRT conc. + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 4/13/11. (ssh)** (Entered: 04/13/2011) |
| 04/13/2011 | 1409 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1408 Judgment, (available to: USA, Juan Gilberto Villalobos). Signed by Chief Judge Robert J. Conrad, Jr on 4/13/11. (ssh)** (Entered: 04/13/2011) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 159 of 501
Case: 8.09-cM-134   As of: 08/13/2013   1:21 PM EDT   140 of 152

JA140

| 04/13/2011 | 1410 | NOTICE OF APPEAL by Carlos Roberto Figueroa–Pineda. (IFP/CJA) (Gsell, Scott) (Entered: 04/13/2011) |
|---|---|---|
| 04/13/2011 | 1411 | Transmission of Notice of Appeal as to Carlos Roberto Figueroa–Pineda to US Court of Appeals re 1410 Notice of Appeal (jhg) (Entered: 04/13/2011) |
| 04/19/2011 | 1412 | **JUDGMENT as to Johnny Elias Gonzalez (18), Count(s) 1, 1s, 1ss, Dismissed; Count(s) 1sss, 360 mos. imp. + 5 yr SRT + $100 assess + $2,000.00. Signed by Chief Judge Robert J. Conrad, Jr on 4/19/11. (ssh)** (Entered: 04/19/2011) |
| 04/19/2011 | 1413 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1412 Judgment (available to: USA, Johnny Elias Gonzalez). Signed by Chief Judge Robert J. Conrad, Jr on 4/19/11. (ssh)** (Entered: 04/19/2011) |
| 04/19/2011 | 1414 | **JUDGMENT as to Santos Anibal Caballer Fernandez (23), Count(s) 1, 1s, 1ss, 53s, 53ss, 7, 8s, 8ss, Dismissed; Count(s) 1sss, 150 mos. imp. + 3 yr SRT conc. + $100 assess + $2,000 CAC costs; Count(s) 53sss, 150 mos. imp conc. + 3 yr SRT conc. + $100 assess; Count(s) 8sss, 120 mos. imp conc. + 3 yr SRT conc. + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 4/19/11. (ssh)** (Entered: 04/19/2011) |
| 04/19/2011 | 1415 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1414 Judgment, (available to: USA, Santos Anibal Caballer Fernandez). Signed by Chief Judge Robert J. Conrad, Jr on 4/19/11. (ssh)** (Entered: 04/19/2011) |
| 04/21/2011 | 1416 | USCA Case Number as to Carlos Roberto Figueroa–Pineda 11–4418 for 1410 Notice of Appeal USCA Case Manager: Richard H. Sewell. (jhg) (Entered: 04/21/2011) |
| 04/21/2011 | 1417 | ORDER of USCA as to Carlos Roberto Figueroa–Pineda re: The court appoints Scott Gsell to represent Carlos Roberto Figueroa–Pineda. No. 11–4418 (jhg) (Entered: 04/21/2011) |
| 04/21/2011 | 1418 | ORDER of USCA as to Santos Anibal Caballer Fernandez re: The court appoints David Q. Burgess to represent Santos Anibal Caballer Fernandez. (jhg) (Entered: 04/22/2011) |
| 04/21/2011 | 1419 | ORDER of USCA as to Johnny Elias Gonzalez re: The court appoints Harold J. Bender to represent Johnny E. Gonzalez. (jhg) (Entered: 04/22/2011) |
| 04/23/2011 | 1420 | NOTICE OF APPEAL by Juan Gilberto Villalobos re 1408 Judgment,,,,,. (IFP/CJA) (Wright, Roderick) (Entered: 04/23/2011) |
| 04/25/2011 | 1421 | Transmission of Notice of Appeal as to Juan Gilberto Villalobos to US Court of Appeals re 1420 Notice of Appeal (jhg) (Entered: 04/25/2011) |
| 04/25/2011 | 1422 | ORDER of USCA as to Elvin Pastor Fernandez–Gradis re: The court grants the motion to relieve counsel from further representation on appeal. The court appoints Casper Fredric Marcinak, III to represent appellant on appeal. (jhg) (Entered: 04/25/2011) |
| 04/26/2011 | 1423 | **JUDGMENT as to Julio Cesar Rosales Lopez (4), Count(s) 1, 1s, 1ss, 22, 26s, 26ss, 28s, 28ss, 48, 58s, 58ss, Dismissed; Count(s) 1sss, 240 mos. imp. conc. + 3 yr SRT conc. + $100 assess + $2,000 CAC costs; Count(s) 26sss, 180 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 28sss, 240 mos. imp. conc. + 3 yr SRT conc. + $100 assess; Count(s) 58sss, 80 mos. imp. consec. for a total of 320 mos. imp. + 3 yr SRT conc. + $100 assess. Signed by Chief Judge Robert J. Conrad, Jr on 4/25/11. (ssh)** (Entered: 04/26/2011) |
| 04/26/2011 | 1424 | **STATEMENT OF REASONS** *(Sealed – Attorney)* **re: 1423 Judgment,, (available to: USA, Julio Cesar Rosales Lopez). Signed by Chief Judge Robert J. Conrad, Jr on 4/25/11. (ssh)** (Entered: 04/26/2011) |
| 04/27/2011 | 1425 | ORDER of USCA as to Julio Cesar Rosales Lopez re: The court appoints Richard E. Beam, Jr. to represent Julio Cesar Rosales Lopez. (jhg) (Entered: 04/27/2011) |
| 04/29/2011 | 1426 | ORDER of USCA as to Carlos Roberto Figueroa–Pineda re: The court grants the motion to withdraw as counsel on appeal. The court appoints John Clark Fischer to represent appellant on appeal. (jhg) (Entered: 04/29/2011) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 160 of 501
Case: 8.09-cM-134   As of: 08/30/2011 12:21 PM EDT   147 of 492

JA141

| | | |
|---|---|---|
| 04/29/2011 | 1427 | ORDER of USCA as to Julio Cesar Rosales Lopez, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez re: The court consolidates Case No. 11–4284 and Case Nos. 11–4300, 11–4319, 11–4320, and 11–4418. Lead Case being No. 11–4284 (L). (jhg) (Entered: 04/29/2011) |
| 05/03/2011 | 1428 | ORDER of USCA as to Juan Gilberto Villalobos re: The court appoints Roderick M. Wright, Jr. to represent Juan Gilberto Villalobos. No. 11–4458 (jhg) (Entered: 05/03/2011) |
| 05/03/2011 | 1429 | USCA Case Number as to Juan Gilberto Villalobos 11–4458 for 1420 Notice of Appeal USCA Case Manager: Richard H. Sewell. (jhg) (Entered: 05/03/2011) |
| 05/03/2011 | 1430 | ORDER of USCA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez re: consolidating case 11–4458 with 11–4284(Lead Case) (nll) (Entered: 05/03/2011) |
| 05/04/2011 | 1431 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Santos Anibal Caballer Fernandez on 4/26/2011. (tmg) (Entered: 05/04/2011) |
| 05/09/2011 | 1432 | Judgment Returned Executed as to Cesar Yoaldo Castillo on 5/3/2011. (tmg) (Entered: 05/09/2011) |
| 05/20/2011 | 1433 | NOTICE OF ATTORNEY APPEARANCE: Casper Fredric Marcinak, III appearing for Elvin Pastor Fernandez–Gradis (Marcinak, Casper) (Entered: 05/20/2011) |
| 05/23/2011 | 1434 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Elvin Pastor Fernandez–Gradis re 1393 Notice of Appeal; Court Reporter: Laura Andersen Current Deadline: 06/29/2011 Proceedings: Closing ARgs 1/25/2010; Pre–trial Order Motion in Limine 1/12/10 Ordering Party(ies): Elvin Fernandez Gradis (jhg) (Entered: 05/23/2011) |
| 05/25/2011 | 1435 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Santos Anibal Caballer Fernandez re 1380 Notice of Appeal Court Reporter: Laura Andersen Current Deadline: 07/01/2011 Proceedings: Voir Dire 1/12/10; Opn &closing Stmts 1/12/2010, 1/25/2010; Jury Ins 1/26/2010; Sentencing 3/24/2011; All Testimony 1/12,15,20,21,22,25/2010; Rule 29 motion 1/25/2010 Ordering Party(ies): Santos Fernandez No.11–4284 (L) (jhg) (Entered: 05/25/2011) |
| 05/25/2011 | 1436 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Santos Anibal Caballer Fernandez re 1380 Notice of Appeal Court Reporter: Joy Kelly Current Deadline: 07/01/2011 Proceedings: Testimony 1/13/2010; 1/20/2010; 1/22/2010 Ordering Party(ies): santos Fernandez No.11–4284 (L) (jhg) (Entered: 05/25/2011) |
| 05/25/2011 | 1437 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Santos Anibal Caballer Fernandez re 1380 Notice of Appeal Court Reporter: Cheryl Nuccio Current Deadline: 07/01/2011 Proceedings: Testimony 1/13/2010; 1/14/2010; 1/21/2010 Ordering Party(ies): Santos Fernandez No.11–4284 (L) (jhg) (Entered: 05/25/2011) |
| 06/06/2011 | 1439 | SEALED MOTION *(Sealed – Attorney)* Motion filed by USA; (available to: USA, Alexander Granados) (Zolot, Kevin). Motions referred to David S. Cayer. (Entered: 06/06/2011) |
| 06/06/2011 | 1440 | **ORDER *(Sealed – Attorney)* granting 1439 Sealed Motion (available to: USA, Alexander Granados) as to Alexander Granados (16). Signed by Magistrate Judge David S. Cayer on 6/6/2011. (tmg)** (Entered: 06/06/2011) |
| 06/14/2011 | 1446 | Judgment Returned Executed as to Carlos Ferufino–Bonilla on 5/26/2011. (tmg) (Entered: 06/14/2011) |
| 06/17/2011 | 1449 | Judgment Returned Executed as to Juan Gilberto Villalobos on 6/9/2011. (tmg) (Entered: 06/17/2011) |
| 06/20/2011 | 1450 | TRANSCRIPT REQUEST by Juan Gilberto Villalobos for proceedings held on 01/12/2010, 01/13/2010,01/14/2010, 01/15/2010, 01/19/2010, 01/20/2010, 01/21/2010, 01/22/2010, 01/25/2010, 01/26/2010, 03/04/2011 before Judge Robert |

**JA142**

| | | J. Conrad, Jr., (Wright, Roderick) (Entered: 06/20/2011) |
|---|---|---|
| 06/20/2011 | 1451 | TRANSCRIPT REQUEST by Juan Gilberto Villalobos for proceedings held on 01/13/2010, 01/20/2010, 01/22/2010, before Judge Robert J. Conrad, Jr., (Wright, Roderick) (Entered: 06/20/2011) |
| 06/20/2011 | 1452 | TRANSCRIPT REQUEST by Juan Gilberto Villalobos for proceedings held on 01/14/2010, 01/21/2010 before Judge Robert J. Conrad, Jr., (Wright, Roderick) (Entered: 06/20/2011) |
| 06/22/2011 | 1453 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Juan Gilberto Villalobos re 1420 Notice of Appeal ––– Court Reporter: Laura Andersen Current Deadline: 07/28/2011 Proceedings: Closing Arg(s) 1/25/2010; Sentencing 3/4/11; Trial testimony 1/12,14,15,20,21,22,25,26/2010 Ordering Party(ies): Juan Villalobos [11–4458]. (nll) (Entered: 06/22/2011) |
| 06/22/2011 | 1454 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Juan Gilberto Villalobos re 1420 Notice of Appeal ––– Court Reporter: Joy Kelly Current Deadline: 07/28/2011 Proceedings: Trial 1/13,20,22/2010 Ordering Party(ies): [11–4458] (nll) (Entered: 06/22/2011) |
| 06/22/2011 | 1455 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Juan Gilberto Villalobos re 1420 Notice of Appeal ––– Court Reporter: Cheryl Nuccio Current Deadline: 07/28/2011 Proceedings: Trial 1/13,14,21/2010 Ordering Party(ies): Juan Villalobos [11–4458] (nll) (Entered: 06/22/2011) |
| 07/01/2011 | 1456 | Judgment Returned Executed as to Santos Anibal Caballer Fernandez on 6/23/2011. (tmg) (Entered: 07/01/2011) |
| 07/07/2011 | | 4th Circuit NOTICE as to Santos Anibal Caballer Fernandez regarding Transcript deadline updated for Joy Kelly in 11–4284, 11–4300, 11–4320, 11–4418, 11–4458.Transcript due: 07/28/11. Originating Case No: 3:08–cr–00134–RJC–23 [11–4284, 11–4300, 11–4319, 11–4320, 11–4418, 11–4458] cdietz (jhg) (Entered: 07/07/2011) |
| 07/13/2011 | 1463 | Judgment Returned Executed as to Johnny Elias Gonzalez on 7/1/2011. (tmg) (Entered: 07/13/2011) |
| 07/13/2011 | 1464 | Judgment Returned Executed as to Carlos Roberto Figueroa–Pineda on 6/13/2011. (tmg) (Entered: 07/14/2011) |
| 07/28/2011 | 1465 | TRANSCRIPT of Voir Dire *(Restricted)* as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia held on JANUARY 12, 2010 before Chief Judge Conrad. Partial Release of Transcript Restriction set for 10/27/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 07/28/2011) |
| 07/28/2011 | 1466 | TRANSCRIPT of PRETRIAL MOTIONS AND OPENING STATEMENTS as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia held on JANUARY 12, 2010 before Chief Judge ROBERT J. CONRAD, JR **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no** |

JA143

| | | |
|---|---|---|
| | | **notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 10/27/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 07/28/2011) |
| 07/28/2011 | 1467 | TRANSCRIPT of CLOSING STATEMENTS as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia held on JANUARY 25, 2011 before Chief Judge ROBERT J. CONRAD, JR, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 10/27/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 07/28/2011) |
| 07/28/2011 | 1468 | TRANSCRIPT of JURY CHARGE AND VERDICT as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia held on JANUARY 26, 2010 before Chief Judge ROBERT J. CONRAD, JR, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 10/27/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 07/28/2011) |
| 07/28/2011 | 1469 | TRANSCRIPT of SENTENCING as to Juan Gilberto Villalobos held on MARCH 4, 2011 before Chief Judge ROBERT J. CONRAD, JR, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 10/27/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 07/28/2011) |
| 07/28/2011 | 1470 | TRANSCRIPT of SENTENCING as to Santos Anibal Caballer Fernandez held on MARCH 4, 2011 before Chief Judge ROBERT J. CONRAD, JR, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript** |

Case 3:16-cv-00057-MOC Document 50-13 Filed 03/23/17 Page 163 of 501
Case: 3:08-cr-134 As of: 08/30/2013 12:01 PM EDT 144 of 152

JA144

| | | |
|---|---|---|
| | | may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov Release of Transcript Restriction set for 10/27/2011. (Reporter: Laura Andersen, 704–350–7493) (Entered: 07/28/2011) |
| 08/09/2011 | 1471 | Judgment Returned Executed as to Julio Cesar Rosales Lopez on 7/13/2011. (tmg) (Entered: 08/09/2011) |
| 08/19/2011 | 1472 | **CJA 24 (*Sealed – Court*) as to Juan Gilberto Villalobos: Authorization to Pay Laura Andersen Voucher # 110817000037.. Signed by Chief Judge Robert J. Conrad, Jr on 8/9/11. (lhg)** (Entered: 08/19/2011) |
| 09/07/2011 | 1475 | TRANSCRIPT REQUEST by Santos Anibal Caballer Fernandez for proceedings held on 7/22/08, 10/2/08, 1/22/09, 8/11/09 before Judge Keesler, Horn, Horn, Cayer, (Burgess, David) (Entered: 09/07/2011) |
| 09/12/2011 | 1476 | TRANSCRIPT of Arraignment as to Santos Anibal Caballer Fernandez held on 7/22/08 before Judge Keesler, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 12/12/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 09/12/2011) |
| 09/12/2011 | 1477 | TRANSCRIPT of Arraignment as to Santos Anibal Caballer Fernandez held on 10/2/08 before Judge Horn, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 12/12/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 09/12/2011) |
| 09/12/2011 | 1478 | TRANSCRIPT of Arraignment as to Santos Anibal Caballer Fernandez held on 1/22/09 before Judge Horn, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 12/12/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 09/12/2011) |
| 09/12/2011 | 1479 | TRANSCRIPT of Arraignment as to Santos Anibal Caballer Fernandez held on 8/11/09 before Judge Cayer, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 12/12/2011. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 09/12/2011) |
| 10/17/2011 | 1481 | (Pro–se) MOTION for Transcripts at Government Expense by Johnny Elias Gonzalez. (Attachments: # 1 Envelope) Motions referred to David S. Cayer (tmg) (Entered: 10/18/2011) |
| 10/24/2011 | 1482 | **ORDER denying 1481 Motion for Transcripts at Government Expense as to Johnny Elias Gonzalez (18). Signed by Chief Judge Robert J. Conrad, Jr on** |

**JA145**

| | | |
|---|---|---|
| | | **10/23/2011.(Pro se litigant served by US Mail.) (tmg)** (Entered: 10/24/2011) |
| 11/18/2011 | 1485 | Unpublished Opinion from Fourth Circuit Court of Appeals as to Heverth Ulises Castellon, Alexi Ricardo Ramos, Jaime Sandoval, Santos Canales–Reyes re: 1176 Notice of Appeal, 1178 Notice of Appeal, 1162 Notice of Appeal, 1210 Notice of Appeal, 1229 Notice of Appeal. 4th Circuit decision: affirmed as to Castellon and Ramos; dismissed the appeals as to Canales–Reyes and Sandoval. (Attachments: # 1 Judgment)(com) (Entered: 11/18/2011) |
| 11/18/2011 | 1486 | Judgment Returned Executed as to Oscar Manuel Moral–Hernandez on 10/18/2011. (tmg) (Entered: 11/21/2011) |
| 12/12/2011 | 1487 | MANDATE of USCA as to Heverth Ulises Castellon, Alexi Ricardo Ramos, Jaime Sandoval re 1485 Opinion – USCA, 1176 Notice of Appeal, 1178 Notice of Appeal, 1229 Notice of Appeal (com) (Entered: 12/13/2011) |
| 12/12/2011 | 1488 | MANDATE of USCA as to Santos Canales–Reyes re 1485 Opinion – USCA, 1162 Notice of Appeal (com) (Entered: 12/13/2011) |
| 12/22/2011 | 1490 | Pro se MOTION for Transcripts at Government Expense by Johnny Elias Gonzalez. (Attachments: # 1 Envelope)Motions referred to David S. Cayer(com) (Entered: 12/22/2011) |
| 01/04/2012 | | **TEXT–ONLY ORDER denying 1490 Motion for Transcripts at Government Expense as to Johnny Elias Gonzalez (18)** *Text of Order: Judge Robert J. Conrad, Jr. has denied a similar motion (doc. 1481) citing the fact that Defendant is represented by appointed counsel (doc. 1482). This Motion is denied without prejudice to the issue being pursued by counsel. So Ordered.* **Entered by Magistrate Judge David S. Cayer on January 4, 2012.(Pro se litigant served by US Mail.) (DSC)** (Entered: 01/04/2012) |
| 01/12/2012 | 1491 | **CJA 24** *(Sealed – Court)* **as to Santos Anibal Caballer Fernandez: Authorization to Pay Cheryl Nuccio Voucher # 120105000031.. Signed by Chief Judge Robert J. Conrad, Jr on 10/16/11. (lhg)** (Entered: 01/12/2012) |
| 02/15/2012 | 1494 | TRANSCRIPT of JURY TRIAL PROCEEDINGS–TESTIMONY as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Johnny Elias Gonzalez, Jaime Sandoval, Santos Anibal Caballer Fernandez held on 1/19/2010 before Chief Judge ROBERT J. CONRAD, JR, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 5/17/2012. (Reporter: Laura Andersen, 704–350–7493) Modified text on 2/15/2012 (com). (Entered: 02/15/2012) |
| 04/13/2012 | 1496 | USCA TRANSCRIPT ORDER ACKNOWLEDGMENT as to Alejandro Enrique Ramirez Umana re 1171 Notice of Appeal ; CRptr: LAndersen (bsw) (Entered: 04/13/2012) |
| 04/30/2012 | 1498 | TRANSCRIPT of Initial Appearance as to Alejandro Enrique Ramirez Umana held on 7/28/2008 before Judge David C. Keesler, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request.* **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – No.)* Release of Transcript Restriction set for 7/30/2012. (Reporter: Laura Andersen, 704–350–7493) (Entered: 04/30/2012) |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 165 of 501
Case: 3:08-cr-134   As of: 08/23/2013 04:21 PM EDT   146 of 152

**JA146**

| 04/30/2012 | 1499 | TRANSCRIPT of Arraignment as to Alejandro Enrique Ramirez Umana held on 10/3/2008 before Judge Carl Horn, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – No.)* Release of Transcript Restriction set for 7/30/2012. (Reporter: Laura Andersen, 704–350–7493) (Entered: 04/30/2012) |
|---|---|---|
| 04/30/2012 | 1500 | TRANSCRIPT of Status Conference as to Alejandro Enrique Ramirez Umana held on 10/3/2009 before Chief Judge Robert J. Conrad, Jr., **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 7/30/2012. (Reporter: Laura Andersen, 704–350–7493) (Entered: 04/30/2012) |
| 04/30/2012 | 1501 | MOTION Motion for Relief Necessary to Obtain Complete Record on Appeal by Alejandro Enrique Ramirez Umana. Responses due by 5/10/2012. (Hunter, Malcom) (Entered: 04/30/2012) |
| 05/21/2012 | 1505 | **CJA 24** *(Sealed – Court)* **as to Alejandro Enrique Ramirez Umana: Authorization to Pay Laura Andersen Voucher # 120516000041.. Signed by Chief Judge Robert J. Conrad, Jr on 5/15/12. (lhg)** (Entered: 05/21/2012) |
| 05/23/2012 | 1506 | MOTION for Transcripts at Government Expense by Alexi Ricardo Ramos. (Attachments: # 1 env)(blf) (Entered: 05/23/2012) |
| 05/23/2012 | 1507 | MOTION for clarification and affirmation of amount owed to court for fine and motion for Mcrae Correctional Facility not to charge more than court ordered amount by Alexi Ricardo Ramos. (blf) (Entered: 05/23/2012) |
| 05/30/2012 | 1508 | **ORDER denying 1507 Motion clarification of fine as to Alexi Ricardo Ramos (13). (Pro se defendant served by mail) Signed by Chief Judge Robert J. Conrad, Jr on 5/30/12. (ssh)** (Entered: 05/30/2012) |
| 05/30/2012 | | **Oral ORDER as to Alexi Ricardo Ramos re 1506 MOTION for Transcripts at Government Expense filed by Alexi Ricardo Ramos. Clerk mailed a copy of Entry and Acceptance of Guilty Plea Form to deft. entered by Chief Judge Robert J. Conrad, Jr on 5/30/12. (ssh)** (Entered: 05/30/2012) |
| 05/30/2012 | 1509 | **Preliminary ORDER of Forfeiture, granting 1246 Motion as to Javier Molina (25). Signed by Chief Judge Robert J. Conrad, Jr on 5/30/2012. (tmg)** (Entered: 05/30/2012) |
| 06/14/2012 | 1510 | MOTION to Vacate under 28 U.S.C. 2255 by Alexi Ricardo Ramos. (Attachments: # 1 Envelope)(blf) Civil case 3:12–cv–00372 opened. (Entered: 06/15/2012) |
| 07/09/2012 | 1511 | Service/Declaration of Publication by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia (Attachments: # 1 Exhibit A)(Brafford, William) (Entered: 07/09/2012) |

Case 3:16-cv-00057-MOC    Document 50-13    Filed 03/23/17    Page 166 of 501
Case: 8.09-cM-134   As of: 08/30/2013 21:21 PM EDT   147 of 132

**JA147**

| | | |
|---|---|---|
| 08/13/2012 | 1512 | NOTICE OF ATTORNEY APPEARANCE: Ross Hall Richardson appearing for Santos Canales–Reyes (Richardson, Ross) (Entered: 08/13/2012) |
| 08/13/2012 | 1513 | NOTICE OF ATTORNEY APPEARANCE: Ross Hall Richardson appearing for Yelson Olider Castro–Licona (Richardson, Ross) (Entered: 08/13/2012) |
| 08/13/2012 | 1514 | NOTICE OF ATTORNEY APPEARANCE: Ross Hall Richardson appearing for Santos Anibal Caballer Fernandez (Richardson, Ross) (Entered: 08/13/2012) |
| 08/13/2012 | 1515 | NOTICE OF ATTORNEY APPEARANCE: Ross Hall Richardson appearing for Elvin Pastor Fernandez–Gradis (Richardson, Ross) (Entered: 08/13/2012) |
| 08/13/2012 | 1516 | NOTICE OF ATTORNEY APPEARANCE: Ross Hall Richardson appearing for Carlos Ferufino–Bonilla (Richardson, Ross) (Entered: 08/13/2012) |
| 08/13/2012 | 1517 | NOTICE OF ATTORNEY APPEARANCE: Ross Hall Richardson appearing for Jose Amilcar Garcia–Bonilla (Richardson, Ross) (Entered: 08/13/2012) |
| 08/13/2012 | 1518 | NOTICE OF ATTORNEY APPEARANCE: Ross Hall Richardson appearing for Juan Gilberto Villalobos (Richardson, Ross) (Entered: 08/13/2012) |
| 08/21/2012 | 1519 | **SEALED ORDER** *(Sealed – Attorney)***: excusing jurors from further service as to Alejandro Enrique Ramirez Umana (available to: USA, Alejandro Enrique Ramirez Umana). Signed by Chief Judge Robert J. Conrad, Jr on 8/21/12. (mga)** (Entered: 08/21/2012) |
| 08/21/2012 | 1520 | **ORDER granting 1501 Motion requesting certain jury selection materials as to Alejandro Enrique Ramirez Umana (2) Signed by Chief Judge Robert J. Conrad, Jr on 8/21/12. (mga)** (Entered: 08/21/2012) |
| 09/10/2012 | 1521 | MOTION for Forfeiture of Property *Motion for Final Order and Judgment Confirming Forfeiture* by USA as to Manuel De Jesus Ayala, Alejandro Enrique Ramirez Umana, Heverth Ulises Castellon, Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Juan Ruben Vela Garcia, Jose Amilcar Garcia–Bonilla, Yelson Olider Castro–Licona, Carlos Ferufino–Bonilla, Nelson Hernandez–Ayala, Mario Melgar–Diaz, Alexi Ricardo Ramos, Carlos Roberto Figueroa–Pineda, Cesar Yoaldo Castillo, Alexander Granados, Michael Steven Mena, Johnny Elias Gonzalez, Jaime Sandoval, Santos Canales–Reyes, Jose Efrain Ayala–Urbina, Oscar Manuel Moral–Hernandez, Santos Anibal Caballer Fernandez, Manuel Cruz, Javier Molina, Mario Guarjardo–Garcia. Responses due by 9/20/2012 (Brafford, William) (Entered: 09/10/2012) |
| 09/20/2012 | 1522 | **ORDER granting 1521 Motion for Forfeiture of Property as to Manuel De Jesus Ayala (1) Signed by Chief Judge Robert J. Conrad, Jr on 9/19/2012. (blf)** (Entered: 09/20/2012) |
| 01/04/2013 | 1524 | LETTER by Johnny Elias Gonzalez (No hearing required) (ssh) (Entered: 01/04/2013) |
| 02/04/2013 | 1525 | 4th Circuit NOTICE as to Alejandro Enrique Ramirez Umana regarding substituting Attorney Vincent J. Krunkow for appeal proceedings (bsw) (Entered: 02/04/2013) |
| 03/25/2013 | 1526 | LETTER by Johnny Elias Gonzalez (copy of docket sheet mailed) (Attachments: # 1 Envelope)(blf) (Entered: 03/26/2013) |
| 03/27/2013 | 1527 | ORDER of USCA as to Johnny Elias Gonzalez re: appointment of Walter Paramore III for appeal proceedings. (bsw) (Entered: 03/27/2013) |
| 05/14/2013 | 1529 | Unpublished Opinion from Fourth Circuit Court of Appeals as to Julio Cesar Rosales Lopez(4), Juan Gilberto Villalobos(5), Elvin Pastor Fernandez–Gradis(6), Carlos Roberto Figueroa–Pineda(14), Johnny Elias Gonzalez(18), Santos Anibal Caballer Fernandez (23) re: 1410 Notice of Appeal, 1393 Notice of Appeal, 1384 Notice of Appeal, 1380 Notice of Appeal, 1420 Notice of Appeal, 1389 Notice of Appeal. 4th Circuit decision: Affirmed in part – Reversed in part and remanded as to Dft. 23; Affirmed as to Dfts: #4,5,6,14,18. (Attachments: # 1 USCA Jgm)(bsw) (Entered: 05/14/2013) |

Case 3:16-cv-00057-MOC    Document 50-13    Filed 03/23/17    Page 167 of 501
Case 3:08-cr-134    As of: 08/21/2013 2:21 PM EDT    148 of 152

JA148

| 05/29/2013 | 1530 | MOTION Motion for Relief Necessary to Obtain Complete Record on Appeal by Alejandro Enrique Ramirez Umana. Responses due by 6/10/2013 (Hunter, Malcom) (Entered: 05/29/2013) |
|---|---|---|
| 06/05/2013 | 1531 | MANDATE of USCA as to Julio Cesar Rosales Lopez, Juan Gilberto Villalobos, Elvin Pastor Fernandez–Gradis, Carlos Roberto Figueroa–Pineda, Johnny Elias Gonzalez, Santos Anibal Caballer Fernandez re 1410 Notice of Appeal, 1529 Opinion – USCA,, 1393 Notice of Appeal, 1384 Notice of Appeal, 1380 Notice of Appeal, 1420 Notice of Appeal, 1389 Notice of Appeal (bsw) (Entered: 06/05/2013) |
| 06/06/2013 | 1532 | RESPONSE to Motion by USA as to Alejandro Enrique Ramirez Umana re 1530 MOTION Motion for Relief Necessary to Obtain Complete Record on Appeal (Morris AUSA, Adam) (Entered: 06/06/2013) |
| 06/06/2013 | 1533 | **ORDER as to Santos Anibal Caballer Fernandez re 1529 Opinion – USCA,,, ( Sentencing set for 7/9/2013 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before District Judge Robert J. Conrad Jr.) USM is to transport defendant to district. FDO is to represent defendant. Signed by District Judge Robert J. Conrad, Jr on 6/6/13. (ssh)** (Entered: 06/06/2013) |
| 06/06/2013 | 1534 | **ORDER granting in part and denying in part 1530 Motion to Obtain Complete Record on Appeal as to Alejandro Enrique Ramirez Umana (2) Signed by District Judge Robert J. Conrad, Jr on 6/6/13. (Attachments: # 1 sealed docket sheet, # 2 sealed documents) (ssh)** Modified on 6/6/2013 (ssh). (Entered: 06/06/2013) |
| 06/07/2013 | | NOTICE OF HEARING as to Santos Anibal Caballer Fernandez: Sentencing set for 7/9/2013 09:30 AM in Courtroom 2, 401 W Trade St, Charlotte, NC 28202 before District Judge Robert J. Conrad Jr. *This is your only notice – you will not receive a separate document.*(ssh) (Entered: 06/07/2013) |
| 06/10/2013 | 1536 | **ORDER that David Q. Burgess is appointed to represent the defendant before this Court in remand proceedings as to Santos Anibal Caballer Fernandez. Signed by District Judge Robert J. Conrad, Jr on 6/10/2013. (blf)** (Entered: 06/10/2013) |
| 06/11/2013 | 1537 | **CJA 20 *(Restricted)* as to Santos Anibal Caballer Fernandez: Appointment of Attorney David Burgess for Santos Anibal Caballer Fernandez. Entered by Magistrate Judge David Keesler on 6/10/13. (mga)** (Entered: 06/11/2013) |
| 06/12/2013 | 1538 | Second MOTION Motion for Relief Necessary to Obtain a Complete Record on Appeal by Alejandro Enrique Ramirez Umana. Responses due by 6/24/2013 (Attachments: # 1 Exhibit)(Hunter, Malcom) (Entered: 06/12/2013) |
| 06/12/2013 | 1539 | SEALED DOCUMENT *(Sealed – Attorney)*: Defense Counsel's Identification of ECF Entries From Sealed Docket Sheet re: 1538 Second MOTION Motion for Relief Necessary to Obtain a Complete Record on Appeal by Alejandro Enrique Ramirez Umana; (available to: USA, Alejandro Enrique Ramirez Umana) (Attachments: # 1 Exhibit)(Hunter, Malcom) (Entered: 06/12/2013) |
| 06/13/2013 | 1540 | SEALED RESPONSE *(Sealed – Attorney)* to Motion by USA as to Alejandro Enrique Ramirez Umana re 1538 Second MOTION Motion for Relief Necessary to Obtain a Complete Record on Appeal (available to: USA, Alejandro Enrique Ramirez Umana) (Rose, Jill) Modified to restrict on 6/14/2013 (tmg). (Entered: 06/13/2013) |
| 06/14/2013 | 1541 | PRESENTENCE INVESTIGATION REPORT (Supplement) *(SEALED – Attorney)* as to Santos Anibal Caballer Fernandez. (available to USA, Santos Anibal Caballer Fernandez) (Karen Beam – pjs) (Entered: 06/14/2013) |
| 06/14/2013 | 1542 | MOTION to Seal *GOVERNMENTS RESPONSE TO DEFENDANTS MOTION* by USA as to Alejandro Enrique Ramirez Umana. Responses due by 6/24/2013 (Rose, Jill) (Entered: 06/14/2013) |
| 06/14/2013 | | **TEXT–ONLY ORDER granting 1542 Motion to Seal as to Alejandro Enrique Ramirez Umana (2) *Text of Order: For good cause shown, the government's motion to seal is granted and its response (Doc. No. 1540) shall remain under** |

Case 3:16-cv-00057-MOC   Document 50-13   Filed 03/23/17   Page 168 of 501
Case: 3:08-cr-134   As of: 08/30/2012 12:21 PM EDT   149 of 152

JA149

| | | |
|---|---|---|
| | | *seal pending further order of the Court. So Ordered.* **Entered by District Judge Robert J. Conrad, Jr on June 14, 2013. (Haycox, TJ)** (Entered: 06/14/2013) |
| 06/14/2013 | 1543 | REPLY TO RESPONSE to Motion by Alejandro Enrique Ramirez Umana re 1538 Second MOTION Motion for Relief Necessary to Obtain a Complete Record on Appeal (Hunter, Malcom) (Entered: 06/14/2013) |
| 06/20/2013 | 1548 | **SEALED ORDER** *(Sealed – Attorney)***: granting and part and denying in part 1538 Second MOTION Motion for Relief Necessary to Obtain a Complete Record on Appeal . as to Alejandro Enrique Ramirez Umana (available to: USA, Alejandro Enrique Ramirez Umana),. Signed by District Judge Robert J. Conrad, Jr on 6/20/13. (Attachments: # 1 sealed documents) (ssh)** (Entered: 06/20/2013) |
| 06/21/2013 | 1549 | SEALED DOCUMENT Attachment to *(Sealed – Attorney)*: re: 1548 Sealed Order, (available to: USA, Alejandro Enrique Ramirez Umana) (ssh) (Entered: 06/21/2013) |
| 07/09/2013 | | Minute Entry: SENTENCING as to Santos Anibal Caballer Fernandez held before District Judge Robert J. Conrad, Jr. Factual Basis Found. Government attorney: Rose. Defendant attorney: Burgess. Court Reporter: Dunlap. Interpreter: Julia Davis. (ssh) (Entered: 07/15/2013) |
| 07/10/2013 | 1550 | TRANSCRIPT of Plea and Rule 11 as to Carlos Ferufino–Bonilla held on 7/10/09 before Judge Cayer, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1551 | TRANSCRIPT of Plea and Rule 11 as to Cesar Yoaldo Castillo held on 12/11/09 before Judge Keesler, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1552 | TRANSCRIPT of Plea and Rule 11 as to Jose Efrain Ayala–Urbina held on 10/2/09 before Judge Cayer, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1553 | TRANSCRIPT of Plea and Rule 11 as to Jose Amilcar Garcia–Bonilla held on 8/11/09 before Judge Cayer, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at** |

**JA150**

| | | www.ncwd.uscourts.gov *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
|---|---|---|
| 07/10/2013 | 1554 | TRANSCRIPT of Plea and Rule 11 as to Manuel Cruz held on 6/4/09 before Judge Keesler, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1555 | TRANSCRIPT of Plea and Rule 11 as to Mario Melgar–Diaz held on 7/13/09 before Judge Cayer, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1556 | TRANSCRIPT of Plea and Rule 11 as to Mario Guarjardo–Garcia held on 7/24/09 before Judge Keesler, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1557 | TRANSCRIPT of Incomplete Plea and Rule 11 as to Oscar Manuel Moral–Hernandez held on 6/29/09 before Judge Keesler, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1558 | TRANSCRIPT of Plea and Rule 11 as to Oscar Manuel Moral–Hernandez held on 7/2/09 before Judge Keesler, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1559 | TRANSCRIPT of Plea and Rule 11 as to Michael Steven Mena held on 12/15/09 before Judge Keesler, **NOTICE RE: REDACTION OF TRANSCRIPTS: The** |

Case 3:16-cv-00057-MOC   Document 50-3   Filed 03/23/17   Page 170 of 501
Case 3:09-cr-134   As of: 08/08/2013 11:21 PM EDT   151 of 152

JA151

| | | |
|---|---|---|
| | | **parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |
| 07/10/2013 | 1560 | TRANSCRIPT of Sentencing as to Cesar Yoaldo Castillo held on 12/21/10 before Judge Conrad, **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a** *Notice of Intent to Request Redaction* **and 21 calendar days to file a** *Redaction Request*. **If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** *(Does this satisfy all appellate orders for this reporter? – Yes.)* Release of Transcript Restriction set for 10/10/2013. (Reporter: Cheryl Nuccio, 704–350–7494) (Entered: 07/10/2013) |

Case 3:16-cv-00057-MOC   Document 50-3   Filed 03/23/17   Page 171 of 501
Case: 3:08-cr-134   As of: 08/08/2013 2:21 PM EDT   152 of 152

**JA152**

**APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL**

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| NCW | Ramirez Umana, Alejandro Enrique | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 3:08-000134-002 | | |

| 7. IN CASE/MATTER OF  (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Ramirez Umana | Felony | Adult Defendant | Criminal Case |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section)   If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 846=ND.F -- CONSPIRACY TO DISTRIBUTE NARCOTICS

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Bryson, John David
1912 Eastchester Drive
P. O. Drawer 2086
High Point  NC  27261

Telephone Number:   (336) 884-4444

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)
Wyatt Early Harris and Wheeler, LLP
1912 Eastchester Drive
P. O. Drawer 2086
High Point  NC  27261

**13. COURT ORDER**

X  O  Appointing Counsel   ☐ C  Co-Counsel
☐  F  Subs For Federal Defender   ☐ R  Subs For Retained Attorney
☐  P  Subs For Panel Attorney   ☐ Y  Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or
☐ Other (See Instructions)

_Frank D. John_
Signature of Presiding Judicial Officer or By Order of the Court
07/09/2008
Date of Order                    Nune Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of appointment.   ☐ YES   ☐ NO

| CLAIM FOR SERVICES AND EXPENSES | | | FOR COURT USE ONLY | | |
|---|---|---|---|---|---|
| CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
| **15.** a. Arraignment and/or Plea | | | | | |
| b. Bail and Detention Hearings | | | | | |
| c. Motion Hearings | | | | | |
| In Court d. Trial | | | | | |
| e. Sentencing Hearings | | | | | |
| f. Revocation Hearings | | | | | |
| g. Appeals Court | | | | | |
| h. Other (Specify on additional sheets) | | | | | |
| (Rate per hour = $          )   TOTALS: | | | | | |
| **16.** a. Interviews and Conferences | | | | | |
| b. Obtaining and reviewing records | | | | | |
| Out of Court c. Legal research and brief writing | | | | | |
| d. Travel time | | | | | |
| e. Investigative and Other work   (Specify on additional sheets) | | | | | |
| (Rate per hour = $          )   TOTALS: | | | | | |
| **17.** Travel Expenses   (lodging, parking, meals, mileage, etc.) | | | | | |
| **18.** Other Expenses   (other than expert, transcripts, etc.) | | | | | |
| GRAND TOTALS  (CLAIMED AND ADJUSTED): | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE | | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|---|
| FROM _____    TO _____ | | | |

**22. CLAIM STATUS**   ☐ Final Payment   ☐ Interim Payment Number _____   ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?   ☐ YES   ☐ NO   If yes, were you paid?   ☐ YES   ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation?   ☐ YES   ☐ NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _____       Date: _____

| APPROVED FOR PAYMENT -- COURT USE ONLY | | | | |
|---|---|---|---|---|
| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE | 28a. JUDGE / MAG. JUDGE CODE |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | | | DATE | 34a. JUDGE CODE |

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 172 of 501
Case 3:08-cr-00134-RJC   Document 50-1   Filed 07/10/08   Page 1 of 1

JA153

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA           )
                                   )
          vs.                      )      DOCKET NO.  3:08CR134-RJC
                                   )
**(2) ALEJANDRO ENRIQUE RAMIREZ UMANA**,)
     a/k/a "Wizard"                )
          "Lobo"                   )
_____ )

### NOTICE OF INTENTION TO SEEK THE DEATH PENALTY
### AS TO DEFENDANT ALEJANDRO ENRIQUE RAMIREZ UMANA

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and

through its undersigned counsel, and notifies the Court and the defendant in the above-captioned

case that the Government believes the circumstances of the offenses charged in Counts Twenty-Two,

Twenty-Three, Twenty-Four, and Twenty-Five  of the First Superseding Bill of Indictment are such

that, in the event of the defendant's conviction of any of these offenses, a sentence of death is

justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and

that the Government will seek the sentence of death for these offenses:

1.    Count Twenty-Two, murder of Ruben Garcia Salinas in aid of racketeering, in

      violation of 18 U.S.C. § 1959(a)(1);

2.    Count Twenty-Three, causing the death Ruben Garcia Salinas with a firearm, in

      violation of 18 U.S.C. § 924(j);

3.    Count Twenty-Four, murder of Manuel Garcia Salinas in aid of racketeering, in

      violation of 18 U.S.C. § 1959(a)(1); and

1

Case 3:16-cv-00057-MOC   Document 50-15   Filed 03/23/17   Page 173 of 501
Case 3:08-cr-00134-RJC   Document 201-5   Filed 09/23/08   Page 1 of 10
**JA154**

4.      Count Twenty-Five, causing the death Manuel Garcia Salinas with a firearm, in violation of 18 U.S.C. § 924(j).

The Government proposes to prove the following factors beyond a reasonable doubt as justifying a sentence of death:

I.      **COUNT TWENTY-TWO** (Murder in Aid of Racketeering) & **COUNT TWENTY-THREE** (Use and Possession of Firearm During and in Relation to a Crime of Violence Resulting in Death).

A.      Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591 (a)(2)(A)-(D)

1.      **Intentional Killing**.

The defendant intentionally killed Ruben Garcia Salinas.

2.      **Intentional Infliction of Serious Bodily Injury Resulting in the Death of the Victim**.

The defendant intentionally inflicted serious bodily injury to Ruben Garcia Salinas resulting in his death.

3.      **Intentional Acts to Take Life or Use Lethal Force.**

The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Ruben Garcia Salinas died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(C).

4.      **Intentional Acts of Violence Creating a Grave Risk of Death**.

The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such

2

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 174 of 501
Case 3:08-cv-00154-RJC   Document 501-5   Filed 09/23/08   Page 2 of 10

**JA155**

that participation in the act constituted a reckless disregard for human life and Ruben Garcia Salinas died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(D).

B.    Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1.    **Grave Risk of Death to Additional Persons**.

The defendant, in the commission of the offense, knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense, Ruben Garcia Salinas.  18 U.S.C. § 3592(c)(5).

2.    **Multiple Killings or Attempted Killings.**

The defendant killed and attempted to kill more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

C.    Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

1.    **Gang Motivated Killing**.

The defendant killed Ruben Garcia Salinas to  protect and maintain the name and reputation of the criminal enterprise MS-13, and to advance his position and reputation within the criminal enterprise.

2.    **Victim Impact Evidence**.

As demonstrated by the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family and friends, the defendant caused injury, harm, and loss to the Ruben Garcia Salinas family and friends.

3.    **Callous Disregard for the Severity of the Offense**.

Defendant has demonstrated a callous disregard for the severity of the offense, as evidenced by his words and actions following the murder of Ruben Garcia Salinas.

3

**JA156**

4.    **Participation in Additional Uncharged Murders and Other Acts of Violence.**

Apart from the offenses charged in the First Superseding Bill of Indictment, defendant has been involved in other serious acts of violence, which are not reflected in his criminal record. Including but not limited to:

a.    On or about July 27, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully killed Jose Herrera and Gustavo Porras.

b.    On or about September 28, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully participated and aided and abetted the killing of Andy Abarca.

5.    **Future Dangerousness**.

Defendant is likely to commit criminal acts of violence in the future which would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

a.    **Continuing Pattern of Violence**.

Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including but not limited to the crimes alleged against defendant in the First Superseding Bill of Indictment.

b.    **Low Rehabilitative Potential**.

Defendant poses a future danger to the lives and safety of other persons as demonstrated by his lack of rehabilitation after prior incarceration, his pattern of criminal conduct, and, his allegiance to and membership in MS-13.

4

Case 3:16-cv-00057-MOC-JC   Document 50-15   Filed 03/23/17   Page 176 of 501
Case 3:08-cv-00154-RJC   Document 2-15   Filed 09/23/08   Page 4 of 10
**JA157**

c. **Lack of Remorse**.

Defendant has never expressed any remorse for killing Rubin Garcia Salinas as indicated by defendant's statements to fellow gang-members during the course of and following the offenses alleged in the First Superseding Bill of Indictment.

d. **Gang Membership.**

Defendant has demonstrated an allegiance to and active membership in MS-13, a violent criminal enterprise.

II. **COUNT TWENTY-FOUR** (Murder in Aid of Racketeering) & **COUNT TWENTY-FIVE** (Use and Possession of Firearm During and in Relation to a Crime of Violence Resulting in Death).

A. Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591 (a)(2)(A)-(D)

1. **Intentional Killing**.

The defendant intentionally killed Manuel Garcia Salinas.

2. **Intentional Infliction of Serious Bodily Injury Resulting in the Death of the Victim**.

The defendant intentionally inflicted serious bodily injury to Manuel Garcia Salinas resulting in his death.

3. **Intentional Acts to Take Life or Use Lethal Force.**

The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Manuel Garcia Salinas died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

5

**JA158**

4. **Intentional Acts of Violence Creating a Grave Risk of Death**.

The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Manuel Garcia Salinas died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(D).

B.    Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1. **Grave Risk of Death to Additional Persons**.

The defendant, in the commission of the offense, knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense, Manuel Garcia Salinas.  18 U.S.C. § 3592(c)(5).

2. **Multiple Killings or Attempted Killings.**

The defendant killed and attempted to kill more than one person in a single criminal episode.  18 U.S.C. § 3592(c)(16).

C.    Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

1. **Gang Motivated Killing**.

The defendant killed Manuel Garcia Salinas to protect and maintain the name and reputation of the criminal enterprise MS-13, and to advance his position and reputation within the criminal enterprise.

2. **Victim Impact Evidence**.

As demonstrated by the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family and friends, the defendant caused injury, harm, and loss to the Manuel Garcia Salinas  family and friends.

**JA159**

3.      **Callous Disregard for the Severity of the Offense**.

The defendant has demonstrated a callous disregard for the severity of the offense, as evidenced by his words and actions following the murder of Manuel Garcia Salinas.

4.      **Participation in Additional Uncharged Murders and Other Acts of Violence**.

Apart from the offenses charged in the First Superseding Bill of Indictment, defendant has been involved in other serious acts of violence, which are not reflected in his criminal record. Including, but not limited to:

a.      On or about July 27, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully killed Jose Herrera and Gustavo Porras.

b.      On or about September 28, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully participated and aided and abetted the killing of Andy Abarca.

5.      **Future Dangerousness**.

Defendant is likely commit criminal acts of violence in the future which would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, on or more of the following:

a.      **Continuing Pattern of Violence**.

Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including but not limited to the crimes alleged against defendant in the First Superseding Bill of Indictment.

7

Case 3:16-cv-00057-MOC JC Document 50-15   Filed 03/23/17   Page 179 of 501
Case 3:08-cv-00154-RJC   Document 2-15   Filed 09/23/08   Page 7 of 10
**JA160**

b.    **Low Rehabilitative Potential**.

Defendant poses a future danger to the lives and safety of other persons as demonstrated by his lack of rehabilitation after prior incarceration, his pattern of criminal conduct, and, his allegiance to and membership in MS-13.

c.    **Lack of Remorse**.

Defendant has never expressed any remorse for killing Manuel Garcia Salinas as indicated by defendant's statements to fellow gang-members during the course of and following the offenses alleged in the First Superseding Bill of Indictment.

d.    **Gang Membership.**

Defendant has demonstrated an allegiance to and active membership in MS-13, a violent criminal enterprise.

8

Case 3:16-cv-00057-MOC-JCR   Document 50-25   Filed 03/23/17   Page 180 of 501
Case 3:08-cv-00154-RJC   Document 22-5   Filed 09/23/08   Page 8 of 10
**JA161**

The Government further gives notice that, in support of imposition of the death penalty, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Indictment as they relate to the background and character of defendant, his moral culpability, and the nature and circumstances of the offenses charged in the Indictment.

Respectfully submitted, September 23, 2008.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

/s Kevin Zolot
Kevin Zolot
Assistant U.S. Attorney
Bar: New York State (number N/A)
Attorney for the Plaintiff/Government
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, NC 28202
(704) 338-3167
(704) 227-0254 Fax
Kevin.Zolot@usdoj.gov

9

Case 3:16-cv-00057-MOC-JCC Document 50-15  Filed 03/23/17   Page 181 of 501
Case 3:08-cv-00154-RJC   Document 2-15   Filed 09/23/08   Page 9 of 10

JA162

## CERTIFICATE OF SERVICE

This certifies that on the September 23, 2008, I served the defendants with a copy of the foregoing, through counsel,  by utilizing the Court's Electronic Filing System and the attorney contact information contained within. Notice was sent through the ECF system to:

**John David Bryson**
Wyatt Early Harris & Wheeler, LLP
P.O. Box 2086
High Point, NC 27261
336-819-6016
336-819-6076 (fax)
jbryson@wehwlaw.com

10

Case 3:16-cv-00057-MOC-JC Document 50-1   Filed 03/23/17   Page 182 of 501
Case 3:08-cr-00154-RJC Document 12-5   Filed 09/23/08   Page 10 of 10

**JA163**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **DOCKET NO. 3:08CR134-2-RJC** |
| | ) | |
| v. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS COUNTS** |
| ALEJANDRO UMANA | ) | **FOR IMPROPER VENUE OR, IN** |
| | ) | **THE ALTERNATIVE, FOR A** |
| | ) | **CHANGE OF VENUE TO THE** |
| | ) | **MIDDLE DISTRICT OF NORTH** |
| | ) | **CAROLINA** |

NOW COMES Defendant ALEJANDRO ENRIQUE RAMIREZ UMANA, by

and through counsel, pursuant to the Sixth Amendment of the United States Constitution,

Rule 18 of the Federal Rules of Criminal Procedure, and 18 U.S.C. §§3235 & 3236, and

hereby moves to dismiss Counts 22, 23, 24, 25, 61, 62, and 63 on the basis that venue is

improper in the Western District of North Carolina.  In the alternative, Defendant moves

for a change of venue on those and all remaining counts to the Middle District of North

Carolina, specifically in Guilford County.  In support of this motion, Defendant presents

the following points and authorities.

**1.     INTRODUCTION**

On December 16, 2008, Defendant was charged in a Second Superseding

Indictment with the following offenses:  Count 1, a RICO conspiracy; Counts 22 and 24,

two murders in aid of racketeering; Counts 23 and 25, the same two murders charged as

1

Case 3:16-cv-00057-MOC Document 50-30   Filed 03/23/17   Page 183 of 501
Case 3:08-cv-00134-RJC   Document 430   Filed 04/24/09   Page 1 of 13
**JA164**

the use and possession of a firearm during and in relation to a crime of violence resulting in death; Count 27, possession of firearm by illegal alien; Count 28, a Hobbs Act robbery; Count 58, a Hobbs Act extortion conspiracy; Count 61, a conspiracy to obstruct justice and tamper with witnesses; Count 62, obstruction of justice; Count 63, tampering with a witness.

Counts 22 and 24 allege the killing of victims on December 8, 2007. Each count alleges that the murder was committed in aid of racketeering in violation of 18 U.S.C. §1959(a)(1), thereby subjecting Defendant to a sentence of either death or life imprisonment. The government has filed a notice indicating its intent to seek the death penalty against Defendant, making this a capital case. Counts 23 and 25 allege the same two killings as violations of 18 U.S.C. §924(c) and (j), also offenses that if proven qualify for the death penalty.

The discovery provided by the government in this case indicates that the killings allegedly took place during the same incident in a Mexican restaurant in Greensboro, North Carolina. Greensboro is located in Guilford County in the Middle District of North Carolina. However, both Counts 22 and 24 allege that the murders took place "on or about December 8, 2007, in Guilford County, within the Middle District of North Carolina, and in Mecklenburg County, within the Western District of North Carolina, and elsewhere." Counts 23 and 25 both also allege that each offense occurred both in Guilford County/Middle District and in Mecklenburg County/Western District.

Defendant submits that because the government's evidence indicates that both

2

Case 3:16-cv-00057-MOC   Document 50-30   Filed 03/23/17   Page 184 of 501
Case 3:08-cv-00154-RJC   Document 430   Filed 04/24/09   Page 2 of 13

**JA165**

alleged murders were committed in Greensboro, Guilford County, Middle District of North Carolina, venue is improper here in the Western District of North Carolina. Therefore, Defendant respectfully requests this Honorable Court to dismiss Counts 22, 23, 24, and 25 for improper venue. In the alternative, Defendant respectfully requests this Honorable Court to order a change of venue on all counts to the Middle District of North Carolina, specifically in Guilford County.

Count 1, the RICO conspiracy count, alleges 68 separate overt acts as part of the conspiracy. Of those, the main overt acts naming conduct by Defendant allege that said acts occurred in Greensboro: 23.u. possession of cocaine in Greensboro on 8-7-07; 23.aa. attending a gang meeting in Greensboro on 11-23-07; 23.kk. murders of Ruben Garcia Salinas and Manuel Garcia Salinas in Greensboro on 12-8-07; 23.ppp. conspiring to intimidate witnesses and obstruct justice in Greensboro on 6-12-08. The only overt acts which allege conduct by Defendant in the Western District of North Carolina are: 23.kkk., which alleges that Defendant "escaped to Charlotte" after the murders on 12-8-07; 23.ll., which alleges an attempted robbery in Charlotte on that same date. Thus, the gravamen of the RICO conspiracy allegations against Defendant is conduct occurring in the Middle District of North Carolina.

Count 62 alleges obstruction of justice committed on 6-12-08 "in Guilford County, in the Middle District of North Carolina." Similarly, Count 63 alleges witness tampering on 6-12-08 "in Guilford County, in the Middle District of North Carolina". Thus, there is clearly no venue in the Western District of North Carolina on these two

3

**JA166**

counts.  Additionally, Count 63 alleges a conspiracy to commit both of the above acts on

6-12-08 but alleges that is was committed "in the Western District and Middle District of

North Carolina".  It is clear that this count is directed at the same conduct alleged in

Counts 62 and 63 which both allege conduct only in the Middle District of North

Carolina.  Similarly, of the three overt acts alleged in Count 63, one is alleged to have

occurred at Las Jarochitas restaurant (the scene of the murders in Greensboro) while the

situs of the other two is not alleged at all.  Therefore, Defendant submits that venue for

Count 63 is improper in the Western District of North Carolina.

Therefore, Defendant submits that Counts 1, 61, 62, and 63 should be dismissed

for lack of venue.  In the alternative, Defendant moves for change of venue to the Middle

District of North Carolina.

**2.    PROPER VENUE FOR COUNTS 22 AND 24 LIES IN THE MIDDLE DISTRICT OF NORTH CAROLINA, NOT THE WESTERN DISTRICT.**

The Sixth Amendment to the United States Constitution gives the accused in a

criminal prosecution the right to be tried "by an impartial jury of the State and district

wherein the crime shall have been committed, which district shall have been previously

ascertained by law".  Accordingly, Rule 18 of the Federal Rules of Criminal Procedure

provides as follows:  "Unless a statute or these rules permit otherwise, the government

must prosecute an offense in a district where the offense was committed."

18 U.S.C. §3235, entitled "Venue in capital cases", provides as follows:  "The

trial of offenses punishable with death shall be had in the county where the offense was

4

Case 3:16-cv-00057-MOC Document 50-30  Filed 03/23/17  Page 186 of 501
Case 3:08-cv-00134-RJC  Document 430  Filed 02/24/09  Page 4 of 13
**JA167**

committed, where that can be done without great inconvenience." Finally, 18 U.S.C.

Section 3236 provides as follows: "In all cases of murder or manslaughter, the offense

shall be deemed to have been committed at the place where the injury was inflicted, or

the poison administered or other means employed which caused the death without regard

to the place where the death occurs."

Defendant submits that the above Constitutional and statutory authorities result in

the conclusion that venue on Counts 22 and 24 is proper only in the Middle District of

North Carolina, specifically in Guilford County.

The Fourth Circuit Court of Appeals has stated as follows:

> Proper venue in a criminal prosecution is a constitutional right: 'The Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed. Art. III, §2, cl.3. Article III's command is reinforced by the *Sixth Amendment*, which provides a criminal defendant with the right to a trial 'by an impartial jury of the State and district wherein the crime shall have been committed.'

United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000).

In determining "where the crime shall have been committed", the United States

Supreme Court has stated the following rule:

> As we confirmed last Term, the "*locus delicti* of the charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it." (cite omitted) In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts. (cites omitted).

United States v. Jacinto Rodriguez-Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 1242-

1243, 143 L.Ed.2d 388, 393-394 (1999). The Supreme Court in Rodriguez-Moreno

5

Case 3:16-cv-00057-MOC-JC Document 50-30 Filed 03/23/17 Page 187 of 501
Case 3:08-cv-00154-RJC Document 2-30 Filed 04/24/09 Page 5 of 13
JA168

pointed out the difference, for venue purposes, between the actual conduct proscribed by

the statute allegedly violated and a fact which is "a circumstance element of the offense",

e.g., the existence of criminally generated monetary proceeds for a money laundering

crime.  Id., 526 U.S. at 280, 119 S.Ct. at 1243, 143 L.Ed.2d at 394.  The former is

determinative of venue while the latter is not.  See Id.; see also United States v. Cabrales,

524 U.S. 1, 6-7, 118 S.Ct. 1772, 1776, 141 L.Ed.2d 1, 6 (1998).

The Fourth Circuit Court of Appeals has provided the following framework for

venue issues in multiple-count indictments:

> When multiple counts are alleged in an indictment, venue
> must be proper on each count.  (cite omitted).  Venue on a
> count is proper only in a district in which an essential conduct
> element of the offense took place.  (cite omitted).  The burden
> is on the Government to prove venue by a preponderance of
> the evidence.  (emphasis added)

United States v. Villarini, 238 F.3d 530, 533-534 (2001).

The Fourth Circuit Court of Appeals has stated as follows:

> Venue does not necessarily lie, however, in every district
> where an essential element of the offense has transpired.
> Rather, venue is limited to the place "where the criminal
> act is done.'  (cite omitted).  We understand this requirement
> to limit venue in a criminal trial to the place of the essential
> *conduct* elements of the offense.  (emphasis in original)

United States v. Bowens, supra, 224 F.3d 302, 309 (4th Cir. 2000).

In Bowens, supra, the Court dealt with the issue of proper venue for the offense of

harboring a fugitive.  The Court held that there were four essential elements of that

offense:  (1) that a federal warrant had been issued for a fugitive's arrest, (2) that the

6

Case 3:16-cv-00057-M2C-J    Document 50-1    Filed 03/22/17    Page 188 of 501
Case 3:08-cv-00154-RJC    Document 430    Filed 04/24/09    Page 6 of 13

**JA169**

defendant knew that the warrant had been issued; (3) that the defendant harbored or concealed the fugitive; (4) that the defendant intended to prevent the fugitive's discovery or arrest.  However, the Court held that the only *conduct* proscribed by the statute was that comprising the third element, the actual harboring or concealment of the fugitive.  Therefore, the Court held that venue was proper only in the district where that conduct occurred.  Id., at 309.  The Court held that the Supreme Court cases of United States v. Cabrales and United States v. Rodriguez-Moreno (cites omitted) compel "our conclusion that venue is limited to the place where the essential conduct elements occur, without regard to the place where other essential elements of the crime occur."  Id., at 309.

Here, in each of Counts 22 and 24, Defendant is charged with committing a murder in aid of racketeering in violation of 18 U.S.C. §1959(a)(1).  Section 1959 prohibits and punishes murder as a potentially capital offense if committed either "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity."  Here, Counts 22 and 24 each specifically allege that that the respective murder was committed "for the purpose of maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity."  Federal law defines "murder" as "the unlawful killing of a human being with malice aforethought."  18 U.S.C. §1111.

Therefore, Defendant submits that on Counts 22 and 24, the essential elements

7

**JA170**

are: (1) that Defendant unlawfully killed each victim; (2) that he did so with malice aforethought; (3) that he did so for the purpose of maintaining and increasing position in MS-13; (4) that MS-13 is an enterprise engaged in racketeering activity.  Defendant submits that the only essential "conduct" element here is the first one:  the unlawful killing of each victim.  This is the actual criminal act charged in the two counts. Defendant submits that the remaining three elements of each count are "circumstance" elements and are of no moment for venue determination purposes.

Thus, based on the above legal authorities, venue on Counts 22 and 24 lies only where the actual killings took place:  the Middle District of North Carolina.  18 U.S.C. §§3235 and 3236 further require that trial be held in Guilford County as these are capital murder charges.

Here, the fact that Counts 22 and 24 incorrectly allege that each killing took place both in Guilford County/Middle District and in Mecklenburg County/Western District, an allegation that is physically impossible, does not mean that venue is permissible in either District.  18 U.S.C. §3236 specifically provides that a murder is deemed to have been committed at the place where the injury was inflicted.  The fact is that the government's discovery consistently indicates that the essential conduct, the infliction of the injuries and the actual killings, took place in a Mexican restaurant in Greensboro, Guilford County, Middle District of North Carolina.  Further, the government's evidence is that the events that prompted the shootings took place in the restaurant and that the victims were actually shot and died in the restaurant.  The crimes were complete at that time.

8

Case 3:16-cv-00057-MOC Document 50-1  Filed 03/23/17   Page 190 of 501
Case 3:08-cv-00154-RJC  Document 504-1  Filed 02/24/09   Page 8 of 13

JA171

The fact that the government's evidence suggests that Defendant thereafter fled to Mecklenburg County in the Western District is of no moment to the venue determination on these two counts. That alleged conduct is not an element of these two charged offenses of murder in aid of racketeering.

Therefore, based on the above points and authorities, Defendant submits that the only proper venue for Counts 22 and 24 is in the Middle District of North Carolina. Consequently, venue is not in the Western District of North Carolina. Accordingly, Defendant respectfully moves this Honorable Court to dismiss Counts 22 and 24 for improper venue. In the alternative, Defendant moves this Honorable Court for a change of venue on those counts to the Middle District of North Carolina, specifically to Guilford County.

3.    **PROPER VENUE FOR COUNTS 23 AND 25 LIES IN THE MIDDLE DISTRICT OF NORTH CAROLINA, NOT THE WESTERN DISTRICT.**

Counts 23 and 25 allege violations of 18 U.S.C. §§924(c) and (j)(1) through the use and carrying of a firearm during and in relation to a crime of violence, to wit conspiracy to participate in a racketeering enterprise and murder in aid of racketeering, resulting in the deaths of the same victims alleged in Counts 22 and 24 by means of murder in violation of 18 U.S.C. §1111.

Because these two counts allege capital murder, 18 U.S.C. §§3235 and 3236 dictate that venue be in the county where the killings took place: Guilford County in the Middle District of North Carolina.

9

Case 3:16-cv-00057-MOC-JCD Document 50-1 Filed 03/23/17 Page 191 of 501
Case 3:08-cv-00154-RJC Document 204 Filed 04/24/09 Page 9 of 13
JA172

It is true that for venue purposes, the conduct elements of counts alleging violations of 18 U.S.C. §§924(c)(1) and (j) are different than for the 18 U.S.C. §1959 counts discussed above. The conduct elements for Section 924(c) are (1) the using and carrying of the gun and (2) the commission of the underlying crime of violence alleged. United States v. Rodriguez-Moreno, 526 U.S. 275, 280, 119 S.Ct. 1239, 1243, 143 L.Ed.2d 388, 394 (1999). As stated by the Fourth Circuit Court of Appeals, the conduct elements of a violation of 18 U.S.C. §924(j) are (1) the use of a firearm to cause the death of a person and (2) the commission of a 924(c) violation, which violation in turn has the conduct elements of (3) the use of a firearm and (4) the commission of a crime of violence. United States v. Robinson, 275 F.3d 371, 378, (4th Cir. 2001), *cert. denied*, 535 U.S. 1006 (2002).

Thus, as a continuing offense with potentially distinct acts, venue could theoretically be in any district where any of the conduct elements occurred. Here, however, Defendant submits that the government's own discovery indicates that the conduct elements took place in the Middle District of North Carolina, rather than the Western District of North Carolina. Indeed, one of the crimes of violence alleged as the underlying offense in each of these counts is murder in aid of racketeering, which is the same offense alleged in Counts 22 and 24 and for which venue is proper only in the Middle District. Logically, Counts 23 and 25, which essentially are directed at the same conduct as Counts 22 and 24, should also be dismissed for improper venue or have a change of venue to the Middle District.

10

Case 3:16-cv-00057-MOC Document 50-4 Filed 03/23/17 Page 192 of 501
Case 3:08-cr-00134-RJC Document 242 Filed 04/24/09 Page 10 of 13
**JA173**

Thus, venue lies not in the Western District on Counts 23 and 25 but in the Middle District.

**4. THERE IS NO BASIS FOR VENUE IN THE WESTERN DISTRICT ON COUNTS 61, 62, AND 63.**

Counts 61 and 62, by their very language, do not allege conduct in the Western District of North Carolina. Instead, they specifically allege conduct in Guilford County in the Middle District of North Carolina. As stated earlier, the Fourth Circuit Court of Appeals has held that in multiple-count indictments, venue must be proper on each count and that venue on a count is proper only in a district in which an essential conduct element of the offense took place. United States v. Villarini, 238 F.3d 530, 533-534 (2001). Therefore, venue is not proper in the Western District and the counts should be dismissed for lack of venue. Additionally, Count 63, which alleges a conspiracy on the same date to commit the two offenses charged in Counts 61 and 62 and which does not allege an overt act in the Western District of North Carolina, is subject to dismissal for lack of venue.

**5. CONCLUSION**

Thus, Defendant respectfully submits that the counts against Defendant in the indictment should be dismissed for lack of venue. In the alternative, Defendant respectfully requests a change of venue to the Middle District of North Carolina.

11

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 193 of 501
Case 3:08-cr-00134-RJC Document 14-7   Filed 04/24/09   Page 11 of 13

**JA174**

Respectfully submitted,

April 24, 2009

s/ Mark P. Foster, Jr.
Attorney for Defendant
NC State Bar #22717
Law Offices of Mark Foster, P.C.
1011 E. Morehead Street, Suite 300
Charlotte, NC 28204
Phone 704-347-1809
Fax 704-332-2716
e-mail:  mpfosterjr@bellsouth.net

s/ John Bryson
Wyatt Early Harris Wheeler, LLP
1912 Eastchester Drive, Suite 400
High Point, NC 27261
336-819-6016
Fax 336-819-6076
jbryson@wehwlaw.com

12

**JA175**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above **DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, FOR A CHANGE OF VENUE TO THE MIDDLE DISTRICT OF NORTH CAROLINA** has been duly served on the attorney(s) listed below by e-mail service through ECF on this date:

Jill Rose
Jill.Rose@usdoj.gov

Sam Nazarro
Sam.Nazzaro@usdoj.gov

Kevin Zolot
Kevin.Zolot@usdoj.gov

Adam Morris
Adam.Morris@usdoj.gov

Mark Jones
Mark.Jones2@usdoj.gov

April 24, 2009                        s/ Mark P. Foster, Jr.
                                      NC State Bar #22717
                                      Law Offices of Mark Foster, P.C.
                                      1011 E. Morehead Street, Suite 300
                                      Charlotte, NC 28204
                                      Pone 704-347-1809
                                      Fax 704-332-2716
                                      E-mail:  mpfosterjr@bellsouth.net

13

**JA176**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **DOCKET NO. 3:08CR134-2-RJC** |
| | ) | |
| v. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **STRIKE NONSTATUTORY** |
| ALEJANDRO UMANA | ) | **AGGRAVATING FACTOR AND** |
| | ) | **TO EXCLUDE EVIDENCE OF** |
| | ) | **UNADJUDICATED CRIMINAL** |
| | ) | **ACTS DURING PENALTY** |
| | ) | **PHASE OF TRIAL** |

NOW COMES Defendant ALEJANDRO ENRIQUE RAMIREZ UMANA, by and through counsel, pursuant to the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution and 18 U.S.C. §3592(c), and hereby moves to strike from the Government's Notice of Intention to Seek the Death Penalty (Document #273) the allegation of the nonstatutory aggravating factor of "Participation in Additional Uncharged Murders and Other Acts of Violence". Additionally, Defendant moves on the same grounds to exclude evidence of such uncharged murders and other acts of violence from the penalty phase of the trial.

1.    **INTRODUCTION**

Defendant is charged in a 25-count, 105-page indictment charging 26 defendants with being members of an MS-13 gang RICO conspiracy. Counts 22 and 24 of the indictment allege that Defendant killed two people in a gang-motivated murder in aid of racketeering. Counts 23 and 25 allege the killing of these same victims through the use and carrying of a firearm during and in relation to a crime of violence. For these alleged murders, the government is seeking the death penalty. Accordingly, the government filed

1

Case 3:16-cv-00557-MOC-JC Document 504-3 Filed 03/23/17 Page 196 of 501
Case 3:08-cv-00134-RJC Document 504-3 Filed 04/24/09 Page 1 of 12
JA177

a "Notice of Intention to Seek the Death Penalty" (Document #273) on September 23, 2008.

As to Counts 22 and 23, the murder of Ruben Garcia Salinas, the Notice alleges in Paragraph I.C.4. a non-statutory aggravating factor of "Participation in Additional Uncharged Murders and Other Acts of Violence". As to Counts 24 and 25, the murder of Manuel Garcia Salinas, the Notice alleges in Paragraph II.C.4. the same described non-statutory aggravating factor. Both paragraphs state identical allegations as to this unadjudicated conduct:

> Apart from the offenses charged in the First Superseding Bill of Indictment, defendant has been involved in other serious acts of violence, which are not reflected in his criminal record. Including but not limited to:
> a. On or about July 27, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully killed Jose Herrera and Gustavo Porras.
> b. On or about September 28, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully participated and aided and abetted the killing of Andy Abarca.

Defendant submits that these allegations should be stricken from the Notice of Intention to Seek the Death Penalty and that the evidence of such acts should be excluded from the penalty phase of the trial.


2.    **INTRODUCTION OF EVIDENCE OF UNADJUDICATED CRIMINAL ACTS IN THE PENALTY PHASE OF A CAPITAL CASE WOULD RESULT IN BIASED AND UNRELIABLE SENTENCING IN VIOLATION OF THE FIFTH, SIXTH, AND EIGHTH AMENDMENTS.**

Admission of evidence of Defendant's unadjudicated criminal acts in his capital sentencing proceeding would violate his constitutional rights under the Fifth, Sixth, and Eighth Amendments. The Supreme Court has repeatedly emphasized that because the

2

Case 3:16-cv-00057-MOC-JCJ Document 504-2 Filed 03/23/17 Page 197 of 501
Case 3:08-cv-00154-RJC Document 447-8 Filed 04/24/09 Page 2 of 12

**JA178**

death penalty is qualitatively different from other criminal punishment, "there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case." Woodson v. North Carolina, 428 U.S. 280, 305 (1976) (opinion of Stewart, Powell, and Stevens, JJ.); see Harmelin v. Michigan, 501 U.S. 957, 994 (1991) (Scalia, J.) (noting "several respects in which we have held that 'death is different,' and have imposed protections that the Constitution nowhere else provides"). In Gardner v. Florida, 430 U.S. 349 (1977), the Supreme Court stated as follows:

> [D]eath is a different punishment from any other which may
> be imposed in this country. . . . From the point of view of the
> defendant, it is different in both its severity and its finality.
> From the point of view of society, the action of the sovereign
> in taking the life of one of its citizens differs dramatically from
> any other legitimate state action. It is of vital importance to
> the defendant and to the community that any decision to impose
> the death sentence be, and appear to be, based on reason
> rather than caprice or emotion.

Gardner v. Florida, 430 U.S. 349, 357-358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393, 402 (1977).

Because death is unique in its finality and severity, increased scrutiny is required at every step of the capital process to ensure that death is the appropriate penalty. "[T]he qualitative difference of death from all other punishments requires a correspondingly greater degree of scrutiny of the capital sentencing determination." Caldwell v. Mississippi, 472 U.S. 320, 329, 105 S.Ct. 2633, 2639, 86 L.Ed.2d 231, 239 (1985). "[I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause. . . . The defendant has a legitimate interest in the character of the procedure which leads to the imposition of the sentence even if he

3

Case 3:16-cv-00057-MOC-RJC Document 50-1 Filed 03/22/17 Page 198 of 501
Case 3:08-cv-00154-RJC Document 41-79 Filed 04/24/09 Page 3 of 12
JA179

may have no right to object to a particular result of the sentencing process." Gardner v. Florida, supra, 430 U.S. at 358, 97 S.Ct. at 1205, 51 L.Ed.2d at 402.

A criminal conviction meets this exacting standard of reliability by establishing that the underlying criminal activity was proved under the Rules of Evidence beyond a reasonable doubt to the satisfaction of an unbiased jury in conformity with constitutional safeguards. However, a finding of other criminal acts that have not resulted in convictions does not involve the same indicia of reliability.

Allegations of unadjudicated criminal conduct lack, *ipso facto*, the reliability necessary to ensure a constitutional sentence. This manifest unreliability is compounded by the relaxed evidentiary standards applicable during the sentencing phase.

"In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors," Morgan v. Illinois, 504 U.S. 719, 727 (1992) (quoting Irvin v. Dowd, 366 U.S. 717, 721-22 (1961)). A jury that has already decided that the defendant is guilty of first-degree murder cannot be expected to impartially and objectively evaluate allegations of unadjudicated criminal behavior in the penalty phase. For this reason, a number of state courts have concluded that admitting evidence of unadjudicated offenses in a capital sentencing hearing violates a defendant's right to due process of law.

For instance, the Supreme Court of Tennessee has held as follows:

> [T]o permit the State to present evidence sufficient to convince
> the jury beyond a reasonable doubt that the defendant had
> committed murders for which he has not yet been convicted
> and before the very jury that has just returned a guilty verdict
> for first degree murder, violates the concept of fundamental
> fairness embodied in due process of law, subjecting a defendant
> to what is in effect a trial without the panoply of substantive and
> procedural protections afforded by the Tennessee constitution.

4

JA180

> Such a procedure would thus be invalid under the law of the land provision of this State's Constitution, Article I, §8, which "is synonymous with the 'due process' clause of the Fifth and Fourteenth Amendments to the Constitution of the United States."

State v. Bobo, 727 S.W.2d 945, 952-53 (Tenn.), *cert. denied*, 484 U.S. 872 (1987). See also State v. Bartholomew, 101 Wash.2d 631, 640-42, 683 P.2d 1079, 1086 (1984) ("[a] jury which has convicted a defendant of a capital crime is unlikely fairly and impartially to weigh evidence of prior alleged offenses"); State v. McCormick, 272 Ind. 272, 279-80, 397 N.E.2d 276, 281 (1979) ("[t]he facts regarding this alleged aggravating crime will never have been presented to an impartial, untainted jury, and the risk that the previously tainted jury will react in an arbitrary manner is infinitely greater"). Thus, it seems evident that even where a jury is required to find unadjudicated activity true beyond a reasonable doubt, as is required by Section 3593(c), the admission of unadjudicated acts evidence in the penalty phase violates a defendant's right to a fair and impartial sentencing determination.

Additionally, the Supreme Court held in Johnson v. Mississippi, 486 U.S. 578, 585, 108 S.Ct. 1981, 1986, 100 L.Ed.2d 575, 584 (1988) that the presumption of innocence applies to evidence of other criminal acts at the penalty phase unless the presumption has been rebutted by a conviction after a jury trial. See also Cook v. State, 369 So.2d 1251, 1257 (Ala. 1978) ("Until the State proves him guilty of this charge in accordance with appropriate legal procedures Cook is presumed innocent. This fundamental tenet of our system of justice prohibits use against an individual of unproven charges in this life or death situation."). In Johnson v. Mississippi, the Supreme Court reversed the defendant's death sentence because a prior conviction that had been used as an aggravating circumstance was overturned after the defendant had been sentenced to

5

Case 3:16-cv-00057-MOC-JCD  Document 50-13  Filed 03/23/17  Page 200 of 501
Case 3:08-cv-00154-RJC  Document 24-3  Filed 04/24/09  Page 5 of 12

**JA181**

death.  The Court explained that because the prior conviction was reversed, the defendant must be presumed innocent of that charge "unless and until the [defendant] shall be retried."  Johnson v. Mississippi, supra, 486 U.S. at 585.

Therefore, in the present case, admission of evidence of alleged murders that have not resulted in convictions against Defendant during the penalty phase of this capital trial would deny him Due Process of law during the sentencing phase and violate his presumption of innocence on these untried charges.

3.     **EVIDENCE OF UNADJUDICATED CRIMINAL ACTS SHOULD BE EXCLUDED FROM THE PENALTY PHASE PURSUANT TO SECTION 3593(c) BECAUSE ITS PROBATIVE VALUE IS OUTWEIGHED BY THE DANGER OF CREATING UNFAIR PREJUDICE, CONFUSING THE ISSUES, AND MISLEADING THE JURY.**

In addition to the constitutional bars to introducing evidence of unadjudicated criminal acts during the penalty phase, 18 U.S.C. Section 3593(c) empowers a court to exclude such evidence "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."  As explained in the preceding section, admission of evidence of unadjudicated criminal acts would unfairly prejudice Defendant by permitting a jury to evaluate evidence lacking indicia of reliability (because the Rules of Evidence do not apply at a sentencing hearing) after it has already adjudged him guilty of capital murder.  Thus, the probative value of such "evidence" will be questionable while the potential for unfair prejudice, confusion of the issues, and misleading of the jury will be high.

Here, the government proposes to introduce information during the penalty phase to convince the jury that Defendant deserves to die because more than two years before

6

**JA182**

the charged offenses he allegedly murdered two men on a street in Los Angeles, California and then, two months later, aided and abetted the murder of yet another man in Los Angeles. Defendant has not been tried or convicted of those offenses.

In order to give the government the opportunity to attempt to establish the truth of this nonstatutory aggravating factor beyond a reasonable doubt, as Section 3593(c) requires the government to do, this Honorable Court would essentially have to conduct the equivalent of two additional murder trials during the penalty phase, which would substantially increase the length of the trial.

Conducting these additional murder "trials" would very likely lead to unfair prejudice and would confuse the jury regarding the real issue before it (whether the circumstances of the *charged offenses* justify imposition of the death penalty). Further, it would mislead the jury because on one hand the jury would be instructed that they could only find the existence of the aggravating factors if convinced of their existence beyond a reasonable doubt but on the other hand the Rules of Evidence would not be applied to filter out unreliable and otherwise inadmissible evidence. This would mislead the jury as to the credibility and reliability of the "evidence," making it easier for the government to get information before the jury that would typically not be admissible during an actual trial, thereby diminishing the government's burden of proof.

Therefore, Defendant respectfully submits that evidence of the unadjudicated murder charges from California should be excluded pursuant to Section 3593(c) as its minimal probative value is far outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

7

Case 3:16-cv-00057-MOC-JCO Document 50-13   Filed 03/23/17   Page 202 of 501
Case 3:08-cv-00154-RJC  Document 43   Filed 04/24/09   Page 7 of 12

**JA183**

**4.      18 U.S.C. SECTION 3592(c) DOES NOT PERMIT THE GOVERNMENT TO MAKE A DEFENDANT'S PRIOR CRIMINAL ACTIVITY INTO AN AGGRAVATING FACTOR UNLESS IT HAS RESULTED IN A CONVICTION.**

In homicide cases, 18 U.S.C. §3592(c) sets forth 16 statutory aggravating factors. Six of these statutory aggravating factors refer to previous "convictions" obtained by the defendant:

(c)(2)  "Previous conviction of violent felony involving firearm";

(c)(3)  "Previous conviction of offense for which a sentence of death or life imprisonment was authorized";

(c)(4)  "Previous conviction of other serious offenses";

(c)(10)  "Conviction for two felony drug offenses";

(c)(12)  "Conviction for serious Federal drug offenses";

(c)(15)  "Prior conviction of sexual assault or child molestation".

The remaining nine statutory aggravating factors listed in section 3592(c) all refer to circumstances surrounding commission of the charged capital offense itself.  None of these other factors refers to uncharged criminal conduct that has not resulted in a conviction.

Pursuant to the plain language of the statute, the only criminal conduct (other than the conduct surrounding the commission of the charged offenses) that can constitute an aggravating factor is that which has resulted in a conviction.  Section 3592(c) lists six types of convictions that may qualify as aggravating factors.  It is evident that by specifying these six types of convictions, Congress intended that the only types of previous unrelated criminal conduct the government is allowed to seek as an aggravating factor are the six specified types that have resulted in convictions.  Indeed, in light of the

8

Case 3:16-cv-00057-MOC-JC  Document 50-13   Filed 03/23/17   Page 203 of 501
Case 3:08-cv-00154-RJC  Document 243   Filed 04/24/09   Page 8 of 12
JA184

constitutional infirmities in construing the statute to permit unadjudicated crimes evidence to support a death sentence (as discussed in Argument 2 above), this reading of the statute is called for by the general rule that statutes should be construed to avoid addressing potential constitutional flaws in a statute. "[W]here a statute is susceptible to two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, [our] duty is to adopt the latter." United States ex rel. Attorney General v. Delaware & Hudson Co., 213 U.S. 366, 408 (1909).

Immediately following the list of the 16 statutory aggravating factors, Section 3592(c) also provides as follows: "The jury, or if there is no jury, the court, may consider whether any other aggravating factor for which notice has been given exists." Defendant submits that this "catch-all" language should not be read as nullifying the specification of the types of previous criminal conduct that can constitute aggravating factors as set forth by Congress in the statute. Cf. Provence v. State, 337 So.2d 783, 786 (Fla. 1976) (interpreting state death penalty statute that limited aggravating factors to certain types of convictions and other listed factors as excluding other unadjudicated crimes evidence), *cert. denied,* 431 U.S. 969 (1977); Perry v. State, 395 So.2d 170, 174-175 (Fla. 1980) (same). Section 3592(c)'s catch-all clause should be construed in light of and consistent with the 16 enumerated aggravating factors. See United States v. Davis, 912 F.Supp. at 944.

The catch-all clause, referring to "other" aggravating factors, is most reasonably read as permitting the government to rely on evidence of factors not included in the 16 specified factors but which constitute circumstances of the charged offense itself that go

9

**JA185**

beyond the basic nature of an offense of its kind.  See Section 3593(a) (providing that if the government attorney believes "that the circumstances of the offense are such that a sentence of death is justified", he shall file a notice setting forth the aggravating factor or factors the government proposes to prove as justifying a death sentence.  [emphasis added]).

To the extent that there is any ambiguity in the statute, it must be construed in favor of the defendant.  Under the rule of lenity, criminal statutes are strictly construed and any ambiguity resolved in favor of lenity.  United States v. Emmons, 410 U.S. 396, 411 (1973); Bifulco v. United States, 447 U.S. 381, 387 (1980) (applying rule of lenity to penalty aspects of criminal statute).  Section 3591(a) provides that a defendant convicted of a capital offense "shall be sentenced to death if, after consideration of the factors set forth in section 3592 in the course of a hearing held pursuant to section 3593, it is determined that imposition of a sentence of death is justified."  (emphasis added)  The only factors "set forth" in Section 3592 are the 16 statutory aggravating factors enumerated in subsection (c).  Thus, Section 3591(a), which defines who may be sentenced to death and how, appears to restrict aggravators to those "set forth" or specified in Section 3592.  The general catch-all provision at the end of Section 3592(c) does not "set forth" aggravating factors and cannot supersede the specific limitations in Section 3591.  This ambiguity should be read in favor of lenity, thereby limiting the government to the 16 statutory aggravating factors.  But see United States v. Nguyen, 928 F.Supp. 1525, 1536 (D.Kan. 1996) (finding no ambiguity in statute and holding that government is authorized to seek nonstatutory aggravating factors).

10

**JA186**

For the above reasons, Defendant submits that the government should be precluded from presenting as a nonstatutory aggravating factor allegations of unadjudicated criminal conduct.

**5.    CONCLUSION**

Based on the foregoing points and authorities, Defendant respectfully requests that this Honorable Court grant his motion to strike the allegations of the nonstatutory aggravating factors of "Participation in Additional Uncharged Murders and Other Acts of Violence" from the government's Notice of Intention to Seek the Death Penalty.  Further, Defendant respectfully requests this Honorable Court to exclude evidence of such unadjudicated criminal acts from the penalty phase of this trial.

Respectfully submitted,

April 24, 2009

s/ Mark P. Foster, Jr.
Attorney for Defendant
NC State Bar #22717
Law Offices of Mark Foster, P.C.
1011 E. Morehead Street, Suite 300
Charlotte, NC 28204
Phone 704-347-1809
Fax 704-332-2716
e-mail:  mpfosterjr@bellsouth.net

s/ John Bryson
Wyatt Early Harris Wheeler, LLP
1912 Eastchester Drive, Suite 400
High Point, NC 27261
336-819-6016
Fax 336-819-6076
jbryson@wehwlaw.com

11

**JA187**

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above **DEFENDANT'S MOTION TO STRIKE NONSTATUTORY AGGRAVATING FACTOR AND TO EXCLUDE EVIDENCE OF UNADJUDICATED CRIMINAL ACTS DURING PENALTY PHASE OF TRIAL** has been duly served on the attorney(s) listed below by e-mail service through ECF on this date:

Jill Rose
Jill.Rose@usdoj.gov

Sam Nazarro
Sam.Nazzaro@usdoj.gov

Kevin Zolot
Kevin.Zolot@usdoj.gov

Adam Morris
Adam.Morris@usdoj.gov

Mark Jones
Mark.Jones2@usdoj.gov

April 24, 2009

s/ Mark P. Foster, Jr.
NC State Bar #22717
Law Offices of Mark Foster, P.C.
1011 E. Morehead Street, Suite 300
Charlotte, NC 28204
Pone704-347-1809
Fax 704-332-2716
E-mail:  mpfosterjr@bellsouth.net

s/ John Bryson
Wyatt Early Harris Wheeler, LLP
1912 Eastchester Drive, Suite 400
High Point, NC 27261
336-819-6016
Fax 336-819-6076
jbryson@wehwlaw.com

12

Case 3:16-cv-00057-MOC-RJC Document 50-13   Filed 03/23/17   Page 207 of 501
Case 3:08-cr-00134-RJC  Document 242   Filed 04/24/09   Page 12 of 12

**JA188**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA

v.

ALEJANDRO ENRIQUE RAMIREZ
UMANA

**Docket No. 3:08CR134-2-RJC**

MOTION TO SUPPRESS
DEFENDANT'S APRIL 23, 2008
STATEMENT

NOW COMES the Defendant, Alejandro Enrique Ramirez Umana, by and through his duly appointed attorneys, Mark P. Foster, Jr. and John D. Bryson, who, pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure, respectfully move this Court to suppress evidence secured as a result of the violation of Defendant's constitutional rights. In support of this Motion, Defendant hereby alleges and says the following:

1. Defendant has been charged in the above-enumerated indictments in Counts Twenty-Two through Twenty-Five with two counts of murder in the aid of racketeering and two counts of use and possession of a firearm during and in relation to a crime of violence resulting in death among other criminal offenses.

2. Counts Twenty-Two through Twenty-Five subjects the Defendant to a possible sentence of death.

3. The government filed a Notice of Intention to Seek the Death Penalty on September 23, 2008.

**JA189**

4.    The government specifically pleads, as a non-statutory aggravating circumstance for both charged homicides, Defendant's participation in additional uncharged murders and other acts of violence.

5.    The government specifically alleges that "On or about July 27, 2005 in Los Angeles, California, Defendant knowingly, intentionally, and unlawfully killed Jose Herrera and Gustavo Porras."

6.    The pleading also alleges that "On or about September 28, 2005 in Los Angeles, California, Defendant knowingly, intentionally, and unlawfully participated and aided and abetted the killing of Andy Abarca."

7.    On April 23, 2008, the Defendant was incarcerated in the Guilford County Jail in High Point, North Carolina. He had been charged with two counts of first degree murder in the state courts of North Carolina. These are the same homicides which form the basis of the charges in Counts Twenty-Two through Twenty-Five.

8.    On April 23, 2008 two detectives from Los Angeles interviewed the defendant while he was in the High Point Jail. The interview, which lasted almost four hours, was recorded. Defendant has received a 183 page translated transcript of the interview.

9.    The Defendant, who was incarcerated, did not knowingly and voluntarily waive his right against self incrimination. Further, Defendant's attempt to exercise his right to remain silent, was not honored by the Los Angeles detectives.

10.    The April 23, 2008 statement was taken in violation of the Defendant's Sixth Amendment right to counsel. Defendant had previously been appointed counsel in the North Carolina homicides. The Los Angeles detectives not only discussed his North Carolina cases

Case 3:16-cv-00057-MOC-RJC Document 50-10 Filed 03/23/17 Page 209 of 501
Case 3:08-cr-00134-RJC Document 50-10 Filed 04/24/09 Page 2 of 4

**JA190**

with him, but gave him legal advice on those cases in order to overcome the Defendant's desire not to give a statement to the officers.

11.    The April 23, 2008 statement was taken in violation of the Defendant's Fifth Amendment rights in that the Los Angeles detectives made promises to the Defendant and used trickery and deceit, to such an extent that the resulting statement was not voluntary.

12.    Based on the foregoing, the Defendant moves to suppress the April 23, 2008 statement under the authority of the Fifth, Sixth, and Eighth Amendments to the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure.

WHEREFORE, for reasons stated herein and in the accompanying Memorandum in Support of this Motion, Defendant moves to suppress the April 23, 2008 statement.

Respectfully submitted this the 24th day of April  2009.


/s/ Mark P. Foster, Jr.
Mark P. Foster, Jr. (NC State Bar No. 22717)
Attorney for Defendant
Suite 126, 101 N. McDowell Street
Charlotte, NC  28204-2261
Telephone:  (704) 347-1809
Facsimile:  (704) 347-0292
E-mail:  mpfosterjr.@bellsouth.net


/s/ John D. Bryson
John D. Bryson (NC State Bar No. 12883)
Attorney for Defendant
P. O. Drawer 2086
High Point, NC  27261-2086
Direct Telephone:  (336) 819-6016
Direct Facsimile:  (336) 819-6076
E-mail:  jbryson@wehwlaw.com

Case 3:16-cv-00057-MOC-RJC Document 50-100  Filed 03/23/17  Page 210 of 501
Case 3:08-cr-00134-RJC  Document 100  Filed 04/24/09  Page 3 of 4

JA191

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Defendant's Motion to Suppress Defendant's April 23, 2008 Statement has been duly served on the attorneys listed below by e-mail service through ECF on this 24thday of April, 2009 as follows:

Jill Rose
Jill.Rose@usdoj.gov

Sam Nazarro
Sam.Nazzaro@usdoj.gov

Kevin Zolot
Kevin.Zolot@usdoj.gov

Adam Morris
Adam.Morris@usdoj.gov

Mark Jones
Mark.Jones2@usdoj.gov

/s/ John D. Bryson
John D. Bryson (NC State Bar No. 12883)
Attorney for Defendant
P. O. Drawer 2086
High Point, NC  27261-2086
Direct Telephone:  (336) 819-6016
Direct Facsimile:  (336) 819-6076

4

**JA192**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA

v.

ALEJANDRO ENRIQUE RAMIREZ
UMANA

**Docket No. 3:08CR134-2-RJC**

MEMORANDUM OF LAW IN SUPPORT
OF
MOTION TO SUPPRESS
DEFENDANT'S APRIL 23, 2008
STATEMENT

INTRODUCTION

On December 8, 2007, in Greensboro, North Carolina, the Defendant is alleged to have

shot and killed two individuals, Ruben Garcia Salinas and Manuel Garcia Salinas.  These

homicides form the basis for the government's charges in Counts Twenty-Two through Twenty-

Five of two counts of murder in aid of racketeering and two counts of use and possession of a

firearm during and in relation to a crime of violence resulting in death.

Defendant was arrested on December 12, 2007 and charged with two counts of first

degree murder in state court proceedings in Guilford County, North Carolina. (07 CR 109085,

87)  On December 19, 2007, Robert M. Hurley, the Capital Defender in North Carolina,

appointed the undersigned John D. Bryson as counsel of record for the Defendant on the state

murder charges.

On April 23, 2008, at approximately 11:20 a.m., two Los Angeles police detectives,

Ruben Flores and Gene Parshall, arrived at the Guilford County Jail in High Point, North

Carolina for the purpose of attempting to interview  Defendant regarding his suspected

involvement in two separate shooting incidents in California.  When the Los Angeles detectives

arrived at the High Point Jail, the Defendant was (1) incarcerated, and therefore in custody, and

Case 3:16-cv-00557-MOC-RJC  Document 50-1-1  Filed 03/23/17  Page 212 of 501
Case 3:08-cv-00134-RJC  Document 2041-1  Filed 04/24/09  Page 12 of 20
**JA193**

(2) his right to counsel, as it relates to the homicides in the instant matter, had attached, as judicial proceedings against him had begun and he had received appointed counsel.

At the beginning of the interview[1], Defendant asks the detectives why they have come to talk with him. He expressly states as a precondition to any conversation that nothing can be recorded. While the detectives assured him he was not being recorded, this was untrue. The detectives had brought a digital recording device, which looked like a cell phone and placed it on the table. The entire conversation was recorded in disregard of Defendant's stated precondition. Later in the interview, the detective would again assure him that the device on the table was a cell phone and he was not being recorded. (Tp. 146)

Defendant then expresses his concern that anything he might say to the detectives would affect his current homicide prosecutions in North Carolina, and because of that, he advised them he did not want to make a statement. The detectives advise Defendant they have no part in the North Carolina prosecution and promise him that anything he states to them will not affect his North Carolina case. This is a repeated theme throughout the interview. On many occasions the detectives prompt the Defendant to keep talking to them by telling him that anything he says will not affect his North Carolina case.

The Defendant is read his Miranda rights. He is asked if he wishes to waive them and discuss matters that happened in Los Angeles. He does not agree and instead states he will withhold his consent until he has more information about why the detectives wish to speak with him. After he is more informed about the proposed subject of discussion, Defendant indicates he does not want to speak regarding the matter. The detectives do not cease their inquiry but continue talking to the Defendant, offering him protection.

---

[1] For purposes of this motion, the defendant is relying on the government's translation of the interview, by so doing, the defendant is not in any way agreeing or stipulating to its accuracy.

Case 3:16-cv-00057-MOC-JCR   Document 50-1   Filed 03/23/17   Page 213 of 501
Case 3:08-cv-00154-RJC   Document 24-1   Filed 04/24/09   Page 2 of 20
JA194

They also discuss his North Carolina case with him.  They tell him he will be found guilty and spend the rest of his life in prison.  Because of that circumstance, they tell Defendant, repeatedly throughout the interview, that he has nothing to lose by confessing to the California cases.  Additionally, throughout the interview the detectives employ other methods of trickery by being dishonest with Defendant about various facts in their investigation.

Based on the detectives' conduct, the statement must be suppressed on three separate constitutional grounds.

1.      The April 23, 2008 statement was taken in violation of the Defendant's Fifth Amendment rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed2d 694 (1996), where Defendant did not knowingly, and voluntarily waive his rights. Additionally his subsequent invocation of his right to remain silent was not honored.

2.      Where Defendant's Sixth Amendment right to counsel had attached regarding the homicides which are the subject of this indictment, the detectives' talking  with Defendant and providing him with legal advice about those cases flagrantly violates Defendant's right to counsel.

3.      The use of promises and trickery to induce the Defendant to talk rendered the statement involuntary under the Fifth Amendment of the United States Constitution

**JA195**

## MIRANDA VIOLATION

Recognizing that pressure and isolation inherent in custodial interrogation could overcome the resilience of a suspect otherwise not inclined to incriminate himself, the United States Supreme Court in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed2d 694 (1996) conditioned the admissibility at trial of any custodial confession on the warning of a suspect of his rights. The failure to give the prescribed warnings and obtain a waiver of rights before custodial questioning, generally requires exclusion of any statements obtained. *Missouri v. Seibert*, 542 U.S. 600,124 S. Ct. 2601,159 L.Ed2d 643 (2004).

> An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case. [ ] The courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.

*North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 60 L.Ed.2d 286 (1979).

Here, defendant was in custody. Accordingly, he was required to be advised of his *Miranda* rights before any questioning could begin. On page 16 of the interview, Defendant is orally read his *Miranda* rights, after which he is asked if he understands.

LA 2:  Do you understand what I am saying?

AU:    Yes.

LA 2:  Do you want to talk about, uh, what we want to talk about here of things that happened in Los Angeles…freely?

AU:    I already told you, let's see about it.

LA 2:  *Okay.*

AU:    Yes.

**JA196**

LA 2:  Yes?  *Okay.  Yes [UI] before.  We'll see what goes on.*[2]

AU:   <u>You will be explaining more things [UI].</u>

LA 2:  Yes.  We're going, going to explain more, but do you want, uh…we didn't, didn't arrive here to try to, to pull a truck on, or a trap against you.  Everything is open.  That's why we explained to you your rights, but [UI] the rights now that [UI] that you already understand them [UI] again.

AU:   Uh-huh.

LA 2:  *I'm just telling him we're being wide, uh, wide open that's why.  Uh, I asked him first that,, you know, he'd been read his rights.  He understood his rights…and I re-read him his rights which he understood and he waived again.*

LA 1:  *Right.*

LA 2:  <u>*Uh, he just says, "Yeah."  He goes, "I just need some more background information on what you guys want to talk about."*</u>

04/23/2008, Transcript pages 16-17.  (emphasis supplied)

As the transcript demonstrates, Defendant, having been read his rights, did not waive them.  Defendant  withheld his waiver until he received further information from the detectives.  The detectives did not provide a written *Miranda* waiver form for him to sign.

The detectives then begin to show Defendant photographs of other individuals purportedly involved in one of the California cases.  They provide other details regarding the crime.  Defendant then indicates he does not wish to speak regarding the matter.

AU:   Yeah, and you have the knowledge that each member of the gang has here.  It doesn't run the same as it runs in, in our country.  Understand?  The laws are more forceful over there for a member of a gang.

LA 2:  Uh-huh.

AU:   Yeah, and, we know that it is much of a risk for our family and as much for our children.

LA 2:  *Okay.*

---

[2]   Italics means spoken in English; UI means  unintelligible.

Case 3:16-cv-00057-MOC Document 50-1  Filed 03/23/17   Page 216 of 501
Case 3:08-cv-00154-RJC  Document 24-1   Filed 04/24/09   Page 5 of 20

**JA197**

AU:    Understand, and that's why…

LA 2:  [OV] [UI]…

AU:    …at times one it's best to shut up his mouth.

04/23/2008 Transcript, page 38

When Defendant states that it is best for him to keep his mouth shut, he has not yet waived his Miranda rights.  Rather than deferring to Defendant, or at least inquiring whether he is exercising his right to remain silent, the detectives offer him protection for his wife and children.  The interview continues for over the course of almost four hours.  As will be discussed in future sections of this Memorandum, throughout the interview, the detectives repeatedly talk to Defendant about his North Carolina cases and give him legal advice on them. They repeatedly promise him that his statement will be of "no cost" to him and have no affect on his North Carolina cases.  The officers repeatedly use deceit and trickery throughout the interview.

In *Miranda*, the Supreme Court addressed what are essentially the facts and circumstances of the instant case.

> Whatever the testimony of the authorities as to waiver of rights by an accused, the fact of lengthy interrogation or incommunicado incarceration before a statement is made is strong evidence that the accused did not validly waive his rights.  In these circumstances the fact that the individual eventually made a statement is consistent with the conclusion that the compelling influence of the interrogation finally forced him to do so.  It is inconsistent with any notion of a voluntary relinquishment of the privilege.

*Miranda* 384 U.S. at 476, 86 S. Ct. at 1629.  In his statement Defendant complains that he had been held in single cell isolation at the High Point Jail for almost four months when the detectives arrived. (Tp. 5).

On the basis of this evidence, the prosecution cannot carry its heavy burden of proving a knowing and intelligent waiver.  The presumption against waiver in the instant case is not

**JA198**

overcome.   Defendant clearly reserved waiving his *Miranda* rights until he had further information.   After he had further information, he indicated his desire not to speak regarding the topic.  However, Defendant, being incarcerated, could not withdraw from the interview.  When viewed in its totality, this Court must conclude there was no knowing and voluntary waiver by Defendant of his right against self-incrimination. Accordingly, this Court is required to conclude the statement was taken in violation of his Fifth Amendment rights and must be suppressed.

Defendant further contends, to the extent this Court finds the Defendant did waive his *Miranda* rights, that such waiver was coerced and involuntary.  The inquiry as to whether a *Miranda* waiver is voluntary is the same as to whether the statement itself is voluntary under the due process clause.  *United States v. Cristobol*, 293 F.2d, 134 (4ᵗʰ Cir. 2002)   Defendant makes that argument in a later section of this pleading, accordingly it will not be replicated here. Defendant  instead relies on the argument made in the Voluntariness section as being applicable to the question of whether any waiver found of his *Miranda* rights was voluntary.

RIGHT TO COUNSEL

The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right… to have the assistance of counsel for his defense."  U.S. Constitution Amendment VI. Further, the police may not interrogate a defendant whose Sixth Amendment right has attached unless counsel is present, or the defendant expressly waives his right to assistance of counsel. *Brewer v. Williams*, 430 U.S. 387, 97 S. Ct. 1232, 51 L.Ed.2d 424 (1977).  The Sixth Amendment right attaches at the initiation of adversary judicial criminal proceedings.  *Kirby v. Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L.Ed.2d 411 (1972).  Likewise, police may not initiate interrogation of a defendant whose Sixth Amendment right has attached.  *Michigan v. Jackson*, 475 U.S.  625, 106 S. Ct. 1404, 89 L.Ed.2d  631 (1986).  However, the Sixth Amendment is

Case 3:16-cv-00057-MOC-JC   Document 50-1   Filed 03/23/17   Page 218 of 501
Case 3:08-cv-00154-RJC   Document 241-1   Filed 04/24/09   Page 72 of 20

**JA199**

offense specific and cannot be invoked once for all future prosecutions. *McNeil v. Wisconsin*, 501 U.S. 171, 111 S. Ct. 2204, 115 L.Ed.2d 158(1991).

Applying these principles to the present case, it is clear that the defendant's right to counsel had attached in the North Carolina homicide cases. Adversary judicial criminal proceedings had been initiated against him and he had been appointed a lawyer. Because the Sixth Amendment is case specific, this would not have prevented Los Angeles detectives from questioning the defendant regarding other crimes to which his right to counsel had not attached. However, the Los Angeles detectives not only questioned the Defendant about his North Carolina cases, but gave him legal advice regarding those cases. The officers specifically advised Defendant they were familiar with the facts of his North Carolina cases. They told him the evidence against him was strong, he would be convicted and spend the rest of his life in prison. Accordingly, they told Defendant he had nothing to lose by providing them a statement about their California cases. The theme that Defendant had "nothing to lose" was something which was repeated with frequency throughout the interrogation.

In the beginning of the interview, the Defendant expresses his desire that he not be recorded and his fear that things he is to be questioned about could affect his current North Carolina homicide cases. The Defendant even questions the purpose of the presence of a North Carolina detective at the interview.

AU:    The only thing is for you not to be recording things…

LA 2:  No…

AU:    …because no, no, no,…it may affect me someday…for my children[UI].

LA 2:  Look, what we're going to do, we're not going to talk about anything on your case here. Nothing about your case for tomorrow…about what's going to happen tomorrow. We're not, we're not going to talk about this case at all, and that…that's why [UI] was the first thing that I told you when we came in.

**JA200**

AU:   And, and the purpose for, for that detective?

LA 2: No…because here we're [UI].  We got lost when we arrived at the airport.  So he had to bring us.

AU:   Okay.

[UI section]

LA 2: You know that the streets here are very different, right?

AU:   Yes.

LA 2: *He's just asking me.  You know, he just doesn't want anything to affect, uh, tomorrow's court date so I explained to him we're not here to talk to him about anything having to do with his case.*

LA 1: [UI]

LA 2: *And he made reference to…he, "Well, why is the detective here?"  So I said, "Well, 'cause we got lost coming from the airport so we basically needed somebody [UI] and bring us here."*

LA 1: *He knows that we spoke to him about his current thing and…*

LA 2: *Right.*

LA 1: *And…and, and we've, we've reviewed his interview and that he [UI]…*

LA 2: *Yeah, [UI] understand…*

04/23/2008 Transcript, pages 12-13.

A short time later the Los Angeles detectives begin discussing the facts of his North Carolina cases with him.  Specifically, telling him that the case against him is strong and he is likely to be incarcerated for the rest of his life in North Carolina.

LA 1:   *We wanna try to wipe this slate clean here.  I'm not looking to, you know, taking him in my car back to Los Angeles.  I understand his family is here.  I understand that he just admitted to doing a double murder here in Greensboro, and Greensboro has, you know, is gonna deal with him and, as he can imagine, it's a very serious charge out here, and he's not gonna be, you know, released.*

**JA201**

LA 2:   Look, what he wants to inform you here, uh, we are not going to try to take you back to California.  We understand you want, you prefer to stay here or perhaps closer to your family in New York, and the charges which you are here for are very serious, and our intention is not to take you back to California or anything to move you.  *Okay?*

04/23/2008 Transcript, page 28

LA 2:   *Okay*.  But, uh, my intention is not to get you out…to take you to California.  The charges here we know, uh, of a case, well, that they say is strong, and that is something else.  But our intention is not to get you out to take you somewhere else.

04/23/2008 Transcript, page 29

Later, in an attempt to get Defendant to keep talking, they make analogies between the facts of the North Carolina cases and their cases.  In order to do so, they start discussing the details of his North Carolina cases.

LA 1:   *It's just like the shooting that happened in-in here in-in North Carolina.*

LA 2:   It's like the thing that happened here in this area.

AU:    If here, here is what they said that the problem is that, it was about some music.

LA 2:   Yes, but no, we're not going to talk about this case.  No, it's a different one.

LA 1:   *We've talked to the detective here.  We've, we've gone over his interview.*

LA 2:   We have talked to the detective.  We've seen the interview that they had with you.

LA 1:   *And I-I admire him for, for, uh, stepping up and, and taking…*

LA 2:   And he, and he wants to give you merit because he…on seeing that [UI] they saw that well, more responsibility [UI].

AU:    [UI]

LA 1:   *And, and…*

Case 3:16-cv-00057-MOC-JC Document 50-1   Filed 03/23/17   Page 221 of 501
Case 3:08-cr-00134-RJC   Document 242   Filed 04/24/09   Page 16 of 20

**JA202**

AU:        [OV]…I have not taken responsibility.  The only thing that I said, "That, well, yes, sometimes things happen because one is provoked," and…and it wasn't what, that I told him that I accepted that I had done that. Understand?  They have taken things, things as if, perhaps I had accepted it, but I haven't accepted anything.  Understand?  They asked me a question, "Why did you do it?"  "I didn't do it."  "Why did you do it?"  "I didn't do it."  People say, "What was the motive? And what was the reason that you did it."  One is provoked, and that's why sometimes things happen and, well, I didn't tell him, "It was me."  And I did accept it, that, that I said that, that one is provoked and that's why things happen, but I haven't accepted that it was I who did the shooting.  They say that they have confiscated a weapon from me.  Have the detective tell me or the agent from the FBI that came to take me out.  Who was it that took out the weapon from, from, from my, from my waistband or who was it that took it from my hands?

LA 2:      *Okay*, I think they can explain that to you.  We don't want, uh, we don't want to talk about your case.  *He's saying he didn't, uh...uh, he readily admits to taking charge and he explains it that he didn't do it, he didn't do it, but he understands why things like that happen when people are provoked.  But he never took responsibility for it.*

LA 1:      *Okay, but everyone ID him.  Huh!  His friends ID'd him, and witnesses ID'd him.  Um, and it's the same thing with this…is it's these guys here all, you know, identified him.  Did you already tell him that?*

LA 2:      *Right*.

04/23/2008 Transcript, pages 34-35.

The detectives persist throughout the remainder of the interview to advise the Defendant that anything that he says will have no affect on his North Carolina case.

LA 2:      Right?  And, well, you now…what you're here for is now a case we cannot change.  We will not be able to change, and we don't want to change it so that it affects you.  But what we want is the details about what happened that day.

04/23/2008 Transcript, page 42.

LA 2:      Understand, that we only want the truth.  We know that, eh, this    case you're here for is very serious here.  Eh, [UI section] and it's going to be

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 222 of 501
Case 3:08-cr-00134-RJC Document 50-1   Filed 04/24/09   Page 12 of 20

**JA203**

finished, and we don't want you for that.  We don't want to affect that.

04/23/2008 Transcript, page 43.

At one point the Defendant even challenged their assertions that his statement here would not affect his North Carolina case, but he was further reassured.

| LA 2: | You, you think that we want to finish with you?  If you already have this case, you [UI] person very important. |
|---|---|
| AU: | No, [UI]… |
| LA 2: | You are of service to us to…because you don't have anything to lose and to, to say nothing…to tell us the truth.  Right?  So okay, that day, uh…[UI] |
| AU: | Imagine… |
| LS 2: | Tell us… |
| AU: | Imagine…I have this problem here and now, now I'm involved in this thing.  How, how do you think that I'm going to get into the, of the case that's we have here. |
| LA 2: | We don't-don't want to affect the case here at all. |
| AU: | But you know that it's already, already affected.  Understand? |
| LA 2: | No. |

04/23/2008 Transcript, pages 60-61.

Here Defendant sets out four separate subsequent incidents occurring throughout the transcript where the Los Angeles detectives further persuade the Defendant that a confession to their cases will have no effect on his North Carolina cases.

| LA 2: | We only want to stay on the truth.  Don't, don't lie at this point. [UI] |
|---|---|
| LA 1: | *Let me tell the family that…* |
| LA 2: | [OV[ Just to… |
| LA 1: | *…the person responsible for their sons is…sorry.* |

Case 3:16-cv-00057-MOC-JC Document 50-1   Filed 03/23/17   Page 223 of 501
Case 3:08-cr-00134-RJC   Document 242   Filed 04/24/09   Page 12 of 20

**JA204**

| LA 2: | [OV] [UI] only that. |
| | [OV section] |
| LA 2: | …we are right now.  That's all. |
| AU: | [chuckles]  Then later on  you're going to come to me with another case. |
| LA 2: | <u>Look, [UI] what does it cost you here?  It doesn't cost you anything</u>. |

04/23/2008 Transcript, Page 84.(emphasis supplied)

| LA 2: | Oh, yes.  Well, what happened to the weapon after it was used against…? |
| AU: | [UI] |
| LA 2: | *Okay*. |
| LA 1: | <u>*What is the worst that can happen*</u>? |
| AU: | Uh-huh. |
| LA 1: | *You're here*. |
| LA 2: | <u>What is worst that can happen to you here?</u> |
| AU: | Here?  Nothing. |

04/23/2008 Transcript, Page 125.(emphasis supplied)

| LA 2: | But if I sit here with you, I only ask the truth from you.  Only that.  <u>Look, it doesn't cost you anything</u>.  We want to know only what happened.  But we're not, not going start to accuse you of cases where you entered, uh, a house of, of children without parents and killed all the children.  They're, they're not crimes like that which are, well, of cold blood.  Understand? |
| AU: | Yes. |

4/23/2008 Transcript, page 137 (emphasis supplied)

| LA 1: | *But I don't respect, I don't respect if you're lying to me here*. |
| LA 2: | But he can't respect you if  you're lying. |
| LA 1: | *If you did it, you did it*. |

**JA205**

LA 2:        If you did it… you've done what…only [UI]…

LA 1:        *It can't get any worse.*

LA 2:        [UI]

LA 1:        *It can't get any worse for you*.

LA 2:        That it can't get worse for you.

LA 1:        *Okay  So just...*

AU:          Uh-mm.

LA 1:        *...tell me the truth*.

4/23/2008 Transcript, pages 176-177 (emphasis supplied)

In one final passage late in the interview, Defendant guesses that his discussion with the

Los Angeles detectives will be used against him in his North Carolina cases.

AU:          From this, from this, from this interview that you [plural] are doing on me,
             well, the, the…the other detective is going to grab [onto] it in order to,
             to…to intensity my case here in, in the state that I'm also in, but also…

LA 2:        No. About the case here, eh…

AU:          It's, it's different.

LA 2:        No, we…eh, look, truthfully, we don't, don't care.

AU:          I know, but, but…

LA 2:        *Okay*.  We're not involved in this investigation.  We don't know any more
             than the details.  *Okay*?  We're not involved in any way.  That's why…

AU:          [OV] [UI]…

LA 2:        …we, we haven't asked you anything about that case.

AU:          What I want to, to tell you is that, that because of this…

LA 2:        Uh-mm.

**JA206**

AU:           …he's going to grab [onto it], well…understand?

LA 2:         What [do you mean] grab [onto it]?

4/23/2008 Transcript, page 131.   Again the detectives respond by assuring him that there will be

no consequences to his North Carolina case.

LA 1:         *Hey.  You know what?  Ask him if, uh, tell, tells us about all the murders that he's done.  Clear the air right now.  And if he says he's never done any murders th…uh, then we don't believe that.  How are we gonna believe this?  You know, if he, if he's [sic] wants us to believe him on this other case, what has, what has he done?  Let's clear the air about them all.  A murder is a murder.  He's done on these two already.*

4/23/2008 Transcript, page 132. (emphasis supplied)

LA 2:         *…perhaps in, in New York when there's going to be…you're going, going to finish doing your time… Why don't we go ahead and clear up everything in the past that you've done in Los Angeles.  It doesn't cost you anything.*

4/12/2008 Transcript, page 133. (emphasis supplied)

The above quoted portions of the transcript show  the Los Angeles detectives extensively

and repeatedly not only discussed the North Carolina cases with the Defendant, but ultimately

gave him legal advice on them. They told him repeatedly and erroneously that nothing he could

say to them would hurt him in any way in his North Carolina cases.  This is, of course, was not

true.  The government now seeks to introduce this statement against the Defendant as a capital

aggravating circumstance which may thereby subject him to a sentence of death.  The actions of

the Los Angeles detectives clearly and unequivocally violate Defendant's Sixth Amendment

right to counsel and require the suppression of this statement.

VOLUNTARINESS

**JA207**

The use of trickery and promises to induce the Defendant's statement render it involuntary under the Fifth Amendment of the United States Constitution. A confession is involuntary if it is "extracted by any sort of threats or violence, or obtained by any direct or implied promises, however slight, or by the extension of any improper influence." *Hutton v. Ross*, 429 U.S. 28, 30, 97 S Ct. 202, 50 L.Ed.2d 194(1976). The Fourth Circuit has previously held that promises of leniency made to a defendant must be viewed from the defendant's perspective.

> In *Grades v. Boles*, 398 F.2d 409 (4th Cir. 1968), we stated that discussions possibly amounting to promises of leniency or a plea bargain must be viewed from the defendant's, not the prosecutor's, perspective. *Id*. at 412. We also held that the defendant's reasonable perception that he had been promised that all charges on unrelated offenses would be dropped, a perceived promise that was not fulfilled, was the principal and determinative factor leading to his confession which was therefore involuntary. In *Ferguson v. Boyd*, 566 F.2d 873 (4th Cir. 1977), we stated that repeated conversations about releasing defendant's girlfriend if defendant cooperated could reasonably have caused defendant to believe that such a promise had been made to him. *Id*. at 876.

*United States v. Shears*, 762 F.2d 397, 402 (4th Cir. 1985). (Footnote 5)

Applying these principles to the facts at hand demonstrate that the Defendant's statement was not voluntary. At the beginning of the interview, Defendant expressed his desire not to speak regarding the California cases for fear it could affect his North Carolina prosecutions. The Los Angeles detectives then repeatedly and consistently promised the Defendant that nothing he would say would affect his North Carolina cases. This promise was not kept. The government now seeks to use the Defendant's statement as evidence of his having committed other violent offenses to support non-statutory aggravating circumstances which are used to justify a sentence of death. The Los Angeles detectives continuously and repeatedly, over an extended period of time, promised Defendant that nothing he had to say could negatively impact his North Carolina cases; that "he had nothing to lose". Defendant has identified no less than eleven (11) places in

Case 3:16-cv-00057-MOC-JC   Document 50-1   Filed 03/23/17   Page 227 of 501
Case 3:08-cr-00134-RJC   Document 242   Filed 04/24/09   Page 16 of 20

**JA208**

the transcript where the Los Angeles detectives advised the Defendant that either his statement would not affect the North Carolina cases, or that he had nothing to lose. An honest reading of the transcript shows defendant did not want to discuss the California matters for fear it would negatively impact his North Carolina cases.  The detective's persistent promises to him that he that there would be no negative consequences from speaking with them wore down defendant's resistance over the course of the almost four hour interview. They were the determinative factor in defendant's continuing his discussion with them and ultimately his damaging admissions.

Involuntariness can also be the product of trickery.  *Colorado v. Connelly*, 479 U.S. 157, 107 S. Ct. 515, 93 L.Ed.2d 473 (1986).  Here, the detectives, in addition to promises employed trickery.  While the Defendant set out a precondition that the interview not be recorded, the detectives did record the interview, using a device designed to look like a cell phone to conceal its true identity.  The officers even denied to Defendant that the device was recording their interview.  Additionally, the detectives deceived defendant regarding numerous facts of their investigations.  They were dishonest with the Defendant about finding fingerprints in one case. (Tp. 29)  They were dishonest with him about the number of co-defendants who had provided statements against him.  (Tp. 42)  They were dishonest with him about specific individuals who had provided statements against him.  (Tp. 160)  They were dishonest with him about non-co-defendants being able to identify him. (Tp. 132)   The trickery employed by the detectives also contributed to the involuntariness of the statement.

Additionally, as noted before, involuntariness can arise from other improper influence. As outlined in the prior section, the detectives not only discussed Defendant's North Carolina cases with him but gave him legal advice on those cases.  Defendant contends this amounts to an improper influence affecting the voluntariness of the statement.

Case 3:16-cv-00057-MOC-JC Document 50-1  Filed 03/23/17  Page 228 of 501
Case 3:08-cr-00134-RJC Document 242  Filed 04/24/09  Page 17 of 20
**JA209**

When considering the totality of the circumstances in determining the voluntariness of the statement, this Court must conclude that the Los Angeles detectives made promises and used trickery to overcome Defendant's desire not to talk to them. The agents' promises that his statement would not be used against him in his North Carolina cases were persistent throughout the interview. The use of trickery further contributed to the involuntariness of the statement. Finally, the agent's formally giving legal advice to Defendant while he was represented by counsel is an improper influence used to overcome Defendant's will not to talk. Based on the totality of the circumstances, this Court must conclude the Defendant's April 23, 2008 statement was not voluntary.

## CONCLUSION

The statement taken from defendant on April 23, 2008 was done so in violation of his Constitutional rights in three separate regards. His privilege against self incrimination under the Fifth Amendment was violated where he was interrogated while in custody without having knowingly and voluntarily waived his right against self incrimination. His Sixth Amendment right to counsel was flagrantly violated where detectives engaged him in discussion about a case where his right to counsel had attached and even worse gave him legal advice about the case. Finally his Due Process right under the Fifth Amendment was violated where the use of promises and trickery rendered his statement involuntary. For these reasons the April 23, 2008 statement must be suppressed.

Respectfully submitted this the 24th day of April, 2009.

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 229 of 501
Case 3:08-cr-00134-RJC Document 34-1   Filed 04/24/09   Page 18 of 20
JA210

/s/ Mark P. Foster, Jr.
Mark P. Foster, Jr. (NC State Bar No. 22717)
Attorney for Defendant
Suite 126, 101 N. McDowell Street
Charlotte, NC  28204-2261
Telephone:  (704) 347-1809
Facsimile:  (704) 347-0292
E-mail:  mpfosterjr.@bellsouth.net


/s/ John D. Bryson
John D. Bryson (NC State Bar No. 12883)
Attorney for Defendant
P. O. Drawer 2086
High Point, NC  27261-2086
Direct Telephone:  (336) 819-6016
Direct Facsimile:  (336) 819-6076
E-mail:  jbryson@wehwlaw.com

**JA211**

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Defendant's Motion to Suppress Defendant's April 23, 2008 Statement has been duly served on the attorneys listed below by e-mail service through ECF on this 24th day of April, 2009 as follows:

Jill Rose
Jill.Rose@usdoj.gov

Sam Nazarro
Sam.Nazzaro@usdoj.gov

Kevin Zolot
Kevin.Zolot@usdoj.gov

Adam Morris
Adam.Morris@usdoj.gov

Mark Jones
Mark.Jones2@usdoj.gov


/s/ John D. Bryson
John D. Bryson (NC State Bar No. 12883)
Attorney for Defendant
P. O. Drawer 2086
High Point, NC  27261-2086
Direct Telephone:  (336) 819-6016
Direct Facsimile:  (336) 819-6076

368242

20

Case 3:16-cv-00057-MOC-DCK Document 30-1   Filed 03/23/17   Page 231 of 501
Case 3:08-cr-00134-RJC   Document 44-1   Filed 04/24/09   Page 20 of 20

JA212

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. **3:08 CR 134-RJC** |
| | ) | |
| ALEJANDRO ENRIQUE RAMIREZ UMANA | ) | |

### GOVERNMENT'S CONSOLIDATED RESPONSE
### TO THE MOTIONS OF THE DEFENDANT FILED APRIL 24, 2009

NOW COMES the United States of America, by and through the Undersigned, in response to the Defendant's Motion to Strike Non-Statutory Aggravating Factors and to Exclude Evidence of Unadjudicated Criminal Acts during Penalty Phase, Motion to Strike Non-Statutory Aggravating Factors from Notice of Intent to Seek Death Penalty, Motion for Bill of Particulars with respect to the Death Penalty Notice, Motion for Bill of Particulars as to Count Twenty-Eight of the Bill of Indictment, Motion to Suppress Statement of December 12, 2007, Motion to Suppress Statement of April 23, 2008, and Motion to Dismiss Counts for Improper Venue, or in the Alternative, to Transfer Venue. The government, for the foregoing reasons respectfully requests that all the Motions be denied.

### I. BACKGROUND

#### A.    The Indictment

On or about December 8, 2007, defendant Alejandro Enrique Ramirez Umana murdered Ruben Garcia Salinas and his brother Manuel Garcia Salinas in a crowded restaurant in Greensboro, North Carolina. The defendant participated in these murders, as well as other offenses charged in

Page 1 of 75

**JA213**

the Indictment, for the purpose of maintaining and increasing his position in the MS-13 gang, an enterprise engaged in racketeering activity.

On June 23, 2008, the first Bill of Indictment was filed. On September 23, 2008, the First Superseding Bill of Indictment was filed. On December 16, 2008, a federal grand jury in the Western District of North Carolina returned a Second Superseding Indictment charging the defendant as follows: Racketeering Conspiracy in violation of 18 USC § 1962(d) (Count One); Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1)(2) (Counts Twenty-Two and Twenty-Four); Murder Resulting from the Use and Carrying of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 942(j) (Counts Twenty-Three and Twenty-Five); Possession of a Firearm by a Prohibited Person, in violation of 18 USC § 922(g)(5) (Count Twenty-Seven); Hobbs Act Robbery, in violation of 18 USC § 1951 (Count Twenty-Eight); Hobbs Act Extortion Conspiracy, in violation 18 USC § 1951 (Count Fifty-Eight); Conspiracy to Obstruct Justice and Tamper with a Witness, in violation of 18 USC § 371 (Count Sixty-One); Obstruction of Justice, in violation of 18 USC § 1503 (Count Sixty-Two); and Tampering with a Witness, in violation of 18 USC § 1512(B) (Count Sixty-Three). The government has filed a notice detailing its intention to seek the death penalty for the defendant.

## B. The Federal Death Penalty Act

Given the contentions contained in this Response, the government submits that an over-view of the Federal Death Penalty Act is instructive. The Federal Death Penalty Act of 1994 (hereinafter the "FDPA" or the "Act") was enacted as Title VI of the Violent Crime Control and Law Enforcement Act of 1994, and became effective on September 13, 1994. Pub. L. 103-322, Title VI, §§ 60001-60026, Sept. 13, 1994, 108 Stat. 1959, codified at 18 U.S.C. §§ 3591-3598. In passing this

**JA214**

legislation, Congress established procedures for imposing the death penalty for some 60 offenses. While creating no new substantive offenses, and not impacting the underlying elements of any offense that is potentially death eligible, the FDPA details strict procedures which must be followed before a defendant may be sentenced to death.[1]

Initially, the government must serve the defendant with pre-trial Notice of the government's intent to seek the death penalty. 18 U.S.C. § 3593(a). The Notice must set forth the aggravating factor or factors that the government intends to prove. 18 U.S.C. § 3593(a). Next, section 3593(b) prescribes the type of sentencing hearing to be held. Generally, capital sentencing is to be tried to a jury, although the defendant may move to be sentenced by the trial court if the government consents. 18 U.S.C. § 3593(b). Under the FDPA, the sentencing jury is to be "the jury that determined the defendant's guilt," although a jury may be used solely for the sentencing hearing: (a) if the defendant has pleaded guilty, (b) if the defendant was convicted after a bench trial, (c) if the trial jury has been discharged "for good cause," or (d) if a new sentencing hearing has become necessary. 18 U.S.C. § 3593(b).

The sequence in which the jury must determine punishment was well described in *United States v. Nguyen*, 928 F. Supp. 1525 (D. Kan. 1996), as follows:

> First, the jury must decide whether [the defendant] had the requisite intent to commit the death eligible offense. 18 U.S.C. § 3591(a). If the jury <u>unanimously finds beyond a reasonable doubt</u> that intent is established, it then moves to the next step in the penalty process. If the jury does not so find, the deliberations are over and the death penalty may not be imposed.
> Assuming the jury finds the requisite intent, it must

---

[1] The Anti Drug Abuse Act, 21 U.S.C. § 848, sets forth procedures similar in many ways to those in the FDPA.

Page 3 of 75

Case 3:16-cv-00057-MOC Document 50-13 Filed 03/23/17 Page 234 of 501
Case 3:08-cv-00134-RJC Document 45-13 Filed 05/08/09 Page 3 of 75
**JA215**

then consider the statutory aggravating factors alleged by the government in its notice to seek the death penalty. The statutory aggravating factors from which the government may choose are listed at 18 U.S.C. § 3592(c)(1)-(16). The jury must determine whether the government has proven at least one of the statutory factors alleged <u>beyond a reasonable doubt</u>. 18 U.S.C. § 3593(c). If the jury <u>unanimously</u> so finds, it moves to the next step of the penalty process. If not, the deliberations are over and the death penalty may not be imposed. 18 U.S.C. § 3593(d).

Assuming the jury finds at least one statutory aggravating factor, it must then consider that factor or factors, plus "any other aggravating factor for which notice    has been provided," 18 U.S.C. § 3593(d) ("non-statutory aggravating factors"), and weigh them against any mitigating factors to determine whether the death penalty is appropriate. 18 U.S.C. § 3593(e).

Non-statutory aggravating factors, like their statutory counterparts, must be <u>unanimously found by the jury beyond a reasonable doubt</u>, while mitigating factors need only be established by a preponderance of the evidence. Further, any juror persuaded that a mitigating factor exists may consider it in reaching a sentencing decision; unanimity is not required. 18 U.S.C. § 3593(c), (d).

*Id.* at 1532 (emphasis added); *see also Jones v. United States*, 527 U.S. 373, 376-79 (1999)

(describing FDPA procedures).

Section 3592(a)(1) through (7) enumerates the statutory mitigators, to wit: impaired capacity, substantial duress, minor participation, co-defendant sentences, prior criminal record, mental disturbance, and victim consent. In addition, Section 3592(a)(8) requires consideration of any "[o]ther factors in the defendant's background, record, or character or any other circumstances of the offense that mitigate against imposition of the death sentence." This is consistent with the constitutional requirement that a death penalty statute must permit the defendant to raise any aspect of his character or background and the circumstances of the offense as a mitigating factor. *Penry v. Lynaugh*, 492 U.S. 302, 319-28 (1989); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978). However, in *Lockett*, the Court cautioned that "[n]othing in this opinion limits the traditional authority of a court

**JA216**

to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense." 438 U.S. at 604 n. 12. *See also, California v. Brown*, 479 U.S. 538, 542 (1987) (holding that "mere sympathy" is not a proper consideration in determining whether to impose a death sentence); *United States v. Higgs* 353 F.3d 281, 328 (4th Cir. 2003) (defendant's unknowing presence within federal jurisdiction rather than state jurisdiction where he would not have been eligible for a death sentence was not a mitigating  factor but rather a reflection upon the propriety of the death sentence); *United States v. Johnson*, 223 F.3d 665, 675 (7th Cir.2000) (argument that life imprisonment is a sufficient punishment not a mitigating factor); *United States v. Chandler*, 996 F.2d 1073, 1086 (11th Cir.1993) (holding that the "possibility" of receiving a sentence of life imprisonment without parole is not a relevant mitigating factor); *accord Byrne v. Butler*, 845 F.2d 501, 507 (5th Cir.1988).

The entire sentencing procedure must be free of any invidious factors, and an anti-discrimination attestation must be signed by each fact finder.  18 U.S.C. § 3593(f).  Finally, the FDPA provides for appellate review.  18 U.S.C. § 3595.  Section 3595(b) requires that the review be based on the "entire record," and under Section 3595(c), the court of appeals is to "address all substantive and procedural issues raised" on the appeal of a sentence of death, and shall consider whether the sentence of death was imposed under the "influence of passion, prejudice, or any other arbitrary factor."  *See Higgs*, 353 F.3d at 332-34*; Nguyen*, 928 F. Supp. at 1532.

C.      **The Death Penalty Notice in this Case**

On or about September 23, 2008, the government filed Notice of it's intention to seek the death penalty against the defendant (hereinafter referred to as "the Notice").  The Notice complies with the provisions of 18 U.S.C. § 3593(a).  After setting forth the four statutory "intent" factors

Case 3:16-cv-00057-MOC-JCO Document 50-13   Filed 03/23/17   Page 236 of 501
Case 3:08-cv-00134-RJC  Document 75-13   Filed 05/08/09   Page 5 of 75
**JA217**

established in section 3591(a)(2)(A-D), the Notice specifies the particular aggravating factors,

statutory and non-statutory, that the government intends to prove for Counts Twenty-Two, Twenty-

Three, Twenty-Four and Twenty-Five for the defendant.  Pursuant to section 3592(c), the Notice

listed the following statutory aggravating factors:

1.    The defendant, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offenses; (18 U.S.C. § 3592(c)(5)), and;

2.    The defendant killed and attempted to kill more than one person in a single criminal episode.  (18 U.S.C. § 3592(c)(12)).

In the same Notice, the government listed the following non-statutory aggravating factors:

1.    Gang Motivated Killing.  The defendant killed Ruben Garcia Salinas and Manuel Garcia Salinas to protect and maintain the name and reputation of the criminal enterprise MS-13, and to advance his position and reputation within the criminal enterprise.

2.    Victim Impact Evidence.  As demonstrated by the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family and friends, the defendant caused injury, harm and loss to Garcia Salinas family and friends.

3.    Callous Disregard for the Severity of the Offense.  Defendant has demonstrated a callous disregard for the severity of the offense, as evidenced by his words and actions following the murders of Ruben Garcia Salinas and Manuel Garcia Salinas.

4.    Participation in Additional Uncharged Murders and other Acts of Violence.  Apart from the offenses charged in the First Superseding Bill of Indictment, defendant has been involved in other serious acts of violence which are not reflected in his criminal record.  Including, but not limited to:

a.    On or about July 27, 2005, in Los Angeles, California, defendant knowingly, intentionally and unlawfully killed Jose Herrera and Gustavo Porras.

b.    On or about September 28, 2005, in Los Angeles, California, defendant knowingly, intentionally and unlawfully participated and aided and abetted the killing of Andy Abarca.

Page 6 of  75

Case 3:16-cv-00057-MOC-JCO Document 50-13  Filed 03/23/17  Page 237 of 501
Case 3:08-cv-00154-RJC  Document 543  Filed 05/08/09  Page 6 of 75

**JA218**

5. Future Dangerousness. Defendant is likely to commit criminal acts of violence in the future which would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

    a. Continuing Pattern of Violence. Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including but not limited to the crimes alleged against defendant in the First Superseding Bill of Indictment.

    b. Defendant poses a future danger to the lives and safety of other persons as demonstrated by his lack of rehabilitation after prior incarceration, his pattern of criminal conduct, and, his allegiance to and membership in MS-13.

    c. Lack of Remorse. Defendant has never expressed any remorse for killing Ruben Garcia Salinas and Manuel Garcia Salinas as indicated by defendant's statements to fellow gang-members during the course of and following the offenses alleged in the First Superseding Bill of Indictment.

    d. Gang Membership. Defendant has demonstrated an allegiance to and active membership in MS-13, a violent criminal enterprise.

## II. RESPONSE TO DEFENDANT'S MOTION TO STRIKE NON-STATUTORY AGGRAVATING FACTORS

### 1. THE NON-STATUTORY AGGRAVATING FACTORS ARE VALID

The defendant claims, pursuant to the Fifth, Sixth and Eighth Amendments to the Constitution and 18 USC § 3592(c), that non-statutory aggravating factors One, Three and Four, as alleged in the Notice of Intention to Seek the Death Penalty, should be stricken and that the government should be prohibited from presenting evidence related to these factors at a sentencing hearing.

**<u>Legal Analysis</u>**

Case 3:16-cv-00057-MOC Document 50-13   Filed 03/23/17   Page 238 of 501
Case 3:08-cv-00154-RJC   Document 43-3   Filed 05/08/09   Page 72 of 75
**JA219**

The Supreme Court has determined that the Constitution allows consideration of non-statutory aggravating factors "relevant to the character of the defendant or circumstances of the crime,[2] after the sentencer first finds at least one statutory aggravating factor that narrows the class of defendants eligible for the death penalty. *Zant v. Stephens*, 462 U.S. 862, 878 (1983) ("The jury, or if there is no jury, the court, may consider whether any other aggravating factor for which notice has been given exists."). The FDPA, in section 3592(c), authorizes the jury to consider non-statutory aggravating factors as long as the Government provides notice of the factors it intends to present. 18 U.S.C. § 3592(c). Thus Congress has already narrowed the class of defendants eligible for the death penalty through the statutory elements of the charged death-eligible offense and the FDPA's intent and statutory aggravating factors, which must be found unanimously before a jury can even consider the non-statutory factors. 18 USC § 3593.

Federal courts have repeatedly endorsed the use of non-statutory aggravating factors under the FDPA. *See, e.g., Higgs*, 353 F.3d at 320-21; *United States v. Fields*, 516 F.3d 923 (10th Cir. 2008); *United States v. Mitchell*, 502 F.3d 931 (9th Cir. 2007); *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007); *United States v. Sampson*, 486 F.3d 13 (1st Cir. 2007); *United States v. Fields*, 483 F.3d 313 (5th Cir. 2007).

The Defendant now attacks the validity of three of the non-statutory aggravating factors noticed by the Government in this case. For the reasons set forth below, this Court should reject the Defendants' challenges.

A.    **General Legal Requirements for Non-Statutory Aggravating Factors**

---

[2]*Barclay v. Florida*, 463 U.S. 939, 967 (1983).

Page 8 of  75

Case 3:16-cv-00057-MOC-JC  Document 50-13   Filed 03/23/17   Page 239 of 501
Case 3:08-cv-00154-RJC  Document 42-2   Filed 05/08/09   Page 8 of 75
**JA220**

The function of the  non-statutory aggravating factors is to provide relevant information for capital sentencing thereby individualizing the sentencing determination after a defendant has been deemed eligible for capital punishment.  See *Zant*, 462 U.S. at 878-89 (holding use of non-statutory aggravating factors is appropriate in selection process).  Once the jury finds that the defendant falls within the legislatively defined category of persons eligible for the death penalty, "the jury then is free to consider a myriad of factors to determine whether death is the appropriate punishment." *California v. Ramos*, 463 U.S. 992, 1008 (1983).  Aggravating factors, whether statutory or non-statutory, must be construed to permit the sentencer to make a principled distinction between those who deserve the death penalty and those who do not.  *Lewis v. Jeffers*, 497 U.S. 764, 776 (1990). Aggravating factors however are not used to narrow the class of defendants eligible for the death penalty.  *Higgs*, 353 F.3d at 320.

The purpose of non-statutory aggravating factors is to aid the fact finder in selecting the appropriate sentence from the available options: death or life imprisonment.  Thus, a non-statutory aggravating factor is proper it if is relevant to the character of the defendant or to the circumstances of the crime.  *See Barclay,* 463 U.S. at 967.  Additionally, review of the validity of aggravating factors should be deferential.  *See Tuilaepa* v. *California*, 512 U.S. 967, 974 (1994).

All of the non-statutory aggravating factors proposed by the Government are specific to this case and to the characteristics of the Defendant, and distinguish that this Defendant is more morally culpable than other murderers and, thus, deserving of the death penalty.   Congress was very clear when drafting the FDPA that the intent was to provide prosecuting attorneys the ability to "frame and craft additional aggravating factors that might warrant the death penalty".  140 Cong. Rec. H2340 (April 14, 1994).  In doing so, Congress added that this process would "leave the discretion

Case 3:16-cv-00057-MOC-JCH Document 50-13   Filed 03/23/17   Page 240 of 501
Case 3:08-cv-00154-RJC Document 75-13   Filed 05/08/09   Page 9 of 75

**JA221**

in the hands of prosecutors to look upon each death penalty case on a case-by-case basis." *Id*. As discussed below, the non-statutory aggravating factors the Government proposes to present in this case are valid in that they are not vague, overbroad, irrelevant, or duplicative of any other aggravating factor. Each factor, as required by law, clearly defines the specific circumstances of the defendant and this case.

### 1.     Gang Motivated Killing

The first non-statutory factor enumerated in the Notice is that the murders were "gang motivated". Specifically, it is alleged that the defendant killed Ruben Garcia Salinas and Manuel Garcia Salinas to protect and maintain the name and reputation of the criminal enterprise MS-13, and to advance his position and reputation within the criminal enterprise. The defendant submits that this aggravating factor is a duplication of both the elements of the underlying capital offenses, and of other non-statutory aggravating circumstances and therefore fails to narrow the class of persons eligible for the death penalty.

The defendant's membership in and allegiance to MS-13 is central to many of the crimes charged in the Bill of Indictment which he is alleged to have committed. The evidence will show that the murder of Ruben Garcia Salinas and Manuel Garcia Salinas were for no purpose other than to elevate the defendant's status within MS-13 and to protect the name and fearless reputation of MS-13. Thus, this aggravating factor is not vague and is has some common sense core of meaning that the jury can understand as they consider the individual circumstances of this defendant's case. *Tuilaepa*, 512 U.S. at 973. If an aggravating factor directs the sentencer to the individualized circumstances of defendant's case, then that aggravating factor is not overbroad. *Jones*, 527 U.S. at 401. Because the MS-13 criminal enterprise was such a significant part of the defendants life, as

Case 3:16-cv-00057-MOC Document 50-12   Filed 03/23/17   Page 241 of 501
Case 3:08-cr-00134-RJC   Document 58-4   Filed 05/08/09   Page 10 of 75
**JA222**

reflected in the charges in the bill of indictment, there will be significant evidence about the defendant's allegiance to and participation in MS-13.

The defendant argues, however, that this factor is duplicative of other non-statutory aggravating factors. Non-statutory aggravating factor number one, which alleges that the defendant killed Ruben and Manuel Salinas to protect and maintain the name and reputation of the criminal enterprise MS-13 and to advance and elevate his position and reputation within the MS-13 criminal enterprise, is very different from the sub-factor set forth in non-statutory aggravating factor number five, which addresses the defendant's potential for future criminal acts of violence and thus his future dangerousness. Non-Statutory Aggravating Factor number one is related to the motive, intent and the circumstances of the crime, while the other, a sub-paragraph of factor five in the Notice, addresses the defendant's specific behavior, characteristics, and tendency to engage in criminal behavior. This is not a submission of multiple over-lapping factors which would lead to an arbitrary and capricious result. *See United States v. Allen*, 247 F.3d 741, 789-90 (8ᵗʰ Cir. 2001). Further, the factors do not include the same elements. *United States v. Jones*, 132 F.3d 232, 250 (5ᵗʰ Cir. 1998). Finally, the Supreme Court has held that an aggravating factor may be contained in the definition of the crime, or in a separate sentencing factor, or both. *Lowenfield v. Phelps*, 484 U.S. 231, 244-246 (1988). For these reasons, it is requested that the motion of the defendant to strike the "Gang Motivated Killing" non-statutory aggravating factor, and to prevent the presentation of evidence related to this factor, be denied.

### 2.    Callous Disregard for the Severity of the Offense

The next factor which the defendant moves to strike is non-statutory aggravating factor number three of the Notice which alleges that the defendant has demonstrated a callous disregard

Page 11 of 75

Case 3:16-cv-00057-MOC Document 50-1e   Filed 03/23/17   Page 242 of 501
Case 3:08-cr-00134-RJC   Document 59-1e   Filed 03/23/09   Page 11 of 75
**JA223**

for the severity of the offense as evidenced by his words and actions following the murders of Ruben and Manuel Salinas.  The defendant claims that this aggravating factor is unconstitutionally vague, irrelevant and duplicative of another non-statutory aggravating circumstance.

**Legal Analysis**

Because the "proper degree of definition" (of factors to assist in the determination of death) is not "susceptible of mathematical precision", the Supreme Court has determined that a review for vagueness be deferential.  *Walton v. Arizona*, 497 U.S. 639, 654 (1990).  Examples of factors which the Court has upheld against vagueness challenges for "callousness" include:  whether the defendant was a  "cold-blooded, pitiless slayer", *id.* at 654; whether the "perpetrator inflicted mental anguish or physical abuse before the victim's death" with "mental anguish including a victim's uncertainty as to his ultimate fate",[3] and, whether the crime was a "conscienceless or pitiless crime which was unnecessarily torturous to the victim."  *Jurek v. Texas*, 428 U.S. 262, 274-276 (1976).  As is also required in a vagueness analysis is that the factor have some "commons-sense core of meaning... that criminal juries should be capable of understanding.  *Id*. at 279.  Clearly, the "callous disregard" factor is not one which applies to every defendant convicted of murder, the application is driven by the facts presented.

There is no *per se* constitutional issue with the "callous disregard" aggravating factor.  *See United States v. Johnny Davis*, No. CR 01-282, 2003 WL 1873088, *9 (E.D. La. Apr. 10, 2003) (hereinafter, "*Johnny Davis*") (noting no constitutional problem with "lack of remorse factors"); *Nguyen*, 928 F. Supp. at 1541-42 (same) *citing Zant*, 462 U.S. at 885 n. 22.  Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character,

---

[3]*Proffitt v. Florida*, 428 U.S. 242, 255-258 (1976).

Page 12 of  75

**JA224**

and his predisposition to commit other crimes is admissible in aggravation. *Id.* And, because there is a preference for more evidence, not less, at the selection stage and because the proposed "callous disregard" factor is relevant to the Defendant's lack of remorse and general moral character, the Government contends that this non-statutory aggravating factor is relevant and valid.

In *United States v. Len Davis*, 912 F. Supp. 938 (E.D. La. Jan. 22,1996) (hereinafter, "*Len Davis*") the court struck a proposed non-statutory aggravating factor for lack of remorse. But in doing so, the court was clear that its decision was fact based, and not a *per se* inappropriate factor:

> Lack of remorse is a subjective state of mind, difficult to gage objectively since behavior and words don't necessarily correlate with internal feelings. In a criminal context, it is particularly ambiguous since guilty persons have a constitutional right to be silent, to rest on a presumption of innocence and to require the government to prove their guilt beyond a reasonable doubt. To allow the government to highlight an offenders "lack of remorse" undermines those safeguards. Without passing on whether lack of remorse is *per se* an inappropriate independent factor to consider, the court finds it inappropriate in this case. The only information proposed to sustain the factor is Davis' alleged jubilation in learning that [the victim] had been killed. The government does not propose to introduce evidence of continuing glee, or boastfulness, or the affirmative words or conduct that would indicate a pervading and continuing lack of remorse. Furthermore, as already noted, the allegation of lack of remorse encroaches dangerously on an offender's constitutional right to put the government to its proof.

*Id.* at 946. This case however is distinguishable from that before the court.

Unlike in *Len Davis*, the Government in this case does not intend to rely on one mere moment of the defendant's jubilation in their victims' deaths, or on the Defendant's silence. Rather, as expressly identified in the aggravating factor, the Government intends to show callous disregard by presenting affirmative statements made by the Defendant soon after the murders were committed. Additionally, the defendant's actions and behavior following the murders is indicative of his callousness. He went to a nightclub, he and other MS-13 members discussed a plan to rob rival gang

Page 13 of 75

Case 3:16-cv-00057-MOC-JC Document 50-4e   Filed 03/28/17   Page 244 of 501

Case 3:08-cr-00134-RJC   Document 50-4e   Filed 03/28/09   Page 13 of 75

**JA225**

members, he, in a braggadocios manner, waved the supposed murder weapon around – all showing that the acts he committed earlier in the evening were of not of great significance or import to him – except to elevate his reputation among other gang members.    The defendants actions in this case are comparable to the situation presented in *Nguyen*, 928 F. Supp. at 1542, which noted that the government intended to show the defendant's lack of remorse "through his actions, statements, and demeanor." Exactly what the government intends to show in the instant case. *See also United States v. Kaczynski*, No. CR. 96-259, 1997 WL 34626785, \*25 (E.D. Cal. Nov. 7, 1997) (allowing lack of remorse factor where government intended to introduce "affirmative evidence – the defendant's own writings"). Further, the direct and independent evidence in support of this factor will adequately establish the existence of the factor alleged and will not implicate the Defendant's constitutional right to remain silent. *See Nguyen*, 928 F. Supp. at 1543.

Furthermore, courts have been very resistant to striking these type of factors for vagueness. *Tuilaepa*, 512 U.S. at 974. For the reasons set forth above, the Government respectfully requests that this Court deny the Defendant's motion to strike the "callous disregard" factor.

>        **3.**        **Participation in Additional Uncharged Murders and other Acts of Violence**

Finally, the defendant moves to strike non-statutory aggravating factor four as set forth in the Notice which states, in summary, that the defendant has been involved in other serious acts of violence, to wit: murders in Los Angeles, California, which are not reflected in his criminal record. The defendant contends that the introduction of such evidence would result in biased and unreliable sentencing in violation of the Fifth, Sixth and Eighth Amendments. While the Defendant supports

Page 14 of 75

**JA226**

his claim with some case law, his assertion is against the weight of authority permitting the Government to allege uncharged conduct as a non-statutory aggravating factor in capital sentencing.

**Legal Analysis**

The FDPA specifies certain types of convicted criminal conduct which may be used as a statutory aggravating factors and also provides that the "jury ... may consider whether any other aggravating factor for which notice has been given exists" when making the individualized decision of whether the death sentence should be imposed.  18 USC § 3592(c).  Nowhere in the FDPA did Congress limited the jury's ability to hear non-statutory aggravating factors consisting of prior unadjudicated acts.  Indeed, there is no *per se* ban on the admission of unadjudicated criminal conduct in the selection phase.  *See Tuilaepa*, 512 U.S. at 976 (approving as an aggravating factor the defendant's participation in prior unadjudicated acts of violence); *Williams v. People of State of New York*, 337 U.S. 241, 244 (1949) (holding in pre-*Furman* case that a judge's consideration of unadjudicated crimes in sentencing a defendant to death did not violate due process).[4]  The Supreme Court has stated that "it [is] desirable for the jury to have as much information before it as possible when it makes the sentencing decision." *Gregg v. Georgia*, 428 U.S. 153, 204 (1976), *see also Woodson v. North Carolina*, 428 U.S. 280, 304 (1976)("[I]n capital cases, the fundamental respect for humanity underlying the Eighth Amendment . . . requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process inflicting the penalty of death.").

---

[4]Although the landscape of federal death penalty jurisprudence has changed substantially since 1949, nothing in the Court's subsequent jurisprudence has disturbed the core ruling in *Williams v. New York*. *See Nichols v. United States*, 511 U.S. 738, 747 (1994) (citing the holding of *Williams* with approval).

Page 15 of 75

Case 3:16-cv-00057-MOC-RJC Document 50-1   Filed 03/23/17   Page 246 of 501
Case 3:08-cr-00134-RJC   Document 256-2   Filed 03/03/09   Page 15 of 75
**JA227**

Consistent with these principles, proof of the commission of other criminal acts, particularly acts of violence by the defendant, is arguably more relevant and probative than any other type of aggravating evidence supporting the death penalty:

> To with hold it [other acts of violence] from the jury creates a significant gap in the basis for their decision and paints a much rosier picture of the defendant than is true. It is noteworthy that the statute at issue here provides that the lack of a significant prior history of criminal conduct is a factor in mitigation. 18 USC § 3592(a)(5). To disallow evidence of significant unadjudicated criminal conduct could create the misleading impression that this mitigating factor applied [to the defendant], when it did not.

*United States v. Davis*, 2003 WL 187088 at * 3 (E.D.La. 2003), quoting *United States v. Davis*, 912 F. Supp. at 948. *See also United States v. Gilbert*, 120 F. Supp.2d 147, 152 (D. Mass. Nov. 14, 2000). The Fifth Circuit has also expressly allowed the introduction of unadjudicated acts during capital sentencing. *See United States v. Hall*, 152 F.3d 381, 404 (5th Cir. 1998), *abrogated on other grounds by United States v. Martinez-Salazar*, 528 U.S. 304, 310-11 (2000); *Milton v. Procunier*, 744 F.2d 1091, 1097 (5th Cir. 1984), *cert. denied*, 471 U.S. 1030 (1985).

In *United States v. Barnette*, 211 F.3d 803 (4th Cir. 2000) *(affirmed in part, vacated in part and remanded for resentencing on other grounds)*, a death penalty case from the WDNC, the government presented evidence concerning a rape charge which was unadjudicated as well as evidence related to the defendant's sexual harassment of female co-workers. The defendant claimed that this evidence, as well as other admitted evidence, caused the death penalty to be imposed under the influence of passion, prejudice and arbitrariness. The Court found that jury did not impose the

Case 3:16-cv-00057-MOC Document 50-4 Filed 03/23/17 Page 247 of 501
Case 3:08-cr-00134-RJC Document 52-4 Filed 03/03/09 Page 16 of 75

**JA228**

death penalty under improper influence, that the jury properly weighed the evidence, and that the evidence was sufficient for the jury to reach its findings on the aggravating factors. *Id.* at 821.

The Government intends to introduce evidence against the Defendant regarding the two separate occasions, in Los Angeles, California, where the defendant committed the murders of Jose Herrera, Gustavo Porras and Andy Abarca.[5]   The Defendant's participation in these additional serious acts of violence is relevant conduct as to the issue of whether the Defendant should be sentenced to death.   Most significantly, and of great similarity and relevance to the charges before this court, the evidence will establish that these unadjudicated murders were committed in furtherance of, and in relation to, the defendant's MS-13 gang activities.

Procedurally, at the late stage that these aggravating factors would be considered by the jury, that is, after the Defendant has been found guilty of death-eligible offenses, the probative value would not be outweighed by a risk of undue prejudice.   Further, the Defendant can rebut the information the Government offers to prove these factors and can present argument as to whether it is appropriate to recommend a sentence of death based upon these factors. *See Johnny Davis*, 2003 WL 1873088 at \*4.  Additionally, it is important to note that the Defendant is not entitled to advance notice or a description of the specific evidence that will support the aggravating factors at a capital sentencing hearing.[6]   Rather, he is entitled only to a statement of the aggravating factors upon which the Government will rely. *See Higgs*, 353 F.3d at 325 *citing Gray v. Netherland*, 518 U.S. 152, 167-68 (1996) (noting that there is no constitutional right to advance notice of the government's evidence

---

[5] An Amended Felony Complaint for Arrest Warrant, alleging these three murders, has been issued for the defendant in the Superior Court in Los Angeles in Case No. BA338992.

[6]The government has provided significant discovery related to these offenses.

Page 17 of  75

**JA229**

in aggravation at a capital sentencing) .[7]  Ultimately, the Supreme Court has held that an aggravating factor does not violate the defendant's constitutional rights so long as it is "relevant to the character of the defendant or the circumstances of the crime".  *Barclay* at 967.  Here, both factors are met.

For the reasons set forth above, the Government respectfully requests that this Court deny the Defendant's motion to strike the non-statutory aggravating factor for participation in additional serious acts of violence.

### III.  DEFENDANT'S REQUEST FOR  BILL OF PARTICULARS  WITH RESPECT TO NOTICE OF INTENT TO SEEK THE DEATH PENALTY

In the "Motion for Bill of Particulars with Respect to Notice of Intent to Seek the Death Penalty", defendant Umana requests this Court to issue an order compelling the government to provide him with a bill of particulars setting forth specific factual information concerning certain of the non-statutory aggravating factors listed in the government's notice of intent to seek the death penalty.  These include victim impact evidence, evidence of callous disregard for the severity of the offense, participation in additional uncharged murders and future dangerousness.  The defendant claims that the bill of particulars is necessary, because of the "vague  allegations" and to enable him to adequately prepare to respond to these allegations at sentencing.

The government respectfully submits that the defendant's request is nothing more than a request for discovery, which is not a proper purpose for a bill of particulars.  Further, a bill of particulars is neither legally required nor appropriate under the circumstances of this case. The

---

[7]The Government acknowledges that evidence of the unadjudicated serious acts of violence will only be admissible at trial if the Government can establish reliability. *See, e.g.*, *United States v. O'Driscoll*, 250 F. Supp.2d 432, 436 (M.D. Pa. July 8, 2002) (setting forth a test for reliability).  The Government submits that it will satisfy all reliability requirements with admissible evidence.

Page 18 of  75

Case 3:16-cv-00057-MOC-JC Document 50-6  Filed 03/23/17  Page 249 of 501
Case 3:08-cr-00134-RJC  Document 535  Filed 05/08/09  Page 18 of 75
**JA230**

government, therefore, respectfully requests that the defendant's motion be denied.

**Legal Analysis**

The defendant is not entitled to the relief he seeks because the government satisfied its constitutional and statutory Notice obligations once it informed the defendant of the eligibility factors it intends to prove at trial.  *See United States v. LeCroy,* 441 F.3d 914, 929-30 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2096 (2007); *Higgs*, 353 F.3d at 298.  Further, the nine page Notice in this case, filed with the court and defendant on September 23, 2008, is legally and constitutionally sufficient. Because the defendant has no constitutional or statutory right to the evidence that the government will employ in proving the proportionality factors and the statutory aggravating factors, the notice is sufficient and the defendant's claim of insufficiency must fail.

Perhaps it is because Fourth Circuit law is so clearly against the defendant's request that he makes his request for a bill of particulars pursuant to Fed. R. Crim. P. 7(f), and the "inherent power of the Court".  However, Rule 7, by its own title, applies only to "The Indictment and The Information," and there is no authority indicating that Rule 7 applies to Notices under the F.D.P.A. *See, Nguyen*, 928 F. Supp. 1550.

With respect to the "inherent power of the Court " argument, those powers, in this case, are guided by the statutory and legal authority governing this issue. The Federal Death Penalty Act, 18 U.S.C. §3591, *et. seq.*, sets forth all the process requirements to which capital defendants are entitled regarding the government's notice of intent to seek the death penalty. *See, Nguyen*, 928 F.Supp at 1550.The F.D.P.A. provides for reasonable notice to the defendant in 18 U.S.C. §3593(a), which states that the government shall:

Case 3:16-cv-00057-MOC Document 50-1 Filed 03/23/17 Page 250 of 501
Case 3:08-cr-00134-RJC Document 58-1 Filed 03/23/09 Page 19 of 75
**JA231**

a reasonable time before the trial...sign and file with the court, and serve on the defendant, a notice

> (1) stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and that the government will seek the sentence of death; and

> (2) setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death."

Although a defendant is entitled to notice of the charges against him and the factors that could subject him to capital punishment, he is not entitled to advance screening of the evidence that will support those factors at a capital sentencing hearing, other than the evidence he receives as part of the discovery process. *See LeCroy*, 441 F.3d at 929 (*citing Netherland*, 518 U.S. at 166-70; *Higgs*, 353 F.3d at 325 (An indictment and notice of intent to seek the death penalty are the mechanisms the government uses to meet its constitutional and statutory obligations before the trial).  As another circuit has stated, "...a bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government investigation.... Rather, it is intended to give the defendant only that minimum of information necessary to permit the defendant to conduct his <u>own</u> investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir.1985)(emphasis in original); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.1980), *cert. denied*, 449 U.S. 1015 (1980)(a bill of particulars "is not designed to compel the government to a detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.1968) ("acquisition of evidentiary detail is not the function of the bill of particulars"), cert denied, 393 U.S. 877 (1968); *United States v.*

Case 3:16-cv-00057-MOC-JC Document 50-6   Filed 03/23/17   Page 251 of 501
Case 3:08-cr-00134-RJC   Document 882-3   Filed 05/08/09   Page 20 of 75
JA232

*Fischbach and Moore, Inc*., 576 F. Supp. 1384, 1389 (W.D.Pa. 1983) ("it is well established that a bill of particulars is not to be used by the defendant as a discovery tool ...by which defendants obtain disclosure of every detail of the theory and preparation of the government's case..."), *aff'd* 750 F.2d 1183 (3d Cir.1984).

The objective of the indictment is to put a defendant on notice of the charges against which he must defend, by ensuring that the grand jury, independent of the prosecutor or judge, considers and finds all the elements of the offense. *See Stirone v. United States*, 361 U.S. 212, 218 (1960). The defendant's grand jury considered and found all of the elements necessary to indict the defendant of a capital offense and subject him to capital punishment.   In light of the charges in the substantive offenses found in the indictment, the specific factual basis for the eligibility factors is easily discernible.

By comparison, 18 U.S.C. §3593(a) requires no evidentiary detail at all. Pursuant to this statute, the government is required to file, a reasonable time before trial, a Notice "stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and the government will seek the sentence of death." 18 U.S.C. § 3593(a)(1).  The Notice filed in this case satisfies this statutory requirement. In addition, the statute requires that the notice "set[] forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." *Id.* § 3593(a)(2).  The case law on this issue is unambiguous:  the Government satisfies its constitutional and statutory obligations of notice once it informs a capital defendant of the aggravating factors it intends to prove at trial.  *See Higgs*, 353 F.3d at 325;  *Lecroy*, 441 F.3d at 929.

Page 21 of  75

Case 3:16-cv-00057-MOC-JC Document 50-1   Filed 03/28/17   Page 252 of 501
Case 3:08-cr-00134-RJC   Document 1569   Filed 05/08/09   Page 21 of 75
**JA233**

In *Higgs*, the Fourth Circuit explained that capital defendants are not entitled to advance notice or a description of the specific evidence that will support the aggravating factors at trial. A Defendant is only entitled to a statement of the aggravating factors upon which the Government will rely. *Higgs*, 353 F.3d at 325 (*citing Gray*, 518 U.S. at 167-68) (noting that there is no constitutional right to advance notice of the government's evidence in aggravation at a capital sentencing hearing). The F.D.P.A. is very clear.  No description of the evidence is required, only a statement of the aggravating factors upon which the government will rely. *LeCroy*, 441 F.3d at 930 ("the government is not obligated to outline what specific pieces of evidence it plans to use to support the aggravating factors"). Clearly, the government's notice in this case satisfies this mandate. Further, because the factors alleged pursuant to Section 3591(a)(2) are not aggravators, and are not weighed by the jury, they need not be included; nonetheless, the government did so in this case.

The defendant, in his motion, relies only on cases such as *Lankford v. Idaho*, 500 U.S. 110(1991) and others which only require proper notice to satisfy due process. In *Lankford* , for example, a state court judge sentenced defendant to death even after the state prosecutor filed a negative response as to his Notice to seek the death penalty. Obviously, the case here is significantly different in that the United States has filed a detailed, nine page Notice which meets the statutory and constitutional requirements.

A defendant is not entitled to a bill of particulars as a matter of right.  *Wong Tai v. United States*, 273 U.S. 77, 82 (1927).  Notwithstanding what appears to be the premise underlying the defendant's motion, a bill of particulars is not intended to serve as the equivalent of answers to interrogatories in a civil case.  Rather, "a bill of particulars is a defendant's means of obtaining specific information about charges brought in a vague or broadly-worded indictment." *United States*

Page 22 of  75

Case 3:16-cv-00057-MOC-JC Document 50-1 Filed 03/28/17 Page 253 of 501
Case 3:08-cr-00134-RJC Document 88-2 Filed 03/28/09 Page 22 of 75

**JA234**

*v. Dunnigan*, 944 F.2d 178, 181 (4ᵗʰ Cir.1991), *citing United States v. Debrow*, 346 U.S. 374, 378 (1953), *rev'd on other grounds*, 507 U.S. 87 (1993).

As a general matter, an indictment is sufficient if it alleges the essential elements of the crime with which a defendant is charged in a manner that permits the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Hooker*, 841 F.2d 1225, 1227 (4ᵗʰ Cir.1988); *United States v. American Waste Fiber Co.*, 809 F.2d 1044, 1046 (4ᵗʰ Cir.1987). As long as the indictment fulfills these purposes, a bill of particulars is unnecessary and its denial does not constitute an abuse of discretion. *United States v. Butler*, 885 F.2d 195, 199 (4ᵗʰ Cir.1989); *United States v. Jackson*, 757 F.2d 1486, 1491 (4ᵗʰ Cir. 1985), *cert. denied*, 474 U.S. 994 (1985).

Even assuming *arguendo* that defendant is entitled to more than constitutionally or statutorily permissible, the defendant in this case has been provided with ample discovery that reflects not only on evidence at the guilt stage but also on adequate information about the non-statutory aggravating factors at sentencing.

A bill of particulars is still more inappropriate when the government supplements an indictment with extensive discovery. In this case, the discovery is voluminous. There are numerous documents and over 200 hours of recordings which include a statement by the defendant about the murder, evidence of participation in other murders and crimes, and evidence of future dangerousness. As the Fourth Circuit held in *United States v. SIGMA*, 624 F.2d 461, 466 (4ᵗʰ Cir.1979), *cert. denied*, 449 U.S. 1078 (1981), such "extensive disclosure by the government" renders a bill of particulars inappropriate.

Page 23 of 75

Case 3:16-cv-00057-MOC Document 50-1    Filed 03/28/17    Page 254 of 501
Case 3:08-cr-00134-RJC   Document 59-2   Filed 05/08/09   Page 23 of 75
JA235

Consequently, the defendant's due process rights are more than met in this case – between the indictment, the notice of intent to seek the death penalty, the generous discovery already provided, and the disclosures required by *Brady,* and *Giglio*, the defendant can not legitimately complain that he has not received reasonable notice and specificity in this case.

In addition to the fact that the defendant is entitled to nothing more than he has already received, he fails to establish any reasonable need for a bill of particulars as to any of the specific areas in which he seeks such additional information. "The purpose of a bill of particulars is *not* to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories." *Nguyen*, 928 F.Supp. at 1551-52, *citing United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983).

Because the Defendant has no constitutional or statutory right to an advance screening of the Government's sentencing phase evidence, and because the Government has provided a sufficient statement of the aggravating factors upon which it will rely at the capital sentencing hearing, this Court should deny the defendants request for a bill of particulars. *See United States v. Tisdale*, 2008 WL 5156426, *1 (D. Kan. 2008) (denying request for bill of particulars in relation to aggravating factors); *United States v. Regan*, 228 F. Supp.2d 742, 754 (E.D. Va. 2002) (same); *Nguyen*, 928 F. Supp. at 1545-56 (same).

The request for a bill of particulars is nothing more than an improper attempt by the defendant to obtain discovery and evidentiary detail from the government, or to obtain information on the government's legal theories, which *Nguyen* held were not proper subjects for a bill of particulars. The defendant has received all the process to which he is entitled at this point - he is entitled to nothing more. *See, United States v. Edelin*, 128 F.Supp.2d 23 (D. D.C. 2001) (defendant

Case 3:16-cv-00057-MOC Document 50-1 Filed 03/23/17 Page 255 of 501
Case 3:08-cr-00134-RJC Document 59-2 Filed 05/08/09 Page 24 of 75
**JA236**

not entitled to discovery beyond that provided by Federal Rule of Criminal Procedure 16, *Brady, Giglio*, and, 18 U.S.C. §3432); *United States v. Heatley*, 994 F.Supp. 483 (S.D.N.Y.1998) (a defendant has no constitutional right to receive *Brady, Giglio, Kyles*, or *Jencks* Act materials before trial); *Nguyen*, 928 F.Supp. at 1548 (denying motions for early discovery and bill of particulars relating to evidence supporting aggravating factors); *United States v. Cooper*, 754 F.Supp 617 (N.D.Ill. 1990), *aff'd*, 19 F.3d 1154 (7th Cir.1994) (pretrial discovery of evidence in aggravation not constitutionally required).

In conclusion, the government respectfully submits that the weight of the authority is clear and that defendant is not entitled to the information he requests. Further, the defendant has failed to establish either an entitlement to the information he requests from the government or any reasonable need for such particularity. In viewing the substance of the existing indictment and notice, and considering the discovery available to the defendant, this Court can easily conclude that the defendant has been given sufficient information about the threshold intent factors and statutory aggravating factors to adequately prepare his case in response. Accordingly, the defendant's motion for a bill of particulars should be denied.

### IV.  RESPONSE TO MOTION FOR BILL OF PARTICULARS AS TO COUNT 28.

The Defendant seeks a bill of particulars as to Count 28, a Hobbs Act Robbery which alleges that Umana, aided and abetted by defendant's Julio Cesar Rosales Lopez a/k/a Stiler and Jaime Sandoval, a/k/a Pelon, committed a robbery affecting interstate commerce by taking controlled substances and/or proceeds from a person through force, violence, and fear. The Defendant also seeks additional information about the identity of the victim of the offense. For the reasons set forth

**JA237**

below, defendant's motion is without legal or factual basis and therefore should be denied.

**Legal Analysis**

With respect to the purpose and function of a bill of particulars, the Fourth Circuit has consistently stated as follows:

> ordinarily the function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial but to supply any essential detail which may be omitted from the Indictment.

*United States v. Anderson*, 481 F 2d. 685, 690 (4th Cir. 1973) (citation omitted), *aff'd,* 417 US 211 (1974); *See also, United States v. Automated Medical Laboratories*, 770 F 2d. 399, 405 (4th Cir.1985).

As stated, *supra*, the United States has provided the defendant with a limited open file policy which includes voluminous documents and over 200 hours of recordings. This discovery includes any and all reports related to the defendant and all the other individuals referenced in the Indictment. Thus, the discovery includes details regarding the conduct underlying the specific charges against defendant, including Count 28.

While 18 USC § 3500 (a codification of the *Jencks* rule)[8] provides that "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case", the United States has only exercised its right to limit the disclosure of some *Jencks* materials for

---

[8]*Jencks v. United States*, 353 U.S. 657 (1957) (holding that a defendant has the right to inspect, for impeachment purposes, prior statements made to government agents by government witnesses).

Page 26 of 75

Case 3:16-cv-00057-MOC-JC Document 50-1  Filed 03/28/17  Page 257 of 501
Case 3:08-cr-00134-RJC Document 50-1  Filed 03/08/09  Page 26 of 75

**JA238**

legitimate safety concerns of the witnesses.  Certainly, closer to trial setting, the government will make such a timely disclosure.  Nonetheless,  virtually everything else in the case file has been provided to the defendant.   The United States has also continually supplemented discovery as additional items have become available.

With a thorough review of the discovery, the defendant will be apprised of all facts and evidence regarding  the charges of Count 28, including the name used by the individual that was extorted, the location, time, and the circumstances of the offense charged.

Specifically, in relation to Count 28, the discovery includes a video recording of the extortion/robbery and other video/audio recordings from the same night, where the above-captioned defendant and co-defendants discussed the name used by the drug dealer (victim) they had robbed. The name referenced in the recordings is "Gordo".  Consequently, the discovery  provides the information the defendant seeks.

In similar circumstances, that is, where the defendant has significant open file discovery, Courts have repeatedly held that the defendant has adequate notice and is properly informed about the charges. *See, e.g. United States v. Duncan*, 598 F 2d. 839, 849 (4th Cir.1979) (a bill of particulars was properly denied when United States followed an open file policy which properly satisfied the apprisal function of the Indictment); *United States v. Amend*, 791 F 2d. 1120, 1126 (4th. Cir.1986) (government's open file policy provided defendant access to all information and provided defendant with adequate notice such that a bill of particulars was properly denied).

Although the true name of the individual is at this point unknown to the United States, the victim's nick name, his voice, and the extortionate activities of defendant Umana and the co-conspirators is clearly evident from the recordings and other discovery provided to the defense.

Page 27 of  75

Case 3:16-cv-00057-MOC-JC Document 59-1   Filed 03/23/17   Page 258 of 501
Case 3:08-cr-00134-RJC Document 523   Filed 05/08/09   Page 27 of 75

**JA239**

Further, the Indictment has properly alleged the facts and set forth the elements of an 18 USC § 1951 violation to sufficiently provide the defendant with adequate information of the charge, and to prepare for trial. *United States v. Williams*, 342 F. 3d 350 (4th Circ.2003).   A "bill of particulars is not a general tool of discovery, nor is it a device to give the defense a roadmap to the government's case." *United States v. Butler*, 351 F. Supp. 121, 134 (S.D.N.Y. 2004).   Accordingly, defendant Umana's Motion for bill of particulars should be denied in its entirety.

### V.   RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE ON  DECEMBER 12, 2007

The defendant alleges that statements given to law enforcement on December 12, 2007 were obtained as a result of an intentional and unnecessary delay in presenting the defendant to a state magistrate after his arrest.  He contends that the appropriate remedy is for the court to suppress the statements given to law enforcement prior to the defendant's appearance before the magistrate.  For the foregoing reasons, the government respectfully requests that this motion be denied.

On December 8, 2007, during the evening hours, the defendant and several other MS-13 members were in Las Jarochitas restaurant in Greensboro, North Carolina.  The evidence will show that the defendant, and others at his table, began to exchange words with Manuel and Ruben Salinas who were dining in the restaurant with several co-workers.  Ultimately, the defendant and others at his table advised the Salinas brothers and their companions, in summary, that they were MS and "not to f*ck with MS".  When the Salinas brothers indicated that they didn't care about the gang and apparently were not afraid of the gang, the defendant pulled a gun from his waistband and shot Manuel Salinas in the head and Ruben Salinas in the chest, both fatal wounds.  Additionally, the defendant fired other shots in the restaurant wounding another individual.  Thereafter, the defendant

Page 28 of  75

Case 3:16-cv-00057-MOC-DSC Document 59-13   Filed 03/23/17   Page 259 of 501
Case 3:08-cr-00134-RJC Document 503   Filed 03/23/09   Page 28 of 75
**JA240**

fled, along with others who had been with him at the restaurant, and began driving to Charlotte.

At some point during the trip from Greensboro to Charlotte, a confidential source of information, who was cooperating with the CMPD and FBI Gang Task Force in an MS-13 investigation, spoke with one of the individuals who had been in the restaurant with the defendant at the time of the shooting.[9] That individual stated that they had just shot people and were coming toward Charlotte and needed a ride. Ultimately, the confidential source met the defendant and others at an exit off Interstate 85.

The defendant, some of his companions from Greensboro, the confidential source and others then went to a nightclub in Charlotte. While at the nightclub, the defendant bragged about the shooting to the confidential source and even brandished his weapon, instructing the confidential source "to smell it".

Meanwhile, in Greensboro, detectives from the Greensboro Police Department were investigating the murder scene at the restaurant. One individual who had been seated at the same table as the defendant prior to the murders was apprehended at an apartment complex in the vicinity of the restaurant. He ultimately identified the defendant as the one who had shot the Salinas brothers; nonetheless, the Greensboro Police Department continued to collect evidence in furtherance of the investigation.

On December 11, 2007, two warrants for the defendant's arrest were issued in Greensboro. These warrants were for First Degree Murder. The third, a pre-existing warrant for Possession of

---

[9]Earlier in the day on December 8, 2007, the defendant and other MS-13 members indicated that they were going to travel from Greensboro that evening to meet with some MS-13 members in Charlotte to commit some crimes and go to some clubs. The confidential source was in the group that the defendant and his companions were going to meet in Charlotte.

Case 3:16-cv-00057-MOC-JC Document 50-13   Filed 03/23/17   Page 260 of 501
Case 3:08-cr-00134-RJC Document 503   Filed 03/08/09   Page 29 of 75

JA241

Cocaine related to an incident in June, was also active. Meanwhile, Charlotte officers had learned, through a source of information, that the defendant was staying in a residence in Charlotte with other known MS-13 gang members. Thereafter, Charlotte officers contacted Greensboro Police Department Detective Mike Terry and provided this information. Det. Terry advised that there were active warrants for the defendant's arrest.

On December 12, 2007, a search warrant for 3136 Glen Robin Court in Charlotte was issued by a state official. At approximately 2:15 p.m. that same day, officers from the CMPD executed the search warrant and the defendant was taken into custody. Following his arrest, the defendant was transported to the CMPD law enforcement center to wait for officers from Greensboro to arrive. Greensboro Police Detective M.G. Terry arrived at the CMPD law enforcement center where he met with a Spanish language interpreter (Carlos Lopez, an officer with the CMPD) and then with the defendant.[10] Det. Terry advised the defendant of the charges against him. The defendant was also advised of his rights pursuant to *Miranda*. At 7:08 p.m. the defendant signed a Waiver of Rights form in the Spanish language. Thereafter, Det. Terry advised the defendant, through the interpreter, that he believed the defendant to be the "person that we're looking for in reference to this murder in Greensboro on Saturday". *Transcript of December 12, 2007 interview,* pg. 1. The defendant responded "what do you mean by homicide?" and the interpreter stated "homicide. Do you know what homicide is?" *Id*. The defendant then responded "it's all there in the photos. So, okay, [unintelligible]. The interpreter then again said "but do you know what homicide is?" to which the defendant responded "yes, yes." *Id.*

---

[10]The government has provided a draft transcription of the interview to the defense. A final transcription has not yet been prepared by the transcription service.

Case 3:16-cv-00057-MOC Document 50-13   Filed 03/28/17   Page 261 of 501
Case 3:08-cr-00134-RJC Document 50-13   Filed 03/28/09   Page 30 of 75
**JA242**

At 7:12 p.m., Detective Terry, based upon his belief that the defendant was being evasive in his statements and responses, informed the defendant that he was ending the interview. *Id*., at 3. At that point, the defendant stated "and [U/I], yeah, if I am going to be held, so, like, could they not do a transfer to New York?". *Id*. The interpreter responded that he did not understand what the defendant was asking. The defendant then stated, "like, if they transfer me there to serve the time I'm going to do?" *Id*. After a few exchanges between Det. Terry and the interpreter, and some inaudible comments by the defendant, Det. Terry moved to end the interview again. *Id*. The interpreter then told the defendant:

> This is your chance, your last chance, that they're going to give, you know. Because he's going to finish up right now. I'm going to try to help you right now. Him, what he wants to know is why? Okay? Why did it happen? Because, him, he has his evidence. He has everything he needs to charge you, to finish with you. Okay? But, the thing is that there are people, there are families that want to know "why"? Why did it happen? Why? What was it that happened? What happened? Why?"

*Id*.

The defendant responded, "they look for your man"... "they look for you." *Id*., at 4. The interpreter, questioned "they look for it, for you?" The defendant said "no, they look for you. No, you know that [U/I]. Sometimes you have to react." *Id*. The interpreter advised Det. Terry of what the defendant had said, which Det. Terry indicated he did not understand. *Id*. Again, the defendant stated "of course, I think that the ones in the restaurant are ones that know best". *Id*. As the interpreter began to interpret this to Det. Terry, Umana interrupted and stated "that's just where I stand on it. Of course, I can't talk any more about it". *Id*. Once the interpreter told Det. Terry what the defendant had said, Det. Terry stood up to leave. *Id*. The defendant continued speaking "it's just

JA243

that I just wanted to ask him if they are going to move me there or if I can lie down here". *Id.* The interpreter stated "no, they'll move you". *Id.* At that point, both the interpreter and Det. Terry began leaving and the defendant stated "well, yeah, anything that can be done there to look out for my little boy. See if he can get me in there [referring to a transfer to New York] or something like that." *Id.* After that, the interpreter explained to the defendant that he was asking for favors, but wasn't cooperating and explaining why the events occurred. The interpreter and the defendant continued conversing about Det. Terry not comprehending what the defendant had said. *Id.* The defendant responded, "[i]n the sense, that it's like you're being provoked you (sic) or something, well, let's see what you do." *Id.* at 5.

At 7:16 p.m., as a result of the defendant's prior statement, the interpreter called Det. Terry back into the room and advised him about the statement. *Id.* At that point, the defendant asked "how will all this benefit me?". *Id.* After that, Det. Terry, in summary, explained to the defendant that two people were dead, that the death penalty is a punishment in North Carolina, but that the defendant's charges could be first degree or second degree, depending on the facts. *Id.* The defendant asked a few questions as Det. Terry explained the procedure to him. *Id.* Det. Terry asked the defendant if he understood and the defendant indicated that he did. *Id.*, at. 6.

Det. Terry then told the defendant that he understood that the victim had a lot of money, that he carried himself differently and suggested that this perhaps angered the defendant. *Id.* Umana asked Det. Terry what he meant by that. As the interpreter was interpreting the defendants last statement to Det. Terry, the defendant interrupted and said "no, but you know, [U/I] because of the money". *Id.* Detective Terry then raised the issue about the music in the restaurant and the defendant responded "nah, at no time did we do anything about that". *Id.* Thereafter, the defendant

Page 32 of 75

**JA244**

and Det. Terry engaged in a short discussion about what happened. *Id.* At the end of the interview, the defendant asked the interpreter to see if "they" can do him that favor [returning him to New York]. The interview ended at 7:24 p.m.

Thereafter, Det. Terry advised the CMPD officer present outside the interview room that the arrest warrants for the defendant were in Greensboro, and that the defendant would be transported back to Greensboro. The defendant, upon arrival in Greensboro on the next morning, made an appearance before the magistrate on the First Degree Murder warrants as well as the warrant for Possession of Cocaine.[11]

The defendant claims that the delay in his appearance before the magistrate requires suppression of the statement given to Det. Terry. The threshold issue is the appropriate legal standard to be applied in this case.

**Legal Analysis**

The defendant avers that the decision in *Corley v. United States*, __ U.S. __ (2009) is controlling, but also suggests that under N.C. procedural rules a violation has occurred. In short, the holding in *Corley* clarifies existing federal law regarding application of 18 USC § 3501, which was enacted in response to *Miranda v. Arizona*, 384 U.S. 436 (1966), and the *McNabb Mallory* rule.[12] 18 USC § 3501(a) provides that "a confession ... shall be admissible in evidence if it is voluntarily

---

[11]The defendant remained in State Custody in Greensboro on the State charges until he was arrested on the first indictment which was filed on June 23, 2008. The defendant was arrested on the federal arrest warrant pursuant to a *Writ of Habeas Corpus ad Prosequendum* on July 28, 2008.

[12] *McNabb v. U.S.*, 318 U.S. 332 (1943), *Mallory v. U.S.*, 354 U.S. 449 (1957)(generally rendering inadmissible confessions made during periods of detention that violate the prompt presentment requirement of F.R.Crim.P 5(a)).

Page 33 of 75

Case 3:16-cv-00057-MOC-JC Document 50-13 Filed 03/23/17 Page 264 of 501
Case 3:08-cr-00134-RJC Document 36-3 Filed 05/08/09 Page 33 of 75

**JA245**

given"; section (b) lists considerations for the court in determining voluntariness; and, subsection (c) provides that "a confession made ... by... a defendant ... while under arrest... shall not be inadmissible solely because of delay in bringing such a person before a magistrate judge ... if such confession is found by the trial judge to have been made voluntarily and ... within six hours of arrest, and there was no unreasonable or unnecessary delay. *See*, *Corley* at *1. However, of significance in this case, the *McNabb Mallory* rule has never been extended to apply to the states. The rule was formulated not as a constitutional doctrine, but as an exercise by the Supreme Court of its discretionary right to supervise the federal courts. *See Slade v. Taylor*, 689 F.Supp. 595 (E.D.Va. June 28, 1988).

There is no dispute that the defendant was arrested on State warrants. The issue of the applicable law regarding an arrest on state charges, which later become federal charges, was addressed in *U.S. v. Alvarez-Sanchez*, 511 U.S. 350 (1994) which concerned statements made by a defendant while in state custody who was later charged federally. The facts in the case before the Court in the instant case are analogous to those discussed in *Alvarez-Sanchez*.

In *Alvarez-Sanchez*, the defendant was arrested on state narcotic charges. While in state custody, the defendant confessed to U.S. Secret Service Agents that he knew that the Federal Reserve Notes which the officers had discovered while searching his home were counterfeit. The Secret Service agents arrested him for possessing counterfeit currency and presented him on a federal complaint the following day. The defendant argued that the delay implicated 18 USC §3501(c). The Supreme Court held that 18 USC §3501(c) does not apply to statements made by a person who is being held solely on state charges because there is no duty to bring a person before a federal judicial

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 265 of 501
Case 3:08-cr-00134-RJC   Document 45-13   Filed 03/23/09   Page 34 of 75

**JA246**

officer until there is some obligation to do so in the first place.[13]  Such a duty does not arise until the person is arrested or detained for a **federal** crime. *Id.* at 350-351 (emphasis added).

> If... the person is arrested and held on state charges, §3501(c) does not apply, and the safe harbor is not implicated.  This is true even if the arresting officers (who, when the arrest is for a violation of state law, almost certainly will be agents of the state or one of its subdivisions) believe or have cause to believe that the person also may have violated federal law.  Such a belief, which may not be uncommon given that many activities are criminalized under both state and federal law, does not alter the underlying basis for the arrest and subsequent custody.  As long as a person is arrested and held only on state charges by state or local authorities, the provisions of §3501(c) are not triggered.

*Id*, at 358.  The *Alvarez-Sanchez* court went on to explain that because the defendant's statement was made voluntarily, nothing in 18 USC § 3501 authorized its suppression.  *Id*, at 359.

It is important to note that while federal and state agents were working together on an MS-13 investigation in Charlotte, the murders committed by the defendant, and their subsequent consideration for inclusion in the federal Indictment of June 23, 2008  were not under consideration at the time the defendant was arrested on the state charges.  This is abundantly clear from the content of Det. Terry's interview with the defendant.  Det. Terry did not ask the defendant questions asked about his membership in MS-13.  There were no questions regarding other criminal conduct in which he or other gang members may have been involved.  There were no questions relative to a criminal enterprise and activities in furtherance of the criminal enterprise.   The questioning centered

---

[13]Likewise, Rule 5(c) Fed.R.Crim.Pro is not applicable to a state arrest.  *United States v. Carroll*, 710 F.2d 164, 167 (1983).

Page 35 of  75

Case 3:16-cv-00057-MOC-JC Document 50-13   Filed 03/28/17   Page 266 of 501
Case 3:08-cr-00134-RJC  Document 3603   Filed 05/08/09   Page 35 of 75
**JA247**

exclusively on the Greensboro murders and why the murders had occurred.[14]

The circumstances of this case are those which occur with great frequency: the arrest of a defendant through cooperation between state and federal law enforcement. Once officers in Charlotte learned that the suspected defendant in the Greensboro murder cases was being harbored and concealed in the Charlotte area by MS-13 members (who were already under investigation by local and federal authorities), they alerted Greensboro to this fact and subsequently executed a state search warrant. The first paragraph of the Probable Cause section of the Search Warrant for 3136 Glen Robin Court in Charlotte states:

> On December 8, 2007 at approximately 2130 hours this applicant was made aware of a shooting that occurred in Greensboro, North Carolina. This applicant has received information from Detective John Sloan with Greensboro Police Department that the shooting resulted in two deceased and one injured with non life threatening injuries. Through investigative techniques, the Greensboro Police Department issued arrest warrants for Alejandro Enrique Umana, DOB 11/25/84 a member of the Mara Salvatrucha (MS13) gang, and recovered spent 45 caliber casing (sic) at the scene. The information also suggested that the listed suspect fled to the Charlotte area possibly still having the 45 caliber handgun used in the murder.

This is the type of cooperation that courts have held to be laudable stating that "routine cooperation between local and federal authorities is, by itself, wholly unobjectionable. Only by such interchange of information can society be adequately protected against crime." *United States. v. Coppola*, 281

---

[14]Clearly the interview by Det. Terry was not akin to the circumstances in *Anderson* wherein a local officer arrested defendants and allowed federal agents to interrogate them for many days resulting in confessions. The *Anderson* court was able to determine that the federal agents had the defendants arrested on state charges solely to avoid the prompt presentment requirement of § 3501. *Anderson v. U.S.*, 318 U.S. 350 (1943).

Case 3:16-cv-00057-MOC-JC Document 59-13   Filed 03/23/17   Page 267 of 501
Case 3:08-cr-00134-RJC   Document 563   Filed 03/23/09   Page 36 of 75
**JA248**

F.2d 340, 344 (2nd Cir. 1960) (en banc), *aff'd* 365 U.S. 762 (1961).

It is clear that this defendant was arrested by a local law enforcement agent on state criminal charges. He was held in state custody until he was arrested on the federal indictment on or about July 28, 2008. Thus, this is not an "arrest or other detention" within the meaning of § 3501(c), and Federal law is not applicable. Consequently, a review of the applicable state law is required.

North Carolina General Statutes § 15A-501 provides in part that:

> Upon arrest of a person, with or without a warrant .... a law enforcement officer: (1) [M]ust inform the person of the charge against him or the cause for his arrest; (2) [M]ust, . . . with respect to any person arrested upon a warrant or order for arrest, take the person arrested before a judicial official without unnecessary delay...."

In *State v. Littlejohn*, 340 N.C. 750, 459 S.E.2d 629 (1995), the North Carolina Supreme Court held that the defendant's statement was not obtained by a violation of § 15A-501(2) where there was a thirteen-hour delay between the time the defendant was taken into custody and the time he was taken before a magistrate. During this delay, the officers interrogated the defendant for ten hours before he confessed. The defendant argued that if he had been taken before the magistrate and advised of his rights earlier, he would not have made the statement. However, because the officers had advised the defendant of his constitutional rights before the interrogation began, the Court reasoned that even if he had been taken before a magistrate, he would have been advised of those same rights. "We cannot hold that the defendant would have exercised his right to remain silent if he had been warned of this right by a magistrate rather than the officer." *Id.* at 758, 459 S.E.2d at 634.

In *State v. Chapman*, 343 N.C. 495, 471 S.E.2d 354 (1996) the defendant, following his arrest

Page 37 of 75

**JA249**

at 9:30 a.m., was interrogated on-and-off until 8:00 p.m. when he was taken before a magistrate. The North Carolina Supreme Court ruled that "[t]he officers had the right to interrogate suspects regarding their involvement in the crime for which they are arrested and the time taken to conduct those interrogations does not constitute "unnecessary delay" as that phrase is used in § 15A-501(2)." *Id.* at 498, 471 S.E.2d at 356.

However, even if the court were to determine that the delay in presenting the defendant to a magistrate was unnecessary, the defendant would only be entitled to relief if he were able to establish that there was a causal connection between the delay the defendant's confession. *State v. Richardson*, 295 N.C. 309, 323-24, 245 S.E.2d 754, 763-64 (1978).

In *State v. Wallace*, 351 N.C. 481, 528 S.E.2nd 326 (2000), *cert. denied*, 531 U.S. 1018 (2000), *rehrg denied*, 531 U.S. 1120 (2001), a murder case from Charlotte,  the North Carolina Supreme Court considered Wallace's contention that because officers waited 19 hours after his arrest before his appearance before a magistrate, that his statements should be suppressed.  Wallace was arrested at approximately 5:00 p.m. on March 12 and did not see a magistrate until noon the following day, March 13.  Wallace argued that the investigators engaged in a deliberate strategy to obtain his confession by depriving him of his statutory and constitutional rights, resulting in a substantial violation of 15A-501.  As in the preceding cases, the court had to determine whether this time lapse was a "substantial violation" of N.C.G.S. § 15A-501.  The court, in determining whether the violation was substantial, considered all the circumstances, including the importance of the interest violated, the extent of the deviation, the willfullness of the deviation, and the deterrent value the exclusion of the evidence would provide.  In that prior decisions of the N.C. Supreme Court held a confession obtained as a result of interrogation prior to an appearance before a magistrate was not

Page 38 of  75

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/28/17   Page 269 of 501
Case 3:08-cv-00134-RJC Document 22-3   Filed 05/08/09   Page 38 of 75
**JA250**

a substantial violation of 15A-501, the sole question was whether the defendant's confession resulted from the delay. *Id.* at 517, 528 S.E.2d at 349. The *Wallace* court held that because the defendant had been advised of his constitutional rights at the beginning of his interrogation, and those rights were the very same rights that a magistrate would advise, and there was no evidence that he would not have confessed but for the delay, the statements were not suppressed. *Id.*[15]

Given the clear position of the North Carolina courts regarding a delayed appearance before a magistrate in circumstances similar to the case now before the court, the government submits that a substantial violation of N.C.G.S. 15A-501(2) did not occur. The defendant was advised, in his native language, of his constitutional rights at the beginning of the interview. He waived those rights and acknowledged the waiver of those rights on the standard waiver of rights form, which was also in his native language. There is no evidence to support the contention that the defendant would not have provided his statement if he had been immediately taken before a magistrate following his arrest on the Greensboro warrants. In fact, it is abundantly clear that the defendant knew, once he was advised by Det. Terry of the murder charges against him, that he was not going to be released and asked to be transferred to New York to serve his time.

In North Carolina, it is not an uncommon practice for a defendant, if arrested in a jurisdiction different than the charging jurisdiction, for the arresting jurisdiction to hold the defendant pending transfer to the charging jurisdiction. That is what occurred here. This procedure was not utilized in this instance in a sinister way, rather it was one of accepted practice.

North Carolina law requires that as part of the "substantial violation" analysis, the Court must

---

[15]*Habeas Corpus* was denied by *Wallace v. Polk*, 2008 WL 1995297 (W.D.N.C. May 5, 2008) (No. 3:05CV 464-RJC). The Court addressed and rejected the delay and voluntariness issues raised by Wallace.

Page 39 of 75

Case 3:16-cv-00057-MOC-DSC Document 50-13   Filed 03/28/17   Page 270 of 501
Case 3:08-cr-00134-RJC Document 56   Filed 05/08/09   Page 39 of 75
**JA251**

consider the deterrent value the exclusion of the evidence will provide. *State v. Simpson*, 320 N.C. 313, 367, 357 S.E.2d 332 (1987), *cert. denied,* 485 U.S. 963 (1988).  In determining whether a substantial violation has occurred in this case to merit such a severe remedy as suppression, certainly a relevant inquiry is this: whether in Charlotte minutes after arrest, or in Greensboro the next morning, what additionally could the magistrate have provided to the defendant to further advise him?  He had been advised of the charges against him, he had been advised of his right to remain silent, and his right to an attorney.  The defendant was fully aware that he was not going to be granted release.  These are the only issues a magistrate would address, whether in Charlotte or Greensboro; consequently, it is a far stretch to assume that the defendant would not have given his statement had he been taken before a magistrate more expeditiously.  "We cannot hold that the defendant would have exercised his right to remain silent if he had been warned of this right by a magistrate rather than the officer." *Littlejohn*, 340 N.C. at 758, 459 S.E.2d at 634.  Without that causal connection between the delay and the statement given, a substantial violation of 15A-501(2) has not been established.  Further, it is clear under the circumstances that the delay was neither unreasonable or unnecessary.

The final area of inquiry then is whether the defendant's statement was voluntarily made. This inquiry is of significance whether state or *arguendo*, federal law applies.[16]

A statement is voluntary under the Fifth Amendment only if it is "voluntary" within the meaning the Due Process Clause. *Oregan v. Elstad*, 470 U.S. 298, 304 (1985).  The test for determining voluntariness under the Due Process Clause is "whether the confession was extracted

---

[16]Even under *Corley*'s reading of 18 USC §3501, the six hour "safety harbor" is in effect unless it can be shown that the delay was unreasonable or unnecessary.

Page 40 of  75

**JA252**

by any sort of threats or violence, or obtained by any direct or implied promised, however slight, or by the exertion of any improper influence." *United States v. Braxton*, 112 F.3d 777, 780 (4ᵗʰ Cir. 1997). Coercive police activity is a necessary predicate to the finding that a confession is not voluntary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). However, the use of "threats, violence, implied promises, improper influence, or other coercive police activity does not automatically render a confession involuntary. *Braxton*, 112 F.3d at 780. Ultimately, the test is whether, under the totality of the circumstances, the "defendant's will has been overborne and his capacity for self-determination critically impaired." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973). To determine whether a defendant's will has been overborne or his capacity for self-determination critically impaired, courts must consider the totality of the circumstances including the characteristics of the defendant, the setting of the interview, and the details of the interrogation. *United States v. Pelton*, 835 F.2d 1067, 1071, (4ᵗʰ Cir.1987).

North Carolina's standard is identical to the federal standard, that is "[i]n determining whether a defendant's confession is voluntarily made, this Court considers the totality of the circumstances." *State v. Hardy*, 339 N.C. 207, 222, 451 S.E.2d 600 (1994). In *Hardy* the North Carolina Supreme Court set forth the following factors to be considered:

> whether the defendant was in custody, whether he was deceived, whether his *Miranda* rights were honored, whether he was held incommunicado, the length of the interrogation, whether there were physical threats or shows of violence, whether promises were made to obtain the confession, the familiarity of the declarant with the criminal justice system, and the mental condition of the defendant.

*Id*. at 222, 451 S.E.2d at 608.

There is nothing, alleged by the defense or present in the facts, to establish that the

Page 41 of 75

Case 3:16-cv-00057-MOC-JC Document 50-1   Filed 03/23/17   Page 272 of 501
Case 3:08-cv-00134-RJC   Document 59-3   Filed 05/08/09   Page 41 of 75
**JA253**

defendant's will was "overborne" such that his waiver was involuntary. At one point in the questioning, the defendant stated, "that's just where I stand on it. Of course, I can't talk any more about it". *Transcript of December 12, 2007 interview, pg. 4.* After the defendant made this statement, Det. Terry and the interpreter rose to leave and the defendant then asked about a transfer to New York. Thereafter, the defendant continued to converse with the interpreter and later with Det. Terry. The defendant's continued conversation made it clear that despite his remark about not wanting to talk about it anymore, he was willing to continue the discussion with Det. Terry. The defendant chose to speak. He chose to continue the conversation. There is no evidence that he was tricked, cajoled or threatened to make any statement. The Detective and the interpreter acted in a reasonable manner in determining, based upon the defendant's conduct, that he wanted to communicate further. A waiver of rights can be inferred from a defendant's actions and words. *State v. Connley*, 297 N.C. 584, 588, 256 S.E.2d 234, 237 (1979). The choice between speaking and silence was the defendant's, and he chose to speak, thus indicating his willingness to continue with the interview and is voluntary waiver. *See Connecticut v. Barrett*, 479 U.S. 523, 524 (1987).

The fact that the interpreter, Officer Lopez, explained to the defendant that Det. Terry was leaving at that this was the last chance for the defendant to explain "why" the events occurred is not improper. "After the defendant invokes his right to silence, an officer may advise him to reconsider the decision. . . . [t]he reconsideration must be urged in a careful, non-coercive manner not too great length and in the context that a defendant's right not to speak will be honored." *United States v. Smith*, 608 F.2d 1011, 1014 (4th Cir.1979). Such were the circumstances here. There is nothing in the record to indicate that the interpreter did more than just advise the defendant that his opportunity to explain the events was fleeting, thus not rendering the statement inadmissible as a violation of the

Page 42 of 75

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 273 of 501
Case 3:08-cr-00134-RJC Document 58-3   Filed 05/08/09   Page 42 of 75

**JA254**

defendant's right to remain silent.

Further, while §3501 is not applicable to the facts of this case regarding presentment, the factors set forth in §3501(b) are instructive in determining voluntariness:

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment; (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession; (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and, (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

The first factor enumerated in §3501(b) takes into consideration the time elapsing between the arrest and the arraignment. As stated *infra*, the delay did not cause the confession. The defendant's interview, which lasted only 16 minutes, occurred approximately five hours after his arrest, clearly within the safety harbor set forth in the statute. North Carolina law, under similar factual circumstances, is clear that the delay was not unreasonable or unnecessary.

In relation to the second factor, the defendant was aware, because Det. Terry had told him, that he was under arrest in North Carolina for the two murders which occurred in Greensboro. The third and fourth factors were addressed by law enforcement officials when the defendant signed a waiver of rights form. This form, which was explained to the defendant in his native language, and which was written in his native language, clearly listed his rights. Since the defendant chose to waive his rights, counsel was not present at the time of the statement; consequently, the fifth factor was not met. However, subsection (b) of § 3501 ends by stating that "[t]he presence or absence of

Page 43 of 75

**JA255**

any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession. *Id*. Therefore, the fifth factor should not be determinative on this issue.

Consequently, under an analysis of the both the state and federal law, where applicable, the delay in presentment was not so unreasonable and unnecessary to result in the suppression of the defendant's statements, nor were the defendant's statements made under circumstances which would render them involuntary. Therefore, the motion of the defendant should be denied.

## VI. RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE ON APRIL 23, 2008

The defense, in the motion to suppress the defendant's statements of April 23, 2008, alleges that the defendant asked for an attorney, that the waiver of his *Miranda* warnings was not knowingly or voluntarily made as a result of law enforcement trickery, and, that his Sixth Amendment rights were violated. For the foregoing reasons, it is requested that the motion of the defendant be denied.

Following the defendant's arrest on the instant charges, Detectives from Los Angeles, California traveled to North Carolina to attempt to interview the defendant concerning two separate homicide cases for which orders for arrest had been issued for the defendant. The L.A. detectives were taken to a room in the detention facility where they could speak with the defendant. After some pleasantries were exchanged, the defendant asked if the Detectives were there "[i]n reference to the case here"? *Transcript of April 23, 2008 interview of the defendant*, pg. 3. One of Detectives responded "[n]ot the case here. It's a different one". *Id*. The officers formally introduced themselves, discussed whether the defendant had eaten lunch. Further, the defendant and the Detectives discussed the color of the defendant' jail uniform and other irrelevant matters. Finally,

Page 44 of 75

Case 3:16-cv-00057-MOC-JC Document 50-1   Filed 03/23/17   Page 275 of 501
Case 3:08-cr-00134-RJC Document 42-3   Filed 05/08/09   Page 44 of 75
**JA256**

the Spanish speaking detective, who acted as the interpreter throughout the interview, asked if the defendant recalled meeting him in L.A. and having photographs taken. *Id.* at 6.   They asked about the defendant's family in El Salvador and about his child (apparently when he was photographed in Los Angeles some years before, Umana and the Detective talked about the impending birth of his child).   They asked some general background questions concerning the defendant's arrival in the U.S.   The defendant and the Detectives then engaged in conversation about his tattoos.   After that general discussion, the defendant asked "[b]ut before anything, what is this visit of yours for?"   *Id.* at 12.    The L.A. Detective interpreting stated:

> We know that we are unable to change anything that is here, but there are also things that we can, uh, find out and change... try, try to help out the situation, uh, of all that is happening, uh, but we're here to talk about our cases.  Things that happened in Los Angeles that perhaps we would like to talk to you about.  Uh, there are things that have been said, uh, that this thing happened, but we know there are always two sides to a story, right?  There are many people who because perhaps they want to get out of a problem, well, maybe this person is not longer here so we can put the finger on that person because he is no longer here.

*Id*.  The defendant responded "[o]kay".  The L.A. Detective then asked "[d]o you understand?", to which the defendant replied, [y]es."  *Id*.  The L.A. Detective then said, "[w]e want to clear it ... and, uh, if you don't have a problem, uh, we want to (sic) talk about any case, and if you don't want to talk about anything, that's your choice.  We can stop.  Nothing, nothing is forced.  Nothing, uh, all here . . . calmly."  *Id*.  The defendant then responded "[t]he only thing is for you not to be recording things ..... because no, no, no, ...it may affect me someday ... for my children [UI]."   *Id*.   The Los Angeles officer then responded:

Page 45 of  75

Case 3:16-cv-00057-MOC-JC Document 59-13   Filed 03/23/17   Page 276 of 501
Case 3:08-cr-00134-RJC Document 257   Filed 03/08/09   Page 45 of 75

**JA257**

> Look, what we're going to do, we're not going to talk about anything on your case here. Nothing about your case for tomorrow . . . about what's going to happen tomorrow. We're not, we're not going to talk about this case at all, and that .... that's why [UI] was the first thing that I told you when we came in.

*Id.* at 13. There is an unintelligible section, but the translator / Detective told the other Detectives that "[h]e's just asking me. You know, he just doesn't want anything to affect, uh, tomorrow's court date, so I explained to him we're not here to talk to him about anything having to do with his case." *Id.* One of the Detectives said " ... that, that just so that he knows we're not [UI]". . . we have nothing to do with that case." *Id.* The translator explained, "[h]e understands that we're not, we're not part of that." *Id.* The defendant asked the translator/Detective "[w]ere you the one that arrested me, me then?" *Id*, at 14. The Detective responded "[y]es. Yes, I was the one who interviewed you the first time and [UI] explained all that. We don't have anything. We know, well, what happened [here], but we're not here to talk about that case or ... ask you anything about that case. " *Id.* The translator explained to the defendant that they wanted to clear up some matters from the past and allow the defendant to "clean the slate". One detective advised the defendant that "[i]t's a little outside of [UI]. Those are things that are, that are, that are done. I know that there are people that can be moved [UI] local, uh different areas." *Id.* The defendant responded "uh-huh" and the detective continued "[i]t all depends, right, on what is said, on what is done, on what can be done, without making commitments, right? [UI] but for the cases' benefit, uh, but it's also nothing that can be committed to." *Id*. at 15. The defendant responded "[w]ell no." *Id.* The detective stated "[w]e're here to, also to clear up the past. It doesn't cost us anything to come and talk to clear this up. Uh, well, we know that you're not the same person that you were three, four years ago. Right?"

Page 46 of 75

Case 3:16-cv-00057-MOC Document 50-1 Filed 03/23/17 Page 277 of 501
Case 3:08-cr-00134-RJC Document 59-1 Filed 03/23/09 Page 46 of 75

**JA258**

*Id.* The defendant responded "[o]f course." *Id.* The detective instructed the defendant that "...I'm going to read . . . uh, they're your rights. I know that . . . I know that they've done it, but these are things that we have to do, right?" The defendant agreed. *Id.* The Detective asked twice, "they've read you your rights before . . ." *Id.* at 16. The defendant indicated yes. The Detective then stated:

> You have the right to be, to remain silent. If you refuse the right to remain silent, whatever you say can be used against you in a court of law. You have the right to speak with a lawyer and have a lawyer present at any interview. If you so desire, and don't have the money to pay for a lawyer, a lawyer will be obtained for you at no cost before any interview. If you so, uh, desire it. Do you understand what I'm saying?

*Id.* The defendant said "yes". The Detective then asked "[d]o you want to talk about, uh, what we want to talk about here of things that happened in Los Angeles, ... freely?" *Id.* At that point, the defendant stated "I already told you, let's see about it." *Id.* The Detective said "okay" and the Defendant asked: "yes ... you will be explaining more things [UI]." *Id.* The Detective responded "[y]es. We're going, going to explain more, but do you want, uh ... we didn't, didn't arrive here to try to, to pull a trick on, or a trap against you. Everything is open. That's why we explained to you your rights, but [UI] the rights now that [UI] that you already understand them [UI] again." *Id.* at 17. The defendant responded "[u]h-huh." *Id.* The translator/Detective then explained, in English, to the other Detectives, "I'm just telling him we're being wide, uh, wide open that's why, uh, I asked him first that, you know, he'd been read his rights. He understood his rights . . . and I re-read him his rights which he understood and he waived again. . . . [u]h, he just says, 'yeah'. He goes, 'I just need some more background information on what you guys want to talk about.'" *Id.*

One of the other Detectives advised "[o]kay. Uh, well first of all, when he'd gotten to L.A.

Case 3:16-cv-00057-MOC-RJC Document 50-1   Filed 03/23/17   Page 278 of 501
Case 3:08-cr-00134-RJC   Document 59-13   Filed 05/08/09   Page 47 of 75
**JA259**

four days before you photographed him, then when, when did he leave?" *Id*. The interpreter/Detective asked the defendant this question, and the Defendant began providing information about his arrival in Los Angeles. *Id*. The discussion about where the defendant lived while in Los Angeles and when he traveled to New York continued to page 22 of the transcript. At no time did the defendant indicate that he did not want to talk. He continued to provide information and responded to questions. They then began discussing certain individuals of interest to the Detectives, and the defendant made some identifications (it appears from the transcript that photographs were being shown to the defendant). This continued until page 28 of the transcript. At no time did the defendant indicate that he wanted to stop. He was responsive to the questions.

The Detectives then asked about "Fairfax".[17] The defendant indicated he was "not involved in that." *Id*. The Detective then told the defendant: "[l]ook, what he wants to inform you here, uh, we are not going to try to take you back to California. We understand you want, you prefer to stay here or perhaps closer to your family in New York, and the charges which you are here for are very serious, and our intention is not to take you back to California or anything, to move you. Okay." *Id*. The defendant stated, "[u]h-huh. But ... but to my country perhaps . . . [b]ecause there's not even a privilege here ... [y]ou know that, that they treat you worse than a dog here, well, you understand." *Id*, at 28-29. The Detective responded, in summary, that he knew the jails here were not like the jails in El Salvador, and that the rules here are very strict. The defendant agreed. *Id*. The Detective again told the defendant "[o]kay. But, uh, my intention is not to get you out ... to take you to California. The charges here we know, us, of a case, well, that they say is strong, and that is

---

[17]Fairfax is a thoroughfare in L.A. and is the location of the murders of Porras and Herrera.

Page 48 of 75

**JA260**

something else.  But our intention is not to get you out to take you somewhere else." *Id.* at 29.

The Detective then advised the defendant, in relation to some preceding unintelligible remarks by the defendant that "[w]ell, that's why, that's why we want to know . . . what was it that happened.  Perhaps... that's why I told you when there's investigations like that, there's, there's a lot of people involved, and well ... if a person does something, uh, and it wasn't that person that we know, it was another person, well, that's why, we want the .. . whole, the story from everyone that was there, right to know...." *Id.*   The defendant responded "[w]hich people?" *Id.*  The Detective advised "[w]ell, perhaps who is a witness?  Who is a , a suspect.  Understand?" *Id.*  The defendant said "yes".  *Id.*  The Detective then told the defendant, "[b]ecause we know that, it's that you were with them when this happened.  Understand?  We know that because of, of fingerprints, through evidence, through witnesses, because of everything, and what we want...." *Id.*  The defendant then asked "[UI] fingerprints, fingerprints of what?" *Id.*  The Detective responded "[f]ingerprints from the car." *Id.*  The defendant and the Detective then began discussing the facts of the Fairfax case. The defendant asked pertinent questions and provided relevant  information.  This exchange continued until page 34 of the transcript when the Detective, stated "[t]wo victims, and something happened.  Okay?... [a]nd we don't know, well, who started it that, well, that neighborhood, signs [gang hand signals] were thrown or what it was that happened .... [UI] to him, uh, if it was them that threw neighborhood signs or something like that to .... it's like the thing that happened here in this area." *Id*, at 34.  The defendant responded "[i]f here, here is what they said that the problem is that, it was about some music." *Id.*  The Detective immediately responded "[y]es, but no, we're not going to talk about this case.  No, it's a different one." *Id.*  In response to what one of the other Detectives said concerning the defendant's interview previously given (related to the Greensboro murder), the

Case 3:16-cv-00057-MOC Document 59-1   Filed 03/28/17   Page 280 of 501
Case 3:08-cr-00134-RJC   Document 58-3   Filed 03/08/09   Page 49 of 75

JA261

interpreter/Detective stated, "[a]nd he wants to give you merit because he ... on seeing that [UI] they saw that well, more responsibility [UI]..."  The defendant then stated that he had not taken responsibility and began to detail what he told Detective Terry in his December interview, ending with the question "[w]ho was it that took out the weapon from, from, from my, from my waistband or who was it that took it from my hands"?  *Id*. at 35.  The interpreter/Detective told the defendant "[o]kay.  I think, they can explain that to you.  We don't want, uh, we don't want to talk about your case."..... (discussion with other detectives in English).  *Id.*

The interpreter/Detective immediately brought the defendant back into the facts concerning L.A. and the other defendant's involved.  *Id*. at 36.  The defendant then responded regarding the other individuals from L.A. involved.  The defendant expressed concern for his family and what the gang would do if he provided information to law enforcement:   "[y]eah, and, and we know that it is much of a risk for our family and as much for our children"  *Id.* at 38.  The Detective explained that there could be protection available for the defendant's family.  The defendant and the Detective discussed the defendant's family and if it learned [by law enforcement] that a family was in danger as a result of an investigation, that law enforcement will help the family.  *Id.* at 40.  Thereafter, the Detective told the defendant "[w]e just want...what happened.  Do you understand?"  *Id.*

The defendant then again began discussions with the Detective about L.A.   The defendant asked relevant questions about the investigation and the cooperators / co-defendants.  *Id.* at 42.  The detectives, in response to some of the defendant's answers, had a discussion in English regarding the defendant's evasion of some of the facts, including the identification of some photographs of co-defendant's.  The Detective then advised the defendant, "[u]nderstand, that we only want the truth.  We know that, eh, this case you're here for is very serious here.  Eh, [UI], and it's going to be

Case 3:16-cv-00057-MOC-DSC Document 50-1   Filed 03/23/17   Page 281 of 501
Case 3:08-cr-00134-RJC  Document 3623   Filed 03/08/09   Page 50 of 75

**JA262**

finished, and we don't want you for that. We don't want to affect that. And we know about, about your past, your time in El Salvador, that they were looking for you for a homicide also in El Salvador". *Id.* at 43. The defendant responded, "[t]hey also got me for . . . I was arrested there for homicide, for intended ... supposedly kidnaping, and for everything. [UI] in El Salvador. You know how the situation is there." *Id.*   The Detective and the defendant then discussed El Salvador and the defendant's reputation there for confronting his enemies, and representing his family well. The Detective then explained to the defendant "[b]ut .... look, if you're going to hide behind those three [co-defendant's from L.A.], and if you're the person that we think you are .... you're a man, uh, uh, to do your things [UI] there's no way that you can get out of this problem. Okay? You're finished in this case here. *Id.* at 44. The defendant responded, "[u]h-huh." *Id.* at 45. Again, the detective directly returned to questioning about L.A.

In response to statements from one of the other Detectives, the interpreter/Detective told the defendant:

> To clear all this up. He knows that you're done on this case here. It's very strong and he knows it. It's his own opinion. You understand? Of course, they have family, but if they're not responsible, they didn't, didn't know what was going to happen or don't know, the thing is different. If they were also responsible, let them stay where they're at. Okay? Because if we wanted to, we could have put you, taken you to Los Angeles. But they know that this charge also...."

*Id.* at 46. The defendant asked that the Detectives take him to take him to L.A. because . . . "it's rough here. . ." *Id.*   They then discussed the differences between detention facilities. *Id.* The Detective directed the defendant back to discussions about the events in L.A. Once again, the defendant engaged fully in the discussion, asking pertinent questions and providing responses. The

Page 51 of 75

**JA263**

Detective yet again advised that the defendant would not be taken to California because of the pending case in North Carolina.

The defendant and the Detective discussed the L.A. cases from page 48 to page 61 of the transcript. The defendant provided information about one of this co-defendant's, Negro, (p. 60) in relation to the events in L.A. The Detective told the defendant, "[y]ou are of service to us.... because you don't have anything to lose and to, to say nothing . . . to tell us the truth. Right? So, okay, that day, uh [UI]." *Id*. at 60. The defendant stated, "Imagine . . . imagine....I have this problem here and now, now I'm involved in this thing. How, how do you think that I'm going to get into the, of the case that we have here?" *Id.* at 61. The Detective responded, "[w]e don't, don't want to affect the case here at all". *Id*. The defendant replied, "[b]ut you know that it's already, already affected. Understand?" .... "And, and then too bad, I have to face up to the, the things. Understand? And it's a pity, my, my children are, are little, well... if I have an opportunity, well, I'll be able to see them again."...."and if not, well...." *Id*.

The Detective responded to the defendant "[o]pportunity. Opportunities are made. [UI]." *Id*. The defendant replied "[i]t's a lie that, that I can accept something [from you] that . . .well, if one hasn't committed it". *Id*. The Detective then asked whether the defendant had considered the victims' families [in L.A.] and their feelings. *Id*. The defendant began to explain about the victim's family and his feelings about punishment. He then immediately began discussing the facts of the L.A. case. *Id.* at 63. This discussion continued until page 74 in the transcript, where it appeared, in an unintelligible statement, that the defendant was requesting something to drink. The officers discussed a soda machine, and ultimately gave the defendant a lemonade. *Id*.

There is then a short, general discussion about El Salvadoran prisons and the defendant's

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/28/17   Page 283 of 501
Case 3:08-cr-00134-RJC Document 45-3   Filed 05/08/09   Page 52 of 75

**JA264**

girlfriend. The Detective began providing some details about the L.A. murder at Fairfax, and where the defendant learned how to shoot a gun. *Id.* at 79. The discussion remained on the L.A. events until, in relation to a discussion about the gun and shooting in L.A., the defendant interjected, "[l]ike what happened here in this case." *Id.* at 81. The detective responded, "[b]ut do you remember... but in this case ... we're not, not talking about the case here, but the case in Los Angeles..." *Id.*

The discussion then reverted to the L.A. events, and the Detective reminded the defendant that the truth was what mattered. *Id.* at 84. The defendant chuckled and stated, "[t]hen later on you're going to come to me with another case". *Id.* The Detective stated, "[l]ook, what does it cost you here? It doesn't cost you anything." *Id.* The defendant responded, "[u]h-huh. Yes, sir, it does cost me everything. [UI] I'll tell you everything." *Id.* The defendant went on to discuss, family, choices that one makes, and ultimately, the second L.A. murder. This discussion continued from page 85 to page 131 of the transcript. The defendant again advised the Detective, "... [f]rom this, from this interview that you are doing on me, well, the, the... the other detective is going to grab it in order to, to ... to intensify my case here in, in the state that I'm also in, but also..." *Id.* at 131. The Detective again advised that "[w]e're not involved in this investigation. We don't know any more than the details. Okay? We're not involved in any way. That's why..." *Id.* The defendant interrupted, and the Detective finished by saying "... we haven't asked you anything about that case". *Id.* The Defendant again stated, "[w]hat I want to, to tell you is that, that because of this.... he's going to grab [onto it]." *Id.* The Detective asked, "[w]hat do you mean grab onto it?" *Id.* The defendant responded "I was ... about that thing. Well, about what happened right now and for which I'm being held here. ... You understand? ... That he's going to grab onto, they are going to grab onto the same thing. That I was also present there that day, and for the same..." *Id.* The defendant then

Page 53 of 75

**JA265**

began to discuss tattoos and identifications. *Id.* at 132.

Again, the discussion reverted to the homicides in Los Angeles and El Salvador and continued until page 146 of the transcript. The issue about the telephone making a recording is raised by the defendant. The Detective said it was truly a telephone, to which the defendant stated: "[t]hat also records. I know, but it doesn't matter." *Id.* at 146.

Immediately the discussion returned to L.A., the murders in L.A., and gangs in L.A. This continued until the final page of the transcript where the defendant asked, "[UI] only where can I call you?" *Id.* at 183. The Detectives apparently provided him with a business card. One of the Detectives, in the defendant's presence stated "[i]'m gonna stop this" and the interview apparently ended.

### Legal Analysis

As previously discussed, in order to determine whether a statement has been provided voluntarily, the totality of the circumstances surrounding the statement must be considered, to include the setting in which the statement was obtained, details of the interrogation, and characteristics of the accused. *Schneckloth,* 412 U.S. at 226. However, while "coercive police activity is a necessary predicate to the finding that a confession is not voluntary... [t]he mere existence of threats, violence, implied promises, improper influence, or other coercive police activity... does not automatically render a confession involuntary." *Braxton*, 112 F.3d 780-781. Additionally, any waiver of *Miranda* rights must be knowingly and voluntarily made. *United States v. Cristobal*, 293 F.3d 134, 140 (4th Cir. 2002).

The defense claims that the defendant did not knowingly waive his *Miranda* rights, and that following the administration of his rights, he made statements suggesting that he was exercising his

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 285 of 501
Case 3:08-cr-00134-RJC   Document 363   Filed 03/23/09   Page 54 of 75
**JA266**

right to remain silent. The Detectives from L.A. were very clear with the defendant that they were present to discuss some crimes involving the defendant in L.A. Thereafter, the Detective also asked the defendant, two separate times, if he had been previously advised of his rights, to which the defendant gave a positive response. The Detective told the defendant that despite the prior warning, he was going to advise him of his rights again. The defendant was advised of his *Miranda* rights, in his native language and on the record stated that he understood his rights.

After the defendant was advised of his *Miranda* rights, the following discussion occurred: The Detective asked "[d]o you want to talk about, uh, what we want to talk about here of things that happened in Los Angeles, ... freely?" *Id*. at 16. At that point, the defendant stated "I already told you, let's see about it." *Id*. The Detective said "okay." The Defendant said "yes ... you will be explaining more things [UI]." *Id*. The Detective responded "[y]es. We're going, going to explain more, but do you want, uh ... we didn't, didn't arrive here to try to, to pull a trick on, or a trap against you. Everything is open. That's why we explained to you your rights, but [UI] the rights now that [UI] that you already understand them [UI] again." *Id*. at 17. The defendant responded "[u]h-huh." *Id*. It is clear from this exchange that the defendant was not invoking his right to remain silent at that point, instead, before speaking, he wanted to understand the nature of the questioning. This indicates that the defendant was aware of his right to remain silent. The Supreme Court has held that a simple statement as vague as "well, what is going to happen to me now" may permit a finding that the defendant initiated conversation and waived his right to remain silent. *Oregon v. Bradshaw*, 462 U.S. 1039, 1045 (1983).

The Detective then, in response to the defendant's request for more information, advised that he wanted information about the defendant's arrival in Los Angeles, and some other details. The

Case 3:16-cv-00057-MOC-JC Document 59-1   Filed 03/23/17   Page 286 of 501
Case 3:08-cr-00134-RJC Document 362-3   Filed 03/23/09   Page 55 of 75

**JA267**

defendant engaged in this conversation with the Detectives. At no time did he indicate that he was uncomfortable with the questions presented. It is clear, that as the information was requested, the defendant was willingly responding. The defendant's statement was not equivocal, he was merely asking for more information to assist in making his decision about cooperating further. The Fourth Circuit has been very consistent in holding that a statement such as "I just don't think that I should say anything" to be ambiguous rather than an invocation of the right to silence. *Burket v. Angelone*, 208 F.3d 172, 198 (4th Cir. 2000). The fact that the defendant continued to speak with law enforcement following his alleged invocation without prompting from law enforcement, and providing additional details of the crime under investigation is not a clear and unambiguous invocation of his right to silence in such a way as to inform the officers that additional questions were not permitted. *United States v. Cardwell*, 433 F.3d 378, 389 (4th Cir. 2005).

The Supreme Court has held that "a valid waiver does not require that an individual be informed of all information 'useful' in making his decision or all information that 'might affect his decision to confess'". *Moran v. Burbine*, 475 U.S. 412, 422 (1986). The Court further explained that "we have never read the Constitution to require that the police supply a suspect with a flow of information to help him calibrate his self-interest in deciding whether to speak or stand by his rights." *Id.* Further, "a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege". *Colorado v. Spring*, 479 U.S. 564, 577 (1987). Because the defendant was in state custody on state charges at the time of this interview, it is also important to consider North Carolina law on this issue.

As stated *supra*, the North Carolina rule and the federal rule for determining the admissibility

Page 56 of 75

**JA268**

of a confession is the same. It is a rule or test of "voluntariness" in which the court evaluates the totality of the circumstances when determining whether a confession is voluntary. *State v. Jackson*, 308 N.C. 549, 581, 304 S.E.2d 134 (1983); *State v. Schneider*, 306 N.C. 351, 293 S.E.2d 157 (1982). No single circumstance may be viewed in isolation so as to render a confession the product of improperly induced hope or fear and, therefore, involuntary. *State v. Corley*, 310 N.C. 40, 48, 311 S.E.2d 540, 545 (1984). The circumstances to be evaluated in determining voluntariness include the presence of threats or promises, the length of questioning, periods of incommunicado detention, and the characteristics and status of the suspect. *State v. Pruitt*, 286 N.C. 442, 212 S.E.2d 92 (1975); *Davis v. North Carolina*, 384 U.S. 737 (1966)

Given that the defendant asked for further explanation, was told what the preliminary inquiry was, began providing subsequent information, appeared to be cooperative, and engaged in the discussions with the Detective, there is no evidence that he had invoked his right to remain silent and that the Detectives, through some unknown coercion, overcame his will and his capacity for self-determination. "[I]t seems self-evident that one who is told he is free to refuse to answer questions is in a curious posture to later complain that his answers were compelled." *United States v. Washington*, 431 U.S. 181, 188, (1977).

Next, the defense contends that because the defendant was in custody on the state murder charges and had been appointed counsel on those charges, that the statements made by him were taken in violation of his Sixth Amendment Rights and consequently should be suppressed.

The Supreme Court has clearly held that the Sixth Amendment Right to counsel is "offense specific". "It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversarial judicial criminal

Page 57 of 75

**JA269**

proceedings." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). In *McNeil*, the defendant was arrested in Omaha, Nebraska on a warrant charging him with armed robbery in Wisconsin. After his arrest in Nebraska, two officers from Wisconsin took custody of the defendant for transport back to Wisconsin. At the time these officers took custody, the defendant was advised of his *Miranda* rights and invoked his right to remain silent. Once the defendant was in Wisconsin, he made a court appearance and was appointed counsel. Later that evening, an officer investigating murder charges in another county came to the jail, met with the defendant, advised him of his rights, which the defendant acknowledged, and proceeded to interrogate him about the murder cases. The defendant provided some information, but it was incomplete and appeared to the officer to be untruthful. Two days later, the same officer returned to the jail, met with the defendant, again provided his *Miranda* warnings, which the defendant acknowledged. He was interrogated and admitted to the murder.

The defendant in *McNeil* made the same motion as the defendant before this court: he claimed that his waiver was not knowing and voluntary and that his Sixth Amendment Right to counsel had attached thus invalidating the subsequent statements taken in the absence of counsel. The *McNeil* court held that counsel had not attached to the murder investigation and did not suppress the defendant's statement.

The *McNeil* court, in considering facts similar to those before this court, not only rejected the defendant's contentions, but also held that simply because a defendant was in pretrial custody for a serious offense, law enforcement was not prohibited from interrogating him on other offenses. "[t]o find that he was unapproachable by police officers suspecting him of involvement in other crimes would prevent law enforcement from their "ability to obtain uncoerced confessions... [which is] an unmitigated good"... and that admissions of guilt resulting from valid *Miranda* waivers are

**JA270**

"more than merely desirable, they are essential to society's compelling interest in finding, convicting and punishing those who violate the law." *Id.* at 181. *See also*, *Moran v. Burbine*, 475 U.S. 412, 426 (1986).

The defendant in this case was advised of his *Miranda* rights and willingly spoke with Detectives about the Los Angeles offenses. Clearly, the circumstances of interest during the interview of the defendant, as repeatedly stated by the L.A. Detectives, were the murder investigations in Los Angeles.[18]  No proceedings had been initiated in L.A., only a complaint sufficient for an arrest warrant had been issued.  Consequently, there was no formal charge via Bill of Indictment or Information, preliminary hearing or arraignment as defined by the *McNeil* Court. *Id.*  Consequently, the defendant's Sixth Amendment Right had not attached to the subject of the interrogation, that is, the L.A. murders, and as such, the defendant's statements should not be suppressed.  To do so, as requested by the defense, would be contrary to well-settled law.

Finally, the defendant contends that the use of promises and trickery induced the defendant to cooperate and provide his statement in violation of the Fifth Amendment to the United States Constitution.

As previously stated, the voluntariness of a statement is to be determined from the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation.  *United States v. Wertz*, 625 F.2d 1128, 1134 (4th Cir.1980). The defendant, as evidenced by his questions and statements, was alert, coherent and detailed in

---

[18]The charges pending in Greensboro and those being investigated by Los Angeles do not meet the threshold requirements for consideration under the *Blockburger* test in that each requires proof of a fact that the other does not.  *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Case 3:16-cv-00057-MOC-JC Document 50-16   Filed 03/23/17   Page 290 of 501
Case 3:08-cr-00134-RJC  Document 255-1   Filed 05/08/09   Page 59 of 75
**JA271**

many of his responses. Yet, he now claims that the officers were able to exert undue influence on him with false promises.

The defendant first asserts that his request that the interview not be recorded was not respected, thus rendering his statement involuntary. The police officers did not remove the apparatus, whether phone, recorder, or both, from the table. Yet the defendant continued to speak freely. At one point, the defendant again raised the fact that the apparatus was a recording device, but then stated, in response to the officer saying it was a telephone, "[t]hat also records. I know, but it doesn't matter." *Tp.,* at 146. Apparently, any issue that the defendant may have had with any recording device was not so significant that he refused to talk to officers further, or that he requested it be removed from the room. Additionally, he later stated that even if the device were recording, it didn't matter. It is clear that any misrepresentation, if there was such a misrepresentation, as to the recording device does not render the defendant's statement involuntary given the totality of the circumstances of the interview.

Next, the defense contends that officers tricked the defendant by being dishonest about the effect, on the North Carolina case, of any statement he provided. Specifically, the defense argues that the defendant was led to believe that any statement he made to the Los Angeles Detectives could have no impact on his North Carolina charges. At one point, well into the questioning, the Detective told the defendant, "[y]ou are of service to us.... because you don't have anything to lose and to, to say nothing . . . to tell us the truth. Right? So, okay, that day, uh [UI]." *Id.* at 60. The Detective further stated, "[w]e don't, don't want to affect the case here at all". *Id.* The defendant replied, "[b]ut you know that it's already, already affected. Understand?" .... "And, and then too bad, I have to face up to the, the things. Understand? And it's a pity, my, my children are, are little, well... if

Case 3:16-cv-00057-MOC-JC Document 50-1 Filed 03/28/17 Page 291 of 501
Case 3:08-cr-00134-RJC Document 46-7 Filed 05/08/09 Page 60 of 75

**JA272**

I have an opportunity, well, I'll be able to see them again."...."and if not, well...." *Id.* The discussion then reverted to the L.A. events, and the Detective reminded the defendant that the truth was what mattered. *Id.* at 84. The defendant chuckled and stated, "[t]hen later on you're going to come to me with another case". *Id.* The Detective stated, "[l]ook, what does it cost you here? It doesn't cost you anything." *Id.* The defendant responded, "[u]h-huh. Yes, sir, it does cost me everything. [UI] I'll tell you everything." *Id.*

Assuming *arguendo* that the Detective's statements were made in such a way as to influence the defendant's will (because he believed there would be no additional consequences for any admission he made) the Supreme Court has never embraced the theory that a defendant's ignorance of the full consequences of his decisions vitiates their voluntariness. *California v. Beheler*, 463 U.S.1121, 1125 (1983). "We have not held that the *sine qua non* for a knowing and voluntary waiver of the right to remain silent is a full and complete appreciation of all the consequences flowing from the nature and the quality of the evidence in the case." *Id.* Of course, looking at the defendant's statements in context, he, by his own admission, was well aware that anything he said could affect his North Carolina case. To argue that his statement is involuntary in light of his knowledge, or presumed knowledge based upon his comments, is misplaced. "Agents may properly initiate discussions on cooperation, and may indicate that they will make this cooperation known." *United States v. Shears*, 762 F.2d 397, 401-02 (4th Cir.1985).

Additionally, the law is well settled that to render a confession involuntary within the meaning of the Due Process Clause, coercive police activity is a necessary predicate. *Colorado v. Connelly*, 479 U.S. 157, 107 (1986). The mere existence of threats, violence, implied promises, improper influence, or other coercive police activity does not automatically render a confession

Page 61 of 75

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/28/17   Page 292 of 501
Case 3:08-cr-00134-RJC Document 466-1   Filed 03/08/09   Page 61 of 75

**JA273**

involuntary. The proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination critically impaired. *Pelton*, 835 F.2d at 1071; *see also Braxton*, 112 F.3d at 782 (for a threat or an implied promise to invalidate a defendant's statement, "the pressure, in whatever form..., must be sufficient to cause the [defendant's] will be to overborne); *Cf. United States v. Sablotny*, 21 F.3d 747, 752 (7ᵗʰ Cir.1994) (holding that police detective's statement to defendant that "she would probably go to jail" if she did not cooperate did not render her confession involuntary); *Frazier v. Cupp*, 394 U.S. 731, 739 (1969) (holding that federal agents' misrepresentations did not hinder defendant's capacity for self-determination and they did not affect the voluntariness of his confession); *Lucero v. Kerby*, 133 F.3d 1299, 1310-11 (19ᵗʰ Cir.1998) (holding officer's false statement that defendant's fingerprint had been recovered at the crime scene did not render an otherwise voluntary statement involuntary); *Holland v. McGinnis*, 963 F.2d 1044, 1051 (7ᵗʰ Cir.1992) ("of the numerous varieties of police trickery... a lie that relates to a suspects connection to the crime is least likely to render a confession involuntary).

Under North Carolina law, the Courts have been reticent to suppress statements where the defendant claims the statement was only made because of promises from law enforcement. In *State v. Richardson*, 316 N.C. 594, 342 S.E.2d 823 (1986) the defendant argued that his confession to the crimes was involuntary because it was obtained through threats and promises giving him the hope of benefit. The North Carolina Supreme Court held that promises or other statements indicating to an accused that he will receive some benefit if he confesses do not render his confession involuntary when made in response to a solicitation by the accused. *Id.* at 604, 342 S.E.2d at 831. To be considered improper and indicative of an involuntary confession, an inducement to confess must convey hope or fear. *State v. Wilson*, 322 N.C. 91, 94, 366 S.E.2d 701, 703 (1988). More

Page 62 of 75

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 293 of 501
Case 3:08-cv-00134-RJC   Document 50-6   Filed 03/23/09   Page 62 of 75
JA274

importantly, an "improper inducement generating hope must promise relief from the criminal charge to which the confession related, not to any merely collateral advantage." *Pruitt*, 286 N.C. at 458.

Further, there is no evidence, given that federal charges had not been filed at the time of this interview, that the Detectives appreciated or understood the concept of non-aggravating factors under the Federal Death Penalty Act. The defendant was repeatedly told that the Detectives only wanted to discuss the Los Angeles murders. The only reference to the North Carolina charges were in relation to the fact that 1) he was not going to be transferred to Los Angeles; 2) that based upon their limited knowledge of the facts that the State had a good case; and, 3) that the officer's were aware that he was facing significant time on the North Carolina charges. This was all relevant, not as legal advice, but as an explanation of the circumstances in which the defendant found himself, the reality of the situation as it were. "The voluntariness of the confession 'is not.... to be equated with the absolute absence of intimidation', for under this test, virtually no statement would be voluntary.'" *Pelton*, 835 F.2d at 1072 (quoting *Wertz*, 625 F.2d at 1134).

The law is clear that government agents may validly make some representation to a defendant or may discuss cooperation without rendering the resulting confession involuntary. *See, United States v. Mashburn*, 406 f.3d 303, 309 (4th Cir.2005) (quoting *Shears*, 762 F.2d 401). In *Mashburn*, as in the instant case, law enforcement agents made no specific promises of leniency to defendant but simply informed him of the gravity of his suspected offenses and the benefits of cooperation. *Id.* In holding that defendant Mashburn's post-warning statements were voluntarily made, the Fourth Circuit found that any coercion the defendant may have felt was "not the product of official action, but rather the consequence of the severity of the offenses he chose to commit." *Id.*, (*citing Elstad*, 470 U.S. at 304-05).

Page 63 of 75

Case 3:16-cv-00057-MOC Document 50-1  Filed 03/23/17  Page 294 of 501
Case 3:08-cr-00134-RJC Document 1255-1  Filed 03/08/09  Page 63 of 75

JA275

Given the totality of the circumstances, all the of Detective's statements in context, the defendant's statements in context, the clarity with which the defendant responded, and the adeptness as which he "dodged" questions and posed rhetorical questions, there is insufficient evidence to show that the defendant's will was "overborne" such that the statement should be rendered inadmissible. Consequently, it is requested, under federal and state law, that the motions of the defendant to suppress the statement of April 23, 2008 be denied.

## VII. RESPONSE TO MOTION TO DISMISS FOR IMPROPER VENUE OR FOR CHANGE OF VENUE TO THE MIDDLE DISTRICT OF NORTH CAROLINA

Defendant, in his Motion to Dismiss, alleges improper venue or in the alternative seeks a change of venue to the Middle District of North Carolina. Specifically, the defendant seeks to dismiss or change venue with respect to Counts 22-25 which allege federal crimes associated with the murder of the Salinas brothers in Greensboro, Count 1 (RICO), and Counts 61-63 which charge various allegations regarding the conspiracy, obstruction, and tampering with witnesses. The Defendant, in his motion, misapplies the legal standard and facts in this case and therefore, for the reasons set forth below, his motion must be denied.

### Legal Analysis

#### A. Venue is Proper in the Western District with Respect to Counts 22 and 24 (Murder in Aid of Racketeering)

Article II of the Constitution requires that "[t]he Trial of all Crimes shall be held in the State where the said Crimes shall have been committed." Art. III Section 2, cl.3. Furthermore, the Sixth Amendment requires, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the

**JA276**

crime shall have been committed" These constitutional principles are embodied in Rule 18, Fed. R.

Crim. P which provides that criminal "prosecution shall be had in a district in which the offense was

committed."

The Supreme Court has explained that the place where a crime is deemed to have

occurred or the *locus delicti* "must be determined from the nature of the crime alleged and the

location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998)(citation

omitted). "In performing this inquiry, a court must initially identify the conduct constituting the

offense (the nature of the crime) and then discern the location for the commission of the criminal

acts." *United State v. Rodriquez-Moreno*, 526 U.S. 275,279 (1999). Moreover, the principle venue

statute, 18 U.S.C. Section 3237(a), provides as follows:

> 1.  Except as otherwise expressly provided by enactment of
>     Congress, any offense against the United States begun in one
>     district and completed in another, or committed in more than
>     one district, may be inquired of and prosecuted in any district
>     in which such an offense was begun, continued or completed.

Consistent with the above-referenced authority, courts have uniformly held that a Section

1959 violation (as is alleged in Counts Twenty-Two and Twenty-Four) constitutes a "continuing

offense" that may be brought in any district where the enterprise conducted its affairs as well as the

district where the underlying crime of violence occurred. *See e.g. United States v. Saavedra*, 223

F.3d85, 88-94 (2d Cir.2000); *United States v. Williams*, 181 F.Supp.2d 267,290-92 (S.D.N.Y. 2001);

*United States v. Aiken*, 76 F. Supp.2d 1346, 1349-51 (S.D. Fla.1999); *United States v. DeJesus*, 48

F. Supp. 2d 275,278 (S.D.N.Y 1998); *United States v. Perez*, 940 F.Supp.540,547-49 (S.D.N.Y.

1996). These courts explain that a section 1959 offense is not limited to the commission of the

Page 65 of  75

Case 3:16-cv-00057-MOC Document 50-16  Filed 03/23/17   Page 296 of 501
Case 3:08-cr-00134-RJC Document 569  Filed 05/08/09   Page 65 of 75
**JA277**

underlying crime of violence committed to gain entrance to, or maintain or increase a position in, an enterprise.

The existence of an enterprise is an essential element of a Section 1959 offense, and an association in fact enterprise is proven "by evidence of an **ongoing organization**, formal or informal, and by evidence that the various associated function as a **continuing unit**." *Turkette*, 452 U.S. at 583 (emphasis added.) Thus the enterprise element of a Section 1959 offense necessarily requires some degree of continuing or ongoing activity, which triggers application of 18 U.S.C. § 3237(a).

For example, in *Saavedra*, the charged enterprise was the Latin Kings, a violent street gang headquarter in Manhattan in the Southern District of New York where the enterprise held its regular meetings to plan it acts of violence and conduct its business and to collect dues for memberships in the enterprise. *Saavedra*, 223 F.3d at 86-88, 93. However, the charged predicate offense, conspiring to assault a person with a dangerous weapon and attempt to assault him, took place entirely in Brooklyn in the Eastern District of New York. The Second Circuit rejected the defendants' argument that venue did not properly lie in the Southern District of New York, and that venue was limited to the Eastern District of New York, where the predicate offense was entirely committed. The court explained that the charged offense was not a "simple attempted assault" but rather was an underlying crime of violence committed in furtherance or in aid of a racketeering enterprise." *Id.*, at 91-92. "As a consequence, defendants trial was properly venued in the Southern District of New York because the racketeering element of their §1959 violations serves as a continuing thread between Manhattan, the epicenter of the Latin Kings racketeering operations, and Brooklyn, the site where the conspiracy in this case was formed and the assault against Sierra was planned to take place". *Id.* at 92.

Page 66 of  75

Moreover, the Second Circuit did not end its inquiry with finding that Section 1959 was a continuing offense, it also applied the "Substantial Contacts Test," which considers four main factors:  (1) the site of the crime, (2) its elements and nature, (3) the place where the effect of the criminal conduct occurs, and (4) the suitability of the venue chosen for accurate fact finding.  *Id*., at 93.  Applying this test, the court concluded that venue was proper in the Southern District of New York because the charged racketeering enterprise was primarily located in the Southern District of New York where regular meetings were held and affairs of the enterprise were conducted.

In the instant case, the defendant,  in his analysis, completely overlooks the  "enterprise" element which is a central part of the charge for a murder in aid of racketeering offense.  Applying the proper analysis, it is evident that there is substantial evidence in this case that many of the central activities off the MS-13 operations alleged in this case occurred in the Western District of North Carolina.  For example, many of the meetings were held in Charlotte and to the extent meetings were held elsewhere, those meetings were designed to control and affect  the operations of the Charlotte MS-13.

Second, a substantial portion of the criminal activity occurred and was centered in Charlotte. For instance, MS-13 as an enterprise, both locally and nationally, imposes a tax on drug dealers in an area they claim.  This occurred in Charlotte at clubs which MS-13 members considered MS-13 "territory".  The defendant actually engaged in the enforcement of this rule in a club in Charlotte during the period of the conspiracy.  As is alleged in the Bill of Indictment, MS-13 also distributes controlled substances as an important part of the enterprise.  The evidence will show that the drug distribution alleged in the conspiracy occurred in Charlotte.  The robberies and various other firearms offenses alleged also occurred in Charlotte.

Case 3:16-cv-00057-MOC-JC Document 50-1  Filed 03/28/17  Page 298 of 501
Case 3:08-cr-00134-RJC Document 265-1  Filed 05/08/09  Page 67 of 75
JA279

Interestingly, the crime for which defendant seeks a change of venue is a prime example of the strong presence of the enterprise in Charlotte. Defendant, as a leader of the MS-13, used members of the MS-13 from Charlotte as a mechanism to escape from the murder. In fact, shortly after his escape to Charlotte, which occurred within an hour or two of the commission of the murders, defendant participated directly in MS-13 criminal acts in Charlotte. Clearly, there is a strong enterprise nexus in Charlotte.

Finally, the defendant, by his participation in the Greensboro events as well as the crimes he committed in Charlotte, enhanced his reputation and benefitted his status as a leader over the MS-13 organization and of the Charlotte based operations.

**B. Venue is proper with respect to Count One (Rico Conspiracy)**

To the extent the defendant is also alleging a similar venue argument relative to the RICO allegations charged in Count One, a similar and equally strong argument applies. Pursuant to 18 U.S.C. Section 3237(a), a RICO offense is a "continuing offense," and hence may be brought "in any district in which such offense was begun, continued, or completed." *See, e.g.*, *United States v. Aiken,* 76 F. Supp. 2d 1346, 1349-51 (S.D. Fla. 1999) (RICO and its closely related offenses under 18 U.S.C. § 1959 are continuing offenses, and therefore venue lies in the Southern District of Florida and the Eastern District of New York for a murder committed in the Eastern District of New York to further a RICO enterprise that operated in that district and in the Southern District of Florida); *United States v. DeJesus*, 48 F. Supp. 2d 275, 278 (S.D.N.Y. 1998) ("Racketeering offenses under 18 U.S.C. § 1962 are continuing offenses within the meaning of the venue statute."); *United States v. Giovanelli*, 747 F. Supp. 875, 884 (S.D.N.Y. 1989) (RICO substantive and conspiracy offenses are continuing offenses, and regarding the RICO conspiracy charge, "venue may properly be laid in

Page 68 of 75

**JA280**

the district in which the conspiratorial agreement was formed or in any district in which an overt act in furtherance of the conspiracy was committed by any of the conspirators.") (citation omitted); *see also United States v. Persico*, 621 F. Supp. 842, 857-58 (S.D.N.Y. 1985); *United States v. Castellano*, 610 F. Supp. 1359, 1388-89 (S.D.N.Y.1985) (venue proper in any district where offense was begun, continued, or completed, even though virtually every racketeering act occurred in another district); *United States v. Russo*, 646 F. Supp. 816 (S.D.N.Y.1986) (refusing to transfer an indictment charging conspiracy to obstruct justice and obstruction of justice to the Eastern District of New York, where defendants were indicted for RICO); *cf. United States v. Pepe*, 747 F.2d 632, 664 n.56 (11th Cir.1984).

Thus, a RICO prosecution may be brought in any district where some of the enterprise's criminal activity occurred. *See Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 61 (1989) (under state RICO statute patterned after federal RICO statute, there is no requirement that all predicate acts be committed in jurisdiction where prosecution is brought; such a requirement "would essentially turn the RICO statute on its head: barring RICO prosecutions of large national enterprises that commit single predicate offenses in numerous jurisdictions"); *Giovanelli,* 747 F. Supp. at 884 (venue proper in district where conspiracy was formed or overt act committed and where predicate illegal gambling business conducted); *United States v. Long*, 697 F. Supp. 651, 655-56 (S.D.N.Y. 1988) (venue proper in district where at least one overt act and one predicate act occurred); *United States v. Rastelli*, 653 F. Supp.1034,1054 (E.D.N.Y. 1986) (venue for a conspiracy charge "lies wherever the overt act or agreement to conspire took place"); *Persico*, 621 F.Supp. At 857-58 (conspiracy venue proper in any district where an overt act occurred).

A RICO charge may include racketeering acts that occurred in districts other than the district

Case 3:16-cv-00057-MOC-RJC Document 59-6   Filed 03/23/17   Page 300 of 501
Case 3:08-cr-00134-RJC   Document 59-6   Filed 03/23/09   Page 69 of 75
**JA281**

of venue, and if venue for the overall charge is proper, it is not necessary that each defendant participate in conduct within the district of the indictment. *See, e.g.*, *United States v. Pepe*, 747 F.2d 632, 660 n.44, 664 n.56 (11th Cir.1984) (venue in RICO case for extortionate debt collection that occurred in New York was proper in Southern District of Florida where other racketeering activities occurred); *Persico*, 621 F. Supp. at 858 (holding that it makes no difference whether any individual defendant was in the district, as long as the government establishes that the defendant participated in an enterprise that conducted illegal activities in the district); *see also United States v. Fry*, 413 F. Supp. 1269 (E.D. Mich.1976) (finding venue proper in CCE case against a defendant who never committed any component crimes in the district, and where defendant only participated in one component crime, a conspiracy, and some overt acts were committed in the district of indictment), *aff'd*, 559 F.2d 1221 (6th Cir. 1977), *cert. denied*, 434 U.S. 1062 (1978).

Venue for a RICO offense also lies in any district where the RICO enterprise conducted business. *See, e.g.*, *Pepe*, 747 F.2d at 664 n.56; *Aiken*, 76 F. Supp. 2d at 1349-51; *Persico*, 621 F.Supp. at 858. Moreover, the United States need only establish venue by a preponderance of the evidence *see, e.g.*, *Pepe,* 747 F.2d at 661 n.44; *DeJesus*, 48 F. Supp. 2d at 278; *Giovanelli,* 747 F.Supp at 884.

### C. Venue is Proper in the Western District of North Carolina for Counts 23 and 25 (Use and Possession of a Firearm During and in Relation to a Crime of Violence Resulting in Death)

Regarding the  924(c) and 924(j)(1) offenses, as alleged in Counts Twenty-Three and Twenty-Five of the Bill of Indictment, the Supreme Court has held that "[w]here venue is appropriate for the underlying crime of violence, so too it is for the  § 924(c)(1) and (j)(1) offense."

Case 3:16-cv-00057-MOC Document 50-13  Filed 03/28/17  Page 301 of 501
Case 3:08-cr-00134-RJC  Document 456  Filed 03/08/09  Page 70 of 75
**JA282**

*United States v. Rodriquez-Moreno*, 526 U.S. 275, 282 (1999). In the instant case, the underlying crime of violence for each § 924(c)(1), (j)(1) offense was the Violent Crime in Aid of Racketeering offense violation which is alleged in Counts Twenty-Two and Twenty-Four. As a result, as discussed above, venue is proper the Western District of North Carolina for both the Racketeering violations as well as the 924(c)(1), (j)(1) offenses. *See also, United States v. Edwards,* 38 Fed. Appx. 134, 2002 WL 431946 (C.A.4 (Va.)).

**D.      Venue is Proper in the Western District of North Carolina for Counts 61, 62 and 63 (Conspiracy, Obstruction of Justice, Tampering with Witnesses)**

Defendant next argues that venue is not proper for Counts Sixty-One (Conspiracy to Obstruct Justice and Tamper with Witnesses in violation of 18 USC §371); Sixty-Two (Obstruction of Justice in violation of 18 USC §1503) and, Sixty Three (Tampering with Witnesses in violation of 18 USC §1512(b)(1)). Defendant again asserts that because part of the conduct occurred in the Middle District of North Carolina that venue should lie there. Defendant, however, in his argument completely ignores the statutory venue provision and applicable law.   For the reasons set forth below, it is submitted that the defendant's argument is contrary to law and without merit and thus should be denied.

**Legal Analysis**

As stated previously, Federal Rule of Criminal Procedure 18, which implements the constitutional provisions on venue, provides that "except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. Fed. R. Crim. P. 18; *see United States v. Kibler*, 667 F.2d 452,454 (4th Cir.), *cert. denied*, 456 U.S. 961 (1982). In many criminal statues, Congress has eliminated the problem of determining where "the

Page 71 of 75

**JA283**

offense [is] committed" by appending a venue provision in the statute itself. See *United States v. Cofield,* 11 F.3d 413 (4ᵗʰ Cir.1994). Such was the case with the Obstruction and Tampering statutes as charged in Counts Sixty-One, Sixty-Two, and Sixty-Three of the indictment.

In 1988, Congress amended Title 18, United States Code, Section 1512 by adding a venue provision, which now appears in subsection (I), and states as follows:

> A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected, or in the district in which the conduct constituting the alleged offense occurred.

This provision is very clear that venue for either § 1512 or §1503, as is alleged in Counts 62 and 63, can be had in the district of the official proceeding. In the case before the court, the official proceeding and grand jury investigation were in fact ongoing in Charlotte at the time of the offenses. Thus, pursuant to the controlling statute, venue is proper in the Western District of North Carolina.

### Count 61 (Conspiracy to Obstruct Justice)

To the extent the defendant claims that the conspiracy to violate this section does not apply under the statute's venue provision, that argument is also misplaced. In this case, the administration of justice in the Western District of North Carolina was affected because acts in furtherance of the scheme occurred in the Western District. Venue is proper wherever the agreement was made or where any co-conspirator carried out the overt acts. *Rodriguez-Moreno*, 526 U.S. 275, 281-282 (1999).

Acts in furtherance of a criminal conspiracy include exploits large and small, and dealings that represent turning points in the conspiracy, as well as those that merely enable it to continue. *United States v. Al-Talib*, 55 F.3d 923, 928 (4ᵗʰ Cir. 1995). This is particularly significant in this case

Page 72 of  75

Case 3:16-cv-00057-MOC Document 59-1   Filed 03/23/17   Page 303 of 501
Case 3:08-cr-00134-RJC  Document 38-6   Filed 05/08/09   Page 72 of 75
**JA284**

because Counts 62 and 63 were alleged as overt acts in Count One (Racketeering Conspiracy) as evidence that the acts alleged in Counts 62 and 63 were committed in furtherance of and to sustain the enterprise. Therefore, clearly under the plain language of the statue, venue is proper in the Western District with respect to Counts 61, 62, and 63.

The Fourth Circuit has repeatedly held that the overt act of one conspirator in a district not only suffices to establish venue for all other co-conspirators in that district, but the overt act necessary to support venue in the conspiracy does not have to be substantial. *Mitchell*, 70 Fed. Appx. at 711. While *Mitchell* is an unpublished case, it is instructive on the issue and specifically referenced the types of insubstantial acts that may be acceptable for purposes of establishing venue including telephone calls to the district, automobile trips through the district, and airplane flights over the district en route to transport or obtain drugs. *Id., citing, United States v. Ramirez-Amaya*, 812 F 2d. 813, 816 (2nd Cir.1987) (finding venue proper when cocaine flown over district); *United States v. Shearer*, 794 F 2d. 1545, 1550-51 (11th Cir.1986) (finding venue proper based on automobile trip through and an airplane flight over district); *United States v. Lewis*, 676 F 2d. 508, 511 (11th Cir.1982) (finding venue proper based on telephone calls to district in furtherance of conspiracy); *United States v. Prueitt*, 540 F 2d. 995, 1006 (9th Cir. 1976) (finding venue proper when marijuana flown over district); *United States v. Williams*, 536 F 2d. 810, 812 (9th Cir. 1976) (finding venue proper based on conspirator's flight over district en route to obtain marijuana).

Unlike other facts in the prosecution of a criminal case, venue may be proven by a mere preponderance of the evidence, and all such evidence must be viewed in a light most favorable to the government. *See, United States v. Burns*, 990 F 2d. 1426, 1436-1437 (4th Cir.1993). Moreover, in a conspiracy case, it is well established that venue is proper in any district in which a

Page 73 of 75

Case 3:16-cv-00057-MOC JC Document 50-1   Filed 03/23/17   Page 304 of 501
Case 3:08-cr-00134-RJC   Document 59-1   Filed 03/03/09   Page 73 of 75

**JA285**

co-conspirator performs an overt act in furtherance of the conspiracy, or performs acts that effectuates the object of the conspiracy, even when there is no evidence that the defendant ever entered that district, or that the conspiracy was formed there. *Hyde v. United States*, 225 US 347, 356-67 (1912)(as cited by *United States v. Mitchell*, 70 Fed. Appx. 706, 711, *unpublished*, (4th Cir. 2003)).

In the case before the court, the conspiracy plot related to the charges included communication between districts, and the travel of co-conspirators from one district to another. Therefore, based upon the facts of the case and the well-established law, the defendant's motion at to Count 61 should be denied.

## VIII.    CONCLUSION

For the foregoing reasons, which are based on the facts of this case and the applicable law, the government respectfully requests that the Defendant's Motion to Strike Non-Statutory Aggravating Factors and to Exclude Evidence of Unadjudicated Criminal Acts during Penalty Phase, Motion to Strike Non-Statutory Aggravating Factors from Notice of Intent to Seek Death Penalty, Motion for Bill of Particulars with respect to the Death Penalty Notice, Motion for Bill of Particulars as to Count Twenty-Eight of the Bill of Indictment, Motion to Suppress Statement of December 12, 2007, Motion to Suppress Statement of April 23, 2008, and Motion to Dismiss Counts for Improper Venue, or in the Alternative, to Transfer Venue all be denied.

This, the 8th day of May, 2009.

EDWARD R. RYAN
ACTING    UNITED    STATES    ATTORNEY

*S/ Jill Westmoreland Rose*
JILL WESTMORELAND ROSE

Page 74 of  75

Case 3:16-cv-00057-MOC-JC Document 50-1   Filed 03/23/17   Page 305 of 501
Case 3:08-cr-00134-RJC   Document 50-1   Filed 05/08/09   Page 74 of 75
**JA286**

ASSISTANT  UNITED STATES ATTORNEY
NC Bar Number: 17654
100 Otis Street
Asheville, N.C. 28801
Telephone: (828) 271-4661
Fax:    (828) 271-4670
E-Mail: jill.rose@usdoj.gov


SAM NAZARRO
Trial Attorney, Department of Justice
Criminal Division


## CERTIFICATE OF SERVICE

The Government's Consolidated Response to the Motions filed by the Defense on April 24, 2009 has been served upon counsel for the above-captioned defendant via electronic filing and at email address:

JOHN DAVID BRYSON
Attorney for the Defendant
Wyatt Early Harris & Wheeler, LLP
1912 Eastchester Drive, Suite 400
High Point, North Carolina 27261
Telephone: (336) 819-6016
Fax: (336) 819-6076
Email: jbryson@wehwlaw.com

Mark P. Foster, Jr.
Attorney for the Defendant
NC State Bar # 22717
1011 E. Morehead Street, Suite 300
Charlotte, North Carolina 28204
Phone: (704) 347-1809
Fax: (704) 332-2716
Email: mpfosterjr@bellsouth.net


Page 75 of  75

**JA287**

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08CR134-RJC**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | **AND ORDER** |
| | ) | |
| **ALEJANDRO ENRIQUE RAMIREZ** | ) | |
| **UMANA,** | ) | |
| a/k/a "Wizard" | ) | |
| "Lobo" | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss Counts for Improper Venue or In the Alternative, for a Change of Venue to the Middle District of North Carolina" (document #480) filed April 24, 2009 and "Government's Consolidated Response to the Motions of the Defendant Filed April 24, 2009" (document #503) filed May 8, 2009.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Defendant's Motion to Dismiss Counts for Improper Venue be <u>denied</u>, as discussed below, and the Court **DENIES** Defendant's Motion for Change of Venue, as discussed below.

## I. BACKGROUND

La Mara Salvatrucha, also known as the MS-13 gang (hereafter "MS-13"), is a gang composed primarily of immigrants or descendants of immigrants from El Salvador, with members operating throughout North Carolina. According to the Second Superseding Indictment, on or about

1

Case 3:16-cv-00057-MOC-JC   Document 50-17   Filed 03/23/17   Page 307 of 501
Case 3:08-cv-00134-RJC   Document 527   Filed 05/20/09   Page 1 of 13

**JA288**

December 8, 2007, Defendant Alejandro Enrique Ramirez Umana, a member of MS-13, murdered Ruben Garcia Salinas and his brother, Manuel Garcia Salinas, in a crowded Mexican restaurant in Greensboro, North Carolina.  On December 16, 2008, Defendant was charged in a Second Superseding Indictment with the following offenses: Count 1, a RICO conspiracy; Counts 22 and 24, two murders in aid of racketeering; Counts 23 and 25, the same two murders charged as the use and possession of a firearm during and in relation to a crime of violence resulting in death; Count 27, possession of firearm by illegal alien; Count 28, a Hobbs Act robbery; Count 58, a Hobbs Act extortion conspiracy; Count 61, a conspiracy to obstruct justice and tamper with witnesses; Count 62, obstruction of justice; and Count 63, tampering with a witness.

Defendant argues for dismissal or in the alternative seeks a change of venue to the Middle District of North Carolina with respect to Count 1 which alleges a RICO conspiracy, Counts 22-25 which allege federal crimes associated with the murders of the Salinas brothers in Greensboro, North Carolina and Counts 61-63 which charge various offenses related to conspiracy, obstruction of justice and witness tampering.

Article III of the Constitution requires that "[t]he Trial of all Crimes. . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl.3.  This mandate is reinforced by the Sixth Amendment's requirement that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.  These constitutional safeguards are meant to "protect the defendant from bias, disadvantage, and inconvenience in the adjudication of the charges against him." United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005).  Rule 18 of the Federal Rules of Criminal Procedure codifies the constitutional requirements, stating that

Case 3:16-cv-00057-MOC Document 50-17  Filed 03/23/17  Page 308 of 501
Case 3:08-cr-00134-RJC  Document 521  Filed 05/20/09  Page 2 of 13

**JA289**

"prosecution shall be had in a district in which the offense was committed."

"In accordance with these constitutional principles, Congress may, if it so desires, prescribe specific venue requirements for a particular crime." United States v. Johnson, 510 F.3d 521, 524 (4th Cir. 2007). "Where venue requirements are met, the prosecution may proceed in that district, notwithstanding the possibility that the gravamen of the wrongdoing took place elsewhere." United States v. Smith, 452 F.3d 323, 334 (4th Cir. 2006).

If Congress does not explicitly provide for venue when it enacts a criminal statute, the Supreme Court has held that "the 'locus delicti' of the charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 6-7 (1998) (quoting United States v. Anderson, 328 U.S. 699, 703 (1946)). "In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999); see also United States v. Smith, 452 F.3d 323, 334-335 (4th Cir. 2006) (finding that venue determination is twofold inquiry.); United States v. Bowens, 224 F.3d 302, 311 (4th Cir. 2000) (holding "that the place where a criminal offense is committed is determined solely by the essential conduct elements of that offense.").

The venue determination is also guided by the general venue provisions for federal criminal offenses, set forth in 18 U.S.C. §§ 3231-3244. Venue must be proven by a mere preponderance of the evidence, and all such evidence must be viewed in a light most favorable to the government. United States v. Burns, 990 F.2d 1426, 1436-37 (4th Cir. 1993). In a case where defendant is charged with multiple counts, venue must lie as to each individual count. See United States v. Smith, 452 F.3d at 335; United States v. Robinson, 275 F.3d 371, 378 (4th Cir. 2001); United States v. Villarini,

3

Case 3:16-cv-00057-MOC Document 50-17   Filed 03/23/17   Page 309 of 501
Case 3:08-cv-00134-RJC Document 52-17   Filed 05/20/09   Page 3 of 13
**JA290**

238 F.3d 530, 533 (4th Cir. 2001).  For some offenses, there may be "more than one appropriate venue, or even a venue in which the defendant has never set foot."  United States v. Bowens, 224 F.3d 302, 311 (4th Cir. 2000).

## II.  DISCUSSION

### A.  COUNTS 22 and 24-MURDER IN AID OF RACKETEERING

Defendant is charged in Counts 22 and 24 of the Second Superceding Indictment with committing a murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1).  Section 1959 provides punishment by death or life imprisonment if a murder is committed either "as consideration for the receipt of, or as consideration for a promise or agreement to pay anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity."  Counts 22 and 24 each specifically allege that the respective murders were committed "for the purpose of maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity."

Defendant argues that in Counts 22 and 24, the only essential conduct element is the unlawful killing of each victim.  Therefore,  venue can lie only in the Middle District of North Carolina where the actual killings allegedly took place.  Defendant bases this argument on 18 U.S.C. §3236 which states that "the offense shall be deemed to have been committed at the place where the injury was inflicted."

Courts have held that a Section 1959 violation constitutes a "continuing offense" and therefore, venue is properly governed by 18 U.S.C. § 3237(a), which provides that "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired or

4

Case 3:16-cv-00057-MOC Document 50-17   Filed 03/23/17   Page 310 of 501
Case 3:08-cv-00134-RJC  Document 472-1  Filed 05/20/09   Page 4 of 13
**JA291**

prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. §

3237(a).  See United States v. Saavedra, 223 F.3d 85, 88-94 (2d Cir. 2000); United States v.

Williams, 181 F. Supp.2d 267, 290-92 (S.D.N.Y. 2001); United States v. Aiken, 76 F. Supp.2d 1346,

1349-51 (S.D. Fla. 1999); United States v. DeJesus, 48 F.Supp.2d 275, 278 (S.D.N.Y. 1998); United

States v. Perez, 940 F. Supp. 540, 547-49 (S.D.N.Y. 1996).

The case of United States v. Saavedra, 223 F.3d 85 (2d Cir. 2000) is especially instructive

in the case at bar.  In Saavedra, the Second Circuit examined whether the Southern District of New

York was a proper venue for prosecuting defendants for "conspiring to commit and attempting to

commit an assault in aid of racketeering" where defendants, members of the Latin Kings gang,

committed all the overt acts in planning and carrying out an assault in the Eastern District of New

York but the Latin Kings organization was headquartered in the Southern District of New York. Id.

At 86-87.  The Court found that the racketeering element of Section 1959

> [P]roscribes conduct that occurs as an inextricable part of the racketeering enterprise, and an effort by defendant to 'maintain or increase' his authority or position in a racketeering organization.  The statute does not proscribe conduct that occurs 'after the fact' of another offense committed and completed by others . . .The racketeering element in this case is not a mere 'circumstance' of the § 1959 offense-it is an essential element of that crime.

Id. at 91-92.  The Second Circuit went on to hold that venue in the Southern District of New York

was proper "because the racketeering element of the § 1959 violation serves as a continuing thread

between Manhattan, the epicenter of the Latin Kings' racketeering operations, and Brooklyn, the site

where the conspiracy in this case was formed and the assault against Sierra was planned to take

place." Id. at 92.

While it is true that the murders allegedly occurred in the Middle District of North Carolina,

in Greensboro, because § 1959 is a continuing offense and the racketeering element is an essential

5

Case 3:16-cv-00057-MOC-JCJ   Document 50-17   Filed 03/23/17   Page 311 of 501
Case 3:09-cv-00154-RJC   Document 44-2   Filed 05/20/09   Page 5 of 13

**JA292**

element of the crime, venue is proper in any district where the racketeering enterprise operated. The government asserts that many of the central activities of the MS-13 operations alleged in this case occurred in the Western District of North Carolina, in Charlotte. Specifically, many of the meetings of MS-13 were held in Charlotte, and to the extent that meetings were held elsewhere, these meetings were designed to control and affect the operations of the Charlotte MS-13. Additionally, the government asserts that a substantial portion of the criminal activity occurred and was centered in Charlotte. Finally, the government asserts that Defendant used members of MS-13 from Charlotte as a mechanism to escape after the murders occurred in Greensboro. In fact, shortly after his escape to Charlotte, which occurred within an hour or two of the commission of the murders, Defendant allegedly participated directly in MS-13 criminal acts in Charlotte.

In Counts 22 and 24, Defendant was not simply charged with murdering the two victims but rather, the Government charged and will have to prove at trial that Defendant committed the murders for the purpose of maintaining and increasing his position in the MS-13 gang, an enterprise engaged in racketeering activity. These Counts allege that Defendant committed these murders in aid of racketeering "in Guilford County, within the Middle District of North Carolina, and in Mecklenburg County, within the Western District of North Carolina and elsewhere." Therefore, the "racketeering" element of § 1959 was allegedly committed in more than one district, one of which was the Western District of North Carolina and consequently, venue is proper in this district pursuant to 18 U.S.C. § 3237(a). Accordingly, the undersigned recommends that Defendant's Motion to Dismiss for Lack of Venue regarding Counts 22 and 24 be <u>denied</u> and the Court DENIES Defendant's Motion for Change of Venue regarding Counts 22 and 24.

Case 3:16-cv-00057-MOC Document 50-17  Filed 03/23/17  Page 312 of 501
Case 3:08-cv-00154-RJC Document 224 Filed 05/20/09  Page 6 of 13

**JA293**

## B. COUNTS 23 AND 25-USE AND POSSESSION OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE RESULTING IN DEATH

Defendant is charged in Counts 23 and 25 of the Second Superceding Indictment with use and possession of a firearm during and in relation to a crime of violence resulting in death in violation of 18 U.S.C. § 924(c) and (j)(1). Defendant argues that the crime of violence alleged as the underlying offense in each of these counts is murder in aid of racketeering, the same offense alleged in Counts 22 and 24, and therefore, venue is only proper in the Middle District of North Carolina because that is where the alleged murders occurred.

Section 924(c) prohibits using or carrying a firearm "during and in relating to any crime of violence." Section 924(j), in turn, punishes "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm." Thus, the conduct elements of a § 924(j) violation are (1) the use of a firearm to cause the death of a person and (2) the commission of a § 924(c) violation. The essential elements of a § 924(c) offense are use of a firearm and commission of a crime of violence, in this case, murder in aid of racketeering. See United States v. Rodriguez-Moreno, 526 U.S. 275, 282 (1999); United States v. Smith, 452 F.3d 323, 335-36 (4th Cir. 2006); United States v. Robinson, 275 F.3d 371, 378 (4th Cir. 2001).

In Rodriguez-Moreno, the Supreme Court addressed the proper venue for a charge under § 924(c)(1). The Court found that "Congress proscribed both the use of the firearm *and* the commission of acts that constitute a violent crime." Id. at 281 (emphasis in original). Therefore, when the underlying crime of violence is a continuing offense that may be prosecuted in more than one jurisdiction under 18 U.S.C. § 3237(a), the related § 924(c)(1) charge is also a continuing offense. Id. at 282. The Court concluded that "[w]here venue is appropriate for the

7

Case 3:16-cv-00557-MOC-JCK Document 50-17   Filed 03/23/17   Page 313 of 501
Case 3:08-cv-00134-RJC   Document 42-7   Filed 05/20/09   Page 7 of 13
JA294

underlying crime of violence, so too is it for the § 924(c)(1) offense." Id.

As discussed above, venue for Counts 22 and 24, the murder in aid of racketeering charges, is proper in the Western District of North Carolina. Therefore, venue for Counts 23 and 25 is also proper in the Western District of North Carolina. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss for Lack of Venue regarding Counts 23 and 25 be denied and the Court DENIES Defendant's Motion for Change of Venue regarding Counts 23 and 25.

### C. COUNT 1-RICO CONSPIRACY

Defendant is charged in Count 1 of the Second Superceding Indictment with being a member of a racketeering enterprise, MS-13, and conspiring to participate in the affairs of that enterprise through a pattern of racketeering activity, also known as a RICO conspiracy, in violation of 18 U.S.C. § 1962(d). Defendant argues that the primary overt acts involving conduct by Defendant in this Count are acts that occurred in Greensboro, and thus, venue is only proper in the Middle District of North Carolina.

Racketeering offenses under 18 U.S.C. § 1962 are continuing offenses, and pursuant to 18 U.S.C. § 3237(a), venue is proper "in any district in which such offense was begun, continued, or completed." See, e.g., United States v. Aiken, 76 F. Supp. 2d 1346, 1349-51 (S.D. Fla. 1999) (RICO and its closely related offenses under 18 U.S.C. § 1959 are continuing offenses, and therefore venue lies in the Southern District of Florida and the Eastern District of New York for a murder committed in the Eastern District of New York to further a RICO enterprise that operated in that district and in the Southern District of Florida); United States v. DeJesus, 48 F. Supp. 2d 275, 278 (S.D.N.Y. 1998) ("Racketeering offenses under 18 U.S.C. § 1962 are continuing offenses within the

8

Case 3:16-cv-00057-MOC-JCD Document 50-17 Filed 03/23/17 Page 314 of 501
Case 3:08-cv-00134-RJC Document 524 Filed 05/20/09 Page 8 of 13
**JA295**

meaning of the venue statute."); United States v. Giovanelli, 747 F. Supp. 875, 884 (S.D.N.Y. 1989) (RICO substantive and conspiracy offenses are continuing offenses, and regarding the RICO conspiracy charge, "venue may properly be laid in the district in which the conspiratorial agreement was formed or in any district in which an overt act in furtherance of the conspiracy was committed by any of the conspirators.") (citation omitted); United States v. Castellano, 610 F. Supp. 1359, 1388-89 (S.D.N.Y.1985) (venue proper in any district where offense was begun, continued, or completed, even though virtually every racketeering act occurred in another district).

A RICO charge may include racketeering acts that occurred in districts other than the district of venue, and if venue for the overall charge is proper, it is not necessary that each defendant participate in conduct within the district of the indictment. See, e.g., United States v. Pepe, 747 F.2d 632, 660 n.44, 664 n.56 (11th Cir.1984) (venue in RICO case for extortionate debt collection that occurred in New York was proper in Southern District of Florida where other racketeering activities occurred); United States v. Persico, 621 F. Supp. 842, 858 (S.D.N.Y. 1985) (holding that it makes no difference whether any individual defendant was in the district, as long as the government establishes that the defendant participated in an enterprise that conducted illegal activities in the district).

As discussed above, racketeering offenses occurred in the Western District of North Carolina. Consequently, venue with regard to Count 1 is proper in the Western District of North Carolina even if the overt acts charged with regard to Defendant all took place in the Middle District of North Carolina. Therefore, the undersigned recommends that Defendant's Motion to Dismiss for Lack of Venue regarding Count 1 be denied and the Court DENIES Defendant's Motion for Change of Venue regarding Count 1.

9

Case 3:16-cv-00057-MOC  Document 50-17  Filed 03/23/17  Page 315 of 501
Case 3:08-cv-00134-RJC  Document 52-7  Filed 05/20/09  Page 9 of 13

JA296

## D.  COUNTS 61, 62 AND 63-CONSPIRACY, OBSTRUCTION OF JUSTICE AND TAMPERING WITH WITNESSES

Defendant is charged in the Second Superceding Indictment with Count 61, conspiracy to obstruct justice and tamper with witnesses in violation of 18 U.S.C. § 371, Count 62, obstruction of justice in violation of 18 U.S.C. § 1503 and Count 63, tampering with witnesses in violation of 18 U.S.C. § 1512(b)(1).  Defendant argues that because the main part of this alleged conduct occurred in the Middle District of North Carolina, venue is only proper in that district.

As noted above, "Congress may, if it so desires, prescribe specific venue requirements for a particular crime."  U.S. v. Johnson, 510 F.3d 521, 524 (4th Cir. 2007).  In 1988, Congress amended Title 18, United States Code, Section 1512 by adding a venue provision, which now appears in subsection (i), and states:

> A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected, or in the district in which the conduct constituting the alleged offense occurred.

The statute is clear that venue for either § 1512 or § 1503, as alleged in Counts 62 and 63, is proper in the district of the official proceeding.  In the instant case, the official proceeding and grand jury investigation were in fact ongoing in Charlotte at the time of the offenses.  Therefore, venue is proper in the Western District of North Carolina with regard to Counts 62 and 63.

Count 61 alleges a conspiracy to obstruct justice and tamper with witnesses.  In a conspiracy case, the Supreme Court has long held that venue is proper in any district in which a conspirator performs an overt act in furtherance of the conspiracy or performs acts that effectuate the object of the conspiracy, even though there is no evidence that the defendant had ever entered that district or that the conspiracy was formed in that district.  Hyde v. United States, 225 U.S. 347, 356-67 (1912).

10

JA297

The Fourth Circuit has recognized that "in a conspiracy charge, venue is proper for all defendants wherever the agreement was made or wherever any overt act in furtherance of the conspiracy transpires." United States v. Bowens, 224 F.3d 302, 311 n.4 (4th Cir. 2000). Moreover, the Fourth Circuit has held that the acts of one member of a conspiracy can be attributed to all other co-conspirators for venue purposes. United States v. Al-Talib, 55 F.3d 923, 928-29 (4th Cir. 1995). The overt act or acts necessary to support venue do not have to be substantial. United States v. Mitchell, 70 Fed. Appx. 706, 711, unpublished (4th Cir. 2003)(citing United States v. Ramirez-Amaya, 812 F 2d. 813, 816 (2d Cir.1987) (finding venue proper when cocaine flown over district); United States v. Shearer, 794 F 2d. 1545, 1550-51 (11th Cir. 1996) (finding venue proper based on automobile trip through and an airplane flight over district); United States v. Lewis, 676 F 2d. 508, 511 (11th Cir.1982) (finding venue proper based on telephone calls to district in furtherance of conspiracy); United States v. Prueitt, 540 F 2d. 995, 1006 (9th Cir. 1976) (finding venue proper when marijuana flown over district); United States v. Williams, 536 F 2d. 810, 812 (9th Cir. 1976) (finding venue proper based on conspirator's flight over district en route to obtain marijuana)).

In the instant case, the conspiracy offense allegedly includes acts of communication between the Middle District of North Carolina and the Western District of North Carolina, and travel of the co-conspirators from one district to another. Consequently, venue for Count 61 is proper in the Western District of North Carolina.

Accordingly, the undersigned recommends that Defendant's Motion to Dismiss for Lack of Venue regarding Counts 61, 62 and 63 be denied and the Court DENIES Defendant's Motion for Change of Venue regarding Counts 61, 62 and 63.

11

JA298

## III.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Defendant's "Motion to Dismiss Counts for Improper Venue" be **DENIED**.

## IV.  ORDER

**FOR THE FOREGOING REASONS**, the Defendant's "Motion to Change Venue to the Middle District of North Carolina" is **DENIED**.

## V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c) , written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).   Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

**JA299**

The Clerk is directed to send copies of this Memorandum And Recommendation And Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: May 20, 2009

David S. Cayer
United States Magistrate Judge

13

Case 3:16-cv-00057-MOC-DSC   Document 50-1   Filed 03/23/17   Page 319 of 501
Case 3:08-cr-00134-RJC   Document 35-2   Filed 05/20/09   Page 13 of 13

**JA300**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **DOCKET NO. 3:08CR134-2-RJC** |
| | ) | |
| v. | ) | DEFENDANT'S |
| | ) | OBJECTIONS TO MAGISTRATE |
| ALEJANDRO UMANA | ) | JUDGE'S MEMORANDUM AND |
| | ) | RECOMMENDATION |
| | ) | REGARDING MOTION TO |
| | ) | SUPPRESS; MOTION FOR |
| | ) | RECONSIDERATION OF DENIAL |
| | ) | OF MOTION FOR A CHANGE OF |
| | ) | VENUE |

NOW COMES Defendant ALEJANDRO UMANA, by and through undersigned counsel, and pursuant to 28 U.S.C. §636(b)(1)(C), hereby files the following objections to the Magistrate Judge's Memorandum and Recommendation recommending denial of his Motion to Dismiss Counts for Improper Venue. Additionally, pursuant to 28 U.S.C. §636(b)(1)(A), Defendant moves this Honorable Court to reconsider the Magistrate Judge's denial of the Motion for Change of Venue.

**1. Defendant objects to the legal conclusion in Section II.A. of the Memorandum and Recommendation that Counts 22 and 24 allege continuing conduct that took place in the Western District of North Carolina.**

Defendant submits that the issue in United States v. Saavedra, 223 F.3d 85, 88-94 (2d Cir. 2000), cited by the Magistrate Judge, is distinguishable from the issue before this Honorable Court regarding Counts 22 and 24. In Saavedra, the Second Circuit Court of Appeals held that venue for a charge of conspiracy and attempt to commit an assault in aid of racketeering was proper in the district where the gang was headquartered and

1

**JA301**

where the pattern of racketeering activity took place even though all the overt acts in planning and carrying out the assault took place in another district. Here, Counts 22 and 24 are substantive counts of murder in aid of racketeering, rather than conspiracy. Thus, overt acts of planning are not elements of this offense. The appropriate basis for venue is where the actual criminal act was allegedly carried out. Here, unlike in Saavedra, there is no evidence that MS-13 was headquartered in the Western District of North Carolina or that the alleged murders in Greensboro were planned in advance at all, much less in the Western District.

Similarly, there is a lack of evidence that the murders were carried out specifically to aid in racketeering that was ongoing in the Western as opposed to Middle District of North Carolina. The two alleged offenses were completed before Defendant ever left Greensboro, so the alleged flight to the Western District is not part of the essential conduct elements of the offenses and is thus irrelevant to the venue determination.

To say that a violation of 18 U.S.C. §1959 is a continuing offense does not answer the venue question. Here, it is not clear whether, assuming *arguendo* that the acts were committed, they were done to maintain or increase Defendant's position in MS-13 in Charlotte, in Greensboro, or at all. If done to increase Defendant's position in the MS-13 clique in Greensboro, then there is clearly no venue in the Western District for his charge.

**2. Defendant objects to the legal conclusion in Section II.B. that Counts 23 and 25 allege continuing conduct that took place in the Western District of North Carolina.**

Counts 23 and 25 have parallel language alleging that on December 8, 2007, during and in relation to a crime of violence, Defendant used and carried a firearm. The

2

**JA302**

alleged crime of violence in each count is "conspiracy to participate in a racketeering enterprise and murder in aid of racketeering." Each count alleges that the death of one of the two Greensboro murder victims resulted from commission of the offense.

Defendant agrees with the Magistrate Judge's analysis that "[t]he essential elements of a §924(c) offense are use of a firearm and commission of a crime of violence, in this case, murder in aid of racketeering." However, Defendant submits that this underlying crime of violence, murder in aid of racketeering, was committed wholly in the Middle District. Therefore, there is no proper basis for venue in the Western District.

**3. Defendant objects to the mixed factual and legal conclusion in Section II.D., regarding Counts 61, 62, and 63, that the alleged offenses were carried out with the intent to affect the "official proceeding" and grand jury investigation that was under way in Charlotte.**

There is no allegation that Defendant and his codefendants had knowledge of a grand jury investigation being under way in Charlotte in June of 2008. Counts 61, 62, and 63 allege conduct committed on or about June 12, 2008. At that time, the indictment in this case had not been issued. In fact, a review of the docket in this case indicates that the first event in this case was a motion by the government to seal the case on June 23, 2008. The Court granted this motion on June 23, 2008. A sealed indictment was then filed later that same day.

Grand jury proceedings are secret. There is no information to suggest that Defendant and his codefendants on these counts had any knowledge of any ongoing secret grand jury proceedings being conducted in the Western District of North Carolina. To the contrary, the only official proceedings that were both ongoing *and known* to

3

**JA303**

Defendant and his codefendants was the case of <u>State v. Alejandro Umana</u> then pending in Guilford County in the Middle District of North Carolina wherein Defendant was charged with the two alleged murders committed in Greensboro on December 8, 2007.

Defendant was incarcerated in Guilford County from mid-December, 2007, until July 14, 2008, when he was transported to Mecklenburg County Jail due to the federal indictment in this case.  Thus, during the relevant time frame for Counts 61, 62, and 63, Defendant was located only in the Middle District of North Carolina.  Additionally, Counts 62 and 63, by their own terms, allege only conduct in the Middle District. Similarly, the discovery indicates that the witness was allegedly contacted by Defendant's codefendants only at the Greensboro restaurant where the two murders were committed.

Clearly, the essential conduct elements for Count 62 is the influencing, obstructing, impeding, or endeavoring to influence, obstruct, and impede, the due administration of justice.  The essential conduct elements for Count 63 would be the use or attempted use of intimidation and threats on another person.  The actual criminal act for each count would be contacting the witness in Greensboro.  Thus, venue under the "locus delicti" analysis would be in the Middle District.  Even 18 U.S.C. §1512 would limit venue to the Middle District because the only official proceeding then known to Defendant and his codefendants was the Guilford County criminal case against Defendant.

### 4. Conclusion.

Based on all the above reasons, Defendant objects to the Magistrate Judge's findings, conclusions, and his recommendation that the Motion to Dismiss be denied.

Accordingly, Defendant respectfully requests this Honorable Court to reject the Magistrate Judge's findings of fact, conclusions of law, and his recommendation to deny Defendant's Motion to Dismiss Counts for Improper Venue.  Defendant respectfully requests this Honorable Court to grant his Motion to Dismiss for Improper Venue.

In the alternative, Defendant submits that for the same reasons outlined above the Magistrate Judge's Order denying the Motion for Change of Venue is clearly erroneous and contrary to law and should therefore be reconsidered by this Court pursuant to 28 U.S.C. §636(b)(1)(A).  Defendant respectfully requests that the Order be vacated and the Motion granted.

June 4, 2009                                    Respectfully submitted,

                                               s/ Mark P. Foster, Jr.
                                               NC State Bar #22717
                                               Attorney for Defendant
                                               Law Offices of Mark Foster, P.C.
                                               1011 E. Morehead Street, Suite 300
                                               Charlotte, NC 28204
                                               Phone 704 347-1809
                                               Fax 704-332-2716
                                               E-mail:  mpfosterjr@bellsouth.net

                                               s/ John Bryson
                                               Wyatt Early Harris Wheeler, LLP
                                               1912 Eastchester Drive, Suite 400
                                               High Point, NC 27261
                                               336-819-6016
                                               Fax 336-819-6076
                                               jbryson@wehwlaw.com

5

**JA305**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above **DEFENDANT'S OBJECTIONS TO MEMORANDUM & RECOMMENDATION REGADING MOTION TO DISMISS; MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR CHANGE OF VENUE** has been duly served  on the attorney listed below by e-mail service through ECF on this date:

Jill Rose
Jill.Rose@usdoj.gov

Sam Nazarro
Sam.Nazzaro@usdoj.gov

Kevin Zolot
Kevin.Zolot@usdoj.gov

Adam Morris
Adam.Morris@usdoj.gov

Mark Jones
Mark.Jones2@usdoj.gov

June 4, 2009

s/  Mark P. Foster, Jr.
NC State Bar #22717
Law Offices of Mark Foster, P.C.
1011 E. Morehead Street, Suite 300
Charlotte, NC 28204
Pone704-347-1809
Fax 704-332-2716
E-mail:  mpfosterjr@bellsouth.net

6

Case 3:16-cv-00057-MOC-RJC Document 50-1 43  Filed 03/23/17  Page 325 of 501
Case 3:08-cr-00134-RJC  Document 59-1  Filed 06/04/09  Page 6 of 6

JA306

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **DOCKET NO. 3:08CR134-2-RJC** |
| | ) | |
| v. | ) | DEFENDANT'S FIRST MOTION |
| | ) | TO CONTINUE TRIAL |
| ALEJANDRO UMANA | ) | |
| | ) | |

NOW COMES Defendant ALEJANDRO UMANA, by and through undersigned counsel, and hereby moves this Court to continue the trial of this matter to a later trial term.  This case is currently scheduled for trial before this Honorable Court on October 5, 2009. This is Defendant's first motion to continue the trial in this case.

At the status conference on June 8, this Honorable Court indicated that it was considering setting trial dates in other cases and that if Defendant was going to seek a continuance, he should do so as soon as possible.  Accordingly, undersigned counsel have prepared and filed this motion as quickly as possible and have summarized, as best as they can at this time, their current progress in trial preparation and why it is not feasible to begin this capital trial in October.

Defendant is charged in a 25-count, 105-page indictment charging 26 defendants with being members of an MS-13 gang RICO conspiracy.  The original sealed indictment was filed on June 23, 2008 and unsealed on June 24, 2008.  Although Defendant was not yet in federal custody because he was in state custody in Guilford County, the Court appointed undersigned attorney John Bryson to represent Defendant in this case on July 10, 2008.  Defendant was arrested on the federal arrest warrant and brought before a Magistrate Judge on July 28 for his initial appearance in this case.  Defendant was then

1

Case 3:16-cv-00057-MOC-JCJ   Document 505-10   Filed 03/23/17   Page 326 of 501
Case 3:08-cv-00134-RJC   Document 2549   Filed 06/11/09   Page 1 of 10

**JA307**

arraigned and entered a not guilty plea. That same day, the Magistrate Judge issued an order setting the case for trial on the August 4, 2008 trial term.

The next day, July 29, 2008, this Honorable Court granted a continuance motion filed by Codefendant Anibal Caballero Fernandez and on its own motion continued the trial of all codefendants including this Defendant to October 6, 2008. On September 23, 2008, the government filed three pleadings: (1) a First Superseding Indictment; (2) a Notice of Intent to Seek the Death Penalty against this Defendant; (3) a Motion for a Pre-Trial Scheduling Conference. The latter pleading, by requesting a trial scheduling conference, implicitly acknowledged that the trial could not take place on October 6, 2008. Trial could not have begun any earlier than October 23, 2008, thirty days after the filing of the superseding indictment, pursuant to 18 U.S.C. §3161(c)(2).

On September 30, 2008, in response to the government's filing of the Notice to Seek the Death Penalty against this Defendant, the Court appointed Defendant a second counsel, undersigned attorney Mark Foster. Six days later (October 6), the trial scheduling conference (that had originally been scheduled as a trial calendar call) was held. At that hearing, counsel for this Defendant indicated that he and his co-counsel could not be ready for trial any earlier than one year later. At that time, of course, Defendant's attorneys had not yet had access to all of the discovery in the case and were not able to accurately estimate the amount of work that would be required for them to provide effective assistance of counsel to Defendant in this capital case. In fact, the second appointed counsel (Foster) had not had been able to review any discovery before the October 6 trial scheduling conference. Although Defendant's other attorney, John Bryson, had been representing Defendant in state court on the murder charges since

Case 3:16-cv-00057-MOC-JC   Document 50-1   Filed 03/23/17   Page 327 of 501
Case 3:08-cv-00154-RJC   Document 374-9   Filed 06/11/09   Page 2 of 10
**JA308**

December, 2007, the case was never declared capital and the State offered Defendant a non-capital disposition in January, 2008. Thus, there was no need to undertake any mitigation investigation until the government filed its Notice in this case on September 30, 2008. At the end of the October 6 scheduling conference, this Honorable Court set October 5, 2009, as the trial date. That is the current trial date and this motion is Defendant's first motion to continue the trial in this case.

On December 16, 2008, the government filed a Second Superseding Indictment in this case. On January 21, 2009, Defendant filed a waiver of arraignment and entry of not guilty to the new superseding indictment. At a status conference held on March 16, 2009 on this Defendant's case, the Court set, at the government's request, a pretrial motions filing deadline of April 24, 2009. Defendant's attorneys had been working diligently to review as much discovery as possible and to determine what pretrial motions were merited by the pleadings and the known discovery. Consequently, on April 24, Defendant's attorneys filed eight pretrial motions, including a motion for leave of court to file additional pretrial motions if their basis became apparent after April 24. Defendant's attorneys filed two additional substantive pretrial motions in early May, 2009.

On May 27, 2009, the government filed a letter with the Court announcing that its vendor will not be able to meet its June 1 deadline for translation of the audio/video recordings in this case. The letter indicates that the vendor has provided a revised completion deadline of mid to late September. At the June 8 status conference, the government indicated that it would typically need at least a week after receiving a new translation to review it with the involved witnesses to determine its accuracy before releasing it to the defense. Thus, it is evident that the completion of this process would

3

**JA309**

very likely overlap with the currently scheduled beginning of Defendant's trial on October 5.

The government maintained in its letter and at the hearing that these transcript delays would have no effect on Defendant's trial date. However, the government is not in the best position to determine this. Currently, Defendant's attorneys will not have all the government's translations of the recordings until the eve of trial or later. This would leave little or no time to go over this evidence with Defendant to determine its effect on the trial defense. Defendant cannot predict whether the substance of any of these recorded conversations would impact his defense at either the guilt-innocence or sentencing phase of trial. Additionally, in the event that any of the 25 codefendants enter into plea agreements and become government witnesses, then the relevance of recorded conversations not involving Defendant expands because they may contain important impeachment material as to cooperating witnesses.

Additionally, it is apparent from the government and defense translations received so far that there are substantial differences between the two versions. This would seemingly necessitate court involvement at some point in determining a method of resolving disputed translations. This, too, will take additional time once the government's final translations are finally released to the defense in late September.

The scope and seriousness of the case against Defendant dictate that his attorneys conduct a thorough and time-consuming investigation of the facts and preparation for trial and sentencing. Counts 22 and 24 of the indictment allege that Defendant killed two people in a gang-motivated murder in aid of racketeering. Counts 23 and 25 allege the same killings as violations of 18 U.S.C. §§924(c) and (j)(1). All four counts qualify for

Case 3:16-cv-00057-MOC-JC   Document 50-1   Filed 03/23/17   Page 329 of 501
Case 3:09-cv-00154-RJC   Document 75-19   Filed 06/23/09   Page 4 of 10

JA310

the death penalty. For these alleged murders, the government is seeking the death penalty. Additionally, the government alleges in its "Notice of Intention to Seek the Death Penalty" the existence of aggravating factors which include allegations that Defendant killed two other people in a gang-motivated shooting in Los Angeles, California, in July, 2005, and that he aided and abetted another gang-motivated killing in Los Angeles in September, 2005.

The government also alleges in its Notice of Intention to Seek the Death Penalty that its evidence of additional uncharged acts of violence is not limited to the Los Angeles murders. In fact, the discovery includes evidence of other violent acts allegedly committed by Defendant in Los Angeles. Additionally, the government has informed Defendant's attorneys (and provided some discovery) of other alleged violent conduct, including a murder, allegedly committed by Defendant in El Salvador before he came to the United States.

However, in response to Defendant's Motion for a Bill of Particulars (Document #486) seeking, *inter alia*, the time, date, and location of other serious acts of violence referred to by the government in its Notice of Intention to Seek the Death Penalty, the government filed its Consolidated Response to the Motions of Defendant (Document #503). In that response, the government strongly opposed the motion for a bill of particulars, thereby declining to provide any limitation on the additional uncharged acts of violence that may be the subject of government evidence during the sentencing phase. On May 12, 2009, the Magistrate Judge issued an Order (Document #510) denying Defendant's Motion for a Bill of Particulars as to these allegations.

5

Case 3:16-cv-00057-MOC-JCD Document 50-19  Filed 03/23/17  Page 330 of 501
Case 3:08-cv-00134-RJC  Document 519  Filed 06/11/09  Page 5 of 10

**JA311**

Thus, there is no limit on the possible scope of evidence of uncharged violent conduct to be presented by the government as aggravation during the sentencing phase. As a result, Defendant's attorneys must investigate and prepare to contest all uncharged violent conduct in Los Angles, El Salvador, and elsewhere. These tasks must be completed if Defendant's attorneys are going to be able to provide Defendant with effective assistance of counsel during both the guilt-innocence and the sentencing phases of trial.

The discovery in this case is massive, consisting of over 40,000 pages of police reports and statements and approximately 300 hours of audio recordings of conversations in Spanish. Defendant's attorneys have received some but not all of the English translations of each of the recordings. Thus, the contents of some of these recordings are not yet known to counsel.

At this point in time, just less than four months before trial, undersigned counsel believe that they and their experts cannot complete the gargantuan tasks before them by October 5. Their investigator must again travel to El Salvador to investigate not only Defendant's life history there but also the allegations of murder and other violent behavior there. The mitigation investigation into Defendant's life in El Salvador has already been slowed by the reluctance of family and others to cooperate with Defendant's mitigation investigator after the Salvadoran national police contacted a member of Defendant's family regarding this case against Defendant. Additionally, Defendant's fact investigators will need more time to complete their review of pertinent discovery and then conduct and complete their investigation of the facts and circumstances of events in Greensboro, Charlotte, and Los Angeles.

6

Case 3:16-cv-00057-MOC-JC  Document 50-1  Filed 03/23/17  Page 331 of 501
Case 3:08-cv-00134-RJC  Document 90-1  Filed 06/11/09  Page 6 of 11

JA312

This is a case that is both interstate and international in its geographic scope. The quantity of written and audio/video discovery is overwhelming. Defendant's life is literally on the line. His attorneys are duty-bound to exercise diligence in trial investigation and preparation, to conduct a thorough mitigation investigation, and to zealously advocate their client's position. A capital case simply requires more time for investigation and trial preparation than other criminal cases do. Both of Defendant's attorneys are experienced capital defense attorneys in the State of North Carolina. In their experience, it typically takes approximately two years from capital case inception to properly investigate the facts for both trial and mitigation and to be ready for both the guilt-innocence and the sentencing phases of a capital murder trial. This case involves a greater quantity of discovery and much more serious and far-reaching aggravation evidence than the typical capital murder case does. However, Defendant's attorneys will have just one year to investigate and prepare this case for trial and sentencing if this continuance motion is denied. This would set the stage for ineffective assistance of counsel.

The United States Supreme Court, in determining the standards for defense counsel representation of capital defendants in the context of claims of ineffective assistance of counsel, relies on the American Bar Association standards for capital defense representation in determining what is reasonable. According to the Court, those guidelines provide that investigations of mitigating evidence should include efforts to discover "all reasonably available mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor." Wiggins v. Smith, 537 U.S. 1231, 123 S.Ct. 1382, 155 L.Ed.2d 194 (2003). Failure to reasonably investigate a

7

Case 3:16-cv-00057-MOC-JCO Document 50-19 Filed 03/23/17 Page 332 of 501
Case 3:08-cv-00134-RJC Document 35-19 Filed 08/21/09 Page 7 of 11
**JA313**

capital defendant's social history and mitigating circumstances for sentencing constitutes ineffective assistance of counsel.  Id.

Death is fundamentally different than all other forms of punishment.  The United States Supreme Court has stated as follows:

> [D]eath is a different punishment from any other which may be imposed in this country.  . . . From the point of view of the defendant, it is different in both its severity and its finality. From the point of view of society, the action of the sovereign in taking the life of one of its citizens differs dramatically from any other state action.  It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion.

Gardner v. Florida, 430 U.S. 349, 357-358 (1977).

Because death is unique in its finality and severity, increased scrutiny is required at every step of the capital process to ensure that death is the appropriate penalty.  "[T]he qualitative difference of death from all other punishments requires a correspondingly greater degree of scrutiny of the capital sentencing determination."  Caldwell v. Mississippi, 472 U.S. 320, 329 (1985).  The United States Court of Appeals for the Third Circuit has stated as follows:  "The sentencing phase of a death penalty trial is one of the most critical proceedings in our criminal justice system.  It is *clearly* the most critical proceeding from the standpoint of the defendant whose life is at stake."  Lesko v. Lehman, 925 F.2d 1527 (3rd Cir. 1991).

Thus, undersigned counsel must ensure that they exercise diligence in fully investigating this case and preparing for the guilt-innocence and sentencing phases of trial.  To accomplish this, counsel will need substantially more time before trial.

8

Case 3:16-cv-00557-MOC   Document 50-19   Filed 03/23/17   Page 333 of 501
Case 3:08-cv-00154-RJC   Document 70-19   Filed 06/23/09   Page 8 of 11
JA314

A final reason why a continuance is necessary is that one of Defendant's attorneys, Mark Foster, is also tasked with preparing for a complex trial in the case of United States v. Christopher Otiko, 3:07CR154-5-RJC.  That case also involves a lengthy indictment with multiple charges alleging an unlawful internet pharmacy drug distribution conspiracy and involves a quantity of discovery that greatly surpasses even the quantity in this case.  This Honorable Court has set August 10 as a firm trial date in that case and counsel is split between preparing for that trial and this trial.  From mid-July through late August, attorney Foster does not anticipate being able to work on essentially anything other than the Otiko case.  This will prevent him from doing necessary trial preparation on the instant case during that month-and-a-half period of time.

Based on the above facts, Defendant submits that his attorneys cannot complete their pretrial investigation and trial preparation before October 5.

Therefore, due to counsel's lack of preparation, if trial is held during the currently scheduled trial term, undersigned counsel will be unable to provide Defendant with effective assistance of counsel.  Accordingly, pursuant to 18 U.S.C. §3161(h)(8)(B)(iv), Defendant submits that a denial of this continuance motion would deny Defendant and his counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Undersigned counsel submit that, working diligently as possible, they would be able to provide effective assistance of counsel to Defendant at trial and sentencing no earlier than April, 2010.

9

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 334 of 501
Case 3:08-cv-00154-RJC  Document 50-1  Filed 06/11/09  Page 9 of 11

JA315

Defendant's counsel sent a query to the government regarding its position on this continuance motion but had not received a response before this motion was filed.

Based on the foregoing, Defendant respectfully requests this Honorable Court to continue the trial of this matter from the October 5 trial term to a trial term no earlier than April, 2010.

June 11, 2009                                   Respectfully submitted,

s/  Mark P. Foster, Jr.
NC State Bar #22717
Attorney for Defendant
Law Offices of Mark Foster, P.C.
1011 E. Morehead St., Suite 300
Charlotte, NC 28204
Ph 704 347-1809; Fx 704-332-2716
E-mail:  mpfosterjr@bellsouth.net

s/ John Bryson
Wyatt Early Harris Wheeler, LLP
1912 Eastchester Drive, Suite 400
High Point, NC 27261
336-819-6016
Fax 336-819-6076
jbryson@wehwlaw.com

10

Case 3:16-cv-00057-MOC-JC Document 59-10   Filed 03/23/17   Page 335 of 501
Case 3:08-cr-00134-RJC Document 25-10   Filed 06/11/09   Page 10 of 11

JA316

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above has been duly served **DEFENDANT'S FIRST MOTION TO CONTINUE TRIAL** on the attorney listed below by e-mail service through ECF on this date:

Jill Rose
Jill.Rose@usdoj.gov

Sam Nazarro
Sam.Nazzaro@usdoj.gov

Kevin Zolot
Kevin.Zolot@usdoj.gov

Adam Morris
Adam.Morris@usdoj.gov

Mark Jones
Mark.Jones2@usdoj.gov

June 11, 2009                    s/  Mark P. Foster, Jr.
                                 NC State Bar #22717
                                 Law Offices of Mark Foster, P.C.
                                 1011 E. Morehead Street, Suite 300
                                 Charlotte, NC 28204
                                 Phone 704-347-1809
                                 Fax 704-332-2716
                                 E-mail:  mpfosterjr@bellsouth.net

11

Case 3:16-cv-00557-MOC Document 59-10   Filed 03/23/17   Page 336 of 501
Case 3:08-cr-00134-RJC  Document 25-10   Filed 06/11/09   Page 11 of 11
**JA317**

FILED
CHARLOTTE, N.C.

JUL 27 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>(1) MANUEL DE JESUS AYALA, )<br>    a/k/a "Chacua" )<br>(2) ALEJANDRO ENRIQUE RAMIREZ UMANA,)<br>    a/k/a "Wizard" )<br>        "Lobo" )<br>(3) HEVERTH ULISES CASTELLON, )<br>    a/k/a "Misterio" )<br>        "Sailor" )<br>(4) JULIO CESAR ROSALES LOPEZ, )<br>    a/k/a "Stiler" )<br>(5) JUAN GILBERTO VILLALOBOS, )<br>    a/k/a "Smoke" )<br>        "Smokey" )<br>(6) ELVIN PASTOR FERNANDEZ-GRADIS, )<br>    a/k/a "Tigre" )<br>        "Flaco" )<br>        "Juan Alberto Irias" )<br>        "Freddy" )<br>(7) JUAN RUBEN VELA GARCIA, )<br>    a/k/a "Mariachi" )<br>(8) JOSE AMILCAR GARCIA-BONILLA, )<br>    a/k/a "Psicopata," )<br>        "Sicario" )<br>        "Lucio Caesario" )<br>        "Jose Luis Ferufino" )<br>(9) YELSON OLIDER CASTRO-LICONA, )<br>    a/k/a "Diablo" )<br>(10) CARLOS  FERUFINO-BONILLA, )<br>    a/k/a "Tigre" )<br>(11) NELSON  HERNANDEZ-AYALA, )<br>    a/k/a "Sixteen" )<br>(12) MARIO MELGAR-DIAZ, )<br>    a/k/a "Nino" )<br>(13) ALEXI RICARDO RAMOS, )<br>    a/k/a "Pajaro" )<br>(14) CARLOS ROBERTO FIGUEROA-PINEDA, )<br>    a/k/a "Drogo" ) | DOCKET NO. 3:08-CR-134-RJC<br><br>THIRD SUPERSEDING BILL OF INDICTMENT<br><br>Violations:<br><br>8  U.S.C. § 1326<br>18 U.S.C. § 2<br>18 U.S.C. § 3<br>18 U.S.C. § 371<br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 922(g)(5)<br>18 U.S.C. § 924(c)<br>18 U.S.C. § 924(j)<br>18 U.S.C. § 1501<br>18 U.S.C. § 1512(b)(1)<br>18 U.S.C. § 1951<br>18 U.S.C. § 1959(a)(1)<br>18 U.S.C. § 1959(a)(3)<br>18 U.S.C. § 1962(d)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 843(b)<br>21 U.S.C. § 846 |

Case 3:16-cv-00057-MOC-RJC Document 50-13  Filed 03/23/17  Page 337 of 501
Case 3:08-cr-00134-RJC Document 528  Filed 07/27/09  Page 1 of 105

JA318

| | |
|---|---|
| (15) CESAR YOALDO CASTILLO,<br>  a/k/a "Chino"<br>(16) EDGAR MIGUEL GRANADOS-ALVAREZ,<br>  a/k/a "Gorilon"<br>    "Alexander Granados"<br>(17) MICHAEL STEVEN MENA,<br>  a/k/a "Cholo"<br>(18) JOHNNY ELIAS GONZALEZ,<br>  a/k/a "Solo"<br>(19) JAIME SANDOVAL,<br>  a/k/a "Pelon"<br>(20) SANTOS CANALES-REYES,<br>  a/k/a "Chicago"<br>(21) JOSE EFRAIN AYALA-URBINA,<br>  a/k/a "Peligroso"<br>(22) OSCAR MANUEL<br> MORAL-HERNANDEZ,<br>  a/k/a "Truchon"<br>(23) SANTOS ANIBAL CABALLERO<br> FERNANDEZ,<br>  a/k/a "Garra"<br>(24) MANUEL CRUZ,<br>  a/k/a "Silencioso"<br>(25) JAVIER MOLINA,<br>  a/k/a "Big Psycho"<br>    "Gringo"<br>(26) MARIO GUARJARDO-GARCIA,<br>  a/k/a "Speedy"<br>    "Iran Guerrero-Gomez"<br>    " Luis Angel Galindo" | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2

**JA319**

**THE GRAND JURY CHARGES:**

## COUNT ONE
### (Racketeer Influenced Corrupt Organization–RICO Conspiracy)

The Grand Jury for the Western District of North Carolina charges that:

### Introduction

1.      La Mara Salvatrucha, also known as the MS-13 gang (hereafter "MS-13"), is a gang composed primarily of immigrants or descendants of immigrants from El Salvador, with members operating throughout North Carolina including Mecklenburg, Guilford, Wake, and Durham counties, and elsewhere.

2.      The name "Mara Salvatrucha" is a combination of several slang terms. In the most common usage, the word "Mara" is the term used in El Salvador for "gang." The phrase "Salvatrucha" is a combination of the words "Salva," which is an abbreviation for "Salvadoran," and "trucha," which is a slang term for "fear us," "look out," or "heads up."

3.      In the United States, MS-13 originated in Los Angeles, California, where MS-13 members engaged in turf wars for the control of drug-distribution locations. MS-13 quickly spread to states across the country, including North Carolina and elsewhere.

4.      MS-13 is a national and international criminal organization with over 6,000 members in the United States regularly conducting gang activities in at least forty-two states and the District of Columbia, as well as over 30,000 members internationally, mostly in Mexico, Honduras, Guatemala, and El Salvador. MS-13 is one of the largest street gangs in the United States. Gang members actively recruit members, including juveniles, from communities with a large number of immigrants from El Salvador. Members, however, can also have ethnic heritage from

3

**JA320**

other Central and Latin American countries.  In the United States, MS-13 has been functioning since at least the 1980s.

5.    At all times relevant to this Indictment, the following defendants were members of MS-13:

(1) MANUEL DE JESUS AYALA,
a/k/a "Chacua"
(2) ALEJANDRO ENRIQUE RAMIREZ UMANA,
a/k/a "Wizard"
"Lobo"
(3) HEVERTH ULISES CASTELLON,
a/k/a "Misterio"
"Sailor"
(4) JULIO CESAR ROSALES LOPEZ,
a/k/a  "Stiler"
(5) JUAN GILBERTO VILLALOBOS,
a/k/a "Smoke"
"Smokey"
(6) ELVIN PASTOR FERNANDEZ-GRADIS,
a/k/a "Tigre"
"Flaco"
"Juan Alberto Irias"
"Freddy"
(7) JUAN RUBEN VELA GARCIA,
a/k/a "Mariachi"
(8) JOSE AMILCAR GARCIA-BONILLA,
a/k/a "Psicopata"
"Sicario"
"Lucio Casario"
"Jose Luis Ferufino"
(9) YELSON OLIDER CASTRO-LICONA,
a/k/a "Diablo"
(10) CARLOS  FERUFINO-BONILLA,
a/k/a "Tigre"
(11) NELSON  HERNANDEZ-AYALA,
a/k/a "Sixteen"
(12) MARIO MELGAR-DIAZ,
a/k/a "Nino"
(13) ALEXI RICARDO RAMOS,
a/k/a "Pajaro"

4

**JA321**

(14) CARLOS ROBERTO FIGUEROA-PINEDA,
a/k/a "Drogo"
(15) CESAR YOALDO CASTILLO,
a/k/a "Chino"
(16) EDGAR MIGUEL GRANADOS-ALVAREZ,
a/k/a "Gorilon"
"Alexander Granados"
(17) MICHAEL STEVEN MENA,
a/k/a "Cholo"
(18) JOHNNY ELIAS GONZALEZ,
a/k/a "Solo"
(19) JAIME SANDOVAL,
a/k/a "Pelon"
(20) SANTOS CANALES-REYES,
a/k/a "Chicago"
(21) JOSE EFRAIN AYALA-URBINA,
a/k/a "Peligroso"
(22) OSCAR MANUEL MORAL-HERNANDEZ,
a/k/a "Truchon"
(23) SANTOS ANIBAL CABALLERO FERNANDEZ,
a/k/a "Garra"
(24) MANUEL CRUZ,
a/k/a "Silencioso"
(25) JAVIER MOLINA,
a/k/a "Big Psycho"
"Gringo"
(26) MARIO GUARJARDO-GARCIA,
a/k/a "Speedy"
"Iran Guerrero-Gomez"
" Luis Angel Galindo"

6.     At all times relevant to this Indictment, in order to join MS-13, members generally were required to complete an initiation process, often referred to as being "jumped in" or "beat in" to the gang. During that initiation, other members of MS-13 would beat the new member, usually until a gang member finished counting aloud to thirteen.

7.     At all times relevant to this Indictment, some members of MS-13 signified their membership by wearing tattoos reading "MARA SALVATRUCHA," "MS," or "MS-13," or similar

5

Case 3:16-cv-00057-MOC Document 50-2   Filed 03/23/17   Page 341 of 501
Case 3:08-cr-00134-RJC Document 22   Filed 07/27/09   Page 5 of 105
JA322

slogans, often written in gothic lettering.   The gang colors of MS-13 are blue, black, and white, and members often wore clothing of these colors often bearing the number "13," or with numbers that, when added together, totaled 13, such as "76."  Also, MS-13 members from time to time marked their territory or signified their presence through the use of graffiti with the words "MS" or other identifying slogans.  More recently, some MS-13 members have more discreetly and less publicly signified their membership by hiding and avoiding such clothing and tattoos, in order to avoid detection by law enforcement.   MS-13  members refer to one another by their gang names or other nicknames and often do not know fellow gang members except by these gang names.

8.    At all times relevant to the Indictment, members of MS-13 were expected to protect the name, reputation, and status of the gang and its members from rival gang members or any other person.  MS-13 members believe that all individuals should show respect and deference to the gang and its members.  To protect the gang and to enhance its reputation, MS-13 members are expected to use any means necessary to get respect from those who show disrespect, including acts of intimidation and violence.

9.    At all times relevant to this Indictment, members of MS-13 engaged in criminal activity including drug distribution, murders, assaults, robberies, and obstructing justice in the form of threatening and intimidating witnesses that they believed to be cooperating with law enforcement.  MS-13 members were sometimes required to commit acts of violence to maintain membership and discipline within the gang, including violence against rival gangs.  Participation in criminal activity by an MS-13 member, particularly violent acts directed at rival gangs or as directed by the gang leadership, increased the level of respect accorded that member, resulting in that

Case 3:16-cv-00057-MOC-RJC   Document 50-13   Filed 03/23/17   Page 342 of 501
Case 3:08-cr-00134-RJC   Document 522   Filed 07/27/09   Page 6 of 105
**JA323**

member maintaining or increasing his position in the gang, and possibly resulting in a promotion to a leadership position.

10.    At all times relevant to this Indictment, MS-13 was organized in the Western District of North Carolina and elsewhere in "cliques," that is smaller groups operating in a specific region, city, or part of a city. The MS-13 cliques worked together cooperatively to engage in criminal activity and assist one another in avoiding detection by law enforcement. The cliques operated under the umbrella rules of MS-13. In North Carolina, some of these cliques are identified by names such as "Centrales," "South Boulevard," "Hollywood," "Coronado," "Charlotes Loco Salvatrucha," and "Charlotte Locotes" and other names both known and unknown to the Grand Jury.

11.    At all times relevant to this Indictment, MS-13 members attended meetings together on a regular basis. Leaders of cliques of MS-13 from across the United States, and within regions of North Carolina, met to discuss gang rules and gang business, to resolve problems or issues among gang members, and to unite gang members from across the country. In Charlotte, Greensboro, and Durham, North Carolina, and in Columbia, South Carolina, and elsewhere, members met to discuss, plan, and report on: gang organizational issues; illegal activity on behalf of MS-13; acts of violence committed by MS-13 members against rival gang members and others with the goal of achieving control of territory; law enforcement activity against MS-13 members; and those suspected of cooperating with law enforcement, among other subjects. Sometime members from other states attended North Carolina MS-13 meetings or sought assistance from MS-13 members in North Carolina.

7

Case 3:16-cv-00057-MOC-RJC Document 50-13   Filed 03/23/17   Page 343 of 501
Case 3:08-cr-00134-RJC Document 59-13   Filed 07/27/09   Page 7 of 105
**JA324**

12.    The leaders of various MS-13 groups are frequently called "shot callers" or "voices." Sometimes, the leaders, some of whom are incarcerated in El Salvador, exerted authority through the use of telephones. Leaders acted to resolve disputes, address organizational issues, and participate in gang decisions such as whether to assault or murder those suspected of cooperating with law enforcement.

13.    At all times relevant to this Indictment, MS-13 members were expected to pay dues. MS-13 members collected dues for the benefit of, and to be provided to, MS-13 gang members and to support the gang's criminal endeavors. On more than one occasion, MS-13 members in North Carolina transferred money to MS-13 members incarcerated in prison in El Salvador.

14.    At all times relevant to this Indictment, MS-13 members communicated about gang activities with other MS-13 members in North Carolina and elsewhere, using mobile telephones and other modes of communication. Additionally, MS-13 members used transnational and international money wire transfers to conduct and promote gang activities.

### The Racketeering Enterprise

15.    MS-13, including its leadership, members and associates, in the Western District of North Carolina, El Salvador, and elsewhere, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and whose activities affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit that had a common purpose, as described in Paragraph 16 below.

8

Case 3:16-cv-00057-MOC Document 59-13    Filed 03/23/17    Page 344 of 501
Case 3:08-cr-00134-RJC Document 3    Filed 07/27/09    Page 8 of 105

**JA325**

## Purposes of the Enterprise

16. The purposes of the MS-13 enterprise included the following:

a. Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

b. Promoting and enhancing the enterprise and its members' and associates' activities, including, but not limited to, drug trafficking, robberies, extortions, and other criminal activities;

c. Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates through violence and threats of violence;

d. Providing financial support and information to gang members, including those incarcerated in the United States and El Salvador; and

e. Providing assistance to other gang members who committed crimes for and on behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from identifying, apprehending, and successfully prosecuting and punishing the offenders.

## The Racketeering Conspiracy

17. Beginning on a date unknown to the Grand Jury, but from at least in or about 2003, and continuing to the present date, in the Western District of North Carolina and elsewhere, defendants,

**(1) MANUEL DE JESUS AYALA,**
a/k/a "Chacua"
**(2) ALEJANDRO ENRIQUE RAMIREZ UMANA,**
a/k/a "Wizard"
"Lobo"
**(3) HEVERTH ULISES CASTELLON,**
a/k/a "Misterio"
"Sailor"

9

**JA326**

(4) JULIO CESAR ROSALES LOPEZ,
a/k/a "Stiler"
(5) JUAN GILBERTO VILLALOBOS,
a/k/a "Smoke"
"Smokey"
(6) ELVIN PASTOR FERNANDEZ-GRADIS,
a/k/a "Tigre"
"Flaco"
"Juan Alberto Irias"
"Freddy"
(7) JUAN RUBEN VELA GARCIA,
a/k/a "Mariachi"
(8) JOSE AMILCAR GARCIA-BONILLA,
a/k/a "Psicopata"
"Sicario"
"Lucio Casario"
"Jose Luis Ferufino"
(9) YELSON OLIDER CASTRO-LICONA,
a/k/a "Diablo"
(10) CARLOS FERUFINO-BONILLA,
a/k/a "Tigre"
(11) NELSON HERNANDEZ-AYALA,
a/k/a "Sixteen"
(12) MARIO MELGAR-DIAZ,
a/k/a "Nino"
(13) ALEXI RAMOS,
a/k/a "Pajaro"
(14) CARLOS ROBERTO FIGUEROA-PINEDA,
a/k/a "Drogo"
(15) CESAR YOALDO CASTILLO,
a/k/a "Chino"
(16) EDGAR MIGUEL GRANADOS-ALVAREZ,
a/k/a "Gorilon"
"Alexander Granados"
(17) MICHAEL STEVEN MENA,
a/k/a "Cholo"
(18) JOHNNY ELIAS GONZALEZ,
a/k/a "Solo"
(19) JAIME SANDOVAL,
a/k/a "Pelon"
(20) SANTOS CANALES-REYES,
a/k/a "Chicago"
(21) JOSE EFRAIN AYALA-URBINA,
a/k/a "Peligroso"

10

**JA327**

(22) OSCAR MANUEL MORAL-HERNANDEZ,
a/k/a "Truchon"
(23) SANTOS ANIBAL CABALLERO FERNANDEZ,
a/k/a "Garra"
(24) MANUEL CRUZ,
a/k/a "Silencioso"
(25) JAVIER MOLINA,
a/k/a "Big Psycho"
"Gringo"
(26) MARIO GUARJARDO-GARCIA,
a/k/a "Speedy"
"Iran Guerrero-Gomez"

together with others both known and unknown to the Grand Jury, each being a person employed by

and associated with MS-13, an enterprise engaged in, and the activities of which affected, interstate

and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States

Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the affairs of the

MS-13 enterprise through a pattern of racketeering activity, as defined in Title 18, United States

Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts

indictable under the following provisions of federal law:

i.      18 U.S.C. § 1951 (Hobbs Act Robbery and Extortion);

ii.     18 U.S.C. § 1503 (Obstruction of Justice);

iii.    18 U.S.C. § 1512 (Tampering with Witnesses);

and multiple acts involving the following provisions of federal narcotics law:

i.      21 U.S.C. § 846 (Conspiracy to Distribute and Possess Cocaine and Marijuana);

ii.     21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to Distribute
Cocaine);

iii.    21 U.S.C. § 843(b) (Illegal Use of a Communication Facility);

11

Case 3:16-cr-00057-MOC Document 501  Filed 03/23/17  Page 347 of 501
Case 3:08-cr-00134-RJC  Document 592  Filed 07/27/09  Page 11 of 105

JA328

and multiple acts involving offenses chargeable under the following provisions of North Carolina law:

    i.    Murder, in violation of North Carolina. Gen. Stat. §§14-17 and 14-2.4;

    ii.    Robbery, in violation of North Carolina Gen. Stat. §§14-87.1, 14.87, and 14-2.4;

    iii.    Extortion, in violation of North Carolina Gen. Stat. §§ 14-118.4 and 14-2.4.

### Manner and Means of the Conspiracy

18.    It was part of the manner and means of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

19.    It was further part of the manner and means of the conspiracy that the defendants, as gang members of MS-13, were required to have and did have regular meetings with other MS-13 gang members to discuss, among other things: structure and organization of the gang; past criminal acts committed against rival gang members and others; MS-13 members who were arrested or incarcerated; the discipline of MS-13 members; police interactions with MS-13 members; the identities of individuals suspected of cooperating with law enforcement and proposed actions to be taken against them; enforcement of gang rules; and plans and agreements regarding the commission of future crimes, to include narcotics distribution, robbery, extortion, murder, illegal possession of firearms and assault, as well as ways to conceal these crimes.

20.    It was further part of the manner and means of the conspiracy that the defendants and other members and associates of MS-13 agreed to purchase, maintain, and circulate a collection of firearms for use in criminal activity by MS-13 members.

**JA329**

21.     It was further part of the manner and means of the conspiracy that the defendants and other members and associates of MS-13 agreed that acts of violence, including murder and attempted murder and assaults, would be committed by members and associates of MS-13 against rival gang members or others when it suited the enterprise's purposes. MS-13 members also used violence to impose discipline within the gang.

22.     It was further part of the manner and means of the conspiracy that the defendants and other members and associates of MS-13 agreed to distribute narcotics, to use the telephone to facilitate narcotics distribution, to commit robberies, and other crimes, and to conceal their criminal activities by obstructing justice, threatening or intimidating witnesses, and other means.

**Overt Acts**

23.     In furtherance of the conspiracy and to achieve the objectives thereof, at least one of the conspirators performed or caused to be performed at least one of the following overt acts, among others, in Charlotte, Mecklenburg County, within the Western District of North Carolina, and elsewhere:

a.      On or about June 13, 2003, **MANUEL DE JESUS AYALA, a/k/a "Chacua,"** who was then a leader of MS-13 in Charlotte, and others both known and unknown to the Grand Jury vandalized a Blockbuster store by painting MS-13 graffiti on the wall of the store.

b.      On or about April 8, 2004, **MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** distributed a quantity of marijuana to a person known to the Grand Jury.

13

Case 3:16-cv-00057-MOC Document 50-1 Filed 03/23/17 Page 349 of 501
Case 3:08-cr-00134-RJC Document 59-1 Filed 07/27/09 Page 13 of 105
JA330

c.    On or about April 16, 2004, **MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** distributed a quantity of cocaine to a person known to the Grand Jury.

d.    On or about June 15, 2004, **MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** distributed a quantity of cocaine and a firearm to a person known to the Grand Jury.

e.    On or about July 13, 2004, **MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** distributed a quantity of cocaine and a firearm to a person known to the Grand Jury.

f.    On or about October 30, 2004, **JOSE EFRAIN AYALA-URBINA, a/k/a "Peligroso," NELSON HERNANDEZ-AYALA, a/k/a "Sixteen," and ELVIN PASTOR FERNANDEZ-GRADIS, a/k/a "Tigre," a/k/a "Flaco" a/k/a "Juan Alberto Irias," a/k/a "Freddy,"** and others both known and unknown to the Grand Jury held a meeting to discuss MS-13 gang business (activities in furtherance of the enterprise).

g.    On or about June 3, 2005, **NELSON HERNANDEZ-AYALA, a/k/a "Sixteen,"** possessed a firearm.

h.    On or about August 6, 2005, **JOHNNY ELIAS GONZALEZ, a/k/a "Solo,"** and others both known and unknown to the Grand Jury, committed a robbery against Yonni Alexander Morales-Maradiago, as a result of which the Yonni Alexander Morales-Maradiago was killed.

i.    On or about August 19, 2005, in Durham, North Carolina, **MICHAEL STEVEN MENA, a/k/a "Cholo,"** shot Victim No. 1, a person believed to be a rival gang member.

14

Case 3:16-cr-00057-MOC Document 502-1 Filed 03/23/17 Page 350 of 501
Case 3:08-cr-00134-RJC Document 523 Filed 07/27/09 Page 14 of 105
**JA331**

j.      On or about March 17, 2006, in Durham, North Carolina, **MICHAEL STEVEN MENA, a/k/a "Cholo,"** and others both known and unknown to the Grand Jury conducted an MS-13 "beat in" to initiate a new member into MS-13.

k.      On or about March 24, 2006, in Durham, North Carolina, **MICHAEL STEVEN MENA, a/k/a "Cholo,"** and others both known and unknown to the Grand Jury assaulted a person believed to be a rival gang member.

l.      On or about July 12, 2006, **ALEXI RICARDO RAMOS, a/k/a "Pajaro,"** possessed a firearm.

m.      On or about August 3, 2006, September 8, 2006, and September 28, 2006, **MARIO MELGAR-DIAZ, a/k/a "Nino,"** distributed quantities of cocaine to a person known to the Grand Jury.

n.      On or about October 29, 2006, **SANTOS ANIBAL CABALLERO FERNANDEZ,  a/k/a "Garra,"** possessed a firearm.

o.      On or about November 28, 2006, **MARIO MELGAR-DIAZ, a/k/a "Nino,"** discussed distributing cocaine with a person known to the Grand Jury.

p.      On or about January 22, 2007, **MARIO MELGAR-DIAZ, a/k/a "Nino,"** discussed distributing cocaine with a person known to the Grand Jury.

q.      On or about March 19, 2007, **JOSE EFRAIN AYALA-URBINA, a/k/a "Peligroso,"** possessed a firearm.

r.      On or about June 8, 2007, **NELSON HERNANDEZ-AYALA, a/k/a "Sixteen,"** discussed distributing cocaine with a person known to the Grand Jury.

15

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17  Page 351 of 501
Case 3:08-cr-00134-RJC   Document 592   Filed 07/27/09   Page 15 of 105

**JA332**

s.    On or about June 16, 2007, at an MS-13 meeting in Charlotte, **CESAR CASTILLO, a/k/a "Chino," EDGAR MIGUEL GRANADOS-ALVAREZ, a/k/a "Gorilon," MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** and others both known and unknown to the Grand Jury discussed coordinating their gang activities. At the meeting, MS-13 members from Charlotte and Durham sought each other's assistance with criminal activities including retaliation against rival gang members.

t.    On or about July 19, 2007, **NELSON HERNANDEZ-AYALA, a/k/a "Sixteen,"** discussed distributing cocaine with a person known to the Grand Jury. Later that day, **NELSON HERNANDEZ-AYALA, a/k/a "Sixteen," and MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** distributed a quantity of cocaine to a person known to the Grand Jury.

u.    On or about August 6, 2007, in Guilford County, North Carolina, **ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard,""Lobo,"** possessed cocaine.

v.    On or about August 10, 2007, **ALEXI RICARDO RAMOS, a/k/a "Pajaro,"** possessed cocaine.

w.    On or about October 26, 2007, at the El Vaquero club in Charlotte, an MS-13 meeting was held and attended by **JUAN RUBEN VELA GARCIA, a/k/a "Mariachi," JOSE AMILCAR GARCIA-BONILLA, a/k/a "Psicopata," a/k/a "Sicario," CARLOS FERUFINO-BONILLA, a/k/a "Tigre," YELSON OLIDER CASTRO-LICONA a/k/a "Diablo,"** and others both known and unknown to the Grand Jury. At this meeting, the members discussed gang business (activities in furtherance of the enterprise), including attacking rival gangs, extorting drug dealers in MS-13 territory, and other criminal activity.

16

**JA333**

x.      On or about October 27, 2007, in a wooded area in Mecklenburg County, an MS-13 meeting was held and attended by **JUAN RUBEN VELA GARCIA, a/k/a "Mariachi," JOSE AMILCAR GARCIA-BONILLA, a/k/a "Psicopata," a/k/a "Sicario," CARLOS FERUFINO-BONILLA, a/k/a " Tigre," YELSON OLIDER CASTRO-LICONA, a/k/a "Diablo,"** and others both known and unknown to the Grand Jury. At this meeting, the members discussed gang business (activities in furtherance of the enterprise), such as organizational issues, obtaining guns for the gang, extorting drug dealers, and other criminal activities. After this meeting, gang members held another MS-13 meeting at the El Vaquero club, to discuss various aspects of gang business (activities in furtherance of the enterprise), which was attended by **JUAN RUBEN VELA GARCIA, a/k/a "Mariachi,"** and others both known and unknown to the Grand Jury.

y.      On or about November 7, 2007, **MANUEL CRUZ, a/k/a "Silencioso,"** discussed distributing cocaine with a person known to the Grand Jury.

z.      On or about November 18, 2007, at the El Vaquero club in Charlotte, an MS-13 meeting was held and attended by **JUAN RUBEN VELA GARCIA, a/k/a "Mariachi," JOSE AMILCAR GARCIA-BONILLA, a/k/a "Psicopata," a/k/a "Sicario," CARLOS FERUFINO-BONILLA, a/k/a "Tigre," YELSON OLIDER CASTRO-LICONA, a/k/a "Diablo," JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey," MANUEL CRUZ, a/k/a "Silencioso," SANTOS CANALES-REYES, a/k/a "Chicago,"** and others both known and unknown to the Grand Jury. At the meeting, the members discussed gang business (activities in furtherance of the enterprise), including obtaining guns for MS-13 and killing rival gang members.

17

Case 3:16-cr-00057-MOC Document 591 Filed 03/23/17 Page 353 of 501
Case 3:08-cr-00134-RJC Document 523 Filed 07/27/09 Page 17 of 105

**JA334**

aa.    On or about November 23, 2007, in Greensboro, North Carolina, an MS-13 meeting was held and attended by **JUAN RUBEN VELA GARCIA, a/k/a "Mariachi," YELSON OLIDER CASTRO-LICONA, a/k/a "Diablo," ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard,""Lobo," JULIO CESAR ROSALES LOPEZ, a/k/a "Stiler,"** and others both known and unknown to the Grand Jury.  At this meeting, the members discussed gang business (activities in furtherance of the enterprise).

bb.    On or about November 24, 2007, **JOSE AMILCAR GARCIA-BONILLA, a/k/a "Psicopata," a/k/a "Sicario," CARLOS FERUFINO-BONILLA, a/k/a "Tigre," and YELSON OLIDER CASTRO-LICONA, a/k/a "Diablo,"** conspired to, attempted to, and did rob an individual known to the Grand Jury.

cc.    On or about November 26, 2007, **JOSE AMILCAR GARCIA-BONILLA, a/k/a "Psicopata," a/k/a "Sicario," CARLOS FERUFINO-BONILLA, a/k/a "Tigre," and YELSON OLIDER CASTRO-LICONA, a/k/a "Diablo,"** conspired to, attempted to, and did rob a person known to the Grand Jury.

dd.    On or about November 28, 2007, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey,"** discussed distributing cocaine with a person known to the Grand Jury.

ee.    On or about November 29, 2007, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a"Smokey,"** distributed a quantity of cocaine to a person known to the Grand Jury.  During the cocaine transaction, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey,"** discussed obtaining firearms in support of enterprise activities and other MS-13 gang business (activities in furtherance of the enterprise).

18

Case 3:16-cv-00057-MOC Document 50-1  Filed 03/23/17  Page 354 of 501
Case 3:08-cr-00134-RJC  Document 59-1  Filed 07/27/09  Page 18 of 105
**JA335**

ff.     On or about November 30, 2007, **JOSE AMILCAR GARCIA-BONILLA, a/k/a "Psicopata," a/k/a "Sicario," CARLOS FERUFINO-BONILLA, a/k/a "Tigre," JUAN RUBEN VELA GARCIA, a/k/a "Mariachi," and YELSON OLIDER CASTRO-LICONA, a/k/a "Diablo,"** conspired and attempted to commit an armed robbery of a known house of prostitution. They later met with **ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard,""Lobo," JUAN RUBEN VELA GARCIA, a/k/a "Mariachi," JAIME SANDOVAL, a/k/a "Pelon,"** and others both known and unknown to the Grand Jury to discuss the attempted armed robbery and other gang business (activities in furtherance of the enterprise).

gg.     On or about and between December 6, 2007 and December 7, 2007, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey,"** discussed distributing a quantity of cocaine. Also on or about December 7, 2007, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey,"** distributed a quantity of cocaine.

hh.     On or about December 6, 2007, **MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** discussed distributing a quantity of cocaine with others both known and unknown to the Grand Jury.

ii.     On or about December 8, 2007, **JUAN RUBEN VELA GARCIA, a/k/a "Mariachi,"** discussed obtaining a gun with others both known and unknown to the Grand Jury.

jj.     On or about December 8, 2007, **JOSE AMILCAR GARCIA BONILLA, a/k/a "Psicopata," a/k/a "Sicario," CARLOS ALBERTO FERRUFINO-BONILLA, a/k/a "El Tigre," YELSO OLIDER CASTRO-LICONA a/k/a "El Diablo," and JUAN RUBEN VELA GARCIA, a/k/a "Mariachi,"** conspired and attempted to rob a known house of prostitution.

19

Case 3:16-cv-00057-MOC Document 50-1  Filed 03/23/17  Page 355 of 501
Case 3:08-cr-00134-RJC  Document 39-2  Filed 07/27/09  Page 19 of 105

**JA336**

kk.    On or about December 8, 2007, in a Greensboro, North Carolina restaurant, **ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard," "Lobo,"** murdered Ruben Garcia Salinas and Manuel Garcia Salinas. **ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard,""Lobo,"** later escaped to Charlotte with the help of **CESAR CASTILLO, a/k/a "Chino," JULIO CESAR ROSALES LOPEZ, a/k/a "Stiler,"** and others both known and unknown to Grand Jury.

ll.    On or about December 8, 2007, at the El Vaquero club in Charlotte, **ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard," "Lobo," JAIME SANDOVAL, a/k/a "Pelon," and JULIO CESAR ROSALES LOPEZ, a/k/a "Stiler,"** threatened to, attempted to, and did rob a person known to the Grand Jury.

mm.    On or about January 5, 2008, in Greensboro, North Carolina, **JOSE AMILCAR GARCIA BONILLA, a/k/a "Psicopata," a/k/a "Sicario," EDGAR MIGUEL GRANADOS-ALVAREZ, a/k/a "Gorilon," JULIO CESAR ROSALES LOPEZ, a/k/a "Stiler," and SANTOS CANALES-REYES, a/k/a/ "Chicago "** met to discuss MS-13 gang business (activities in furtherance of the enterprise), including organizing, killing rival gang members, collecting dues, obtaining firearms, and other criminal activities.

nn.    On or about January 5 and January 6, 2008, **MICHAEL STEVEN MENA, a/k/a "Cholo,"** possessed a firearm.

oo.    On or about January 9, 2008, **MANUEL DE JESUS AYALA, a/k/a "Chacua,"** discussed MS-13 business (activities in furtherance of the enterprise) with a person known to the Grand Jury.

20

**JA337**

pp.    On or about January 10, 2008, **EDGAR MIGUEL GRANADOS-ALVAREZ, a/k/a "Gorilon,"** discussed distributing cocaine with a person known to the Grand Jury.

qq.    On or about January 11, 2008, **JOHNNY ELIAS GONZALEZ, a/k/a "Solo,"** discussed the commission of various shootings and the possession of firearms and drugs with others both known and unknown to the Grand Jury.

rr.    On or about January 12 , 2008, **ALEXI RICARDO RAMOS, a/k/a "Pajaro,"** possessed firearms and cocaine.

ss.    On or about January 12, 2008, **JOHNNY ELIAS GONZALEZ, a/k/a "Solo," JAVIER MOLINA,  a/k/a "Big Psycho,"** and others both known and unknown to the Grand Jury, threatened rival gang members and possessed firearms.

tt.    On or about January 12, 2008, **EDGAR MIGUEL GRANADOS-ALVAREZ, a/k/a "Gorilon,"** discussed distributing cocaine with a person known to the Grand Jury.

uu.    On or about January 13, 2008, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey,"** discussed distributing cocaine and firearms with others both known and unknown to the Grand Jury.

vv.    On or about January 14, 2008, **JUAN RUBEN VELA GARCIA, a/k/a "Mariachi,"** discussed obtaining  grenades and blowing up rival gang members with others both known and unknown to the Grand Jury.

21

**JA338**

ww.    On or about January 14, 2008, **JULIO CESAR ROSALES LOPEZ, a/k/a**

**"Stiler,"** discussed organizing MS-13 cliques with others both known and unknown to the Grand

Jury.

xx.    On or about January 14, 2008, **MANUEL DE JESUS AYALA, a/k/a**

**"Chacua,"** discussed MS-13 gang business (activities in furtherance of the enterprise)  with a

person known to the Grand Jury.

yy.    On or about January 18, 2008, in Greensboro, North Carolina, **JULIO**

**CESAR ROSALES LOPEZ, a/k/a "Stiler,"** possessed a firearm.

zz.    On or about January 19, 2008, **MANUEL DE JESUS AYALA, a/k/a**

**"Chacua,"**  discussed MS-13 gang business (activities in furtherance of the enterprise) with a

person known to the Grand Jury.

aaa.    On or about January 22, 2008, **CARLOS ROBERTO**

**FIGUEROA-PINEDA, a/k/a "Drogo,"** possessed marijuana and a firearm.

bbb.    On or about February 3, 2008, at the Golden Palacio club in Charlotte,

**CESAR YOALDO CASTILLO, a/k/a "Chino,"** shot Victim No. 2 and Victim No. 3 and shot at

others both known and unknown to the Grand Jury.

ccc.    On or about February 9, 2008, **JUAN GILBERTO VILLALOBOS, a/k/a**

**"Smoke," a/k/a "Smokey,"** discussed possessing firearms with others both known and unknown

to the Grand Jury.

ddd.    On or about February 16, 2008, at the Mi Cabana club in Charlotte, **CESAR**

**YOALDO CASTILLO, a/k/a "Chino,"** shot at and assaulted Victims No. 4, 5, and 6, whom he

believed to be rival gang members.

22

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 358 of 501
Case 3:08-cr-00134-RJC   Document 1523   Filed 07/27/09   Page 22 of 105
**JA339**

eee.    On or about February 19, 2008, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey,"** discussed distributing cocaine with others both known and unknown to the Grand Jury.  On or about February 22, 2008, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey,"** distributed a quantity of cocaine.

fff.    On or about February 29, 2008, an MS-13 meeting was held in Charlotte and attended by **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey," HEVERTH ULISES CASTELLON, a/k/a "Misterio," a/k/a "Sailor," JOSE EFRAIN AYALA-URBINA, a/k/a "Peligroso," OSCAR MANUEL MORAL-HERNANDEZ, a/k/a "Truchon," SANTOS ANIBAL CABALLERO FERNANDEZ, a/k/a "Garra," ELVIN PASTOR FERNANDEZ-GRADIS,  a/k/a "Tigre," a/k/a "Flaco," a/k/a "Juan Alberto Irias," a/k/a "Freddy," CARLOS ROBERTO FIGUEROA-PINEDA, a/k/a "Drogo," JAIME SANDOVAL, a/k/a "Pelon,"** and others both known and unknown to the Grand Jury.  At the meeting, members discussed MS-13 business (activities in furtherance of the enterprise).

ggg.    On or about March 7, 2008, an MS-13 meeting was held in Columbia, South Carolina and attended by **HEVERTH ULISES CASTELLON, a/k/a "Misterio," a/k/a "Sailor," CARLOS ROBERTO FIGUEROA-PINEDA, a/k/a "Drogo," JAIME SANDOVAL, a/k/a "Pelon," CESAR YOALDO CASTILLO, a/k/a "Chino," JUAN GILBERTO VILLALOBOS, a/k/a "Smoke" a/k/a "Smokey," JOSE EFRAIN AYALA-URBINA, a/k/a "Peligroso,"** and others both known and unknown to the Grand Jury.  At the meeting, members discussed MS-13 business (activities in furtherance of the enterprise).

hhh.    On or about March 7, 2008, **SANTOS CANALES-REYES, a/k/a "Chicago,"** threatened a person known to the Grand Jury by holding a firearm to his head.

23

Case 3:16-cr-00057-MOC Document 502   Filed 03/23/17   Page 359 of 501
Case 3:08-cr-00134-RJC   Document 592   Filed 07/27/09   Page 23 of 105
**JA340**

iii.    From about March 18 to March 21, 2008, **HEVERTH ULISES CASTELLON, a/k/a "Misterio," a/k/a "Sailor," JUAN GILBERTO VILLALOBOS, a/k/a "Smoke" a/k/a "Smokey," CESAR YOALDO CASTILLO, a/k/a "Chino," and OSCAR MANUEL MORAL-HERNANDEZ, a/k/a "Truchon,"** conspired and attempted to commit an armed robbery of a business in Virginia.

jjj.    On or about April 12, 2008, in Charlotte, **ELVIN PASTOR FERNANDEZ-GRADIS, a/k/a "Tigre," a/k/a "Flaco," a/k/a "Juan Alberto Irias," a/k/a "Freddy,"** murdered Ulises Alejandro Mayo-De La Torre.   Right after the murder, **ELVIN PASTOR FERNANDEZ-GRADIS, a/k/a "Tigre," a/k/a "Flaco," a/k/a "Juan Alberto Irias," a/k/a "Freddy,"** escaped the murder scene with the assistance of **SANTOS ANIBAL CABALLERO FERNANDEZ, a/k/a "Garra."**

kkk.    On or about May 1, 2008, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey," and JAIME SANDOVAL, a/k/a "Pelon,"** distributed a quantity of cocaine to a person known to the Grand Jury.

lll.    On or about May 26, 2008, **JAIME SANDOVAL, a/k/a "Pelon,"** possessed a firearm.

mmm.   On numerous occasions between about October 2007 and continuing until the present, from within an El Salvador prison, where he remains incarcerated, **MANUEL DE JESUS AYALA, a/k/a "Chacua,"** exercised a leadership role with respect to various MS-13 gang activities, and on multiple occasions requested that MS-13 members, within the Western District of North Carolina and elsewhere, wire him money.  After these requests, MS-13 members and associates often wired him money.

24

Case 3:16-oe-00057-MOC Document 502-1   Filed 03/23/17   Page 360 of 501
Case 3:08-cr-00134-RJC Document 592-1   Filed 07/27/09   Page 24 of 105
JA341

nnn.    From about October 2007 and continuing until the present, and on numerous occasions, members of MS-13 including **JULIO CESAR ROSALES LOPEZ, a/k/a "Stiler,"** and others both known and unknown to the Grand Jury, discussed plans to murder a person known to the Grand Jury whom they believed to be cooperating with law enforcement.

ooo.    On or about May 29, 2008, **MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** possessed cocaine with the intent to distribute.

ppp.    On or about June 12, 2008, in Greensboro, North Carolina, **ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard," "Lobo," HEVERTH ULISES CASTELLON, a/k/a "Misterio," a/k/a "Sailor," JAIME SANDOVAL, a/k/a "Pelon," JOSE EFRAIN AYALA-URBINA, a/k/a "Peligroso," and SANTOS CANALES-REYES, a/k/a "Chicago,"** and others both known and unknown to the Grand Jury, conspired to, attempted to, and did intimidate witnesses and obstruct justice, by searching out eyewitnesses to crimes and overt acts described in this Indictment for the purpose of preventing them from testifying or cooperating with law enforcement.

All in violation of Title 18, United States Code, Section 1962(d).

25

**JA342**

## COUNT TWO
### (Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Marijuana)

24.    From at least on or about 2004 and continuing to until the present, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

(3) HEVERTH ULISES CASTELLON,
a/k/a "Misterio"
"Sailor"
(5) JUAN GILBERTO VILLALOBOS,
a/k/a "Smoke"
a/k/a "Smokey"
(7) JUAN RUBEN VELA GARCIA,
a/k/a "Mariachi"
(11) NELSON  HERNANDEZ-AYALA,
a/k/a "Sixteen"
(12) MARIO MELGAR-DIAZ,
a/k/a "Nino"
(14) CARLOS ROBERTO FIGUEROA-PINEDA,
a/k/a "Drogo"
(16) EDGAR MIGUEL GRANADOS-ALVAREZ,
a/k/a "Gorilon"
"Alexander Granados"
(19) JAIME SANDOVAL,
a/k/a "Pelon"
(24) MANUEL CRUZ, and
a/k/a "Silencioso"
(26) MARIO GUARJARDO-GARCIA,
a/k/a "Speedy"
"Iran Guerrero-Gomez"

did knowingly and intentionally conspire and agree with each other and others both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute one or more controlled substances, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

26

Case 3:16-oc-00057-MOC   Document 50-1   Filed 03/23/17   Page 362 of 501
Case 3:08-cr-00134-RJC   Document 3   Filed 07/27/09   Page 26 of 105
JA343

Said offense involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine.

Said offense involved a mixture and substance containing a detectable amount of marijuana.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), and 841(b)(1)(C).

27

**JA344**

## COUNT THREE
### (Assault with a Dangerous Weapon in Aid of Racketeering Activity)

25.    At all times relevant to this Indictment, MS-13, a criminal organization described in paragraphs 1 through 16 of Count One which paragraphs are realleged and incorporated by reference herein, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

26.    MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery and extortion in violation of North Carolina law, narcotics trafficking in violation of Title 21, United States Code, Sections 841, 843 and 846, and acts indictable under Sections 1503 (obstruction of justice), 1512 (witness tampering) and 1951 (robbery and extortion) of Title 18, United States Code.

27.    On or about August 19, 2005, in Durham, North Carolina, within the Middle District of North Carolina, and elsewhere, defendant,

### (17) MICHAEL STEVEN MENA,
### a/k/a "Cholo,"

aiding and abetting others both known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, did assault with a dangerous weapon, a firearm, an individual known to the Grand Jury, Victim No. 1, in violation of North Carolina law, N.C. Gen. Stat. § 14-32.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

28

Case 3:16-cv-00057-MOC Document 50-1    Filed 03/23/17    Page 364 of 501
Case 3:08-cr-00134-RJC    Document 529-1    Filed 07/27/09    Page 28 of 105

JA345

## COUNT FOUR
### (Use and Carrying of Firearm During and in Relation to a Crime of Violence)

28.     Paragraphs 1 through 27 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

29.     On or about August 19, 2005, in Durham, North Carolina, within the Middle District of North Carolina, and elsewhere, defendant,

### (17) MICHAEL STEVEN MENA,
### a/k/a "Cholo,"

during and in relation to a crime of violence, to wit, assault with a dangerous weapon in aid of racketeering activity, a violation of Title 18, United States Code, Section 1959(a)(3), charged in Count Three of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and in furtherance of such crime of violence, did possess one or more firearms.

In violation of Title 18, United States Code, Section 924(c).

29

Case 3:16-cv-00057-MOC   Document 592   Filed 03/23/17   Page 365 of 501
Case 3:08-cr-00134-RJC   Document 521   Filed 07/27/09   Page 29 of 105

JA346

## COUNT FIVE
### (Distribution of Cocaine)

30.     On or about August 3, 2006, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (12) MARIO MELGAR-DIAZ,
### a/k/a "Nino,"

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

30

Case 3:16-cv-00057-MOC  Document 50-1    Filed 03/23/17    Page 366 of 501
Case 3:08-cr-00134-RJC  Document 521    Filed 07/27/09    Page 30 of 105
JA347

## COUNT SIX
### (Distribution of Cocaine)

31.    On or about September 8, 2006, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (12) MARIO MELGAR-DIAZ,
### a/k/a "Nino,"

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

31

Case 3:16-cv-00057-MOC Document 50-1    Filed 03/23/17    Page 367 of 501
Case 3:08-cr-00134-RJC  Document 521    Filed 07/27/09  Page 31 of 105

JA348

## COUNT SEVEN
### (Distribution of Cocaine)

32.    On or about September 28, 2006, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (12) MARIO MELGAR-DIAZ,
### a/k/a "Nino,"

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

32

Case 3:16-cv-00057-MOC    Document 50-1    Filed 03/23/17    Page 368 of 501
Case 3:08-cr-00134-RJC    Document 59-1    Filed 07/27/09    Page 32 of 105

JA349

## COUNT EIGHT
### (Possession of a Firearm by an Illegal Alien)

33.    On or about October 29, 2006, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (23) SANTOS ANIBAL CABALLERO FERNANDEZ,
### a/k/a "Garra,"

aiding and abetting others both known and unknown to the Grand Jury, then being an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more firearms, to wit: a .357 revolver and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5) and 2.

33

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 369 of 501
Case 3:08-cr-00134-RJC   Document 59-1   Filed 07/27/09   Page 33 of 105

JA350

## COUNT NINE
### (Illegal Use of Communication Facility)

34.    On or about January 22, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (12) MARIO MELGAR-DIAZ,
### a/k/a "Nino,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

34

## COUNT TEN
### (Felon in Possession of a Firearm)

35.    On or about March 19, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(21) JOSE EFRAIN AYALA-URBINA,**
**a/k/a "Peligroso"**

having previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, one or more firearms, to wit: one .25 caliber Lorcin L25 semi-automatic pistol and ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

35

Case 3:16-cc-00057-MOC-JC Document 50-1   Filed 03/23/17   Page 371 of 501
Case 3:08-cr-00134-RJC   Document 591   Filed 07/27/09   Page 35 of 105

JA352

## COUNT ELEVEN
### (Illegal Use of Communication Facility)

36.    On or about June 8, 2007, in Mecklenburg County, within the Western District of

North Carolina, and elsewhere, defendant,

### (11) NELSON  HERNANDEZ-AYALA,
### a/k/a "Sixteen,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing

or in causing or facilitating the commission of any act or acts constituting a felony under Title 21,

United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two of this

Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

36

## COUNT TWELVE
### (Illegal Use of Communication Facility)

37.    On or about July 19, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (11) NELSON  HERNANDEZ-AYALA,
### a/k/a "Sixteen,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Counts Two and Thirteen of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

37

Case 3:16-cv-00057-MOC  Document 59-1   Filed 03/23/17   Page 373 of 501
Case 3:08-cr-00134-RJC  Document 59-1   Filed 07/27/09   Page 373 of 105

JA354

## COUNT THIRTEEN
### (Distribution of Cocaine)

38.     On or about July 19, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(11) NELSON  HERNANDEZ-AYALA,**
**a/k/a "Sixteen,"**
**and**
**(26) MARIO GUARJARDO-GARCIA,**
**a/k/a "Speedy,"**
**"Iran Guerrero-Gomez,"**

aiding and abetting each other and others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and 18 United States Code, Section 2.

38

**JA355**

## COUNT FOURTEEN
### (Possession with Intent to Distribute Cocaine)

39.     On or about August 10, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (13) ALEXI RICARDO RAMOS,
### a/k/a "Pajaro,"

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of United States Code Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

39

JA356

## COUNT FIFTEEN
### (Illegal Use of Communication Facility)

40.     On or about and between November 7, 2007 and continuing until November 9, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (24) MANUEL CRUZ,
### a/k/a "Silencioso,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

40

Case 3:16-cv-00057-MOC   Document 59-1   Filed 03/23/17   Page 376 of 501
Case 3:08-cr-00134-RJC   Document 59-1   Filed 07/27/09   Page 40 of 105
JA357

## COUNT SIXTEEN
### (Illegal Use of a Communication Facility)

41.    On or about and between November 28, 2007 and November 29, 2007, in Mecklenburg

County, within the Western District of North Carolina, and elsewhere, defendant,

### (5) JUAN GILBERTO VILLALOBOS,
### a/k/a "Smoke,"
### "Smokey,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing

or in causing or facilitating the commission of any act or acts constituting a felony under Title 21,

United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two and Count

Seventeen of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

41

JA358

## COUNT SEVENTEEN
### (Distribution of Cocaine)

42.     On or about November 29, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (5) JUAN GILBERTO VILLALOBOS,
### a/k/a "Smoke,"
### "Smokey,"

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

42

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 378 of 501
Case 3:08-cr-00134-RJC   Document 57-1   Filed 07/27/09   Page 42 of 105

JA359

## COUNT EIGHTEEN
### (Alien in Possession of a Firearm and Ammunition)

43.     On or about November 30, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(8) JOSE AMILCAR GARCIA-BONILLA,**
a/k/a "Psicopata,"
"Sicario,"
**(9) YELSON OLIDER CASTRO-LICONA,**
a/k/a "Diablo," and
**(10) CARLOS  FERUFINO-BONILLA,**
a/k/a "Tigre,"

aiding and abetting each other and others both known and unknown to the Grand Jury, then being aliens illegally and unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more firearms, to wit: an Intratec nine millimeter semi-automatic pistol and a Bauer .25 semi-automatic pistol and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5) and 2.

43

Case 3:16-cv-00057-MOC-JC Document 50-1   Filed 03/23/17   Page 379 of 501
Case 3:08-cr-00134-RJC Document 523   Filed 07/27/09   Page 43 of 105
JA360

## COUNT NINETEEN
### (Illegal Use of a Communication Facility)

44.    On or about December 6, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (26) MARIO GUARJARDO-GARCIA,
### a/k/a "Speedy,"
### a/k/a "Iran Guerrero-Gomez,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

44

Case 3:16-cv-00057-MOC Document 50-1 Filed 03/23/17 Page 380 of 501
Case 3:08-cr-00134-RJC Document 523 Filed 07/27/09 Page 44 of 105

JA361

## COUNT TWENTY
### (Illegal Use of a Communication Facility)

45.    On or about December 7, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(5) JUAN GILBERTO VILLALOBOS,**
**a/k/a "Smoke,"**
**"Smokey,"**

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and  841(a)(1), that is, offenses set forth in Counts Two and Twenty-One of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

45

Case 3:16-cv-00057-MOC  Document 502   Filed 03/23/17  Page 381 of 501
Case 3:08-cr-00134-RJC  Document 523   Filed 07/27/09  Page 45 of 105

**JA362**

## COUNT TWENTY-ONE
### (Distribution of Cocaine)

46.     On or about December 7, 2007, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (5) JUAN GILBERTO VILLALOBOS,
a/k/a "Smoke,"
"Smokey,"

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

46

Case 3:16-cv-00057-MOC Document 5021   Filed 03/23/17   Page 382 of 501
Case 3:08-cr-00134-RJC  Document 523   Filed 07/27/09   Page 46 of 105
**JA363**

## COUNT TWENTY-TWO
### (Murder in Aid of Racketeering)

47.     At all times relevant to this Indictment, MS-13, a criminal organization described in paragraphs 1 through 16 of Count One which paragraphs are realleged and incorporated by reference herein, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

48.     MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery and extortion in violation of North Carolina law, narcotics trafficking in violation of Title 21, United States Code, Sections 841, 843 and 846, and acts indictable under Sections 1503 (obstruction of justice), 1512 (witness tampering) and 1951 (robbery and extortion) of Title 18, United States Code.

49.     On or about December 8, 2007, in Guilford County, within the Middle District of North Carolina, and in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (2) ALEJANDRO ENRIQUE RAMIREZ UMANA,
### a/k/a "Wizard,"

aided and abetted by others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Ruben Garcia Salinas, in violation of North Carolina General Statute Sections 14-17.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

47

## JA364

## COUNT TWENTY-THREE
### (Use and Possession of Firearm During and in Relation to a Crime of Violence Resulting in Death)

50.    Introductory Paragraphs 1 through 16 of Count One of this Indictment are re-alleged and incorporated herein by reference.

51.    On or about December 8, 2007, in Guilford County, within the Middle District of North Carolina, and in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (2) ALEJANDRO ENRIQUE RAMIREZ UMANA,
### a/k/a "Wizard,"

during and in relation to a crime of violence, that is: conspiracy to participate in a racketeering enterprise and murder in aid of racketeering, violations of Title 18, United States Code, Sections 1962 and 1959, which are set forth in Counts One and Twenty-Two of this Indictment and incorporated herein by reference, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry a firearm, and, in furtherance of such crime of violence, did possess said firearm, to wit: a Ruger .45 caliber semi-automatic pistol, such use and possession resulting in the unlawful killing of Ruben Garcia Salinas with malice aforethought as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(c) and 924(j)(1).

Case 3:16-cv-00057-MOC Document 50-1    Filed 03/23/17    Page 384 of 501
Case 3:08-cr-00134-RJC    Document 523    Filed 07/27/09    Page 48 of 105
**JA365**

## COUNT TWENTY-FOUR
### (Murder in Aid of Racketeering)

52.    At all times relevant to this Indictment, MS-13, a criminal organization described in paragraphs 1 through 16 of Count One which paragraphs are realleged and incorporated by reference herein, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

53.    MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery and extortion in violation of North Carolina law, narcotics trafficking in violation of Title 21, United States Code, Sections 841, 843 and 846, and acts indictable under Sections 1503 (obstruction of justice), 1512 (witness tampering) and 1951 (robbery and extortion) of Title 18, United States Code.

54.    On or about December 8, 2007, in Guilford County, within the Middle District of North Carolina, and in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (2) ALEJANDRO ENRIQUE RAMIREZ UMANA,
#### a/k/a "Wizard,"

aided and abetted by others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Manuel Garcia Salinas, in violation of North Carolina law, N.C. Gen. Stat. § 14-17.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

49

**JA366**

## COUNT TWENTY-FIVE
### (Use and Possession of Firearm During and in Relation to a Crime of Violence Resulting in Death)

55.     Introductory Paragraphs 1 through 16 of Count One of this Indictment are re-alleged and incorporated herein by reference.

56.     On or about December 8, 2007, in Guilford County, within the Middle District of North Carolina, and in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (2) ALEJANDRO ENRIQUE RAMIREZ UMANA,
### a/k/a "Wizard,"

during and in relation to a crime of violence, that is: conspiracy to participate in a racketeering enterprise and murder in aid of racketeering, violations of Title 18, United States Code, Sections 1962 and 1959, which are set forth in Counts One and Twenty-Four of this Indictment and incorporated herein by reference, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry a firearm, and, in furtherance of such crime of violence, did possess said firearm, to wit: a Ruger .45 caliber semi-automatic handgun, such use and possession resulting in the unlawful killing of Manuel Garcia Salinas with malice aforethought as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(c) and 924(j)(1).

50

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 386 of 501
Case 3:08-cr-00134-RJC   Document 523   Filed 07/27/09   Page 50 of 105
**JA367**

## COUNT TWENTY-SIX
### (Accessory After the Fact to Murder)

57.　Introductory Paragraphs 1 through 16 of Count One, and Counts Twenty-One through Twenty-Five of this Indictment, are re-alleged and incorporated herein by reference.

58.　On or about December 8, 2007, in Guilford County, within the Middle District of North Carolina, and in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(4)  JULIO CESAR ROSALES LOPEZ,**
**a/k/a "Stiler," and**
**(15) CESAR YOALDO CASTILLO,**
**a/k/a "Chino,"**

aided and abetted by each other and others known and unknown to the Grand Jury, knowing that offenses against the United States had been committed, that is, murder in aid of racketeering, and the use and possession of a firearm in relation to a crime of violence, as alleged in Counts Twenty-One through Twenty-Five of this Indictment, did intentionally receive, relieve, comfort, and assist the offender, **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** in order to hinder and prevent his apprehension, trial, and punishment.

In violation of Title 18, United States Code, Sections 3 and 2.

51

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 387 of 501
Case 3:08-cr-00134-RJC   Document 523   Filed 07/27/09   Page 51 of 105
JA368

## COUNT TWENTY-SEVEN
### (Alien in Possession of Firearm)

59.     On or about December 8, 2007, in Guilford County, within the Middle District of North Carolina, and in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(2) ALEJANDRO ENRIQUE RAMIREZ UMANA,**
**a/k/a "Wizard,"**
**"Lobo"**

then being an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more firearms, to wit: one Ruger .45 caliber semi-automatic pistol and ammunition.

In violation of Title 18, United States Code, Section 922(g)(5).

52

## COUNT TWENTY-EIGHT
### (Hobbs Act Robbery)

60.    Introductory Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated herein by reference.

61.    On or about December 8, 2007, in Mecklenburg County, within the Western District of North Carolina, defendants,

**(2) ALEJANDRO ENRIQUE RAMIREZ UMANA,**
**a/k/a "Wizard,"**
**"Lobo,"**
**(4) JULIO CESAR ROSALES LOPEZ,**
**a/k/a "Stiler," and**
**(19) JAIME SANDOVAL,**
**a/k/a "Pelon,"**

aiding and abetting each other and others both known and unknown to the Grand Jury, attempted to and did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(a)(3), by robbery, in that they did unlawfully attempt to take and did take controlled substances and the proceeds of the illegal trafficking of controlled substances from the person of an individual known to the Grand Jury, without consent, against his will, and by means of actual and threatened force, violence, and fear of immediate and future injury, and induced by the wrongful use of force, violence, and fear, including fear of economic loss.

All in violation of Title 18, United States Code, Sections 1951 and 2.

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 389 of 501
Case 3:08-cr-00134-RJC   Document 521   Filed 07/27/09   Page 53 of 105
**JA370**

## COUNT TWENTY-NINE
### (Felon in Possession of a Firearm)

62.    On or about January 12, 2008, in Mecklenburg County, within the Western District of North Carolina, defendant,

**(25) JAVIER MOLINA,**
**a/k/a "Big Psycho,"**
**"Gringo,"**

aiding and abetting others both known and unknown to the Grand Jury, having previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, one or more firearms, to wit:  one .25 Raven MP25 semi-automatic pistol and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 2.

54

Case 3:16-oc-00057-MOC Document 50-1  Filed 03/23/17  Page 390 of 501
Case 3:08-cr-00134-RJC  Document 3-1  Filed 07/27/09  Page 54 of 105

JA371

## COUNT THIRTY
### (Possession of Cocaine with Intent to Distribute)

63.    On or about January 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (13) ALEXI RICARDO RAMOS,
### a/k/a "Pajaro,"

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

**JA372**

## COUNT THIRTY-ONE
**(Use and Carrying of Firearm During and in Relation to a Drug Trafficking Offense)**

64.     On or about January 12, 2008, in Mecklenburg County, in the Western District of North Carolina, and elsewhere, defendant,

### (13) ALEXI RICARDO RAMOS,
### a/k/a/ "Pajaro,"

during and in relation to a drug trafficking offense, to wit, possession with intent to distribute one or more controlled substances, a violation of Title 21, United States Code, Sections 846 and 841(a)(1), charged in Count Two and Count Thirty of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and in furtherance of such drug trafficking offense, did possess one or more firearms, that is, a .38 Smith and Wesson "38 Special" revolver and a .25 Berretta semi-automatic pistol.

In violation of Title 18, United States Code, Section 924(c).

56

Case 3:16-cv-00057-MOC Document 59-1   Filed 03/23/17  Page 392 of 501
Case 3:08-cr-00134-RJC  Document 59-1   Filed 07/27/09   Page 56 of 105

JA373

## COUNT THIRTY-TWO
### (Illegal Use of a Communication Facility)

65.    On or about January 14, 2008, in Mecklenburg County, within the Western District of

North Carolina, and elsewhere, defendant,

### (5) JUAN GILBERTO VILLALOBOS,
### a/k/a "Smoke,"
### "Smokey,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing

or in causing or facilitating the commission of any act or acts constituting a felony under Title 21,

United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two of this

Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

57

Case 3:16-cv-00057-MOC Document 50-1    Filed 03/23/17    Page 393 of 501
Case 3:08-cr-00134-RJC Document 53-1    Filed 07/27/09    Pages 57 of 105
JA374

## COUNT THIRTY-THREE
### (Possession of Marijuana with Intent to Distribute)

66.     On or about January 22, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(14) CARLOS ROBERTO FIGUEROA-PINEDA,**
**a/k/a "Drogo,"**

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

58

**JA375**

## COUNT THIRTY-FOUR
### (Use and Carrying of Firearm During and in Relation to a Drug Trafficking Offense)

67.     On or about January 22, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (14) CARLOS ROBERTO FIGUEROA-PINEDA,
### a/k/a "Drogo,"

aiding and abetting others both known and unknown to the Grand Jury, during and in relation to a drug trafficking offense, to wit, possession with intent to distribute one or more controlled substances, a violation of Title 21, United States Code, Sections 846 and 841(a)(1), charged in Counts Two and Thirty-Three of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and in furtherance of such drug trafficking offense, did possess a firearm, that is, a .22 RG Industries revolver.

In violation of Title 18, United States Code, Sections 924(c) and 2.

**JA376**

## COUNT THIRTY-FIVE
### (Assault with a Dangerous Weapon in Aid of Racketeering Activity)

68.    At all times relevant to this Indictment, MS-13, a criminal organization described in paragraphs 1 through 16 of Count One which paragraphs are realleged and incorporated by reference herein, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

69.    MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery and extortion in violation of North Carolina law, narcotics trafficking in violation of Title 21, United States Code, Sections 841, 843 and 846, and acts indictable under Sections 1503 (obstruction of justice), 1512 (witness tampering) and 1951 (robbery and extortion) of Title 18, United States Code.

70.    On or about February 3, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (15) CESAR YOALDO CASTILLO,
#### a/k/a "Chino,"

aiding and abetting others both known and unknown to the Grand Jury, for the purpose of gaining entrance to, and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, did unlawfully and knowingly did assault Victim No. 2 with a dangerous weapon, that being a firearm, in violation of North Carolina law, N.C. Gen. Stat. § 14-32.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

60

Case 3:16-cr-00057-MOC Document 501   Filed 03/23/17   Page 396 of 501
Case 3:08-cr-00134-RJC Document 324   Filed 07/27/09   Page 60 of 105

**JA377**

## COUNT THIRTY-SIX
### (Use and Carrying of Firearm During and in Relation to a Crime of Violence)

71.    On or about February 3, 2008, in Mecklenburg County, in the Western District of North Carolina, and elsewhere, defendant,

### (15) CESAR YOALDO CASTILLO,
### a/k/a "Chino,"

during and in relation to a crime of violence, to wit, Assault with a Dangerous Weapon in Aid of Racketeering Activity of Victim No. 2, a violation of Title 18, United States Code, Section 1959(a)(3), charged in Count Thirty-Five of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and in furtherance of such crime of violence, did possess one or more firearms.

In violation of Title 18, United States Code, Section 924(c).

61

**JA378**

## COUNT THIRTY-SEVEN
### (Assault with a Dangerous Weapon in Aid of Racketeering Activity)

72. At all times relevant to this Indictment, MS-13, a criminal organization described in paragraphs 1 through 16 of Count One which paragraphs are realleged and incorporated by reference herein, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

73. MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery and extortion in violation of North Carolina law, narcotics trafficking in violation of Title 21, United States Code, Sections 841, 843 and 846, and acts indictable under Sections 1503 (obstruction of justice), 1512 (witness tampering) and 1951 (robbery and extortion) of Title 18, United States Code.

74. On or about February 3, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (15) CESAR YOALDO CASTILLO,
#### a/k/a "Chino,"

aiding and abetting others both known and unknown to the Grand Jury, for the purpose of gaining entrance to, and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, did unlawfully and knowingly assault Victim No. 3 with a dangerous weapon, that being a firearm, in violation of North Carolina law, N.C. Gen. Stat. § 14-32.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

62

Case 3:16-cv-00057-MOC Document 50-1 Filed 03/23/17 Page 398 of 501
Case 3:08-cr-00134-RJC Document 1379 Filed 07/27/09 Page 398 of 105
JA379

## COUNT THIRTY-EIGHT
### (Use and Carrying of Firearm During and in Relation to a Crime of Violence)

75.    On or about February 3, 2008, in Mecklenburg County, in the Western District of North Carolina, and elsewhere, defendant,

**(15) CESAR YOALDO CASTILLO,**
**a/k/a "Chino,"**

during and in relation to a crime of violence, to wit, Assault with a Dangerous Weapon in Aid of Racketeering Activity of Victim No. 3, a violation of Title 18, United States Code, Section 1959(a)(3), as charged in Count Thirty-Seven of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and in furtherance of such crime of violence, did possess one or more firearms.

In violation of Title 18, United States Code, Section 924(c).

63

Case 3:16-oc-00057-MOC Document 50-1    Filed 03/23/17   Page 399 of 501
Case 3:08-cr-00134-RJC Document 52-1    Filed 07/27/09   Page 63 of 105
JA380

## COUNT THIRTY-NINE
### (Assault with a Dangerous Weapon in Aid of Racketeering Activity)

76.    At all times relevant to this Indictment, MS-13, a criminal organization described in paragraphs 1 through 16 of Count One which paragraphs are realleged and incorporated by reference herein, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

77.    MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery and extortion in violation of North Carolina law, narcotics trafficking in violation of Title 21, United States Code, Sections 841, 843 and 846, and acts indictable under Sections 1503 (obstruction of justice), 1512 (witness tampering) and 1951 (robbery and extortion) of Title 18, United States Code.

78.    On or about February 16, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (15) CESAR YOALDO CASTILLO,
### a/k/a "Chino,"

aided and abetted by others both known and unknown to the Grand Jury, for the purpose of gaining entrance to, and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, did knowingly and unlawfully assault Victims No. 4, 5, and 6 with a dangerous weapon, that being a firearm, in violation of North Carolina law, N.C. Gen. Stat. § 14-32.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

64

Case 3:16-cr-00057-MOC   Document 5021   Filed 03/23/17   Page 400 of 501
Case 3:08-cr-00134-RJC   Document 1521   Filed 07/27/09   Page 64 of 105

JA381

## COUNT FORTY
### (Use and Carrying of Firearm During and in Relation to a Crime of Violence)

79.    On or about February 16, 2008, in Mecklenburg County, in the Western District of North Carolina, and elsewhere, defendant,

### (15) CESAR YOALDO CASTILLO,
### a/k/a "Chino,"

during and in relation to a crime of violence, to wit, Assault with a Dangerous Weapon in Aid of Racketeering Activity of Victims No. 4, 5, and 6, a violation of Title 18, United States Code, Section 1959(a)(3), charged in Counts Thirty-Nine of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and in furtherance of such crime of violence, did possess one or more firearms.

In violation of Title 18, United States Code, Section 924(c).

65

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 401 of 501
Case 3:08-cr-00134-RJC   Document 573   Filed 07/27/09   Pages 65 of 105

JA382

## <u>COUNT FORTY-ONE</u>
**(Accessory After the Fact to Assault with a Dangerous Weapon in Aid of Racketeering )**

80.    Introductory Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated herein by reference.

81.    On or about February 16, 2008, Mecklenburg County, in the Western District of North Carolina, and elsewhere, defendant,

**(5) JUAN GILBERTO VILLALOBOS,**
**a/k/a "Smoke,"**
**"Smokey,"**

aiding and abetting others both known and unknown to the Grand Jury, knowing that an offense against the United States had been committed, that being Assault with a Dangerous Weapon in Aid of Racketeering as charged in Counts Thirty-Nine and Forty, did intentionally receive, relieve, comfort, and assist the offender, **CESAR YOALDO CASTILLO, a/k/a "Chino,"** in order to hinder and prevent his apprehension, trial, and punishment.

In violation of Title 18, United States Code, Sections 3 and 2.

66

**JA383**

## COUNT FORTY-TWO
### (Illegal Use of A Communication Facility)

82.    On or about February 19, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (5) JUAN GILBERTO VILLALOBOS,
### a/k/a "Smoke,"
### "Smokey,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

67

**JA384**

## COUNT FORTY-THREE
### (Illegal Use of a Communication Facility)

83.     On or about February 22, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (19) JAIME SANDOVAL,
### a/k/a "Pelon,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

68

**JA385**

## COUNT FORTY-FOUR
### (Illegal Use of a Communication Facility)

84.    On or about February 22, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (5) JUAN GILBERTO VILLALOBOS,
a/k/a "Smoke,"
"Smokey,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Count Two and Count Forty-Five of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

69

Case 3:16-cv-00057-MOC   Document 58-1   Filed 03/23/17   Page 405 of 501
Case 3:08-cr-00134-RJC   Document 59-1   Filed 07/27/09   Page 69 of 105

JA386

## COUNT FORTY-FIVE
### (Distribution of Cocaine)

85.      On or about February 22, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (5) JUAN GILBERTO VILLALOBOS,
#### a/k/a "Smoke,"
#### "Smokey,"

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

70

JA387

## COUNT FORTY-SIX
### (Hobbs Act Robbery Conspiracy)

86.     Introductory Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated herein by reference.

87.     On or about and between March 18, 2008, and continuing until March 21, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(3) HEVERTH ULISES CASTELLON,**
a/k/a "Misterio,"
"Sailor,"
**(5) JUAN GILBERTO VILLALOBOS,**
a/k/a "Smoke,"
"Smokey,"
**(15) CESAR YOALDO CASTILLO,**
a/k/a "Chino," and
**(22) OSCAR MANUEL MORAL-HERNANDEZ,**
a/k/a "Truchon,"

did knowingly and intentionally conspire and agree with each other and others both known and unknown to the Grand Jury to unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), by robbery, in that they did travel in interstate commerce, and did unlawfully conspire and attempt to take property of a business in Virginia, from the person and in the presence of one or more persons, against their will and by means of actual and threatened force, violence, and fear of immediate and future injury.

### Overt Acts

88.     During the course and in furtherance of the conspiracy, the defendants, **HEVERTH ULISES CASTELLON, a/k/a "Misterio," a/k/a "Sailor," JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey," CESAR YOALDO CASTILLO, a/k/a "Chino," and OSCAR**

71

**JA388**

MANUEL MORAL-HERNANDEZ, a/k/a "Truchon," engaged in the following overt acts within the Western District of North Carolina, and elsewhere:

a.    On or about March 18, 2008, in Mecklenburg County, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey," and CESAR YOALDO CASTILLO, a/k/a "Chino,"** and others both known and unknown to the Grand Jury met to discuss the robbery of a store in Virginia.

b.    On or about March 18, 2008, in Mecklenburg County, **JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," a/k/a "Smokey,"** provided a nine millimeter semi-automatic pistol to be used during the robbery.

c.    On or about March 21, 2008, **HEVERTH ULISES CASTELLON, a/k/a "Misterio," a/k/a "Sailor,"** provided a .380 caliber semi-automatic pistol to be used during the robbery.

d.    On or about March 21, 2008, **HEVERTH ULISES CASTELLON, a/k/a "Misterio," a/k/a "Sailor," and OSCAR MANUEL MORAL-HERNANDEZ, a/k/a "Truchon,"** attempted to travel to Virginia to assist in the robbery.

All in violation of Title 18, United States Code, Section 1951.

72

Case 3:16-cv-00057-MOC-JC   Document 59-1   Filed 03/23/17   Page 408 of 501
Case 3:08-cr-00134-RJC   Document 1325   Filed 07/27/09   Page 24 of 105
**JA389**

## COUNT FORTY-SEVEN
### (Attempted Hobbs Act Robbery)

89.    Introductory Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated herein by reference.

90.    On or about and between March 18, 2008, and continuing until March 21, 2008, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendants,

**(3) HEVERTH ULISES CASTELLON,**
**a/k/a "Misterio,"**
**"Sailor,"**
**(5) JUAN GILBERTO VILLALOBOS,**
**a/k/a "Smoke,"**
**"Smokey,"**
**(15) CESAR YOALDO CASTILLO,**
**a/k/a "Chino," and**
**(22) OSCAR MANUEL MORAL-HERNANDEZ,**
**a/k/a "Truchon,"**

aiding and abetting each other and others both known and unknown to the Grand Jury, did knowingly and intentionally attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), by robbery, in that they did unlawfully travel in interstate commerce, and did attempt to take property of a business in Virginia, from the person and in the presence of one or more persons, against their will and by means of actual and threatened force, violence, and fear of immediate and future injury.

All in violation of Title 18, United States Code, Sections 1951 and 2.

73

**JA390**

## COUNT FORTY-EIGHT
### (Possession of Firearm During and in Furtherance of a Crime of Violence)

91.     Introductory Paragraphs 1 through 23 of Count One and Counts Forty and Forty-One of this Indictment are re-alleged and incorporated herein by reference.

92.     On or about and between March 18, 2008 and March 21, 2008, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendants,

**(3) HEVERTH ULISES CASTELLON,**
**a/k/a "Misterio,"**
**"Sailor,"**
**(5) JUAN GILBERTO VILLALOBOS,**
**a/k/a "Smoke,"**
**"Smokey," and**
**(22) OSCAR MANUEL MORAL-HERNANDEZ,**
**a/k/a "Truchon,"**

aiding and abetting each other and others both known and unknown to the Grand Jury, during and in relation to a crime of violence, that is, the violation of Title 18, United States Code 1951 set forth in Counts Forty-Six and Forty-Seven of this Indictment, for which they may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and, in furtherance of such crime of violence, did possess said firearms, to wit:  a nine millimeter semi-automatic pistol and a .380 caliber semi-automatic pistol.

All in violation of Title 18, United States Code, Sections 924(c) and 2.

74

Case 3:16-cv-00057-MOC Document 50-1  Filed 03/23/17  Page 410 of 501
Case 3:08-cr-00134-RJC  Document 59-1  Filed 07/27/09  Page 44 of 105

JA391

## COUNT FORTY-NINE
### (Illegal Alien in Possession of a Firearm)

93.    On or about and between March 18, 2008 and March 21, 2008, in Mecklenburg County,

within the Western District of North Carolina and elsewhere, the defendant,

### (22) OSCAR MANUEL MORAL-HERNANDEZ,
### a/k/a "Truchon,"

aiding and abetting others both known and unknown to the Grand Jury, then being an alien illegally and

unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more

firearms, to wit: a nine millimeter semi-automatic pistol and a .380 caliber semi-automatic pistol, and

ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5) and 2.

75

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 411 of 501
Case 3:08-cr-00134-RJC   Document 2961   Filed 07/27/09   Page 75 of 105

JA392

## COUNT FIFTY
### (Illegal Alien in Possession of a Firearm)

94.    On or about and between March 18, 2008 and March 21, 2008, in Mecklenburg County,

within the Western District of North Carolina and elsewhere, the defendant,

**(5) JUAN GILBERTO VILLALOBOS,**
**a/k/a "Smoke,"**
**"Smokey,"**

aiding and abetting others both known and unknown to the Grand Jury, then being an alien illegally and

unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more

firearms, to wit: a nine millimeter semi-automatic pistol and a .380 caliber semi-automatic pistol, and

ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5) and 2.

76

Case 3:16-cv-00057-MOC   Document 501   Filed 03/23/17   Page 412 of 501
Case 3:08-cr-00134-RJC   Document 591   Filed 07/27/09   Page 76 of 105

JA393

## COUNT FIFTY-ONE
### (Murder in Aid of Racketeering)

95.    At all times relevant to this Indictment, MS-13, a criminal organization described in paragraphs 1 through 16 of Count One which paragraphs are realleged and incorporated by reference herein, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

96.    MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery and extortion in violation of North Carolina law, narcotics trafficking in violation of Title 21, United States Code, Sections 841, 843 and 846, and acts indictable under Sections 1503 (obstruction of justice), 1512 (witness tampering) and 1951 (robbery and extortion) of Title 18, United States Code.

97.    On or about April 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(6)  ELVIN PASTOR FERNANDEZ-GRADIS,**
**a/k/a "El Tigre,"**
**"Flaco,"**
**"Juan Alberto,"**
**"Freddy,"**

aided and abetted by others known and unknown to the Grand Jury,  for the purpose of maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Ulisses Alejandro Mayo-De La Torre, in violation of North Carolina law, N.C. Gen. Stat. § 14-17.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

77

**JA394**

## COUNT FIFTY-TWO
### (Use and Possession of Firearm During and in Relation to
### a Crime of Violence Resulting in Death)

98.    Introductory Paragraphs 1 through 16 of Count One of this Indictment are re-alleged and incorporated herein by reference.

99.    On or about April 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(6)  ELVIN PASTOR FERNANDEZ-GRADIS,**
**a/k/a "El Tigre,"**
**"Flaco,"**
**"Juan Alberto,"**
**"Freddy,"**

aiding and abetting others both known and unknown to the Grand Jury during and in relation to a crime of violence, that is: conspiracy to participate in a racketeering enterprise and murder in aid of racketeering, violations of Title 18, United States Code, Sections 1962 and 1959, which are set forth in Counts One and Fifty-One of this Indictment and incorporated herein by reference, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry a firearm, and, in furtherance of such crime of violence, did possess said firearm, such use and possession resulting in the unlawful killing of Ulisses Alejandro Mayo-De La Torre with malice aforethought as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(c) and 924(j)(1).

78

**JA395**

## COUNT FIFTY-THREE
### (Accessory After the Fact to Murder)

100.    Introductory Paragraphs 1 through 16 of Count One of this Indictment are re-alleged and incorporated herein by reference.

101.    On or about April 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (23) SANTOS ANIBAL CABALLERO FERNANDEZ,
### a/k/a "Garra,"

knowing that an offense against the United States had been committed, that being Murder in Aid of Racketeering as charged in Count Fifty-One and Use and Possession of a Firearm During and in Relation to a Crime of Violence as charged in Count Fifty-Two, did intentionally receive, relieve, comfort, and assist the offender, **ELVIN PASTOR FERNANDEZ-GRADIS, a/k/a "Flaco," a/k/a "Tigre," a/k/a "Juan Alberto Irias," a/k/a "Freddy,"** in order to hinder and prevent his apprehension, trial, and punishment.

In violation of Title 18, United States Code, Sections 3 and 1959.

79

Case 3:16-cr-00057-MOC-JC Document 591 Filed 03/23/17 Page 415 of 501
Case 3:08-cr-00134-RJC Document 522 Filed 07/27/09 Page 79 of 105

**JA396**

## COUNT FIFTY-FOUR
### (Illegal Alien in Possession of a Firearm)

102.    On or about April 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (6) ELVIN PASTOR FERNANDEZ-GRADIS,
#### a/k/a "El Tigre,"
#### "Flaco,"
#### "Juan Alberto,"
#### "Freddy,"

aiding and abetting others both known and unknown to the Grand Jury, then being an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more firearms, to wit: a nine millimeter semi-automatic pistol and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5) and 2.

80

Case 3:16-cv-00057-MOC  Document 59-1  Filed 03/23/17  Page 416 of 501
Case 3:08-cr-00134-RJC  Document 3  Filed 07/22/09  Page 80 of 105

JA397

## COUNT FIFTY-FIVE
### (Reentry After Deportation)

103.    On or about April 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(6) ELVIN PASTOR FERNANDEZ-GRADIS,**
**a/k/a "El Tigre,"**
**"Flaco,"**
**"Juan Alberto,"**
**"Freddy,"**

an alien who had previously been deported and removed to Honduras on or about March 3, 2005, and again to Honduras on or about January 12, 2006, was found in the United States, without the Attorney General of the United States or his successor, the Secretary for Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, having expressly consented to such alien's reapplying for admission to the United States.

In violation of Title 8, United States Code, Section 1326(a).

81

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 417 of 501
Case 3:08-cr-00134-RJC  Document 3   Filed 07/27/09  Page 81 of 105
JA398

## COUNT FIFTY-SIX
### (Illegal Use of a Communication Facility)

104.    On or about May 1, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

### (19) JAIME SANDOVAL,
### a/k/a "Pelon,"

did knowingly and intentionally use a communication facility, that being a telephone, in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 846 and 841(a)(1), that is, offenses set forth in Counts Two and Fifty-Seven of this Indictment and incorporated by reference herein.

In violation of Title 21, United States Code, Section 843(b).

82

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 418 of 501
Case 3:08-cr-00134-RJC   Document 1521   Filed 07/27/09   Page 82 of 105

JA399

## COUNT FIFTY-SEVEN
### (Distribution of Cocaine)

105.    On or about May 1, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

### (5) JUAN GILBERTO VILLALOBOS,
#### a/k/a "Smoke,"
#### "Smokey," and
### (19) JAIME SANDOVAL,
#### a/k/a "Pelon,"

aiding and abetting each other and others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

83

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 419 of 501
Case 3:08-cr-00134-RJC   Document 563   Filed 07/27/09   Page 83 of 105
JA400

## COUNT FIFTY-EIGHT
### (Hobbs Act Extortion Conspiracy)

106. Introductory Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated herein by reference.

107. On or about and between October 2007, and continuing until June 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

(2) ALEJANDRO ENRIQUE RAMIREZ UMANA,
a/k/a "Wizard,"
"Lobo,"
(3) HEVERTH ULISES CASTELLON,
a/k/a "Misterio,"
"Sailor,"
(4) JULIO CESAR ROSALES LOPEZ,
a/k/a "Stiler,"
(5) JUAN GILBERTO VILLALOBOS,
a/k/a "Smoke,"
"Smokey,"
(7) JUAN RUBEN VELA GARCIA,
a/k/a "Mariachi," and
(19) JAIME SANDOVAL,
a/k/a "Pelon,"

did knowingly and intentionally conspire and agree with each other and others both known and unknown to the Grand Jury to obstruct, delay, and affect commerce and attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), by extortion, that is, defendants conspired and attempted to obtain property, to wit, the proceeds of the illegal trafficking of controlled substances, with consent, induced by the wrongful use of force, violence, and fear, including fear of economic loss.

84

**JA401**

## Overt Acts

108.    During the course and in furtherance of the conspiracy, the defendants, **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard," "Lobo," HEVERTH ULISES CASTELLON, a/k/a "Misterio," "Sailor,"JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," "Smokey,"JUAN RUBEN VELA GARCIA, a/k/a "Mariachi,"and JAIME SANDOVAL, a/k/a "Pelon,"** engaged in the following overt acts within the Western District of North Carolina, and elsewhere:

a.    On or about October 26, 2007 and October 27, 2007, in Mecklenburg County, **JUAN RUBEN VELA GARCIA, a/k/a "Mariachi ,"** and others both known and unknown to the Grand Jury met to discuss the ways to increase gang revenues by means of extorting drug dealers.

b.    On or about December 8, 2007, in Mecklenburg County, **HEVERTH ULISES CASTELLON, a/k/a "Misterio," "Sailor," JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," "Smokey," JAIME SANDOVAL, a/k/a "Pelon,"** and others both known and unknown to the Grand Jury met to plan and implement a systematic tax on drug dealers selling in MS-13 controlled nightclubs.

All in violation of Title 18, United States Code, Section 1951.

85

Case 3:16-cr-00057-MOC    Document 58-1    Filed 03/23/17    Page 421 of 501
Case 3:08-cr-00134-RJC    Document 229-1    Filed 07/27/09    Page 85 of 105

**JA402**

## COUNT FIFTY-NINE
### (Distribution of Cocaine)

109.    On or about May 29, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(26) MARIO GUARJARDO-GARCIA,**
**a/k/a "Speedy"**
**"Iran Guerrero-Gomez"**

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

86

**JA403**

## COUNT SIXTY
### (Reentry After Deportation)

110.    On or about May 29, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(26) MARIO GUARJARDO-GARCIA,**
**a/k/a "Speedy"**
**"Iran Guerrero-Gomez"**

an alien who had previously been deported and removed to Mexico on or about February 13, 2007, was found in the United States, without the Attorney General of the United States or his successor, the Secretary for Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, having expressly consented to such alien's reapplying for admission to the United States.

In violation of Title 8, United States Code, Section 1326(a).

87

Case 3:16-cr-00057-MOC Document 50-1 Filed 03/23/17 Page 423 of 501
Case 3:08-cr-00134-RJC Document 588 Filed 07/27/09 Page 87 of 105

**JA404**

## COUNT SIXTY-ONE
### (Conspiracy to Obstruct Justice and Tamper with Witnesses)

111.   On or about and between June 12, 2008, in the Western District and Middle District of North Carolina, and elsewhere, defendants,

**(2) ALEJANDRO ENRIQUE UMANA,**
a/k/a "Wizard,"
"Lobo,"
**(3) HEVERTH ULISES CASTELLON,**
a/k/a "Misterio,"
"Sailor,"
**(19) JAIME SANDOVAL,**
a/k/a "Pelon,"
**(20) SANTOS CANALES-REYES,**
a/k/a "Chicago," and
**(21) JOSE EFRAIN AYALA-URBINA,**
a/k/a "Peligroso,"

did knowingly and willfully conspire and agree with each other and with others both known and unknown to the Grand Jury, and aiding and abetting each other and others both known and unknown to the Grand Jury, to commit an offense against the United States, to wit:

a.   corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede the due administration of justice, in violation of Title 18, United States Code, Sections 1503 and 2.

b.   corruptly persuade another person, or attempt to do so, with intent to influence, delay, or prevent the testimony of any person in an official proceeding, in violation of Title 18, United States Code, Sections 1512(b)(1) and 2.

88

**JA405**

112.    The primary object of the conspiracy was to intimidate witnesses to prevent them from testifying and cooperating with law enforcement in relation to Count One and Counts Twenty-Two through Twenty-Five of this Indictment..

113.    In furtherance of the conspiracy and to effect the object thereof, defendants and others both known and unknown to the Grand Jury performed or caused to be performed the following acts in the Middle and Western Districts of North Carolina and elsewhere, including but not limited to:

a.    On or about June 12, 2008, defendant, **ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard," "Lobo,"** did communicate directly or indirectly with defendant **JAIME SANDOVAL, a/k/a "Pelon,"** to plan a scheme to prevent eyewitness testimony and procure false evidence for the defendant.

b.    On or about June 12, 2008, defendant **HEVERTH ULISES CASTELLON, a/k/a "Misterio," a/k/a "Sailor,"** organized a meeting, which **JAIME SANDOVAL, a/k/a "Pelon," JOSE EFRAIN AYALA-URBINA, a/k/a "Peligroso," and SANTOS CANALES-REYES, a/k/a "Chicago,"** attended, to plan a trip to Greensboro to prevent eyewitnesses to the murders charged in Counts Twenty-Two through Count Twenty-Five from cooperating with law enforcement.

c.    On or about June 12, 2008, defendants, **JAIME SANDOVAL, a/k/a "Pelon," JOSE EFRAIN AYALA-URBINA, a/k/a "Peligroso," and SANTOS CANALES-REYES, a/k/a "Chicago,"** and others both known and unknown to the Grand Jury, did drive to Las Jarochitas restaurant in Greensboro, North Carolina, and did attempt to locate, intimidate, and influence witnesses in relation to Count One and Counts Twenty-Two through Twenty-Five of this Indictment.

c.    On our about June 12, 2008, defendants, **JAIME SANDOVAL, a/k/a "Pelon," and SANTOS CANALES-REYES, a/k/a "Chicago,"** did possess firearms during and in relation to

89

Case 3:16-cv-00057-MOC Document 59-1   Filed 03/23/17   Page 425 of 501
Case 3:08-cr-00134-RJC   Document 1229   Filed 07/27/09   Page 89 of 105

**JA406**

their attempt to locate, intimidate, and influence witnesses in relation to  Count One and Counts Twenty-Two through Twenty-Five of this Indictment.

All in violation of Title 18, United States Code, Sections 371 and 2.

90

Case 3:16-cr-00057-MOC Document 5021  Filed 03/23/17  Page 426 of 501

Case 3:06-cr-00184-RJC Document 1503  Filed 07/27/09  Page 90 of 105

JA407

## COUNT SIXTY-TWO
### (Obstruction of Justice)

114.    On or about June 12, 2008, in Guilford County, in the Middle District of North Carolina, and elsewhere, defendants,

**(2) ALEJANDRO ENRIQUE UMANA,**
**a/k/a "Wizard,"**
**"Lobo,"**
**(3) HEVERTH ULISES CASTELLON,**
**a/k/a "Misterio,"**
**"Sailor,"**
**(19) JAIME SANDOVAL,**
**a/k/a "Pelon,"**
**(20) SANTOS CANALES-REYES,**
**a/k/a "Chicago," and**
**(21) JOSE EFRAIN AYALA-URBINA,**
**a/k/a "Peligroso,"**

aiding and abetting each other and others both known and unknown to the Grand Jury, did corruptly influence, obstruct, and impede, and did endeavor to influence, obstruct, and impede, the due administration of justice.

In violation of Title 18, United States Code, Sections 1503 and 2.

91

**JA408**

## COUNT SIXTY-THREE
### (Tampering with Witnesses)

115.    On or about June 12, 2008, in Guilford County, in the Middle District of North Carolina,

and elsewhere, defendants,

**(2) ALEJANDRO ENRIQUE UMANA,**
**a/k/a "Wizard,"**
**"Lobo,"**
**(3) HEVERTH ULISES CASTELLON,**
**a/k/a "Misterio,"**
**"Sailor,"**
**(19) JAIME SANDOVAL,**
**a/k/a "Pelon,"**
**(20) SANTOS CANALES-REYES,**
**a/k/a "Chicago," and**
**(21) JOSE EFRAIN AYALA-URBINA,**
**a/k/a "Peligroso,"**

aiding and abetting each other and others both known and unknown to the Grand Jury, did knowingly

and willfully use intimidation and threaten another person, or attempted to do so, with intent to

influence, delay, or prevent the testimony of any person in an official proceeding.

In violation of Title 18, United States Code, Sections 1512(b)(1) and 2.

92

**JA409**

## COUNT SIXTY-FOUR
### (Use and Possession of a Firearm During and in Relation to a Crime of Violence)

116.    On or about June 12, 2008, in Guilford County, in the Middle District of North Carolina, and elsewhere, defendants,

**(19) JAIME SANDOVAL,**
**a/k/a "Pelon,"**
**(20) SANTOS CANALES-REYES,**
**a/k/a "Chicago," and**
**(21) JOSE EFRAIN AYALA-URBINA,**
**a/k/a "Peligroso,"**

aiding and abetting each other and others both known and unknown to the Grand Jury, during and in relation to a crime of violence, to wit, Racketeering Conspiracy, a violation of Title 18, United States Code, Section 1962(d) and Witness Intimidation, a violation of Title 18, United States Code, Section 1512(b)(1), charged in Count Sixty-Three of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and in furtherance of such crime of violence, did possess one or more firearms, to wit: one .380 caliber Beretta semi-automatic pistol, one .38 caliber H&R revolver, and ammunition.

In violation of Title 18, United States Code, Section 924(c).

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 429 of 501
Case 3:08-cr-00134-RJC Document 524   Filed 07/27/09   Page 93 of 105

**JA410**

## COUNT SIXTY-FIVE
### (Felon in Possession of a Firearm)

117.    On or about June 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and in Guilford County, within the Middle District of North Carolina, and elsewhere, defendant,

### (19) JAIME SANDOVAL,
### a/k/a "Pelon,"

aiding and abetting others both known and unknown to the Grand Jury, having previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, one or more firearms, to wit: one .380 caliber Beretta semi-automatic pistol, and ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

94

Case 3:16-cv-00057-MOC    Document 56-1    Filed 03/23/17    Page 430 of 501
Case 3:08-cr-00134-RJC    Document 3    Filed 07/27/09    Page 94 of 105
JA411

## COUNT SIXTY-SIX
### (Illegal Alien in Possession of a Firearm)

118.    On or about June 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and in Guilford County, within the Middle District of North Carolina, and elsewhere, defendant,

**(19) JAIME SANDOVAL,**
**a/k/a "Pelon,"**

aiding and abetting others both known and unknown to the Grand Jury, then being an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more firearms, to wit: a .380 caliber Beretta semi-automatic pistol, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5) and 2.

95

Case 3:16-cv-00057-MOC   Document 58-1   Filed 03/23/17   Page 431 of 501
Case 3:08-cr-00134-RJC   Document 1524   Filed 07/27/09   Page 95 of 105

**JA412**

## COUNT SIXTY-SEVEN
### (Re-entry After Deportation)

119.    On or about June 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and in Guilford County, within the Middle District of North Carolina, and elsewhere, defendant,

### (19) JAIME SANDOVAL,
### a/k/a "Pelon,"

an alien who had previously been deported and removed on or about March 29, 2008, was found in the United States, without the Attorney General of the United States or his successor, the Secretary for Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, having expressly consented to such alien's reapplying for admission to the United States.

In violation of Title 8, United States Code, Section 1326(a) and (b).

96

**JA413**

## COUNT SIXTY-EIGHT
### (Illegal Alien in Possession of a Firearm)

120.    On or about June 12, 2008, in Mecklenburg County, within the Western District of North Carolina, and in Guilford County, within the Middle District of North Carolina, and elsewhere, defendant,

### (20) SANTOS CANALES-REYES,
### a/k/a "Chicago,"

aiding and abetting others both known and unknown to the Grand Jury, then being an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more firearms, to wit: a .38 caliber H&R revolver, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5) and 2.

97

Case 3:16-cv-00057-MOC Document 50-1  Filed 03/23/17  Page 433 of 501
Case 3:08-cr-00134-RJC  Document 624  Filed 07/27/09  Page 97 of 105

JA414

## COUNT SIXTY-NINE
### (Illegal Alien in Possession of a Firearm)

121.    On or about June 24, 2008, in Mecklenburg County, within the Western District of

North Carolina, and elsewhere, defendant,

### (5) JUAN GILBERTO VILLALOBOS,
### a/k/a "Smoke"
### "Smokey"

aiding and abetting others both known and unknown to the Grand Jury, then being an alien illegally

and unlawfully in the United States, did knowingly possess, in and affecting commerce, one or more

firearms, to wit: a Remington .22 rifle and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5) and 2.

98

Case 3:16-cv-00057-MOC   Document 56-1   Filed 03/23/17   Page 434 of 501
Case 3:08-cr-00134-RJC   Document 324   Filed 07/27/09   Page 98 of 105

JA415

## COUNT SEVENTY
### (Possession of Marijuana with Intent to Distribute)

122.    On or about June 24, 2008, in Mecklenburg County, within the Western District of

North Carolina, and elsewhere, defendant,

### (14) CARLOS ROBERTO FIGUEROA-PINEDA,
### a/k/a "Drogo,"

aiding and abetting others both known and unknown to the Grand Jury, did knowingly and

intentionally possess with intent to distribute a controlled substance, that is, a mixture and substance

containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and

Title 18, United States Code, Section 2.

99

## NOTICE OF SPECIAL SENTENCING FACTORS

### COUNT ONE:

**Number One:**        **Murder of Yonnie Alexander Morales-Maradiago**

On or about June 6, 2005, in Charlotte, North Carolina **(18) JONNY ELIAS GONZALEZ, a/k/a "Solo,"** and others known and unknown to the Grand Jury, murdered Yonni Alexander Morales-Maradiago in the perpetration of a robbery in violation of North Carolina Gen Stat. § 14-17.

**Number Two:**        **Murder of Ruben Garcia Salinas**

On or about December 8, 2007, in Greensboro, North Carolina, **(2) ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard," "Lobo,"** willfully, deliberately and with premeditation murdered Ruben Garcia Salinas, in violation of North Carolina Gen. Stat. § 14-17.

**Number Three:**        **Murder of Manuel Garcia Salinas**

On or about December 8, 2007, in Greensboro , North Carolina, **(2) ALEJANDRO ENRIQUE UMANA, a/k/a "Wizard," "Lobo,"** willfully, deliberately and with premeditation murdered Manuel Garcia Salinas, in violation of North Carolina Gen. Stat. § 14-17.

**Number Four:**        **Murder of Ulisses Alejandro Mayo**

On or about April 12, 2008 in Charlotte, North Carolina **(6) ELVIN PASTOR FERNANDEZ-GRADIS, a/k/a "Tigre," "Flaco," "Juan Alberto Irias," "Freddy,"** willfully, deliberately and with premeditation murdered Ulisses Alejandro Mayo De La Torre, in violation of North Carolina Gen. Stat. § 14-17.

100

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/20/17   Page 436 of 501
Case 3:08-cr-00134-RJC   Document 3221   Filed 07/27/09   Page 100 of 105

**JA417**

**Number Five:**    **Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Marijuana**

From at least on or about 2004 and continuing to until the present, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants, **(3) HEVERTH ULISES CASTELLON, a/k/a "Misterio," "Sailor," (5) JUAN GILBERTO VILLALOBOS, a/k/a "Smoke," "Smokey," (7) JUAN RUBEN VELA GARCIA, a/k/a "Mariachi," (11) NELSON HERNANDEZ-AYALA, a/k/a "Sixteen," (12) MARIO MELGAR-DIAZ, a/k/a "Nino," (14) CARLOS ROBERTO FIGUEROA-PINEDA, a/k/a "Drogo," (16) EDGAR MIGUEL GRANADOS-ALVAREZ, a/k/a "Gorilon," (19) JAIME SANDOVAL, a/k/a "Pelon," (24) MANUEL CRUZ, a/k/a "Silencioso," and (26) MARIO GUARJARDO-GARCIA, a/k/a "Speedy," "Iran Guerrero-Gomez,"** did knowingly and intentionally conspire and agree with each other and others both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute one or more controlled substances, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Said offense involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine.

Said offense involved a mixture and substance containing a detectable amount of marijuana.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), and 841(b)(1)(C).

101

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/20/17   Page 437 of 501
Case 3:08-cr-00134-RJC   Document 322   Filed 07/27/09   Page 101 of 105
JA418

**COUNTS TWENTY-TWO AND TWENTY-THREE:**

**Number One:**     **Murder of Ruben Garcia Salinas**

a.     At the time of this offense, **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** was over the age of eighteen;

b.     In the course of this violation, **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** intentionally killed Ruben Garcia Salinas; intentionally caused serious bodily injury that resulted in the victim's death; intentionally participated in an act contemplating that the life of a person would be taken and the victim died as a result; and, intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to persons other than one of the participants in the offense such that participation in the act constituted a reckless disregard for human life, and the victim died as a direct result of the act;

c.     **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** in the commission of the offense knowingly created a grave risk of death to one or more persons in addition to the victim of the offense;

d.     **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** intentionally killed and attempted to kill more than one person in a single criminal episode.

All in violation of North Carolina General Statute Sections 14-17, Title 18, United States Code, Sections 924(c) and (j), 1959(a)(1) and 2.

**COUNTS TWENTY-FOUR AND TWENTY-FIVE:**

**Number One:**     **Murder of Manuel Garcia Salinas**

a.     At the time of this offense, **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** was over the age of eighteen;

102

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/20/17   Page 438 of 501
Case 3:08-cr-00134-RJC   Document 522   Filed 07/27/09   Page 102 of 105

**JA419**

b.      In the course of this violation, **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** intentionally killed Manuel Garcia Salinas; intentionally caused serious bodily injury that resulted in the victim's death; intentionally participated in an act contemplating that the life of a person would be taken and the victim died as a result; and, intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to persons other than one of the participants in the offense such that participation in the act constituted a reckless disregard for human life, and the victim died as a direct result of the act;

c.      **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** in the commission of the offense knowingly created a grave risk of death to one or more persons in addition to the victim of the offense;

d.      **ALEJANDRO ENRIQUE RAMIREZ UMANA, a/k/a "Wizard,"** intentionally killed and attempted to kill more than one person in a single criminal episode.

All in violation of North Carolina General Statute Sections 14-17, Title 18, United States Code, Sections 924(c) and (j), 1959(a)(1) and 2.

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/20/17   Page 439 of 501
Case 3:08-cr-00134-RJC   Document 322   Filed 07/27/09   Page 103 of 105

**JA420**

## NOTICE OF FORFEITURE

Notice is hereby given of the provisions of 18 U.S.C. §924(d) and the statutes incorporated or referred to therein.  The firearms and ammunition listed below are subject to forfeiture in accordance with §924(d) because they were involved in or used or intended to be used in the violations alleged in this Bill of Indictment:

1.      One .357 Revolver and ammunition (Count Eight)

2.      One .25 Lorcin L25 Semi-automatic Pistol and ammunition (Count Ten)

3.      One Intratec nine millimeter semi-automatic pistol and ammunition (Count Eighteen)

4.      One .25 semi-automatic pistol and ammunition (Count Eighteen)

5.      One .45 caliber semi-automatic pistol and ammunition (Count Twenty-Seven)

6.      One .25 Raven MP25 semi-automatic pistol and ammunition (Count Twenty-Nine)

7.      One .38 Smith and Wesson semi-automatic pistol and ammunition  (Count Thirty-One)

8.      One .25 caliber Berretta semi-automatic pistol and ammunition (Count Thirty-One)

9.      One .22 caliber RG Industries revolver and ammunition (Count Thirty-Four)

10.     One nine millimeter semi-automatic pistol and ammunition (Count Forty-Eight, Forty-Nine)

11.     One .380 caliber semi-automatic pistol and ammunition (Count Forty-Eight, Forty-Nine)

104

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/20/17   Page 440 of 501
Case 3:08-cr-00134-RJC   Document 323   Filed 07/27/09   Page 104 of 105
**JA421**

12. One .380 Berretta semi-automatic pistol and ammunition (Count Sixty-Four, Sixty-Five, Sixty-Six)

13. One .38 caliber H&R revolver and ammunition (Count Sixty-Four, Sixty-Eight)

14. One Remington .22 rifle and ammunition (Count Sixty-Nine)

15. One Freedom Arms .22 handgun and ammunition (Overt Act "g")

16. One Beretta nine millimeter handgun and ammunition (Overt Act "lll")

17. One Ruger nine millimeter handgun and ammunition (Overt Act "l")

18. One SKS 7.62x39 caliber assault rifle and ammunition (Overt Act "yy")

19. One Rossi .38 Special revolver and ammunition (Count Twenty-Nine)

A TRUE BILL:

_____

FOREPERSON

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

_____

KEVIN ZOLOT
ASSISTANT UNITED STATES ATTORNEY

_____

ADAM MORRIS
ASSISTANT UNITED STATES ATTORNEY

105

Case 3:08-cr-00134-RJC   Document 522   Filed 07/27/09   Page 105 of 105

**JA422**

*Revised AO 45 (WDNC-03/07)*

## NEW CRIMINAL CASE COVER SHEET                    U. S. DISTRICT COURT
*(To be used for **all** new Bills of Indictments and Bills of Information)*

**CASE SEALED:**    ( ) Yes        ( ) No    **DOCKET NUMBER:**    3:08CR134
*(If case is to be sealed, a Motion to Seal and proposed Order **must** be attached.)*

**CASE NAME**       :      USA vs. (1) Manuel De Jesus Ayala, et al

**COUNTY OF OFFENSE**   :       Mecklenburg

**RELATED CASE INFORMATION**       :

    *Magistrate Judge Case Number*    :    _____

    *Search Warrant Case Number*    :    _____

    *Miscellaneous Case Number*    :    _____

    *Rule 20b*    :    _____

**SERVICE OF PROCESS -** _____*3rd SBoI*_____

**U.S.C. CITATIONS** *(Mark offense carrying greatest weight)*:    ☐ Petty    ☐ Misdemeanor    X☐ Felony

**JUVENILE** :    ☐ Yes      X☐ No

**ASSISTANT U. S. ATTORNEY** :    Kevin Zolot

(Include Only if there are victims in the case)

**VICTIM / WITNESS COORDINATORS :)**    Shirley.Rutledge@usdoj.gov

    Ulricia.Kennedy@usdoj.gov

**INTERPRETER NEEDED**    :    _____

**LIST LANGUAGE AND/OR DIALECT:**    _____

**REMARKS AND SPECIAL INSTRUCTIONS:**

**JA423**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA

v.

ALEJANDRO ENRIQUE
RAMIREZ UMANA

**File No.: 3:08CR134-2-RJC**
**EX PARTE ATTACHMENT**
**SUPPORTING DEFENDANT'S**
**MOTION TO CONTINUE**
**OR ALTERNATIVELY TO STRIKE**
**DEATH  PENALTY**

_____

Defendant herein sets forth and describes issues that Defendant is presented with in the

preparation of his defense that will prevent him from being prepared to try this case in October

2009.

EVIDENCE OF MENTAL RETARDATION

Based on defense counsel's own observations of Defendant during their representation and

on behavioral conduct documented in discovery, it was considered that Defendant may be

suffering from intellectual deficits.  Defendant does not speak English.  Accordingly, Defendant

sought to retain the services of a bilingual neuropsychologist to assist in the evaluation of

Defendant.  Earlier in the case, Defendant had employed the services of Richard McGough as a

mitigation specialist.  McGough has significant experience in MS-13 cases and has traveled

extensively throughout El Salvador in other cases. Additionally because McGough is locally

based ( Pittsboro, N.C. ), he was the best choice for the assignment.  In attempting to identify a

bilingual neuropsychologist, defense counsel found that their choices were extremely limited.

Defense counsel were only made aware of two in their search.  Defense counsel selected Dr.

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 443 of 501
Case 3:08-cr-00134-RJC   Document 522 (Ex Parte)   Filed 08/19/09   Page 1 of 10
**JA424**

Ricardo Weinstein from California, as Weinstein and McGough had previously worked together on other cases and were believed to have a good working relationship.

On March 3, 2009, Defendant filed an ex parte motion with the court to approve of his budget for experts to assist him in the preparation of his defense. The Court approved that budget on April 17, 2009. Defendant's CJA-31 Vouchers were received on May 18, 2009. Dr. Weinstein was notified of his appointment on May 21, 2009 and was initially forwarded some materials for his review, to familiarize himself with the case. Arrangements were made for Dr. Weinstein to travel to North Carolina to begin an evaluation of the Defendant. Dr. Weinstein arrived in Charlotte on June 30, 2009 and spent the next several days meeting with and evaluating the Defendant. On July 3, 2009, counsel met with Dr. Weinstein regarding his preliminary conclusions on the just completed evaluation.

Dr. Weinstein advised defense counsel that Defendant's IQ testing resulted in a full scale IQ of below 70. Dr. Weinstein further advised defense counsel that they would need to begin an investigation of the Defendant's background in order to determine whether or not there existed sufficient evidence of adaptive behavior functioning deficits and whether those deficits could be documented prior to the age of 18. This was necessary in order to determine whether Defendant would meet the criteria for mental retardation.

Defense counsel has learned that the Defendant grew up in El Salvador, but that he has also lived in California and New York, in addition to North Carolina. Defense counsel's investigation into evidence of adaptive behavior functioning deficits requires them to investigate Defendant's living, working and functioning in these different areas at the different times in his life. Counsel must determine whether any adaptive behavior functioning deficits have been previously documented, either by records or by witnesses or reporters of his behavior and

**JA425**

conduct. Because a specific component of mental retardation requires the Defendant to demonstrate that any adaptive behavior functioning deficits were demonstrated prior to the age of 18, a significant part of the Defendant's investigation must occur in El Salvador.

As defense counsel noted in their prior motion to continue, Defendant has had difficulty investigating Defendant's background in El Salvador. Defendant had previously retained Richard McGough as his mitigation investigator. On Richard McGough's first trip to El Salvador in May, he was met with resistance from Defendant's family. Defendant's family had been met with by the local police in El Salvador. Defendant's family interpreted this meeting as an intimidation tactic to stop them from participating in any aspect of Defendant's case. Defendant's family was in fact intimidated and declined to assist Mr. McGough in his investigation in any meaningful way. Defense counsel have been diligent in attempting to undo this damage and believe that they have made progress in this area. McGough left for El Salvador on August 16, 2009 to continue with his investigation into the social history of the Defendant. Most importantly, McGough will be determining whether there is evidence of adaptive behavior functioning deficits which will merit further pursuit of the claim of mental retardation. Nevertheless, McGough will not return from El Salvador until late August. Thus, Defendant's preliminary investigation into whether or not there exists adaptive behavior functioning deficits will be complete slightly more than one month before the beginning of the commencement date of his capital trial. Preliminary reports from McGough indicate he is discovering evidence of adaptive behavior functioning deficits. Accordingly, Defendant will then be required to seek the court's permission to retain an expert in the field of mental retardation to assist in the development of this issue. The amount of time remaining before the commencement of

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 445 of 501
Case 3:08-cr-00194-RJC   Document 522 (Parts)   Filed 08/19/09   Page 3 of 10

**JA426**

Defendant's trial would be insufficient to retain an expert and allow that expert to complete an investigation determining whether Defendant suffers from mental retardation.

LOW FUNCTIONING FRONTAL LOBE

In addition to documenting Defendant's subnormal IQ, Dr. Weinstein also administered an EEG test to the Defendant. This test demonstrated that Defendant exhibits "brain dysfunction in a generalized pattern with particular compromise to the frontal lobes." Dr. Weinstein also advised defense counsel that they would need to retain a neuropsychiatrist to evaluate Defendant's low functioning frontal lobe. A neuropsychiatrist is required to fully explore that issue and determine the cause and extent of Defendant's low functioning frontal lobe and whether it has any impact on a determination of mental retardation.

Counsel for the Defendant located a qualified neuropsychiatrist, who is willing to assist defense counsel with further examination of Defendant to explore the issue of low brain function. On July 15, 2009, Defendant filed an ex parte motion seeking the court's approval of funds to retain the services of Dr. Merikangas. On August 12, 2009 Defendant received notice that his motion had been allowed. Defendant is now making arrangements for Dr. Merikangas to travel to North Carolina to complete an evaluation of Defendant. Dr. Merikangas is not Spanish speaking and his schedule will need to be coordinated with Defendant's court appointed translator in order for Dr. Merikangas to evaluate Defendant. As Defendant files this motion, he does not yet know when that will take place.

Defendant has also just received an Order from the Honorable Magistrate-Judge David S. Cayer addressing the Government's Motion Under Rule 12.2. The Order requires Defendant to give notice under Rule 12.2 of his intent to introduce expert evidence of a mental disease or defect by August 21, 2009. This Order was entered on the same day that this court allowed

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 446 of 501
Case 3:08-cr-00134-RJC   Document 224-1   Filed 08/19/09   Page 4 of 10
JA427

defendant funds to retain Dr. Merikangas. Accordingly, read together, the two Orders require defendant to arrange for his neuropsychiatrist, who resides in Bethesda, Md., to travel to North Carolina, conduct a full neuropsychiatric examination of the defendant, complete and submit a written report to defense counsel and for defense to then review the report and determine whether they will use Dr. Merikangas' testimony and if so file a notice of such intent all within nine (9) days. The Magistrate-Judge's Order requiring notice be given by August 21, 2009 is based on his conclusion that "the Government must be afforded a meaningful right to rebut any mental health evidence offered by the defendant." And while that is true, the real problem is that the proposed trial date is too close in proximity to defendant's engagement of experts and the ongoing investigation of his mental health issues. The trial date must be postponed so that defendant can conduct a meaningful investigation into his mental health issues and then provide notice of that to the Government sufficiently in advance of trial to give them a meaningful right to rebut that evidence

DE-AUTHORIZATION

One of Defendant's attorneys, John Bryson, was originally appointed to represent him in this case on July 10, 2008. On July 25, 2008, counsel was notified by the U.S. Attorney's Office that the mitigation conference was to be held with the Main Justice Department in Washington, D.C. on August 11, 2008. Defense counsel immediately sought to postpone the mitigation conference, advising the U.S. Attorney's Office that because the state proceedings had never developed into a capital case, no investigation of the Defendant's background had ever begun. Defense counsel advised the U.S. Attorney's Office that providing him with a little more than two weeks to prepare for a mitigation conference ensured that defense counsel would have no time in which to investigate Defendant's background. Defendant would be limited to the

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 447 of 501
Case 3:08-cr-00194-RJC   Document 224   Filed 08/19/09   Page 5 of 10

**JA428**

underlying facts of the case itself, ensuring a less than meaningful consultation on mitigation. Defendant's request was denied and the death penalty mitigation conference proceeded on August 11, 2008.

At the consultation, defense counsel noted during his presentation that he was unable to speak with any intelligence regarding his client's background and felt constrained and limited regarding the proper scope of the topic of discussion based on the speed and haste at which the mitigation consultation was required. The capital committee advised defense counsel that he would have the opportunity to meet again with the committee if he later developed evidence of mitigation which he believed the committee should consider important in the authorization decision.

Defense counsel is now on the precipice of developing a claim of mental retardation. Mental retardation, which would bar the death penalty from consideration in this matter, would be the strongest possible evidence in mitigation the Defendant could submit. Even if Defendant is unable to develop evidence of mental retardation, he believes that the evidence of his low IQ, combined with his low frontal lobe brain function, may, in and of itself, be sufficient evidence of mitigation to merit de-authorization in this case. Defendant needs to fully develop these issues first, but nevertheless, he anticipates seeking de-authorization once his investigation into his mental condition has been completed. Defendant believes that seeking de-authorization is a powerful reason for continuing the trial of this matter. Given what Defendant has recently developed regarding his mental condition, he should be given the appropriate time to develop this evidence and then report it to the capital committee for de-authorization of his case. It would be an inefficient use of the court's time for both sides to fully prepare for trial of a capital case if the matter may ultimately be de-authorized and the death penalty not sought.

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 448 of 501
Case 3:08-cr-00194-RJC   Document 622 *Sealed*   Filed 08/19/09   Page 6 of 10
**JA429**

PRETRIAL DETERMINATION OF MENTAL RETARDATION

Even if the case is not de-authorized, if Defendant develops evidence of mental retardation, the Court is required to determine that issue pre-trial. *United States v. Hardy, 2008 U.S. Dist. LEXIS 29996, 2008 WL1742490 (E.D. La. Apr. 10, 2008*) (finding that question of mental retardation should be resolved by the judge at a pretrial hearing, and burden should be on defendant by preponderance of the evidence); *United States v. Nelson, 419 F. Supp. 2d 891 (E.D. La. 2006*)(same); *United States v. Sablan, 461 F. Supp. 2d 1239 (D. Colo. 2006)*(same). *United States v. Davis*, 2009 U.S. Dist. LEXIS 34707 (D.MD.2009)(same). The necessity of scheduling a pretrial hearing for the court to determine the issue of mental retardation, provides yet another reason for continuance of the matter.

LOSS OF GANG EXPERT

Prior to submitting his proposed budget for the retention of experts, Defendant identified and sought to retain the services of Alex Sanchez. The court approved defendant's request to retain and use Alex Sanchez as his gang expert. Mr. Sanchez is the Executive Director of Homies Unidos. Defendant believed that a gang expert could assist Defendant in two possible areas of the case. Defendant believes that the government will attempt to use gang experts in the guilt - innocence phase of the trial. Mr. Sanchez would be able to assist him in combating the government's expert testimony on MS-13. Defendant also believes that Sanchez could be beneficial to the Defendant as an expert in the penalty phase by persuading a jury to understand how an individual could become involved in a gang, and what gang life and culture is like, in order to explain Defendant's life circumstances.

Sanchez was particularly well suited to the Defendant's case. Sanchez is a former member of MS-13 and based in Los Angeles. Accordingly, Sanchez's expertise related

Case 3:16-cv-00057-MOC    Document 50-1    Filed 03/23/17    Page 449 of 501
Case 3:08-cr-00134-RJC    Document 1224    Filed 08/19/09    Page 7 of 10
**JA430**

specifically to the gang allegations in the instant case. Additionally, because Sanchez lived in Los Angeles, as did Defendant for a period of time, he was particularly well suited to assisting the Defendant with the varying aspects of this case.

On June 25, 2009, defense counsel received information that Sanchez had been indicted in Los Angeles, California, in a separate and unrelated MS-13 conspiracy indictment and had been incarcerated. Defendant's subsequent investigation showed that Sanchez is alleged, amongst other things, to have been involved in a successful conspiracy to kill someone in El Salvador in 2006. Sanchez remains incarcerated at this time.

The loss of Defendant's gang expert has required him to seek the services of another gang expert to replace him. At this point in time, the Defendant has been unsuccessful in finding a suitable replacement. Most of the other available gang experts either have backgrounds from gangs other than MS-13 or are academics. In fact, the unavailability of a satisfactory replacement for Sanchez has forced Defendant to reconsider the specific type of gang expert he will be seeking. Defendant is looking to El Salvador for someone to replace Sanchez.

The loss of a critical member of Defendant's defense team and the Defendant's inability to replace him with a suitable replacement creates a further justification for a delay of the trial of this matter.

MITIGATION EVIDENCE INVESTIGATION

In this case Defense counsel has always planned on traveling to El Salvador to meet with and interview various members of Defendant's family, his friends, teachers, employers and anyone else identified by defendants' mitigation investigator as a possible witness, to evaluate their proposed testimony. Defense counsel has also been advised by numerous other lawyers and professionals who have previously represented capital MS-13 defendants that they need to travel

Case 3:16-cv-00057-MOC Document 50-1    Filed 03/23/17    Page 450 of 501
Case 3:08-cr-00194-RJC Document 224-1    Filed 08/19/09    Page 9 of 10
**JA431**

to El Salvador in order to fully appreciate and understand the circumstances and conditions of defendant's life.  As counsel understands their duties under the constitution and the American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (Rev. Ed. 2003), traveling to El Salvador seems mandated.  Nevertheless, at this point in time, defense counsel fails to see how they will be able to arrange to travel to El Salvador given the limited amount of time that they will have left after their mitigation investigator returns in late August.  With a trial date of October 5th and with so many other remaining tasks to be completed, along with the requirement of actually preparing for trial in a case of such voluminous discovery, a trip to El Salvador appears no longer possible. Postponing the trial date would allow defense counsel to accomplish this part of their responsibilities to their client.

For the reasons stated herein, plus those in his principal motion, Defendant requests this court continue the trial of his case until April 2010 or alternatively to strike the death penalty.

Respectfully submitted this the 19th day of August  2009.


/s/ Mark P. Foster, Jr.
Mark P. Foster, Jr. (NC State Bar No. 22717)
Attorney for Defendant
Suite 126, 101 N. McDowell Street
Charlotte, NC  28204-2261
Telephone:  (704) 347-1809
Facsimile:  (704) 347-0292
E-mail:  mpfosterjr.@bellsouth.net


/s/ John D. Bryson
John D. Bryson (NC State Bar No. 12883)
Attorney for Defendant
P. O. Drawer 2086
High Point, NC  27261-2086
Direct Telephone:  (336) 819-6016

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 451 of 501
Case 3:08-cr-00134-RJC   Document 224-2 (Court only)   Filed 08/19/09   Page 9 of 10
**JA432**

Direct Facsimile:  (336) 819-6076
E-mail:  jbryson@wehwlaw.com

10

**JA433**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION


UNITED STATES OF AMERICA )    DOCKET NO. 3:08-CR-134-2
                         )
                         )
     vs.                 )
                         )
ALEJANDRO E. R. UMANA    )
_____)

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE ROBERT J. CONRAD, JR.
UNITED STATES CHIEF DISTRICT COURT JUDGE
AUGUST 26, 2009


APPEARANCES:

On Behalf of the Government:

     JILL WESTMORELAND ROSE
     Assistant United States Attorney
     227 West Trade Street, Suite 1700
     Charlotte, North Carolina 28202

     SAM G. NAZZARO
     United States Department of Justice
     950 Pennsylvania Avenue, NW
     Washington, DC 20530

On Behalf of the Defendant:

     MARK PATRICK FOSTER, JR.
     Law Offices of Mark Foster, PC
     1011 E. Morehead Street, Suite 300
     Charlotte, North Carolina 28204

     JOHN DAVID BRYSON
     Wyatt, Early Harris & Wheeler, LLP
     P.O. Box 2086
     High Point, North Carolina 27261

                    LAURA ANDERSEN, RMR
                    Official Court Reporter
                  United States District Court
                    Charlotte, North Carolina

Case 3:16-cv-00057-MOC-RJC Document 50-1   Filed 08/23/17   Page 453 of 501
Case 3:08-cr-00134-RJC Document 363   Filed 09/23/09   Page 1 of 121

JA434

DIRECT-FLORES

THEREUPON, FRANK FLORES, being first duly sworn, testified as follows during DIRECT EXAMINATION BY MS. ROSE:

Q.   If you would, please, sir, state your name?

A.   Frank Flores.  Flores, F-L-O-R-E-S.

Q.   And Mr. Flores where are you employed?

A.   I'm a detective with the City of Los Angeles, Los Angeles Police Department.

Q.   How long have you been in that capacity?

A.   I've been with the police department just over 13 and a half years now.

Q.   What is your position there at the police department, or what was your position back in 2008?

A.   I was assigned to a federal gang task force in conjunction with the Federal Bureau of Investigation, at that point.

Q.   And as a member of that task force, what were your particular responsibilities?

A.   We were investigating several cases, gang cases in Los Angeles.  In particular, at that time, and given my background, focusing primarily on La Mara Salvatrucha, a street gang.

Q.   And La Mara Salvatrucha; is that the same as MS-13?

A.   Yes.

Q.   At some point in your capacity there with the gang task force or working with the L.A.P.D, did you come to assist in

Laura Andersen, RMR 704-350-7493

**JA435**

DIRECT-FLORES

the investigation of a couple of different homicide cases there in L.A.?

A.    Yes, I did.

Q.    And as a result of those investigations, were any -- was any legal process issued there in the Los Angeles for the defendant, Umana?

A.    Yes, there was.

Q.    Just very briefly what -- what was issued there in Los Angeles and when?

A.    There was a -- two previous cases which we believe Mr. Umana was involved in.  There was a warrant obtained for one of the cases in relation to Herrera and Porras homicides.  The warrant was obtained for Mr. Umana, at that point, right around early April, 2008.

Both these cases that we were looking at Mr. Umana, were cases that I had been involved in prior to coming on to the task force in 2006.

Q.    Ultimately, at some point, did you receive information that the defendant was in custody in North Carolina?

A.    Yes, we did.

Q.    How did you receive that information?

A.    I believe I received it through one of the other detectives involved in the case.  We received notification that he was in custody.

Q.    Do you know the method of that notification?

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 455 of 501
Case 3:08-cr-00134-RJC   Document 454   Filed 09/24/09   Page 47 of 121

JA436

48
DIRECT-FLORES

A.    I believe it comes through our records and identification unit, who gets the hit after inputting the warrant into the system.  Now there's a search which returns and advises that that person's in custody.

Q.    And when you say into a system, what system are you referring to?

A.    Our warrants and teletype system.

Q.    All right.  But you -- what -- is there -- you receive notice.  Is there some national database or national system through which you can receive information, once an input is made of outstanding warrants in one jurisdiction and potential arrests elsewhere.  What is that system called?

A.    Our NCIC system.

Q.    What is commonly referred to as NCIC hit?

A.    That's correct.

Q.    To which you learn he was in custody in North Carolina?

A.    That's correct.

Q.    All right.  After you received that information then, what did you or other officers do?

A.    We -- I spoke with the other detectives involved in the cases.  We made contact with Greensboro Police Department, the origin of the case for which he was in custody here for. We talked about making arrangements to come out and interview Mr. Umana.  We discussed a certain timeframe, given the proceedings that were going on at the time.  We

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 456 of 501
Case 3:08-cr-00134-RJC   Document 431   Filed 09/24/09   Page 48 of 121
**JA437**

DIRECT-FLORES

made immediate arrangements to come out and talk to him.

Q.    And ultimately, did that occur?

A.    Yes.

Q.    On what date?

A.    That was April 23rd.  That was the date of the interview, 2008.  We flew out the night before, April 22nd, 2008.

Q.    When you arrived in North Carolina, did you have any coordination with local officials?

A.    We met briefly with Detective Terry who assisted us in getting around and locating the facility where Mr. Umana was being held where we conducted the interview.

Q.    Was Detective Terry present for any interview that you conducted with the defendant?

A.    No, he was not.

Q.    Did Detective Terry take you to or accompany you or help you in being processed through the detention facility where the defendant was being housed?

A.    Yes.

Q.    What was your purpose, specifically, in coming to speak with the defendant?

A.    Specific purpose was to follow-up on the two homicide investigations in Los Angeles.  Particularly the case that we had the warrant on, in relation to the victims of the Porras and Herrera homicide.  And the second homicide of

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 457 of 501
Case 3:08-cr-00134-RJC  Document 434  Filed 09/24/09  Page 49 of 121
JA438

Andy Abarca.  The intent was to come out here and talk to him within that frame that we had to try to clear up questions -- any further details that we could obtain in relation to those cases.

Q.   Obviously you were aware that he was in custody here in North Carolina on charges.  Did you have specific information about those charges or particular details?

A.   We had some small details.  We didn't have the full gist or the full understanding of the case, other than he was in custody for serious case, serious homicide.  The case seemed fairly strong.

Q.   Was there anyone here in North Carolina that you coordinated with, other than Detective Terry, at that time?

A.   No.

Q.   Who accompanied you on the trip here to North Carolina in April of '08?

A.   The two primary detectives that were assigned those cases at that time, Detective Gene Parshell (phonetic spelling) and Detective Tom Small.

Q.   You said there were two cases that were of interest to you.  Which particular case was Officer Parshell or Detective Parshell responsible for?

A.   Detective Parshell was still responsible for the double homicides victims being Herrera and Porras.

Detective Tom Small was still handling the case related

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 458 of 501
Case 3:08-cr-00134-RJC   Document 424   Filed 09/24/09   Page 50 of 121
JA439

DIRECT-FLORES

to victim Andy Abarca.

Q.   And was it your belief at the time that the three of you came to North Carolina, that the defendant was in some way related to both of these cases?

A.   Yes.

Q.   When you got to the detention facility -- and do you recall which facility you met with the defendant where that was located?

A.   I do not, at this point.

Q.   When you got to facility, if you would, just describe for the Court what transpired, what was the procedure, and how did you initiate contact with the defendant?

A.   We arrived.  We made our way through the facility, into the facility.  They set up a small interview room in part of -- inside the facility.  Detective Terry walked us through.

     At the point that they brought out Mr. Umana for the interview, Mr. Terry went away.  We went into the room and began our interview with Mr. Umana.

Q.   If you would, please, describe for the Court then, once you were in the interview room or whatever the setting place was, once you and the other detectives were with the defendant, what happened?

A.   We went in.  We began a brief conversation.  We began to explain the purpose of our visit.  We commented,

**JA440**

DIRECT-FLORES

initially, about his appearance; his hair, his beard was very long at the time, I recall.  And we began to explain what was going on.

We proceeded to -- I proceeded to give him his *Miranda* rights of admonishment in Spanish.  Prior to asking him -- or giving him his *Miranda* rights, I asked him if he had been Mirandized or admonished before.  He said he did.  I explained I was going to do it again.  I gave him his *Miranda*.  I asked him if he wanted to talk.

He commented that -- made some comment to the effect that, yeah, let's kind of see what happens.  Then there's a pause, he says yes.  I say yes.  And then we continue on from there.  And we go into the initial investigation on the Porras/Herrera homicide.

Q.   When you initially met with the defendant, did you -- what did you tell him in relation to your purpose for being here, and the topics about which you would be questioning him?

A.   I was fairly clear and there was something that I repeated throughout the interview, that we were there specifically in relation to the things that happened in Los Angeles.

Q.   Were you aware at that time about his status, relative to his North Carolina charges?

A.   No.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 460 of 501
Case 3:08-cr-00134-RJC   Document 484   Filed 09/24/09   Page 246 of 421
**JA441**

DIRECT-FLORES

Q.   Where he was in the procedures or process of his pending North Carolina case?

A.   The only thing we were aware of was that he had some kind of court date or hearing the following date, which is why we had to rush over to handle our part of our investigation in order to interview him.

Q.   After you explained to the defendant why you were there, what transpired?

A.   We began the interview.  Initially began to deny, and request a little bit more background, I believe in relation to try to understand what we really wanted to talk to him about, what specifically.

These crimes had transpired a couple years ago, so I felt maybe he just needed some refreshing as far as what particularly -- what parts of Los Angeles -- what it is that we wanted to talk to him about.  We proceeded to give him a little bit of background, as far as what specifically we were getting to, in relation to the homicide investigation.

Q.   Did you -- did you and the defendant, prior to this date, April 23rd, 2008, had the two of you had some previous interactions, or had you met one another?

A.   Yes.

Q.   When?

A.   We had met, I believe it was late 2004.  I'm not sure about the date.  But we had one prior encounter.  And we

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 461 of 501
Case 3:08-cr-00134-RJC   Document 484   Filed 09/24/09   Page 53 of 121

JA442

DIRECT-FLORES

actually talked about it during the interview, where it was, I believe four days after arriving into the United States I encountered Mr. Umana, along with another individual.

During the investigation we talked, talked about their gang affiliation, done some general background work on them during the police contact in Los Angeles. And I had brought up during the interview where if he recalled meeting me before.

Q. And the particulars of that initial meeting, relative to anything that transpired, was that something that you and the defendant discussed, initially, as well?

A. Yes.

Q. Initially at this interview, the April 23rd interview?

A. Yes.

Q. During the interview, did you present any photographs or any other evidence to the defendant?

A. Yes. Some of the photographs were shown to the defendant by myself, Detective Small and Detective Parshell.

Q. And those photographs related to what?

A. Related to the cases that we were discussing, other individuals that were involved in the case, or believed to be involved in those cases as well.

Q. Did you, primarily, conduct the interview?

A. Yes. Primarily, it was in Spanish. I was the only Spanish speaker in the room. Detective Parshell does speak

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 462 of 501
Case 3:08-cr-00134-RJC   Document 484   Filed 09/24/09   Page 462 of 501
**JA443**

DIRECT-FLORES

a little bit of Spanish.  And he did ask some of the questions in Spanish.  But primarily, a lot -- most of the questions were asked through me, or by me.

Q.   When you say the questions were asked through you, were Detective Small and Detective Parshell involved in posing questions, either directly to the defendant or through you, to be interpreted?

A.   Yes.

Q.   At any point during the questioning, did the defendant indicate to you that he wanted to stop, that he wasn't comfortable, of that he didn't want to discuss the Los Angeles events with you?

A.   No.

Q.   During your interview, did the defendant make reference to his North Carolina case?

A.   Yes.

Q.   More than once?

A.   Yes, more than once.

Q.   How did you respond to those references or allusions to his case made by the defendant?

A.   Generally, any reference or comment in relation to North Carolina case was followed up with, at some point, we're here to talk to you about things going on in Los Angeles, we're here to talk about these other things. Trying to explain that we don't have the full gist of what's

DIRECT-FLORES

going on out here, other than we know it's a strong case, and we're not here to talk to you about it.  That's why I mentioned to you initially, before we began this interview, that we're here to talk to you about things in Los Angeles. It came up a few times during the interview.

Q.   Excuse me.  Did -- during the interview, did the defendant indicate to you that he was not willing to speak to you if any portion of the interview was recorded?

A.   No.  He did make a comment of -- asked if we were recording it.  Make a comment that he didn't want it recorded.  Or that, some comment about it affecting -- something in relation to his family.

Q.   How did you respond to that?

A.   I kind of glanced over that question and more addressed the fact that it had nothing to do with his case out here. The question we were talking about, what we were here to talk to him about, were things that happened in Los Angeles. So it had no relation to anything that -- involving his case in North Carolina.

Q.   At this time you previously testified that you had only coordinated with Detective Terry here in North Carolina. Did you -- did you know that -- whether he had any other charges pending here, or whether there were any other parallel investigations going on here in North Carolina?

A.   At that point, I don't believe so.

Case 3:16-cv-00057-MOC    Document 50-1    Filed 03/23/17    Page 464 of 501
Case 3:08-cr-00134-RJC    Document 484    Filed 09/24/09    Page 56 of 121
JA445

DIRECT-FLORES

Q.    How long were you in the interview with the defendant?

A.    I believe we were in the interview, roughly -- with a water break -- roughly, two and a half, maybe two hours, forty-five minutes.

Q.    During that time period, if you would describe for the Court the defendant's demeanor, his interaction with you, the information that he was provided -- providing you, was it clear, was it cogent.  Just kind of describe what you observed about the defendant during that time period?

A.    He was pretty calm, pretty loose, he seemed fairly comfortable to the point that during the interview he began raping, or singing to us, a song that -- he went on and maybe it seemed a little bit longer than it was, but a couple minutes long.  So he seemed to be pretty much at ease.

Q.    What kind of song, rap song was he singing to you?

A.    I believe he identified it as a rapper, an MS-13 rapper from the Tiny Lanos Clique (phonetic spelling).  I believe it was Bulla or Bala (phonetic) was the singer.  I can't recall the lyrics, exactly.  But something in relation to living a certain gangster lifestyle, or something of that nature.

Q.    During the course of this interview did the defendant make any requests concerning your ability to have him transferred somewhere other than here in North Carolina?

DIRECT-FLORES

A.    Yes.

Q.    What specifically did he request and how did you respond to those requests?

A.    He initially expressed some concern about being moved away, or further from his family.  Which I believe is primarily on the east coast.

    He did make a request, you know, at some point, if he could be possibly sent to or do any kind of incarceration time in El Salvador, in his country he requested.

Q.    How did you though, respond to those requests?

A.    I told him not that was something we could control. Depending on something, that may be something that could be discussed.

Q.    Did you discuss with him any resolution or potential resolution of the L.A. cases, as a result of his cooperation with you?

A.    I'm sorry.  I don't understand the question.

Q.    Did you make any promises to him about, ultimately what may happen in Los Angeles as a result of his discussions with you?

A.    No.

Q.    Did you make any representations or promises to him about, ultimately how his North Carolina cases would be resolved?

A.    No.

Laura Andersen, RMR 704-350-7493

**JA447**

59
DIRECT-FLORES

Q.   Now, at the time of the interview you said you didn't know of any other potential investigations.  But in your role as an FBI task force officer, as part of that gang task force I believe you said you were a member of.  Did you coordinate with FBI here in any way?

A.   I believe we had some contact with one of the agents assigned to the Charlotte office, Mike Attard, or Mike Attard.

Q.   And what was the nature of that contact and why?

A.   I believe he was also trying to facilitate coming out here, trying to arrange possibly who the investigator was that was handling the case in Greensboro, trying to get the contact to set up our interview.

Q.   Did Agent Attard at any time, indicate or admonish you, regarding any discussions about pending cases here in North Carolina or investigations in North Carolina?

A.   It was clear that -- my understanding being a detective for several years, that we were not going to come in and talk to him about anything that was pending out here.  It wasn't our interest.  We really didn't have any involvement or any interest in talking about his case that was pending out here.

     So it might have been mentioned, but I think it was well understood by myself.

               MS. ROSE:  All right, sir.  Thank you very much.

                Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC    Document 50-1    Filed 03/23/17    Page 467 of 501
Case 3:08-cr-00134-RJC    Document 484    Filed 09/24/09    Page 59 of 121
**JA448**

CROSS-FLORES

I have no other questions at this time.

THE COURT:  Any Cross?

MR. BRYSON:  Yes.

CROSS-EXAMINATION BY MR. BRYON:

Q.   When you first went in to see him, you did not Mirandize him right away, correct?

A.   Correct.

Q.   You talked to him for some period of time before you got to the *Miranda* waiver, correct?

A.   Yes.

Q.   And you did that by design, correct?

A.   No, not necessarily.

Q.   Well, you flew all the way out from California, right?

A.   Yes, sir.

Q.   And you wanted him to talk to you, correct?

A.   Correct.

Q.   You didn't want him to exercise his right to remain silent or right to counsel, correct?

A.   That was going to be up to him, sir.  Our intent was to try to talk to him, yes.

Q.   But you didn't want him to do that?

A.   What we wanted was -- yes, for him to be willing to talk to us.  Whether or not we could control that was another question.

Q.   And so you had some conversation with him before you

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC  Document 50-1   Filed 03/23/17   Page 468 of 501
Case 3:08-cr-00134-RJC  Document 484  Filed 09/24/09  Page 60 of 121
**JA449**

got to the *Miranda* waiver?

A.   Yes.  We began simply with some comments about his hair, his hair cut, the length of his hair, small talk as he was being brought in and we were kind of situating the room for the interview, yes.

Q.   You knew he had been in custody since December 12, 2007?

A.   We learned that at that point, and we got notification that he had already been in custody for a period of time, yes.

Q.   All right.  He told you that he had been held in a single cell for almost four months?

A.   Correct.

Q.   You inquired -- you got there about 11:30 in the morning, correct?

A.   Yes, roughly, I believe.

Q.   Our time, anyway?

A.   Yes, sir.

Q.   And you inquired as to whether or not he had lunch?

A.   Yes.  Or what he had been served for lunch.

Q.   And he told you he had not had lunch?

A.   I don't recall his response.  But I remember the conversation regarding lunch.

Q.   He told you he did not want the interview recorded?

A.   Correct.  He did make some mention of that, yes.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 469 of 501
Case 3:08-cr-00134-RJC  Document 301  Filed 09/24/09  Page 146 of 121
**JA450**

CROSS-FLORES

Q.    But you were recording it?

A.    Yes.

Q.    You had a device that looked like a cell phone?

A.    That's not correct.

Q.    Did you not at some point during the interview tell him that the device that was recording it was a cell phone?

A.    No.

Q.    All right.

A.    The device -- there was a phone -- it was Detective Parshell's phone, which was visible.  He had taken it out and put it on the top of his notepad on the table in front of us, I believe.  But that was not the recorder.

Q.    Okay.  What was -- how were you recording it?

A.    Detective Parshell, I believe, had the recorder kind of in a flap of his notebook.

Q.    But you did that -- you were recording it, even though he asked you not to record it?

A.    That's correct.

Q.    And at some point later you told him that you weren't recording the interview --

A.    That's correct.

Q.    -- correct?

      He also expressed his concern, that speaking with you would affect his North Carolina case?

A.    Yes, sir.

Laura Andersen, RMR 704-350-7493

**JA451**

CROSS-FLORES

Q.   And you told him that it wouldn't?

A.   We told him we had no interest or involvement in the North Carolina case.

Q.   Okay.  But you also, on more than one occasion, told him that the conversation that you were having with him, would not affect his North Carolina case?

A.   I believe it was, again, in reference to, we had no involvement or no control in the North Carolina case.

Q.   But did you not during certain times specifically say, this is not going to affect your North Carolina case?

A.   I don't recall using those words, exactly.

Q.   When you did Mirandize him, you did it orally, correct?

A.   That's correct.

Q.   I assume you have written *Miranda* forms?

A.   We do.

Q.   Okay.  And you have them in Spanish?

A.   That's correct.

Q.   And you brought them with you?

A.   No, I don't believe we did.

Q.   Okay.  And so, you elected to do this without a written *Miranda* form?

A.   We had it recorded.  We thought that was sufficient.

Q.   All right.  And then you told him what his rights were.  And he said he understood them, correct?

A.   That's correct.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1    Filed 03/23/17   Page 471 of 501
Case 3:08-cr-00134-RJC   Document 346   Filed 09/24/09   Page 63 of 121
**JA452**

CROSS-FLORES

64

Q. And then when you asked him if he wanted to speak about it, he said, let's see about it?

A. That's correct. Followed up with, at the end, "si", Spanish for yes.

Q. And then after that he said, you will be explaining other things.

A. Correct. In reference to, he wanted a little more background as far as what we were wanting to question him about, in relation to the things from Los Angeles, as we had referenced.

Q. Now, at some point in the interview when you started talking about -- and for my purposes, I tend to refer to the July homicide as the Fairfax homicide, and the other one as the Lemon Park --

A. Lemon Grove.

Q. Lemon Grove Park homicide, is that okay with you?

A. Yes.

Q. When you were speaking with him about the -- you talked with him about the Fairfax homicide first, correct?

A. That's correct.

Q. All right. When you talked with him about that, at some point he indicated that he thought it was a smart thing for him to keep his mouth smart about that?

A. Yes. I believe that was in reference to, talking about the context of that part of the conversation was in relation

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 472 of 501
Case 3:08-cr-00134-RJC   Document 426-1   Filed 08/24/09   Page 64 of 121

JA453

CROSS-FLORES

to the way things -- gang works between here and the United States, in reference to his family, in reference to their safety, his safety --

Q.    Right.

A.    -- and that context.

Q.    Right.  Excuse me.  I'm sorry.  You did not ask him at that point if he was invoking his right to remain silent?

A.    We had Mirandized him, and the waiver.  He understood his rights.  It was my understanding that he understood what I had explained to him.  As had been previously read to him. He acknowledged his rights were read to him prior.  So my understanding was that he understood his rights.  He had acknowledged them and he had waived them freely.

Q.    That was your understanding?

A.    Yes, sir.

Q.    Okay.  Now, on several occasions you told him that you were aware of the facts of his North Carolina case?

A.    It was comment a few times in relation to knowing the facts or having an understanding of the case and the seriousness of this case here in North Carolina.

Q.    And you further went and told him that the case against him was very strong?

A.    That's correct.

Q.    And that he was going to spend the rest of his life in prison?

Laura Andersen, RMR 704-350-7493

**JA454**

CROSS-FLORES

A.   Yes, sir.  I believe that was commented that that was a possibility, that he would spend the rest of his life in prison.

Q.   Okay.  And that therefore he had nothing to lose by talking to you about your case?

A.   Correct.

Q.   That's how you wanted to get him to talk too you about the homicides, correct?

A.   We approached him in several fashions.  That, we kind of appealed to his humanity in different parts of the interview.  There were different techniques that we tried to appeal to him.

Q.   One of your techniques -- and he was resistant, correct?

A.   He was -- I wouldn't call it resistant, because he was talking.  And again, as I described it, he felt -- seemed very comfortable, his posture.  The ability that he was talking.  He had invoked or he had refused to talk to us or just walked out of the room.  We felt that he was talking. He seemed interested in what we wanted to talk about.  It seemed like he was being cooperative.  He didn't seem like he was being standoffish or in any way closing us out.

Q.   But he did keep talking with you, correct?

A.   Yes.

Q.   When you first questioned him about the homicide, he

Laura Andersen, RMR 704-350-7493

**JA455**

CROSS-FLORES

denied having any knowledge about it?

A.   That's correct.

Q.   And it was fairly long in the interview before he finally acknowledged anything regarding the Fairfax interview, correct?

A.   Correct, sir.  I've had many interviews that have gone much longer.  Generally the length of this interview didn't seem very unusual for me.

Q.   And as you said before, one of the techniques that you were doing to get him to talk about the Fairfax homicide, was by persuading him that he had nothing to lose, correct?

A.   Understanding that he was in a bad situation with his case here and the seriousness of the crime.  Possibly if he wanted to come clean and talk to us about the case in Los Angeles, understanding his rights, and we wanted to do that.

Q.   Did you know whether or not he had an attorney in his North Carolina cases?

A.   Yes, sir.  My understanding was that he was -- obviously, had been in custody for a period of time, and that he was represented by that point.

Q.   And you did not make any attempt to contact that attorney?

A.   No, sir.  We weren't -- again, we didn't come out here with the intent to talk to him about anything having to do with this case in North Carolina.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 475 of 501
Case 3:08-cr-00134-RJC  Document 58-1  Filed 09/24/09  Page 476 of 121 501
**JA456**

Q.   The total interview lasted what, almost four hours?

A.   No, sir.  Again, I'm just going off my recollection.  I believe it was about two hours and a half, maybe two hours and forty-five minutes.  I think I'm right.

Q.   Some of the things when you -- well, some of the other techniques that used as you would tell him things about your investigations that were not correct?

A.   We gave him some of the background.  We did give him some truthful information.  A lot of it was truthful, or factual, in relation to other persons that had talked to us about the Fairfax homicide, initially.  Some of the other details or evidence that we did have in hand in relation to that case.

Q.   For example, in speaking with him about the Fairfax homicide.  This is a homicide that involved an automobile, correct?

A.   Yes, sir.

Q.   And one of the things that you told him was that you had discovered his fingerprints in the automobile?

A.   That's correct.

Q.   And that was not true?

A.   That was not true.

Q.   There were also -- in this Fairfax homicide there were apparently five people present in the automobile; is that correct?

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 476 of 501
Case 3:08-cr-00134-RJC  Document 345-1  Filed 09/24/09  Page 68 of 121
JA457

CROSS-FLORES

A.   That's correct.

Q.   And you told him that everybody had given a statement; is that correct?

A.   That's correct.

Q.   That was not true?

A.   That was not true; not all.

Q.   Okay.  And in the Lemon Grove Park homicide, you had told him that an MS gang member named Sin (phonetic spelling) had provided a statement against him?

A.   That's correct.

Q.   And that was not true?

A.   That was not true.

Q.   And in the Lemon Grove Park homicide, you told him that there were non-co-defendant witnesses that had identified him; is that correct?

A.   Correct.  I believe we had identified other witnesses that came forward in relation to that case.

Q.   Nobody had identified him in that case?

A.   I believe there were some tentative I.D.'s, nothing solid or anything we would consider 100 percent I.D.

Q.   With regard to the Fairfax homicide, at one point he was saying that there were more people in the car than you believed in the car; is that correct?

A.   Correct.  He had identified or referenced a sixth person in the car.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 477 of 501
Case 3:08-cr-00134-RJC   Document 520-1   Filed 09/24/09   Page 69 of 121
JA458

CROSS-FLORES

Q.    In response to that you told him that there was a videotape showing that there were only three people in the back seat?

A.    I believe so, yes.

Q.    And that was not true?

A.    That was not true.

MR. BRYSON:  Your Honor, may I have a moment to speak with opposing counsel?

THE COURT:  You may.

(A brief pause was taken in the proceedings.)

MR. BRYSON:  I'm sorry.

Q.    You were aware when you came out here that he was being considered for federal prosecution in North Carolina?

A.    I don't believe I was 100 percent clear on who was prosecuting it.  I believe there were different entities that were involved in his arrest, my understanding.  As far as who in the end was going to prosecute the case, I don't think I was 100 percent clear on.

Q.    But you knew there was some consideration that the federal government might be taking the case?

A.    My understanding, again, a different understanding for me, as far as how law enforcement works here in this part of the country; these task forces, who takes the lead, who prosecutes which case, I wasn't aware of the way things worked here.

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 478 of 501
Case 3:08-cr-00134-RJC   Document 448   Filed 09/24/09   Page 70 of 121
**JA459**

CROSS-FLORES

MR. BRYSON:  Those are my questions, Your Honor.

THE COURT:  Any Redirect?

MS. ROSE:  No Redirect, Your Honor.  I would move to admit the four transcripts that were provided to the Court previously.

THE COURT:  Any objection?

MR. FOSTER:  No, Your Honor.

MR. BRYSON:  No.

THE COURT:  We'll admit that as government's what?

MS. ROSE:  One -- well, we've already had Government's 1 and 2.  I would move to admit those as 3, 4, 5 and 6.  Related to two transcripts from December 12th of '07.  Two transcripts from April 23rd of '08.

By consent, the parties -- with the parties, as the Court knows, those were provided previously.  But for the record we would move to admit those.

THE COURT:  Those are the transcripts attached to your motion or --

MS. ROSE:  They were not attached to the motion.  They were provided to the Court directly, I believe yesterday, with consent of the parties.  Just for the court's consideration.  Hopefully to assist the Court prior to this hearing.

But certainly the government is happy to provide other copies, mark them and formally place them in evidence,

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 479 of 501
Case 3:08-cr-00134-RJC  Document 484  Filed 09/24/09  Page 71 of 121
**JA460**

72

other than the ones Your Honor has already.

THE COURT:  I've got the copies in my stuff.  I'll just go ahead and separately mark them and make them part of the record.

Do I have Government's 1 and 2?  Did the witness leave them?

COURT CLERK:  Yeah.

THE COURT:  So I've got Government's 1, 2, 3, 4, 5 and 6.  But you will separately mark them as part of this proceeding.

MS. ROSE:  Yes, sir.

(Thereupon, Government Exhibit 3, 4, 5 & 6 were received into Evidence.)

THE COURT:  And Mr. Foster, did you admit Defendant's A?

MR. FOSTER:  I did not offer it, Your Honor.

THE COURT:  All right.  You may step down.

Call your next witness.

MS. ROSE:  No, Your Honor.  For purposes of this hearing, that would be the government's showing.

THE COURT:  Very well.  Does the defense have any witness they wish to call?

MR. FOSTER:  If we could have a moment, Your Honor.

THE COURT:  You may.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 480 of 501
Case 3:08-cr-00134-RJC  Document 58-1  Filed 09/24/09  Page 72 of 121

JA461

73

MR. BRYSON:  Your Honor, the government has given their consent and stipulation to our introduction of Defendant's Exhibits B, C and D.

Which I've marked Defendant's B is an assignment of counsel in the State homicide cases, December 19, 2007.

And C and D are copies of statements in the cases.

THE COURT:  Very will.  They will be admitted as evidence in this proceeding.

(Defendant's Exhibit Number B, C & D having been marked, was received in evidence.)

THE COURT:  Is that all the evidence from the defense side?

MR. BRYSON:  Yeah.

THE COURT:  I will be glad to hear from the government as to why you believe you met your burden to show by preponderance that the statements were voluntary.  And that the single photo was not impermissibly suggestive.

MR. NAZZARO:  Your Honor, with respect to the -- I'll first address the -- if it pleases the Court, with December -- with the Granados statement, the Angel Granados statement.

As we set forth, the test is really the totality of the circumstances.  I would also submit, Your Honor, that, I think it's also somewhat premature, even the cases that the Fourth Circuit, as we've cited in our brief, the

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC-DCK   Document 50-1   Filed 03/23/17   Page 481 of 501
Case 3:08-cr-00134-RJC   Document 482   Filed 09/24/09   Page 73 of 121

**JA462**

78

back.  I think that was the main focus.

It wasn't through some -- as some of the cases suggest, through some other motivation by the officers. That they were trying to hold him over to get at him to try to get a confession out of him for an extended period of time.  The actual interview was very short.  And arrangements were made very shortly thereafter to get him in front of a magistrate.

So I think that the case law that's cited in the brief, shows that that delay is not unreasonable, based on both the federal case law that was cited, and the State cases.

And I think things proceeded pretty much in accordance of how they normally proceed.  There wasn't any other motivation.  The only change was really the fact that he wasn't in the county.  And they did want to bring him so the proceedings could start.  Counsel could be appointed in Greensboro.  And I think that was the main motivating factor.  There wasn't any other reason for the delay.

THE COURT:  And April 23rd?

MS. ROSE:  As to the April 23rd, Your Honor, the same standards really apply, the totality of the circumstances.

The defense raised the issues in their motion that his waiver was not knowing or voluntary because law

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 482 of 501
Case 3:08-cr-00134-RJC  Document 484  Filed 09/24/09  Page 78 of 121

**JA463**

enforcement from L.A. tricked him, the Sixth Amendment rights were violated.

I think Your Honor heard here, and certainly clear, when Your Honor reviews the transcripts if you already have not, that the defendant was advised of his rights.

He was repeatedly told, we're not going to talk about your North Carolina cases. We understand you have serious charges here. We understand that, apparently the evidence here is strong. We're not here to talk about that. We're here to talk about California.

The defendant, during the entire interview was, as Agent Flores testified, very comfortable with the officers. Engaged in some banter with them. Conducted a -- performed a rap song for them. Any time he asked a question of them, they provided responses.

And this certainly wasn't a circumstance where his will was overborne in some way by the officers' conduct.

He was very clear in his waiver of *Miranda* rights. He said let's -- I would like some more information. Officer Flores provided that information.

The defendant continued with his discussions, and at no point at that time did he say, I want to end this, we're done. He continued to provide clear responses. He asked appropriate questions. It was a very engaging

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 483 of 501
Case 3:08-cr-00134-RJC  Document 454  Filed 09/24/09  Page 79 of 121
JA464

80

conversation between the agents and the defendant.  And certainly nothing to indicate that anything was done where his will would be overborne by their statements or their actions, or that there was any coercive activity of the part --

THE COURT:  They do appear to have misrepresented to him, certain investigative facts that may have impacted his statements to them.

MS. ROSE:  Well, the law is pretty clear, Your Honor, that, you know, trickery or deceit, or even officers, you know, telling interviewee, a defendant, or a subject lies, is not inappropriate until it reaches the point that it is so coercive that his will is overborne.

As you heard Detective Flores testify, much of the information that they provided him was truthful.  No, his fingerprints weren't in the car.  No, there wasn't a hard eyewitness identification.  Although there had been some preliminary identifications.

But the case law is very clear that, you know, the deceit can be used during the course of an interview with the defendant.

There are numerous cases where they'll go into interview somebody and say, your co-defendant has confessed and told us you did it.

Well, that may not be true.  But those cases have

Case 3:16-cv-00057-MOC    Document 50-1    Filed 03/23/17    Page 484 of 501
Case 3:08-cr-00134-RJC    Document 484    Filed 09/24/09    Page 80 of 121

JA465

said that until it reaches the point where that police activity is so coercive -- to be overbearing, it doesn't apply.

And the case law cited within the brief, Your Honor, specifically the *Braxton* case here out of the Fourth Circuit, and the *Cristobol* case, say that the mere existence of threats, violence, implied promises, improper influence, or other coercive police activity, does not automatically render a confession involuntary.

Once again, the Court goes back to the inquiry of, given the totality of the circumstances, what was the defendant's position at that time.

And I would submit to the Court that based upon what you heard from Detective Flores regarding the defendant's demeanor. The information provided. The discussions that he had with law enforcement. The information that he shared, which really wasn't a part of the cases that they were here, talked about El Salvador. They discussed various jails. They talked about his family. They talked about a number of topics about which this defendant was very comfortable discussing with them.

And so, I think Your Honor will see, not only from the testimony, but from the entirety of this interview as is demonstrated within the transcript, that this was not an overly-coercive or improper interview.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 485 of 501
Case 3:08-cr-00134-RJC   Document 484   Filed 09/24/09   Page 81 of 121
**JA466**

82

THE COURT:  Give me an example of what you think would be overly-coercive, in terms of the police use of misrepresentation to get the defendant's statement?

MS. ROSE:  What I think would be -- well, that's hard to say, because frankly as I said, the case law is really clear.  There are numerous examples within the case law.  One being, saying that the co-defendant confessed. Another being --

THE COURT:  See fingerprints all the time.

MS. ROSE:  Fingerprints.  You know, you've been identified as the person that was there.  There are witnesses.

I really can't think of an example, short of an extreme show of police force, whether the person is intimidated because of the sheer number of the officers, weapons being displayed.  You know, threats of something being done to their child.  Those would be examples where given all of those circumstances, potentially the activity could be coercive.  But nothing of the nature that's seen here, Your Honor.

THE COURT:  Thank you.

Mr. Foster, I don't know how you intend to break up the arguments.  I'll be glad to hear from you all.

MR. FOSTER:  Thank you, Your Honor.  I'll deal with the issue about delay in presentment.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 486 of 501
Case 3:08-cr-00134-RJC   Document 484   Filed 09/24/09   Page 82 of 121
**JA467**

89

procedure and.

And based on that, I think the Court should suppress that identification, and go further and prevent Mr. Granados from identifying him in court.

In fact, the subsequent interview with him the following day, didn't really yield any additional evidence, no significant change in his description. He still couldn't provide a name for him. Couldn't provide a nickname for him. And of course he's shown the exact same photograph which he was shown the day before. So I would argue that it only worsens the situation, rather than makes it any better.

Unless the Court had any specific questions about that, I will turn to the --

THE COURT: You may.

MR. BRYSON: Your Honor, I guess what I want to say, most importantly in my opening remarks, much of what we base our contention on here in this case is based on the content of the statement itself. And I think it is if -- it's a long transcript. You'll have two different versions. We primarily worked off the first version. Which is, I think they're identified -- the way it was sent to you is the one used for preparation of the motion versus the final version.

There is at least one substantive difference between the two. And it relates to the -- a quote that we

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC    Document 50-1    Filed 03/23/17    Page 487 of 501
Case 3:08-cr-00134-RJC    Document 454    Filed 09/24/09    Page 89 of 121
**JA468**

90

put in our memorandum from page 43, which is -- I'll just say the one that's on page 43 in my memorandum, is what we like, and is stronger than what you will read in the final version that you got.

Other than that, there are certainly some differences between the two transcripts. But generally they're fairly consistent.

Let me turn to the content of what I want to talk to the Court about.

We've alleged there are three grounds for suppression of this statement.

First, we've alleged that there's a *Miranda* violation. There is no waiver of this *Miranda* rights.

Second, that his right to counsel was violated in this statement.

And finally, that it is not a voluntary statement.

I will also say that there is actually some overlap between those three grounds as we go through this.

With regard to *Miranda*, I would very much disagree with the characterization of that statement that's been referred in the courtroom.

Again, you will read the transcripts. But you will see that he's read his *Miranda* rights. He's asked if he understands them. He says, yes. Then he's asked if he wants to speak about things. And he says, I already told

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 488 of 501
Case 3:08-cr-00134-RJC   Document 454   Filed 09/24/09   Page 90 of 121
**JA469**

you, let's see about it.

He's clearly not saying, yes.  He's saying, let's see about it.

The detective responds, okay.  Umana responds, yes.  The detective says, yes, with a question mark.  Okay.  Yes.  Then there's something unintelligible and he says before.  And the detective says, we'll see what goes on.  And the detective says, we'll see what goes on.  And Umana says, you will be explaining more things.

And I think it's very clear that he's saying, I'm not agreeing to speak with you.  What he's saying is, let's see what you have to say and then I'll decide whether or not to speak to you.

And later on in the interview when they get to this homicide and they start talking about it, he clearly says, look, this is the kind of thing that I'm supposed to keep my mouth shut about.

At no point detective ever go back and say, well, does that mean you're invoking your rights to counsel.  Does that mean you're invoking your right to remain silent.  They never get a clear waiver from him.  They just go from the point of, well, let's see about it and they go on.

And there's never a clear waiver.  And the case law is very clear, there's a presumption against waiver.  And the government has the burden of proving waiver.  And

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 489 of 501
Case 3:08-cr-00134-RJC  Document 454  Filed 09/24/09  Page 91 of 121
JA470

92

it's not been done in this case.

The other thing that's important to the Court to recognize when considering whether or not there's a waiver is, there are other factors involved in this case the Court has to consider.

One is, the evidence before the Court is that he's been in custody. By the time the detectives go to see him, he's been in custody since December 12th, 2007. So that's four or five months. He tells them he's been held in single cell isolation during that time. He hadn't had lunch that morning. These are all things that weigh against finding waiver.

Additionally, some of the things that we're going to argue when we get to voluntariness, is something that the Court has to consider in whether or not you find a voluntary waiver, some being the tricks employed.

But I would argue more importantly is, what is used to overcome his will. And I think one of the most egregious parts of this statement is, you have somebody that goes in, into this interview. And before he's ever Mirandized, he says, look, I don't want to do anything that's going to affect my case here in North Carolina.

And he is told repeatedly, look, the case against you in North Carolina is strong. You're done here. You're going to spend the rest of your life in prison. And

Laura Andersen, RMR 704-350-7493

**JA471**

93

everything we do here isn't going to affect you.  He's told that so that he will give a statement.  That's how they overcome his will to tell him that.

And I think it's very important that he's being told things about his case, where he has the right to counsel.  And his lawyer's not there.  He's not only being talked about, about his case, but he's being given legal advice about the case.  He's saying, you're done.  You're going to spend the rest of your life in prison.  You got nothing to lose by talking to us.

And that -- not only does that encourage him to talk, but it's wrong.  It's absolutely wrong.  He's being told very seriously false information.  We wouldn't be here if this was a case where life imprisonment was the --

THE COURT:  But at the time it was a State case in Gilford County.

MR. BRYSON:  Yes.

THE COURT:  Federal charges had not been brought.

MR. BRYSON:  That's correct.

THE COURT:  So it's literally true, in terms of it not impacting a case, which had -- then existing was a State case.

MR. BRYSON:  Well, I would disagree with that.  The reason why this statement is critical to this case, is because it's used as an aggravating circumstance to make him

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 491 of 501
Case 3:08-cr-00134-RJC   Document 45-1   Filed 09/24/09   Page 93 of 121

JA472

94

eligible for the death penalty.

Now, whether that could have been used as an aggravating circumstance in the State case, I don't know.

But it's certainly -- the idea that he's being told that this can't affect his case, I think is clearly, at least in retrospect, wrong. And I think the detective was aware that he was being considered for federal charges at that time.

So -- but this is how his will to speak was overcome.

And again, you will read the transcript. It goes on for a long time. And you will see, this is somebody who is not willing to admit to this. He is not willing to admit to this. But he is repeatedly, over, and over, and over, for an extended period of time told, look buddy, you got nothing to lose. Go ahead and talk to us. You got nothing to lose. Everything's fine. You're going to spend the rest of your life in prison anyway, why not go ahead and admit to this.

And that goes -- I already made my argument.

That goes to the right of counsel. I mean, he clearly, he was appointed a lawyer. He had the right to counsel in the North Carolina cases. And they talked to him about the North Carolina cases.

I mean, I realize that it's case specific. The

Case 3:16-cv-00057-MOC Document 50-1   Filed 03/23/17   Page 492 of 501
Case 3:08-cr-00134-RJC   Document 264-1   Filed 09/24/09   Page 94 of 121

**JA473**

95

right to counsel is case specific. And they could have gone in there and talked to him about nothing but the California cases, but they didn't do that. They did talk to him about --

THE COURT: They said things about the North Carolina case either, that they weren't there to talk about it, or that it was strong. Or what -- what statements, if any, did the defendant make about the North Carolina case that you believe are protected by the right to counsel?

I mean, the fact -- is your argument the fact that they even mention the North Carolina case violates the right to counsel?

MR. BRYSON: Well, and I think there are parts in here where he does talk about the North Carolina case, without question. That's not what, you know, I'm not seeking simply to exercise that portion of the statement.

My argument is, that they were talking to him about the case. And more than just -- and I think the worst part of it is that they were saying to him, we know about your case. We've looked at the evidence. And, you know, you're done. You're going to spend the rest of your life in prison.

So, I mean, they are specifically talking about the case. They are giving him legal advice on the case. That because of where he stands in this case, it's okay to

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC-DCK   Document 50-1   Filed 03/23/17   Page 493 of 501
Case 5:08-cr-00134-RJC   Document 454   Filed 09/24/09   Page 95 of 121
**JA474**

96

talk to us about this case.

But I think there are also places where -- at one point they make an analogy. They go, look, the case we're talking about is just like -- is just like your case here in North Carolina. And I think that is just another example of where they go on and they talk to him about the North Carolina case. And I think it completely defies his right to counsel.

And, of course, turning to the element of voluntariness, and again I've already said much of what I need to say on the element of voluntariness, and that is, this is how his will was overcome. He was told things that were not true, not correct, in order to get him talking.

And I think if you look at the statement in total, you'll see they go out there, they don't Mirandize him right away. They get him talking. They feed him a lot of information. And then they read him his *Miranda* rights. They don't get an unequivocal waiver. And then they just keep going.

And during this time they make, as I've said, all these comments about what's going to happen to him. How he's got nothing to lose. He'll spend his life in prison.

And then of course you also have the tricks. He's very -- before he's ever Mirandized, one of the first thing he says, look, it's very important that you not record this.

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 494 of 501
Case 3:08-cr-00134-RJC   Document 45-1   Filed 08/24/09   Page 96 of 121
JA475

And of course they were recording it. And they were not truthful with him about it. And even had some rouge at some point later in the --

THE COURT: Isn't it pretty clear from the transcript that he's aware, that he doesn't want them to record. That he is aware that they are recording.

MR. BRYSON: He makes a statement at the end of the thing, and he says, well, you're probably recording it anyway. Yes, that's correct.

But he -- but they also -- they talk to him about the fingerprints being found in the car when there were no fingerprints.

They talk to him about, they say all the co-defendants in the Fairfax case have given a statement. And that's not true. In fact, the one guy who was never charged in this, was the one guy who never made a statement.

They talked to him about who had provided him statements. They tell him that this guy Sin had made a statement against him. And that wasn't true.

They talked to him about there being independent witnesses in the Lemon Grove Park case. And that wasn't true.

At some point he was talking about how many people are in the back seat of the car. And they tell him about this video. And that's not true.

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 495 of 501
Case 3:08-cr-00134-RJC  Document 454  Filed 08/24/09  Page 97 of 121

JA476

So looking at the voluntariness, you have to add up all these things. All the tricks that are used against him. Plus the fact that he's being told things that are not true. He's being talked to about his North Carolina case, in spite of -- in violation of his right to counsel. And all these things add up to a statement that's not voluntary.

If they had gone in there and been candid with him about what his circumstances were. And read him his *Miranda* rights. I think we wouldn't be here today. I think his will was overcome, and overborne by false promises, and trickery, and deceit.

THE COURT: Thank you.

MR. BRYSON: Thank you.

THE COURT: Well, I have read the briefs. I've read the transcripts that have been provided. I've listened to the testimony of two witnesses. And I've considered the exhibits that have been admitted in the hearing today.

With respect to the December 12th statement, I'm not sure that there's any law enforcement conduct at all, that would require sanctioning, in terms of excluding evidence at trial.

I listened carefully to the testimony of Sergeant Terry. I found his testimony to be credible.

It appears to the Court that shortly after being notified that a defendant for whom he had warrants against

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC  Document 50-1  Filed 03/23/17  Page 496 of 501
Case 3:08-cr-00134-RJC  Document 46-7  Filed 08/24/09  Page 98 of 121
**JA477**

had been arrested in Mecklenburg County.  That he jumped in a car, came down to Mecklenburg County.  And despite heavy traffic, got here -- left shortly after he was notified.  His words, came as fast as he could.  There to serve the warrants as soon as I could.  And did an interview with him five hours after the arrest of the defendant, notwithstanding the fact that when he was notified he was 90 miles away, and coming to Charlotte in heavy traffic.

I just don't think that there's a requirement that the defendant be presented to a local magistrate, rather than the steps taken by law enforcement in this case.

And I find persuasive that Sergeant Terry was doing what he could to serve these warrants in a expeditious fashion.

The fact that it took more than a day to transport a defendant, believed to be dangerous, back to Guilford County for further prosecution, again, there was nothing in any of that that the Court finds to be unnecessary or unreasonable with respect to the delay.

It seems like the kind of law enforcement that is efficient and effective and not to be penalized.

So when I look at the totality of the circumstances, do not find unnecessary presentment, delay.  Don't find law enforcement conduct to sanction.  Totality of the circumstances would indicate to me that the defendant's

Laura Andersen, RMR 704-350-7493

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 497 of 501
Case 3:08-cr-00134-RJC   Document 45-4   Filed 09/24/09   Page 99 of 121

JA478

will was not overborne. That an interview that began within five hours of arrest, falls within time periods that courts have readily found adequate. I don't think the defendant's will was overborne. I don't think his capacity for self-determination was critically impaired by any conduct of law enforcement in this case.

With respect to the suggestibility of the photograph. I think, again, this is a totality of the circumstances analysis.

If the government, at trial, lays a foundation that I heard in the evidentiary presentation today, I would find that there was no impermissible suggestiveness. I would base that upon the credible testimony of the witness. That the person to whom the photograph was shown, was somebody who had spent a portion of time at a restaurant with the defendant. Had seen him, at least twice on two other occasions. Had described a very distinctive facial appearance involving tattoos between the eyes.

And this combination of prior relationship, substantial opportunity to observe the defendant on the day in question. And the distinctiveness of the description, all indicate to me that there was no impermissible suggestiveness that would give rise to the likelihood of irreparable misidentification.

Again, it's up to the government to lay that

Laura Andersen, RMR 704-350-7493

101

foundation at trial, before I would permit an in-court identification.

But if the foundation is as described at this hearing, the Court would find that there was no impermissible suggestiveness, and would allow the in-court identification.

With respect to the April '08 interview. The evidence I've heard, the transcripts that I've read, analyzed under the totality of the circumstances, gives me more pause.

It seems that the -- there were statements made about the North Carolina case, although some of them were fairly innocuous. Including the fact that the detective was not there to talk about the North Carolina case. I found the testimony of Detective Flores to be persuasive. That he was here to talk about the L.A. crimes that he was investigating.

I think that his statement that the North Carolina case was strong, is a factor that the Court considers in terms of whether the defendant's will was overborne. And that coupled with the misrepresentation of investigative facts. Although, such misrepresentations standing alone is generally held to be insufficient in terms of overbearing a defendant's will. But when coupled with statements that the North Carolina case was strong, that it wouldn't affect the

Laura Andersen, RMR 704-350-7493

**JA480**

North Carolina case.  And indications by the defendant that he didn't wish for them -- for the interview to be recorded, are all factors that tend towards showing some degree of coerciveness.

But when the Court conducts a totality of the circumstances analysis, it appears to the Court that the credible testimony of the officer was that he was there for the purpose of investigating the California crimes.  That he limited his questioning to those crimes.

The fact that -- I'm persuaded by the transcript that the *Miranda* warnings were discussed.  That although the defendant appeared at one point to be equivocal when he said, let's see about that.  He did acknowledge, "si".  An answer in Spanish to further questioning and continued to talk; did not invoke.

And showed by his demeanor, which I found the officer to be, again, credible in his testimony that he was at ease, sufficiently at ease to even sing a rap song during the interview.  The transcript appears to me to be conversational, and the defendant's will does not appear to be overborne.  I do not find a violation of the *Miranda* rights.  I do not find a violation of the right to counsel.

When I conduct a voluntariness and knowing analysis, it appears to the Court that the defendant's will was not overborne.  And his capacity for self-determination

Case 3:16-cv-00057-MOC   Document 50-1   Filed 03/23/17   Page 500 of 501
Case 3:08-cr-00734-RJC   Document 281   Filed 09/24/09   Page 102 of 121

**JA481**

103

was not critically impaired.

It appears to me from reading the transcript, that the defendant was comfortable and conversational.

And again, the totality of circumstances review, leads me to conclude that there wasn't a constitutional violation here.

So I will deny the Defendant's Motion to Suppress on all grounds, for the reasons stated.

Do you all need a break before we talk about other issues, or do you want to go right into -- I want to talk to you about the jury selection process, and the Defendant's Motion to Continue.  And that will take some time.  But do you want to take a break now or do you want to keep going.

MR. FOSTER:  We're fine, Your Honor.  We can keep going.

THE COURT:  A very critically important person in this process does need to take a break.  And we will take a 15 minute recess and come back at 12:00.

(Recess.)

THE COURT:  All right.  We're back in session with respect to the United States V Umana case.  And I came back in session to talk about a couple of pending things.  One is the Defendant's Motion to Continue the trial.  And the other one is the jury selection issue.  There may be others that counsel have for the Court.  But I did want to discuss these

Laura Andersen, RMR 704-350-7493

**JA482**