## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,

          Movant,

     v.

UNITED STATES,

          Respondent.

3:16-CV-00057-RJC

CAPITAL § 2255 PROCEEDING

HON. ROBERT J. CONRAD, JR.

**MOTION FOR EXTENSION OF TIME IN WHICH TO REPLY TO THE GOVERNMENT'S RESPONSE TO UMAÑA'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Petitioner, Alejandro Umaña, through undersigned counsel, hereby moves this Court for an extension of time in which to reply to the Government's Response to Umaña's Motion for Leave to Conduct Discovery (Doc. 50) and in support thereof states the following:

1.      Mr. Umaña is an indigent, death-sentenced federal prisoner.  His timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Convictions and Sentences of a Person in Federal Custody was filed by court-appointed counsel Kenneth Rose, of the Center for Death Penalty Litigation, and Zandra Lopez, of the Federal Defenders of San Diego, Inc., on June 22, 2016.  Doc. 22.

2.      On October 21, 2016, Attorneys Rose and Lopez filed Mr. Umaña's Initial Motion for Leave to Conduct Discovery and Incorporated Memorandum. Doc. 36.

3.      On January 30, 2017, Mr. Umaña filed a Motion for Substitution of Counsel. Doc. 48.  Attorney Rose, who had served as lead counsel since the beginning of the 2255 proceedings, sought to withdraw due to changed personal and professional circumstances that prevented him from devoting the necessary time to Mr. Umaña's case. *Id.* at 2. Mr. Umaña sought appointment of the Federal Public Defender's Office for the Middle District of Pennsylvania to assume Attorney

1

Rose's role as lead counsel. *Id.* at 2-4. On February 22, 2017, this Court granted Mr. Umaña's Motion for Substitution of Counsel, relieved Attorney Rose of his duties, and appointed the Harrisburg Federal Defenders, Kelly Miller appearing. Doc. 49.

4.  On March 23, 2017, the Government filed its Response to Umaña's Motion for Leave to Conduct Discovery, Doc. 50  In addition to various substantive responses, the Government alleged that several of the claims raised in his 2255 Motion are procedurally defaulted because they could have been, but were not, raised on direct appeal. *Id.* at 56, 63, 110, 113-14.

5.  Until this Court appointed the Harrisburg Federal Defenders, Mr. Umaña's 2255 counsel were the same as his direct appeal counsel – the Center for Death Penalty Litigation and the San Diego Federal Defenders. *See Umaña v. United States*, No. 10-6, Order (4th Cir. Oct. 14, 2010) (appointing Malcom Ray Hunter, then-Executive Director of the North Carolina Center for Death Penalty Litigation, as lead counsel and the San Diego Federal Defenders as co-counsel for Mr. Umaña's direct appeal); *United States v. Umaña*, 3:08-cr-134, Doc. 1621 (appointing the San Diego Federal Defenders and Kenneth J. Rose, of the Center for Death Penalty Litigation, to represent Mr. Umaña in the 2255 proceedings).  This provided not only for continuity of counsel but also allowed the team to proceed efficiently and productively given their familiarity with the large trial record.

6.  However, neither the San Diego Federal Defenders nor Attorney Rose, of CDPL, could be reasonably expected to investigate, develop, or assert claims of their own ineffectiveness, if any such claims in fact exist. *See Christeson v. Roper*, 135 S.Ct. 891, 894 (2015).

7.  The Harrisburg Federal Defender is the first attorney appointed to this case who would be able to conduct such an inquiry. As such, the Harrisburg Federal Defender is duty-bound to become fully-acquainted with all prior proceedings, ABA Guideline 6.1, Commentary, ABA

Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, ("ABA Guidelines"), 31 Hofstra L. Rev. 913, 968 (2003), and, in light of the Government's assertions in its discovery Response, investigate to determine whether there are potentially meritorious claims of ineffective assistance of appellate counsel that must be raised on Mr. Umaña's behalf. ABA Guideline 10.8 ("The Duty To Assert Legal Claims"), *id*. at 1028; ABA Guideline 10.15.1, Commentary, *id*. at 1086 ("As with every other stage of capital proceedings, collateral counsel has a duty in accordance with Guideline 10.8 to raise and preserve all arguably meritorious issues.").

8. Counsel believe that it would be premature and contrary to the interests of justice to take any action based on the Government's allegations until the Harrisburg Federal Defenders have had an opportunity to conduct that independent investigation into whether potentially meritorious claims of ineffective assistance of appellate counsel exist. The San Diego Federal Defenders have been representing Mr. Umaña on direct appeal and in these 2255 proceedings since October 14, 2010. They are uniquely familiar with the voluminous record and the post-conviction evidence and witnesses and have a long established attorney-client relationship with Mr. Umaña. If, after independent investigation, the Harrisburg Federal Defenders determine that there are no potentially meritorious claims of appellate ineffectiveness that must be raised, no further action is necessary and 18 U.S.C. § 3599(e)'s presumption of continuity of counsel controls.[1]

9. Because this is a complex case with a voluminous record, newly appointed counsel cannot realistically be expected to conduct, by April 24, 2017, an independent investigation and

---

[1] It would also be premature to consider what actions might become necessary (e.g., a firewall, replacement) should new counsel determine that there are claims of appellate ineffectiveness to be made. There may be no such need at all after a full examination of the record is undertaken.

assessment of whether there are potentially meritorious claims of ineffective assistance of appellate counsel. Moreover, because the Government's discovery Response directly places appellate counsel's possible ineffectiveness at issue, counsel cannot reply until they have conducted that independent investigation. Thus, Mr. Umaña is requesting a 90-day extension of time to reply to the Government's discovery Response.

10.    On April 12, 2017, undersigned counsel contacted counsel for the Government, who, on April 13, indicated that the Government opposes Mr. Umaña's request.

WHEREFORE, Mr. Umaña respectfully requests that this Court grant his Motion for Extension of Time in Which to Reply to the Government's Response to Umaña's Motion for Leave to Conduct Discovery.

Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

*/s/ Zandra L. Lopez*
ZANDRA L. LOPEZ
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5030
Tel: 619-234-8467
Zandra_Lopez@fd.org

Dated: April 14, 2017

4

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing Motion for

Extension of Time with the Clerk of Court using the CM/ECF system and a copy of the foregoing

document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

*/S/ KELLY D. MILLER*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: April 14, 2017

5