IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:16CV57-RJC

ALEJANDRO RAMIREZ UMAÑA )
)
Movant, )
)
vs. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )

**RESPONSE OF THE UNITED STATES TO
UMAÑA'S MOTION TO RECUSE THE TRIAL JUDGE**

This court should reject Alejandro Ramirez Umaña's effort to remove

Judge Conrad from this 2255 proceeding. The rules governing 2255 proceedings

specify that Judge Conrad is to preside over this postconviction action, because

he is "the judge who conducted the trial and imposed sentence," R. Governing

2255 Proceedings 4(a). Umaña motion is untimely, to an extraordinary degree.

And the fact that Judge Conrad served as United States Attorney fourteen years

ago, before Umana even entered the United States, is no basis for recusal. The

United States Attorney's Office did not open the matter that led to Umana's

prosecution until years after Judge Conrad left the office.

"[T]here is as much obligation upon a judge not to recuse himself when

there is no occasion as there is for him to do so when there is." *Nakell v. Att'y

Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994). This Court should, therefore, deny

Umaña's motion to recuse Judge Conrad.

## BACKGROUND

The United States district judge who presided over Umaña's criminal case and presides over Umaña's 2255 action, Hon. Robert J. Conrad Jr., served as United States Attorney for the Western District of North Carolina from 2001 until June 1, 2004. *United States v. Miller*, 221 F. App'x 182, 184 (4th Cir. 2007) (unpublished decision) (rejecting an argument that Judge Conrad erred by declining to recuse himself from a case involving a defendant on whom the U.S. Attorney's Office opened a file on June 28, 2004.) More than four months after Judge Conrad left the United States Attorney's office, on October 26, 2004, Umaña left El Salvador and first entered the United States. (Exhibit 1 to United States' Response to Motion for Discovery (Doc. No. 50, 3:16CV57), Mar. 23, 2017 (hereinafter "Gov't Exh. 1"), at 818, 2751, 4031.) Umaña was a member of MS-13, a "transnational" gang organization, "with groups, or 'cliques,' across the United States, in Canada, and in Central America." *United States v. Umaña*, 750 F.3d 320, 329 (4th Cir. 2014). In September of 2006, more than two years after Judge Conrad left the office, the United States Attorney's Office for the Western District of North Carolina first opened the file under which Umaña and a number of other individuals were eventually indicted.[1]

---

[1] A statement by the United States Attorney's Office about when its involvement in a case began is sufficient to enable a district judge to determine whether to recuse or disqualify himself based on his prior service as United States Attorney. *See United States v. Norwood*, 854 F.3d 469, 471 (8th Cir. 2017).

The grand jury indicted Umaña on June 23, 2008, in the criminal case that resulted in the conviction and sentence that he challenges in this 2255 proceeding. (Doc. No. 3, 3:08CR134.) This Court severed Umaña from his cohorts for trial. (Gov't Exh. 1, at 72–73.) In early 2010, Judge Conrad presided over a jury trial involving six of the defendants indicted with Umaña (*id.* at 102–03), "all members of MS-13," *United States v. Fernandez*, 526 F. App'x 270, 274 (4th Cir. 2013). Judge Conrad presided over Umaña's trial later the same year. (Gov't Exh. 1, at 110–11.) A host of other defendants pleaded guilty. (*Id.* at 72–97.)

Umaña's criminal case before this Court involved 26 different defendants. (*Id.* at 46.) Nearly three dozen criminal defense attorneys appeared in the case, which was assigned to Judge Conrad from its inception. (*Id.* at 1–56.) None of those attorneys or defendants appear to have sought Judge Conrad's recusal or disqualification during the criminal case.

The Court of Appeals for the Fourth Circuit affirmed Umaña's conviction and sentence in April of 2014. *Id. at* 360. In June of 2015, while Umaña's petition for a writ of certiorari was pending before the United States Supreme Court, Umaña's postconviction attorneys moved to be appointed as counsel in his 2255 proceedings, directing their motion to "Hon. Robert J. Conrad Jr." (Doc. No. 1618, 3:08CR134.)

