IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:16CV57-RJC

ALEJANDRO RAMIREZ UMAÑA      )
                   )
        Movant,          )
                   )
    vs.              )
                   )
UNITED STATES OF AMERICA,    )
                   )
        Respondent.    )
_____ )

**RESPONSE OF THE UNITED STATES TO
<u>UMAÑA'S MAY 30 MOTION TO STAY</u>**

This court should reject Alejandro Ramirez Umaña's motion to stay this

post-conviction proceeding based upon his alleged incompetence. Contrary to

what Umaña suggests (Stay Mot. 3–9), no statutory or constitutional right to

competence exists in postconviction proceedings. The Supreme Court held as

much in *Ryan v. Gonzales*, 568 U.S. 57, 61 (2013) (holding that two courts "erred

in holding that district courts must stay federal habeas proceedings when

petitioners are adjudged incompetent.") That *Gonzales* involved proceedings

under 28 U.S.C. § 2254, *id.* at 73, does not help Umaña. (*Cf.* Stay Mot. 4–5.)

Sections "2254 and 2255" are ordinarily "read *in pari materia.*" *McFarland v.*

*Scott*, 512 U.S. 849, 858 (1994). And, in any event, the Supreme Court rejected

the arguments that Umaña makes for a general right to competence. *See*

*Gonzales*, 568 U.S. at 65 (explaining that 18 U.S.C. "§ 3599 does not direct

district courts to stay proceedings when habeas petitioners are found incompetent"); *id.* at 66 (rejecting argument that the "right to competence *derives from* the right to counsel"); *id.* (rejecting theory that the Due Process Clause creates a right to postconviction competence); *id.* at 76 (holding that competence-related stays for postconviction claims that are not "record based" and "could substantially benefit from the petitioner's assistance" are matters for the district court's discretion).

"[T]he decision to grant a stay," the Supreme Court has explained, "is generally left to the sound discretion of district courts," *id.*, and a stay would not be appropriate even if Umaña were able to establish his present incompetence. "[C]ounsel can generally provide effective representation to a habeas petitioner regardless of the petitioner's competence," *id.*, and the record demonstrates that Umaña's counsel has been able zealously to represent Umaña despite the mental-health conditions that have allegedly plagued Umaña for the past decade. (*See* Exh. A to Stay Mot., at 2–8.) Umaña's postconviction defense team has conducted an extensive investigation, including of his attorneys, that has crossed state and national borders and involved countless witnesses. (*See, e.g.*, Docs. No. 22-4, at 1–104; 22-5, at 1–21; 24-2, at 23–104; 68–1, at 8–10.)

In addition to conducting an extensive investigation, Umaña's defense team has completed his 2255 motion and fully briefed a number of other lengthy motions that require no additional input from Umaña. Umaña's retained expert, who opines that he is incompetent, originally met with Umaña more than two

2

years ago, in the spring of 2016. (Exh. A to Stay Mot. at 2.) Later that year, his attorneys filed his 410 page 2255 motion, (Doc. No. 24), which was required to contain "all the grounds for relief available to" Umaña" and "the facts supporting each ground." R. Governing 2255 Proceedings 2(b)(1), (2). A few months after that, they filed a 96-page motion seeking hundreds of categories of discovery. (Doc. No 36.) Years later, Umaña's attorneys moved, among other things, to amend Umaña's motion to add 221 pages of supplemental claims. (Doc. No. 68, 71.)

Umaña's attorneys did all of these things and more before requesting any competence-related stay, and Umaña's mental health did not prevent them from doing so. The motions to amend and for discovery are fully briefed. And the next step on Umaña's 2255 motion is for this Court to determine whether the United States should file a response. R. Governing 2255 Proceedings 4(b). Umaña does not explain why his purported present incompetence would require this Court to suspend its own consideration of these motions, which requires no direct participation from Umaña.

Moreover, even if accepted at face value,[1] the conclusions of Umaña's

---

[1] The analysis described by Umaña's expert does not support a conclusion that Umaña is incompetent in any event. The expert, for example, explained that he was not aware of a "validated, standardized Spanish-language measure for assessing competency," so he "assessed Mr. Umaña's competency through forensic interview." (Exh. A to Stay Mot., at 6.) Even if it were acceptable for the expert to decline to use a validated, standardized measure, the measure that he uses, which focuses on Umaña's stating an unrealistic view about possible extradition to El Salvador and interrupting the interview by breaking into song, does not

3

retained expert would not establish the kind of short-term incompetence that would warrant a stay in postconviction proceedings. The Supreme Court has recognized that postconviction stays must be limited, particularly in the light of the risk that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death." *Gonzales*, 568 U.S. at 76 (quoting *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)). Accordingly, the Court unanimously held that district courts "should take into account the likelihood that the petitioner will regain competence in the foreseeable future" when determining whether to grant a stay. *Id.* "Where there is no reasonable hope of competence," the Court held, "a stay is inappropriate." *Id.*

The conclusions of Umaña's expert, if true, would not indicate that Umaña is likely "to regain competence in the foreseeable future." *Id.* The expert says that Umaña is purportedly not "able to follow what happens in a courtroom" because of a "combination" of "cognitive impairments, PTSD, and psychotic symptomology." (Exh. A to Stay Mot., at 8.) And Umaña has purportedly long maintained a "fixed false belief" about the possible outcome of this case. (*Id.*)

---

establish incompetence. (*Id.* at 6–7.) The Fourth Circuit has held that even "bizarre, volatile, or irrational" conduct does "not necessarily render a defendant incompetent." *United States v. Basham*, 789 F.3d 358 (4th Cir. 2015). If this Court concludes that Umaña's motion for a stay should not be rejected for the reasons described in this response, the United States respectfully requests the opportunity to further brief the issue of whether Umaña's expert declaration is sufficient to support a claim of his present incompetency.

4

The expert opines that Umaña has harbored his impairments for nearly a decade (*id.* at 1, 8), and identifies nothing that indicates they will subside in the foreseeable future.

Accordingly, even if this Court were to accept the expert's conclusions about Umaña's competence, those conclusions would not support a stay, even of portions of proceedings that "could substantially benefit from [Umaña's] assistance." *Gonzales*, 568 U.S. at 76. Because the expert's conclusions suggest "no reasonable hope of competence," this Court should not allow a stay to frustrate the United States' effort "to defend its presumptively valid judgment." *Id.* at 77.

**CONCLUSION**

Umaña has identified no basis for a stay. The United States, therefore, respectfully requests that this Court deny Umaña's motion.

RESPECTFULLY SUBMITTED, this 12th day of June, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 12th day of June, 2018, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

6