# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-00057-RJC
# (3:08-cr-00134-RJC-2)

| | |
|---|---|
| ALEJANDRO ENRIQUE RAMIREZ UMAÑA )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Movant Alejandro Umaña's Motion, through counsel, to stay these habeas proceedings due to incompetency. (Doc. No. 82).

## I.  RELEVANT PROCEDURAL HISTORY

Umaña is an indigent, death-sentenced federal prisoner. On June 22, 2016, court-appointed counsel Kenneth Rose, of the Center for Death Penalty Litigation, and Zandra Lopez, of the Federal Defenders of San Diego, Inc., filed a Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255, raising 30 claims, many with sub-claims, on Umana's behalf. (Doc. Nos. 22, 24 (sealed)). His attorneys filed several *ex parte* motions, a Motion for Discovery (Doc. Nos. 36, 37 (sealed)), and a motion to stay proceedings pending decisions by the United States Supreme Court in Lynch v. Dimaya, No. 15-1498, decided sub nom. Sessions v. Dimaya, 138 S.Ct. 1204 (2018), and by the Fourth Circuit Court of Appeals in United States v. Simms, No. 15-4640, and United States v. Ali, No. 15-4433 (Doc. No. 45).

On February 22, 2017, the Court granted Umaña's Motion for Substitution of Counsel, relieved Attorney Rose of his duties, and appointed Kelly Miller of the Harrisburg Federal

1

Defenders to replace Rose. (Doc. No. 49). On February 22, 2018, Umaña filed a Motion for Leave to File Supplement/Amendment to his § 2255 Motion (Doc. No. 68), and a proposed Supplemental/Amended § 2255 Motion, raising 28 additional claims (Doc. Nos. 69, 71 (sealed)). In his proposed Supplemental/Amended §2255 Motion, Umaña alleges for the first time in these habeas proceedings that he was incompetent to proceed during his Atkins hearing, trial, and sentencing. (Supp./Am. § 2255 Mot. 2-13, Doc. No. 69). Also on February 22, 2018, Umaña filed a Motion to Recuse Trial Judge (Doc. No. 67), which the Court denied on March 27, 2018 (Doc. No. 76).

On May 30, 2018, Umaña filed the instant Motion seeking a stay in these habeas proceedings due to incompetency. (Doc. No. 82). According to the supporting brief, psychiatrist Pablo Stewart has evaluated Umaña and concluded that a combination of cognitive impairments, post-traumatic stress disorder, and psychotic symptoms renders Umaña unable to consult with his attorneys with a reasonable degree of rational understanding and that he lacks a rational as well as a factual understanding of the proceedings. (Pet'r's Br. 2, Doc. No. 82-1 (citing Stewart Decl., Pet'r's Ex. A, Doc. No. 82-2)). Respondent opposes the Motion. (Doc. No. 83).

## II. DISCUSSION

"A defendant may not be put to trial unless he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him.'" Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam )). Umaña is not a criminal defendant, however, and these are habeas, not trial proceedings.

Nevertheless, he contends that due process requires suspension of federal habeas

proceedings when a petitioner is adjudged incompetent.[1]  According to Umaña, competency is required in "any adversarial proceeding in which the defendant is entitled to effective counsel and has the rights to be present and to participate." (Pet'r's Br. 3).  He contends that by enacting particular rules, procedures, and rights that apply in § 2255 proceedings, Congress has created due process life and liberty interests in those procedures.  He argues further that the rules, procedures, and rights established by Congress, "bear all the indicia of adversary proceedings" that carry with them "the constitutional prohibition against being forced to litigate while incompetent" (Pet'r's Br. 5), as well as the rights to be present, to participate, and to the effective assistance of counsel (Petr's' Br. 3).

" '[T]he criminal trial of an incompetent defendant violates due process.' "  Cooper, 517 U.S. at 354 (quoting Medina v. California, 505 U.S. 437, 453 (1992) & citing Drope v. Missouri, 420 U.S. 162, 171-172 (1975); Pate v. Robinson, 383 U.S. 375, 378 (1966)).  "Competence to stand trial is rudimentary,

> for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so.

Riggins v. Nevada, 504 U.S. 127, 139-140 (1992) (Kennedy, J., concurring in the judgment) (citing Drope, 420 U.S. at 171-172).

As noted, however, Umaña is a habeas petitioner, not a criminal defendant.  Habeas corpus "[is] an original . . . civil remedy for the enforcement of the right to personal liberty, rather than . . . a stage of . . . criminal proceedings . . . ."  Fay v. Noia, 372 U.S. 391, 423–424 (1963) overruled on other grounds by Wainright v. Sykes, 433 U.S. 72 (1977) (footnote omitted).

