# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,

           Movant,

        v.

UNITED STATES,

           Respondent.

3:16-CV-00057-RJC

CAPITAL § 2255 PROCEEDING

HON. ROBERT J. CONRAD, JR.

## MOTION FOR SUBSTITUTION OF COUNSEL

Alejandro Umaña, through undersigned counsel, respectfully moves the Court to substitute counsel, pursuant to 18 U.S.C. §§ 3599 (a) and (c), to represent him before this Court in ongoing 28 U.S.C. § 2255 litigation and any and all available post-conviction remedies. Specifically, Mr. Umaña requests that the Court allow undersigned counsel Zandra Lopez, of the Federal Defenders of San Diego, Inc. (FDSDI), to withdraw and, at no cost to the Court, to appoint the Federal Defender Services of Eastern Tennessee, Inc., Capital Habeas Unit (FDSET), Dana Hansen Chavis appearing. In support thereof, Mr. Umaña states the following:

1.      Mr. Umaña is an indigent, death-sentenced federal prisoner. His timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Conviction and Sentence of a Person in Federal Custody was filed by court-appointed counsel Kenneth Rose, of the Center for Death Penalty Litigation, and Zandra Lopez, of the Federal Defenders of San Diego, Inc., on June 22, 2016. Doc. 22.

2.      On January 30, 2017, Mr. Umaña filed a Motion for Substitution of Counsel. Doc. 48. Attorney Rose, who had served as lead counsel since the beginning of the 2255 proceedings,

1

sought to withdraw due to changed personal and professional circumstances. *Id.* at 2. Mr. Umaña sought appointment of the Federal Public Defender's Office for the Middle District of Pennsylvania to assume Attorney Rose's role as lead counsel. *Id.* at 2-4. On February 22, 2017, this Court granted Mr. Umaña's Motion for Substitution of Counsel, relieved Attorney Rose of his duties, and appointed the MDPA FDO, Kelly Miller appearing. Doc. 49.

3.     Until this Court appointed the MDPA FDO, Mr. Umaña's 2255 counsel were the same as his direct appeal counsel – the Center for Death Penalty Litigation and the San Diego Federal Defenders. *See Umaña v. United States*, No. 10-6, Order (4th Cir. Oct. 14, 2010) (appointing Malcom Ray Hunter, then-Executive Director of the North Carolina Center for Death Penalty Litigation, as lead counsel and the San Diego Federal Defenders as co-counsel for Mr. Umaña's direct appeal); *United States v. Umaña*, 3:08-cr-134, Doc. 1621 (appointing the San Diego Federal Defenders and Kenneth J. Rose, of the Center for Death Penalty Litigation, to represent Mr. Umaña in the 2255 proceedings).

4.     Although this provided for continuity of counsel, counsel were ethically precluded from investigating, developing or raising their own ineffectiveness for failing to raise and preserve claims during those proceedings. *Christeson v. Roper,* ___ U.S. ___, 135 S. Ct. 891, 894 (2015) ("Advancing such a claim would have required [counsel] to denigrate their own performance. Counsel cannot reasonably be expected to make such an argument, which threatens their professional reputation and livelihood"); *Gray v. Pearson*, 526 Fed. Appx. 331, 334 (4th Cir. 2013); *Juniper v. Davis*, 737 F.3d 288 (4th Cir. 2013).  It was not until the MDPA FDO was appointed that Mr. Umaña was provided un-conflicted counsel, able to "take and have a new and fresh perspective on the trial and appellate court records." *United States v. Runyon*, No. 4:08cr16, 2014 U.S. Dist. LEXIS 162488, *6, n. 5 (E.D. Va.) (citing *Juniper*, 737 F.3d at 290).

5.      Counsel have identified additional factual and legal averments supporting the claims previously raised in the initial 2255 Motion, and additional legal and factual grounds requiring relief.  Currently pending before this Court is Mr. Umaña's motion for leave to supplement and amend his 2255 Motion to include claims not raised by FDSDI and Mr. Rose, including claims that could have been, but were not, raised on direct appeal, and claims of trial counsel's ineffectiveness that FDSDI and Mr. Rose ineffectively failed to investigate, develop, and present.    Doc.  68  (Motion  for  Leave  to  Supplement/Amend);  Doc.  71 (Supplemental/Amended 2255 Motion).  Under these circumstances, the FDSDI are conflicted from continuing their representation of Mr. Umaña.

6.      Due to the massive record in this case, which consists of over 1,600 entries on the main criminal docket, a trial transcript of over 4,000 pages and discovery that includes over 40,000 pages and 300 hours of audio recordings, in addition to the fruits of the § 2255 investigation, the MDPA FDO is not in a position to represent Mr. Umaña without the appointment of capital-qualified co-counsel to replace the FDSDI.

7.      The FDSET, Ms. Chavis appearing, possesses special expertise in capital jurisprudence and qualifies for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2). Ms. Chavis and the FDSET's Capital Habeas Unit attorneys specialize in federal capital habeas representation pursuant to 28 U.S.C. § 2254 and § 2255 and are able to competently handle the highly complex nature of Mr. Umaña's case.  *See* Exh. 1 (Chavis resume).

8.      Appointment of the FDSET would be cost effective. The office is recognized by the United States Courts as a Federal Community Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act.  Accordingly, the office receives funding from the

3

Administrative Office of the United States Courts to provide representation in federal habeas corpus proceedings. The FDSET will not seek costs, litigation or expert expenses, or attorneys' fees related to its representation of Mr. Umaña in this matter. The fact that the FDSET will not seek costs, expenses or fees is particularly significant because any new counsel will need to devote hundreds of hours simply to become familiar with the vast record of this case. Because the FDSET represents other clients housed on federal death row at USP Terre Haute, its attorneys can combine client visits to reduce travel-related costs. Representation of Mr. Umaña by FDSET would also be an economical use of resources given that the location of the crime, witnesses and federal courthouse are within driving distance from the FDSET's Knoxville, Tennessee office.

9.      The FDSET has obtained the appropriate administrative approval to seek appointment in Mr. Umaña's § 2255 matter and, pursuant to the Administrative Office of the Courts out-of-district protocol, notifications of the potential appearance of the office have been provided to Fourth Circuit Chief Judge Gregory and Sixth Circuit Chief Judge Cole, neither of whom posed any objection to the appointment.

WHEREFORE, pursuant to 18 U.S.C. § 3599, Mr. Umaña, by and through undersigned counsel, respectfully requests that the Court appoint the Federal Defender Services of Eastern Tennessee, Inc., Capital Habeas Unit, Dana Hansen Chavis appearing, to join as counsel in representing him in seeking all available post-conviction remedies, while granting the FDSDI's motion to withdraw.

Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

*/s/ Zandra L. Lopez*
ZANDRA L. LOPEZ
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5030
Tel: 619-234-8467
Zandra_Lopez@fd.org

Dated: December 14, 2018

5

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright<br>
Assistant United States Attorney<br>
Suite 1650, Carillon Building<br>
227 West Trade Street<br>
Charlotte, NC 28202<br>
anthony.enright@usdoj.gov

*/S/ KELLY D. MILLER*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: December 14, 2018

6