# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,

               Movant,

      v.

UNITED STATES,

               Respondent.

3:16-CV-00057-RJC

CAPITAL § 2255 PROCEEDING

HON. ROBERT J. CONRAD, JR.

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENT/AMENDMENT TO CLAIM 22 OF MOTION TO VACATE UNDER 28 U.S.C. §2255 IN LIGHT OF *UNITED STATES V. DAVIS*, 139 S. CT. 2319 (2019)**

Movant, Alejandro Umaña, through counsel, hereby files his memorandum in support of motion for leave to supplement and amend Claim 22 of his Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255, to add additional authority in light of *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (June 24, 2019).

1. Mr. Umaña is an indigent, death-sentenced federal prisoner. He was charged and convicted of, inter alia, using a firearm during and in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. §924(c), (j)(1).

2. On June 22, 2016, counsel for Mr. Umaña timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Conviction and Sentence. Civ. Doc. 24. Claim 22 in the Motion raised the claim that Mr. Umaña's convictions and sentences under 18 U.S.C. §924(c), (j) (Counts 23 and 25) were unconstitutional based on the principle articulated in *Johnson (Samuel) v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2563 (2015), his convictions and sentences on those counts therefore must be vacated, and his remaining death sentences on Counts 22 and 24 accordingly also must be vacated. 2255 Motion, at 323-344 (Civ. Docs. 22, 24).

3. On February 22, 2018, counsel for Mr. Umaña filed a Motion for Leave to File Supplement/Amendment to Motion to Vacate, and the proposed Supplement/Amended Motion to Vacate. Civ. Docs. 68, 69, 71. The Government filed a response to the motion to supplement and amend, and counsel for Mr. Umaña replied. Civ. Docs. 77, 81.

4. On June 24, 2019, the Supreme Court decided *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), an opinion which has direct implication for Mr. Umaña's proceedings.

5. The Supreme Court in *Johnson* invalidated as unconstitutionally vague the risk/residual clause of 18 U.S.C. §924(e)(2)(B). *Johnson (Samuel) v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2563 (2015). Applying the due process principles recognized in *Johnson*, the Supreme Court in *Davis* invalidated as unconstitutionally vague the risk/residual clause of 18 U.S.C. §924(c)(3)(B). *Davis*, 139 S. Ct. at 2323-24, 2336. *Davis* is supplemental authority that interprets *Johnson*. However, in the event the Court determines *Davis* is a new rule, *cf. Coleman v. United States*, 2018 WL 5315216 (W.D. N.C. 10/26/2018) (Order), Mr. Umana seeks permission to supplement and amend Claim 22 to add this new Constitutional authority.

6. 28 U.S.C. § 2242 provides that a 2255 motion "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." *See also* Rule 11 of the Rules Governing 2255 Proceedings (rules of civil procedure apply to extent not inconsistent with habeas rules); Advisory Committee Note to Rule 5 of the Rules Governing 2255 Proceedings ("civil rule 15(a) may be used to allow the petitioner to amend his petition"); *Withrow v. Williams*, 507 U.S. 680, 696 n.7 (1993) ("Rule 15 applies in habeas actions"). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Similarly, Rule 15(d) provides for supplemental pleadings when the pleading sets "out any transaction, occurrence or event that happened after the date of the pleading to be supplemented."

2

7.      Mr. Umaña seeks leave to supplement/amend Claim 22 in light of *Davis*.  This supplement/amendment relates back to the originally filed Claim 22, as this supplement/amendment arises out of the same nucleus of operative fact as the originally filed *Johnson* claim:  that Mr. Umaña's §924(c), (j) convictions were unconstitutional and lacked nexus to a qualifying crime of violence.  Fed.R.Civ.P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 659 (2005).  Additionally, this supplement/amendment is based on the Supreme Court's *Davis* decision, which occurred after the date of the pleading to be supplemented/amended.  Fed.R.Civ.P. 15(d).

8.      In an abundance of caution, in the event this supplement/amendment does not relate back to Claim 22 because this Court determines *Davis* articulated a new rule, Mr. Umaña also seeks leave to file this supplement/amend to his 2255 Motion based on *Davis.*  If *Davis* articulated a new constitutional rule, there is no question that rule applies retroactively to cases such as Mr. Umana's.  *See Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1268 (2016); *Schriro v. Summerlin*, 542 U. S. 348, 353 (2004).  Thus, if *Davis* articulated a new rule, Mr. Umaña's supplement/amendment is timely under 28 U.S.C. § 2255(f)(3) because it is filed within one year of the *Davis* decision.

9.      For the reasons stated in Mr. Umaña's proposed supplement/amendment, his *Johnson/Davis* claim is meritorious and thus leave to supplement or amend would not be futile.

10.      Accordingly, Mr. Umaña requests leave to supplement or amend Claim 22 in light of *Davis* and submits his proposed supplemental/amended Claim 22 for consideration.

WHEREFORE, Mr. Umaña respectfully moves this Court to grant him leave to supplement/amend Claim 22 of his 2255 Motion in light of *Davis*.


Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org



Dated: June 23, 2020

4

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

> */S/ KELLY D. MILLER*
> KELLY D. MILLER
> Asst. Federal Public Defender
> Federal Public Defender
> Middle District of Pennsylvania
> 100 Chestnut Street, Suite 300
> Harrisburg, PA 17101
> Tel: 717-782-3843
> Fax: 717-782-3966
> kelly_miller@fd.org

Dated: June 23, 2020

5
