



CENTER FOR DEATH PENALTY LITIGATION INC.
SUITE 301
201 WEST MAIN STREET
DURHAM, NORTH CAROLINA 27701-3228
TELEPHONE: 919-956-9545
FACSIMILE: 919-956-9547
E-MAIL: CDPL@CDPL.ORG

September 14, 2011

Ms. Beth Walton
Capital Case Coordinator
Clerk's Office
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re: 10-6, *U.S. v. Alejandro Umana*

Dear Ms. Walton:

I am enclosing a proposed budget for my representation of defendant-appellant Alejandro Umana in his capital appeal. Mr. Umana's co-counsel is Steven Hubachek, the head of the appellate section of the Federal Defenders of San Diego, Inc., a distinguished California Federal Defenders Office. Mr. Hubachek and his office bring extensive federal appellate experience as well as significant Spanish language resources to assist our client and help us deal with the Spanish language evidence. FDSD will not be billing for any of its work. This will result in significant savings to the Court. I was brought in because I am local and have significant capital appellate experience.

I am aware that requiring a budget for a direct appeal in a capital case is a new policy for the Fourth Circuit and preparing a proposed budget is a new activity for me as well. However, I have done my best to estimate and predict the time I expect to spend representing Mr. Umana on his direct appeal. There are a number of circumstances relevant to the proposed budget that I would like to share with you.

Neither Mr. Hubachek nor I had any prior involvement in Mr. Umana's case and, thus, come to the case with no prior familiarity with the facts or record.

The transcript of the trial and pretrial proceedings is almost three thousand pages. In addition, there are thousands of pages of documents related to the trial, including English language translations and transcriptions of recordings of Spanish language conversations including the defendant. Simply the review of the record and identification of potential issues will require several hundred hours of lawyers' time. I have already spent a

Ms Beth Walton
September 14, 2011
Page 2

significant amount of time gathering the record together and this proposed budget includes that time.

Although we have not concluded our review of the record, I believe that this direct appeal from a federal death penalty trial will raise a substantial number of serious and complicated legal issues, far exceeding the scope of the typical capital habeas review. In contrast to the usual habeas appeal that comes to the Fourth Circuit, the issues have not been narrowed to just a few.

The case is unusually complicated in several respects. There were more than fifty indictment counts brought against the defendant, involving numerous different incidents. It includes RICO and VICAR counts and thus extensive evidence and instructions concerning an entire enterprise and various crimes in addition to the two murders that were the principal focus of the capital counts. There were numerous jointly indicted co-defendants to various counts who were tried separately. The government also presented evidence of the defendant's involvement in two other unindicted homicides in California. This case had a full blown mental retardation hearing prior to the trial. The case was tried outside the venue where the murders were alleged to have occurred. The determination of which issues to present to this Court in the most concise and persuasive way will require a significant investment of time.

I have budgeted the assistance of an associate from my office to help primarily with legal research. If the budget for the associate is approved, that will significantly reduce the cost of the appeal, because the associate will bill at a lower per hour rate. Similarly, I have included time for a paralegal to perform appropriate tasks at a lower rate than a lawyer. The paralegal has already assisted significantly with record retrieval and the time requested includes time already spent on that effort. I will file an appropriate motion with the Court to request permission to use an associate and paralegal.

Our client is incarcerated in Terre Haute, Indiana. His use of English is extremely limited and he has other challenges that make it difficult for us to communicate entirely effectively by phone or letter. My co-counsel's office has taken primary responsibility for communicating with the client, and thus, I am proposing to see him in person only two times between now and the end of our representation.

I have proposed a budget for my time through the panel decision for this case. I don't feel I can project beyond that at this time. I will submit a budget for rehearing and cert petition once the panel decision has been handed down and it is clearer how much work, if any, would be involved in those stages.

Finally, I want to assure the Court that I will take all steps I can to contain the costs in this case. Prior to returning to practice as a lawyer with the Center for Death Penalty Litigation, I spent eight years as the Executive Director of the North Carolina Office for Indigent Defense Services, where, among other duties, I reviewed and approved payment for lawyers appointed to represent capital defendants in state courts at trial, direct appeal and state post-conviction. I am well aware of the challenges of lawyers providing these services as well as the responsibility of government to be wise stewards of public funds.

Thank you for your consideration of this letter and the proposed budget. Please feel free to call me if you have any questions.

Sincerely,

Malcolm Ray Hunter, Jr.

Enclosure

*U.S.A. v. Alejandro Umana, Case No. 10-6*

PROPOSED INITIAL LITIGATION BUDGET

| Category of Service Provided | Court Appointed Counsel (Hunter) | Associates | Paralegals |
|---|---|---|---|
| 15 (a) In-court hearings | 1 | | |
| 15 (b) Interviews and conferences with client | 25 | | |
| 15 (c ) Witness interviews | | | |
| 15 (d) Consultation with investigators and experts | | | |
| 15 (e) Obtaining and reviewing court record | 80 | 20 | 20 |
| 15 (f)  Obtaining and reviewing documents and evidence | 25 | 10 | 20 |
| 15 (g) Consulting with expert counsel (including Resource Counsel) | 20 | | |
| 15 (h) Legal research and writing | 120 | 100 | 10 |
| 15 (i)  Travel time | 50 | | |
| 15 (j)  Other work: | 10 | | |
| Review of Government's opposition brief | 10 | 10 | |
| Legal research and writing for reply to opposition | 50 | 40 | |
| Assembling of Appendix | 5 | 5 | 20 |
| Preparation for oral argument | 25 | 10 | |
| Consultation with Co-Counsel | 20 | 10 | |
| Miscellaneous | 20 | 10 | |
| **Total Estimated Hours** | **461** | **215** | **70** |