

**SAMUEL W. PHILLIPS**
CIRCUIT EXECUTIVE
UNITED STATES COURT OF APPEALS
FOURTH CIRCUIT

1100 EAST MAIN STREET, SUITE 617
RICHMOND, VIRGINIA 23219-3517

Voice: 804.916.2184
Fax: 804.916.2188

December 8, 2011

Malcolm Ray Hunter, Jr., Esquire
Center for Death Penalty Litigation, Inc.
Suite 301
201 West Main Street
Durham, NC 27701-3228

    Re:  **No. 10-6 – USA v. Alejandro Umana**

Dear Mr. Hunter:

  The court carefully considered your proposed budget and, based upon its initial review of the case, found the approved amount of $40,000 to be reasonable in light of the assistance being provided by the Federal Defender in San Diego. The approved amount includes compensation for all work encompassed within the proposed initial budget, including but not limited to preparation and filing of the original and reply briefs and participation in oral argument. The court does not consider you to be bound by your estimates of what you may spend within the different categories included in the budget. However, counsel is reminded that the court must always adhere to the mandate that vouchers be reviewed for reasonableness in light of the final work product. Thus, approval of the budgeted amount of hours, while beneficial to counsel, does not guarantee that all requested amounts will be deemed reasonable and paid in full at the conclusion of the case.

  Under our general procedures, court-appointed counsel may, with prior court authorization, use the services of attorneys who work in association with them, including partners and associates in their firm, provided that the employment of such additional counsel (at a reduced hourly rate) diminishes the total cost of representation or is required to meet time limits. The court will consider your letter to be a sufficient request to use an associate on your staff to assist with research, and you may claim compensation for services furnished by this associate as long as you stay within the overall budget.

  If during your representation, unforeseen circumstances arise that cause you to believe that the time needed to properly represent your client requires the expenditure of time beyond that allotted, you may submit a request for approval of a specific number of additional hours and a detailed explanation of why additional hours are reasonably necessary for representation in the case. This would include, for example, work that may become reasonably necessary for the preparation of a petition for rehearing and/or rehearing en banc, as well as work associated with the filing of a petition for certiorari to the United States Supreme Court, if any.

It is our hope that this letter sufficiently addresses your questions regarding the budget and the approved fee. Given the time restraints, the court asks that you let me know whether you will accept the approved fee within five days.

Sincerely,

Samuel W. Phillips

sap