# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,

　　　　　　　　Movant,

v.

UNITED STATES,

　　　　　　　　Respondent.

3:16-CV-00057-RJC

CAPITAL § 2255 PROCEEDING

HON. ROBERT J. CONRAD, JR.

## MOTION FOR APPOINTMENT OF COUNSEL

Alejandro Umaña, through undersigned counsel, respectfully moves the Court to appoint capitally-qualified, adequately-resourced, non-conflicted co-counsel, pursuant to 18 U.S.C. §§ 3599 (a) and (c), to represent him before this Court in ongoing 28 U.S.C. § 2255 litigation and any and all available post-conviction remedies. Specifically, Mr. Umaña requests that the Court appoint, at no cost to the Court, the Federal Defender Services of Eastern Tennessee, Inc., Capital Habeas Unit (FDSET), Dana Hansen Chavis appearing. In support thereof, Mr. Umaña states the following:

1. Mr. Umaña is an indigent, death-sentenced federal prisoner. His timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Conviction and Sentence of a Person in Federal Custody was filed by court-appointed counsel Kenneth Rose, of the Center for Death Penalty Litigation, and Zandra Lopez, of the Federal Defenders of San Diego, Inc., on June 22, 2016. Doc. 22.

2. On January 30, 2017, Mr. Umaña filed a Motion for Substitution of Counsel. Doc. 48. Attorney Rose, who had served as lead counsel since the beginning of the 2255 proceedings,

1

sought to withdraw due to changed personal and professional circumstances. *Id.* at 2. Mr. Umaña sought appointment of the Federal Public Defender's Office for the Middle District of Pennsylvania to assume Attorney Rose's role as lead counsel. *Id.* at 2-4. On February 22, 2017, this Court granted Mr. Umaña's Motion for Substitution of Counsel, relieved Attorney Rose of his duties, and appointed the MDPA FDO, Kelly Miller appearing. Doc. 49.

3.      Until this Court appointed the MDPA FDO, Mr. Umaña's 2255 counsel were the same as his direct appeal counsel – the Center for Death Penalty Litigation and the San Diego Federal Defenders. *See Umaña v. United States*, No. 10-6, Order (4th Cir. Oct. 14, 2010) (appointing Malcom Ray Hunter, then-Executive Director of the North Carolina Center for Death Penalty Litigation, as lead counsel and the San Diego Federal Defenders as co-counsel for Mr. Umaña's direct appeal); *United States v. Umaña*, 3:08-cr-134, Doc. 1621 (appointing the San Diego Federal Defenders and Kenneth J. Rose, of the Center for Death Penalty Litigation, to represent Mr. Umaña in the 2255 proceedings).

4.      Although this provided for continuity of counsel, counsel were ethically precluded from investigating, developing or raising their own ineffectiveness for failing to raise and preserve claims during those proceedings. *Christeson v. Roper,* ___ U.S. ___, 135 S. Ct. 891, 894 (2015) ("Advancing such a claim would have required [counsel] to denigrate their own performance. Counsel cannot reasonably be expected to make such an argument, which threatens their professional reputation and livelihood"); *Gray v. Pearson*, 526 Fed. Appx. 331, 334 (4th Cir. 2013); *Juniper v. Davis*, 737 F.3d 288 (4th Cir. 2013).  It was not until the MDPA FDO was appointed that Mr. Umaña was provided un-conflicted counsel, able to "take and have a new and fresh perspective on the trial and appellate court records." *United States v. Runyon*, No. 4:08cr16, 2014 U.S. Dist. LEXIS 162488, *6, n. 5 (E.D. Va.) (citing *Juniper*, 737 F.3d at 290).

