**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| ALEJANDRO UMAÑA,<br>　　　　　　　Movant, | 3:16-CV-00057-RJC |
| v. | CAPITAL § 2255 PROCEEDING |
| UNITED STATES,<br>　　　　　　　Respondent. | HON. ROBERT J. CONRAD, JR. |

REPLY TO GOVERNMENT'S RESPONSE TO UMAÑA'S JUNE 19, 2020 MOTION TO SUPPLEMENT/AMEND HIS 2255 MOTION IN LIGHT OF *REHAIF V. UNITED STATES*, 139 S. CT. 2191 (2019)

Movant, Alejandro Umaña, respectfully replies to the Government's Response (Doc. 100), and requests the Court grant his June 19, 2020 Motion to Supplement/Amend his Motion to Vacate in Light of *Rehaif* (Docs. 88, 89).

In arguing against amendment, the Government urges the Court to misconstrue the applicable standards and make factual findings that are inappropriate to resolve the question currently before the Court: whether amendment is proper under Rule 15 of the Federal Rules of Civil Procedure. Respectfully, the Court should decline the Government's invitation, and grant leave to amend.

## A. Leave to Amend, Properly Analyzed Under Rule 12(b) Standards, Should Be Granted

"The standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where 'good reason exists.'" *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Rule 15 of the Federal Rules of Civil Procedure "declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182

(1962). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Id.* "Rule 15 is applicable to §2255 motions." *United States v. MacDonald*, 641 F.3d 596, 616 n.12 (4th Cir. 2011).

Here, no bad faith, dilatory motive, or undue delay occurred, as Mr. Umaña had no control over the timing of the Supreme Court's new, retroactive decision in *Rehaif*, and he filed his motion for leave to amend to include a claim based upon *Rehaif* within the applicable one-year limitations period of that decision. The Government would not be unduly prejudiced by the amendment or timing of it, and even purports to reserve the right to raise in future pleadings any defenses it has not yet considered. (Doc. 100 at 1, 4-5 & n.2.) And the Government's fact-driven futility arguments demonstrate that it is eager to address the merits. Thus, leave should freely be granted. *See Foman*, 371 U.S. at 182.

In opposition, the Government implores the Court to misapply the governing standard and engage in factual findings inappropriate to resolve the question currently before the Court: whether amendment is appropriate under Rule 15. The Government's argument is that amendment would be futile because Mr. Umaña's *Rehaif* claim "would be subject to dismissal." (Doc. 100 at 4-5.) This dismissal inquiry, however, is tantamount to a Fed.R.Civ.P. 12(b)(6) inquiry: a motion to supplement or amend may be denied based on futility *only where the amendment fails to state a claim on which relief could be granted.* The cases the *Government* cited stand for this

2

proposition.[1]  And the sole §2255 case the Government cites affirms the denial of leave to amend where there was a clear statute-of-limitations bar on the face of the record.  *United States v. Pittman*, 209 F.3d 314, 317-19 (2000); *cf. Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (statute of limitations is raised by Rule 12(b)(6) motion when apparent on face of complaint).

Thus, applying Rule 12 standards to this inquiry, the Court must accept as true all well-pleaded allegations of the challenged pleading.  *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  All reasonable factual inferences from the allegations must be drawn in plaintiff/petitioner's favor.  *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citing *Nemet Chevrolet Ltd.*, 591 F.3d at 253).  And where "material

---

[1] The Government cited *Goheir v. Enright* and *U.S. ex rel. Ahumada v. NISH* (Doc. 100 at 4), which state the standard as follows:

> A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *See id.* at 859. *The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim*, a question this court reviews *de novo.*

*Goheir v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (emphasis added); and:

> Generally, we review a district court's denial of a motion for leave to amend for abuse of discretion. *See US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010). But where, as here, the district court denied such a motion on grounds of futility, we employ the same standard that would apply to our review of a motion to dismiss. *See Pollard v. Pollard*, 325 F. App'x 270, 272 (4th Cir. 2009); *see also Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 132 (1st Cir. 2006). Thus, we review de novo the district court's legal conclusion that Ahumada's proposed amendments "fail[ed] to cure the deficiencies . . . in the [first amended complaint]": namely, that the complaint failed to state a claim on which relief could be granted and failed to overcome the FCA's public-disclosure bar. *See Ahumada*, 2013 U.S. Dist. LEXIS 74696, 2013 WL 2322836, at *7.

