UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00057-RJC
(3:08-cr-134-RJC-2)

| | |
|---|---|
| ALEJANDRO ENRIQUE RAMIREZ UMAÑA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Federal Defenders of San Diego, Inc.'s ("FDSDI") Motion to Withdrawal as Counsel for Petitioner Alejandro Umaña [Doc. 94], Petitioner's Motion to Join in FDSDI's Motion to Withdraw and Supplement to FDSDI's Motion Regarding Substitution of Counsel [Doc. 95], and Petitioner's Motion for Appointment of Counsel [Doc. 97]. FDSDI attorney Zandra Lopez seeks to withdraw as co-counsel for Petitioner in this 28 U.S.C. § 2255 proceeding on grounds that both she and FDSDI have conflicts of interest. The Government has filed no response or objections to the motions.

I.     **PROCEDURAL BACKGROUND**

Petitioner Alejandro Umaña ("Petitioner") was sentenced to death on July 27, 2010 following his conviction for the capital murders of two brothers in Greensboro, North Carolina and for his involvement in a wide-ranging RICO conspiracy. See United States v. Umaña, 3:08-cr-134-RJC-2 (W.D.N.C.)[Doc. 1168]. The appellate court affirmed Petitioner's convictions and death sentence and the U.S. Supreme Court denied certiorari review. See United States v. Umaña, 750 F.3d 320 (4th Cir. 2014); Umaña v. United States, 135 S.Ct. 2856 (2015).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 22, 2016. [Doc. 22, 24 (sealed)]. On February 22, 2018, Petitioner filed a Motion for Leave to File Supplement/Amendment to Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255, seeking to raise an additional 28 claims, including claims of ineffective assistance of appellate counsel. [Docs. 68, 69]. In June 2020, Petitioner filed two additional motions seeking leave to amend in light of Rehaif v. United States, 139 S.Ct. 2191 (2019), and United States v. Davis, 139 S.Ct. 2319 (2019). [Docs. 88, 90].

## II. PREVIOUS MOTION FOR SUBSTITUTION OF COUNSEL

The Fourth Circuit Court of Appeals appointed attorney Malcom Hunter of the Center for Death Penalty Litigation ("CDPL") as lead counsel for Petitioner's direct appeal, with FDSDI as co-counsel.[1] United States v. Umaña, 3:08-cr-134-RJC-2 (W.D.N.C.)[Doc. 1366]. CDPL attorney Kenneth Rose initially appeared as lead counsel for Petitioner in this § 2255 proceeding, with FDSDI attorney Zandra Lopez as co-counsel. Id. at [Docs. 1622, 1626, 1627]. Attorney Rose later withdrew due to personal circumstances and attorney Kelly Miller of the Federal Public Defender of the Middle District of Pennsylvania was substituted as lead habeas counsel, with Lopez continuing as co-counsel. [Docs. 48, 49, 55].

On December 14, 2018, Petitioner filed a Motion for Substitution of Counsel, requesting this Court allow Attorney Lopez withdraw as co-counsel and to substitute a new attorney in her place. [Doc. 86]. Petitioner argued that because FDSDI and CDPL represented Petitioner in both the direct appeal and habeas proceeding, they were ethically precluded from raising claims of their own ineffectiveness in handling the appeal. [Doc. 86]. Petitioner argued that he was without conflict-free counsel until Attorney Miller's substitution as habeas counsel. [Doc. 86, ¶3-5].

---

[1] FDSDI attorney Zandra Lopez appeared on the opening and reply briefs.

This Court denied Petitioner's Motion for Substitution of Counsel on grounds that Petitioner had not shown good cause for a substitution and that the motion was untimely. [Doc. 87]. Petitioner failed to demonstrate that habeas counsel Rose was conflicted based upon his and appellate counsel Hunter's overlapping tenure at CDPL. [Doc. 87, p. 5-7]. Petitioner did not show that Attorney Rose was privy to any information in the appeal or had any involvement with the appeal, and Petitioner failed to provide any facts regarding the nature of the working relationships among CDPL attorneys that could form the basis for imputing a conflict of interest to Rose. Id.

