# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,

          Movant,

v.

UNITED STATES,

          Respondent.

3:16-CV-00057-RJC

CAPITAL § 2255 PROCEEDING

HON. ROBERT J. CONRAD, JR.

### MOVANT'S MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT AND AMEND CLAIM 22 (*JOHNSON/DAVIS* CLAIM) OF HIS MOTION TO VACATE UNDER 28 U.S.C. §2255

Movant, Alejandro Umaña, through counsel, hereby files his memorandum in support of motion for leave to supplement and amend his Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255, to supply additional authority regarding Claim 22 (*Johnson/Davis* claim), including *Borden v. United States*, 141 S. Ct. 1817 (June 10, 2021):

1. Mr. Umaña is an indigent, death-sentenced federal prisoner. He was charged and convicted of, inter alia, using a firearm during and in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. §924(c), (j)(1).

2. On June 22, 2016, counsel for Mr. Umaña timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Conviction and Sentence. Civ. Docs. 22, 24. Claim 22 in the Motion raised the claim that Mr. Umaña's convictions and sentences under 18 U.S.C. §924(c), (j) (Counts 23 and 25) were unconstitutional based on the principle articulated in *Johnson (Samuel) v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2563 (2015), his convictions and sentences on those counts therefore must be vacated, and his remaining death sentences on Counts 22 and 24 accordingly also must be vacated. 2255 Motion, at 323-344 (Civ. Docs. 22, 24).

3. On February 22, 2018, counsel for Mr. Umaña filed a Motion for Leave to File Supplement/Amendment to the Motion to Vacate, and the proposed Supplemental/Amended Motion to Vacate. Civ. Docs. 68, 69, 71. The Government filed a response to the motion to supplement and amend, and counsel for Mr. Umaña replied. Civ. Docs. 77, 81.

4. On June 24, 2019, the Supreme Court decided *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), an opinion which has direct implication for Mr. Umaña's proceedings.

5. The Supreme Court in *Johnson* invalidated as unconstitutionally vague the risk/residual clause of 18 U.S.C. §924(e)(2)(B). *Johnson (Samuel) v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2563 (2015). Applying the due process principles recognized in *Johnson*, the Supreme Court in *Davis* invalidated as unconstitutionally vague the risk/residual clause of 18 U.S.C. §924(c)(3)(B). *Davis*, 139 S. Ct. at 2323-24, 2336. *Davis* was supplemental authority that interpreted *Johnson*. However, in the event the Court determined *Davis* was a new rule, *cf. Coleman v. United States*, 2018 WL 5315216 (W.D. N.C. 10/26/2018) (Order), Mr. Umaña filed leave to amend Claim 22 (his *Johnson/Davis* claim) to add the new law articulated in *Davis*. *See* Civ. Docs. 91, 101, 104.

6. On June 10, 2021, the Supreme Court decided *Borden v. United States*, 593 U.S. ___, 141 S. Ct. 1817 (2021), an opinion which once again has direct implication for Mr. Umaña's *Johnson/Davis* claim (Claim 22).

7. In *Borden*, the Supreme Court clarified the analysis that is required, and the mens rea that is necessary, for a statute to qualify as a "violent felony" under the elements clause of 18 U.S.C. §924(e)(2)(B)(i), also known as the Armed Career Criminal Act (ACCA). Precedent that instructs how to interpret the definition of "violent felony" in §924(e)(2)(B) likewise instructs how to interpret the substantially identical definition of "crime of violence" in §924(c)(3).

8. 28 U.S.C. § 2242 provides that a 2255 motion "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." *See also* Rule 11 of the Rules Governing 2255 Proceedings (rules of civil procedure apply to extent not inconsistent with habeas rules); Advisory Committee Note to Rule 5 of the Rules Governing 2255 Proceedings ("civil rule 15(a) may be used to allow the petitioner to amend his petition"); *Withrow v. Williams*, 507 U.S. 680, 696 n.7 (1993) ("Rule 15 applies in habeas actions"). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Similarly, Rule 15(d) provides for supplemental pleadings when the pleading sets "out any transaction, occurrence or event that happened after the date of the pleading to be supplemented."

9. Mr. Umaña seeks leave to supplement/amend Claim 22, in light of *Borden* and to supply legal authority that post-dates the last pleadings filed regarding Claim 22. This supplement/amendment relates back to the originally filed Claim 22 (Civ. Doc. 22/24, at 323) and the *Davis* amendment (Civ. Doc. 91), as this supplement/amendment arises out of the same nucleus of operative fact as the originally filed *Johnson* claim and *Davis* amendment: that Mr. Umaña's §924(c), (j) convictions were unconstitutional and lacked nexus to a qualifying crime of violence. *See* Fed.R.Civ.P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 659 (2005). Additionally, this supplement/amendment is based on the Supreme Court's *Borden* decision and additional *Davis* opinions, which were released after the date of the pleadings to be supplemented/amended. Fed.R.Civ.P. 15(d).

10. In an abundance of caution, in the event this supplement/amendment does not relate back to Claim 22 because this Court determines *Borden* articulated a new rule, Mr. Umaña also seeks leave to file this supplement/amendment to his 2255 Motion based on *Borden.* If *Borden* articulated a new constitutional rule, there is no question that rule applies retroactively to cases

3

such as Mr. Umana's. *See Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1268 (2016); *Schriro v. Summerlin*, 542 U. S. 348, 353 (2004). Thus, if *Borden* articulated a new rule, Mr. Umaña's supplement/amendment is timely under 28 U.S.C. § 2255(f)(3) because it is filed within one year of the *Borden* decision.

11.     Mr. Umaña files his proposed supplement/amendment contemporaneously with this Motion and Memorandum in Support.   For the reasons stated in Mr. Umaña's proposed supplement/amendment, his *Johnson/Davis* claim is meritorious and thus leave to supplement or amend would not be futile.

12.     Accordingly, Mr. Umaña requests leave to supplement or amend to supply additional authority regarding Claim 22 (*Johnson/Davis* claim), including *Borden*.

WHEREFORE, Mr. Umaña respectfully moves this Court for leave to supplement/amend Claim 22 (*Johnson/Davis* claim) of his 28 U.S.C. §2255 Motion.


Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender Office
Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org


Dated: June 9, 2022

4

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

*/S/ KELLY D. MILLER*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender Office
Middle District of Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: June 9, 2022