# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,

               Movant,                              3:16-CV-00057-RJC

        v.                                    CAPITAL § 2255 PROCEEDING

UNITED STATES,                             HON. ROBERT J. CONRAD, JR.

                    Respondent.

_____/

### SECOND MOTION FOR LEAVE TO CONDUCT DISCOVERY

Movant, Alejandro Umaña, through undersigned counsel, pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts and Local Rule 7.1(c), files this Second Motion for Leave to Conduct Discovery, and states:

1.        Mr. Umaña is an indigent, death-sentenced federal prisoner.

2.        On June 22, 2016, Mr. Umaña filed his timely *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Convictions and Sentences of A Person in Federal Custody* (**Doc. 22**) ("Initial 2255 Motion"), asserting Claims 1 through 30. *See also* **Doc. 24**.

3.        On October 21, 2016, Mr. Umaña filed his *Initial Motion for Leave to Conduct Discovery and Incorporated Memorandum* (**Doc. 36**) ("Initial Discovery Motion"[1]).

4.        On January 30, 2017, Mr. Umaña filed a *Motion for Substitution of Counsel* (**Doc. 48**). Lead Attorney Rose sought to withdraw due to changed personal and professional circumstances. *Id.* at 2. Mr. Umaña requested appointment of the Federal Public Defender's Office for the Middle District of Pennsylvania, Capital Habeas Unit ("MDPA FDO"), as lead counsel. *Id.*

---

[1] Mr. Umaña filed a *Motion for Leave to Conduct Discovery* prior to filing his Initial 2255 Motion. *See* **Doc. 13**. This Court deemed that motion premature and moot. *See* **Doc. 30** at 2.

1

at 2–4. On February 22, 2017, this Court granted the motion, relieved Attorney Rose of his duties, and appointed the MDPA FDO as counsel for Mr. Umaña (**Doc. 49**).

5. On March 23, 2017, the Government responded to Mr. Umaña's Initial Discovery Motion (**Doc. 50**), and on April 24, 2017, Mr. Umaña replied (**Doc. 62**).

6. On February 22, 2018, Mr. Umaña filed his *Motion for Leave to File Supplement/Amendment to Motion to Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255* (**Doc. 68**) ("Supplemental 2255 Motion"), asserting additional Claims 31 through 58. *See also* **Docs. 69 & 71**. On May 7, 2018, the Government responded (**Doc. 77**), and on May 29, 2018, Mr. Umaña replied (**Doc. 81**).

7. On December 14, 2018, Mr. Umaña filed a *Motion for Substitution of Counsel*, seeking to substitute the Federal Defender Services of Eastern Tennessee, Inc. ("FDSET") as co-counsel for the Federal Defenders of San Diego, Inc. ("FDSDI") due to a conflict of interest (**Doc. 86**). The Court denied that motion on June 16, 2020 (**Doc. 87**).

8. On June 19 and 23, 2020, Mr. Umaña filed motions to ensure the preservation of his rights under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (**Docs. 88 & 89**) and *United States v. Davis*, 139 S. Ct. 2319 (2019) (**Docs. 90 & 91**).

9. On July 14, 2020, FDSDI filed a *Motion to Withdraw as Counsel for Petitioner Alejandro Umaña* (**Doc. 94**), in which Mr. Umaña, represented by undersigned counsel, joined and again requested the appointment of FDSET to replace FDSDI as co-counsel (**Docs. 95 & 96**.) On August 12, 2020, Mr. Umaña filed his *Motion for Appointment of Counsel* (**Doc. 97**), again requesting appointment of FDSET as non-conflicted co-counsel.

10. On May 25, 2021, this Court granted FDSDI's *Motion to Withdraw as Counsel for Petitioner Alejandro Umaña* (**Doc. 94**) "[g]iven the potential for conflict of interest that may arise

if FDSDI and Attorney Lopez remain in this matter as co-counsel" (**Doc. 107** at 6, 7), but denied Mr. Umaña's request for appointment of substitute counsel (**Doc. 107** at 7).

11.     On or about May 25, 2021, this Court denied Mr. Umaña's Initial Discovery Motion and on June 28, 2022, Mr. Umaña filed a limited motion for reconsideration of portions of the Court's Order denying Mr. Umaña's Initial Discovery.

