# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| ALEJANDRO UMAÑA, | : | |
| Defendant / Movant, | : | No. 3:16-CV-00057-RJC |
| | : | |
| v. | : | (Judge Robert Conrad) |
| | : | |
| UNITED STATES OF AMERICA, | : | **CAPITAL § 2255 PROCEEDINGS** |
| Respondents. | : | |
| | : | |

**MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM IN SUPPORT OF SECOND MOTION FOR LEAVE TO CONDUCT DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES Movant Alejandro Umaña, through undersigned counsel, pursuant to LCvR 7.1(d), and respectfully moves this Court for permission to file an overlength memorandum in support of his Second Motion for Leave to Conduct Discovery (not to exceed 34 pages), and in support thereof states the following:

1. Mr. Umaña is an indigent, death-sentenced federal prisoner.

2. On June 22, 2016, Mr. Umaña filed his timely *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Convictions and Sentences of a Person in Federal Custody* (Docs. 22 & 24).

3. On October 21, 2016, Mr. Umaña filed his *Initial Motion for Leave to Conduct Discovery and Incorporated Memorandum* (Doc. 36).

4. On February 22, 2017, the Federal Public Defender's Office for the Middle District of Pennsylvania, Capital Habeas Unit was appointed as lead counsel upon the retirement of Attorney Kenneth Rose (Doc. 49).

5. On March 23, 2017, the Government responded to Mr. Umaña's Initial Discovery Motion (Doc. 50), and on April 24, 2017, Mr. Umaña replied (Doc. 62).

6. On February 22, 2018, Mr. Umaña filed his *Motion for Leave to File Supplement/Amendment to Motion to Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255* (Doc. 68). *See also* Docs. 69 & 71. On May 7, 2018, the Government responded (Doc. 77), and on May 29, 2018, Mr. Umaña replied (Doc. 81).

7. On May 25, 2021, this Court granted the Federal Defenders of San Diego, Inc.'s *Motion to Withdraw* "[g]iven the potential for conflict of interest that may arise if FDSDI and Attorney Lopez remain in this matter as co-counsel." (Doc. 107 at 6, 7).

8. On or about May 25, 2021, this Court denied Mr. Umaña's *Initial Discovery Motion* (Doc. 108) and on June 28, 2022, Mr. Umaña filed a limited motion for reconsideration of portions of the Court's *Discovery Order* (Doc. 113).

9. Mr. Umaña's *Initial Discovery Motion* was filed by conflicted counsel. Undersigned counsel has identified additional discovery requests that are necessary to develop Mr. Umaña's claims for relief.

10. Mr. Umaña was indicted as one of 26 co-defendants in a RICO prosecution, and charged in ten or more counts. The evidence at trial involved circumstances in Greensboro, Charlotte, Los Angeles, New York, and Santa Ana, El Salvador. Multiple informants, law enforcement witnesses and experts were called to testify during his trial, which lasted more than one month from jury selection through deliberations and verdict.

11. Moreover, the issues in a death penalty case are numerous and complicated. Mr. Umaña's case is no exception. "Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a day to two. Because of this qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment." *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

2

12.  In preparing his *Second Motion for Leave to Conduct Discovery*, Mr. Umaña's counsel has attempted to contain the length of the discovery memorandum, but due to the complexity of the issues, lengthy history, and gravity of this capital case, counsel is unable to do so. Counsel has attempted to group claims and requests to minimize length. Nevertheless, the good cause standard required by Rule 6 of the Rules Governing § 2255 proceedings for the United States District Courts necessitates a discussion of the nature of the claim raised and the factual background justifying discovery.

13.  Undersigned counsel has conferred with counsel for the Government who indicated that the Government opposes this request.

WHEREFORE, Mr. Umaña respectfully moves this Court to grant him leave to file an overlength memorandum in support of his *Second Motion for Leave to Conduct Discovery*, not to exceed 34 pages.

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: July 20, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court

using the CM/ECF system, which will then send a notification of such filing to the following:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202

Respectfully submitted,

*/S/ KELLY D. MILLER*
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: July 20, 2022

4