# Exhibit 04

ALEJANDRO UMAÑA,

          Movant,                             3:16-CV-00057-RJC

         v.                                  CAPITAL § 2255 PROCEEDING

UNITED STATES,                           HON. ROBERT J. CONRAD, JR.

          Respondent.

**[PROPOSED] ORDER ON MOVANT ALEJANDRO UMAÑA'S**
**<u>MOTION FOR LEAVE TO CONDUCT DISCOVERY</u>**

THIS CAUSE coming to be heard on Alejandro Umaña's Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Umaña and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

   ___   **GRANTED IN FULL**

   ___   **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the discovery requests directed toward the Department of Justice ("DOJ"). The Court finds good cause exists for Mr. Umaña to obtain the discovery granted in this Order.

As to each of the requests enumerated below in this Part I that bears an "X" to its left, the DOJ is **ORDERED** as follows:

1.     The DOJ shall produce to Mr. Umaña's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the

2. To the extent the DOJ is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the DHS's possession, custody, or control, the DOJ shall certify in writing to Mr. Umaña's counsel that no such Records could be located;

3. To the extent responsive Records have been or are believed to have been destroyed, the DOJ shall provide Mr. Umaña's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were responsive), and the date(s) such Records were destroyed;

4. To the extent the DOJ believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the DOJ shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe with specificity the nature of the Records not produced or disclosed (including by

---

broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the DOJ's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

identifying the discovery request(s) to which such Records are responsive) and the DOJ's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Umaña's counsel to assess the DOJ's claim to such privilege or protection from discovery; and

5.  Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the DOJ's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

6.  The records requested pertain to the investigation and prosecution of Alejandro Umaña for the homicides of Manuel Garcia Salinas and Ruben Garcia Salinas, including the related investigation into the other crimes evidence presented at the guilt phase in support of the RICO charges and the penalty phase in support of the Government's case in aggravation, unless otherwise specified.

The enumerated requests directed to the DOJ are as follows:



1   All records of statements by any other witnesses interviewed by Government law enforcement, including local, county, state, or El Salvadoran law enforcement working with the Government on MS-13 investigations, including investigations in El Salvador indicating that Mr. Umaña was not a leader of MS-13 and had no power to order an assault against Luis Ramos, or anyone else, and/or that he did not issue any such order.

2   All records regarding the cooperative working relationship between the Los Angeles Police Department, including without limitation LAPD Detective Frank Flores, and the Western District of North Carolina United States Attorney's Office regarding the prosecution of Mr. Umaña.

3   All records regarding the cooperative working relationship between Los Angeles Police Department, including without limitation LAPD Detective Frank Flores, and the Department of Justice regarding the prosecution of Mr. Umaña.

4     All records regarding the cooperative working relationship between the Los Angeles Police Department, including without limitation LAPD Detective Frank Flores, and the Federal Bureau of Investigation regarding the prosecution of Mr. Umaña.

5     All records, including communications between the Government and the Los Angeles County District Attorney's Office, regarding the pursuit and filing of charges against Mr. Umaña for offenses that occurred in North Carolina.

6     All records, including communications between the Federal Bureau of Investigation and North Carolina law enforcement, including but not limited to the Greensboro Police Department, Guilford County District Attorney's Office, and the North Carolina State Bureau of Investigation, regarding the pursuit and filing of charges against Mr. Umaña for offenses that occurred in Greensboro, North Carolina.

7     All records, including communications between the Western District of North Carolina United States Attorney's Office and North Carolina law enforcement, including but not limited to the Greensboro Police Department, Guilford County District Attorney's Office, and North Carolina State Bureau of Investigation, regarding the pursuit and filing of charges against Mr. Umaña for offenses that occurred in Greensboro, North Carolina.

8     All records of communications between the Western District of North Carolina United States Attorney's Office, its Anti-Gang Task Force, and/or the FBI and the Los Angeles Police Department and/or Los Angeles District Attorney's Office regarding the investigation of the unadjudicated California murders and the Government's intention to present evidence of those offenses during the trial of this case.

