# Exhibit 06

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,

           Movant,                           3:16-CV-00057-RJC

         v.                                  CAPITAL § 2255 PROCEEDING

UNITED STATES,                        HON. ROBERT J. CONRAD, JR.

           Respondent.

## [PROPOSED] ORDER ON MOVANT ALEJANDRO UMAÑA'S
## MOTION FOR LEAVE TO CONDUCT DISCOVERY

THIS CAUSE coming to be heard on Alejandro Umaña's Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Umaña and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

\_\_\_   **GRANTED IN FULL**

\_\_\_   **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the discovery requests directed toward Immigration and Customs Enforcement ("ICE"). The Court finds good cause exists for Mr. Umaña to obtain the discovery granted in this Order.

As to each of the requests enumerated below in this Part I that bears an "X" to its left, ICE is **ORDERED** as follows:

1.      ICE shall produce to Mr. Umaña's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the

2. To the extent ICE is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within ICE's possession, custody, or control, ICE shall certify in writing to Mr. Umaña's counsel that no such Records could be located;

3. To the extent responsive Records have been or are believed to have been destroyed, ICE shall provide Mr. Umaña's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were responsive), and the date(s) such Records were destroyed;

4. To the extent ICE believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, ICE shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe with specificity the nature of the Records not produced or disclosed (including by

------

broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in ICE's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

identifying the discovery request(s) to which such Records are responsive) and ICE's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Umaña's counsel to assess ICE's claim to such privilege or protection from discovery; and

5. Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to ICE's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

6. The records requested pertain to the investigation and prosecution of Alejandro Umaña for the homicides of Manuel Garcia Salinas and Ruben Garcia Salinas, including the related investigation into the other crimes evidence presented at the guilt phase in support of the RICO charges and the penalty phase in support of the Government's case in aggravation, unless otherwise specified.

The enumerated requests directed to ICE are as follows:

1 All records of co-defendant statements about Mr. Umaña describing words or conduct indicating intellectual and/or adaptive defects. A list of Mr. Umaña's co-defendants is attached hereto as Attachment A

2 All records of statements of the co-defendants, written, recorded or summarized, that describe Mr. Umaña's conduct, communication skills, relationship skills, social skills, living skills, work skills and/or any other adaptive skills relevant to the determination of Intellectual Disability. A list of Mr. Umaña's co-defendants is attached hereto as Attachment A.

3 All records of lyrical or poetic materials created by or found in the possession of Mr. Umaña's codefendants which may have provided the basis for materials Mr. Umaña allegedly created and the Court considered in reaching its Atkins determination. A list of Mr. Umaña's co-defendants is attached hereto as Attachment A.

4. All records containing physical descriptions, including photographs and descriptions of tattoos, of Mr. Umaña and his co-defendants in this indictment (3:08-cr-00134 (W.D. NC)). A list of Mr. Umaña's co-defendants is attached hereto as Attachment A.

5. All records containing physical descriptions, including photographs and descriptions of tattoos of any other individual detained or interrogated on this case (including but not limited to Rene Mauricio Arevalo, Luis Mario Ramos, Eddie Omar Ruiz, Luis Rivera, Geovani Rodas, and Alex Montes).

6. All records regarding Rene "Moe" Arevalo's citizenship or immigration status including but not limited to records regarding deportation, removal, voluntary departure, arrest, detention, supervision, interviews, and dispositions.

7. All records regarding the citizenship or immigration status Mr. Umaña's co-defendants on this indictment (3:08-cr-00134 (W.D. NC)), ████████ ████, and ████████. A list of Mr. Umaña's co-defendants is attached hereto as Attachment A.

SO ORDERED.

Entered: _____    _____
                                                                    Hon. Robert J. Conrad, Jr.
                                                                    U.S. District Court Judge

# Attachment A

a.  Manuel De Jesus Ayala a/k/a "Chacua", DOB: ███████████████

b.  Heverth Ulises Castellon a/k/a "Misterio" or "Sailor", DOB: █████████;
    ███████

c.  Julio Cesar Rosales Lopez  a/k/a "Stiler", DOB: ████████

d.  Juan Gilberto Villalobos a/k/a "Smoke" or "Smokey", DOB: ████████

e.  Elvin Pastor Fernandez−Gradis a/k/a "Tigre", "Flaco", "Juan Alberto Irias", or
    "Freddy", DOB: ████████████

f.  Juan Ruben Vela Garcia a/k/a "Mariachi", DOB: ████████

g.  Jose Amilcar Garcia−Bonilla a/k/a "Psicopata" or "Sicario", DOB: █████████

h.  Yelson Olider Castro−Licona a/k/a "Diablo", DOB: █████████

i.  Carlos Ferufino−Bonilla a/k/a "Tigre", DOB: ████████

j.  Nelson Hernandez−Ayala a/k/a "Sixteen", DOB: █████████

k.  Mario Melgar−Diaz a/k/a "Nino", DOB: ███████████████████

l.  Alexi Ricardo Ramos a/k/a "Pajaro", DOB: ████████

m.  Carlos Roberto Figueroa−Pineda a/k/a "Drogo", DOB: █████████

n.  Cesar Yoaldo Castillo a/k/a "Chino", DOB: ████████

o.  Alexander Granados a/k/a "Gorilon", DOB: ████████

p.  Michael Steven Mena a/k/a "Cholo", DOB: ████████

q.  Johnny Elias Gonzalez a/k/a "Solo", DOB: ████████

r.  Jaime Sandoval a/k/a "Pelon", DOB: █████████

s.  Santos Canales−Reyes a/k/a "Chicago", DOB: ████████

t.  Jose Efrain Ayala−Urbina a/k/a "Peligroso", DOB: ███████████

u. Oscar Manuel Moral−Hernandez a/k/a "Truchon", DOB: █████████

v. Santos Anibal Caballer Fernandez a/k/a "Garra", DOB: █████████

w. Manuel Cruz a/k/a "Silencisco", DOB: ████████8

x. Javier Molina a/k/a "Big Psycho" or "Gringo", DOB: █████████

y. Mario Guajardo−Garcia a/k/a "Speedy" or "Iran Guerrero-Gomez", DOB: █████████