# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:16CV57

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONSE OF THE UNITED STATES TO UMAÑA'S JULY 20, 2022, SECOND MOTION FOR LEAVE TO CONDUCT DISCOVERY

The United States respectfully requests that this Court deny Alejandro

Ramirez Umaña's July 20, 2022, "second motion for leave to conduct discovery."

(Doc. No. 122, 3:16CV57). First, Umaña's motion is untimely. He filed it years

after the October 2016 deadline for discovery motions, which this Court

established at Umaña's request. Second, this Court has already considered

Umaña's request for discovery, it has determined that Umaña is not entitled to

discovery, and Umaña has previously sought reconsideration of that decision.

Umaña's latest motion constitutes an improper further attempt to relitigate

issues that this Court already considered or that Umaña should have presented

in his earlier discovery motion. Finally, in addition to seeking discovery in

support of claims that this Court has already determined do not set forth a prima

facie case, Umaña seeks discovery for claims that appear in a supplemental 2255 motion that he has not received leave to file.  He is not entitled to discovery for a 2255 motion — supplemental or otherwise — that has not been properly filed.

## BACKGROUND

In June of 2016, Umaña filed his motion under 28 U.S.C. § 2255 challenging numerous convictions and his death sentence for four capital offenses related to Umaña's murder of Ruben and Manuel Garcia.  The United States' March 23, 2017, response to Umaña's earlier motion for leave to seek discovery describes the background of Umaña's criminal case and 2255 motion, *Mar. 2017 Response* (Doc. No. 50, 3:16CV57), at 3–35.  This Court ordinarily gives 2255 motions "initial consideration" and orders "the United States Attorney to file an answer, motion, or other response" if it believes the motion should proceed.  R. Governing § 2255 Proceedings 4(b).  The 2255 movant ordinarily may reply, and this process often identifies claims that can be dismissed as a matter of law, which this Court can resolve fully without further proceedings.  *See, e.g.*, *Coleman v. United States*, 3:16-CV-440-RJC, 2020 WL 3799196 (W.D.N.C. July 7, 2020).  At Umaña's request, however, this Court allowed Umaña to litigate a motion for discovery before ordering the United States to respond to the 2255 motion itself.  *Sept. 6, 2016, Order* (Doc. No. 30, 3:16CV57).

This court set, at Umaña's request, a time-limited schedule for discovery.  *Id.*  On September 6, 2016, this Court ordered that "Umaña shall have forty-five (45) days from entrance of this Order to file a discovery motion in this Court."  *Id.*

2

at 3.  Umaña had requested "90 days" to file his "discovery requests."  *Petitioner's Request to Set an Initial Period For Discovery* (Doc. No. 25, 3:15CV57), at 1.  But this Court found "the amount of time Umaña request[ed] to file discovery motions" to be "excessive."  *Sept. 6, 2016, Order* 2.  The 45-day period this Court set ended on October 21, 2016.

On October 21, 2016 — the last day of the period this court set for Umaña "to file a discovery motion," *id.* — Umaña moved for leave to conduct discovery. (Doc. No. 37, 3:16CV57).  Umaña's 410-page 2255 motion sets out 30 roman-numbered "claims."  *2255 Mot.* i–xvi.  And his October 2016 discovery request sought leave to seek discovery in support of claims 1, 2, 3, 4, 5, 6, 7, 11, 13, 20, 21, 23, 25, 27, and 28.  *Doc. No.* 37-1, *at* i-iv.  The United States filed a thorough response to Umaña's discovery motion and his 96-page brief.  *Mar. 2017 Response* (Doc. No. 50, 3:16CV57).

While Umaña's discovery motion was pending, Umaña filed a host of other items with this Court.  He moved, for example, to recuse Judge Conrad, a motion this Court found "Frivolous."  *Mar. 2018 Order* (Doc. No. 76, 3:16CV57), at 5.  He unsuccessfully moved to stay his 2255 proceedings indefinitely due to alleged incompetency.  *See Sept. 24, 2018 Order* (Doc. No. 85, 3:16CV), at 12.  And he moved for leave to amend or supplement his 2255 motion three times.  (Docs. No. 68, 88, 90).

