# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

ALEJANDRO UMAÑA,

        Movant,        3:16-CV-00057-RJC

        v.         CAPITAL § 2255 PROCEEDING

UNITED STATES,       HON. ROBERT J. CONRAD, JR.

        Respondent.

### REPLY TO GOVERNMENT'S RESPONSE TO SECOND MOTION FOR LEAVE TO CONDUCT DISCOVERY

Movant, Alejandro Umaña, through undersigned counsel, hereby submits his Reply to the Government's Response to his Second Motion for Leave to Conduct Discovery ("Second Discovery Motion"). As demonstrated in the prior pleadings, and below, this Court should grant Mr. Umaña's Second Discovery Motion.

### A. Mr. Umaña's Motion is Timely.

The government implores this Court to find that Mr. Umaña's Second Discovery Motion is simultaneously too early and too late. *See* Doc. 129 at 7, 9-10. The government's argument is neither supported nor mandated by discovery law or the facts of this case. Discovery is always available at the Court's discretion upon a finding good cause. *See Bracy v. Gramley*, 520 U.S. 899, 904, 909 (1997); *see also* Doc. 125 at 2-6. Mr. Umaña has made the requisite good cause showing. *See* Docs. 125 & 127.

Mr. Umaña's motion is not too late. While this Court previously entered a Scheduling Order regarding the timing of discovery, *see* Doc. 30, Mr. Umaña was represented by clearly conflicted counsel when this Order was entered and when the prior discovery motion was

1

filed.[1]  Since the time this Court entered its Scheduling Order, Mr. Umaña identified numerous claims that prior counsel failed to allege. *See generally* Docs. 69 & 71. Moreover, this Court has allowed prior counsel to withdraw "[g]iven the potential for conflict of interest that may arise if FDSDI and Attorney Lopez remain in this matter as co-counsel." Doc. 107 at 6.  Prior conflicted counsel could not have sought discovery for claims they ineffectively failed to identify. Limiting Mr. Umaña to the requests made by conflicted counsel who ineffectively failed to raise cognizable claims for relief, as the government proposes, would be both manifestly unjust and deprive him of his right to conflict-free, effective counsel. *See Christeson v. Roper*, 135 S.Ct. 891, 894 (2015) (prior conflicted counsel could not be expected to litigate their own ineffectiveness); *Martinez v. Ryan*, 566 U.S. 1 (2012) (right to effective counsel during proceedings which are the first opportunity to challenge trial counsel's ineffectiveness).

Nor can Mr. Umaña be held personally responsible for the timing of this Motion or for failing to suggest relevant evidence and claims to prior conflicted counsel.  Counsel for Mr. Umaña have submitted a plethora of evidence to this Court demonstrating that Mr. Umaña suffers from

---

[1] *See* Doc 57 at 2-3 (Motion for Extension of Time to File Discovery Reply, identifying potential conflict, noting that Harrisburg Federal Defenders were first attorney appointed who could conduct an inquiry into the conflict, asking for time to conduct such inquiry); Doc. 61 at 4 (Discovery Reply, noting potential conflict in response to government's assertion of procedural defenses); Doc. 68-1 (Memorandum in Support of Motion for Leave to File Supplement/Amendment to 2255 Motion, arguing prior counsel's conflict and ineffectiveness as grounds supporting request to supplement/amend);  Doc. 86 (Motion for Substitution of Counsel); Doc. 94 (Federal Defenders of San Diego, Inc.'s Motion to Withdraw as Counsel); Doc. 95 (Motion to Join in FDSDI's Motion to Withdraw and Supplement); Doc. 97 (Motion for Appointment of Counsel); Doc. 107 (Order granting FDSDI's Motion to Withdraw, but denying Harrisburg Federal Defenders' request for appointment of additional counsel).

brain damage, mental illness, developmental disorders including a low intellectual function, and alcohol-related neurodevelopmental disorder.[2]

Finally, current counsel could not have litigated discovery until after appointment, assessment of the record and prior counsel's litigation, and conducting other necessary litigation to cure representation issues. The current discovery motion is the first unconflicted discovery litigated for Mr. Umaña. Hence, the Motion is not, as the government suggests, "too late" to be considered.

