IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

## MOTION TO HOLD UMAÑA'S MARCH 23 FILING IN ABEYANCE

## TABLE OF CONTENTS

I.   BACKGROUND ..........................................................................................1

II.  DISCUSSION ............................................................................................5

    A.   Umana was required to obtain this Court's leave to file
       his March 23 document as an amended 2255 motion................5

    B.   This Court should treat Umana's filing as a motion for
       leave to amend and hold the motion in abeyance until
       it decides the pending motion to dismiss.....................................8

III. CONCLUSION .........................................................................................12

Despite its caption, the 592-page document Umana filed as document number 146 on March 23 is not an "amended motion" under 28 U.S.C. § 2255 properly before this Court. Umana was required to obtain leave from this Court to file an amended motion. Because he did not, his filing "is without legal effect." 6 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1484 (3d ed.).

The United States respectfully requests that this Court exercise its discretion to treat Umana's filing as a *motion for leave* to amend and hold that motion in abeyance until this Court decides the pending motion to dismiss that the United States filed on March 2. Several features of Umana's March 23 document weigh against allowing amendment at this time — the statute of limitations terminated years ago, for example; Umana has previously amended his motion three times; and his document includes allegations that this Court has already denied him leave to add. But this Court should defer a decision on whether to allow the amendment until after it has decided the motion to dismiss. A decision on the motion to dismiss is likely to be dispositive of the propriety of much or all of the proffered amendment. And abeyance will avoid inappropriate delays of this Court's decision on that motion.

## I.    BACKGROUND

Umana filed his 410-page 2255 motion on June 22, 2016 — the final day of the one-year limitations period that applies to such motions under § 2255(f)(1). At Umana's request, this Court deferred ordering the United States to respond, allowing him to litigate discovery first. *Jan 26, 2017, Order* (Doc. No. 47,

3:16CV57); *Sept. 6, 2016, Order* (Doc. No. 30, 3:16CV57). Beginning in 2018, Umana filed four motions for leave to amend his 2255 motion, seeking to add more than 300 pages to his motion. (Docs. No. 68, 69, 71, 88, 89, 90, 91, 109, 110, 111); *October 11, 2022, Order* (Doc. No. 131, 3:16CV57), at 3, 55. The parties briefed the propriety of each of these amendments extensively over the course of several years.

This Court granted three of Umana's four motions for leave to amend his 2255 motion. *October 11, 2022, Order* (Doc. No. 131, 3:16CV57), at 3, 55. The Court, on the other hand, denied Umana's February 2018 motion for leave to file an amendment that would have added 28 new claims to his motion. *Id.* This Court recognized that "Federal Rule of Civil Procedure 15 governs the amendments of § 2255 motions" and that "[l]eave to amend" should "be freely given when justice so requires." *Id.* at 3. In a 56-page opinion, this Court thoroughly analyzed the 221-page amendment Umana proposed and held that it did not meet even this liberal standard. *Id.* at 55.

The February 2018 amendment for which this Court denied Umana leave sought to add allegations that were untimely by several years, did not relate back to the claims alleged in his original motion, did not justify equitable tolling, or otherwise failed as a matter of law. Umana's February 2018 request sought for the first time, for example, to add a claim alleging ineffective assistance of appellate counsel to his 2255 motion. (*See* Doc. No. 71 at 119, 205.) This Court held that the claim was untimely; it "fail[ed] to relate back to any claims set forth

2

in the initial motion," which challenged the performance of Umana's counsel only at trial; that Umana was not entitled to equitable tolling; and that he was "not entitled to leave to amend" to add the claim. *October 11, 2022, Order*, at 52–53. As another example, the February 2018 request sought to add *Napue* and ineffective-assistance-of-counsel claims based on statements officers made to Umana about evidence connecting him to murders in California that appear in the transcript of his interrogation. (*See* Doc. No. 69 at 57–59, 64–65); *October 11, 2022, Order*, at 12–13. The Court held that these untimely allegations were entirely new, Umana failed to establish that they related back to the claims in the initial motion, and Umana was "not entitled to leave to amend" to add them. *October 11, 2022, Order*, at 12–14.

Umana moved this Court to reconsider its denial, and the parties fully briefed that reconsideration motion. (Docs. No. 132, 133, 134, 135, 136, 137, 138.) In its October 2022 Order, this Court directed the United States to respond to Umana's 2255 motion with the three other amendments this Court permitted.

