# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| ALEJANDRO UMAÑA,<br>　　　　　　　　Movant,<br><br>　　　v.<br><br>UNITED STATES,<br>　　　　　　　　Respondent. | 3:16-CV-00057-RJC<br><br>CAPITAL § 2255 PROCEEDING<br><br>HON. ROBERT J. CONRAD, JR. |

### RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO STAY

Movant, Alejandro Umaña, through undersigned counsel, hereby submits this Brief in Opposition to the Government's Motion to Stay.

By moving to stay action on Mr. Umaña's March 2023 Amended 2255 Motion, the government attempts to limit Mr. Umaña's rights to develop a record supporting his claims and to a robust and thorough review of his convictions and death sentences. This Court should reject the government's request for the following reasons:

**A. The government's request to stay action on the March 2023 Amended 2255 Motion pending the Court's decision on the motion to dismiss invents a procedural process not found in Rule 15 and denies Mr. Umaña the ability to develop the record.**

Rule 15 of the Federal Rules of Civil Procedure ("FRCP") allows Mr. Umaña to amend his pleadings within twenty-one days of receipt of a responsive pleading. FRCP Rule 15. Mr. Umaña did what the law allows and filed a comprehensive pleading addressing defects identified by the government and developing his legal and evidentiary presentation. The government points to no rule or law – because there is none – that compels or condones holding a developed pleading in abeyance to allow a party to argue against a prior, undeveloped, potentially faulty pleading.

Fundamental fairness and the practice of the Court indicate that the government's request should be rejected.

The government's request would limit Mr. Umaña's ability to develop a record supporting claims currently pending before this Court without giving any legal justification for such a limitation. Congress provided federal post-conviction review under 28 U.S.C. § 2255 to allow a prisoner to allege his conviction or sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was more than the maximum authorized by law or is otherwise subject to collateral attack. *See* Act of June 25, 1948, § 2255, 62 Stat. at 967. Allowing Mr. Umaña to amend his Initial 2255 Motion and have that amendment weighed in any determinative proceedings furthers the goal of habeas – that is amendment allows Mr. Umaña to allege violations of the Constitution in the proceedings against him thoroughly and effectively. By seeking a shorter process, the government asks the Court to consider its motion to dismiss against less than thorough pleadings and makes no argument for why a stay is necessary or will serve the purposes of habeas.

In place of a procedural practice or legal justification, the government argues essentially that its pending motion to dismiss is likely to be sustained, therefore this Court should compel litigation of the motion to dismiss without considering the evidentiary support Mr. Umaña provides in the March 2023 Amended 2255 Motion. The likelihood of this Court sustaining a motion to dismiss does not justify limiting Mr. Umaña's opportunity to present evidence supporting his claims, and the government can point to no precedent supporting this proposition. The government's argument for a stay also suggests the Court should reject Mr. Umaña's March 2023 Amended 2255 Motion because Rule 15 does not support an amendment; but again, those reasons are not related to a legitimate request to hold the March 2023 Amended Motion in abeyance; the

merits of the government's challenge to amendment do not compel this Court to decide the motion to dismiss without a complete record of Mr. Umaña's claims, and this Court should reject the request.

### B. Mr. Umaña may amend as of right under Federal Rule of Civil Procedure 15(a).

#### 1. Rule 15(a)(1) applies to § 2255 motions.

An application for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also Mayle v. Felix*, 545 U.S. 644 (2005) (applying Rule 15 in the 2254 context). Rule 12 of the Rules Governing § 2255 proceedings further provides that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." The Fourth Circuit in *United States v. MacDonald*, 641 F.3d 596, 616 n.12 (4th Cir. 2011), recognized that "Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts."

Federal Rule of Civil Procedure 15(a)(1) provides that "a party may amend its pleadings once as of right within twenty-one days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)," "[i]f the pleading is one to which a responsive pleading is required."

Mr. Umaña's March 2023 Amended 2255 Motion follows Rule 15(a)(1). The government filed a motion to dismiss Mr. Umaña's 2255 Motion, and Mr. Umaña filed his amendment as of right within twenty-one days of the government's motion to dismiss. Further, Mr. Umaña has not previously filed an amendment as of right under Rule 15(a)(1).

3

The crux of the confusion over Rule 15(a)(1) is in the prefatory language in subsection (B), which conscribes amendment as of right to pleadings in "which a responsive pleading is required." The government notes that for § 2255 motions, it does not need to respond to a motion unless ordered by the court, implying that a rule must compel a response before Rule 15 controls. Civ. Doc. 152 at 5; § 2255, R. 5(a) ("The respondent is not required to answer the motion unless a judge so orders."). This argument, however, fails because a Court can compel a response and has done so here. Civ. Doc. at 55.

The government next argues that Rule 15(a)(1) does not apply to § 2255 motions because the government's response to the motion, whether an answer or a motion to dismiss, is not a pleading as defined by Rule 7. Pleadings, according to the government, include "an answer to a *complaint*," FRCP 7(a)(2), whereas a § 2255 proceeding is a *motion*, § 2255, R. 2 ("The application must be in the form of a motion to vacate, set aside, or correct the sentence."). *See* Civ. Doc. 152 at 5. Further, the government notes that Rule 4 permits the government to respond in a motion to dismiss, which "is not a responsive pleading for the purposes of Rule 15(a)." *Id.* at 6 (*quoting Domino Sugar Corp. v. Sugar Workers Loc. Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993)).

