IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57

ALEJANDRO RAMIREZ UMAÑA, )
)
Movant, )
)
vs. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )

## REPLY IN SUPPORT OF
## MOTION TO HOLD UMAÑA'S MARCH 23 FILING IN ABEYANCE

Four times Alejandro Umaña has asked this Court to decide whether he could amend his 2255 motion. The parties litigated those four requests over the course of more than four years. And this Court issued a reasoned 56-page opinion resolving those requests — granting three and denying one. *October 11, 2022, Order* (Doc. No. 131, 3:16CV57), at 3, 55.

Umaña is not "entitled" to override this Court's decisions on his motions for leave to amend. *Cf. Response to Mot. to Stay* (Doc. No. 153, 3:16-CV-57). Umaña's March 23 proffered amendment includes allegations this Court granted him leave to add in its October order. And, Umaña acknowledges, it also includes allegations that this Court previously *denied* him leave to add. *Id.* at 16–17.

If Umaña wishes to file another amendment — what would be his fourth

1

— Rule 15 requires him first to obtain this Court's leave.  Fed. R. Civ. P. 15(a)(2). Rule 15(a)(1)(B), which allows a party, as a matter of course, "to amend its pleading *once*," does not apply because Umaña "already has amended" his 2255 motion.  6 Chares Alan Wright *et al.*, *Federal Practice & Procedure* § 1480 (3d ed.); 3 *Moore's Federal Practice – Civil* § 15.10[3]; *Elliott v. Foufas*, 867 F.3d 887, 882–83 (5th Cir. 1989); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 203–04 (7th Cir. 1985); *Mot. to Stay* (Doc. No. 152, 3:16CV57), at 7.  And the rule permits amendment as a matter of course only of a pleading to which a "responsive pleading" is "required."  Fed. R. Civ. P. 15(a)(2).  The rule does not apply to 2255 motions because no response is *required*, R. Governing § 2255 Proceedings 5, and because the response to a 2255 motion need not be a responsive *pleading*, R. Governing 2255 Proceedings 4.  The response "may be a motion to dismiss," for one example, *id.* & advisory committee's note.  And a "motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993). Fed. R. Crim. P. 7(a); 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1475.  None of the "Rules Governing § 2255 Proceedings" Umaña cites contradict that principle of black-letter law.  *Response to Mot. to Stay* 4 (quoting R. Governing § 2255 Proceedings 5(d)).

The purpose of the rule allowing *one* amendment as a matter of right under limited circumstances is not to permit litigants to ask the court to rule on a motion for leave and then ignore the court's ruling if they do not like the outcome.

2

*Cf. Response to Mot. to Stay* 6–7.  To the contrary, the rule's purpose is avoid needless "judicial involvement" in circumstances where "it is unlikely that motions for leave to amend would be denied by a judge."  6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1480 (3d ed.).  Other rules specific to ordinary civil litigation — such as the rules requiring a complaint to be "short and plain," requiring a "responsive pleading" in a matter of days, and requiring a scheduling order that "limit[s] the time" to "amend the pleadings," Fed. R. Civ. P. 8(a), 12(a)(1)(A), 16(a)(3)(A) — limit the potential for abuse of the right to amend as a matter of course.  But unlike civil complaints, 2255 motions may be anything but short and plain; the parties may spend years litigating the propriety of amendments before the government receives even its first opportunity to respond; and 2255 motions are ordinarily not subject to Rule 16 scheduling orders.  Importing Rule 15(a)(1)(B) into 2255 proceedings would contradict the rule's language and its purpose.  And if this Court were to accept Umaña's interpretation of the rule — as granting a party a "right" to file any amendment he wants, regardless of this Court's prior decisions on the very same allegations, *Response to Mot. to Stay* 6 — it would produce results in 2255 proceedings that qualify as absurd.  If this Court accepted Umaña's theory, the four years of litigation prompted by his previous motions for leave served no purpose other than to waste the time of the parties and this Court.

Simply put, Umaña was required to obtain this Court's leave before filing his March 23 document.  Unless this Court grants leave, that document "is

3

without legal effect." 6 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1484 (3d ed.).

