IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

## REPLY IN SUPPORT OF MOTION TO DISMISS
## ALEJANDRO UMAÑA'S 2255 MOTION

The issue before this Court is whether to grant the United States' motion

to dismiss Alejandro Ramirez Umaña's June 22, 2016, motion under 28 U.S.C.

§ 2255, as augmented by the three amendments this Court allowed in its *October

11, 2022 Order*. (Doc. No. 131, 3:16CV57), at 3, 55; *cf. Response to Mot. to

Dismiss* (Doc. No. 160, 3:17CV57) 12–16. This Court ordered the United States to

respond to that 2016 motion. *Oct. 2022 Order* at 55. And the United States

moved to dismiss that motion, as the rules permit. R. Governing § 2255

Proceedings 4 & advisory committee's note.[1] This Court granted Umaña's

---

[1] "[T]he response to a Section 2255 motion may be a motion to dismiss." R. Governing § 2255 Proceedings 4, advisory committee's note. But "[a] motion to dismiss is not a responsive *pleading*," a term of art whose definition does not include such motions. *Domino Sugar Corp v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993) (emphasis added); Fed. R. Civ. P. 7(a)(2); *cf.*

request for time to "prepare a professionally adequate response" to the United States' motion to dismiss. Doc. No. 145. And the motion to dismiss is now ripe for this Court's decision. Contrary to what Umaña contends, the issue before the court is neither "confus[ing]" nor "impossible" to resolve. *Cf. Response to Mot. to Dismiss* 12.

Umaña's decision to file — on March 23, while the motion to dismiss was pending — what he captioned an "amended motion" under § 2255 (Doc. No. 146), does not alter the issue before this Court. Umaña did not seek leave to file what would be his fourth amendment. So the March 23 document is without effect. *See Mar. 29, 2023, Mot. to Stay* (Doc. No. 152, 3:16CV57), at 5–8. But even if Umaña's March 23 filing were a properly filed amended motion, the issue before the Court would remain whether to grant the United States' motion to dismiss Umaña's 2016 2255 motion, as augmented by the amendments he received this Court's leave to file. This Court has not ordered the United States to "file an answer, motion, or other response" to the March 23 document. R. Governing § 2255 Proceedings 4. And no such response to the March 23 document is currently before this Court.[2]

_____

*Response to Mot. to Dismiss* 6.

[2] If this Court were to treat the March 23 document as a § 2255 motion and order a response, the United States would, of course, respond. Umana's March 23 document explicitly depends on the sufficiency "of the allegations he previously pled," however, and includes many of those allegations "substantially verbatim." *Mar. 23 Document* (Doc. No. 146), at 4. So even if this Court were to treat Umana's March 23 document as a properly filed, amended § 2255 motion, it

2

The standard this Court should use to evaluate the question before it is also straightforward: Does Umaña's 2016 2255 motion, with the three amendments this Court allowed, allege cognizable "facts that, if true would entitle him to relief." *Mot. to Dismiss* (Doc. No. 143, 3:16CV57), at 33–35. Because the answer is no, for the reasons explained in the *Motion to Dismiss* and in this Court's *March 2022 Order Denying Leave for Discovery* (Doc. No. 108, 3:16CV57) (hereinafter "*Mar. 2022 Order*"), this Court should dismiss Umaña's 2255 motion.

Umaña bases his attempt to defend the claims in his 2255 motion on three faulty premises. He ignores the heightened pleading standard for § 2255 motions. He relies on allegations that do not appear in his § 2255 motion. And he ignores this Court's prior decision about the legal sufficiency of many of his claims.

First, Umaña ignores that his 2255 motion is subject to dismissal to the extent it does not allege cognizable facts that, if proved, would entitle him to relief. *Mot. to Dismiss* (Doc. No. 143, 3:16CV57), at 33–35). A motion under section 2255 must, among other things, "specify all the grounds for relief available to the moving party." R. Governing § 2255 Proceedings 2(b)(2). And it

---

would make sense for this Court to resolve the pending motion to dismiss before ordering the United States to respond to the March document. The resolution of the motion to dismiss would likely be dispositive of all or part of the March 23 document. *See Mar. 29, 2023, Mot. to Stay* (Doc. No. 152, 3:16CV57), at 10–12 & n.3.

must "state the facts supporting each ground."  R. Governing § 2255 Proceedings 2(b)(1).   These requirements are "more demanding" than the notice-pleading requirements of Federal Rule of Civil Procedure "8(a), applicable to ordinary civil proceedings."  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  They required Umana to "plead with particularity."  *Id.*  at 656.  The decisions on which Umaña relies, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009), confirm that, even in ordinary civil proceedings, a complaint cannot survive a "motion to dismiss" unless it complies with the applicable pleading standard.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  But those decisions address "the standard necessary to comply with Rule 8" of the ordinary civil rules.  *Iqbal*, 556 U.S. at 683.  They do not describe the "more demanding" standard of Rule 2 of the Rules Governing § 2255 Proceedings, which controls Umaña's 2255 motion. *See Mayle*, 545 U.S. at 655.[3]

