# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |
|---|---|
| | : |
| ALEJANDRO UMAÑA, | : |
| Defendant / Movant, | : No. 3:16-CV-00057-RJC |
| | : (3:08cr134-2) |
| v. | : (Judge Robert Conrad) |
| | : |
| UNITED STATES OF AMERICA, | : **CAPITAL § 2255 PROCEEDINGS** |
| Respondents. | : |
| | : |

**MEMORANDUM IN SUPPORT OF MOTION TO EXPAND THE RECORD TO CONTAIN A SINGLE COLLECTION OF MATERIALS REFERENCED IN OR ATTACHED TO MOVANT'S 2255 MOTION**

Movant Alejandro Umaña, through undersigned counsel, respectfully submits this Memorandum in Support of Motion to Expand the Record Pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings.

## A.      Introduction.

In sur-response to Movant's 2016 Section 2255 Motion (Civ. Doc. 162), the government laments that this Court should not have to "sift through" Movant's supporting exhibits in conducting the mandatory review required by Rules 4 and 8 of the Rules Governing Section 2255 Proceedings. Civ. Doc. 162 at 7, n.5. Movant agrees that the record in this case is particularly voluminous, but that is simply a function of the type and manner of case brought by the government. *Cf.* Civ. Doc. 97 at 5 (Motion for Appointment of Counsel, noting the "massive nature" of the record in this case and requesting appointment of co-counsel to replace conflicted Federal Defenders of San Diego, Inc.). Therefore, for ease of both this Court and the parties, Movant files this pleading to detail the appendices attached to and record-statements referenced in

the 2016 and 2023 Motions to provide a single reference point of the materials that provide the

factual support for Movant's allegations.[1]

**B.      Materials Attached to and Record Statements Referenced in the 2023 2255 Motion.**

Movant's appendices, filed at Civ. Docs. 22, 24, 69, 71, 106, 116, 147, 150, and attached

hereto provide factual support for the allegations of constitutional error in his 2255 Motion and

are also specifically cited as follows:

> Appx. 1, declaration of Vilma Araceli Salazar de Argueta, 02/05/2016, contains
> factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 22-23,
> 34, 40, 43-47, 50-51, 71-73, 98, Civ. Doc. 146 at 50-51, 65, 74, 78-82, 85-86, 110,
> 113-15, 117-20, 122-23, 127, 157, 159, 177;
>
> Appx. 2, declaration of Melvin Cruz Torres, 02/05/2016, contains factual support
> for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 23, 34, 40, 44, 46-47,
> 49-51, 54, 73, 90, Civ. Doc. 146 at 51, 65, 73-74, 78-79, 81-83, 85-86, 91, 115,
> 117, 120, 121-23, 127, 148, 157, 177;
>
> Appx. 3, declaration of Roxana Cruz Torres, 01/31/2016, contains factual support
> for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 24, 34, 40, 44-46, 71,
> Civ. Doc. 146 at 51, 65, 74, 78-81, 115, 117, 119-20, 123, 127, 157, 177;
>
> Appx. 4, declaration of Vilma Elizabeth Torres de Cruz, 01/30/2016, contains
> factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 23, 34,
> 40-47, 66-67, 71, 78, 90, Civ. Doc. 146 at 51, 65, 73-74, 78-82, 111, 115, 117-20,
> 123, 127-28, 148, 157, 161, 177;
>
> Appx. 5, supplemental declaration of Vilma Elizabeth Torres de Cruz, 04/26/2016,
> contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24
> at 21, 23, 34, 40, 43, 46-47, 49, 71, 90, Civ. Doc. 146 at 49, 51, 65, 74, 78, 81-84,
> 115, 117-18, 120, 123, 127, 148, 157, 177;
>
> Appx. 6, declaration of Ana Gladys Magaña, 02/02/2016, contains factual support
> for, inter alia, the allegations in Claims 1-4, 7; Civ. Doc. 24 at 28, 34, 65, 100, 108,

---

[1] As Movant has previously detailed, Civ. Doc. 159 at 6-8, the government's unusual response to Movant's 2023 2255 Motion, filed pursuant to Fed. R. Civ. Pro. Rule 15(a)(1)(B), has put this case in a state of confused suspension between two 2255 motions. As addressed in Section C, *infra*, the resolution of that confusion will determine whether this Court must now review Movant's allegations under Rule 4 or Rule 8 of the Rules Governing Section 2255 Proceedings. Whichever is the case, however, that review must include review of these materials.

2

195, Civ. Doc. 146 at 58, 65, 72, 110-11, 115, 117, 123, 127, 157, 163, 175, 177, 269-71;

Appx. 7, declaration of Luis Mario Martír Monroy, 01/30/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 24, 34, 45-47, 66, 90, Civ. Doc. 146 at 52, 65, 80, 82, 111, 115, 117, 123, 127, 148, 157, 161, 175, 177;

Appx. 8, declaration of Zoila Olano, 04/26/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 22, 34, 38-40, 44, 47, 90, Civ. Doc. 146 at 49-50, 65, 72-73, 79, 82, 115, 117, 123, 127, 148, 157, 177;

Appx. 9, declaration of Jose Alfredo Ortiz, 09/19/2015, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 26, 34, 90, Civ. Doc. 146 at 54, 65, 115, 117, 123, 127, 148, 157, 177;

