IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONSE IN OPPOSITION TO AUGUST 2023
MOTION TO EXPAND THE RECORD**

The United States respectfully requests that this Court deny Alejandro

Ramirez Umaña's August 29, 2023, motion to expand the record. (Doc. No. 163,

3:16CV57). "[E]xpansion of the record" is a discretionary measure "the judge can

direct" to "enable the judge to dispose of some habeas petitions not dismissed on

the pleadings, without the time and expense required for an evidentiary hearing."

*Blackledge v. Allison*, 431 U.S. 63, 81–82 (1977); *see* R. Governing § 2255

Proceedings 7, advisory committee's note; R. Governing § 2254 Proceedings 7,

advisory committee's note. The measure is not a substitute for the requirement

that a 2255 motion contain "facially adequate allegations." *Blackledge*, 431 U.S.

at 82 n.25; R. Governing § 2255 Proceedings 2. To the contrary, the applicable

rule permits expansion only if the 2255 "motion is not dismissed." R. Governing

§ 2255 Proceedings 7(a).

The expansion Umaña requests is unwarranted for at least three reasons. First, this Court has not yet determined whether Umaña's motion should be "dismissed." *Id.* A motion to dismiss Umaña's § 2255 motion is currently pending. So Umaña's request for expansion is, at best, premature. Second, Umaña's submission, containing thousands of pages, extends well beyond the "Types of Materials" described by the rule. R. Governing § 2255 Proceedings 7(b). Third, "an evidentiary hearing is an instrument to test the truth of facts already alleged *in the habeas petition.*" *Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005) (emphasis added); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Umaña's bulky submission would not spare this Court "time and expense" or meaningfully assist this Court in determining whether to hold an "evidentiary hearing." *Blackledge*, 431 U.S. at 81–82.

Expansion of the record is not warranted under Rule 7, and Umaña's August motion contains no other appropriate basis for relief. The memorandum Umaña filed in support of that motion, if anything, underscores the impropriety of his request.

Umaña's motion and supporting memorandum, for example, improperly contain additional or repetitive arguments against the United States' motion to dismiss. Umaña has already filed his response to that motion, and the deadline for his response has passed. This Court should reject Umaña's August motion and memorandum for that reason.

2

The rules Umaña cites, moreover, do not permit an end run around Federal Rule of Civil Procedure 15(a), which requires Umaña to obtain this Court's leave if he wishes to amend his 2255 motion. Rule 10(c) of the Federal Rules of Civil Procedure, for example, does not permit Umaña to add content or attachments to his 2255 motion after-the-fact. *Cf. Mem. ISO Mot. to Expand* 18–19 (Docs. No. 164, 165, 3:16CV57). That rule permits "pleading[s]" to adopt other "pleading[s]," and it makes a "written instrument that is an exhibit to a pleading" a "part of the pleading." Fed. R. Civ. P. 10(c). Umaña's August 2023 motion is not a "pleading," Fed. R. Civ. P. 7, and cannot add anything to his 2255 Motion. The materials accompanying his August motion are not "pleadings" either, *id.*, and Rule 10(c) has no application to them. Among the items Umaña timely filed alongside his 2255 motion, the only "exhibits" that Rule 10(c) counts are "written *instruments*," — legal documents like contracts or promissory notes "that define[] rights, duties, entitlements, or liabilities." *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015) (quoting Black's Law Dictionary (10th ed. 2014)). Even in ordinary civil litigation, "lengthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings." 5A Charles A. Wright et al., *Federal Practice & Procedure* § 1327 (4th ed.).

To add content to his 2255 "motion" years after the statute of limitations has passed, R. Governing 2255 Mot. 2(b), Umaña must obtain this Court's leave under Rule 15, *see Mayle v. Felix*, 545 U.S. 644, 655 (2005). Beyond the three amendments this Court authorized in October of 2022, *Oct. 2022* Order (Doc. No.

3

131, 3:16CV57), at 55, Umaña has not done so.

Nothing in Rule 4 of the Rules Governing § 2255 Motions supports Umaña's August 2023 request. *Cf. Mem. ISO Mot. to Expand* 19–21. That rule calls for consideration of "the motion, any attached exhibits, and the record of prior proceedings." R. Governing § 2255 Proceedings 4(b). Umaña's August motion cannot alter the contents of his 2255 motion, any "attached" exhibits, or the record of prior proceedings in Umaña's criminal case.

Consideration of whether to hold an "Evidentiary Hearing" under Rule 8 of the Rules Governing § 2255 motion, is also, at best, premature. *Cf. Mem. ISO Mot. to Expand* 19–21. A hearing is unnecessary if the facts alleged in Umaña's 2255 motion would not, if proved, entitle Umaña to relief. *Schriro*, 550 U.S. at 474; *Jones*, 401 F.3d at 269. The rule, therefore, calls for this Court to determine "Whether to Hold a Hearing" only "[i]f the motion is not dismissed." R. Governing 2255 Proceedings 8(b).

Finally, to the extent Umaña simply seeks to duplicate filings, add bulk to this Court's already "voluminous" 2255 docket, and tell this Court what it "Must Review,"[1] *cf. Mem. ISO Mot. to Expand* 2–18, his motion is without basis. This Court should deny Umaña's August 2023 motion.

---

[1] Materials Umaña contends this Court "Must Review" notably include materials this Court expressly denied him leave to file. *See, e.g.*, *Mem. ISO Mot. to Expand* 18 (citing Docs. No. 69 & 71); *Oct. 11, 2022, Order* (Doc. No. 131, 3:16CV57), at 55 (denying leave to file Docs. No. 69 & 71).

RESPECTFULLY SUBMITTED, this 7th day of September, 2023.

DENA J. KING
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

5

# <u>CERTIFICATE OF SERVICE</u>

I certify that on this 7th day of September, 2023, I caused to be served a copy of the foregoing response to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

6