# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| ALEJANDRO UMAÑA,<br>　　　　　　　Movant,<br><br>v.<br><br>UNITED STATES,<br>　　　　　　　Respondent. | 3:16-CV-00057-RJC<br><br>CAPITAL § 2255 PROCEEDING<br><br>HON. ROBERT J. CONRAD, JR. |

**REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO EXPAND THE RECORD**

Movant, Alejandro Umaña, through undersigned counsel, hereby submits this Reply to the Government's Response in Opposition to Movant's Motion to Expand the Record.

The government's Response rests on an attempt to apply aspects of the Rules of Civil Procedure (Civil Rules) in full to habeas proceedings without considering where the Civil Rules are inconsistent with the Rules Governing Section 2255 Proceedings (2255 Rules). Before addressing that issue, however, it is important to reiterate the continued effect of the government's Motion to hold Movant's 2023 Amended 2255 Motion in Abeyance, Civ. Doc. 155.

The government notes that its "motion to dismiss is currently pending." Response (Civ. Doc. 167) at 2. That is true but it does not capture the whole story. There are currently two 2255 Motions pending. The conclusion as to which is "operative" will affect whether the government's motion to dismiss remains pending or is nullified. *See* Civ. Doc. 165 at 19-20 n.5 (noting that an amended "complaint" requires its own answer/response).

Turning to the interaction between the 2255 and the Civil Rules, the government mistakenly tries to transplant to these 2255 proceedings the entirety of any Civil Rule it relies upon. The 2255 Rules allow for the application of the Civil Rules *only* where they are "not inconsistent" with the 2255 Rules. Rules Governing Section 2255 Proceedings, Rule 12. Thus, although it can be helpful to refer to the Civil Rules and their interpretations, care must be taken in case they do not apply because of conflict with the 2255 Rules.

The 2255 Rules provide for judicial review at two stages. The first is upon the initial filing of the Motion. Under 2255 Rule 4, the receiving court *must* dismiss any Motion that is not facially meritorious. Rule 4(b) expressly requires the Court to review the motion *and* "any attached exhibits." Rules Governing Section 2255 Proceedings, Rule 4(b).  If the Motion is not dismissed, the court must order the government to respond. *Id.* After that response, and after any Rule 6 discovery or Rule 7 record-expansion, the court reviews the Motion *and the additional materials* supplied under Rules 6 and 7 to determine whether a hearing is "warranted." Rules Governing Section 2255 Proceedings, Rule 8(a) (emphasis added).[1] Where the Civil Rules are inconsistent with this procedure, the Civil Rule (or the conflicting portion thereof) does not apply.

The fact that the government's motion to dismiss is "currently pending," Response, at 2, does not change the application of 2255 Rules 4 through 8. Those Rules make clear that after respondent has filed its responsive pleading, the parties then address Rules 6 and 7 before the Court considers whether a hearing is warranted. The fact that the government chose to name its Rule 5 answer a "motion to dismiss" does not change the procedure provided in the 2255 Rules.

---

[1] Movant addressed this difficulty in his Reply. Civil Rule 12(d) restricts 12(b)(6) proceedings to the pleadings.  Because the 2255 Rules specifically require reference to evidence outside the complaint, applying that limitation to 12(b)(6) proceedings in habeas cases would conflict with the 2255 Rules and so cannot be applied to habeas cases. Civ. Doc. 159, at 20.

2

This confusion regarding the case's procedural posture appears to be the root of the government's suggestion that Movant's Motion is "alter[ing] the contents of his 2255 motion…". Response, at 4. That is not the case. Movant's 2016 2255 Motion, Movant agrees, did not have attached to it the entirety of exhibits and record references referenced in Movant's Motion. However, the 2016 2255 Motion has passed 2255 Rule 4 review. *See*, *e.g.*, Civ. Doc. 159 at 14, 16-18 (explaining the procedural process detailed in the 2255 Rules). Rules 6 and 7 now apply to supplement the materials for the Court's Rule 8 review. Movant's invocation of Rule 7 does not alter Movant's 2255 Motion; it merely seeks to add to the record materials which *may* not be currently under consideration. The government also suggests that Movant's invocation of 2255 Rule 7 is "premature." Response, at 2. But having passed Rule 4 review, Rules 6 and 7 apply. Movant's invocation of Rule 7 is therefore appropriate.

