# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| ALEJANDRO UMAÑA, | : | |
| Defendant / Movant, | : | No. 3:16-CV-00057-RJC |
| | : | |
| v. | : | (Hon. Robert J. Conrad, Jr.) |
| | : | |
| UNITED STATES OF AMERICA, | : | **CAPITAL § 2255 PROCEEDINGS** |
| Respondents. | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO PLACE 28 U.S.C. § 2255 LITIGATION IN ABEYANCE**

Alejandro Umaña, through undersigned counsel, respectfully requests this court to hold his 2255 Motion in abeyance until the United States Supreme Court decides *Delligatti v. United States*, No. 23-825.

The United States Supreme Court granted certiorari in *Delligatti* to address "[w]hether a crime that requires proof of bodily injury or death, but can be committed by failing to take action, has as an element the use, attempted use, or threatened use of physical force." *See* Petition for Writ of Certiorari at i, *Delligatti v. United States*, No. 23-825 (U.S. Jan. 29, 2024). In the underlying case, the Second Circuit held that attempted murder in aid of racketeering is a predicate crime of violence under § 924(c) even if the crime may be committed "by omission" because any crime resulting in death or bodily injury necessarily involves violence to the victim. *United States v. Pastore*, 83 F.4th 113, 121 (2d Cir. 2023). Seven other circuits, including the Fourth Circuit, *United States v. Rumley*, 952 F.3d 538, 549-51 (4th Cir. 2020), have adopted this view, while two others have not.

The issue in *Delligatti* is relevant to and potentially dispositive of Claim 22 of Movant's petition. Mr. Umaña's convictions include two counts of using a firearm during and in relation to

a crime of violence under 18 U.S.C. § 924(c) and (j)(1), with the predicate crimes of violence being conspiracy to participate in racketeering or murder in aid of racketeering. (Crim. Doc. 273.) In Mr. Umaña's initial 2255 motion, he argued that those convictions are invalid because the predicate offenses do not have an element of use of violent physical force, and the residual clause is indistinguishable from the residual clause of the Armed Career Criminal Act, which the Supreme Court held unconstitutionally vague in *Johnson*. (*See generally* Civ. Doc. 22 at 323-44.) Mr. Umaña's twice sought to amend Claim 22 in light of *United States v. Davis*, 588 U.S. 445 (2019), *Borden v. United States*, 593 U.S. 420 (2021), and subsequent lower court cases, (Civ. Docs. 91 & 111), which this Court granted, (Civ. Doc. 131 at 54). Both Amendments reiterate that the offenses do not meet the remaining elements/force clause of § 924(c)(3)(A), (Civ. Doc. 91 at 6-26; Civ. Doc. 111 at 3-13), as does the pending 2023 Amended 2255 Motion, (Civ. Doc. 146 at 464-520).

Like the New York statute at issue in *Delligatti*, North Carolina's murder statute, North Carolina General Statute § 14-17, too, does not require the intentional use of violent physical force issue but can occur through omission. (*See* Civ. Doc. 91 at 14-20 (discussing *State v. Evangelista*, 319 N.C. 152, 158 (1987) (evidence defendant "deprived the infant of liquids and thereby caused his death" would support conviction for first-degree murder)); Civ. Doc. 146 at 472-78.)

2

Because the matter at issue in *Delligatti* is relevant to and potentially dispositive of the right to relief claimed by Mr. Umaña, Mr. Umaña respectfully requests that this Court place his motion in abeyance until the Supreme Court issues its decision.

Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: June 17, 2024

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright<br>
Assistant United States Attorney<br>
Suite 1650, Carillon Building<br>
227 West Trade Street<br>
Charlotte, NC 28202<br>
anthony.enright@usdoj.gov

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: June 17, 2024