IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:16CV57-RJC

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**RESPONSE OF THE UNITED STATES IN OPPOSITION TO
UMAÑA'S JUNE 17, 2024, MOTION TO STAY**

The United States respectfully requests that this Court deny Alejandro

Ramirez Umaña's June 17, 2024, motion to stay his 2255 motion until the

Supreme Court decides *Delligatti v. United States*, No. 23-825. The question

presented before the Supreme Court is "[w]hether a crime that requires proof of

bodily injury or death, but can be committed by failing to take action, has as an

element the use, attempted use, or threatened use of physical force." *Question*

*Presented*, *Delligatti v. United States*, No. 23-825 (Cert. Granted June 3, 2024).[1]

Delligatti has challenged the Second Circuit's holding that his "VICAR conviction

for attempted murder in aid of racketeering under 18 U.S.C. § 1959(a)(5) — itself

predicated, in []his case, on attempted murder in violation of New York law — is

---

[1] available at https://www.supremecourt.gov/qp/23-00825qp.pdf.

a valid predicate crime of violence under" 18 U.S.C. "section 924(c)." *United States v. Pastore*, 83 F.4th 113, 119 (2d Cir. 2023). Umaña received two convictions under 18 U.S.C. § 924(c) & (j) based on the predicate offenses of aggravated RICO conspiracy, 18 U.S.C. § 1962(d), and *completed* VICAR murder under 18 U.S.C. § 1959(a)(1). *See Umaña v. United States*, 229 F. Supp. 3d 388, 391 (W.D.N.C. Jan. 25, 2017). Although Umaña's predicate offenses differ from those at issue in *Delligatti*, Umaña contends that the Supreme Court's decision could potentially bear on claim 22 of his 2255 motion because, Umaña says, murder under North Carolina state law "can occur through omission." *Mem. ISO Mot. to Stay* 2. This Court should decline to hold this matter in abeyance for at least three reasons.

First, the possibility that the outcome of *Delligatti* would be dispositive of Umaña's challenge to his § 924(c) & (j) is too remote to warrant abeyance. Binding precedent has already resolved the issues underlying Umaña's claim. This Court has already decided that Umaña's convictions remain valid because completed "VICAR murder is a crime of violence under § 924(c)'s force clause." *Umaña*, 229 F. Supp. 3d at 391.[2] And the Fourth Circuit has confirmed that this Court's decision is correct. *United States v. Tipton*, 95 F.4th 831, 845, 847 (4th Cir. 2024). It held in *Tipton* that the offense of completed "VICAR murder" under

[2] The Fourth Circuit has addressed the crime of "aggravated RICO conspiracy" and held that it is "*not* categorically a crime of violence." *United States v. Simmons*, 11 F.4th 239, 260 (4th Cir. 2021).

2

18 U.S.C. § 1959(a)(1) categorically qualifies as a crime of violence under "the § 924(c) force clause." *Id.*[3] *Tipton* makes irrelevant the argument about "North Carolina's murder statute" that Umaña believes might receive help from *Delligatti. Mem. ISO Mot. to Stay* 2. *Tipton* held that VICAR murder categorically qualifies as a crime of violence regardless of the "state-law predicates" underlying the VICAR offense. *Tipton*, 95 F.4th at 850.

*Delligatti* is not likely to affect the outcome of Umaña's challenge. Even if the Supreme Court's opinion discusses relevant issues, it is unlikely to overturn Fourth Circuit precedent governing the predicates underlying Umaña's offenses. The Fourth Circuit does "not lightly presume that the law of the circuit has been overturned." *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019). Even "when a Supreme Court decision abrogates one portion" of the Fourth Circuit's "rationale in a prior case," portions of that "rationale not abrogated" remain binding. *Id.*

Second, Umaña's challenge to his § 924(c) convictions forms only a small part of his 2255 motion. Nearly four-hundred pages of Umaña's 418-page 2255 motion are devoted to other topics. *See 2255 Mot.* 1–358, 345–418. And several motions are pending before this Court that turn on matters separate from that claim. Holding Umaña's 2255 motion in abeyance for reasons related to one claim would needlessly delay this Court's resolution of many other important

---

[3] The Fourth Circuit has addressed the crime of "aggravated RICO conspiracy" and held that it is "*not* categorically a crime of violence." *United States v. Simmons*, 11 F.4th 239, 260 (4th Cir. 2021).

matters.

Finally, this Court has already determined that "hold[ing] this action in abeyance" is not warranted for pending litigation about what qualifies as a "crime of violence under § 924(c)[]." *Umaña*, 229 F. Supp. 3d at 392. This Court held as much in January of 2017, when that question involved much greater uncertainty and both parties had devoted much less effort to litigating the other matters at issue in this 2255 proceeding. *Id.* The issue of what qualifies as a "crime of violence" has been before the Supreme Court regularly for nearly a decade. Delaying consideration of the numerous issues in Umaña's case because the Supreme Court is again considering whether an offense qualifies as a crime of violence would not meaningfully conserve judicial resources or serve the interests of justice. The United States, therefore, respectfully requests that this Court deny Umaña's motion to hold his 2255 motion in abeyance.

RESPECTFULLY SUBMITTED, this 20th day of June, 2024.

DENA J. KING
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

4

## CERTIFICATE OF SERVICE

I certify that on this 20th day of June, 2024, I caused a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

5