# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| ALEJANDRO UMAÑA, | : | |
| Defendant / Movant, | : | No. 3:16-CV-00057-RJC |
| | : | |
| v. | : | (Hon. Robert J. Conrad, Jr.) |
| | : | |
| UNITED STATES OF AMERICA, | : | **CAPITAL § 2255 PROCEEDINGS** |
| Respondents. | : | |
| | : | |

**REPLY IN SUPPORT OF MOTION TO PLACE 28 U.S.C. § 2255 LITIGATION IN ABEYANCE**

In their response, the government offers three reasons why this Court should not place Alejandro Umaña's 2255 Motion in abeyance pending the Supreme Court's decision in *Delligatti v. United States*, No. 23-825. First, the government claims the decision in *Delligatti* is unlikely to be dispositive for Mr. Umaña's case, because the Fourth Circuit has already decided that VICAR murder in aid of racketeering is a crime of violence in *United States v. Tipton*, 95 F.4th 831 (4th Cir. 2024), without considering the underlying state offense. (Civ. Doc. 176 at 2.) Second, the post-*Johnson* challenge to Mr. Umaña's § 924(c) conviction is only a small part of the arguments supporting his motion to vacate his convictions and sentences. (*Id.* at 2-4.) And lastly, this Court has already declined once, at an earlier stage of the case, to hold Mr. Umaña's case in abeyance pending guidance from the Supreme Court on crimes of violence. (*Id.* at 4.) In opposing Mr. Umaña's motion to place his 2255 Motion in abeyance, the government cabins *Delligatti* to its facts and ignores its import on the process for analyzing VICAR crimes.

A more robust discussion of the underlying facts of *Delligatti* than offered in the initial Memorandum Motion to Place 28 U.S.C. § 2255 Litigation in Abeyance or the government's

response illustrates the import of *Delligatti* on Mr. Umaña's 2255 Motion. The defendant in *Delligatti* was convicted of attempted murder in aid of racketeering under the Violent Crimes in Aid of Racketeering ("VICAR") statute, 18 U.S.C. § 1959(a)(1), assorted conspiracy charges, operating an illegal gambling business, and using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(i). *United States v. Pastore*, 83 F.4th 113, 115 (2d Cir. 2023), *cert. granted sub nom. Delligatti v. United States*, No. 23-825, 2024 WL 2805741 (U.S. June 3, 2024). The appeal turned on whether there was a valid predicate crime of violence underlying his § 924(c) conviction. The Second Circuit had already held that conspiracy charges do not constitute crimes of violence, so it turned to the remaining viable predicate offence, attempted murder in aid of racketeering under VICAR. *Id.* at 119.

If, as the Fourth Circuit recently held in *Tipton*, a VICAR offense is necessarily a crime of violence, the analysis in *Pastore* would end there. But the Second Circuit considers the predicate state offense when determining whether a VICAR offense is a crime of violence under § 924(c). *Id.* at 119; *see also United States v. Davis*, 74 F.4th 50 (2d Cir. 2023); *United States v. Morris*, 61 F.4th 311 (2d Cir. 2023).

Applying the modified categorical approach, the court then "looked through" to the underlying state offense, which the superseding indictment specified was "knowingly attempt[] to murder in violation of New York State Penal Law § 20.00, 110.00, 125.25," and his trial conviction of attempting to commit murder under N.Y. Penal Law § 125.25(1). *Pastore*, 83 F.4th at 120 (internal quotations omitted). In the court's view, "[t]here [was] no question that intentionally causing the death of another person involves the use of force." *Id.* Under its precedent, attempt, too, constituted a crime of violence. *Id.* at 120-21.

In response, the defendant contended that attempted murder is not a crime of violence because it can be committed by affirmative acts *or omissions*. The Second Circuit found this reasoning unpersuasive, having already determined in a prior case that first-degree manslaughter, even if committed by omission, is a crime of violence because it involves the intentional use of physical force causing death and "carried to its logical—or illogical—conclusion, would preclude courts from recognizing even intentional murder as a categorically violent crime." *Id.* at 121 (quoting *United States v. Scott*, 990 F.3d 94, 100 (2d Cir. 2021)).

A decision in *Delligatti v. United States*, No. 23-825, is relevant to and potentially dispositive of the right to relief claimed by Mr. Umaña notwithstanding *Tipton*, and differences between the cases. As noted above, to reach the question on which it granted certiorari, the Supreme Court must consider the state offense underlying the VICAR attempted murder conviction. And, as noted in Mr. Umaña's Memorandum in Support of Motion to Place 28 U.S.C. § 2255 Litigation in Abeyance, the underlying North Carolina statute in Mr. Umaña's case resembles the New York state statute in that it does not require the application of physical force. (Memo. at 1-2.)

