IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00057-RJC
(3:08-cr-00134-RJC-2)

| | |
|---|---|
| ALEJANDRO ENRIQUE RAMIREZ UMAÑA ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion "To Place 28 U.S.C. § 2255 Litigation In Abeyance." (Doc. 175). The government has responded in opposition to Petitioner's Motion (Doc. 176), and the Petitioner has replied thereto. (Doc. 177). The matter is ripe for resolution.

Petitioner seeks to stay this matter based upon the Supreme Court's grant of *certiorari* to the Second Circuit in the case of *United States v. Pastore*, 83 F.4th 113 (2d Cir. 2023), *cert. granted sub nom*. *Delligatti v. United States*, No. 23-825, 2024 WL 2805741 (U.S. June 3, 2024). The question presented to the Court is "[w]hether a crime that requires proof of bodily injury or death, but can be committed by failing to take action, has as an element the use, attempted use, or threatened use of physical force." *Delligatti*, No. 23-825 (Question Presented). Mr. Delligatti is challenging the Second Circuit's holding that his "VICAR conviction for attempted murder in aid of racketeering under 18 U.S.C. § 1959(a)(5) — itself predicated, in []his case, on attempted murder in violation of New York law — is a valid predicate crime of violence under [18 U.S.C.] section 924(c)." *Pastore*, 83 F.4th at 119. Mr. Delligati argues attempted murder in violation of New York law may be accomplished through omission and thus any such conviction fails to satisfy "the use, attempted use, or threatened use of physical force" elements test. Petitioner contends that a favorable decision by the Supreme Court for Mr. Delligatti is "potentially dispositive" of the right to relief made by Petitioner in his Claim 22. (Doc. 175.1 at 3).

Two obstacles stand in the way of Petitioner's stay motion. First, binding circuit precedent forecloses his argument regarding his underlying North Carolina murder conviction supporting his VICAR conviction. *See, United States v. Tipton*, 95 F.4th 831, 847, (4th Cir. 2024) (to sustain a VICAR murder conviction, the government need only prove beyond a reasonable doubt, under element number (4) of 18 U.S.C. section 1959(a), that "the murder violated state or federal law;" *see also, United States v. Thomas*, 87 F.4th 267, 274-75 (4th Cir. 2023) (the proper § 924(c) ''crime of violence'' analysis of a VICAR offense does not require a court to ''look through'' the VICAR statute to the underlying violation of state or federal law.). Second, and despite the foregoing, the question presented in *Delligatti* is not on all fours with Petitioner's allegations underlying Claim 22 for various reasons. For instance, Mr. Delligatti's stated VICAR predicate is attempted murder under New York law while Petitioner's VICAR predicate is completed murder under North Carolina law. Petitioner asserts that this is a distinction without a difference. (Doc. 177 at 3-4). While this distinction between inchoate and completed offenses is not directly before the Supreme Court in *Delligatti*, the Court may choose to address it. Or it might not.

In resolving the *Delligatti* case, the Supreme Court could render a decision that might bear quite favorably upon Petitioner's Claim 22 herein. Conversely, the Court could render a decision that wholly undercuts such claim. Less likely, but still within the realm of possibility, lies the Court's inherent authority to dismiss Mr. Delligatti's *certiorari* petition as "improvidently granted." *See, e.g., In re Grand Jury*, No. 21-1397 (U.S. Jan. 23, 2023) (per curiam) ("The writ of certiorari is dismissed as improvidently granted"). Or, the Court could do none of the above and take some other unforeseen action entirely. No one knows what the Court will do with the *Delligatti* case. Given these circumstances, this Court cannot "play wait and see" based upon nothing more than raw speculation. This Court's obligation is not to venture a guess as to what the law may become but to adjudicate actual cases and controversies based upon the present state of the law and binding precedent. For the foregoing reasons, then, the Petitioner's Motion "To Place 28 U.S.C. § 2255 Litigation In Abeyance[,]" (Doc. 175), should be denied without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to stay this habeas proceeding (Doc. 175) is **DENIED** without prejudice.

Signed: August 14, 2024

Robert J. Conrad, Jr.
United States District Judge