IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00057-RJC
(3:08-cr-00134-RJC-2)

| | |
|---|---|
| ALEJANDRO ENRIQUE RAMIREZ UMAÑA )<br>)<br>Petitioner, )<br>)<br>v. )<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion to Hold Umaña's March 23 Filing in Abeyance [Doc. 152]; the Petitioner's Amended Motion to Vacate Under 28 U.S.C. § 2255 [Docs. 146 (sealed), 148]; the Government's Motion to Dismiss [Docs. 142 (sealed), 143]; Petitioner's Second Motion for Discovery [Doc. 122] and Motion for Leave to File Excess Pages [Doc. 123]; Petitioner's Motion for Reconsideration [Doc. 132 (sealed)]; and the parties' miscellaneous motions to seal [Docs. 126, 134, 136, 138, 144, 149, 151, 161, and 166].

On March 23, 2023, the Petitioner filed his Amended Motion Under 28 U.S.C. § 2255 ("Amended Motion") to vacate, set aside, or correct convictions and sentences of a person in federal custody "as of right" twenty-one days following the Government's filing of its dismissal motion. [Doc. 146 at 21 (sealed)]. The Government objected to Petitioner's Amended Motion on March 29, 2023, and filed its Motion to Stay. [Doc. 152]. The Government argues Petitioner was required to obtain leave from this Court to file an amended petition, and because he did not do so, his filing "is without legal effect." [Id. at 2 (citation omitted)]. The Government requests the Court treat the Amended Motion as a motion for leave to amend, hold that motion in abeyance,

and decide the Government's motion to dismiss this action as set forth in its filing made on March 2, 2023. [Id.]. If the Court deems Petitioner's Amended Motion to be an operative 2255 motion, the Government alternatively requests the Court "transfer" the arguments in its pending Motion to Dismiss to the Amended Motion, or failing that, the Court grant it an opportunity to respond to the Amended Motion to present "any defense, argument, or other matter in response[.]" [Doc. 152 at 12 n.3]. Petitioner has replied [Doc. 153] to the Government's stay motion and this matter is ripe for resolution.

I.  **Standard of Review.**

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." Id. With regard to amending petitions in habeas cases, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended ... as provided in the rules of procedure applicable to civil actions." Id.; United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion). See also Fed. R. Civ. P. 81(a)(4) (the civil rules "apply to proceedings for habeas corpus.").

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend once as a matter of course within 21 days of serving the pleading or within 21 days after service of a responsive pleading if the pleading is one to which a responsive pleading is required, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Id. Otherwise, the party must seek leave of court or obtain written consent from the adverse party. Fed. R. Civ. P. 15(a)(2).

2

## II. Discussion.

The issue resolved by this Order is necessarily a narrow one: whether a party may exercise the right to amend a pleading under Fed. R. Civ. P. 15(a)(1) "as a matter of course" long after the commencement of the action and after having previously amended his pleading by leave of court pursuant to Fed. R. Civ. P. 15(a)(2).

Petitioner commenced this action on June 22, 2016, by filing his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 consisting of almost 400 pages and raising 30 claims of relief, including ineffective assistance of counsel and prosecutorial misconduct. [Docs. 22, 24 (sealed)]. On February 22, 2018, Petitioner filed a Motion for Leave to File Supplement/Amendment to Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255, seeking to raise an additional 28 claims. [Docs. 68, 69, 71 (sealed)]. In June 2020, Petitioner filed two additional motions seeking leave to file supplemental/amended claims in light of two Supreme Court decisions, Rehaif v. United States, 139 S. Ct. 2191 (2019), and United States v. Davis, 139 S. Ct. 2319 (2019). [Docs. 88, 89, 90, 91]. On June 9, 2022, Petitioner filed a motion for leave to Supplement and Amend Claim 22 of Motion to Vacate Under 28 U.S.C. § 2255 [Docs 109, 110, 111]. In its Order filed October 11, 2022, the Court denied Petitioner's February 22, 2018, motion; granted his two motions filed in June 2020; and granted his motion filed June 9, 2022. [Doc. 131 at 55]. Additionally, the Court ordered the Government to respond to the Petitioner's entire 2255 motion as thus amended. [Id.]

On March 2, 2023, the Government filed its Motion to Dismiss Petitioner's 2255 motion, as amended, in its entirety. [Docs. 142, 143 (sealed)]. Twenty-one days later, Petitioner filed his Amended Motion. [Docs. 146 (sealed)]. The Government objects, arguing Petitioner was

required to obtain leave from this Court to file an amended petition under Fed. R. Civ. P. 15(a)(2). [Doc. 152]. Rule 15(a) of the Federal Civil Rules is straight forward and provides as follows:

> **(1) Amending as a Matter of Course.**
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2) Other Amendments.**
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Federal Rule Civil Procedure 15(a).

