# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| ALEJANDRO UMAÑA, | : | |
| Defendant / Movant, | : | No. 3:16-CV-00057-RJC |
| | : | (3:08cr134-2) |
| v. | : | (Hon. Robert J. Conrad, Jr.) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondents. | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF MOTION TO SUSPEND THE BRIEFING SCHEDULE AND SET A DISCOVERY PERIOD

Mr. Umaña, through counsel, requests that this Court suspend the briefing schedule to allow him to request leave to conduct discovery before the government responds to the operative § 2255 Motion and in support thereof states the following:

### A.      Relevant procedural history.

Mr. Umaña was convicted and sentenced to death in July 2010. In June 2016, former appellate/habeas counsel filed a timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Convictions and Sentences of a Person in Federal Custody ("Initial § 2255 Motion"), *see* Civ. Doc. 22, and moved for discovery in October 2016, *see* Civ. Docs. 36, 37. In January 2017, this Court denied the government's request to respond to the Initial § 2255 Motion prior to the resolution of Mr. Umaña's discovery motion, finding that it "disagree[d]" with the government's position "that discovery issues should be resolved after substantive ones." Civ. Doc. 47 at 3. The Court denied former appellate/habeas counsel's motion for discovery in support of the Initial § 2255 Motion in March 2022.[1] *See* Civ. Doc. 108.

---

[1] In May 2024, the Court denied Mr. Umaña's Motion for Reconsideration of the March 2022 discovery denial. *See* Civ. Doc. 174.

The government moved to dismiss the Initial § 2255 Motion on March 2, 2023. *See* Civ. Doc. 143. On March 23, 2023, Mr. Umaña filed an as-of-right Amended Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255. *See* Civ. Doc. 146. On January 6, 2025, the Court determined that Mr. Umaña properly exercised his right to amend a pleading under Federal Rules of Civil Procedure 15(a)(1), deemed the 2023 Amended § 2255 Motion the operative motion, and ordered the government to respond to the 2023 Amended § 2255 Motion. Civ. Doc. 179 at 8-10.

**B.      Discovery is an appropriate and necessary next step.**

This Court should follow the rationale of its January 2017 order (Civ. Doc. 47), denying the government's previous request to respond to the merits of Mr. Umaña's claims prior to the resolution of discovery, and set a discovery period in which Mr. Umaña may seek leave to conduct discovery in support of the operative Amended § 2255 Motion.

"It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot." *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011). Because the 2023 Amended § 2255 Motion has been deemed the operative motion, *see* Civ. Doc. 179 at 9, effectively the litigation starts anew. All prior discovery requests and related orders are now moot.

As this Court previously recognized, discovery issues should be resolved before substantive issues. *See* Civ. Doc. 47 at 3. Discovery is the essential next step in this case. Mr. Umaña's Amended § 2255 Motion offers additional support for the claims initially pled in June 2016. As such, it is not a foregone conclusion that this Court would deny any future requests, as it denied previous requests. In addition, the claims, as amended, may support additional requests for

discovery that were not addressed by the prior discovery litigation. Finally, because the superseding Amended § 2255 Motion moots the prior discovery litigation, Mr. Umaña believes it necessary to file a new discovery motion to preserve discovery issues for potential future appellate review.

The Court has ordered the government to respond to the operative 2023 Amended § 2255 motion within sixty days of January 6, 2025. *See* Civ. Doc. 176 at 10. However, Mr. Umaña respectfully suggests that the most appropriate way to proceed at this stage would be for this Court to suspend the government's sixty-day deadline and enter a scheduling order that permits Mr. Umaña to file his discovery requests which, if granted, will produce further proof in support of his claims. This will enable the parties to litigate based on a more complete set of facts and will help prevent piecemeal litigation that would result if new or additional facts come to light during later discovery processes.

Mr. Umaña asks this Court to enter an Order, giving him sixty days from the date of the Order, to file his initial requests for discovery in this case, before setting a schedule for the remaining litigation.

Respectfully submitted,

/s/ *Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: February 11, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

Respectfully submitted,

/s/ *Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: February 11, 2025

4