# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL NO. 3:16CV57

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**RESPONSE IN OPPOSITION TO UMAÑA'S FEBRUARY 2025
MOTION TO SUSPEND THE BRIEFING SCHEDULE
& SET A DISCOVERY PERIOD**

The United States respectfully requests that this Court deny Alejandro Ramirez Umaña's February 11, 2025, motion. (Doc. Nos. 180 & 180–1.) That motion asks this Court to rescind its January 2025 order directing the United States to respond to Umaña's amended 2255 motion. And it asks this Court to reopen the period for Umaña to seek leave to conduct discovery, which the Court scheduled at Umaña's request to begin and end in 2016. Umaña's request comes more than eight years after that period closed, nearly two years after Umaña filed his amended 2255 motion, and more than five weeks after this Court's January order directing the United States to respond. That timing makes Umaña's request inappropriate and demonstrates that he failed to exercise reasonable diligence in making it. Umaña's amended 2255 motion, moreover,

likely fails as a matter of law for multiple reasons, not least because the recent commutation of Umaña's death sentences likely renders his challenges to those sentences moot. Rescinding the opportunity this Court has afforded the United States to respond to Umaña's amended 2255 motion to allow Umaña to litigate a fourth[1] motion for leave to conduct discovery would only waste the resources of the parties and this Court and cause unnecessary delay.

## BACKGROUND

In June of 2016, Umaña filed his motion under 28 U.S.C. § 2255 challenging numerous convictions and his death sentences for four capital offenses related to Umaña's murder of Ruben and Manuel Garcia. The United States' March 23, 2017, response to one of Umaña's prior discovery motions describes the background of Umaña's criminal case and 2255 motion, *Mar. 2017 Response* 3–35 (Doc. No. 50). This Court ordinarily gives 2255 motions "initial consideration" and orders "the United States Attorney to file an answer, motion, or other response" if it believes the motion should proceed. R. Governing § 2255 Proceedings 4(b). The 2255 movant ordinarily may reply, and this process often identifies claims that can be dismissed as a matter of law, which this Court can resolve fully without further proceedings. *See, e.g.*, *Coleman v. United States*, 3:16-CV-440-RJC, 2020 WL 3799196 (W.D.N.C. July 7, 2020); R. Governing

---

[1] *See July 20, 2022, "Second" Mot. for Leave to Conduct Discovery* (Doc. No. (Doc. No. 122, 3:16CV57); *Oct. 21, 2016, Mot. for Leave to Conduct Discovery*, (Doc. No. 37, 3:16CV57); *Apr. 2016 Mot. for Leave to Conduct Discovery* (Doc. No. 13, 3:16CV57).

§ 2255 Proceedings 4 & advisory committee's note (noting that "the response to a Section 2255 motion may be a motion to dismiss").

Discovery, if any, ordinarily occurs after the court has first decided whether the action should be dismissed. *Dupree v. Younger*, 598 U.S. 729, 731 (2023). The movant can seek leave under § 2255 Rule 6 to conduct discovery to marshal evidence in support of claims for which his 2255 motion has made "a prima facie case for relief." *Harris v. Nelson*, 394 U.S. 286, 290 (1969); *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004).

Umaña, however, requested that this Court set a time-limited period for discovery *before* it ordered the United States to respond to the 2255 motion. *Sept. 6, 2016, Order* 2 (Doc. No. 30). Umaña's request meant that the discovery period would begin — and end — before the period in which Federal Rule of Civil Procedure 15(a)(1)(B) allows a litigant to "amend its pleading once as a matter of course." *See Jan. 2025 Order* 2–3 (Doc. No. 179). But Umaña told this Court that he preferred to litigate discovery first, citing efficiency and the value of avoiding piecemeal litigation. *Sept. 6, 2016, Order* 2.

This Court granted Umaña's request to litigate discovery before the United States had its first opportunity to respond to Umaña's 2255 motion. *Id.* On September 6, 2016, this Court ordered that "Umaña shall have forty-five (45) days from entrance of this Order to file a discovery motion in this Court." *Id.* at 3. Umaña had requested "90 days." *Petitioner's Request to Set an Initial Period For Discovery* 1 (Doc. No. 25). But this Court found "the amount of time Umaña

3

request[ed]" to be "excessive." *Sept. 6, 2016, Order* 2. The 45-day period this Court set ended on October 21, 2016.

