**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| ALEJANDRO UMAÑA, | : | |
| Defendant / Movant, | : | No. 3:16-CV-00057-RJC |
| | : | (3:08cr134-2) |
| v. | : | (Hon. Robert J. Conrad, Jr.) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondents. | : | |
| | : | |

**MOVANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO THE FEBRUARY 2025 MOTION TO SUSPEND THE BRIEFING SCHEDULE AND SET A DISCOVERY PERIOD**

Movant Alejandro Umaña, through undersigned counsel, respectfully submits this Reply to the government's Response in Opposition to the February 2025 Motion to Suspend the Briefing Schedule and Set a Discovery Period, Civ. Doc. 181 ("Gov.'s Disc. Opp."). This Court should reject the government's arguments for the following reasons:

**A. The government fails to acknowledge the effects of this Court's January 2025 Order.**

The government's objection is premised upon a fundamental failure to acknowledge the effect this Court's January 2025 Order (Civ. Doc. 179). This Court's Order, in conjunction with the Federal Rules of Civil Procedure, make clear that all prior litigation of discovery is moot now that the March 2023 amended § 2255 motion has been deemed the operative motion in this matter. *See* Civ. Doc. 179 at 9-10; *cf. Manning v. DVA Well Path Correct Care Sols.*, No. 1:20CV8, 2021 WL 11140671, at *4 (M.D.N.C. Jan. 14, 2021) ("Allowing Plaintiff's Amended Complaint to stand would effectively restart discovery in this matter . . . .").[1] What the government portrays as

---

[1] *Goodman v. Diggs*, 986 F.3d 493 (4th Cir. 2021), is inapposite and lends no support to the government's argument. *Contra* Gov.'s Disc. Opp. at 11 n.3. In that case, the effect of an amended complaint on prior discovery litigation was not at issue. *See Goodman*, 986 F.3d at 498. Rather, in a *pro se* 1983 action, the

1

a "waste [of] this Court's resources and . . . needless, additional delay," Gov.'s Disc. Opp. at 6, is simply the litigation that occurs when a petitioner's amended § 2255 motion has been accepted as operative. Contrary to the government's argument, an amended § 2255 motion should be afforded the same discovery procedures as those afforded to an initial § 2255 motion—regardless of the number of years the proceeding has been underway.

**B.     The timing of Mr. Umaña's request was appropriate.**

The government alleges that the timing of Mr. Umaña's request to set a discovery period was "inappropriate" and the result of his "fail[ure] to exercise reasonable diligence," Gov.'s Disc. Opp. at 1. The government complains that the request is more than eight years and five months after the final day this Court set for Mr. Umaña to file a discovery motion, and nearly two years after the filing of the March 2023 amended § 2255 motion. *See* Gov's Disc. Opp. at 7. This version of the procedural history places emphasis on irrelevant passages of time and ignores what was in fact occurring during those time periods.

In reality, Mr. Umaña made his request to set a discovery period at the only time such request was appropriate: soon after the parties were informed that the March 2023 Amended § 2255 Motion is the operative § 2255 motion. *See* Civ. Doc. 179 at 9. Any requests to conduct discovery as it related to the March 2023 Amended § 2255 Motion before this Court's January 2025 order would have been premature as the posture of that amended § 2255 motion was unknown. And while perhaps not the "ordinar[y]" order of procedures, *see* Gov's Disc. Opp. at 3 (citing *Dupree v. Younger*, 598 U.S. 729, 731 (2023)), this is the order of procedures this Court has decided to take in Mr. Umaña's case, Civ. Doc. 30 at 2 (setting an initial discovery period

Court reiterated that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes" and considered the evidentiary value of an unverified amended complaint. *Id.* (emphasis omitted) (internal quotation marks omitted).

before the government was required to file a responsive pleading for efficiency purposes); Civ. Doc. 47 at 3-4 ("disagree[ing] that discovery issues should be resolved after substantive ones" and denying the government's request to respond to initial § 2255 motion before responding to discovery requests). The government is unable to cite to any reason why this Court should now alter its procedures and abandon the most efficient course forward.

On the whole, the government's current argument is contradictory to its prior arguments and seeks to place Mr. Umaña in an untenable position. The government opposes Mr. Umaña's request by suggesting that Mr. Umaña should have requested leave for discovery based on the March 2023 Amended § 2255 Motion at an earlier time. *See* Gov's Disc. Opp. at 7. However, the government previously refused to even acknowledge that the amended motion is a properly filed amended § 2255 motion. *See* Civ. Doc. 152 at 5. In its Motion to Hold Umaña's March 23 Filing in Abeyance, Civ. Doc. 152, the government called the now operative March 2023 Amended § 2255 Motion merely a "document" captioned as an amended motion, Civ. Doc. 152 at 3, and requested that this Court hold the "document" in abeyance until deciding the government's Motion to Dismiss the initial 2016 § 2255 motion, *id.* at 11-12. Had Mr. Umaña sought leave to seek discovery following the filing of the March 2023 Amended § 2255 Motion, the government most likely would have argued that this request was "inappropriate" as premised upon a "document" with no legal bearing.

**C. The government asserts unfounded conclusions.**

The government also argues that Mr. Umaña's request should be denied because "[t]his Court previously found a host of the claims [Mr.] Umaña asserted in his 2016 [§] 2255 motion failed as a matter of law." Gov.'s Disc. Opp. at 10-11 (citing Order Denying Leave for Discovery, Civ. Doc. 108 at 1-49). The government again disregards the effect of this Court's January 2025

Order. The initial 2016 § 2255 motion—and the orders entered related to that motion—no longer have any bearing in these proceedings. This Court has already determined that the March 2023 Amended § 2255 Motion is sufficiently different from the initial 2016 § 2255 Motion such that it denied the government's request to "assess and determine what arguments contained in the government's Motion to Dismiss should apply to which allegations contained in the Petitioner's Amended Motion," Civ. Doc. 179 at 9. Just as this Court has directed the government to respond to the amended arguments made in the March 2023 Amended § 2255 Motion, Mr. Umaña should have the opportunity to seek discovery to further prove the allegations contained in the March 2023 Amended § 2255 Motion. Indeed, for this exact reason, the Second Motion for Leave to Conduct Discovery—based upon the claims in the initial 2016 § 2255 Motion and the rejected 2018 amended § 2255 motion—was denied as moot, Civ. Doc. 179 at 10, as this Court should not have to "assess and determine what arguments contained in" those motions apply to the now operative March 2023 Amended § 2255 Motion.

Finally, the government accuses Mr. Umaña of wasting resources by seeking discovery on penalty-phase claims now rendered moot by former President Biden's commutation. *See* Gov.'s Disc. Opp. at 10-11. The government makes this claim without any knowledge of what materials Mr. Umaña will seek in discovery. Mr. Umaña only intends to seek discovery on claims that remain in active litigation following his commutation.

For all of the foregoing reasons, this Court should reject the government's arguments and grant Mr. Umaña's Motion to Suspend the Briefing Schedule and Set a Discovery Period.

Respectfully submitted,

<u>/s/</u> *Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: March 4, 2025

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

Respectfully submitted,

/s/ *Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: March 4, 2025

6