On June 22, 2016, Umaña moved to vacate his conviction and sentence under 28 U.S.C. § 2255. Since that time, this Court has, among other things,

3

denied a motion by Umaña for leave to conduct pre-motion discovery (Doc. No. 30), and entered an order rejecting his claim that his convictions and death sentences are unconstitutional in the light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (Doc. No. 46). On February 22, 2018, Umaña filed the recusal motion currently before this Court.

## DISCUSSION

This Court should reject Umaña's motion to recuse Judge Conrad. His motion is untimely, by many years. And it is meritless.

### A. Umaña's motion for recusal is untimely.

"Timeliness is an essential element of a recusal motion," and Umaña's motion does not come close to meeting it. *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990); *Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 168 (4th Cir. 2014). Umaña was required to raise any basis for recusal "at the earliest moment after knowledge of the facts." *Owens*, 902 F.2d at 1156 (quoting *Satterfield v. Edenton-Chowan Bd. of Ed.*, 530 F.2d 567, 574–75 (4th Cir. 1975)). In support of his motion, Umaña cites public records, newspaper articles, and pretrial-discovery documents for the unremarkable propositions that Judge Conrad served as United States Attorney fourteen years ago, and law-enforcement agencies who work with the United States Attorney's office were investigating gang activities at the time. (Recusal Mot. 1–4.) Umaña filed his recusal motion *years* after knowledge of the relevant facts, well after the "earliest moment." *Owens*, 902 F.2d at 1156.

4

The facts on which Umaña bases his motion have been "public knowledge," *Kolon Indus., Inc.* 748 F.3d at 170, and readily available to him for at least 8 years. And Umaña knew from the beginning of his criminal case that Judge Conrad would preside over any 2255 motion, because the rule requires it. R. Governing 2255 Proceedings 4(a). If Umaña wished to seek Judge Conrad's recusal based on his service as United States Attorney, Umaña should have done so shortly after he was indicted in his criminal case, well before he was convicted and sentenced to death. "A defendant cannot take his chances with a judge and then, if he thinks that the sentence is too severe, secure a disqualification and a hearing before another judge." *Owens*, 902 F.2d at 1156.

Entertaining a recusal motion at this late date would contradict Fourth Circuit precedent and encourage manipulation of the judicial process. *See Kolon Indus., Inc.*, 748 F.3d at 171. Even if this court were to measure the timeliness of Umaña's motion from the appointment of postconviction counsel in June of 2015, nearly three years ago, or the filing of Umaña's 2255 motion in June of 2016, nearly two years ago, his motion would be well beyond too late. *Kolon Indus., Inc.*, 748 F.3d at 171 (party who raised recusal nearly a year after relevant facts became known "quite clearly failed" to timely raise recusal motion). In this postconviction proceeding alone, Umaña waited until after this Court performed significant work and ruled against him on multiple occasions. (*See* Doc. Nos. 30, 46, 3:16CV57). The timeliness requirement exists to prevent this very practice. *Owens*, 902 F.2d at 1156 ("Promptness in asserting disqualification is required to

5

prevent a party from awaiting the outcome before taking action." (quoting *Davis v. Cities Service Oil Co.*, 420 F.2d 1278, 1282 (4th Cir. 1990))).

Umaña's contention that claims of "judicial disqualification" can "be raised at any time" is misplaced. (Recusal Mot. 5 (citing *Fowler v. Butts*, 829 F.3d 788, 794–75 (7th Cir. 2016).) The law in this circuit "includes a timely-filing requirement" for recusal motions. *Kolon Indus., Inc.*, 748 F.3d at 167. The Fourth Circuit has explicitly declined to adopt Seventh Circuit precedent to the extent that it rejects such a requirement. *Id.* at 169; *see also Owens*, 902 F.2d at 1156.