---

[1] Umaña contends in conclusory fashion that equal protection principles also require suspension of federal habeas proceedings when a petitioner is adjudged incompetent.  The instant Motion does not explain or expand upon that assertion, however, so the Court does not cite, or further address, Umaña's scattered references to equal protection.

3

Indeed, the Constitution does not require the type of collateral, post-conviction attack authorized by 28 U.S.C. § 2255. See United States v. MacCollom, 426 U.S. 317, 323 (1976) (plurality opinion) ("The Due Process Clause of the Fifth Amendment does not . . . establish any right to collaterally attack a final judgment of conviction.") (footnote and internal citation omitted). Accordingly, a habeas petitioner is not entitled to the same rights as a criminal defendant facing trial or pursuing a direct appeal of his criminal judgment. Compare Gideon v. Wainwright, 372 U.S. 335 (1963) (holding that the Sixth and Fourteenth Amendments guarantee the right of an indigent defendant to counsel at the trial stage of a criminal proceeding); Mapp v. Ohio, 367 U.S. 643, 654–660 (1961) (holding that courts on direct review must exclude evidence obtained in violation of the Fourth Amendment); Brady v. Maryland, 373 U.S. 83 (1986) (holding that due process requires a prosecutor to disclose material exculpatory evidence to the defendant before or during trial), with Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987) (holding that indigent prisoners seeking post-conviction relief are not entitled to appointment of counsel); Stone v. Powell, 428 U.S. 465, 494 (1976) (holding that a habeas petitioner may not litigate Fourth Amendment claims in post-conviction when he had an opportunity for full and fair litigation of that claim at trial and/or on direct review); Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009) (rejecting proposition that the "Due Process Clause requires . . . certain familiar preconviction trial rights [like Brady ] be extended to protect [a prisoner's] postconviction liberty interest"); see also Murray v. Giarratano, 492 U.S. 1 (1989) (plurality) (concluding Eighth Amendment does not require appointment of counsel for indigent capital prisoners seeking post-conviction relief).

The only post-conviction right to competency the Supreme Court has recognized is an Eighth Amendment prohibition against carrying out a death sentence against an insane person.

See Ford v. Wainwright, 477 U.S. 399 (1986) (plurality opinion); Panetti v. Quarterman, 551 U.S. 930 (2007). The United States, however, has not set an execution date for Umaña and, thus, has not attempted to carry out his death sentences.

The source of Umaña's post-conviction rights is statutory, e.g. § 2255. While he has a liberty interest in pursuing the post-conviction relief offered by § 2255,[2] that liberty interest is limited. See Osborne, 577 U.S. at 68-69 (explaining that a criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man). At best, Umaña has a due process right to procedures in post-conviction that comport with fundamental fairness and are "[ ]adequate to vindicate the substantive rights provided" by § 2255. Id. at 69; see also Finley, 481 U.S. at 556 (state post-conviction relief procedures are constitutional if they "compor[t] with fundamental fairness").

Umaña contends that through its enactment of § 2255, Congress has created a liberty interest "that is arbitrarily denied," in violation of due process, when a criminal defendant "is forced to litigate his Section 2255 Motion while incompetent." (Pet'r's Br. 5). Neither the text of § 2255 nor the Rules Governing § 2255 Proceedings for the United States District Courts requires suspension of habeas proceedings when a petitioner is found to be incompetent, however. Furthermore, competency has never been a prerequisite for pursuing a collateral attack

---

[2] Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(a).

on a criminal judgment.

In Whitmore v. Austin, the Supreme Court recognized that "next friend" standing "has long been an accepted basis for jurisdiction in certain circumstances," and has most often been invoked "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." 495 U.S. 149, 162 (1990). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. at 163. Congress codified the "next friend" doctrine in 28 U.S.C. § 2242, which states that a habeas petition may be brought "by the person for whose relief it is intended or *by someone acting in his behalf*." § 2242 (emphasis added). "[I]n keeping with the ancient tradition of the doctrine," the Supreme Court has concluded that "one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore, 495 U.S. at 165. Thus, both the common law and federal statutory law allow for pursuit of habeas corpus relief on behalf of an incompetent prisoner.

Next, Umaña's attempts to derive a right to competence from purported rights to effective counsel, to be present, and to participate in § 2255 proceedings, are flawed. As an initial matter, he has no right to the effective assistance of counsel in § 2255 proceedings.