5.      Counsel identified additional factual and legal averments supporting the claims previously raised in the initial 2255 Motion, and additional legal and factual grounds requiring relief.  Currently pending before this Court is Mr. Umaña's motion for leave to supplement and amend his 2255 Motion to include claims not raised by FDSDI and Mr. Rose, including claims that could have been, but were not, raised on direct appeal, and claims of trial counsel's ineffectiveness that FDSDI and Mr. Rose ineffectively failed to investigate, develop, and present. Doc. 68 (Motion for Leave to Supplement/Amend); Doc. 71 (Supplemental/Amended 2255 Motion).

6.      On December 18, 2018, citing the above-described conflict of interest created by the fact that Mr. Umaña had the same counsel for direct appeal and 2255 and that Mr. Umaña was now expressly alleging FDSDI's ineffectiveness, Mr. Umaña filed a motion for substitution of counsel, requesting that Ms. Lopez be permitted to withdraw and that the Federal Defender Services of Eastern Tennessee, Inc. (FDSET) be appointed.  Doc. 86.

7.      On June 16, 2020, this Court denied Mr. Umaña's motion to substitute counsel on the grounds that: Mr. Umaña had not factually proven that all of his initial 2255 counsel were the same counsel who had represented him on direct appeal;  he has no right to effective counsel under 18 U.S.C. § 3599; and, although he has the right to conflict-free counsel under 18 U.S.C. § 3599, his motion was untimely.  Doc. 87.  The Court also specifically noted that "although the Motion to substitute implies that the FDSDI does not oppose the Motion, the FDSDI itself has not moved to withdraw as counsel."  Doc. 87 at 9 n.4.

8.      On July 14, 2020, the FDSDI filed a Motion to Withdraw as Counsel for Petitioner Alejandro Umaña, in which the FDSDI specifically moved to withdraw and provided this Court with further evidence and argument establishing their conflict of interest that ethically precludes

3

them from continuing to represent Mr. Umaña. Doc. 94. That same date, Mr. Umaña filed a Motion to Join in FDSDI's Motion to Withdraw and Supplement to Motion Regarding Substitution of Counsel and a Memorandum in Support. Docs. 95 & 96. In that motion and supporting memorandum, Mr. Umaña also provided additional evidence and argument establishing FDSDI's conflict of interest and the need for substitution of non-conflicted, capitally-qualified, adequately resourced counsel. *See generally id.* Mr. Umaña further explained that, due to changed circumstances that included recently issued execution warrants for current clients and an increase in workload due to anticipated appointments within the Eastern District of Tennessee, FDSET was no longer in a position to accept appointment in this case. Doc. 96 at 14. Undersigned counsel further represented that she would immediately notify this Court upon the identification of capitally-qualified, adequately resourced counsel who were able to accept appointment as co-counsel in this case. *Id.* at 15.

9. Since the July 14, 2020 filings, and after careful consideration and consultation with undersigned counsel, FDSET has indicated that it is willing and able to accept appointment in this case. FDSET's circumstances changed, in part, on July 17 when one pending execution date was reprieved through the end of 2020. On July 31, another of FDSET's clients received an expedited execution date of September 22, 2020, and it is anticipated that FDSET's representation will conclude by then; either upon a grant of relief from the death sentence or an execution. A current evaluation of FDSET's workload indicates that they will be able to offer Mr. Umaña the zealous representation that his capital case requires.

10. Appointment of non-conflicted, adequately-resourced, capitally-qualified co-counsel is required by the interests of justice. As demonstrated in the prior Motion for Substitution of Counsel (Doc. 86), FDSDI's Motion to Withdraw (Doc. 94), and Mr. Umaña's

Motion to Join and Supplement the Motion to Withdrawal (Docs. 95 & 96), Mr. Umaña has not had conflict-free, independent counsel in these 2255 proceedings until this Court appointed undersigned counsel's office. Also as demonstrated in the prior pleadings, Mr. Umaña filed a motion to substitute counsel in this case as timely as his counsel could identify substitute counsel with capital 2255 experience who were willing to accept appointment in this case. Doc. 96 at 13-14.