*U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014).

facts remain disputed," dismissal is inappropriate. *Walker v. True*, 399 F.3d 315, 319 & n.1 (4th Cir. 2005) (vacating dismissal of §2254 petition, as district court did not properly apply Rule 12(b)(6) standard when it failed to assume all facts pleaded by petitioner to be true and considered material not included in the petition).

**B.** **Mr. Umaña's Well-Pleaded *Rehaif* Amendment States a Claim Upon Which Relief Could Be Granted**

Mr. Umaña's well-pleaded *Rehaif* amendment would not be futile. Mr. Umaña alleges that myriad constitutional errors occurred based on omission of the knowledge-of-status element from his indictment, evidence at trial, jury instructions, and jury findings. (Doc. 89, at 4, ¶9.) The Fourth Circuit has recently acknowledged such cascade of errors related to the knowledge-of-status element "are sufficient to undermine confidence in the outcome of the proceedings" and affect the defendant's substantial rights. *United States v. Medley*, 972 F.3d 399, 2020 U.S. App. LEXIS 26721, at \*\*27-38 (4th Cir. 2020) (citations omitted). Moreover, even reviewing the trial record, there is a reasonable probability the knowledge-of-status errors affected the outcome. (*See* Doc. 89, at 4-7, ¶¶9-15.) *See United States v. Lockhart*, 947 F.3d 187, 192-93 (4th Cir. 2020) (en banc) ("Although the reasonable probability standard is a demanding one, a defendant need not 'prove by a preponderance of the evidence that but for error things would have been different.' Instead, a defendant must 'satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding'" (citations omitted)).

Contrary to a proper Rule 12(b)(6) analysis, the Government asks the Court to make factual findings in its favor, ignore the facts that support Mr. Umaña's theory of the case and lack of knowledge of his status that prohibited him from possessing (including his prior police contacts and arrest(s) without triggering immigration consequences or removal proceedings, his obtaining

4

a government issued identification card in the United States, and his finding employment in the United States), and engage in rank speculation about how mental health and scienter evidence would have played out in front of the jury. (Doc. 100 at 6-9.) As the Fourth Circuit has repeatedly warned, courts must avoid untoward leaps of logic in speculating that a defendant could not have challenged an element that was not at issue at trial. *United States v. Medley*, 972 F.3d 399, 2020 U.S. App. LEXIS 26721, at \*\*27-30 (4th Cir. 2020); *United States v. Brown*, 202 F.3d 691, 700 n.18 (4th Cir. 2000). "It would be unjust to conclude that the evidence supporting the knowledge-of-status element is [overwhelming or] 'essentially uncontroverted' when [Mr. Umaña] had no reason to contest that element during pre-trial, trial, or sentencing proceedings." *Medley*, 2020 U.S. App. LEXIS 26721, at \*39. *Cf. United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015) ("judges are better equipped to assess materiality than to evaluate states of mind based on a cold record").

Rather, the Fourth Circuit has identified the "three scenarios that would permit us to conclude that a defendant was not prejudiced by an omitted element: namely, when 1) 'a jury necessarily made th[e] findings notwithstanding the omission,' 2) 'the omitted element was uncontested and supported by overwhelming evidence,' or 3) 'the element was genuinely contested,' but 'there is [no] evidence upon which a jury could have reached a contrary finding.'" *Medley*, 2020 U.S. App. LEXIS 26721, at 27, *quoting Brown*, 202 F.3d at 699. Here, none of the *Brown* circumstances apply. The jury did not make a finding of the knowledge-of-status element; and substantial evidence – identified in the *Rehaif* amendment (Doc. 89, at 4-7, ¶¶9-15) and summarized in the paragraph above – calls into question the existence of that element.