As to FDSDI, the Court noted that because Attorney Lopez worked on the direct appeal, advancing a claim of ineffective assistance of appellate counsel would require her to impugn her own performance and the performance of other FDSDI attorneys, thus creating a conflict of interest. [Doc. 87, p. 7-8]. However, the Court concluded that Attorney Lopez's conflict did not cancel out Attorney Rose's independence and that Petitioner failed to demonstrate why Lopez's conflict should be imputed to Rose. Id. The Court also noted that FDSDI itself had not moved to withdraw. [Doc. 87, p. 9, n. 4].

### III. LEGAL STANDARD

Appointment of counsel in § 2255 habeas proceedings is governed by 18 U.S.C. § 3599. An indigent defendant seeking to vacate or set aside a death sentence "shall be entitled to the appointment of one or more attorneys..." 18 U.S.C. § 3599(a)(2). See also Martel v. Clair, 565 U.S. 648, 659, 132 S.Ct.1276, 182 L.Ed.2d 135 (2012)("Habeas petitioners facing execution now receive counsel as a matter of right, not an exercise of the court's discretion.").

Section § 3599(e) states that appointed counsel shall represent the defendant throughout each subsequent stage of the proceedings. 18 U.S.C. § 3599(e). However, the court may replace appointed counsel with "similarly qualified counsel ...upon motion" of the attorney or defendant.

18 U.S.C. § 3599(e). The court should grant a motion for replacement counsel when it is in the "interests of justice" and after considering such factors as timeliness of the motion and basis for the defendant's asserted cause for complaint, conflict of interest, or breakdown in communication between lawyer and client. Martel v. Clair, 565 U.S. at 663-664.

## IV.    DISCUSSION

### A.    Motion to Withdraw

FDSDI argues that it has an unwaivable conflict of interest and requests this Court allow FDSDI and FDSDI attorney Zandra Lopez withdraw from this matter. [Doc. 94]. FDSDI states that it took on most of the responsibility in preparing Petitioner's appellate brief, with a core team of FDSDI attorneys and staff working on the appeal, including Attorney Lopez. [Doc. 94, p. 2]. FDSDI asserts that because Petitioner, through lead counsel Miller, intends to continue to litigate and investigate claims of ineffective assistance of appellate counsel, it cannot continue to represent Petitioner. Id., p. 1. FDSDI states that it has abstained from working on this matter since the filing of the previous motion for substitution of counsel.[2] Id., p. 6.

Petitioner, through lead habeas counsel Miller, joins in FDSDI's motion to withdraw and also asks that this Court reconsider and/or hold in abeyance its prior decision denying Petitioner's request for a substitution of co-counsel until such time as a qualified co-counsel can be located. [Doc. 95]. Petitioner submits a declaration from Attorney Rose and argues that contrary to this Court's previous finding, Attorney Rose did not function as an independent counsel. [Docs. 95-1, 96].[3]

---

[2] FDSDI attaches an affidavit from CDPL financial controller Sandy Demeree providing dates of employment of CDPL attorneys and a declaration from attorney Daniel E. Eaton providing an opinion on the ethical issues in this matter. [Docs. 94-1, 94-2].

[3] Petitioner submits the same affidavit from CDPL employee Sandy Demeree, along with a letter of opinion from Professor of Law Abbe Smith, and correspondence regarding Attorney Hunter's representation of Petitioner. [Docs. 95-2, 95-3, 95-4, 95-5].

4

According to Attorney Rose, the CDPL is a small non-profit law firm, whose attorneys worked collaboratively and had access to each other's files, with no walls between attorneys and cases. [Doc. 95-1, ¶2]. Rose discussed Petitioner's direct appeal with CDPL attorneys Malcolm Hunter and David Weiss while it was pending and had access to their files and work product. Id. at ¶4-6. Although Hunter and Weiss both left CDPL during that time, Rose states that their consultations with each other continued. Id. at ¶7. Rose adds that Attorney Weiss later returned to CDPL, during which time Rose discussed Petitioner's § 2255 motion with Weiss and other CDPL colleagues. Id. at ¶9-10.[4] Attorney Rose states that his professional and personal relationship with Attorney Hunter may have impacted his ability to recognize and raise claims of Hunter's ineffectiveness on appeal. Id. at. ¶13.