12.     For the reasons set forth herein and in the Memorandum of Law filed herewith, Mr. Umaña respectfully requests leave to conduct limited additional discovery for the purpose of further demonstrating Mr. Umaña's entitlement to relief to Claims 1, 2, 3, 4, 5, 6, 7, 8, and 11 set forth in his Initial 2255 Motion and Claims 31, 32, 33, 34, 35, 38, 42, 47, 52, and 53 set forth in his Supplemental 2255 Motion, which are summarized as follows:

    a.  Claim 1 – trial counsel were constitutionally ineffective for failing to adequately investigate or present readily available mitigation evidence at the penalty phase of Mr. Umaña's trial;

    b.  Claim 2 – trial counsel were constitutionally ineffective for failing to present lay witness evidence and prepare expert witnesses retained in support of mental health mitigation that included trauma, intellectual deficits, brain damage and mental illness;

    c.  Claim 3 – trial counsel were constitutionally ineffective for failing to investigate and present all available evidence and to prepare expert witnesses retained at the pretrial *Atkins* hearing;

    d.  Claim 4 – as an intellectually-disabled person, Mr. Umaña is categorically excluded from death-eligibility;

    e.  Claim 5 – trial counsel were constitutionally ineffective for failing to investigate and present readily available evidence disputing the Government's other crimes evidence;

    f.  Claim 6 – the Government failed to disclose material exculpatory evidence regarding its other crimes evidence;

    g.  Claim 7 – the Government presented materially misleading and false evidence;

    h.  Claim 8 – the Government presented materially misleading and/or false evidence regarding the nature and extent of Mr. Umaña's role and participation in MS-13,

and trial counsel were constitutionally ineffective for failing to challenge aggravation and develop lay witness and mental health evidence mitigating Mr. Umaña's possession of a shank during voir dire;

i.  Claim 11 – trial counsel were constitutionally ineffective for failing to develop readily available evidence disputing the Government's trial contentions regarding Mr. Umaña's role and participation in MS-13;

j.  Claim 31 – Mr. Umaña was incompetent during his *Atkins* hearing, trial, and sentencing;

k.  Claim 32 – the jury did not hear readily-available evidence disputing the Government's case;

l.  Claim 33 – the Government's election to pursue contradictory theories of prosecution between the co-defendants' trial and Mr. Umaña's trial;

m.  Claim 34 – the Government's unconstitutionally disregarded Mr. Umaña's right to counsel during interrogations;

n.  Claim 35 – the jury relied on inherently unreliable and materially misleading and/or false testimony in both the trial and penalty hearing;

o.  Claim 38 – trial counsel were constitutionally ineffective for failing to move for the Trial Judge's recusal due to his prior professional role involving supervising the MS-13 task force while serving as the United States Attorney for the Western District of North Carolina;

p.  Claim 42 – trial counsel were constitutionally ineffective in their investigation and presentation of the *Atkins* issue, causing this Court's determination to be inherently unreliable;

q.  Claim 47 – the Government's failure to provide the constitutionally required notice as to non-statutory aggravation and presenting evidence purporting to connect Mr. Umaña to two homicides and a purported gang shooting;

r.  Claim 52 – the Court's reliance on *ex parte* submissions from the Government in reaching pretrial determinations; and

s.  Claim 53 – the Government's presentation of select translations of letters/taped calls while at the same time unconstitutionally denying Mr. Umaña the resources necessary to translate all such letters/calls/documents.

13.  Mr. Umaña's Second Motion for Discovery requests limited and carefully crafted requests that seek discovery as to discrete portions of his claims as specifically sets forth in the Memorandum of Law filed contemporaneously filed herewith.

4

14. Pursuant to this Court's Local Rule 7.1(b), counsel for Mr. Umaña have attempted in good faith to confer with the Assistant United States Attorney involved in this matter to obtain the discovery sought as described in the incorporated Memorandum of Law filed in support hereof, but was unable to resolve the dispute without seeking Court intervention. *See* Exh. 1. The Government has indicated it opposes this Motion.

**WHEREFORE**, for the reasons stated above and in the accompanying Memorandum of Law, Mr. Umaña respectfully requests that this Court grant his Second Motion for Leave to Conduct Discovery.

Respectfully submitted,

*/S/ KELLY D. MILLER*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: July 20, 2022

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing Second

Motion for Leave to Conduct Discovery with the Clerk of Court using the CM/ECF system and a

copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202

*/S/ KELLY D. MILLER*
KELLY D. MILLER

Dated: July 20, 2022