9     All records regarding LAPD Det. Frank Flores' bias, credibility, malfeasance, and/or reliability as an expert and/or fact witness surrounding gang-related matters.

10     All records regarding law enforcement training on gang related issues in which LAPD Det. Frank Flores participated in as either an attendee and/or presenter.

11     As to each of Mr. Umaña's co-defendants on this indictment and unindicted, cooperating witnesses ███████████████████ and ██████████:

        identification of any and all persons about whom the individual/cooperator provided information to the police and prosecution.

A list of Mr. Umaña's co-defendants is attached hereto as Attachment A.

12    As to each of Mr. Umaña's co-defendants and unindicted, cooperating witnesses ████████████████████ and ████████ :

    a.    all proffer letters regarding the individual's cooperation with police and prosecution for any state, county and/or federal case, including immigration cases;

    b.    all records regarding any investigative steps taken to verify the reliability of the individual's information/proffer;

    c.    identification of any and all state, county and federal cases in which the individual testified;

    d.    identification of any and all state, county and federal cases in which individual/cooperator provided information to the police or prosecution, but did not testify;

    e.    identification of any and all persons about whom the individual/cooperator provided information to the police and prosecution.

A list of Mr. Umaña's co-defendants is attached hereto as Attachment A.

SO ORDERED.

Entered: _____    _____

                Hon. Robert J. Conrad, Jr.
                U.S. District Court Judge

# Attachment A

a. Manuel De Jesus Ayala a/k/a "Chacua", DOB: ██████████

b. Heverth Ulises Castellon a/k/a "Misterio" or "Sailor", DOB: ████████;
██████

c. Julio Cesar Rosales Lopez a/k/a "Stiler", DOB: ██████

d. Juan Gilberto Villalobos a/k/a "Smoke" or "Smokey", DOB: ██████

e. Elvin Pastor Fernandez−Gradis a/k/a "Tigre", "Flaco", "Juan Alberto Irias", or "Freddy", DOB: ████████

f. Juan Ruben Vela Garcia a/k/a "Mariachi", DOB: ██████

g. Jose Amilcar Garcia−Bonilla a/k/a "Psicopata" or "Sicario", DOB: ██████

h. Yelson Olider Castro−Licona a/k/a "Diablo", DOB: ██████

i. Carlos Ferufino−Bonilla a/k/a "Tigre", DOB: ██████

j. Nelson Hernandez−Ayala a/k/a "Sixteen", DOB: ██████

k. Mario Melgar−Diaz a/k/a "Nino", DOB: ████████████

l. Alexi Ricardo Ramos a/k/a "Pajaro", DOB: ██████

m. Carlos Roberto Figueroa−Pineda a/k/a "Drogo", DOB: ██████

n. Cesar Yoaldo Castillo a/k/a "Chino", DOB: ██████

o. Alexander Granados a/k/a "Gorilon", DOB: ██████

p. Michael Steven Mena a/k/a "Cholo", DOB: ██████

q. Johnny Elias Gonzalez a/k/a "Solo", DOB: ██████

r. Jaime Sandoval a/k/a "Pelon", DOB: ████████

s. Santos Canales−Reyes a/k/a "Chicago", DOB: ██████

t. Jose Efrain Ayala−Urbina a/k/a "Peligroso", DOB: ████████

u.  Oscar Manuel Moral−Hernandez a/k/a "Truchon", DOB: ████████

v.  Santos Anibal Caballer Fernandez a/k/a "Garra", DOB: ████████

w.  Manuel Cruz a/k/a "Silencisco", DOB: ██████8

x.  Javier Molina a/k/a "Big Psycho" or "Gringo", DOB: ████████

y.  Mario Guajardo−Garcia a/k/a "Speedy" or "Iran Guerrero-Gomez", DOB: ████████