Among the items Umaña filed in 2018 was a motion for leave to file a supplemental 2255 motion that included 221 pages and 28 new "claims"

numbered 31–58. (Doc. No. 71). In response, the United States argued that this Court should deny the motion because Umaña's new claims, presented more than a year and a half after the limitations period ended, were untimely and otherwise futile. (Doc. No. 77). This motion and Umaña's other requests to supplement or amend his 2255 motion remain pending.

In March of 2022, this Court denied Umaña's October 2016 motion for leave to conduct discovery in a detailed order analyzing Umaña's claims and requests. *Order Denying Leave for Discovery* (Doc. No. 108, 3:16CV57). This Court ruled that Umaña's 2255 motion does not make a "prima facie case" for many of the claims for which he sought discovery. *See Order Denying Leave for Discovery* 5, 9, 11, 13, 15, 17–18, 22–23, 26–27, 33–35. Among the claims for which the motion did not set forth a prima facie case are claims 1, 2, 3, 5, 6, 7, and 11, which allege theories of ineffective assistance of counsel and prosecutorial misconduct, and "Claim 4," which relates to an allegation of intellectual disability. *Order Denying Leave for Discovery* 5, 9, 11, 13, 15, 17–18, 22–23, 26–27, 33–35. This Court additionally found many of Umaña's requests overbroad and out of compliance with procedural requirements. *See, e.g., id.* at 11, 13, 15, 18, 21, 23, 29, 35, 38, 40, 43, 47, 49.

Four months later, in June, Umaña moved for reconsideration of this Court's decision holding that he is not entitled to discovery. *Reconsideration Mot*

(Doc. No. 113, 3:16CV57).[1] A primary argument contended that this Court "misapprehended the legal standard" for discovery by requiring Umaña to "make a prima facie case for relief." *Id.* at 6–7, 13. The United States responded, arguing that this Court applied the correct standard and that Umaña is not entitled to relitigate this Court's determination that he did not establish good cause or other prerequisites for discovery. (Doc. No. 117, 3:16CV57). Umaña filed a reply on July 19. (Doc. No. 119, 3:16CV57).

The day after he filed his reply in support of his motion for reconsideration of this Court's order holding that he is not entitled to discovery, Umaña filed what he called a "second motion for leave to conduct discovery," an accompanying 35-page memorandum, and 221 pages of exhibits.[2] *July 2022 Disc. Mot.* (Doc. No. 122, 3:16CV57), at 1; *Mem. ISO July 2022 Disc. Mot.* (Doc. No. 125, 3:16CV57) & Exhibits 1-27. He seeks discovery from a host of federal entities, individuals, and state entities in multiple states. *Mem. ISO July 2022 Disc. Mot.* 7–33 (Doc. No. 125, 3:16CV57); *Exhibit* (*Doc. No.* 122–1, 3:16CV57). He says that his requests

---

[1] Between this Court's order denying leave to conduct discovery and Umana's motion for reconsideration, Umana filed a fourth motion for leave to supplement or amend his 2255 motion. *Doc. No.* 109. That motion remains pending along with his other motions to supplement or amend.

[2] Umana's motion acknowledges that, despite its title, it is at least his third motion for leave to file discovery, not counting his June motion for reconsideration. "Umana filed a *Motion for Leave to Conduct Discovery* prior to filing" his 2255 motion and prior to filing his 2016 discovery motion. *July 22 Discovery Mot.* (Doc. No. 122, 3:16CV57), at 1 & n.1. This Court held that "[t]here is no pre-motion discovery in a section 2255 case." *Sept. 6, 2016 Order* (Doc No. 30, 3:16CV57), at 1.

5

are "targeted to very specific information." *Mem. ISO July 2022 Disc. Mot.* (Doc. No. 125, 3:16CV57), at 2. And he includes a list of forty-five categories of requested information, many of which begin with "all records" — for example, "all records" regarding the cooperative working relationship between the Los Angeles Police Department and the Federal Bureau of Investigation. *Mem. ISO July 2022 Disc. Mot.* 7–33 (Doc. No. 125, 3:16CV57); *Exhibit (Doc. No.* 122–1, 3:16CV57).