Nor is Mr. Umaña's Motion too early. The government complains that Mr. Umaña has filed this Motion before the Court ruled on his Motion for Leave to Supplement/Amend, making this request akin – in the government's eyes – to a prior request for pre-petition discovery that this Court held was premature and moot. *See* Doc. 129 at 9-10; Doc. 30 at 2. However, in noting its strong opposition to Mr. Umaña's Motion for Leave to Supplement/Amend, *see* Doc. 129 at 10, the government ignores the fact that Mr. Umaña should have an opportunity to request discovery, not only to demonstrate the merits of his claims, but also to overcome procedural defenses such as those asserted by the government in opposition to his Motion for Leave to Supplement/Amend. As Mr. Umaña previously noted in his Response to the Government's Request for an Opportunity

---

[2] *See, e.g.,* Atkins Hearing Transcript, 11/30/2009; PPT at 600-36 (Testimony of Selena Sermeno, Ph.D); PPT at 715-54 (testimony of John Merikangas, M.D.); Doc. 22-1, Appx. 26 (Declaration of James Merikangas, M.D.); *id.*, Appx. 28 (Declaration of John Gregory Olley, Ph.D); *id.*, Appx. 29 (Neurobehavioral Assessment of Alejandro Umana by Ruben Gur, Ph.D); *id.*, Appx. 70 (Neuropsychological Report by Ricardo Weinstein, Ph.D); *id.*, Appx. 72 (Neuropsychiatric Report by James Merikangas, M.D.); *id.*, Appx 73 (Psychological Report by John Gregory Olley, Ph.D); Doc. 106, Appx. 211 (Declaration of Julian Davies, M.D.); *id.*, Appx. 212 (Toxicology Assessment of Andres Lugo, M.D.); *id.*, Appx. 213 (Affidavit of Antonio E. Puente, Ph.D); *id.*, Appx. 214 (Declaration of Jennifer Sapia, Ph.D); *id.*, Appx. 215 & 216 (Declaration and Supplemental Declaration of Pablo Stewart); Doc. 116, Appx. 236 (Report of Daniel Martell, Ph.D.); *id.*, Appx. 237 (Report of Selena Sermeno, Ph.D).

to Respond to the Motion to Vacate Before Resolution of Discovery, Doc. 43 at 6:  Discovery is necessary before determining whether to invoke procedural bars and/or whether the defendant can demonstrate "cause" and "prejudice" to excuse any procedural bar raised by the Government. *Cf. Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11–12 (1992) (remanding to district court for factual development of cause and prejudice).  In light of the pending Motion for Leave to Supplement/Amend, this discovery motion is not premature as the government contends.

Mr. Umaña's Second Discovery Motion is therefore timely, and this Court should grant it.

**B.     Mr. Umaña's Motion Properly Seeks to Litigate Necessary Discovery Under the Correct Legal Standard.**

Contrary to the government's assertions (Doc. 129 at 8), Mr. Umaña is not attempting to relitigate decided issues or issues that should have been raised in the prior discovery litigation simply to take a second bite at the apple.  Again, Mr. Umaña was represented in the prior discovery litigation by conflicted counsel who this Court permitted to withdraw.  Mr. Umaña never had an unconflicted *first* bite at the apple.

Moreover, as Mr. Umaña demonstrated in his Memorandum in Support, in assessing whether his claims for relief satisfy the good cause standard of *Bracy v. Gramley*, 520 U.S. 899 (1997), this Court must assess the cumulative prejudice that may inure from the individual claims of ineffective assistance of counsel or government misconduct. *See* Doc. 125 at 14 & n.8.

For example, evidence regarding LAPD Detective Frank Flores's bias, credibility, and malfeasance in other investigations would serve multiple purposes and support several of Mr. Umaña's claims, including (i) the challenges to the government's case regarding the Los Angeles homicides (raised in the Initial 2255 Motion); (ii) the challenges to the sufficiency of and foundation for the government's evidence regarding Mr. Umaña's purported leadership role in MS-13; and (iii)  the arguments concerning the admissibility of Mr. Umaña's statement to police

4

regarding the Los Angeles homicides (raised in the Supplement/Amended 2255 Motion).  *Id.* at 23-24.  Although it is possible that this Court or the Circuit Court may eventually conclude that none of these violations *alone* undermined confidence in the outcome of the trial or penalty hearing, *see, e.g., Kyles v. Whitley*, 514 U.S. 419, 434-35, 45 (1995), it is also possible that the Courts could find that, taken cumulatively, these violations do undermine confidence in the verdict, requiring relief.  The Fourth Circuit has already concluded that Mr. Umaña's trial was not free from error.  *See e.g., Umaña v. United States*, 750 F.3d 320, 351  (4th Cir. 2014) (finding error, though harmless, in prosecution's closing argument).  Mr. Umaña's discovery requests must be evaluated in the same cumulative manner as his claims:  although individually they may not yield evidence sufficient to require relief, each request may yield another "brick" in a wall of evidence that demonstrates cumulative prejudice.  *See* 2255 Motion (Doc. 22, 24), Claims 29 & 30, at 377-80.

The government is correct that in his latest motions, Mr. Umaña advances a lower standard of review for discovery requests than this Court has imposed in its previous decision in this case. *See generally* Doc. 129 at 8-9. However, the fact that Mr. Umaña continues to assert Supreme Court precedent which he alleges provides the proper standard for capital 2255 discovery, rather than cede a position that he believes is legally incorrect, does not transform his Second Discovery Motion into an improper motion for reconsideration.