On March 2, 2023, the United States moved to dismiss Umana's 2255 motion. (Doc. No. 142.) The United States' 146-page motion addressed each of Umana's claims, including those this Court granted him leave to add. *Id.* It argued that the 2255 motion had failed to allege cognizable facts that, if proved, would entitle Umana to relief. *Id.*

Twenty-one days later, on March 23, Umana filed the 592-page document he captioned an "amended motion" under 28 U.S.C. § 2255. (Doc. No. 146)

3

(hereinafter "*Mar. 23 Document*"). The document states that it includes "substantially verbatim" the "amendments that this Court previously allowed." *Id.* at 22, 28. The document also contains allegations that appeared in the February 2018 proposed amendment that this Court denied Umana leave to file. It realleges the kinds of "allegations of ineffective assistance of appellate counsel," for example, that this Court previously rejected. *See, e.g.*, *id.* at 3, 177–80. For another example, the document contains allegations of a *Napue* violation and ineffective-assistance-of-counsel based on the same statements in the transcript of Umana's interrogation that Umana sought to raise in February of 2018. *See, e.g.*, *id.* at 288–89, 332–33. Many of these allegations appear nearly verbatim in the February 2018 proposed amendment that this Court denied Umana leave to file. *Compare id. with* Doc. No. 71 at 57–59, 64–65. "Umana acknowledges that this Court previously denied him leave to amend/supplement his 2255 Motion to include" what he calls "falsehoods in the interrogation transcript." *Mar. 23 Document* 288 n.81. "Nonetheless," the document tells this Court candidly, "Mr. Umana includes these allegations here." *Id.*

The March 23 document does not purport to cure deficiencies in the allegations of Umana's initial motion or add factual allegations "required by Rule 2 of the Rules Governing Section 2255 Cases." *Id.* at 4. Instead, Umana represents to this Court that he "brings this amendment *solely* to proffer to this Court additional *evidence* (in the form of witness affidavits, expert reports, and other materials) in support of the *allegations he previously pled*." *Id.* at 4

4

(emphasis added). Umana has not moved for leave from this Court to file the document as an amended 2255 motion.

## II. DISCUSSION

This Court should decline to treat the document Umana filed on March 23 as an amended 2255 motion properly before this Court. Because Umana was required to obtain this Court's leave to file an amended motion, his March 23 filing is without effect. This Court should treat the filing as a motion for leave to amend and hold the motion in abeyance until it decides the pending motion to dismiss.

### A. Umana was required to obtain this Court's leave to file his March 23 document as an amended 2255 motion.

The document Umana filed on March 23 is not an "amended motion" properly before this Court. As this Court held, Rule 15 ordinarily "governs the amendments of § 2255 motions." *October 11, 2022, Order* (Doc. No. 131, 3:16CV57), at 3. And Rule 15(a)(2) permits Umana to amend "only with the opposing party's written consent," which Umana does not have, "or the court's leave," which he has not sought or received.

Umana's assertion that he has a "right" to file this amended motion now — nearly 7 years after his initial filing and notwithstanding this Court's decisions on his previous efforts to amend — "pursuant to Rule 15(a)(1)," *Mar. 23 Document* 3–4 & nn.2–3, is mistaken. Rule 15(a)(1) allows a party to "amend its pleading *once*" as a matter of course within "(A) 21 days after serving it, or (B) if

5

the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Umana cannot plausibly suggest that subsection (a)(1)(A) applies; well more than 21 days have passed since Umana served his 2255 motion in 2016. And subsection (a)(1)(B) of Rule 15 is inapplicable to Umana's case for at least two reasons.

First, "Rule 15(a)(1) is inapplicable" to 2255 motions by is terms. *Obregon v. United States*, No. 5:12-CR-224-5, 2018 WL 11469683, at *4 n.8 (S.D. Tex. May 24, 2018) (citing decisions). Rule 15(a)(1)(B) permits an amendment without leave only of a pleading to "which a *responsive pleading* is *required.*" Fed. R. Civ. P. 15(a)(1)(B). Rule 7 defines the universe of responsive pleadings, and a response to a 2255 motion is not among them. Fed. R. Crim. P. 7(a). An "*answer to a complaint*" is a responsive pleading. Fed. R. Crim. P. 7(a)(2) (emphasis added). But a 2255 motion is not a "complaint." R. Governing § 2255 Proceedings (2)(a) ("The application must be in the form of a *motion . . .* ). And the response need not be an "answer." R. Governing § 2255 Proceedings 4 (permitting an "answer, motion, or other response"). "[T]he response to a Section 2255 motion may be a motion to dismiss," for example. R. Governing § 2255 Proceedings 4, advisory committee's note. "A motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993). The rules, moreover, do not require a response at all. The Court decides whether the

6

United States should respond to a 2255 motion. R. Governing § 2255 Proceedings 5(a). "Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required."[1]