The focus on the narrow definitions of a pleading in Rule 7 ignores that the Rules Governing § 2255 Proceedings describe the government's response as a pleading. § 2255, R. 5(d) ("The moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."). Moreover, the argument makes much of the fact that Rule 7 uses the word "complaint" when listing examples of pleadings. This word choice makes sense as the Rules of Civil Procedure state that a civil action begins with a complaint. By contrast, the Rules Governing § 2255 speak in terms of *motions*. Yet, despite the different words used to describe the origins of a § 2255 proceeding and an ordinary civil action, the Rules Governing § 2255 Proceedings make

4

clear that the Federal Rules of Civil Procedure apply so long as "they are not inconsistent with any statutory provisions or [the 2255] rules." § 2255, R. 12.

The government's reference to *Domino Sugar Corp.* is similarly unavailing and misleading. Civ. Doc. 152 at 6. The government's option to file a motion to dismiss instead of an answer does not foreclose Rule 15(a)'s application to § 2255 motions. In ordinary civil cases, the party also may respond to the complaint with a motion to dismiss, FRCP 12(b), and Rule 15 contemplates motions to dismiss as an available response, *Id.* 15(a)(1) ("[I]f the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a *motion under Rule 12(b), (e), or (f), whichever is earlier*." (emphasis added)).

For the proposition that Rule 15(a)(1) does not apply to habeas motions and petitions, the government offers only unpublished district court decisions from other circuits, which provide scant analysis and involve pro se petitioners. Civ. Doc. 152 at 7 n.1 (collecting cases). Instead, federal courts are divided on whether Rule 15(a)(1) applies to habeas movants and petitioners. *Compare Rigney v. Cabell*, No. 7:21CV479, 2022 WL 814652, at *1 (W.D. Va. Mar. 16, 2022) (reasoning that Rule 15(a)(1)(B)(2) appears to permit amendment as of right when granting petitioner's leave to amend); *Roetger v. Haynes*, No. 318CV05870RBLDWC, 2019 WL 1864074, at *2 (W.D. Wash. Apr. 25, 2019) (permitting habeas petitioner to amend his petition as of right under Rule 15(a)(1)(B)); *Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *1 (E.D. Mich. July 27, 2015) (same); *Williams v. Bickle*, No. CIV.A. 11-7124, 2012 WL 6216248, at *20 (E.D. Pa. July 18, 2012), *report and recommendation adopted*, No. CIV. 11-7124, 2012 WL 6209889 (E.D. Pa. Dec. 12, 2012) (same), *with* Civ. Doc. 152 at 7 n.1 (collecting cases). Accordingly, responses to a § 2255 motion, whether as an answer or motion to dismiss, are a responsive pleading under Federal Rule of Civil Procedure 15(a)(1).

5

### 2. Mr. Umaña may still exercise his right to an amendment as of right under Rule 15(a)(1) even though he has previously sought and obtained leave to amend.

Mr. Umaña retains his ability to amend as of right under Rule 15(a)(1) even though he has previously obtained leave to amend under Rule 15(a)(2). The one circuit to address the question concluded that the plaintiff retained their ability to amend once as of right, even after amending with the parties' consent. In *Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015), the parties had stipulated to the amendment of the plaintiff's complaint after the case was removed to federal court. The defendants filed a motion to dismiss the plaintiff's complaint under Rule 12(b)(6), to which the plaintiff filed a second amended complaint. *Id.* at 1004. The district court rejected the second amended complaint, reasoning that Ramirez had amended his complaint once and thus required leave of the court to amend it again. *Id.*

The Ninth Circuit reversed. *Id.* at 1006. The court explained that the mechanisms for amendment in subsections (a)(1) and (a)(2) were independent and could be exercised in any sequence. "Rule 15 is organized substantively, not chronologically" and "does not prescribe any particular sequence for the exercise of its provisions." *Id.* at 1007. Just as "it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2)," it does not "state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made." *Id.* The Ninth Circuit's conclusion rests "on a straightforward reading of the text," which confers a right to be "limited only by the restrictions set forth in the Rule itself." *Id.* Other district courts have followed *Ramirez*'s reading of Rule 15(a)(1), albeit in unpublished opinions. *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 116 (D. Md. 2020); *Parks v. Liberty Ins. Corp.*, No. CV 8:17-0503-HMH, 2017 WL 11457907, at *4 (D.S.C. May 18, 2017) ("Where a party has previously amended her complaint pursuant to Rule

15(a)(2), but has not done so as a matter of course pursuant to Rule 15(a)(1), the plaintiff may still amend the complaint as a matter of course." (citing *Ramirez*, 806 F.3d at 1007)).

### C. Alternatively, Leave to Amend Should Be Granted.

As demonstrated above, Mr. Umaña is entitled to amendment as of right, and the inquiry should end there. However, assuming *arguendo* this Court rejects Mr. Umaña's well-founded argument for amendment of right, this Court should use its discretion and grant leave to amend.

Rule 15(a)(2) mandates that "[t]he court should freely give leave when justice so requires." Justice requires amendment for the following reasons. First, Mr. Umaña's proposed amendments "relate back" to the allegations in the Initial 2255 Motion as required by Rule 15(c). Second, Mr. Umaña's amendments are necessary to cure defects in the Initial 2255 Motion caused by conflicted counsel. Third, Mr. Umaña's amendments are necessary to cure defects in the Initial 2255 Motion caused by ineffective counsel.