This Court should treat Umaña's March 23 document as a request for leave to amend his 2255 motion and hold the request in abeyance until it decides the pending motion to dismiss filed by the United States. This Court has authority to do so. *See White v. SKF Aerospace, Inc.*, 768 F. Supp. 498, 501 (E.D. Pa. 1991). The rules give this Court broad discretion to take the action it deems appropriate when confronted with even a properly filed 2255 motion. R. Governing § 2255 Proceedings 4 (authorizing the judge who receives a 2255 motion to "take other action as the judge may order."). And Umaña has sought stays himself, multiple times. *See, e.g., Docs. No. 45, 82.*

Deciding the pending motion to dismiss first is appropriate. The motion to dismiss is likely to be dispositive of Umaña's motion for leave to amend. The proffered amendment represents that Umaña brought it "*solely* to proffer to this Court additional *evidence* (in the form of witness affidavits, expert reports, and other materials) in support of the *allegations he previously pled.*" *Mar. 23 Document* 4 (emphasis added).[1] If those allegations fail as a matter of law even if proved, as the motion to dismiss contends, the amount of evidence that exists to prove them will be of little relevance. And weighing "evidence" is a matter for

---

[1] Umaña cannot amend or repudiate that representation in a brief. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC,* 713 F.3d 175, 184 (4th Cir. 2013).

4

later stages of the proceeding, which properly occur, if at all, only after this Court considers the sufficiency of the "allegations he previously pled." *Id.*; *see Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005) ("[A]n evidentiary hearing is an instrument to test the truth of facts already alleged in the habeas petition.").

Umaña will suffer no prejudice if this Court decides the motion to dismiss first. Considering the propriety of his latest effort to amend after the motion to dismiss would not "limit" Umaña's "rights to develop a record." *Cf. Response to Mot. to Stay* 1–3. This Court should consider the propriety of the proffered amendment. The United States asks only that this Court do so after it considers its pending motion to dismiss.

Umaña cannot seriously complain about the timing of the United States' proposal. To the extent Umaña wished to have this Court determine whether he is entitled to file the proffered amendment earlier, he had nearly *seven years* to request leave to file it. His suggestion that the United States' motion to dismiss alerted him to the need to include allegations of ineffective assistance of appellate counsel, *cf. Response to Mot. to Stay* 12–13, is baseless. The United States pointed out Umaña's failure to "contend that his appellate counsel was deficient" more than six years ago. *Doc. No. 50*, at 56. And his current attorney told this Court she was investigating the need to raise those allegations in response to "the Government's assertions" more than five years ago. *Doc. No.* 68-1, at 9.

To the extent "justice . . . require[d]" Umaña to add something else to his 2255 motion, Fed. R. Civ. P. 15(a)(2), he had years to ask this Court for leave to

5

file another amendment.  His current attorney has represented him for more than six years.  *Doc. No.* 55.  So he cannot blame his prior 2255 counsel for his choice to wait more than a half decade to file his most recent proffered amendment.  *Cf. Response to Mot. to Stay* 12–13.  Umaña will not suffer any prejudice if this Court waits until it has decided the pending motion to dismiss before considering the propriety of Umaña's latest proposed amendment.

The United States, on the other hand, will suffer prejudice if this Court allows Umaña to further delay a decision on its motion to dismiss.  The United States has a right to "defend its presumptively valid judgment." *Ryan v. Gonzales*, 568 U.S. 57, 76 (2013).  It has a strong interest in executing "federal criminal sentences" without excessive delay.  *Id.*  "[A]llowing a petitioner to delay the resolution of the federal proceedings" frustrates the "objective" the United States shares with Congress of "encouraging finality." *Id.*  And the difficulty of obtaining "a reliable criminal adjudication" in any retrial that might occur if Umaña should prevail on any of his 2255 claims increases with the passage of time. *McCleskey v. Zant*, 499 U.S. 467, 491 (1991).

Because Umaña's 592–page March 23 document is extraordinarily long, briefing and litigating its propriety now would likely cause extraordinary delay in the resolution of the United States' motion to dismiss.  Litigation of Umaña's four prior proposed amendments involved hundreds of pages of briefs and orders by this Court.  And they required more than four years to decide.  Umaña's latest proffered amendment is almost twice as long as the *combined* total of his four

6

prior proposed amendments. *See Docs. No.* 71, 89, 91, 111. Nothing suggests, moreover, that even a final decision on the propriety of Umaña's March 23 document would end the matter. When this Court has denied leave to amend in the past, Umaña has refiled the same allegations despite this Court's order. *Mar. 23 Document* 288 n.81; *Response to Mot. to Stay* 16 (acknowledging as much). And Umaña suggests that, if this Court were to grant leave to amend and order the United States to respond anew, Umaña would again seek to restart the cycle by filing another amendment "to cure deficiencies in the pleading raised by opposing counsel." *Response to Mot. to Stay* 16. The kind of endless habeas litigation Umaña forecasts frustrates instead of furthers the interests of justice. *See Banister v. Davis*, 140 S. Ct. 1698, 1710 (2020); *Ryan*, 568 U.S. at 76. This Court should not permit it.