Umaña does not seriously contend that his motion meets the "heightened

---

[3] The *Motion to Dismiss* cites, as appropriate, decisions about petitions for writs of habeas corpus under 28 U.S.C. § 2254.  *Cf. Resp. to Mot. to Dismiss* 14–15.  Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."  *Jones v. Hendrix*, 143 S. Ct. 1857, 1866 (2023).  And comparable provisions from the different kinds of post-conviction actions are often "read *in pari materia.*"  *McFarland v. Scott*, 512 U.S. 849, 858 ("The terms 'post conviction' and 'habeas corpus' . . . are used interchangeable in legal parlance to refer to proceedings under §§ 2254 and 2255").  The rules governing 2255 proceedings contain the "more demanding" pleading standard that appears in the rules governing habeas-corpus proceedings.  *Compare Mayle*, 545 U.S. at 655, *with* R. Governing § 2255 Proceedings 2(b)(1), (2).  Umana, notably, also relies on habeas corpus decisions, including *Mayle.  See Resp. to Mot. to Dismiss* 7 (citing *Mayle*, 545 U.S. at 644).

4

pleading requirements" that "habeas corpus petitions must meet." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). His attempt to defend the sufficiency of his claims relies almost entirely on the lower standard of *Iqbal* and *Twombly*. But repeating the incorrect standard across more than 180 pages does not make it correct. *Cf. Resp. to Mot to Dismiss* 1–180.

A second faulty premise of Umaña's response is his mistaken belief that sufficient allegations need not appear in "[t]he motion" under 2255. R. Governing § 2255 Proceedings 2(b). The "grounds for relief available to the moving party" and "the facts supporting each ground" all must appear in "[t]he motion." *Id.*; *Mot. to Dismiss* 34–35. Further proceedings, such as an evidentiary hearing, are to "test the truth of facts *already alleged in the habeas petition.*" *Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005) (emphasis added); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (hearing is vehicle "to prove *the petition's factual allegations*, which, if true, would entitle the applicant to federal habeas relief" (emphasis added)). Even the decisions about ordinary civil litigation on which Umaña improperly relies hold that the "complaint" itself must contain "sufficient factual matter" to "survive a motion to dismiss." *Iqbal*, 556 U.S. at 678; *Dupree v. Younger*, 143 S. Ct. 1382, 1386 (2023) (explaining that a civil case ordinarily does not "advance[] to discovery," "summary judgment," or "trial" if the "complaint" fails "to state a claim upon which relief can be granted."). If proving "the petition's factual allegations" would serve no purpose because they would not entitle the prisoner to relief if proved, *Schriro*, 550 U.S. at 474, dismissal is

5

appropriate, *Jones*, 401 F.3d at 269 (affirming dismissal).

Umaña is correct that this Court may consider the allegations in his 2255 motion alongside the "record of *prior* proceedings" in his underlying criminal case, R. Governing § 2255 Proceedings 4(b) (emphasis added), but that record is not what Umaña relies upon to defend his 2255 motion. Umaña instead asks this Court to rely on a host of lengthy documents he filed years after the statute of limitations expired in June of 2016. He asks this Court to rely on, for example, his 592–page *March 23, 2023, Document*. *Resp. to Mot. to Dismiss* 40–180 (citing Doc. No. 146). He asks this Court to rely on the 221–page February 2018 proposed amendment this Court expressly denied Umaña leave to file. *Id.* at 161 (citing Doc. No. 71); *Oct. 11, 2022, Order* (Doc. No. 131, 3:16CV57), at 55 (denying leave to file Doc. No. 71). He asks this Court to rely on a 383–page collection of documents he filed, without meaningful explanation, in January of 2021. *Resp. to Mot. to Dismiss* 3, 36, 44, 53–54, 57–60, 63, 65–66, 69–72, 79, 109, 111, 132 (citing Doc. No. 106). He asks this Court to rely on another, 239-page collection of documents he filed, again without meaningful explanation, in July of 2022. *Resp. to Mot. to Dismiss* 36, 44, 53–54, 57, 59, 65–66, 69, 72, 78, 98, 101, 130 (citing Doc. No. 116). And he asks this Court to rely on a third, 1827–page collection of documents he filed in March of 2023, 22 days after the United States filed its motion to dismiss. *Resp. to Mot. to Dismiss* 3–4, 33, 36–37, 40–41, 43–44, 50, 54–55, 57–60, 62–66, 69–72, 75, 77–79, 87–88, 97, 98, 101, 106, 108–13, 130–