Appx. 10, declaration of Leticia Ramírez Díaz, 02/04/2016, contains factual support for, inter alia, the allegations in Claims 1-4, 6-7, 13, 26; Civ. Doc. 24 at 20, 34, 36-38, 48, 70, 78, 90, 180, 188, 264-65, 354, Civ. Doc. 146 at 38, 48, 65-69, 72, 83, 115, 117-18, 123, 127-29, 148, 157, 177, 255-57, 260-61, 263, 267, 358, 531, 543;

Appx. 11, declaration of Roberto Ramos, 03/25/2016, contains factual support for, inter alia, the allegations in Claims 1-6; Civ. Doc. 24 at 34, 172-74, Civ. Doc. 146 at 65, 115, 117, 123, 127, 157, 177, 196, 246-47;

Appx. 12, ███████████████████████████████████████████████████████████████████

Appx. 13, declaration of Ana Julia Magaña de Sanabria, 04/25/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 22, 34, 38-39, Civ. Doc. 146 at 50, 65, 72-73, 115, 117, 123, 127, 157, 177;

Appx. 14, declaration of Zoila Angélica Soriano, 04/25/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 22, 34, 39, 90, Civ. Doc. 146 at 50, 65, 73, 115, 117, 123, 127, 148, 157, 177;

Appx. 15, declaration of Lilian Tino, 04/01/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 25, 34, 36-46, 49, 54-56, 66, 71-72, 78-79, 89, 98, Civ. Doc. 146 at 53, 64-65, 68-69, 72-74, 77-78, 80-81, 84, 91, 94, 98, 113, 115, 117-20, 123, 127-29, 146-47, 157, 159, 161, 177;

Appx. 16, declaration of Ana Ruth Umaña González, 02/06/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 25, 34, 52, 54, 78, Civ. Doc. 146 at 53, 64-65, 87, 97, 115, 117, 123, 127-29, 157, 177;

Appx. 17, declaration of Maria Carmen Umaña, 06/01/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 26, 34, 90, Civ. Doc. 146 at 54, 64-65, 115, 117, 123, 127, 148, 157, 177;

Appx. 18, declaration of Rafael Enrique Umaña, 04/26/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 34, 37, 42, 53, 55, Civ. Doc. 146 at 65, 69, 77, 93, 96, 115, 117, 123, 127, 157, 177;

Appx. 19, declaration of Reina Umaña, 02/01/2016, contains factual support for, inter alia, the allegations in Claims 1-4, 7; Civ. Doc. 24 at 25, 34, 53-55, 67, 78, 98, 195, Civ. Doc. 146 at 53, 65, 91, 93, 96, 97, 111, 115, 117, 123, 127-28, 157, 159, 177, 270;

Appx. 20, declaration of Ronal Umaña, 05/11/2016, contains factual support for, inter alia, the allegations in Claims 1-4, 7, 13; Civ. Doc. 24 at 25, 34, 37-44, 49, 51, 53, 70-71, 78, 89-90, Civ. Doc. 146 at 53, 65, 69, 72-74, 77-79, 84, 86, 96, 115, 117-19, 123, 127-28, 148, 157, 177, 271, 358;

Appx. 21, declaration of Rosa Lilian Umaña González, 02/06/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 24 at 25, 34, 43, 67, Civ. Doc. 146 at 53, 64-65, 78, 111, 115, 117, 123, 127, 157, 177;

Appx. 22, declaration of Saul Osvaldo Umaña, 02/06/2016, contains factual support for, inter alia, the allegations in Claims 1-4, 7; Civ. Doc. 24 at 20, 34, 42, 45, 47-48, 50, 52, 56-57, 71, 73, 79, 90, 99, Civ. Doc. 146 at 38, 48, 65, 77, 80, 82-83, 85, 87, 95, 98, 114-15, 117, 119, 122-23, 127, 129, 146-48, 157, 161, 177, 271;

Appx. 23, declaration of John Bryson, 06/16/2016, contains factual support for, inter alia, the allegations in Claims 5, 13, 23; Civ. Doc. 24 at 34, 123, 137, 142, 261, 263, 345, Civ. Doc. 146 at 108, 192, 208, 213, 352, 354, 356, 521;

Appx. 24, declaration of Mark Foster, 06/16/2016, contains factual support for, inter alia, the allegations in Claims 5, 13; Civ. Doc. 24 at 34, 125, 137-38, 142, 261, 263, Civ. Doc. 146 at 108, 195, 208-09, 213, 352, 354, 356;

Appx. 25, declaration of Eric Lessard, 05/25/2016, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 34, 123-25, Civ. Doc. 146 at 193-95;

Appx. 26, declaration of Richard McGough, 06/16/2016, contains factual support for, inter alia, the allegations in Claims 1, 6, 19, 20; Civ. Doc. 24 at 34, 57, Civ. Doc. 146 at 49, 60, 98, 127, 146, 257, 428, 436;

Appx. 27, declaration of James R. Merikangas, M.D., 06/14/2016, contains factual support for, inter alia, the allegations in Claims 1-4, 24; Civ. Doc. 24 at 34, 80, Civ. Doc. 146 at 39, 90, 106, 108, 115, 131-34, 136-37, 157, 177, 525;