Movant's properly filed 2023 Amended 2255 Motion, on the other hand, *does* have a wealth of exhibits and record references attached to it. Movant's motion, therefore, addresses the government's suggestion that the Court's Rule 4 review of the 2023 Amended 2255 Motion is limited to the text within the four corners of that document alone. As explained below, 2255 Rule 4 approves explicitly of and *requires* the Court to consider attachments of the kind listed in Movant's Motion.

Regarding the types of materials reviewed in 2255 cases, the Civil Rules referenced by the government are inconsistent with the controlling 2255 Rules.

2255 Rules 4 and 8 provide that, when deciding whether to dismiss a 2255 motion (or order a response from the government, Rule 4, or order an evidentiary hearing, Rule 8), the Court *must* review the kinds of materials attached to Movant's two 2255 motions. Because the 2255 Rules

3

require the Court to review the materials at issue here, any part or interpretation of the Civil Rules that is inconsistent with those mandates cannot apply in these proceedings.

Movant cited Rule 10(c) because the government has expressed confusion about what is considered "part of" Movant's 2255 Motion and suggested that the facts supporting Movant's allegations must be contained in the motion itself and not in any attached exhibits or the prior record. *See* Civ. Doc. 165 at 18, citing Civ. Doc. 162 at 6-7 (arguing "the facts supporting each ground" all must appear in "[t]he motion").

The government responds by transplanting an interpretation of Rule 10(c) from civil cases to these proceedings. Response, at 3 (citing *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015)). In doing so, the government misses how that interpretation fails under 2255 Rule 12.

*Smith* addresses the circuit split on whether affidavits are written instruments under Rule 10(c), resolving to follow the circuits that exclude affidavits from Rule 10(c), meaning affidavits attached to pleadings are not part of the pleading. *Smith*, 794 F.3d at 253-54. However, 2255 Rule 7 provides, "[a]ffidavits also may be submitted and considered as part of the record." *Smith*, therefore, is clearly inconsistent with the 2255 Rules and so inapplicable here.

More expansively, 2255 Rule 4 does not add any caveats to the materials to be reviewed by the Court, directing the Court to review "*any attached exhibits.*" Thus, Rule 10(c) must be read expansively to remain consistent with Rule 4. Similarly, 2255 Rule 8(a) requires the Court to consider "*any materials submitted under Rule 7.*" Following the *Smith* interpretation of Civil Rule 10(c) would render that rule inconsistent with 2255 Rules 4, 7 and 8. The government's narrow interpretation of Civil Rule 10(c) cannot, therefore, apply here.

The Court has discretion under 2255 Rule 7 to allow *any materials* to be included for review, whether those are affidavits, contracts, or anything else.[2] Once the Court has employed that discretionary power – the power Movant requests the Court use here *only* if there is doubt over the inclusion of Movant's prior-filed exhibits – any such materials must be part of the Court's Rule 8 review.

The government's final attempt to limit the materials subject to this Court's review centers on Civil Rule 7's definition of "pleading." Response, at 3. Again, though, 2255 Rule 12 bars that definition here.

Civil Rule 7 distinguishes between "pleadings" and "motions," the former of which includes "complaints." Fed. R. Civ. Pro. Rule 7(a), (b). There is no "complaint" in this case; the equivalent would be Movant's 2255 Motion (of which there are two), but Rule 7 makes clear a "motion" is not a "pleading." *Id.* Moreover, a "complaint" is the document that commences proceedings against a party, Fed. R. Civ. Pro., Rule 3, which contains a claim for relief, Fed. R. Civ. Pro., Rule 8(a). This case was commenced with this Court's Order directing the clerk to open a placeholder case on February 2, 2016. Civ. Doc. 1. Movant did not file a document alleging a claim for relief analogous to a complaint until June 22, 2016. Civ. Doc. 22. The definitions provided in Civil Rule 7 do not apply as written to these Section 2255 proceedings.

The interaction between the Civil Rules and the 2255 Rules can be unclear. It is that lack of clarity – compounded by the effect of the government's Motion asking to stay Movant's 2023 Amended 2255 Motion – that led Movant to file his Motion. As Movant requested of the Court, "[t]o the extent there is any question as to whether any record, item, material or other thing listed

---

[2] The government argues that the exhibits referenced in Movant's motion "extend[] well beyond the 'Types of Materials' described by the rule." However, the government provides no support for the argument that Rule 7(b) is so limited.

above is not incorporated" for this Court's review, Movant simply requests they be incorporated under Rule 7. *See* Rule 8 (requiring Court to consider any materials submitted under Rule 7).

Respectfully submitted,

*/S/ KELLY D. MILLER*
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: September 13, 2023

6

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

/S/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: September 13, 2023