Although the pertinent VICAR conviction in *Delligatti* is attempted murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), and the one in Mr. Umaña's case is a completed murder in aid of racketeering, 18 U.S.C. § 1959(a)(1), the distinction is legally irrelevant. The Second Circuit treated attempted and completed crimes alike for crime of violence analysis. *Pastore*, 83 F.4th at 120. (Because "attempt under New York law requires both 'intent to commit the crime and an action taken by an accused so near [to] the crime's accomplishment that in all reasonable probability the crime itself would have been committed," "attempt categorically requires that a person take a substantial step toward the use of physical force." (quoting *United States v. Tabb*,

949 F.3d 81, 86 (2d Cir. 2020))).  The Second Circuit similarly read the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery was not a crime of violence under § 924(c), as not imposing a distinction between attempted and completed crimes, because the Second Circuit did not view a Hobbs Act robbery as a crime of violence.  *Pastore*, 83 F.4th at 121; *see also United States v. Taylor*, 979 F.3d 203, 209 (4th Cir. 2020), *aff'd*, 596 U.S. 845 (2022) ("[B]ecause the substantive crime of violence invariably involves the use of force, the corresponding attempt to commit that crime necessarily involves the attempted use of force").  Accordingly, this distinction does not limit *Delligatti*'s potential impact on Mr. Umaña's 2255 Motion.

Beyond the substance of *Delligatti*, the government also contends that a stay is inappropriate because Mr. Umaña's *Johnson*/*Davis* claim is only one of many and holding his 2255 Motion in abeyance would delay this Court's consideration of the other claims.  (Civ. Doc. 176 at 3-4.)  Mr. Umaña has already explained why vacating his § 924(c) conviction requires resentencing on all counts.  (Civ. Doc. 146 at 456-61, 497-508; Civ. Doc. 91 at 39-49; Civ. Doc. 24 at 341-44.)  If his 924(c) convictions are vacated, resentencing will be required on all counts. This is exactly what the District of Maryland did recently in *Lighty*.  *See United States v. Lighty*, No. CR 03-457, 2023 WL 2932960 (D. Md. Apr. 13, 2023); Amended Judgment, *United States v. Lighty*, No. CR 03-457 (D. Md. June 11, 2024), ECF No. 698; *see also* Order, *United States v. Fields, et al.*, No. 6:01-cr-00164 (W.D. Tex. Jan. 19, 2021), ECF No. 412; Judgment and Commitment, *United States v. Fields, et al.*, No. 6:01-cr-00164 (W.D. Tex. Apr. 8, 2021), ECF No. 418 (resentencing to life imprisonment after convictions and sentences on two § 924(c) convictions were vacated); Order Granting Petition for Writ of Habeas Corpus, *Paul v. Superintendent, et al.*, No. 2:13-cv-00304 (S.D. Ind. Aug. 2, 2022), ECF No. 281 (vacating

§ 924(c) conviction and death sentence after *United States v. Davis*). In that capital case, "hundred[s] of pages . . . [were] devoted to other topics," (Civ. Doc. 176 at 3), yet the *Johnson/Davis* claim proved dispositive. In Mr. Umaña's case, most of his claims challenge his only his death sentences. If *Delligatti* is ultimately decided in a manner favorable to Mr. Umaña, requiring full resentencing on all counts, most of the claims in his 2255 motion will be rendered moot, obviating the need for further decision from this Court on nearly all the issues presented in this litigation, litigation which the government has repeatedly bemoaned the length of. (*See, e.g.*, Civ. Doc. 162 at 6-7; Civ. Doc. 155 at 6-7; Civ. Doc. 152 at 1-3, 10-11; Civ. Doc. 142 at 1, 138.)

Lastly, the government notes that this Court previously declined to grant Mr. Umaña a stay pending the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498, and the Fourth Circuit's decisions in *United States v. Simms*, No. 15-4640, and *United States v. Ali*, No. 15-4433. Two of these cases touched on the residual clause of § 924(c), *Sessions v. Dimaya*, 584 U.S. 148 (2018) (holding residual clause of definition of "crime of violence" as incorporated into Immigration and Nationality Act's definition of aggravated felony was unconstitutionally vague); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc) (same for residual clause of statute imposing mandatory minimum sentence for brandishing firearm during and in relation to "crime of violence"), and the remaining one ultimately determined that aiding and abetting a crime of violence too constitutes a crime of violence, *United States v. Ali*, 991 F.3d 561, 573-74 (4th Cir. 2021).

In declining to grant Mr. Umaña's prior unopposed Motion to Stay Proceedings, the Court reasoned that there was no need for further clarity on the residual clause's validity because, applying the categorical approach, VICAR murder is a crime of violence under § 924(c)'s force clause. (Civ. Doc. 46 at 4.) *Delligatti* goes to the very heart of this Court's reasoning in denying

the prior stay request and implicates whether VICAR murder is a crime of violence under the remaining valid clause of § 924(c) and, consequently, the validity of Mr. Umaña's convictions.

For the foregoing reasons, Mr. Umaña respectfully moves this Court to hold this matter in abeyance pending the Court's resolution of *Delligatti*.

Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: June 27, 2024

6

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing Reply with the Clerk of Court using the CM/ECF system, and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

*/s/ Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: June 27, 2024

7