In asserting that subsection (a)(2) of Rule 15 is the controlling provision and Petitioner must again seek leave of court, the Government contends subsection (a)(1) of the rule is inapplicable for two reasons. First, according to the Government, subsection (a)(1) is inapplicable to 2255 motions "by its terms." The Government avers that a 2255 motion, strictly speaking, is not a "complaint" and therefore is not a "pleading" as defined by Fed. R. Civ. P. 7(a) and, correspondingly, neither is a response to a 2255 motion necessarily an "answer." [Doc. 152 at 6]. Since the names ascribed to the various habeas forms and filings are not the same as the listing of terms in Rule 7(a), the Government asserts that subsection (a)(1) is inapplicable. With its position, however, the Government is elevating nomenclature above substance. The Supreme Court has recognized that while the pleading language used in traditional civil actions versus habeas matters does not precisely match, it still applied Rule 15 in the habeas context irrespective of this difference. "The 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." Mayle v. Felix, 545 U.S. 644, 655 (2005).

4

Case 3:16-cv-00057-RJC    Document 179    Filed 01/06/25    Page 4 of 10

To be sure, the Government's response to the Petitioner's 2255 motion is not an "answer" but a self-described "Motion to Dismiss." [Doc. 142 a 1]. While the Government's Motion to Dismiss is not an answer, it is the functional equivalent to an ordinary civil 12(b) motion and therefore fits appropriately within the last clause of Rule 15(a)(1)(B). Nevertheless, the Government next asserts Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings of any kind are not automatically required in habeas matters. It is of no moment, however, that the habeas rules do not mandate that a responsive pleading be filed in every case. The requirement of a responsive pleading and service of the same (or the service of an appropriate motion) is simply the triggering mechanism that starts the twenty-one day clock to file "as a matter of course." In this case, the Court ordered the Government to respond to the Petitioner's 2255 motion. Due to the Court's Order, the Petitioner's 2255 motion became a "pleading … to which a responsive pleading is required[.]" Fed. R. Civ. P. 15(a)(1)(B). The rule demands nothing more.

The second reason the Government contends subsection (a)(1) is inapplicable is because Petitioner has already amended his 2255 motion by leave of court pursuant to subsection (a)(2). [Doc. 152 at 7]. As asserted by the Government,

> In cases to which Rule 15(a) applies, it permits a party, as a matter of course, "to amend its pleading *once.*" Fed. R. Civ. P. 15(a)(1) (emphasis in original). Umana exhausted that opportunity when he amended his complaint the first, second, and third times. That he received this Court's approval to do so is of no consequence.

[Doc. 152 at 7 (quotation marks omitted)]. As persuasive authority to support its argument, the Government cites to two appellate decisions, Rodgers v. Lincoln Towing Serv., Inc., 771 F.2d 194 (7th Cir. 1985), and Elliott v. Foufas, 867 F.2d 877 (5th Cir. 1989). Both Rodgers and Elliott, however,

5

are inapposite simply because they construe Rule 15 prior to its 2009 amendment that substantively rewrote subsection (a) and bifurcated it into its present two subparts.[1]

The 2009 amendment was not a stylistic change. Of import here, "the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise." Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment. The question thus becomes whether under the post-2009 rule Petitioner somehow exhausted his one "matter of course" amendment when he previously was granted leave of court to file amended petitions.

The Ninth Circuit faced this issue in Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007 (9th Cir. 2015). In that case, after commencing a civil action, the plaintiff filed his First Amended Complaint by consent of the parties. Ramirez, 806 F.3d at 1003. In response, the defendants filed Rule 12(b)(6) and Rule 12(e) motions to dismiss and for a more definite statement, respectively. Twenty-one days later, plaintiff attempted to file a Second Amended Complaint which was rejected because leave of court had neither been sought nor granted. Id. at 1004. Thereafter, the district court dismissed the action since plaintiff had not filed any response to the defendants' Rule 12 motions. Id. When the plaintiff sought reconsideration of

---

[1] At the time Rodgers and Elliott were decided, Rule 15(a) provided as follows:
Rule 15— Amended and Supplemental Pleadings
(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (1990)

6

the dismissal of his action, the district court found plaintiff's First Amended Complaint, achieved by consent of the parties, constituted his one "as a matter of course" amended pleading. Id. at 1005. Additionally, the district court found that even if plaintiff's First Amended Complaint could be construed as accomplished by leave of court, his Second Amended Complaint could not be made "as a matter of course" because he waived this option under Rule 15(a)(1) after having been granted leave of court to file his First Amended Complaint under Rule 15(a)(2). Ramirez, 806 F.3d at 1005. The district court denied plaintiff's reconsideration motion and he thereafter appealed.