On October 21, 2016 — the last day of the period this Court set for Umaña "to file a discovery motion," *id.* — Umaña moved for leave to conduct discovery. (Doc. No. 37). Umaña's motion reflected what this Court called the "kitchen-sink approach to seeking discovery" and sought the "perfect example of an improper fishing expedition." *Mar. 2022 Order* (Doc. No. 108). The United States filed a thorough response to Umaña's discovery motion and his 96-page brief, *Mar. 2017 Response* (Doc. No. 50).

The parties litigated Umaña's discovery request for more than five years. *See Order Denying Leave for Discovery* (Doc. No. 108). During that time, Umaña filed a host of other items with this Court. He moved, for example, to recuse Judge Conrad, a motion this Court found "Frivolous." *Mar. 2018 Order* 5 (Doc. No. 76). He unsuccessfully moved to stay his 2255 proceedings indefinitely due to alleged incompetency. *See Sept. 24, 2018 Order* 12 (Doc. No. 85). And he moved for leave to amend or supplement his 2255 motion three times. (Docs. No. 68, 88, 90). This Court granted two of these three amendment requests and another Umaña filed in 2022. *Oct. 2022 Order*, at 55 (Doc. No. 131). But it denied a motion Umaña filed in 2018 (Doc. No. 71) for leave to supplement his 2255 motion with 28 new claims. *Oct. 2022 Order*, at 55. The Court found the claims to be untimely, meritless as a matter of law, or otherwise futile. *Id.* at 5–53.

In March of 2022, this Court denied Umaña's 2016 discovery motion.

4

*Order Denying Leave for Discovery* (Doc. No. 108). Umaña moved for reconsideration. (Doc. No. 113). And in July of 2022 — more than five-and-one-half years after the time this Court set for seeking discovery expired, *Sept. 6, 2016, Order* 2 — Umaña filed another motion for leave to conduct discovery. *July 2022 Disc. Mot.* (Doc. No. 122). He did not obtain this Court's leave to reopen the discovery period.

This Court ordered the United States to respond to Umaña's 2255 motion, *Oct. 2022 Order* at 55, and the United States in early 2023 filed a motion to dismiss. *Mar. 2023 Mot. to Dismiss* (Doc. No. 143). It argued that Umaña's 2255 motion "did not allege cognizable facts that, if proved, would entitle him to relief on any of his claims." *Id.* at 7.

Umaña filed on March 23, 2023, a 592-page "Amended Motion" under § 2255, claiming the right to do so "as a matter of course" under Federal Rule of Criminal Procedure 15(a). *Amended Mot.* (Doc. No. 146, 3:16-cv-0057). After Umaña filed that amended 2255 motion, this Court denied his motion for reconsideration of its earlier order denying leave to conduct discovery. *May 30, 2024, Order* (Doc. No 174, 3:16CV57).

In the first year and 10 months after filing his amended 2255 motion, Umaña did not move this Court to modify its discovery schedule or move for leave to conduct discovery. But he repeatedly asked this Court to order the United States to respond to his amended motion. *Id.* at 591; *Response in Opp. to the Gov't's Mot. to Stay* 24 (Doc. No. 153).

About a year after he filed his amended 2255 motion, Umaña successfully petitioned then-President Biden to commute his death sentences to life imprisonment. On December 27, 2024, former President Biden commuted "the sentences of death imposed" on Umaña to "life imprisonment without the possibility of parole." *Executive Grant of Clemency* 2, *United States v. Ayala*, No. 3:08-CR-134 (W.D.N.C. Dec. 27, 2024) (Doc. No. 1803).

On January 6 of this year, as Umaña requested, *Amended Mot.* 591; *Response in Opp. to the Gov't's Mot. to Stay*, this Court ordered the United States to respond to Umaña's amended 2255 motion, setting a March deadline. *Jan. 2025 Order* 10. Thirty-six days later, Umaña filed the motion currently before this Court to suspend that order. *Feb. 2025 Mot. to Suspend* (Doc. No. 180). He now asks this Court to set aside the discovery-litigation schedule it previously entered at his request and open a new "discovery period." *Id.*

## DISCUSSION

This Court should deny Umaña's motion to set aside the orders scheduling discovery litigation and directing the United States to respond that it entered at Umaña's request. The timing of his request to reopen discovery makes it inappropriate. And Umaña's proposal would waste this Court's resources and cause needless, additional delay.