Also misplaced is Umaña's assertion that his motion is somehow timely because he has contemporaneously moved to amend his 2255 motion to allege "judicial bias." (2255 Mot. 6.) Umaña was required to raise recusal or disqualification "at the earliest moment after knowledge of the *facts*." *Owens*, 902 F.2d at 1156 (emphasis added). The purported facts that Umaña asserts in his supplemental 2255 motion are the same facts that he presents in support of this recusal motion. (Doc. No. 71, 3:16CV57, at 86–91.) Those facts have been readily available and known to him for years.

Umaña's decision to wait until now to allege judicial bias is a *violation* of the timeliness requirement, not a ground for relief from it. *Kolon Indus., Inc.* 748 F.3d at 170. Moreover, an allegation of judicial bias in a proposed supplemental 2255 motion is not a basis for recusal of the trial judge from this 2255 proceeding. Judge Conrad can properly consider postconviction claims of trial error related to

6

judicial disqualification no less than he can properly consider "in the first instance . . . whether to disqualify himself." *In re Basciano*, 542 F.3d 950, 955–56 (2d Cir. 2008).[2]

Finally, Umaña's attempt to blame "prior counsel" for the extraordinarily late timing of his motion offers him no help. (*Cf.* Recusal Mot. 6.) Umaña's current attorneys, including one of the attorneys who signed his recusal motion, have represented Umaña for more than *four years. See Br. of Appellant*, *United States v. Umaña*, No. 10-6, at 151 (4th Cir. Filed Sept. 3, 2013.) None of Umaña's attorneys brought this recusal motion at the "at the earliest moment." *Owens*, 902 F.2d at 1156.[3]

---

[2] Arguments that Umaña's 2255 motion should be granted because the trial judge erroneously omitted to recuse himself or his attorneys were constitutionally deficient for omitting to raise the issue are subject to the ordinary rules governing postconviction litigation, including the statute of limitations, 28 U.S.C. § 2255(f)(1), the procedural-default rule, *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010), and the rule permitting postconviction review only of cognizable claims, *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). Because Umaña did not assert his judicial-bias theory during his criminal case, on direct appeal, or before the statute of limitations ran on his 2255 motion, this Court will probably not need to reach the merits of it.

[3] Umaña also cites no authority holding that "ineffective assistance of counsel" (Recusal Mot. 6), a freestanding claim, would excuse the untimeliness of his recusal motion. And, in any event, Umaña's prior attorneys were not constitutionally deficient for omitting to seek Judge Conrad's recusal. Umaña cannot establish that "no competent attorney would think a motion" to disqualify "would have failed." *Premo v. Moore*, 562 U.S. 115, 123 (2011). Nor can he establish the requisite prejudice in the form of a reasonable probability that the outcome of his trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). As explained below, a motion for disqualification or recusal would be meritless. And Umaña could only speculate that a different judge would have "ruled more favorably," *Carabajal v. Lemaster*, 52 F. App'x 473, 475

**B. Umaña has not identified any basis for recusal or disqualification of the trial judge.**

Even if Umaña's recusal motion were not years too late, it is without merit. "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010) (quoting *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992)). Even if Umaña were able to prove all of the facts he alleges in his recusal motion, he would not come close to establishing a basis for Judge Conrad's recusal under any of the three sections of the judicial disqualification statute that he cites, 28 U.S.C. §§ 455(a), (b)(1), (b)(3), or the Due Process Clause of the Constitution.

**1. Umana has not identified any basis for recusal under the statute governing judges who previously served in governmental employment, 28 U.S.C. § 455(b)(3).**

Judge Conrad need not disqualify himself under section 455(b)(3), which applies to judges who have "served in governmental employment," because he has not "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). The proper application of this statute to former United States attorneys is well established. "Under this standard, a party

---

(10th Cir. 2002) (unpublished decision), let alone that Umaña would not have been convicted or "sentenced to death," *Buckner v. Polk*, 453 F.3d 195, 201 (4th Cir. 2006).

seeking recusal must show that the judge while serving as U.S. Attorney actually participated as counsel for the government in investigating or prosecuting the specific conspiracy underlying the present indictment." *United States v. Norwood*, 854 F.3d 469, 472 (8th Cir. 2017).