It has long been established that the Constitutiom does not require appointment of counsel in § 2255 proceedings. In Ross v.Moffitt, the Court analyzed the defendant's claim to appointed counsel on discretionary review. 417 U.S. 600 (1974). In rejecting such a right under the Due Process Clause, the Court explained:

> [I]t is ordinarily the defendant, rather than the State, who initiates the appellate process, seeking not to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or jury below. The defendant needs an attorney on appeal not as a shield to protect him against being 'haled into court' by the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt. This difference is significant for, while no one would agree that the State may simply dispense with the trial stage of proceedings without a criminal defendant's consent, it is clear that the State need not provide any appeal at all. . . . The fact that an appeal has been provided does not automatically mean that a State then acts unfairly by refusing to provide counsel to indigent defendants at every stage of the way.

417 U.S., at 610-611 (internal citation omitted). In Pennsylvania v. Finley, the Court concluded that these considerations "apply with even more force to postconviction review." 481 U.S. at 556. In holding that neither the Due Process Clause nor the Equal Protection Clause require appointment of counsel for indigent prisoners collaterally attacking their criminal judgments, the Court stated,

> Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. . . . It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, . . . and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.

Id. at 556–57 (internal citations omitted).

Congress, however, has provided federal habeas petitioners on death row a *statutory* right to federally funded counsel. See 28 U.S.C. § 3599(a)(2).[3] Congress also has promulgated rules mandating appointment of counsel to assist any indigent § 2255 movant "[i]f an evidentiary hearing is warranted," and the movant "qualifies to have counsel appointed under 18 U.S.C. §

---

[3] The statute provides that petitioners who are "financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys." Appointed attorneys are required to have experience in death penalty litigation, §§ 3599(b)–(d), and, once appointed, are directed to "represent the defendant throughout every subsequent stage of available judicial proceedings," § 3599(e). The statute also *65 gives district courts the power to authorize funding for "investigative, expert, or other services" as are "reasonably necessary for the representation of the defendant." § 3599(f).

7

3006A." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 8, 28 U.S.C. foll. § 2255 (2016). The statutory right to counsel provided by § 3599(a)(2) and Rule 8 does not entitle a habeas petitioner to effective assistance on the part of counsel, however. See Wainwright v. Torna, 455 U.S. 586, 587-588 (1982) (explaining that where there is no constitutional right to counsel there can be no deprivation of effective assistance). In short, "fundamental fairness" does not require that an indigent prisoner on death row have the effective assistance of counsel in order to "vindicate the substantive rights provided" by § 2255. See id.; Finley, 481 U.S. at 556–57.

Furthermore, a right to competence cannot be derived from the statutory right to counsel. In Ryan v. Gonzales, the Supreme Court reversed the Ninth Circuit's holding that the statutory right to counsel provided by § 3599(a)(2), requires suspension of federal habeas proceedings when a death row petitioner is found to be incompetent. See 568 U.S. 57, 64-65 (2013). According to the Court, the Ninth Circuit "gave the petitioner the practical benefit of a due process right to competence in federal habeas proceedings through its interpretation of [the statute]." Id. at 67. In addition to finding nothing in the statutory text requiring a suspension of habeas proceedings based upon competency, the Court stated that the Ninth Circuit's holding did not square with constitutional precedents:

> The right to counsel is located in the Sixth Amendment. ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.") If the right to counsel carried with it an implied right to competence, the right to competence at trial would flow from the Sixth Amendment. But "[w]e have repeatedly and consistently recognized that 'the criminal trial of an incompetent defendant violates *due process*,' " not the Sixth Amendment.

Id. at 65 (quoting Cooper, 517 U.S. at 354 (quoting Medina, 505 U.S. at 453); internal quotation marks omitted; emphasis added). The Court went on: "[w]e have never said that the right to

8

competence derives from the right to counsel. We will not assume or infer that Congress intended to depart from our precedents and locate a right to competence in federal habeas proceedings within the right to counsel." Ryan, 568 U.S. at 66.