11. The record in this case is massive, consisting of over 1,600 entries on the main criminal docket, a trial transcript of over 4,000 pages and discovery that includes over 40,000 pages and 300 hours of audio recordings, with extensive translation needs, in addition to the fruits of the § 2255 investigation. The overwhelming majority of Mr. Umaña's mitigation witnesses are located abroad, primarily in El Salvador. The government's evidence in aggravation originates primarily from Los Angeles. The offense of conviction occurred in North Carolina. And Mr. Umaña himself is physically located in Indiana. While undersigned counsel and her office understood the massive nature of this case at the time they agreed to seek appointment in Mr. Rose's stead, as previously represented to this Court, undersigned counsel and her office are not in the position to represent Mr. Umaña without the appointment of well-resourced, capital-qualified co-counsel who can readily assume part of the workload. *See* Doc. 86, ¶6; Doc. 96 at 14-15

12. As this Court previously stated, courts customarily appoint more than one attorney in federal capital habeas cases. *See* Doc. 87 at 8. In accordance with that custom, this District's CJA plan advises that, in federal capital 2255 cases, "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, the court should consider appointing *at least* two attorneys," "should consider the recommendation of the federal public defender, who will consult

with the Federal Capital Habeas § 2255 Project," and "[w]hen possible, post-conviction counsel should have distinguished prior experience in capital § 2255 representations." United States District Court for the Western District of North Carolina Criminal Justice Act Plan, approved Feb. 25, 2019, XV.E.2, E.4, E.7 (pg. 34) (emphasis added). Given the massive and complex scope of Mr. Umaña's case, the MDPA FDO has a critical need for substitute co-counsel with sufficient resources and experience to adequately replace those that Mr. Umaña has lost through FDSDI's conflict and pending withdrawal.

13. As described in the previous Motion for Substitution of Counsel, the FDSET, Ms. Chavis appearing, possesses special expertise in capital jurisprudence and qualifies for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2). Ms. Chavis and the FDSET's Capital Habeas Unit attorneys specialize in federal capital habeas representation pursuant to 28 U.S.C. § 2254 and § 2255 and are able to competently handle the highly complex nature of Mr. Umaña's case. *See* Exh. 1 (Chavis resume).

14. Appointment of the FDSET would be cost effective. The office is recognized by the United States Courts as a Federal Community Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act. Accordingly, the office receives funding from the Administrative Office of the United States Courts to provide representation in federal habeas corpus proceedings. The FDSET will not seek costs, litigation or expert expenses, or attorneys' fees related to its representation of Mr. Umaña in this matter. The fact that the FDSET will not seek costs, expenses or fees is particularly significant because any new counsel will need to devote hundreds of hours simply to become familiar with the vast record of this case. Because the FDSET represents other clients housed on federal death row at USP Terre Haute, its attorneys can combine client visits to reduce travel-related costs. Representation of Mr. Umaña by FDSET

would also be an economical use of resources given that the location of the crime, witnesses and federal courthouse are within driving distance from the FDSET's Knoxville, Tennessee office.

15. The FDSET has obtained the appropriate administrative approval to seek appointment in Mr. Umaña's § 2255 matter and, pursuant to the Administrative Office of the Courts out-of-district protocol, notifications of the potential appearance of the office have been provided to Fourth Circuit Chief Judge Gregory and Sixth Circuit Chief Judge Cole, neither of whom posed any objection to the appointment.

WHEREFORE, pursuant to 18 U.S.C. § 3599, Mr. Umaña, by and through undersigned counsel, respectfully requests that the Court appoint the Federal Defender Services of Eastern Tennessee, Inc., Capital Habeas Unit, Dana Hansen Chavis appearing, to join as counsel in representing him in seeking all available post-conviction remedies.


Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org


Dated: August 12, 2020

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing Motion with

the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been

served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

*/S/ KELLY D. MILLER*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: August 12, 2020

8