5

Mr. Umaña has filed a well-pleaded *Rehaif* claim which entitles him to relief when his material facts are accepted as true and inferences drawn in his favor. That is all that is required at this stage.

### C. Alleged Procedural Default Does Not Bar the Amendment

The Government's procedural default arguments – like its merits arguments – implore the Court to ignore and mis-apply the Rule 12(b) standards. The Government incorrectly argues that procedural default renders amendment futile. Quite the opposite, several avenues of cause exist here. Additionally, miscarriage of justice also excuses any default.

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded" the ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). This can occur if government interference made compliance impractical, *see id.*, or if there was constitutionally ineffective assistance of counsel, *see Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). Furthermore, if a claim "is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for [the] failure to raise the claim." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A petitioner cannot establish a claim was "not reasonably available to counsel" just because of the perception that "a claim was unacceptable to that particular court at that particular time," *see Bousley v. United States*, 523 U.S. 614, 622-23 (1998), but a claim is deemed unavailable when it results from a "clear break with the past" in a new Supreme Court case:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overturn a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice this Court arguably has sanctioned in prior cases.

*Ross*, 468 U.S. at 17 (cleaned up, citations omitted). While it "present[s] a more difficult question" when a claim implicates the third category, "[b]y definition, when a case falling into one of the

6

first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that this Court has ultimately adopted." *Id.*

Here, because the Supreme Court "overturn[ed] the long-established interpretation" of §922(g), which was "used in thousands of cases for more than 30 years," and on which the Circuit Courts were unanimous, *see Rehaif*, 139 S. Ct. at 2201 (Alito, J., dissenting), Mr. Umaña's alleged procedural default falls within the second *Ross* category. For that reason, Mr. Umaña had no reasonable basis to raise the knowledge-of-status issue before the trial court or on appeal. Cause thus exists to excuse any default.

Moreover, the futility language the Government cites from *Bousley* – "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time,'" *Bousley*, 523 U.S. at 623 (citation omitted) – must be read in context with *Bailey v. United States*, 516 U.S. 137 (1995). Bailey and Bousley were arrested around the same time; Bailey litigated the issue for which a notable Circuit split was already developing, while Bousley did not. Bailey was arrested in 1989 and challenged the "use" definition at trial and on appeal. *Bailey*, 516 U.S. at 139. The Supreme Court granted certiorari in *Bailey* to resolve the multifaceted Circuit split that had developed on the definition of "use," standard to apply, and factors to guide the analysis. *Id.* at 142 (collecting cases). In contrast, Bousley was arrested in 1990, did not raise the issue, and pleaded guilty. *Bousley*, 523 U.S. at 616. The *Bailey* issue was available to Bousley, with pre-existing out-of-circuit precedent supporting his position. *Id.* ("the Federal Reporters were replete with cases involving challenges"); *Bailey*, 516 U.S. at 142 (collecting cases on Circuit split), *citing, inter alia, United States v. Feliz-Cordero*, 859 F.2d 250, 254 (2d Cir. 1988) (presence of gun in dresser in apartment with drugs, drug proceeds, and paraphernalia *insufficient* to meet

7

§924(c)(1)).  And the only futility was that Bousley's particular court was on the less favorable side of the Circuit split.  *Id.* at 622-23.  Additionally, *Bailey* did not implicate any of the *Ross* categories:  it did not overturn Supreme Court precedent or "longstanding and widespread" "near-unanimous" lower court authority, or disapprove a practice the Supreme Court "arguably ha[d] sanctioned."  *See Bailey*, 516 U.S. at 142; *Ross*, 468 U.S. at 17.  With that context, the rationale that Bousley's *Bailey* claim was not novel or futile (just unacceptable in the Eighth Circuit at that time) makes sense.