When post-conviction counsel find themselves in a position where advancing certain claims require them to "denigrate their own performance," a conflict arises and they "cannot reasonably be expected to make such an argument, which threatens their professional reputation and livelihood." Christeson v. Roper, 574 U.S. 373, 376, 135 S.Ct. 891, 190 L.Ed.2d 763 (2015). The Fourth Circuit has addressed such issues arising in section § 2254 proceedings, holding that where a federal habeas petitioner is represented by the same counsel as in state habeas proceedings, petitioner is entitled to independent counsel in order to investigate and pursue Martinez[5] claims of ineffective assistance of counsel relating to the state habeas proceedings. Juniper v. Davis, 737 F.3d 288, 289-290 (4th Cir. 2013). The court "must grant the motion for appointment of counsel without regard to whether the underlying motion identifies a 'substantial' ineffective assistance claim..." Id. at 290. See also Gray v. Pearson, 526 Fed. Appx. 331, 334 (4th Cir. 2013)("a clear

---

[4] For several months prior to his appointment as § 2255 counsel, Rose was retained and paid by FDSDI to begin working on post-conviction matters. Id. at ¶8. He later relied heavily on FDSDI's investigation and deferred to its expertise in how to proceed in the § 2255 proceeding. Id. at ¶11-12.
[5] Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).

conflict of interest exists in requiring [petitioner's] counsel to identify and investigate potential errors that they themselves may have made in failing to uncover ineffectiveness of trial counsel while they represented [petitioner] in his state post-conviction proceedings"). Section § 2255 proceedings can pose similar conflict issues. See United States v. Runyon, 2014 WL 6623118, (E.D. Va. Nov. 5, 2014)(rejecting defendant's request to appoint prior appellate counsel in § 2255 proceeding given that the petitioner may seek to raise claims of ineffective assistance of appellate counsel and appellate counsel could not be expected to raise her own ineffectiveness).

Given the potential for conflict of interest that may arise if FDSDI and Attorney Lopez remain in this matter as co-counsel, it is not prudent for FDSDI or Attorney Lopez to continue to represent Petitioner. Having considered the additional arguments presented in support of FDSDI's motion, the Court finds that FDSDI and Attorney Lopez should be permitted to withdraw. Accordingly, the Court will grant FDSDI's motion.

### B. Motion for Appointment of Counsel

Petitioner moves for the appointment of non-conflicted co-counsel pursuant to 18 U.S.C. § 3599 (a) and (c). [Doc. 97]. Specifically, Petitioner requests the Court appoint as co-counsel attorney Dana Hansen Chavis of the Federal Defender Services of Eastern Tennessee, Inc., Capital Habeas Unit, who is willing and able to accept appointment. Attorney Milller states that given the scope of the record in this matter, neither she nor her office are in the position to represent Petitioner without the appointment of co-counsel. [Doc. 97, ¶ 11].

18 U.S.C. § 3599(a)(2) requires the appointment of at least one qualified counsel in § 2255 post-conviction proceedings. With attorney Miller serving as lead habeas counsel, Petitioner is presently represented by conflict-free counsel. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence has already been drafted and filed, along with Petitioner's subsequent motions

seeking leave to amend. [Docs. 22, 68, 88, 90]. Petitioner has not demonstrated a sufficient need for the appointment of a second co-counsel at this time. As such, the Court denies Petitioner's motion. However, Petitioner may renew his request should circumstances arise to warrant the appointment of a co-counsel.

**IT IS, THEREFORE, ORDERED** that:

1. Federal Defenders of San Diego, Inc.'s Motion to Withdrawal as Counsel for Petitioner Alejandro Umaña [Doc. 94] is **GRANTED**. The Federal Defenders of San Diego Inc. and attorney Zandra Lopez are **REMOVED** as co-counsel for Petitioner in this case and relieved of any further representation of Petitioner.

2. Petitioner's Motion to Join in FDSDI's Motion to Withdraw and Supplement to FDSDI's Motion Regarding Substitution of Counsel [Doc. 95] is **GRANTED** as to FDSDI's Motion to Withdraw and **DENIED** as to Petitioner's request for substitution of counsel.

3. Petitioner's Motion for Appointment of Counsel [Doc. 97] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 24, 2021

Robert J. Conrad, Jr.
United States District Judge