Umaña's memorandum again asks this Court to reconsider matters it resolved when it denied his 2016 discovery motion. *Mem. ISO July 2022 Disc. Mot.* 22 (Doc. No. 125, 3:16CV57), at 1–6, 14–15, 22, 25. Umaña seeks discovery in support of eight "Claims" in his 2255 motion that this Court considered when deciding his 2016 discovery motion — claims 1, 2, 3, 4, 5, 6, 7, and 11 — *July 2022 Disc. Mot.* (Doc. No. 122, 3:16CV57), at 3. This Court ruled in March that these claims do not set forth a prima facie case. *Order Denying Leave for Discovery* 5, 9, 11, 13, 15, 17–18, 22–23, 26–27, 33–35 (Doc. No. 108, 3:16CV57). Umaña also seeks discovery for "Claim[]" 8 in his 2255 motion, a claim alleging that his "trial counsel failed to adequately object to and mitigate evidence of jail letters" for which he did not seek discovery before this Court's deadline. *July 2022 Disc. Mot.* (Doc. No. 122, 3:16CV57), at 3–4; *2255 Mot.* 210. And he seeks discovery for ten claims in the "Supplemental 2255 Motion" he sought leave to file in 2018, even though this Court has not ruled that he may file that supplemental motion. *July 2022 Disc. Mot.* (Doc. No. 122, 3:16CV57), at 3.

6

Umaña's July motion, like his prior filings, challenges this Court's ruling that he is required to establish a "*prima facie* case." *Id.* at 4 (citing, with a "*Cf.*" signal, this Court's order). The stated premise of Umaña's July discovery motion is that all of his requests meet a "low bar" short of a prima facie case that he believes suffices to establish "good cause" for discovery. *Mem. ISO July 2022 Disc. Mot.* (Doc. No. 125, 3:16CV57), at 4.

## DISCUSSION

This Court should deny Umaña's July 2022 discovery motion for at least three reasons. Umaña's motion is untimely. It inappropriately seeks relitigation of this Court's determination that he is not entitled to discovery. And it improperly seeks pre-motion discovery.

First, Umaña's motion is untimely. This Court gave Umaña "forty-five (45) days from entrance of" its September 16, 2016, Order "to file a discovery motion in this court." *Sept. 6, 2016, Order* (Doc. No. 30, 3:16CV57). He filed his discovery motion on July 20, 2022 — five years, eight months, and twenty-nine days too late. This Court, moreover, ruled 90 days to be an "excessive" amount of time for Umaña "to file discovery motions." *Id.* Umaña waited more than twenty-three *multiples* of the amount of time this Court ruled "excessive" to file his motion. This Court should deny Umaña's July 2022 discovery motion because it is untimely, to an extraordinary degree. *See Firefighter's Inst. For Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (upholding district court's denial of discovery motion filed "three days after the

deadline" established by the district court).

Second, Umaña's motion is an improper effort to relitigate and seek reconsideration of this Court's determination that he is not entitled to discovery. Umaña's July motion transparently asks this Court to reconsider issues that this Court decided in its March order and that Umaña previously asked this court to *reconsider* in his June motion. *Mem. ISO July 2022 Disc. Mot.* 22 (Doc. No. 125, 3:16CV57), at 1–6, 14–15, 22, 25. This Court should deny the July motion because this Court decided those issues — for example, that Umaña is not entitled to discovery on claims 1, 2, 3, 4, 5, 6, 7, and 11 — correctly. *Order Denying Leave for Discovery* 5, 9, 11, 13, 15, 17–18, 22–23, 26–27, 33–35 (Doc. No. 108, 3:16CV57). When this Court held that Umaña's motion failed to make a "prima facie case," it correctly applied the precedent of the Supreme Court and the Fourth Circuit, *id.* at 2–3. *Bracy v. Gramley*, 520 U.S. 899, 905 (1997); *Harris v. Nelson*, 394 U.S. 286, 290 (1969); *United States v. Roane*, 378 F.3d 382, 403–04 (4th Cir. 2004). More importantly, this Court considered the parties' arguments about the correct standard and made a considered decision. *Order Denying Leave for Discovery* 2–3 (Doc. No. 108, 3:16CV57). Allowing Umaña to pursue reconsideration in motion after motion serves no legitimate purpose.