The definition of "prima facie case" previously applied by this Court and advocated by the government is impossibly high.  It would effectively require Mr. Umaña to prove his claims as a threshold matter before he is deemed qualified to conduct the very discovery that may produce the evidence proving his claims.  Under the Court's (and government's) scenario, why would Rule 6 or *Bracy* exist at all—if the movant is entitled to discovery only after he's already proven his

5

claim?  This logic produces a classic chicken-and-the-egg dilemma and is simply not what Rule 6 requires or what the Supreme Court meant when it issued the "good cause" standard in *Bracy*.

The only definitional guidance provided by the United States Supreme Court interpreting Rule 6 comes from *Bracy*.  And *Bracy* is clear that a movant establishes "good cause" whenever "specific allegations before the court show reason to believe that the petitioner ***may, if the facts are fully developed, be able to demonstrate*** that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)) (emphasis added).  Indeed, in *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004), the Fourth Circuit characterized *Bracy*'s definition as a "clarif[ication]" of *Harris v. Nelson*, 394 U.S. 286 (1969).  *Roane*, 378 F.3d at 403. And *Bracy* clarified that Rule 6's discovery standard sets a low bar, not the impossibly high definition of prima facie case that the government advances.

Indeed, in *Bracy*,  the Supreme Court did not dispute the Seventh Circuit's characterization that Mr. Bracy's theory of compensatory judicial bias was "quite speculative," *Bracy*, 520 U.S. at 905 (citing *Bracy v. Gramley*, 81 F.3d 684, 689-90(7th Cir. 1996)), but stated that the proper focus of a Habeas Rule 6 discovery request is not the probability that the requested discovery will yield anything, but *whether the sought-after facts, if true, would help establish a claim for relief.  Id.* at 905.  The Supreme Court explained, "difficulties of proof aside, there is no question that, if it could be proved, such compensatory, camouflaging bias on Maloney's part in petitioner's own case would violate the Due Process Clause of the Fourteenth Amendment." *Id.* Indeed, the Supreme Court recognized that "It may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to . . . [prove his claim], but we hold that he has made a sufficient showing, as required by Habeas Corpus Rule 6(a), to establish 'good cause' for discovery." *Bracy*, 520 U.S. at  909.

Here, Mr. Umaña has both properly alleged numerous cognizable claims and has requested probative evidence that would help establish those claims; consequently he has shown "good cause" for discovery. *See, e.g., Murphy v. Johnson*, 205 F.3d 809, 813-14 (5th Cir. 2000). Therefore, his discovery requests should be granted in their entirety.

**C.     As this Court Previously Found, It Remains Proper to Decide Discovery Before Any Review of the Merits of Mr. Umaña's Claims.**

The government suggests that, if this Court plans to entertain Mr. Umaña's Second Discovery Motion, it should nonetheless defer ruling on it until *after* it (i) decides his motions to amend, (ii) allows the government to respond to the 2255 Motion, and (iii) decides which claims upon which Mr. Umaña may proceed. *See* Doc. 129 at 10. This Court previously rejected the government's argument that it be allowed to answer the merits of Mr. Umaña's 2255 Motion prior to the resolution of discovery, *see* Doc. 47, stating that "it disagrees that discovery issues should be resolved after substantive ones." *Id.* at 3. That ruling was correct previously, and a similar holding should be made here. Moreover, as demonstrated above, Mr. Umaña's proposed discovery is relevant not only to the merits of Mr. Umaña's claims, but also to the procedural defenses the government has alleged in opposition to amendment. Thus, the requested discovery should be allowed before decision on the procedural objections that the government has already raised.

Finally, discovery is permissible even when the claims are speculative or not yet fully developed, *see Bracy*, 520 U.S. at 905 (citing *Bracy*, 81 F.3d at 689-90) (characterizing petitioner's claim as "quite speculative"); and even though there may be additional procedural barriers to the federal court reaching the merits of that claim.[3] As did the petitioner in *Bracy*, Mr. Umaña has

---

[3] In *Bracy*, any facts developed through federal discovery would have been unexhausted, *see Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10 (1992), and it appears that the judicial bias claim itself was unexhausted. *See Bracy*, 520 U.S. at 902; *United States ex rel. Collins v. Wellborn*, 868 F.

7

stated facially cognizable claims.  He is entitled to discovery to develop the facts of those claims prior to any determination regarding their merits.

WHEREFORE, for the reasons stated above and in the prior submissions, Mr. Umaña respectfully requests that this Court grant his Second Motion for Leave to Conduct Discovery.

Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: August 8, 2022

---

Supp. 950, 991 (N.D. Ill. 1994) (indicating bias claim raised for first time on post-conviction appeal in state court).

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing Reply to Government's Response to Motion for Reconsideration of Order Denying Motion for Leave to Conduct Discovery with the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202

*/S/ KELLY D. MILLER*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: August 8, 2022