Second, Rule 15(a)(1) would not apply to Umana in any event because he "already has amended" his 2255 motion. 6 Chares Alan Wright *et al.*, *Federal Practice & Procedure* § 1480 (3d ed.); 3 *Moore's Federal Practice – Civil* § 15.10[3] ("[A] plaintiff must obtain leave of court or consent of opposing parties to amend a once-amended complaint even if the first amendment was at the court's direction."). In cases to which Rule 15(a) applies, it permits a party, as a matter of course, "to amend its pleading *once*." Fed. R. Civ. P. 15(a)(1) (emphasis added). Umana exhausted that opportunity when he amended his complaint the first, second, and third times. That he received this Court's approval to do so is "of no consequence." *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 203–04 (7th Cir. 1985); *Elliott v. Foufas*, 867 F.3d 887, 882–83 (5th Cir. 1989).[2]

---

[1] *Argraves v. United States*, No. 3:11CV1421, 2013 WL 1856527, at *2 (D. Conn. May 2, 2013); *Obregon*, 2018 WL 11469683, at *4 n.8; *Adsit v. New York State Dep't of Corr. & Cmty. Supervision*, No. 916CV00817, 2017 WL 11712228, at *1 (N.D.N.Y. Aug. 30, 2017); *Defreitas v. Kirkpatrick*, No. 916CV0638, 2017 WL 878445, at *3 n.3 (N.D.N.Y. Mar. 6, 2017); *Wilson v. Miller*, No. 914CV1511, 2016 WL 11807689, at *2 (N.D.N.Y. Dec. 7, 2016).

[2] The Ninth Circuit has taken a different approach when a plaintiff files his "first amended complaint with *consent* from the opposing party, which" also "satisfies Rule 15(a)(2)." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (emphasis added). That Court in *Ramirez* held that a plaintiff in an ordinary civil action "may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely." *Id.* Umana's interpretation of the rule, in contrast, would allow parties to *ask the court to*

Simply put, Umana was required to obtain this Court's leave before filing an amended 2255 motion. Because Umana did not receive this Court's leave to file his *March 23 Document*, or the United States' consent, the document "is without legal effect." 6 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1484 (3d ed.).

**B.** **This Court should treat Umana's filing as a motion for leave to amend and hold the motion in abeyance until it decides the pending motion to dismiss.**

Although this Court has sometimes struck civil complaints improperly filed without a request for leave, *Oliver v. PHH Mortg. Corp.*, No. 3:20-CV-00304-GCM, 2021 WL 354127, at *1 (W.D.N.C. Feb. 2, 2021), *aff'd*, No. 21-1236, 2021 WL 6101659 (4th Cir. Dec. 22, 2021), the United States requests that this Court instead treat Umana's *March 23 Document* as a motion for leave to amend his 2255 motion. *White v. SKF Aerospace, Inc.*, 768 F. Supp. 498, 501 (E.D. Pa. 1991); *see also* R. Governing § 2255 Proceedings 4 (authorizing the judge who

---

*decide* the propriety of an amendment, spend years of the court's time litigating the matter, and then invoke the right to file the amendment anyway, regardless of the court's decision. That litigation-multiplying interpretation would be contrary to the purpose of the rule, which is to "reduce the number of issues to be decided" and "expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15, advisory committee's note; *see also Federal Practice & Procedure* § 1480 (explaining that Rule 15(a)(1) is intended for motions that would not likely be denied and that "cannot prejudice an opposing party in any significant way"). If accepted, moreover, Umana's interpretation would underscore Rule 15(a)(1)(B)'s inapplicability to 2255 motions. *See United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) ("[W]e do not want 'habeas corpus review to give litigants incentives to withhold claims for manipulative purposes and to establish disincentives to present claims where evidence is fresh.'").

receives a 2255 motion to "take other action as the judge may order."). The United States requests that this Court hold any decision whether to permit leave in abeyance until it decides the pending motion to dismiss.

Although leave to file an amended complaint should "be freely given when justice so requires," the matter is one for this Court's discretion, *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000), and several features of Umana's latest effort are likely to weigh heavily against granting leave. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that reasons for declining leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of amendment, etc."); 6 Charles Alan Wright et al., *Federal Practice & Procedure* §§ 1487, 1488 (3d ed.). Umana candidly admits that his *March 23 Document* includes allegations "that this Court previously denied him leave" to include. *Mar. 23 Document* 288 n.81. And to the extent the document includes allegations that he elected not to include in his previous amendment efforts, justice is unlikely to require that he be allowed to include them now, years later, when their resolution will needlessly delay the resolution of this case. Critically, moreover, much or all of Umana's putative amendment is likely to be futile. The statute of limitations passed more than five years ago; this Court found futile Umana's efforts to amend in the past; and his document includes the same kinds of allegations — indeed many of the same allegations — this Court previously found futile.

9

The United States likely has a strong basis to oppose leave to amend, but it asks this Court to defer its decision on whether leave should be allowed until after the Court has decided the pending motion to dismiss. It makes this request for three reasons.