### 1. Mr. Umaña's amendments relate back to the Initial 2255 Motion.

As demonstrated in the March 2023 Amended 2255 Motion (Civ. Doc. 146 at 4-28), Mr. Umaña's amendments "relate back" to the allegations in the Initial 2255 Motion because they share a common core or nucleus of operative facts with the claims raised in the initial motion. *See* FRCP 15(c)(1); *Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("[R]elation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims"); *Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009).

A more carefully drafted version of the prior claim that makes more specific allegations of a prior claim relates back to that initial claim. *Dean v. United States*, 278 F.3d 1218, 1223 (11th Cir. 2002) (per curiam) (claim specifying which piece of evidence was erroneously admitted related back to broader claim that erroneous evidence was admitted). As the government conceded in its opposition to Mr. Umaña's February 2018 Motion to Supplement/Amend, amendments

7

offering a more specific iteration of the original claim or clarifying or amplifying a claim set out in the original motion relate back and are timely:

> The relation-back doctrine extends only to amended claims that arise out of the same "conduct, transaction, or occurrence" and share a "common core of operative facts" with claims properly set out in the original motion. *Felix*, 545 U.S. at 646. The doctrine applies, for example, to amended claims that represent a "slightly more specific iteration" of original claims previously set out with specificity. *Hill* 842 F.3d at 923 (emphasis in original) (citing *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001)). Courts have also held the doctrine to permit amendments that "clarified or amplified a claim" arising out of the same set of facts alleged in the original motion. *Id.* For example, the relation-back doctrine applied "where the original petition challenged the trial court's admission of recanted statements" and "the amended petition challenged the court's refusal to allow the defendant to show" that the same statements "had been recanted." *Id.* (quoting *Mayle*, 545 U.S. at 664 n.7). Claims that are "completely new," in contrast, "cannot relate back" to an original pleading. *Pittman*, 209 F.3d at 318.

Doc. 77 at 3-4.

Applying these principles, the current amendments are timely. Mr. Umaña stated at the outset of his March 2023 Amended 2255 Motion that the claims in the Amended Motion are the same as those in the Initial 2255 Motion. Mr. Umaña's Initial 2255 Motion and Supplemental Claim 59 alleged his grounds for relief and the factual bases supporting those grounds (except for the allegations of ineffective assistance of appellate counsel, which prior conflicted counsel could not have raised), as required by Rule 2 of the Rules Governing Section 2255 Proceedings in the United States District Courts. *See* Civ. Doc. 146 at 4-28 (Statement on Relation Back).

To ensure the completeness of the record and provide this Court with as much relevant evidence as is reasonable at this pleading stage, Mr. Umaña brought this amendment to offer more specific factual allegations and evidence (witness affidavits, expert reports, and other materials) to support the allegations previously pled. Based on the allegations and the associated supporting appendices, Mr. Umaña asserted that the March 2023 Amended 2255 Motion satisfies Habeas Rule 2's pleading requirements and contains claims for relief that are "'plausible on [their] face,'" *Wahi*

8

*v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)), and which, "if true, would entitle him to relief," *McCarver v. Lee*, 221 F.3d 583, 598 (4th Cir. 2000). Civ. Doc. 146 at 4.

Mr. Umaña then explained, claim by claim, how each claim shared a common core of operative facts with a claim pled in the Initial 2255 Motion (relying on a single set of corresponding claim numbers); contained the same general allegations as the initial claim; and added specific factual allegations, including references to affidavits, declarations, expert reports, and other documentary materials in the Appendix, all of which contained evidence that Mr. Umaña expects to prove his claims for relief after full evidentiary development.[1] Where necessary, Mr. Umaña further explained that the amended claims contained references to specific evidence that Mr. Umaña has reason to believe is in the sole possession of the Government or its agents or that Mr. Umaña is unable to obtain without leave of Court, and this evidence is potentially dispositive of the claims. Doc. 146 at 4-28. There can be no question that these claims relate back.

Mr. Umaña was forthcoming with this Court that he was raising eight additional allegations of ineffective assistance of appellate counsel that were not pled in the Initial 2255 Motion: Claims IV (*Atkins*), VIII (jail letters), XII (prosecutorial misconduct); XV (juror misconduct); XX (right to presence), XXI (security measures), XXV (government's use of race and geography in charging

---

[1] The law is clear that Mr. Umaña's ability to proffer and prove evidence to this Court in support of his claims did not end with the filing of his Initial 2255 Motion on June 22, 2016. In 2255 cases, full evidentiary development may include discovery, expansion of the record, and an evidentiary hearing. *See, e.g.*, Rules Governing Section 2255 Proceedings, Rule 6 (authorizing discovery upon a showing of good cause), Rule 7 (allowing expansion of the record to include letters, documents, and exhibits), Rule 8 (requiring the Court to review the record to determine whether an evidentiary hearing is required); 28 U.S.C. § 2255(b) ("[U]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, [and] grant a prompt hearing thereon.").

decision), and XXVI (Vienna Convention). Civ. Doc. 146 at 4-28 (Statement on Relation Back), 177-80, 319-21, 350-51, 397-98, 437, 439-40, 531, 551. Mr. Umaña asserted that these allegations of appellate ineffectiveness rely on the same "common core of operative facts" that formed the basis of the original Claims IV, VIII, XII, XV, XX, XXI, XXV, and XXVI and so "relation back will be in order." *Mayle*, 545 U.S. at 665; Civ. Doc. 148 at 4-28 (Statement on Relation Back).