More than four years ago, this Court stated that "[t]he Government is entitled to defend is judgment of conviction," *Sept. 24, 2018, Order* (Doc. No. 85), at 11, and the United States' pending motion to dismiss represents its first opportunity to *begin* that defense. Umaña's recent request represents the latest among a host of requests to delay that opportunity.[2] And this Court gave Umaña

---

[2] *See, e.g., Doc. No. 25-1*, at 4-5 (asking this Court to postpone allowing the United States to respond to Umaña's 2255 motion to allow him to litigate discovery); *Doc. No. 43*, at 9 (same); *Doc. No. 82* (requesting an indefinite stay of the proceedings); *Doc. No. 130*, at 7 (asking this Court again to postpone allowing the United States respond to his 2255 motion to further litigate discovery); *Doc. No. 133* (seeking reconsideration of this Court's October 11 order allowing the United States to respond to Umaña's 2255 motion); *Doc. No. 153*, at 22–23 (asking this Court to reject the United States' motion to dismiss and order it to

7

more than six years to file things in this 2255 proceeding before it allowed the United States to respond.  The United States has now prepared an appropriate motion to dismiss, and Umaña's attorneys have been preparing a "professionally adequate response" for more than a month.  *See Doc. No.* 145, at 2.  This Court should consider and decide the United States' pending motion before it considers the propriety of Umaña's fifth effort to amend his 2255 motion.

Finally, this Court should reject Umaña's request that it deny the United States' motion to dismiss as moot.  *Cf. Response to Mot. to Stay* 22–23.  It should reject the request for at least two reasons.

First, an argument that "the government's motion to dismiss should be denied," *Response to Mot. to Stay* 23, is a response to the United States' March 2 *Motion to Dismiss*.  Umaña's response to the United States' March 29 *Motion to Stay* is not an appropriate vehicle for Umaña to present such an argument, and this Court should not consider it.  If this Court does consider Umaña's argument for rejecting the United States' motion to dismiss, it should not allow Umaña to file another response to the motion to dismiss.

Second, the pending motion to dismiss would not be moot even if this Court treated Umaña's March 23 document as an operative 2255 motion.  *See Mot. to Stay* 12 n.3.  Even in ordinary civil litigation, parties are not usually "required to file a new motion to dismiss simply because an amended pleading was introduced

respond anew).

8

while their motion was pending." 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1476 (3d ed.). And the allegations the United States' motion to dismiss addresses would remain highly relevant, even if this Court accepted the proffered amendment. The amendment on its face represents that Umaña brought it "solely to proffer to this Court additional evidence" in support of "the allegations he previously pled." *Mar. 23 Doc.* 4. If those allegations fail to entitle Umana to relief even if proved, additional *evidence* proving them will not likely help.

If this Court treats Umaña's March 23 filing as an operative 2255 motion, it should transfer the United States' pending motion to dismiss to that amended 2255 motion. *Federal Practice & Procedure* § 1476. If the Court agrees with the United States with respect to any of Umaña's claims, it can appropriately dismiss the corresponding claims in Umaña's proffered amended 2255 motion. *See Mot. to Stay* 12 n.3. If any part of the operative 2255 motion remains unresolved after this Court decides the motion to dismiss, this Court can order the United States to respond to the unresolved portions at that time.

Umaña puzzlingly criticizes the United States for relying on his unambiguous representation that he brought the proffered amendment "*solely* to proffer to this Court additional evidence," *Mar. 23 Doc.* 4 (emphasis added), but he does not assert that the statement is false. *Cf. Response to Mot. to Stay* 21–22. To the contrary, he asks this Court to rely on the proffered amendment's representations about why "facts were included" within it. *Id.* at 16 n.5. In any

9

event, if this Court were to treat his March 23 document as an operative 2255 motion, Umaña would be bound by his representation that the amendment is "solely" to proffer "evidence" in support of "the allegations he previously pled." *Mar. 23 Doc.* 4. Umaña cannot repudiate the representation in a brief. *See S. Walk*, 713 F.3d at 184 ("It is well established that parties cannot amend their complaints through briefing or oral advocacy.")

The United States respectfully requests that this Court treat Umaña's March 23 filing as a motion for leave to amend and hold it in abeyance until it decides the motion to dismiss the United States filed on March 2.

RESPECTFULLY SUBMITTED, this 19th day of April, 2023.

DENA J. KING
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

10

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 19th day of April, 2023, I caused to be served a copy of the foregoing reply to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

1