6

32, 135, 140, 156, 169, 172, 174, 177 (citing Doc. No. 150).[4] No matter their volume, these later-filed documents cannot satisfy Umaña's obligation to include in his 2255 "motion" facts that, if true, would entitle him to relief. R. Governing § 2255 Proceedings 2(b).[5]

Umaña's 188–page response makes no serious attempt to identify facts in his 2016 2255 motion that, if true, would entitle Umaña to relief. His defense of all but three claims asks this Court to rely extensively on allegations that appear outside of that motion. *Resp. to Mot. to Dismiss* 40–174, 175–77, 180. And although Umaña's response discusses those other three claims — claims 27, 29, and 30 — without directly invoking outside allegations, Umaña's cursory discussion of those claims does not include *any* facts, let alone identify facts in the 2255 motion entitling him to relief. *Resp. to Mot. to Dismiss* 175, 178.

A third faulty premise of Umaña's response is his belief that this Court did not previously determine any of the claims in his 2255 motion to be meritless as a matter of law. *Cf. Resp. to Mot. to Dismiss* 9–10. This Court held many of Umaña's claims insufficient as a matter of law in its March 31, 2022, order

---

[4] Umana acknowledges that Rule 15 of the Federal Rules of Civil Procedure regulates amendments to his 2255 motion. *See, e.g.*, *Resp. to Mot. to Dismiss* 7. The rule's limitations would have little meaning if Umana could file documents whenever he wants, without limits or leave from this Court, and have the contents of those documents treated like part of his 2255 motion.

[5] Nothing indicates that facts appearing outside of Umana's 2255 motion would entitle him to relief if proved. But the motion to dismiss currently before this Court does not call upon it to sift through the thousands of pages Umana has filed and evaluate the sufficiency of their contents.

7

denying discovery. *March 2022 Order* (3:16CV57, Doc. No. 108). Umaña invited this Court to evaluate the "legal sufficiency" of those "particular claim[s]" in response to his discovery motion. *Dec. 2016 Response* (Doc. No. 43, 3:16CV57), at 1, 9. The parties litigated the sufficiency of those claims. *See United States' March 2017 Response to Umaña's Motion for Leave to Conduct Discovery* (Doc. Nos. 50, 52, 3:16CV57) (hereinafter "*Mar. 2017 Discovery Response*"). This Court appropriately considered their sufficiency, because a party is not entitled to discovery for a claim that "fails as a matter of law." *March 2022 Order* (3:16CV57, Doc. No. 108), at 2; *see Dupree*, 143 S. Ct. at 1386 (explaining that an ordinary civil case "advances to discovery" after the court determines that the complaint states a claim). And this Court appropriately decided that Umaña's 2255 motion failed to allege facts that, if proved, would entitle him to relief on a number of his claims in whole or in part, including claims 1–17, 11, 13–15, 16, 18, 19, 21, 23, and 25. *Id.*

This Court in its *March 2022 Order* decided that many of Umaña's claims fail as a matter of law, and "that decision should continue to govern the same issues in subsequent stages in the same case." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009). Whatever significance Umaña's decision to file his March 23 document may have, that document does not nullify this Court's *March 2022 Order*. *Cf. Resp. to Mot. to Dismiss* 10.[6] And even if this Court's thorough,

---

[6] Umana does not explain why he continues to press his motion "to reconsider" the Court's *March 2022 Order* if he believes it to be "of no effect."

well-reasoned, 51–page March 2022 decision had no formal legal significance under the law-of-the-case or other doctrine, its analysis would remain *correct*. This Court should apply its March 2022 analysis to Umaña's 2255 motion and dismiss his claims to the extent the Court has determined that they fail as a matter of law.

For the reasons explained in this Court's *March 2022 Order* and the United States' motion to dismiss, all of Umaña's claims fail as a matter of law when evaluated under the applicable rules. The cognizable facts that Umaña's 2255 motion alleges, even if proved, would not entitle Umaña to relief. As the United States' motion explains, "§ 2255" affords "an extraordinary remedy designed 'to correct real and obvious wrongs.'" *Mot. to Dismiss* 138 (quoting *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999)). If Umaña's 2255 motion, augmented by the several amendments this Court has allowed, contained facts that would establish any such wrongs, Umaña would have little reason to ask this Court to ignore that document and hunt through thousands of other pages in search of a legally sufficient claim. *Cf. Resp. to Mot. to Dismiss* 1. The United States respectfully requests that this Court dismiss Umaña's 2255 motion.

---

*Resp. to Mot. to Dismiss* 10.

9

RESPECTFULLY SUBMITTED, this 4th day of August, 2023.

DENA J. KING
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

10

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 4th day of August, 2023, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

11