Appx. 28, declaration of John Gregory Olley, M.D., 05/20/2016, contains factual support for, inter alia, the allegations in Claims 1-4, 7, 13; Civ. Doc. 24 at 34, 100, 102, 106-07, 110, 195, 261, Civ. Doc. 146 at 39, 49, 96, 106-07, 113, 115, 123, 134, 136, 157, 164-65, 173-74, 177, 270, 354;

Appx. 29, a Neurobehavioral Assessment by Ruben Gur, Ph.D., 06/15/2016, contains factual support for, inter alia, the allegations in Claims 1-4, 13, 19, 24; Civ. Doc. 24 at 34, 86, 89, 93, Civ. Doc. 146 at 39, 70-71, 90, 105, 114-15, 123, 127, 129, 133, 136-37, 143, 152, 156-57, 166-67, 177, 357, 427, 525;

Appx. 30, ████████████████████████████████████████████████

Appx. 31, ████████████████████████████████████████████████

Appx. 32, cemetery records for Henry Geovanni Ayala Umaña, contain factual support for, inter alia, the allegations in Claims 1, 2, 4; Civ. Doc. 24 at 29, 34, 195, Civ. Doc. 146 at 59, 65, 117, 123, 127;

Appx. 33, cemetery records for Tomasa Gonzalez Chicas, contain factual support for, inter alia, the allegations in Claims 1-4, 7; Civ. Doc. 24 at 29, 34, 43, 70, 108, Civ. Doc. 146 at 59, 65, 77, 117-18, 123, 127, 175, 271;

Appx. 34, cemetery records for Saul Alfredo Ramirez, contain factual support for, inter alia, the allegations in Claims 1-2; Civ. Doc. 24 at 29, 34, Civ. Doc. 146 at 59, 65, 117, 123, 127;

Appx. 35, cemetery records for Alejandro Antonio Umaña Cortez, contain factual support for, inter alia, the allegations in Claims 1-2; Civ. Doc. 24 at 29, 34, Civ. Doc. 146 at 59, 65, 117, 123, 127;

Appx. 36, Mitigation Specialist Richard McGough's trial social history report, contains factual support for, inter alia, the allegations in Claims 1-3, 23, 26; Civ. Doc. 24 at 9, 20, 23, 28, 32, 49, 76-77, Civ. Doc. 146 at 37, 49, 51, 57, 63, 83, 120, 126, 128, 159, 523, 547;

Appx. 37, Umaña Biographical Information from Trans National Anti-Gang Center, contains factual support for, inter alia, the allegations in Claim 1; Civ. Doc. 24 at 20, Civ. Doc. 146 at 37, 41, 48, 52;

Appx. 38, ████████████████████████████████████████████████

5

Appx. 39, photographs of a meson taken by Mitigation Specialist McGough, contain factual support for, inter alia, the allegations in Claim 1; Civ. Doc. 24 at 21-22, Civ. Doc. 146 at 50;

Appx. 40, photograph of Leticia Ramirez Diaz, contains factual support for, inter alia, the allegations in Claims 1-2; Civ. Doc. 24 at 35, Civ. Doc. 146 at 65, 67, 117, 123, 127;



Appx. 41,

Appx. 42,

Appx. 43,

Appx. 44,

Appx. 45,

Appx. 46, 2008 Trans National Anti-Gang Center Discovery Documents (Spanish), contain factual support for, inter alia, the allegations in Claims 1, 7; Civ. Doc. 24 at 28, 30, 194, Civ. Doc. 146 at 57, 59, 267;

Appx. 47, 2008 Trans National Anti-Gang Center Discovery Documents (English), contain factual support for, inter alia, the allegations in Claims 1, 6-7; Civ. Doc. 24 at 20, 28, 30, 185, 194, Civ. Doc. 146 at 37, 41, 48, 52, 57, 59, 260, 267, 268;

Appx. 48, an FBI 302, 02/01/2009, contains factual support for, inter alia, the allegations in Claims 1, 6-7; Civ. Doc. 24 at 30, 182, 194, Civ. Doc. 146 at 59, 61, 257, 268;

Appx. 49, an email from AUSA Jill Rose to trial counsel Mark Foster, 12/17/2009, contains factual support for, inter alia, the allegations in Claims 1, 6; Civ. Doc. 24 at 30, 186, Civ. Doc. 146 at 61;

Appx. 50,

6



Appx. 51, LAPD's chronology of investigation of the Lemon Grove homicide, contains factual support for, inter alia, the allegations in Claims 1-2, 5-6; Civ. Doc. 24 at 120, 127, 129, 133, 135-36, 141-42, 158, 173, 175, Civ. Doc. 146 at 65, 117, 123, 127, 189-90, 199, 205-06, 212-15, 232, 246-48;

Appx. 52, LAPD's interview of Alex Barrera, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 136-38, 141, 158, Civ. Doc. 146 at 208-09, 212, 231;

Appx. 53, LAPD's interrogation of Rene Arevalo, contains factual support for, inter alia, the allegations in Claims 5, 12; Civ. Doc. 24 at 150, 255, Civ. Doc. 146 at 221, 347;

Appx. 54, LAPD's chronology of the Fairfax Avenue homicides, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 139, Civ. Doc. 146 at 210;

Appx. 55, a transcript/translation from *People v. Luis Ramos*, No. BA301683, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 145-46, Civ. Doc. 146 at 191, 216-17;

Appx. 56,[2] Geovani Rodas's preliminary hearing transcript, 12/16/2005, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 120, 127, Civ. Doc. 146 at 190, 197, 216;