The appellate court reversed the district court and remanded the action. The panel found that the district court erroneously held that the First Amended Complaint was filed as a matter of course and, thus, that the Plaintiff could not file another 15(a)(1) amendment. It also found the district court erroneously ruled that the Plaintiff was required to seek leave of court under 15(a)(2). Finally, the panel found erroneous the district court's alternative opinion, that if the first amendment was filed with leave of court under 15(a)(2), then the Plaintiff had effectively waived his right to file a matter of course amendment under 15(a)(1). Ultimately, the appellate court disagreed both with the district court's characterization of the First Amended Complaint as being the Plaintiff's one matter of course amendment, as well as its conclusion about the timing and waiver mechanism of Rule 15(a). The following analysis set forth by the Ramirez panel is applicable to the issue presented herein.

The appellate court began by noting that plaintiff's First Amended Complaint, whether filed either by consent of the parties or by leave of court, complied with Rule 15(a)(2). A straight-forward reading of the Rule thus precluded a finding that plaintiff's First Amended Complaint was filed "as a matter of course" pursuant to subsection (a)(1). The court then addressed the next

7

question of whether plaintiff was allowed to file a Second Amended Complaint as a matter of course under 15(a)(1), or whether his First Amended Complaint, filed under subsection (a)(2), somehow exhausted his one matter-of-course amendment. Ramirez, 806 F.3d at 1006-7. The court held that Rule 15 provides different ways to amend a pleading, and these ways are not mutually exclusive:

> Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made. 15(a)(2)'s phrase ''in all other cases'' does not indicate that it chronologically follows 15(a)(1). Indeed, it does not even hint that there is a timing component to the operation of this Rule. Rather, it plainly provides an alternative to the methods available under 15(a)(1). Hence, we conclude that a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2). … In other words, before 2009, a plaintiff had the right to amend his complaint up until the point in time when a responsive pleading was filed or within twenty days after service of the pleading if no response was permitted and the case was not on the trial calendar. Since 2009, a plaintiff has the right to amend within twenty-one days of service of the complaint (15(a)(1)(A)), or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first (15(a)(1)(B)). The Plaintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely.

Ramirez, 806 F.3d at 1007-8.

While Ramirez does not control the present matter, the Court finds its analysis persuasive to permit Petitioner to file his March 23, 2023, Amended Motion as a matter of course under Rule 15(a)(1). Even though Petitioner was granted leave of court to file amended petitions under Rule 15(a)(2) before the Court ordered the Government to respond, once the Government responded with its Motion to Dismiss [Doc. 152] as ordered, the Petitioner was entitled to file an amended petition "as a matter of course" within twenty-one days of the Government's filing. Petitioner

8

filed his Amended Petition within this framework and hence his Amended Petition is timely filed. Finally, since Petitioner's Amended Petition is filed as a matter of course under Rule 15(a)(1), the Court is without the discretion, as permitted under Rule 15(a)(2), to deny leave to amend. The Government's request that the Court hold any decision on whether to permit leave to amend in abeyance pending resolution of its Motion to Dismiss must therefore be denied.

Given that Petitioner's Amended Petition is now the operative petition, the Government next requests the Court to "transfer" the arguments in its pending Motion to Dismiss to Petitioner's Amended Motion. To do so, however, would require the Court to assess and determine what arguments contained in the Government's Motion to Dismiss should apply to which allegations contained in the Petitioner's Amended Motion. The Court denies this request since granting it would alter the Court's role from that of a neutral referee to a partisan member in the matter. As stated at the outset, this Order is necessarily narrow in scope. The Court, by its decision contained in this Order, is not addressing the merits, if any, of the allegations contained in Petitioner's Amended Motion and nothing in this Order should be so construed. The Government is fully capable of responding in full to the Petitioner's Amended Motion and will be granted sufficient time to do so.

## O R D E R

**IT IS, THEREFORE, ORDERED THAT**:

1. Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. 146 (sealed) and Doc. 148] filed as a matter of course on March 23, 2023, is **DEEMED** the operative Petition in this action;

2. The Government's Motion to Hold Umaña's March 23 Filing in Abeyance [Doc. 152] is **DENIED** except to the extent that the Government is **ORDERED** to respond to the Petitioner's Amended Petition [Doc. 146 (sealed)] within sixty (60) days;

3. The Government's Motion to Dismiss [Doc. 142 and Doc. 143 (sealed)] is **DENIED** as moot;

4. The Petitioner's Second Motion for Discovery [Doc. 122] and Motion for Leave to File Excess Pages [Doc. 123] are **DENIED** as moot;

5. The Petitioner's Motion for Reconsideration [Doc. 132 (sealed)] is **DENIED** as moot; and

6. The parties' motions to seal [Docs. 126, 134, 136, 138, 144, 149, 151, 161, and 166] are **GRANTED**.

**IT IS SO ORDERED.**
Signed: January 6, 2025

Robert J. Conrad, Jr.
United States District Judge