First, the timing of Umaña's request to reopen discovery makes it inappropriate. As this Court recently explained, this Court generally has discretion to apply the Federal Rules of Civil Procedure in a habeas case. *Jan.*

6

*2025 Order* 2.  And when habeas courts that have, like this Court, previously imposed a scheduling order, they have looked to Rule 16(b)(4) for guidance when deciding whether to modify it.  *See, e.g.*, *United States v. Richardson-Brown*, No. CR 13-243, 2019 WL 6840163, at *2 (E.D. La. Dec. 16, 2019); *Shakir v. United States*, No. 3:17-CV-00001, 2021 WL 694186, at *22 (M.D. Tenn. Feb. 23, 2021). "A schedule may be modified" under that rule "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Fourth Circuit has explained that "the primary consideration" under this rule "is the diligence of the moving party." *Montgomery v. Anne Arundel Cty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006) (unpublished decision).  And it has upheld a district court's determination that no "good cause" existed when the moving party acted "a day after the scheduling order's deadline" and "several weeks" after the point at which the basis for modification "should have been clear" to the moving party's counsel.  *Id.*

Umaña has not demonstrated anything approaching diligence in seeking to reopen discovery.  Umaña's motion to reopen discovery comes more than eight years and five months after the final day this Court set for Umaña to "file a discovery motion in this Court."  *Sept. 6, 2016, Order* 2.  He has not identified any good reason for failing to make his request before that deadline or during the many years that followed.

To the extent Umaña suggests that his timing has something to do with the amended 2255 motion he filed in March of 2023 — nearly two years ago — he does not identify anything close to diligence.  *Cf. Feb. 11, 2025, Mem.* 2 (Doc. No.

180-1). Nothing prevented Umaña from moving for leave to file that amendment in the years that preceded it, or to seek leave to modify or reopen the deadline to file a discovery motion. To the extent the amendment would have been "futile" if filed earlier, the claims it includes would still be untimely or otherwise fail as a matter of law today, *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000), and he would not be entitled to discovery on them. *Order Denying Leave for Discovery*, at 2 (citing *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004) & *Thomas v. Taylor*, 170 F.3d 466, 474–475 (4th Cir. 1999)).[2]

Umaña, moreover, waited more than one year and ten months *after* he filed his amended 2255 motion to move for leave to reopen discovery. And after this Court entered on January 6 its *January 2025 Order* directing the United States to respond, Umaña waited another *five weeks* to move for leave to amend. More time has now passed since this Court's January 6 order than the "forty-five (45)" days this Court granted him "to file a discovery motion" in 2016. *Sept. 6, 2016, Order* 2.

---

[2] Umana has previously invoked a conflict between the attorneys who initially represented him in this 2255 proceeding and the attorneys who represented him during his direct appeal as a justification for various things, including Umana's earlier disregard of this Court's "Scheduling Order regarding the timing of discovery," *Reply ISO Second Motion for Leave to Conduct Discovery*, at 1–2 (Doc. No. 130). But nothing about that conflict could possibly justify the timing of Umana's motion to reopen discovery. Umana has not suggested that planned discovery requests would be limited to the defense attorneys with whom he had a conflict. And Umana's current attorney has now represented Umana for almost eight years. *Mar. 28, 2017, Notice of Appearance* (Doc. No. 55).

If granted, the timing of Umaña's request would, by its terms, disrupt the opportunity this Court's January 6 order gave the United States to prepare its response. *See Feb. 11, 2025, Mem.* 2. And Umaña offers no good explanation for the timing of his request. Whether this Court consults Federal Rule of Civil Procedure 16(b)(4) for guidance or not, the timing of Umana's request makes it inappropriate.

Second, Umaña's proposal would waste this Court's resources and cause needless, additional delay. Even in an ordinary civil case, a party usually "may not seek discovery until after he has not only filed a complaint, but a well-pleaded one." *United States v. Cuya*, 964 F.3d 969, 974 (11th Cir. 2020); *Dupree*, 598 U.S. at 731. The United States has not yet responded to Umaña's amended 2255 motion and this Court has not yet decided whether it meets applicable pleading requirements, which are "more demanding" than in an ordinary civil case. *Folkes v. Nelsen*, 34 F.4th 258, 267 (4th Cir. 2022); R. Governing § 2255 Proceedings 2(b)(1), (2). The forthcoming response this Court has allowed the United States to file will enable this Court to evaluate any challenge to the legal sufficiency of that 592–page motion and determine which, if any, claims require further proceedings. For any claims that are legally insufficient, further litigation about discovery serves no purpose, because "there is no good cause for discovery if the claim fails as a matter of law." *Order Denying Leave for Discovery* 2.