Judge Conrad did not participate as counsel concerning "the proceeding" while United States Attorney. 28 U.S.C. § 455(b)(3). *Cf. Br. of Appellant* 4. "[T]he investigation and prosecution" of Umaña's "conspiracy offense occurred after" Judge Conrad "was U.S. Attorney." *Norwood*, 854 F.3d at 472. "[T]he case" was not "under either investigation or active prosecution" by the United States Attorney's Office before September of 2006, when the United States opened the file associated with the investigation of the conspiracy in which Umana participated. *Miller*, 221 F. App'x at 186. That date is more than two years after Judge Conrad's departure. *Miller*, 221 F. App'x at 186 (recusal not required from matter "not referred to the U.S. Attorney's office until three weeks after Judge Conrad left for private practice."). And the first indictment in Umaña's criminal case was not returned until more than four years after Judge Conrad left the United States Attorney's Office.

Umaña's allegations describe no basis for recusal. That some part of "the RICO conspiracy" offense in which Umaña and his cohorts were involved occurred while Judge Conrad was United States Attorney (Recusal Mot. 2) is no basis for recusal. "[D]isqualification" is not required "merely because some part of the offense was committed while the judge was the United States Attorney, if he

9

left that position before that office's investigation of the offense began." *United States v. Thompson*, 76 F.3d 442, 450–51 (2d Cir. 1996); *Norwood*, 853 F.3d at 470.

The extent to which law-enforcement entities that work closely with the United States Attorney's Office investigated other members of MS-13 while Judge Conrad served as United States Attorney (Recusal Mot. 2) is irrelevant. *See Norwood*, 855 F.3d at 471 (judge not disqualified from presiding over case involving conspiracy that was part of a "nationwide counterfeit check ring" that was under investigation by federal law enforcement while she was U.S. Attorney). Even if "Judge Conrad [had been] a United States Attorney while the FBI investigated" Umaña personally, that fact would not assist Umaña. *Miller*, 221 F. App'x at 185. "The U.S. Attorney's office and the FBI" and other law-enforcement organizations "are organizationally distinct." *Id.* "[N]o basis" exists "to warrant viewing the United States Attorney as 'counsel, adviser or material witness' in an investigation prior to the arrival of the matter in his or her office." *Id.*; *see also Norwood*, 855 F.3d at 471.

Umaña's suggestion that some of his *cohorts* had been arrested and prosecuted on different federal charges in the early 2000s while Judge Conrad was United States Attorney (Recusal Mot. 2–4) also would not support recusal. "*The proceeding*" under 28 U.S.C. § 455(b)(3) means "*the current proceeding*" — this 2255 proceeding, or, at the earliest, the proceeding involving the charges brought against Umaña in and after June of 2008. *United States v. Lara*

10

*Unzueta*, 735 F.3d 954, 959 (7th Cir. 2013) (emphasis in original); *see also*

*Norwood*, 854 F.3d at 471–72 (recusal not warranted absent participation in

investigating or prosecuting "the specific conspiracy underlying the present

indictment"). Even if Umaña *himself* had previously been prosecuted by the

United States Attorney's Office in earlier proceedings in 2003 or 2004 with Judge

Conrad at the helm, Judge Conrad would not be disqualified from presiding over

the proceeding on Umaña's 2008 charges. *United States v. Gipson*, 835 F.2d

1323, 1324 (10th Cir. 1988) (recusal not required where "the judge had been the

United States Attorney at a time when defendant had been convicted of an

offense similar to those for which he stood charged."). Umaña, of course, had not

even entered the United States at the time Judge Conrad left the United States

Attorney's office.