Umaña's assertion of a right of competence based upon purported rights "to be present" and "to participate" in § 2255 proceedings is similarly flawed.[4] A motion under § 2255 can be dismissed by the district court on initial review without the necessity of requiring a responsive pleading from the government where the files and records conclusively show that the prisoner is entitled to no relief. See Rules Governing Section 2255 Proceedings, Rule 4(b); Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (citations omitted). Even if it is unclear from the pleadings and the files and records that the petitioner is entitled to no relief, the district court, if it is able, may dispose of the motion "by requiring that the record be expanded to include letters, documentary evidence, and, in an appropriate case, even affidavits." Raines, 423 F.2d at 529-530 (citations and footnote omitted); see also Rules Governing Section 2255 Proceedings, Rule 7(a) ("If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion."). In neither of these situations would fundamental fairness require the "presence" or "participation" of a competent habeas petitioner. See Ryan, 568 U.S. at 68 ("Given the backward-looking, record-based nature of most federal habeas proceedings, counsel can generally provide effective representation to a habeas petitioner regardless of the petitioner's competence.") The Court notes that in Umaña's case, post-conviction counsel have filed a 400-page Motion to Vacate raising at least 30 claims and a 200-page proposed Supplemental/Amended § 2255 Motion, raising 28 additional claims. The claims raised in both Motions were researched, investigated, and drafted, while Umaña, ostensibly, was

---

[4] The Motion generally does not provide context for its use of the phrases "to be present" or "to participate."

9

incompetent.

Even if a district court determines that it cannot dispose of a § 2255 motion based upon the pleadings, files, and an expanded record, and must hold an evidentiary hearing, the petitioner's presence at that hearing is not always required. See Raines, 423 F.2d at 530 ("Whether such a hearing may be necessary, and *whether petitioner's presence is required*, is best left to the common sense and sound discretion of the district judges." (citing Machibroda v. United States, 368 U.S. 487, 495, 496 (1962)) (emphasis added)). A district court's determinations as to whether to hold a hearing under § 2255 and whether a petitioner is required to be present at the hearing are reviewed for abuse of discretion. Raines, 423 F.2d at 529-30. "Whether the prisoner should be produced depends upon the issues raised by the particular case. Where . . . there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing." United States v. Hayman, 342 U.S. 205, 223 (1952). It appears to this Court, then, that *if* fundamental fairness requires competency in § 2255 proceedings, it is limited to situations in which the petitioner's presence would be required at an evidentiary hearing to resolve disputed issues of material fact related to events in which he participated.

The Court need not further address the arguments raised in Umaña's Motion, including those based on equity.[5] At this point in the proceedings, the Court cannot determine whether petitioner's presence will be required at an evidentiary hearing. The claims raised in the Motion to Vacate and the proposed Supplemental/Amended Motion do not all involve events in which Umaña participated or in which he would have pertinent information to share with his post-

---

[5] The Court acknowledges that even if there is no right to competency, it has the authority to issue a stay " 'where such a stay would be a proper exercise of discretion.' " Gonzales, 568 U.S. at 73 (quoting Rhines v. Weber, 544 U.S. 269, 276 (2005) (citation omitted)).

conviction attorneys. Moreover, the United States Attorney has not had an opportunity to respond to the Motion to Vacate. The Government is entitled to defend its judgment of conviction by being allowed, at a minimum, to respond to Umaña's allegations of constitutional and/or statutory violations, to raise any applicable defenses, and to identify any evidence in the record the United States Attorney believes may be dispositive in resolving one or more of Umaña's claims. See Rules Governing Section 2255 Proceedings, Rule 4(b) ("If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."); Raines, 423 F.2d at 529 (observing that a responsive pleading affords the United States attorneys "the opportunity to state the government's position and sometimes, as not infrequently occurs, to admit the merit or veracity of some or all of the petitioner's assertions."). Additionally, this Court has not yet determined which, if any, portions of Umaña's Motion to Supplement/Amend the Motion to Vacate (Doc. Nos. 68-69, 71 (sealed)) should be granted.

The " '[Anti-Terrorism and Effective Death Penalty Act's ("AEDPA")] acknowledged purpose" is to 'reduc[e] delays in the execution of state and federal criminal sentences.' " Gonzales, 568 U.S. at 76 (quoting Schriro v. Landrigan, 550 U.S. 465, 475 (2007) (citation omitted)). " 'Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.' " Gonzales, 568 U.S. at 76 (quoting Rhines, 544 U.S. at 277). There is much work that can be done in these habeas proceedings that in no way implicates Umaña's mental capacity to participate. To grant a competency stay before the Court determines which, if any, of Umaña claims: 1) survive defenses the Government may raise; 2) involve disputed issues of material fact; and 3) concern events Umaña either participated in, or possesses substantive relevant knowledge about, would

frustrate AEDPA's purpose of reducing delays in the execution of state and federal criminal judgments.

**IT IS, THEREFORE, ORDERED** that the Motion to stay these habeas proceedings due to incompetency (Doc. No. 82) is **DENIED** without prejudice.

Signed: September 24,

Robert J. Conrad, Jr.
United States District Judge