Here, in contrast, there was no Circuit split on the *Rehaif* issue.  *See Rehaif*, 139 S. Ct. at 2201 (Alito, J. dissenting).  And the *Rehaif* issue was not merely "unacceptable to [Mr. Umaña's] particular court at that particular time."  *Bousley*, 523 U.S. at 623.  Instead, the issue was unacceptable to *all courts "for more than 30 years."  See Rehaif*, 139 S. Ct. at 2201 (Alito, J. dissenting) (emphasis added); *United States v. Rehaif*, 888 F.3d 1138, 1145 (11th Cir. 2018) ("And no court of appeals has required proof of the defendant's knowledge of his prohibited status under any subsection of §922(g)."), *overruled by* 139 S. Ct. 2191 (2019).  Even if some defendants raised the issue before *Rehaif*, that alone does not prove the knowledge-of-status argument was reasonably available in the face of widespread and longstanding contrary authority.  *See United States v. Mitchell*, 209 F.3d 319, 322 (4th Cir. 2000) (knowledge of possession, without requiring knowledge of status, "has been applied *without exception* by this and other circuits when interpreting §924(a)(2)'s application to subsection (g) firearm possession crimes" (emphasis added)).  *Bousley*'s limitation on cause for default is simply not applicable here.

For similar reasons, the government's citation to *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc), is unpersuasive.  In *Whiteside*, petitioner filed an untimely §2255 claim to assert a new Circuit Court rule announced in *United States v. Simmons*, 649 F.3d 237 (4th Cir.

8

2011) (en banc), and sought equitable tolling of the §2255(f) limitations period based on futility of his claim prior to *Simmons*. *Whiteside*, 775 F.3d at 181-82. The Fourth Circuit denied equitable tolling, explaining that the claim was available to Whiteside prior to *Simmons* because the claim was "not entirely meritless even under then-existing precedent," Supreme Court and Circuit Court decisions "strongly foreshadowed [the rule in] *Simmons*," and, contemporaneous to Whiteside's trial and direct review, other defendants and petitioners (including Simmons himself) had raised that same claim. *Id.* at 186. Here, in contrast, no court signaled nor adopted the *Rehaif* rule prior to the Supreme Court's decision in *Rehaif*. *See Rehaif*, 139 S. Ct. at 2201 (Alito, J. dissenting); *Rehaif*, 888 F.3d at 1145 ("And no court of appeals has required proof of the defendant's knowledge of his prohibited status under any subsection of §922(g)."), *overruled by* 139 S. Ct. 2191 (2019); *Mitchell*, 209 F.3d at 322 ("without exception by this and other circuits" knowledge has been applied only to possession, not to status). And the defendant in *Rehaif* raised his novel claim long after Mr. Umaña's trial and direct appeal. *See Rehaif*, 888 F.3d at 1140-41 (defendant indicted after December 2, 2015), *overruled by* 139 S. Ct. 2191 (2019); *United States v. Umaña*, 750 F.3d 320 (4th Cir. 4/23/2014) (direct appeal opinion). Again, the *Bousley* limitation, echoed in *Whiteside*, does not apply here.

In the event this claim is not considered novel under *Ross*, prior counsel at all stages could have no strategic basis for failing to raise a reasonably available claim, provided objectively deficient performance by failing to do so, and thereby prejudiced Mr. Umaña. *Strickland v. Washington*, 466 U.S. 668, 687-95 (1984) (ineffective assistance standard). Counsel, who raised substantial claims regarding Mr. Umaña's intellectual and cognitive functions, could have no reasonable basis for failing to raise a reasonably-available, substantial claim that Mr. Umaña did not have adequate knowledge of his immigration status and its consequences. Indeed,

consequences that should have occurred – such as removal proceedings upon his first arrest, disqualification from employment, and disqualification from obtaining government identification – did not occur to Mr. Umaña. To the contrary, he was arrested but faced no immigration consequences; found employment; and obtained a government ID card. Similarly, lack of knowledge or uncertainty about his status and its consequences, coupled with the intellectual and/or cognitive disabilities identified by counsel, played a role in Mr. Umaña's alleged firearm possession. Counsel could have no reasonable basis for failing to present this substantial issue. Counsel's ineffectiveness thus supplies cause for any alleged default. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (ineffectiveness claim may be raised in §2255 proceedings, regardless whether it could have been raised on direct appeal); *Martinez v. Ryan*, 566 U.S. 1, 9, 18 (2012) (ineffectiveness of initial collateral review counsel supplies cause for default of substantial claim of trial counsel ineffectiveness).