That Umaña has included in his latest motion additional arguments, allegations, requests for discovery, or claims — including claim 8 in his 2255 motion and claims in the supplemental motion — does not make his request proper. As this Court has recognized, reconsideration motions are "not meant to

8

re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Iredell Water Corp. v. City of Statesville*, No. 5:21-CV-132-KDB, 2022 WL 1095038, at \*1 (W.D.N.C. 2022). Umaña's decision to label his latest effort to relitigate his entitlement to discovery something other than "reconsideration" does not convert it into a proper request.

This Court gave Umaña a full and fair opportunity to "file a discovery motion in this court" and establish good cause — an opportunity with a reasonable deadline. *Sept. 6, 2016, Order* (Doc. No. 30, 3:16CV57). He is not entitled to a "second bite at the apple" nearly six years later based on requests, claims, and theories he failed timely to pursue earlier. *Id.*; *Iredell Water Corp.*, 2022 WL 1095038, at \*1.

Finally, Umaña's motion is improper for an additional reason to the extent it seeks discovery in support of claims in the "Supplemental 2255 Motion" he sought to file in 2018. *July 2022 Disc. Mot.* (Doc. No. 122, 3:16CV57), at 3. This Court correctly ruled that "[t]here is no pre-motion discovery in a Section 2255 case." *Sept. 6, 2016, Order* (Doc. No. 30, 3:16CV57) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009), among many other decisions). That rule applies with no less force when the motion is designated "Supplemental." Umaña has not received leave to file his supplemental motion, and he is not entitled to discovery on it before the motion is properly filed. Pre-supplemental-motion

9

discovery would be particularly inappropriate in Umaña's case, because the United States has presented strong reasons for this Court to deny leave to file it. (Doc. No. 77).

Umaña has received a full opportunity to litigate discovery on his 2255 motion. And it is Umaña who asked this Court to litigate discovery in the initial period of this case, in his words, to promote "efficien[cy]" and "prevent piecemeal litigation." *Doc. No.* 25–1. Umaña is not entitled to another opportunity to litigate and relitigate discovery, and he should not receive one.

But if this Court were to conclude that Umaña's July 2022 discovery motion should not be denied for the reasons described above, this Court should defer its decision on the motion until after this Court decides Umaña's pending motions to amend; allows the United States to file an answer, motion, or other response to Umaña's 2255 motion; and decides what, if any, claims in his motion may proceed after considering that response.[3]  Even in an ordinary civil case, a party usually "may not seek discovery until after he has not only filed a complaint, but a well-pleaded one." *United States v. Cuya*, 964 F.3d 969, 974 (2020). And "discovery in habeas actions is *more limited* than in other civil cases." *Cuya*, 964 F.3d at 974.

This Court has held that the United States is "entitled to defend its

---

[3] If this Court defers its decision on Umana's July 2022 discovery motion, the United States respectfully requests an opportunity to file a brief further addressing that motion after this Court decides issues raised by the United States' response to Umana's 2255 motion.

judgment" in response to Umaña's 2255 motion. *Order* (Doc. No. 85, 3:16CV57), at 11. Umaña has already received — and fully utilized — one opportunity to litigate discovery in advance of any response to his 2255 motion. This Court should not allow Umaña to litigate further "overlength" discovery motions (Doc. No. 123), before the United States receives even its first opportunity to respond to Umaña's 2255 motion.

## CONCLUSION

Umaña's July 2022 discovery motion is untimely, inappropriately seeks relitigation of this Court's determination that he is not entitled to discovery, and improperly seeks pre-motion discovery. The United States, therefore, respectfully requests that this Court deny Umaña's motion.

RESPECTFULLY SUBMITTED, this 1st day of August, 2022.

DENA J. KING
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

11

## CERTIFICATE OF SERVICE

I certify that on this 1st day of August, 2022, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

12