First, this Court's resolution of the United States' pending motion to dismiss will likely be dispositive of all or part of *Umana's March 23 Document*. The putative amendment is "solely to proffer to this Court additional *evidence* (in the form of witness affidavits, expert reports, and other materials) in support of the allegations he previously pled." *Id.* at 4 (emphasis added). If this Court concludes that the factual allegations "previously pled" would not entitle Umana to relief on some or all of his claims *even if proved*, dismissal of those claims would ordinarily be appropriate regardless of what "evidence" exists to support them, *cf. id.*; *see United States' Motion to Dismiss* (Doc. No. 143), at 33–35; *Hill v. Ozmint*, 339 F.3d 187, 201 (4th Cir. 2003).

Second, litigating the propriety of Umana's 592-page proffered amendment now would risk delaying a decision on the United States' motion to dismiss Umana's 2255 motion in an inappropriate way. Although the United States' arguments against leave to amend are strong, the extraordinary length of Umana's filing means that even the most parsimonious effort to evaluate or discuss it will require considerable time and effort by the United States and by this Court. And Umana has done nothing to suggest that he will not file additional motions to amend or additional motions to reconsider, regardless of

10

this Court's decision on the *March 23 Document*. *See Mar. 23 Doc.* 288 n.81. This Court gave Umana a years-long opportunity to litigate discovery and four motions for leave to amend his 2255 motion before ordering the United States to respond to his 2255 motion. The United States has now moved to dismiss Umana's 2255 motion, as amended, and this Court should decide that motion before considering additional requests to amend — particularly since Umana stands by the sufficiency of the allegations in his original motion. *Id.* at 4.

Third, holding a decision on the propriety of Umana's proffered amendment will not prejudice Umana in any cognizable way. To the extent Umana has grounds for leave to file the amendment, he can assert them after this Court decides the motion to dismiss. He will not suffer prejudice from the timing. Umana has repeatedly sought delays in this proceeding; he has even requested that this Court stay the entire case indefinitely. (*See, e.g.*, Doc. No. 82.) And if he wanted an earlier decision on whether he had leave to file the amendment, he could have requested leave earlier. Umana, moreover, has indicated that he is currently preparing a response to the United States' motion to dismiss that will require significant time. (*See* Doc. No. 145.) Litigating the propriety of the amendment at this time would potentially interfere with those efforts.

The United States, therefore, respectfully requests that this Court treat Umana's proffered amendment as a motion for leave to amend and hold it in

11

abeyance until it decides the pending motion to dismiss.[3]

## III.    CONCLUSION

The United States respectfully requests that this Court treat Umana's

---

[3] If this Court disagrees and concludes that Umana's *March 23 Document* is an amended 2255 motion properly before this Court, the United States respectfully asks that this Court continue to consider its pending motion to dismiss. This Court has, in civil actions at times, held that a properly filed amended complaint renders "moot" a pending motion to dismiss. *See Little v. N. Carolina Dep't of Justice*, No. 3:22-CV-29, 2022 WL 949871, at *1 (W.D.N.C. Mar. 29, 2022). But if "some of the defects raised in the original motion remain in the new pleading," this Court may instead "consider the" pending "motion as being addressed to the amended pleading." 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1476 (3d ed.) If Umana's *March 23 Document* were an appropriate amended complaint, this latter approach would be appropriate in this case.

As mentioned, Umana's *March 23 document* serves "solely" to proffer "evidence" in support of "the allegations he previously pled." *Mar. 23 Document* 4. And the United States' pending motion to dismiss contends that the allegations Umana previously pleaded require dismissal of the 2255 motion because they would not, if proved, entitle Umana to relief. *United States' Motion to Dismiss* (Doc. No. 143), at 1, 138–39. If the Court agrees with the United States with respect to any of Umana's claims, it can appropriately dismiss the corresponding claims in Umana's proffered amended 2255 motion. *See Mar. 23 Document* 4–28 (contending that Umana's amended claims correspond to claims in his original motion or previously allowed). If this Court treats Umana's March 23 filing as an operative 2255 motion, therefore, the United States requests that this Court transfer its pending motion to dismiss to that amended 2255 motion. To the extent any matter new to the amended complaint remains operative after the Court resolves the motion to dismiss, the United States requests that this Court order it to respond to the new matters at that time. *See* R. Governing § 2255 Motions 4, 5(a); *See Mar. 23 Document* 572 (asking this Court to order the United States to respond to the proffered amendment).

To the extent Umana's March 23 Document is an operative motion, this Court has not yet ordered the United States to respond to it. The United States reserves the right to present any defense, argument, or other matter in response at the appropriate time.

March 23 filing as a motion for leave to amend and hold it in abeyance until it decides the motion to dismiss the United States filed on March 2.

RESPECTFULLY SUBMITTED, this 29th day of March, 2023.

DENA J. KING
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

13

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 29th day of March, 2023, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

14