Indeed, the *Mayle* standard permits new but similar grounds for relief when the new claims are supported by common, but not necessarily coterminous, facts involved in the original claims under original legal theories. *See Mayle*, 545 U.S. at 664 n.7. The Supreme Court has recognized that a claim that the petitioner was denied the opportunity to show that a statement had been recanted relates back to a claim that the statement was erroneously admitted. *Mayle*, 545 U.S. at 664 n.7 (citing *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), with approval). Relation back also allows amendment when "[b]oth pleadings relate[] to evidence obtained at the same time by the same police department." *Id.* (citing *Mandacina v. United States*, 328 F.3d 995, 1000-01 (8th 2003), with approval).

Seven of Mr. Umaña's eight additional allegations of appellate ineffectiveness[2] rely on an underlying claim of constitutional error pled in the Initial 2255 Motion. Mr. Umaña amends to add the assertion that those seven claims (or portions thereof) could have been, but were not, adequately raised on direct appeal due to appellate counsel's ineffectiveness. For example, in Initial Claim IV, Mr. Umaña alleged that he should be spared the death penalty because he is intellectually disabled. In support of that claim, Mr. Umaña argued, in part, that this Court's pretrial ruling denying *Atkins* relief was erroneous under Supreme Court precedent issued *while Mr.*

---

[2] Claims IV, XII, XV, XX, XXI, XXV, and XXVI.

*Umaña's direct appeal was still pending.* Civ. Doc. 22 at 102-10. Conspicuously, prior 2255 counsel (who were also direct appeal counsel) did not (because they could not, *see* section B.2, *infra*) raise their ineffectiveness for failing to litigate this issue *during the direct appeal*. *Id.*; *see also* Civ. Doc. 146 at 177-80. This applies to the six allegations of appellate ineffectiveness in Claims XII, XV, XX, XXI, XXV, and XXVI.[3] The final allegation of appellate ineffectiveness, in amended Claim VIII, relates to the admissibility of Mr. Umaña's jail letters, the issue squarely presented in initial Claim VIII.[4] There is no question that the underlying factual allegations share a common nucleus of operative facts. Mr. Umaña raises a new legal theory describing how those facts entitle him to relief. Mr. Umaña's amendments relate back.

---

[3] *Compare* Civ. Doc. 22 at 251-57 (Initial Claim XII, alleging various instances of prosecutorial misconduct) *with* Civ. Doc. 146 at 343-51 (adding allegation of appellate ineffectiveness and further factual development regarding the government's pattern of misconduct with its exhibits); *compare* Civ. Doc. 24 at 275-98 (Initial Claim XV alleging various instances of juror misconduct and trial counsel's ineffectiveness in litigating them) *with* Doc. 146 at 369-98 (adding legal argument regarding prejudice from trial counsel's deficient performance and allegation of appellate ineffectiveness); *compare* Doc. 22 at 316-21 (Initial Claim XX alleging that Mr. Umaña was denied his right to presence) *with* Doc. 146 at 431-37 (fleshing out factual allegations of claim, and adding allegation of appellate ineffectiveness); *compare* Civ. Doc. 22 at 321-23 (Initial Claim XXI, alleging overwhelming security measures denied Mr. Umaña a fair trial) *with* Civ. Doc. 146 at 437-40 (adding factual support and allegation of appellate ineffectiveness); *compare* Civ. Doc. 22 at 351-53 (Initial Claim XXV, alleging that his death sentence was based on race and geography in charging decision) *with* Doc. 146 at 527-31 (fleshing out factual basis of claim, adding allegation of appellate ineffectiveness); *compare* Civ. Doc. 22 at 354-72 (Initial Claim XXVI asserting violation of Vienna Convention and related constitutional rights) *with* Civ. Doc. 146 at 531-51 (refining claim and adding allegation of appellate counsel's ineffectiveness).

[4] *Compare* Civ. Doc. 22 at 210-34 (Initial Claim VIII, alleging various ways trial counsel were ineffective in litigating the admissibility of and failing to mitigate Mr. Umaña's jail letters) *with* Civ. Doc. 146 at 290-321 (fleshing out allegations of trial counsel's ineffectiveness, adding allegation of appellate counsel's ineffectiveness regarding admissibility of the letters).

### 2. Amendment is required to cure defects caused by Mr. Umaña's conflicted initial 2255 counsel.

Mr. Umaña brings the allegations of appellate ineffectiveness in claims IV, XII, XV, XX, XXI, XXV, and XXVI to cure defects in the initial pleading that the government presented in its motion to dismiss. *See* Civ. Doc. 143 at 84-104 (asking this Court to dismiss claims XII, XV, XX, XXI, XXV, and XXVI because – the government contends – they could have been raised on direct appeal but were not); *id.* at 81 (noting that "he does not allege that his appellate attorneys were constitutionally deficient"); *id.* at 105 (arguing that Claim IV "would be barred by procedural default" because of the Fourth Circuit's holding that Mr. Umaña did not challenge the merits of this Court's *Atkins* findings on direct appeal). *Cf.* Civ. Doc. 152 at 4 (government's argument that Umaña's amendment "does not purport to cure deficiencies").