Appx. 57, Officer Maloney's crime scene statement form regarding the Fairfax Avenue homicide, 07/27/2005, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 139, Civ. Doc. 146 at 210-11;

Appx. 58, Alex Barrera's arrest report, 07/29/2005, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 141-42, Civ. Doc. 146 at 212, 239;

Appx. 59, an LAPD composite sketch from a description by witness Noe Bautista, 08/08/2005, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 140, Civ. Doc. 146 at 211;

Appx. 60, Officer Ureña's notes, 08/19/2005, contain factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 140, Civ. Doc. 146 at 211;

---

[2] In the 2016 appendices, Rodas's preliminary hearing transcript appears twice at Appxs. 56 and 61. In his most recent filings, Movant has omitted the duplicate at Appx. 61. References to Appx. 56 and 61 should both be understood to refer to the transcript reproduced at Appx. 56.

7

Appx. 62, Freddy Gonzalez's photo identification of Alex Montes, 12/29/2005, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 129, 132, Civ. Doc. 146 at 199, 202-03;

Appx. 63,[3] Freddy Gonzalez's photo identification of Alejandro Umaña, 12/29/2005, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 130, Civ. Doc. 146 at 201-02;

Appx. 64, Gonzalez's photo identification of Alex Montes (certified English), 12/29/2005, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 132, Civ. Doc. 146 at 203;

Appx. 65, Gonzalez's photo identification of Geovani Rodas, 03/15/2006, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 127, 130, Civ. Doc. 146 at 197, 200;

Appx. 66, transcript of a taped interview of Luis Rivera (Parts 1 and 2), 04/21/2006, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 144, Civ. Doc. 146 at 215-16;

Appx. 67, Geovani Rodas's Abstract of Judgement, 07/13/2006, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 127, Civ. Doc. 146 at 197;

Appx. 68, Rene Arevalo's Supplemental Motion to Suppress in BA301683, 09/25/2007, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 24 at 148, Civ. Doc. 146 at 219;

Appx. 69, LAPD Detective Small's Follow-up Investigation Report, 05/20/2008, contains factual support for, inter alia, the allegations in Claims 5-6; Civ. Doc. 24 at 127, 135-36, 178, Civ. Doc. 146 at 190, 197, 206-07, 253;

Appx. 70, a Neuropsychological Report by Dr. Ricardo Weinstein, 07/17/2009, contains factual support for, inter alia, the allegations in Claims 2-4, 6-8, 19, 28; Civ. Doc. 24 at 66, 83, 190, 194, Civ. Doc. 146 at 107, 130, 157, 177, 265, 267, 308, 429, 553;

Appx. 71, a Psychological Report by Dr. Enrique Suarez, 11/02/2009, contains factual support for, inter alia, the allegations in Claims 3-4, 6-7; Civ. Doc. 24 at 190, 194, Civ. Doc. 146 at 157, 177, 265, 267;

Appx. 72, a Neuropsychiatric Report by Dr. James Merikangas, 11/17/2009, contains factual support for, inter alia, the allegations in Claims 2-4, 6-7, 19-20, 28;

---

[3] The array in Appx. 63 was in Gov. Exh. 506 and is cited as such in the 2255 Motion.

Civ. Doc. 24 at 66, 84, 95, 190, 194, Civ. Doc. 146 at 107, 130, 140, 155, 157, 177, 265, 267, 427, 429, 436, 553;

Appx. 73, a Psychological Report by Dr. Gregory Olley, 11/18/2009, contains factual support for, inter alia, the allegations in Claims 3-4, 6-7, 19; Civ. Doc. 24 at 66, 190, 194, Civ. Doc. 146 at 107, 157, 177, 265, 267, 427-29;

Appx. 74, an email from AUSA Rose to trial counsel Bryson, 04/01/2010, contains factual support for, inter alia, the allegations in Claims 1, 6, 13; Civ. Doc. 24 at 183, 262-63, Civ. Doc. 146 at 41, 60, 257-58, 355-56;

Appx. 75, an email from AUSA Rose to trial counsel Foster, 04/02/2010, contains factual support for, inter alia, the allegations in Claims 6-7, 13; Civ. Doc. 24 at 183, 194, 262, Civ. Doc. 146 at 216, 255, 257-59, 268, 355;

Appx. 76, an email from Edgar Cortes to Susan Conrad, 06/11/2009, contains factual support for, inter alia, the allegations in Claim 8; Civ. Doc. 24 at 228, Civ. Doc. 146 at 313;

Appx. 77, an email from AUSA Rose to trial counsel Bryson, 09/01/2009, contains factual support for, inter alia, the allegations in Claim 8; Civ. Doc. 24 at 226-27, Civ. Doc. 146 at 308;

Appx. 78, a handwritten note from Alejandro Umaña, 03/22/2010, contains factual support for, inter alia, the allegations in Claim 9; Civ. Doc. 24 at 236, Civ. Doc. 146 at 312, 323, 325;

Appx. 79, an email from AUSA Rose to trial counsel Bryson re: Death Penalty Mitigation Conference, 07/28/2008, contains factual support for, inter alia, the allegations in Claim 23; Civ. Doc. 24 at 346, Civ. Doc. 146 at 521;