Many, if not all, of Umaña's claims are likely to "fail[] as a matter of law."

9

*Id.* This Court previously found a host of the claims Umaña asserted in his 2016 2255 motion failed as a matter of law. *Id.* at 1–49. And as the United States explained before, Umaña's amended motion does not purport to cure deficiencies in the allegations in that motion or add factual allegations required by the applicable pleading standard. *Mot. hold Mar. 23 Filing in Abeyance* (hereinafter *Abeyance Mot.*), 4–5 (Doc. No. 152). Umaña's amended motion represents that it was brought "*solely* to proffer to this Court additional *evidence* (in the form of witness affidavits, expert reports, and other materials) in support of the *allegations he previously pled.*" *Abeyance Mot.* 4 (quoting *Amended Mot.* 4). It repeats allegations from the February 2018 proposed amendment this Court denied Umaña leave to file. *Id.* And it repeats "substantially verbatim," *Amended Mot.* 22, a claim challenging Umaña's convictions under 18 U.S.C. § 924(c) that this Court recently held foreclosed by "binding circuit precedent," *Aug. 2024 Order* 1 (Doc. No. 178) (citing *United States v. Tipton*, 95 F.4th 831, 847 (4th Cir. 2024)).

Most notably, former President Biden commuted Umaña's death sentences. *Executive Grant of Clemency* 2. That commutation order likely renders the majority of Umaña's nearly 600-page amended 2255 motion moot. *United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017) (en banc). Much of the amended motion challenges the constitutionality of Umaña's prior death sentences, which are no longer in effect. The clemency order supplies another reason why many of Umana's claims likely fail as a matter of law. And it

10

establishes that this Court is likely "*without jurisdiction*" to consider them. *Blount v. Clarke*, 890 F.3d 456, 463 (4th Cir. 2018) (emphasis in original).

A decision rescinding the United States' opportunity to respond to Umaña's amended 2255 motion to allow Umaña to file a fourth discovery motion would portend years of litigation about discovery in support of deficient claims over which this Court lacks jurisdiction. That litigation would serve no purpose, because no amount of "further proof," *Feb. 2025 Mem* 3, will save claims that would not "entitle him to relief" even "if proved." *Townsend v. Sain*, 372 U.S. 293, 312 (1963); *Hill v. Ozmint*, 339 F.3d 187, 201 (4th Cir. 2003); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Additional discovery litigation at this stage would, however, needlessly delay the United States' right to "defend its judgment," *Sept. 2018 Order* 11 (Doc. No. 85, 3:16CV57), and waste resources of both parties and this Court, likely for years. This proceeding has been underway already for nine years, and under Umaña's proposal, "the litigation starts anew." *Feb. 2025 Mem.* 2.[3]

Umaña's assertion that he should litigate discovery before the United States responds disregards the fact that he already did. This Court gave Umaña a full and fair opportunity to "file a discovery motion in this court." *Sept. 6, 2016,*

---

[3] Umana's motion misapprehends the effect of an amended "pleading." *Feb. 2025 Mem.* 2. An amended "complaint" supersedes prior "complaints." *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). It does not nullify *all* that occurred before, including discovery decisions and scheduling orders. *See id.* at 501.

*Order*.  The parties fully litigated that discovery motion, following the schedule that Umaña proposed, which called for discovery litigation to begin — and end — before the time for filing a Rule 15(a)(1)(B) amendment.  Umaña has given this Court no good reason to revisit the discovery schedule it entered at his request.

## CONCLUSION

Umaña has given this Court no good reason to reopen the discovery period it set at his request or to rescind its order directing the United States to respond to his 2255 motion.  The United States, therefore, respectfully requests that this Court deny Umaña's motion.

RESPECTFULLY SUBMITTED, this 25th day of February, 2025.

LAWRENCE J. CAMERON
ACTING UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

## <u>ARTIFICIAL-INTELLIGENCE CERTIFICATION</u>

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and citation of an authority contained in this document has been checked by an attorney or a paralegal working at his direction as to the accuracy of the proposition for which it is offered, and the citation of authority provided

> s/ANTHONY J. ENRIGHT
> Assistant United States Attorney

13

## CERTIFICATE OF SERVICE

I certify that on this 25th day of February, 2025, I caused a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing.

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

14