2.      **Umaña has not identified any "personal bias or prejudice" against Umaña or extrajudicial "knowledge of disputed evidentiary facts" that would require recusal under 28 U.S.C. § 455(b)(1).**

Umaña alleges nothing that comes close to supporting his argument that

Judge Conrad "has a personal bias or prejudice concerning" Umaña or "personal

knowledge of disputed evidentiary facts concerning the proceeding." (Recusal

Mot. 4 (quoting 28 U.S.C. § 455(b)(1)).[4] "Recusal under Section 455(b)(1) 'is

---

[4] "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 553 (1994). So the fact that the judge who presides

11

required only if actual bias or prejudice is proved by compelling evidence." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1026 (7th Cir. 2000). Umaña has not even alleged any facts that, if proved, would establish that Judge Conrad has personal, extrajudicial knowledge of disputed facts or that he harbors "personal animus or malice" against Umaña that a "fair-minded person could not entirely set aside." *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002).

### 3. Umaña has not identified any reasonable basis for questioning Judge Conrad's impartiality, so recusal is not warranted under 28 U.S.C. § 455(a).

Judge Conrad is not subject to recusal under 28 U.S.C. § 455(a) because "his impartiality" may not "be reasonably questioned." This provision's "objective standard" does "not require a judge to recuse himself because of 'unsupported, irrational, or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). Judge Conrad ended his tenure as United States attorney before Umaña first entered the United States and years before the United States Attorney's Office became involved in the matter that led to his indictment. A "reasonable outside observer, aware of all the facts and circumstances of this case, would not question" Judge Conrad's "impartiality" because other members of Umaña's decades-old transnational gang were

---

over this 2255 proceeding also presided over Umaña's criminal case, as specified by rule, is not a basis for disqualification. *See* R. Governing 2255 Proceedings 4(a); *United States v. Owen*, No. 1:09CR38-HSO-JMR, 2013 WL 12226542, at *2 (S.D. Miss. Apr. 16, 2013).

12

potentially under police investigation in other matters at the time of the judge's

service as United States Attorney. *Id.*; *Miller*, 221 F. App'x at 185 (rejecting

argument that Judge Conrad's recusal was warranted under section 455(a));

*Norwood*, 854 F.3d at 472 (rejecting argument for recusal of former United States

Attorney under section 455(a)).

### 4. Umana has not identified anything close to the kind of extreme circumstances under which the Constitution would compel judicial disqualification.

Finally, the Constitution's Due Process Clause does not require Judge

Conrad's recusal. (*Cf.* Recusal Mot. 4–5.) That Clause requires recusal or

disqualification only when, "considering all the circumstances alleged, the risk of

bias [is] too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905,

907 (2017). The standard asks objectively whether "the average judge in his

position is 'likely' to be neutral, or whether there is an unconstitutional 'potential

for bias.'" *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1906 (2016) (quoting

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2016). The threshold for an

unconstitutional potential for bias is quite high: "[O]nly in the most extreme of

cases would disqualification" on the basis of bias or prejudice by a judge "be

constitutionally required." *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986).

Umaña's allegations do not come close to establishing the extreme

circumstances under which the Constitution would compel Judge Conrad's

disqualification. Even if this Court were to accept all of Umaña's allegations as

true, they would not establish that Judge Conrad had "a direct, personal role in

13

the defendant's prosecution." *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1906 (2016). Judge Conrad left the United States Attorney's Office well before the office became involved in investigating or prosecuting Umaña.

**CONCLUSION**

Because no occasion exists for Judge Conrad to recuse himself, he should continue to serve in the judicial role contemplated by the applicable rules. *Nakell*, 15 F.3d at 325; R. Governing 2255 Proceedings 4(a). The United States, therefore, respectfully requests that this Court deny Umaña's motion to recuse the trial judge.

RESPECTFULLY SUBMITTED, this 20th day of March, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

14

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 20th day of March, 2018, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

15