To establish prejudice, a petitioner must show "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (internal quotation omitted). "Although the reasonable probability standard is a demanding one, a defendant need not 'prove by a preponderance of the evidence that but for error things would have been different.' Instead, a defendant must 'satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding.'" *See Lockhart*, 947 F.3d at 192-93 (citations omitted).

Here, Mr. Umaña made the requisite showing. His amended *Rehaif* claim alleges that constitutional errors occurred based on omission of the knowledge-of-status element from his indictment, evidence at trial, jury instructions, and jury findings. (Doc. 89, at 4, ¶9.) Such cascade

10

of errors related to the knowledge-of-status element "are sufficient to undermine confidence in the outcome of the proceedings" and affect the defendant's substantial rights. *United States v. Medley*, 2020 U.S. App. LEXIS 26721, at \*\*27-38 (citations omitted). Moreover, reviewing the trial record, there is a reasonable probability the knowledge-of-status errors affected the outcome. (Doc. 89, at 4-7, ¶¶9-15.)

Contrary to a proper Rule 12(b)(6) analysis, the Government's procedural default prejudice arguments – like its merits arguments – implore the Court to make factual findings in its favor, ignore the facts that support Mr. Umaña's theory of the case or lack of knowledge of his status (including his multiple prior police contacts and arrest(s) without triggering immigration consequences or removal proceedings, his obtaining a government issued identification card in the United States, and his finding employment in the United States), and speculate about how mental health and scienter evidence would have played out in front of the jury. (Doc. 100 at 6-9.) As the Fourth Circuit has warned, the court must avoid untoward leaps of logic in speculating that a defendant could not have challenged an element that was not at issue at trial. *Medley*, 2020 U.S. App. LEXIS 26721, at \*\*27-30, 39; *Brown*, 202 F.3d at 700 n.18; *Houston*, 792 F.3d at 669.

Notably, the Fourth Circuit has also identified the "three scenarios that would permit us to conclude that a defendant was not prejudiced by an omitted element: namely, when 1) 'a jury necessarily made th[e] findings notwithstanding the omission,' 2) 'the omitted element was uncontested and supported by overwhelming evidence,' or 3) 'the element was genuinely contested,' but 'there is [no] evidence upon which a jury could have reached a contrary finding.'" *Medley*, 2020 U.S. App. LEXIS 26721, at 27, *quoting Brown*, 202 F.3d at 699. Here, none of the *Brown* circumstances apply. The jury did not make a finding of the knowledge-of-status element;

11

and substantial evidence – identified in the *Rehaif* amendment (Doc. 89, at 4-7, ¶¶9-15) – calls into question the existence of that element.

Finally, conviction and sentence under §§922(g) and 924(a), without proof of the requisite knowledge element, amounts to conviction "for an act that the law does not make criminal. There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under [28 U.S.C.] § 2255." *Davis* v. *United States,* 417 U.S. 333, 346-347 (1974). Moreover, *Medley* and *Gary* demonstrate that the cascade of errors caused by a *Rehaif* violation result in a miscarriage of justice sufficient to excuse default. *See Medley*, 2020 U.S. App. LEXIS 26721, at \*\*27-39; *United States v. Gary*, 954 F.3d 194, 208 (4th Cir. 2020).

Mr. Umaña has filed a well-pleaded *Rehaif* claim which overcomes alleged default and entitles him to relief when his material facts are accepted as true and inferences drawn in his favor. That is all that is required at this stage.

WHEREFORE, for all of the above reasons and those in his prior submissions, Mr. Umaña respectfully requests this Court grant his June 19, 2020 Motion to Supplement/Amend his Motion to Vacate in Light of *Rehaif* (Docs. 88, 89).

Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender, Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: November 12, 2020

12

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

*/S/ KELLY D. MILLER*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: November 12, 2020