Amendment is proper to cure deficiencies in the pleading raised by opposing counsel. *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118 (4th Cir. 2013) (holding district court abused discretion in denying motion for leave to amend complaint where plaintiff sought to amend complaint to address defects in class certification argument considering *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)); *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 338 (4th Cir. 1996) (holding district court abused its discretion in denying motion for leave to amend complaint so that plaintiff could cure defect and plead that they had relied on defendant's actions).

Mr. Umaña has repeatedly informed this Court that his initial 2255 counsel served as his direct appeal counsel and, therefore, were conflicted from raising claims of their ineffectiveness in the Initial 2255 Motion. Civ. Docs. 146 at 3 n.3, 168, 177 n.34, 97 at 2, 96 at 2-4, 94 at 7-14. Briefly, Mr. Umaña was represented on direct appeal by the Federal Defenders of San Diego, Inc. ("FDSDI") (Vincent Brunkow appearing) and the Center for Death Penalty Litigation ("CDPL") (Malcolm Hunter appearing). App. Doc. 19 (appointing Hunter of CDPL and FDSDI for direct

12

appeal). FDSDI (Zandra Lopez appearing) and CDPL (Kenneth Rose appearing) continued representing him for the Initial 2255 Motion. Crim. Doc. 1621 (appointing FDSDI and Rose of CDPL); Civ. Doc. 22 (Initial 2255 Motion filed by Lopez of FDSDI and Rose of CDPL).

This Court has directly held that FDSDI was conflicted. Civ. Doc. 87 at 7. And the record is replete with evidence demonstrating CDPL's conflict, *see* Civ. Docs. 94, 94-1, 94-2, 95, 95-1, 95-2, 95-3, 95-4, 95-5, 96, including the legal ethics expert opinions of Daniel Eaton and Prof. Abbe Smith, concluding that Mr. Umaña did not have the benefit of conflict-free §2255 counsel while Rose (on behalf of CDPL) and FDSDI represented him in his § 2255 proceedings and that the conflict was unwaivable, Civ. Doc. 94-2, at 8-14; Civ. Doc. 95-3, at 6-8.

Initial 2255 counsel could not have been expected to argue their deficient stewardship of Mr. Umaña's direct appeal. "Advancing such a claim would have required [counsel] to denigrate their own performance. Counsel cannot reasonably be expected to make such an argument, which threatens their professional reputation and livelihood." *Christeson v. Roper*, 574 U.S. 373, 378 (2015).

Mr. Umaña attempted to cure these defects in the pleading caused by initial 2255 counsel's conflict within one year of the undersigned, unconflicted counsel's appointment. In the February 2018 Supplement/Amended 2255 Motion, Mr. Umaña attempted to raise all available claims of appellate counsel's ineffectiveness. *See* Civ. Doc. 71 at ¶564 ("As such, should the Court find that any issue raised in the original *Motion* or this *Supplement* is meritorious and should have been raised earlier but was not, counsel was ineffective and Mr. Umaña is entitled to relief."). The Court denied leave to amend. Civ. Doc. 131.

The government has now expressly argued that this Court should not reach the merits of certain claims because appellate counsel failed to raise them on direct appeal. Civ. Doc. 142 at 81,

84-104, 105. Justice requires amendment to allow Mr. Umaña – now represented by unconflicted counsel – to litigate the very claims that prior counsel was conflicted from raising.

### 3. Mr. Umaña may cure defects created by initial 2255 counsel's ineffectiveness.

In addition to the *per se* ineffectiveness due to counsel's conflict of interest, to the extent that this Court may find that some allegations in the March 2023 Amended 2255 Motion do not relate back to the Initial 2255 Motion, Mr. Umaña was denied the effective assistance of initial 2255 counsel in pleading his initial claims. *See* Civ. Docs. 68, 81. This is Mr. Umaña's only opportunity to challenge his trial counsel's ineffectiveness and to raise claims requiring extra-record development. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *Waley v. Johnston*, 316 U.S. 101, 104 (1942) (per curiam); *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992). Mr. Umaña has the right to counsel who will effectively and thoroughly challenge his conviction and sentence in these proceedings. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 859 (1994); *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976); *cf. Martinez v. Ryan*, 566 U.S. 1, 11-12 (2012) (recognizing need for "an effective attorney" during "the initial-review collateral proceeding" where that "is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial"). Amendment should be granted.

### D. Leave to amend is justified except for narrow circumstances not present.

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "[D]elay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith,

or futility." *Johnson*, 785 F.2d at 509-10 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)). Here, the government has not established prejudice, bad faith, or futility to justify the extraordinary decision to deny a motion for leave to amend.

### 1. Because the facts alleged may be a basis for relief, amendment is not futile.

The government's argument that amendment "is likely to be futile," (Civ. Doc. 152 at 9), ignores controlling law that "[l]eave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face," *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir.1981)).

Here, the amendment is not frivolous on its face. To ensure the completeness of the record and provide this Court with as much relevant evidence as is reasonable, Mr. Umaña proffered more specific factual allegations and evidence (witness affidavits, expert reports, and other materials) in support of his allegations. Mr. Umaña also brought claims of ineffective assistance of appellate counsel to address defects raised by the government. Mr. Umaña asserted that the Amended 2255 Motion satisfied Habeas Rule 2's pleading requirements and contains claims for relief that are "'plausible on [their] face,'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)), and which, "if true, would entitle him to relief," *McCarver v. Lee*, 221 F.3d 583, 598 (4th Cir. 2000); *see also Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (the court must accept as true all factual allegations in the complaint) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Civ. Doc. 146 at 4.