Appx. 80, an email from AUSA Kevin Zolot to trial counsel John Bryson re: Death Penalty Protocol, 07/29/2008, contains factual support for, inter alia, the allegations in Claim 23; Civ. Doc. 24 at 346, Civ. Doc. 146 at 522;

Appx. 81, a letter from Dr. Ricardo Weinstein to trial counsel, 12/03/2009, contains factual support for, inter alia, the allegations in Claims 2-3; Civ. Doc. 24 at 101, Civ. Doc. 146 at 107, 164;

Appx. 82,



Appx. 83,

9



Appx. 84,

Appx. 85

Appx. 86,

Appx. 87,

Appx. 88,

Appx. 89,

Appx. 90,

Appx. 91,

Appx. 92,

Appx. 93,

Appx. 94,

Appx. 95,

Appx. 96,

Appx. 97,

Appx. 98,

Appx. 99,

Appx. 100,

Appx. 101,

Appx. 102,

Appx. 103, or, inter alia, the allegations in Claim 15; Civ. Doc. 24 at 279, Civ. Doc. 146 at 373;

Appx. 104,

Appx. 105a,

Appx. 105b, declaration of Edwin Esau Umaña, 12/19/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 54, 65-66, 74, 117-18, 120, 123, 127, 157, 177;

Appx. 106,

Appx. 107, declaration of Gerardo Arriola Umaña, 12/17/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 54, 65, 72, 117-18, 120, 123, 127, 157, 177;

Appx. 109, declaration of Roxana Marisol Ramirez, 12/19/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 52, 65, 75, 117-18, 120, 123, 127, 158, 177;

Appx. 110, declaration of Noe Rivera, 04/25/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 117, 123, 127, 158, 177;

Appx. 111, declaration of Dora Alicia Umaña Gonzalez, 12/19/2016 contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 54, 65, 117-18, 120, 123, 127, 158, 177;

Appx. 112, declaration of Luis Ramos, 03/03/2016, contains factual support for, inter alia, the allegations in Claims 1-4, 7, 19, 26; Civ. Doc. 146 at 54-55, 65, 87, 92, 95, 99, 110-11, 115, 117-18, 120, 122-23, 127, 146-47, 158, 160, 175, 177, 271, 426, 428, 430, 542;

Appx. 113, photographs of Alejandro Umaña as a child, contain factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 117, 123, 127, 158, 177;

Appx. 155, a drawing, contains factual support for, inter alia, the allegations in Claim 1; Civ. Doc. 146 at 98;

Appx. 211, declaration of Julian Davies, M.D., 01/04/2021, contains factual support for, inter alia, the allegations in Claims 1-3, 13; Civ. Doc. 146 at 39, 70-71, 105, 114-15, 123, 127, 129, 133, 136-37, 144, 167, 357;

Appx. 212, a Toxicology Investigation and Toxicology Assessment by Andres Lugo, M.D., M.P.H., M.S., FACMT, 11/10/2020, contains factual support for, inter alia, the allegations in Claims 1-3, 13, 26; Civ. Doc. 146 at 39, 70-71, 105, 114-15, 123, 127, 129, 133, 136-37, 144, 167, 357, 542;

Appx. 213, affidavit of Antonio E. Puente, Ph.D., 01/08/2021, contains factual support for, inter alia, the allegations in Claims 2-4; Civ. Doc. 146 at 105, 107, 109, 115, 123, 127, 133, 158, 164-65, 177;

Appx. 214, declaration of Jennifer Sapia, Ph.D., 11/23/2020, contains factual support for, inter alia, the allegations in Claims 1-4, 6, 13, 24; Civ. Doc. 146 at 39, 71, 75, 88-89, 105, 114-15, 120, 123-24, 126-27, 129, 133-34, 136, 138, 144, 148-49, 151, 158, 167, 177, 263, 527;

Appx. 215, declaration of Pablo Stewart, M.D., 05/23/2018, contains factual support for, inter alia, the allegations in Claims 1-4, 13, 19, 24; Civ. Doc. 146 at

12

39-40, 71, 88, 99, 105, 114-15, 123, 125-27, 133, 136-37, 144, 146, 148-49, 152-53, 158, 177, 358, 429, 525;

Appx. 216, Dr. Stewart's supplemental declaration, 01/11/2021, contains factual support for, inter alia, the allegations in Claims 1-4, 9, 13, 19, 24, 28; Civ. Doc. 146 at 39-40, 71, 88, 99, 105, 114-15, 123, 125-27, 133, 136-38, 144, 146, 148-49, 152-53, 156, 158, 177, 326, 358, 429, 525, 555;

Appx. 217, supplemental declaration of Leticia Ramirez, 02/06/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 115, 117, 123, 127, 158, 177;

Appx. 218, supplemental declaration of Leticia Ramirez, contains factual support for, inter alia, the allegations in Claims 1-4, 6, 13; Civ. Doc. 146 at 65-66, 115, 117, 123, 127-28, 158, 177, 255, 357;

Appx. 219, declaration of José Wilfredo Herrera Calderón, 11/16/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 52, 65, 80, 82, 94-95, 99, 112, 115, 117-18, 120, 123, 127, 146-47, 158-60, 177;

Appx. 220, declaration of Karla Herrera Calderón, 11/16/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 52, 65, 92, 111, 115, 117, 123, 127, 158-60, 177;