The allegations in the Amended Motion, if proven following discovery and an evidentiary hearing, demonstrate the denial of constitutional rights and require relief. Rule 15's mandate that

15

"[t]he court should freely give leave [to amend] when justice so requires," FRCP 15(a)(2), is "to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). If facts alleged in the amendment may be a basis for relief, the movant "ought to be afforded an opportunity to test his claim on the merits." *Id.*

The argument that amendment is futile because the Court previously rejected similar amendments, (Civ. Doc. 152 at 4, 9), ignores that this amendment cures defects in pleading raised explicitly in the motion to dismiss. Mr. Umaña acknowledges that this Court previously denied leave to amend to raise allegations of ineffective assistance of appellate counsel,[5] *see* Civ. Doc. 131 at 52-53; *see also* Civ. Docs. 132, 133 at 6-11 (Motion for Reconsideration and Memorandum in Support, pending), but again urges that he should not be denied the opportunity to test his claims of appellate ineffectiveness on the merits solely because he was represented by direct appeal counsel – who could not and did not raise their own ineffectiveness – in the Initial 2255 Motion or because he only had access to effective, conflict-free counsel only after his initial filing.

---

[5] The government also repeatedly cites Mr. Umaña's inclusion of the government's falsehoods in his interrogation transcript (and trial counsel's failure to object to the jury hearing those falsehoods) for the proposition that Mr. Umaña is futilely raising claims this Court previously rejected. Civ. Doc. 152 at 4, 9. However, the government ignores Mr. Umaña's full argument regarding those factual allegations, which acknowledged that the Court had denied leave to amend and argued that the facts were included because they are part of the larger context in which various instances of prosecutorial misconduct and trial counsel ineffectiveness occurred. Civ. Doc. 146 at 288 & n.81, 329. This Court is always free – and is generally required, *see* 28 U.S.C. § 2255(b) – to consider the context of the full trial when passing judgment on individual claims for relief. Providing such context to the Court cannot be "futile."

### 2. Mr. Umaña has diligently litigated to protect his rights to conflict-free, effective 2255 counsel and to raise all available claims for relief.

The government implies that Umaña is interjecting undue delay by raising new claims. *See* Civ. Doc. 152 at 7-8 & n.2, 9-11.[6]

The government ignores that Mr. Umaña – through current counsel[7] – diligently litigated allegations of appellate counsel's ineffectiveness. It was not until the undersigned's office was appointed that Mr. Umaña was provided unconflicted counsel.[8] Current counsel initially raised

---

[6] Again, the new claims are of appellate ineffectiveness, which he could not raise in the Initial 2255 Motion due to counsel's conflict of interest. The rest of the amendment was to provide this Court with additional factual allegations and evidentiary support for the common core of operative facts from the claims already pled in the Initial 2255 Motion. *See* Civ. Doc. 146 at 4-28.

[7] Mr. Umaña cannot be personally faulted here because he lacks (and has lacked since the inception of these proceedings) the ability to consult with his lawyers with a reasonable degree of rational understanding and a rational and factual understanding of the proceedings against him. *See Drope v. Missouri*, 420 U.S. 162, 172 (1975). Current counsel has diligently informed this Court of her client's incompetency. *See* Civ. Doc. 69 at 2-13 (Supplemental/Amended 2255 Motion, raising claim of incompetency); Civ. Doc. 82 (motion to stay based on incompetency). But this Court denied counsel's request for a stay, finding Mr. Umaña's competency was not necessary at this stage of proceedings. Civ. Doc. 85.

Dr. Stewart has opined that Mr. Umaña is and was incompetent. Civ. Doc. 81, 81-1. The record is full of expert evidence and lay witness examples of Mr. Umaña's mental health disorders and cognitive dysfunction. *See generally* Appxs. 26, 28-29, 70, 72-73, 81, 211-16, 236-37, 242-43 (expert evidence appended to Civ. Docs. 22, 106, 116, 150); Appxs. 1-22, 27, 217-230, 239 (lay witness observations appended to Civ. Docs. 22, 106, 116, 150). Equitable tolling is appropriate in a case like this where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005); *see* Civ. Doc. 68 ¶9.

[8] In an analogous situation in 2254 proceedings, the Fourth Circuit has held that a petitioner is entitled to independent counsel to investigate claims of counsel's ineffectiveness under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Juniper v. Davis*, 737 F.3d 288, 289-290 (4th Cir. 2013); *see also United States v. Sanchez*, 9:16-cv-80693, Doc. 79 (*Order on Motion for Leave to Amend*, February 13, 2018) (S.D. Fla.) (recognizing conflict of interest inherent when direct appeal counsel also is 2255 counsel, appointing new counsel, and permitting un-conflicted counsel to file an amendment eleven months after that appointment and two years after initial 2255 Motion had been filed).

17

the conflict of interest created by appellate counsel continuing on Mr. Umaña's case within two months of her appointment, *see* Civ. Doc. 57 at 2-4 (Motion for Extension of Time to File Discovery Reply, filed April 14, 2017); Civ. Doc. 61 at 3-4 (Discovery Reply, filed April 24, 2017), and filed Mr. Umaña's February 2018 Supplement/Amended 2255 Motion within one year of her appointment, *cf.* § 2255(f)(2) & (f)(4); Civ. Docs. 68, 69, 71, 81.