Appx. 221, declaration of María Lidia Calderón, 11/16/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 95, 115, 117, 123, 127, 158, 160, 177;

Appx. 222, declaration of Alfonso Cruz, 11/17/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 93, 115, 117, 123, 127, 158, 177;

Appx. 223, declaration of Ana Lilian Reyes, 11/17/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 84, 115, 117, 120, 123, 127, 158, 177;

Appx. 224, declaration of Carlos Geovanni Herrera,11/17/2018, contains factual support for, inter alia, the allegations in Claims 1-4, 7; Civ. Doc. 146 at 65, 92-93, 95, 115, 117, 123, 127, 158, 160, 177, 271;

Appx. 225, supplemental declaration of José Alfredo Ortiz, 11/17/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 54, 65, 115, 117, 123, 127, 158, 177;

Appx. 226, declaration of Josselyn Guevara Reyes, 11/17/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 84, 94-95, 99, 115, 117, 123, 127, 146-47, 158, 177;

13

Appx. 227, declaration of Roxana Cruz Torres, 11/17/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 93, 115, 117, 123, 127, 158, 177;

Appx. 228, supplemental declaration of Vilma Elizabeth Torres de Cruz, 11/17/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 51, 65, 93, 115, 117, 123, 127, 158, 177;

Appx. 229, declaration of Xiomara Reyes, 11/18/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 65, 84, 95, 115, 117, 120, 123, 127, 158, 177;

Appx. 230, a supplemental declaration of Vilma Aracely Salazar de Argueta, 11/16/2018, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 50, 65, 80, 91, 93, 111, 114-15, 117-18, 120, 123, 127, 158, 177;

Appx. 231, declaration of Kenneth Rose, 07/10/2020, contains factual support for, inter alia, the allegations in Claim 4; Civ. Doc. 146 at 177;

Appx. 232, affidavit of Sandy Demeree, 07/13/2020, contains factual support for, inter alia, the allegations in Claim 4; Civ. Doc. 146 at 177;

Appx. 233, an Ethical Report by Professor Abbe Smith, 07/13/2020, contains factual support for, inter alia, the allegations in Claim 4; Civ. Doc. 146 at 177;

Appx. 234, a letter to the Fourth Circuit regarding budget, 09/14/2011, contains factual support for, inter alia, the allegations in Claim 4; Civ. Doc. 146 at 177;

Appx. 235, a letter from Samuel Phillips to Malcom Hunter, 12/8/2011, contains factual support for, inter alia, the allegations in Claim 4; Civ. Doc. 146 at 177;

Appx. 236, a Psychological Report by Daniel Martell, Ph.D, 07/01/2022, contains factual support for, inter alia, the allegations in Claims 1-4, 13; Civ. Doc. 146 at 39, 96, 105, 107, 114-15, 123, 127, 133-34, 136, 148, 158, 166, 170, 176-77, 354;

Appx. 237, declaration of Selena Sermeño, Ph.D., 10/02/2021, contains factual support for, inter alia, the allegations in Claims 1-4, 6, 13, 19, 24; Civ. Doc. 146 at 39-40, 76, 79, 85, 87-90, 105, 114-15, 123-27, 133, 148-52, 158, 177, 263, 358, 429, 527;

Appx. 238, a Report by Erik Nielson, Ph.D., 04/29/2022, contains factual support for, inter alia, the allegations in Claims 1-4, 8; Civ. Doc. 146 at 71, 105, 112, 127, 146, 158, 177, 311;

Appx. 239, declaration of Wendy Alvarez, 12/03/2021, contains factual support for, inter alia, the allegations in Claims 1-4, 19; Civ. Doc. 146 at 57, 65, 117, 123, 127, 158, 177, 426;

14

Appx. 240, a Criminal Investigative Report by R. Robert Tressel, 06/30/2022, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 202;

Appx. 241, a Firearms Comparison Issues Report by John Nixon, 08/13/2021, contains factual support for, inter alia, the allegations in Claims 5, 7, 10; Civ. Doc. 146 at 226-27, 229-30, 289, 332;

Appx. 242, a Volumetric Structural Analysis by Ruben C. Gur, Ph.D., 03/15/2023, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 39, 70-71, 105, 114, 123, 127, 129, 136, 143, 158, 167, 177;

Appx. 243, a Neuropsychological Evaluation by Leo Shea III, Ph.D., 06/05/2016, contains factual support for, inter alia, the allegations in Claims 1-4; Civ. Doc. 146 at 39, 105, 120, 123, 125, 127, 129, 131, 134, 136-38, 144, 158, 167, 177;

Appx. 244,

Appx. 245, a BOP Inmate Skills Development Plan for Alejandro Umaña, contains factual support for, inter alia, the allegations in Claims 1, 3-4; Civ. Doc. 146 at 158, 162, 177;

Appx. 246, a Curriculum Vitae of Antonio E. Puente, Ph.D., 03/01/2023, contains factual support for, inter alia, the allegations in Claims 3-4; Civ. Doc. 146 at 158, 164, 177;

Appx. 247,

Appx. 248,

Appx. 249,

Appx. 250,

Appx. 251,



Appx. 252,

Appx. 253,

Appx. 254,

Appx. 255,

Appx. 256,

Appx. 257,

Appx. 258, a Record of Service MS Permanent Gang Injunction, 05/10/2004, contains factual support for, inter alia, the allegations in Claim 24; Civ. Doc. 146 at 526;