In the February 2018 Supplement/Amended 2255 Motion, Mr. Umaña raised all available claims of appellate counsel's ineffectiveness. *See* Civ. Doc. 71 at ¶564 ("As such, should the Court find that any issue raised in the original *Motion* or this *Supplement* is meritorious and should have been raised earlier but was not, counsel was ineffective and Mr. Umaña is entitled to relief."); *see also* Civ. Doc. 71, at ¶78 (Claim 33); ¶100 (Claim 34); ¶105, ¶117, ¶125, ¶133, ¶135, ¶144, ¶150, ¶157, ¶161 (Claim 35); ¶¶172-174 (Claim 36); ¶ 204 (Claim 37); ¶228 (Claim 39); ¶230 (Claim 40); ¶250, ¶261 (Claim 41); ¶297, ¶308 (Claim 42); ¶357 (Claim 45); ¶359, ¶367 (Claim 46); ¶380 (Claim 47); ¶382 (Claim 48); ¶402 (Claim 49); ¶439 (Claim 50); ¶516 (Claim 51); ¶526 (Claim 52); ¶540 (Claim 53); ¶548 (Claim 54); ¶555 (Claim 55); ¶556 (Claim 56); ¶¶ 578-583 (Claim 58).

And, in raising those claims of appellate ineffectiveness at the first opportunity, Mr. Umaña argued that the claims related back and amendment was timely under 28 U.S.C. § 2255(f)(4); warranted by initial 2255 counsel's conflict of interest and ineffectiveness; and warranted by equitable tolling due to counsel's conflict/ineffectiveness and Mr. Umaña's mental illness, organicity, and low intellectual function. *See generally* Civ. Docs. 68, 81. Contrary to the government's implication that Mr. Umaña has been withholding claims, *see* Civ. Doc. 152 at 7-8 & n.2, this argument has been actively pending with this Court, in one form or another, since counsel appeared.

18

The government then *chose* to raise the procedural defense in the motion to dismiss that certain claims could have been, but were not, raised on direct appeal. *See* Civ. Doc. 142 at 81, 84-104, 105. It cannot both benefit from Mr. Umaña's prior counsel's conflict in failing to raise their own ineffectiveness by raising the procedural defense and oppose Mr. Umaña's request to cure the apparent defect in pleading caused by prior counsel's conflict. *Cf. Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 117-18 (4th Cir. 2013) (holding district court abused its discretion in denying leave to amend even though original complaint was filed three years prior and briefing on summary judgment was almost complete because most of the delay was attributable to the defendant moving to dismiss the complaint). Fundamental due process and the Eighth Amendment's dictates for heightened procedural safeguards require Mr. Umaña be afforded the most basic procedural mechanism – amendment of his 2255 motion – to raise these claims.

### 3. Granting leave to amend would not unduly prejudice the government.

The government would not be prejudiced meaningfully by granting Mr. Umaña leave to amend.

The crux of the government's prejudice argument is that it would take time and resources for the government to respond to Mr. Umaña's Amended 2255 Motion and that this would delay the litigation. Civ. Doc. 152 at 10-11. This is insufficient prejudice to merit a denial of a motion to amend. *See All Weather, Inc. v. Optical Sci., Inc.*, 443 F. Supp. 3d 656, 664 (D. Md. 2020) (finding no prejudice when only alleged prejudice was time and resources expended in response to complaint). Further, the government "was from the outset made fully aware of the events giving rise to the action," and thus, "an allowance of the amendment could not in any way prejudice the preparation of the [the government's] case." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Mr. Umaña cannot be penalized or his habeas process narrowed because the government must address a thorough and well-developed.

19

Although "[i]t is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party," the Court in *Johnson* explained "that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." 785 F.2d at 510; *see also id.* (doubting whether non-moving party was prejudiced by proposed amendment *two weeks before trial* when the "merits of the proposed new cause of action . . . would have been substantially similar to the merits of the [original] breach of contract claim"); *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 61 (E.D. Va. 2016), *aff'd,* 866 F.3d 199 (4th Cir. 2017) (finding no prejudice even when plaintiff substantially delayed in bringing his motion – four and a half years – where there is no looming deadline of trial). By contrast, Mr. Umaña seeks to amend well before any hearing and in response to a motion to dismiss, a time when the Federal Rules of Procedure consider an amendment appropriate. This amendment differs from those considered prejudicial to the respondent by courts.

### 4. Considering the motion to dismiss without addressing the March 2023 Amended Motion would prejudice Mr. Umaña.

Contrarily, Mr. Umaña would be prejudiced if this Court waits to consider his amendment until it rules on the government's motion to dismiss. The government's argument that Mr. Umaña would not be prejudiced if the Court waits to consider the amendment until after it rules on the motion to dismiss (Civ. Doc. 152 at 12) ignores several critical features of 2255 litigation and the facts of this specific case.

First, Mr. Umaña has amended to include allegations of appellate ineffectiveness that his initial 2255 counsel were precluded from raising due to their conflict of interest, which cure defects in the Initial 2255 Motion that the government has exploited in its motion to dismiss. There is no

20

question that these amendments are proper and that Mr. Umaña is entitled to have this Court hear them.

Second, as demonstrated above, Mr. Umaña did not lose the ability to present additional evidence and factual allegations supporting his claims on June 22, 2016. *See supra* note 1.