Appx. 259, handwritten notes regarding a bullet fragment at Lemon Grove Park, contain factual support for, inter alia, the allegations in Claim 5; Civ. Doc 146 at 186;

Appx. 260, an FBI 302 Interview of Rene Arevalo, 08/26/2009, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 187, 231;

Appx. 261, a Mecklenburg County Inmate Search re Luis Ramos (aka Ruben Moreno), contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 187, 231;

Appx. 262, an LAPD Police Report excerpt re: Alex Barrera, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 191, 229;

Appx. 263, an LAPD Arrest Report, 07/28/2005, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 190-91;

Appx. 264,

16



Appx. 265, an LAPD Follow Up Investigation Report, 04/17/2008, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 219, 223;

Appx. 266, an FAU Cold Hit Confirmation Request, 01/03/2006, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 228;

Appx. 267, an LAPD SID Firearms Analysis Unit Request, 07/06/2006, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 229;[4]

Appx. 268, declaration of Robin Riner, Ph.D., 03/22/2023, contains factual support for, inter alia, the allegations in Claims 2, 4, 8; Civ. Doc. 146 at 112, 158, 177, 310, 311;

Appx. 269, a Greensboro Police Department Reporting Officer Narrative, 08/06/2007, contains factual support for, inter alia, the allegations in Claim 1; Civ. Doc. 146 at 56;

Appx. 270, a Report by Eileen Haag, 03/22/20023, contains factual support for, inter alia, the allegations in Claims 2, 4, 8; Civ. Doc. 146 at 56, 112, 158, 177, 297, 312, 321;

Appx. 272, a Los Angeles Consolidated Criminal History, 09/29/2005, contains factual support for, inter alia, the allegations in Claim 5;

Appx. 273, declaration of Jeffrey Martin, 03/23/2023, contains factual support for, inter alia, the allegations in Claims 17, 25; Civ. Doc. 146 at 412, 419, 529-30;

Appx. 274, an excerpt of the transcript of interrogation of Rene Arevalo, contains factual support for, inter alia, the allegations in Claim 5; Civ. Doc. 146 at 191.

In addition, several of the documents on Movant's civil 2255 docket provide specific support for his allegations of constitutional error, as follows:

The pleadings and this Court's order granting Movant's request that the Federal Defenders of San Diego, Inc., be permitted to withdraw due to the conflict of interest created by appellate counsel being the same as 2255 counsel, Civ. Docs. 94-96, 107, contain factual support for the allegations regarding appellate ineffectiveness contained throughout the 2255 motion (Civ. Doc. 143 at 3-4 & n.3, 168);

---

[4] Footnote 60 of the 2023 Amended Motion inadvertently cited to Appx. 262 instead of Appx. 267. Civ. Doc. 146 at 229.

This Court's order denying Movant's request to interview the trial jurors, Civ. Doc. 56, contains factual support for, inter alia, the allegations in Claims 14-17 (Civ. Doc. 143 at 110 n.23, 367, 369-70 n.104, 390-91);

The pleadings, their attachments, and this Court's orders regarding Movant's requests for discovery in support of his *Brady v. Maryland* allegations, Civ. Doc. 13, 18, 30, 36, contain factual support for, inter alia, the allegations in Claims 6 and 7 (Civ. Doc. 143 at 184 n. 37, 250-53, 282-84); and

The pleadings surrounding undersigned counsel's assertion that Movant was incompetent at the time of trial and direct appeal and remained incompetent through the initiation of 2255 proceedings through the present, *see* Civ. Docs. 69, 71 (Claim 31 of the Supplemental/Amended 2255 Motion); Civ. Doc 82 (motion for stay), contain factual support for, inter alia, the allegations in Claims 4 and 59 (Civ. Doc. 143 at 431 n.123, 564-65).

## C. This Court Must Review All of the Materials Described Above.

The government argues that because these materials were not contained within the face of the Motion they are not reviewable by this Court. Civ. Doc. 162 at 5; 6-7 ("[T]he facts supporting each ground" all must appear in "[t]he motion."). The government is incorrect. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." F.R.C.P. Rule 10(c). F.R.C.P. Rule 10(c) applies in habeas proceedings. *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005). Thus, it is clear that any statement in any pleading filed in this case is "part" of Movant's 2255 Motion(s) if referenced therein, and that any "written instrument" attached to Movant's 2255 Motion(s) is "part of" the Motion(s).

Rule 4(b) of the Rules Governing Section 2255 Proceedings mandates that, upon the filing of a 2255 Motion, the Court must "examine the motion, *any attached exhibits, and the record of prior proceedings.*" *Id.* (emphasis added). Given that this Court ordered the government to respond to Movant's 2016 2255 Motion, Civ. Doc. 131 at 55, the Court has conducted that review and, presumably, reviewed the record of prior proceedings.

In a case following an ordinary linear procedure, the Court would next review "the answer," and "any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a) of the Rules Governing Section 2255 Proceedings. However, Movant's filing of his 2023 2255 Motion and the government's move to hold that Motion in abeyance, along with the government's decision to file a Motion to Dismiss as its responsive pleading, have somewhat disrupted that linear process.