Third, Mr. Umaña's Initial 2255 Motion presents mixed questions of law and fact, and thus, this Court must consider *all of* Mr. Umaña's particularized factual allegations and evidence in deciding whether to dismiss Mr. Umaña's claims. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993) (holding judge must consider as true all allegations unless disproven "by the files and records of the case"). The government characterized its motion to dismiss to have "argued that the 2255 motion had failed to allege cognizable facts that, if proved, would entitle Umaña to relief." Civ. Doc. 152 at 3 (citing Civ. Doc. 142). Mr. Umaña has alleged that the amended claims in the Amended 2255 Motion contain additional supporting "factual allegations includ[ing] direct quotations of, excerpts from, and citations to the attached Appendix, which contains affidavits, declarations, expert reports, and other materials, all of which contain evidence that Mr. Umaña expects to prove after full evidentiary development . . .." Doc. 146 at 5-28.

The government conceded – under controlling United States Supreme Court and Fourth Circuit law – that amendments making a more specific iteration of the original claim or clarifying or amplifying a claim in the original motion relate back and are timely. *See* Civ. Doc. 77 at 3-4 (discussed in more detail, *supra*, at Part C.1) (relying on *Felix*, 545 U.S. at 646; *Hill* 842 F.3d at 923 (emphasis in original) (citing *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001))). Contrary to the government's assertions, *see* Civ. Doc. 152 at 4, 11, 12 & n.4, that is the nature of Mr. Umaña's amendments here. The government seizes upon one sentence in Mr. Umaña's Amended 2255 Motion to argue that the amendment *solely* provides this court with additional

evidence. *See id.* Mr. Umaña's Statement of Relation Back was clear, however, that for the individual claims, he was providing this with Court factual allegations, including direct quotations and excerpts from the attached Appendix materials (which included additional evidence). *See* Civ. Doc. 146 at 4-28. And it is clear from a review of the amended claims that the claims include more particularized factual allegations, based on the Appendix materials, that were not included in the Initial 2255 Motion.

This Court must consider these particularized factual allegations in reviewing the government's motion to dismiss. In its motion to dismiss, the government argues that Mr. Umaña has failed to state prima facie grounds for relief and that Mr. Umaña has failed to allege facts sufficient to support claims. Civ. Doc. 152 at 3 (citing Civ. Doc. 142). The *facts* that Mr. Umaña has offered in the Amended 2255 Motion are relevant to rebut these arguments. Mr. Umaña's 2255 motion (both the initial motion filed by prior, conflicted counsel and the Amended Motion filed last month) is predicated primarily on claims of ineffective assistance of counsel and violations of *Brady* and its progeny. These claims present *mixed questions of law and fact. See Strickland v. Washington*, 466 U.S. 668, 698 (1984) (ineffectiveness); *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016) (same); *United States v. Trapp*, 241 F. App'x 148, 151 (4th Cir. 2007) (*Brady*); *Love v. Freeman*, 188 F.3d 205, 1999 WL 671939 (4th Cir. 1999) (Table) (following lead of other circuits by concluding questions of materiality under *Brady* are mixed questions of law and fact). Accordingly, the Court must consider Mr. Umaña's full factual proffer in deciding the government's motion to dismiss.

### E. The government's motion to dismiss should be denied as moot.

The government's request that – should this Court accept Mr. Umaña's March 2023 Amended 2255 Motion for filing – this Court transfer its March 2, 2023 Motion to Dismiss to the March 2023 Amended 2255 Motion (Civ. Doc. 152 at 12 n.12) should be rejected.

22

"It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot." *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011). Although the government implies that the doctrine of mooting responsive pleadings is only appropriate in civil actions, judges in the Western District of North Carolina have applied it to amended 2255 motions. *See, e.g.*, *Moore v. United States*, No. 3:12-cv-152, 2013 WL 655121, at *1 (W.D.N.C. Feb. 22, 2013), supplemented, No. 3:12-cv-152, 2013 WL 937760 (W.D.N.C. Mar. 11, 2013) (mooting an answer and motion to dismiss filed against a movant's original 2255 motion thirty days after the responsive pleadings were filed upon the filing of an amended 2255); *Sibounheung v. United States*, No. 3:22-cv-276-RJC, 2022 WL 3354076, at *1 (W.D.N.C. Aug. 12, 2022) (reinstating a 2255 motion already dismissed on the merits because the movant properly filed an amended complaint as matter of right within 21 days of his original complaint that had not reached the judge before dismissal).

The general rule holds here. The March 2023 Amendment offers substantial additional, particularized factual allegations and evidentiary support for the claims pled in the Initial 2255 Motion. These additional facts are part of the habeas record, and this Court must consider them when determining relation back, the presence of a prima facie case, and whether the claims can proceed. But the government's motion to dismiss does not address these facts. The Court should not be able to apply the government's old motion to dismiss to the March 2023 Amended 2255 Motion, which includes facts the Court has not recognized or considered. The March 2023 Amended 2255 Motion should supersede the Initial 2255 Motion, and the government's motion to dismiss should be denied as moot.

**F.     Conclusion.**

For the above-stated reasons, Mr. Umaña respectfully requests that this Court deny the Government's Motion to Stay, accept his amendment for filing, and require the government to respond to his Amended 2255 Motion.

Respectfully submitted,

*/S/ KELLY D. MILLER*
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: April 12, 2023

24

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

/S/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: April 12, 2023