If Movant's 2016 2255 Motion is the operative Motion here, it has survived Rule 4 review, as the Court ordered the government to file a response. Civ. Doc. 131 at 55. The Court must then conduct its Rule 8(a) review, which includes review of any and all attachments to the 2016 Motion and any and all pleadings and other record-entries from both the trial and 2255 proceedings.

Furthermore, even if the Court should ultimately disallow the 2023 Motion, this Court still has the inherent authority under Rule 7 to grant Movant's request to expand the record and consider all the attached appendix materials, not solely those materials filed in 2016.

However, as the government agrees, the Court has not yet ordered the government to respond to the 2023 2255 Motion (likely because of the government's motion to hold it in abeyance), and so the Court presumably must still review that Motion under Rule 4(b).[5] Civ. Doc. 162 at 2. But that review must, once again, include review of the exhibits attached to, and any of the pleadings and other record-entries referenced in, the Motion. F.R.C.P. Rule 10(c); Rule 4(b) of

---

[5] The government now argues that that it should be afforded an opportunity to respond to Movant's 2023 Motion. Civ. Doc. 162 p. 2, n.2. That request is at odds with the government's earlier request to "transfer" its 2016-response to the 2023 Motion. An amended complaint/2255 motion necessarily changes the arguments, facts, or both, of the original pleading and so requires a response addressing those amendments. Civ. Doc. 159 at 8, citing *Mitchell v. City of Charlotte*, No. 3:23-CV-00006-RJC-SCR, 2023 WL 3046076, at *1. Given that the "transfer" initially requested by the government is not permitted, Movant must concur that the government should be afforded an opportunity to respond to the 2023 2255 Motion.

the Rules Governing Section 2255 Proceedings. In short, whichever of Movant's currently-pending 2255 Motions becomes the operative one, the amount of materials required to be reviewed is far beyond the four corners of the 2255 Motion itself.

The government's use of a Motion to Dismiss as its Answer changes nothing of this process. *See* Committee Notes on Rule–2004 Amendment ("The amended rule reflects that the response to a Section 2255 motion may be a motion to dismiss or some other response."). It is true, as noted in Movant's Reply (Civ. Doc. 162 at 2), that a Motion to Dismiss carries its own standard of review as defined by the Rules of Civil Procedure in combination with the Rules Governing 2255 Proceedings. However, it would be illogical for the government to somehow limit the scope of a court's review – to exclude documents, exhibits, statements, and other materials that are specifically required to be reviewed under Rules 4 and 8 – by calling its responsive pleading a Motion to Dismiss rather than an Answer.[6]

---

[6] The government has argued that Movant's Reply attempts to apply a lower standard of review to the government's Motion to Dismiss. Civ. Doc. 162 at 5. Not so. As a practical matter, the F.R.C.P. Rule 12(b)(6) *Ibqbal/Twombly* standard of review cited by Movant is functionally the same as the review applied to Section 2255 proceedings. *E.g.*, *Ross v. Williams*, 950 F.3d 1160, 1171 (9th Cir. 2020) ("In light of the Supreme Court's later decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 [] (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 [] (2007), it is not clear that there remains much practical difference between Habeas Rule 2(c)'s and Federal Rule of Civil Procedure 8(a)(2)'s pleading standards."). *See also Casteen v. United States*, No. 7:05-CR-29-BO-2, 2018 WL 4604529, at *1 (E.D.N.C. Sept. 24, 2018) (equivalating F.R.C.P 12(b)(6) and *Twombly* with Section 2255 proceedings); *Kelly v. United States*, No. 5:14-CR-63-BO, 2018 WL 3594984, at *1 (E.D.N.C. July 26, 2018) (same); *Taylor v. United States*, No. 5:15-CR-148-BO, 2018 WL 3352645, at *1 (E.D.N.C. July 5, 2018) (same). Further, as explained throughout Movant's Reply, the government's Motion to Dismiss asks this Court to disregard the requirements of Section 2255 and the applicable Rules and to ignore the factual support Movant has provided for his many allegations (factual support in the attachments to, internal references in, and case-record before, the 2255 Motion). *E.g.*, Civ. Doc. 160 at 13-20.

After all that, the Court will again consider all attachments and record-references for its Rule 8 review.[7] The government's attempt to divert the Court from considering materials not specifically included within the four corners of Movant's 2255 Motion(s) should be rejected.

To the extent there is any question as to whether any record, item, material or other thing listed above is *not* incorporated under Rule 10(c) and/or the expansive review mandated under Rules 4 and 8 of the Rules Governing Section 2255 Proceedings, Movant requests this Court exercise its authority pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings to expand the record and incorporate all the above-detailed records into its Rule 4 or Rule 8 review.

WHEREFORE, Movant respectfully submits this collation of all materials attached to or referenced in his 2023 2255 Motion. To the extent the Court currently considers any of said materials outside the scope of its review, Movant respectfully requests the Court expand the record to include such materials pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings.

Respectfully submitted,
*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org                    Dated: August 29, 2023

---

[7] The 2023 Motion contains the same Claims as the 2016 Motion, except with allegations added to address certain defaults, and with extensive documents providing additional factual support for the substantive allegations. *Compare* 2016 Motion *with* 2023 Motion. It would be illogical for the more comprehensively evidentiarily supported 2023 Motion to fail at the Rule 4 review stage that the 2016 Motion survived.

21

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
Anthony.enright@usdoj.gov

Respectfully submitted,

*/S/ KELLY D. MILLER*
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: August 29, 2023