IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57

ALEJANDRO RAMIREZ UMAÑA,       )
                                )
        Movant,                 )
                                )
vs.                             )
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )
_____ )

**REPLY IN SUPPORT OF MOTION TO DISMISS
ALEJANDRO UMAÑA'S 2023 AMENDED 2255 MOTION**

Alejandro Ramirez Umaña's March 2023 amended motion under 2255,

*Amended Mot.* (Doc. No. 146), and the record of Umaña's criminal case and direct

appeal, conclusively show that Umaña is entitled to no relief. Although Umaña's

January 2 response exceeds 200 pages, *Jan. 2026 Response* (Doc. No. 193), it does

not identify anything that ought to complicate this Court's decision to wholly

dismiss or deny the amended 2255 motion. Umaña appropriately concedes that

his claims pertaining "solely to his death sentences" are "moot." *Jan. 2026*

*Response* 27, 133; *Mot. to Dismiss* 25 (Doc. No. 187). Umaña's convictions call for

a sentence of at least life imprisonment — the sentence he asked for and is

currently serving. *Mot. to Dismiss* (Doc. No. 187), at 10, 16, 36. And the evidence

of Umaña's guilt of murder in aid of racketeering, possession of a firearm in

furtherance of a crime of violence, participation in a racketeering conspiracy, and the other crimes of which he was convicted, was overwhelming — a fact that nothing alleged in his motion would change. *See Mot. to Dismiss* 1–2, 13–16, 75–76.

Despite Umaña's effort to complicate it, *cf. Jan. 2026 Response* 8–18, the standard this Court should use to evaluate the question before it is straightforward: Does Umaña's amended 2255 motion allege cognizable "facts that, if proved, would entitle him to relief." *Mot. to Dismiss* at 1, 21–23, 126. Because the answer is no, for the reasons explained in the *Motion to Dismiss*, this Court should dismiss or deny Umaña's amended 2255 motion.

Umaña bases his attempt to defend his amended 2255 motion on at least four faulty premises, several of which he has repeated throughout this litigation. Despite his concession, he contends erroneously that some of his challenges to his now-commuted death sentences are not moot. He ignores the heightened pleading standard for § 2255 motions. He relies on allegations that do not appear in his § 2255 motion. And he improperly asks this Court to ignore its prior decision about the legal sufficiency of many of his claims.

### 1. The claims identified in the *Motion to Dismiss* are moot.

First, Umaña contends erroneously that some of his claims challenging his death sentences are not moot or "arguably not moot." *Cf. Jan. 2026 Response* 28–30. As the *Motion to Dismiss* explains, Umaña's claims 1, 3, 4, 5, 6, 9, 10, 12, 13, 14, 19, 23, 24, 25, and 28 are moot in their entirety. *Mot. to Dismiss* 25, 35–37,

2

50–53, 67, 72–73, 81–82.  And parts of claims 2, 7, 8, 11, 16, 26, 27, 29, 30, and many of Umaña's theories of ineffective assistance of appellate counsel are also moot.  *See Mot. to Dismiss* 37–40, 48, 59–60, 71, 74, 84, 110.  For the most part, Umaña agrees.  *See Jan. 2026 Response* 27–28.  And he agrees that "this Court should not (and cannot) currently address them."  *Id.* at 28, 135.[1]

Umaña contends that a few of the claims the *Motion to Dismiss* identifies as moot are not, because, in his view, they do not "pertain solely to the penalty phase" of his criminal case.  *Id.* at 28–30.  He contends that "Claims III, IV, VI.C, and VII.B are arguably not moot."  *Id.* at 30.  And he contends that "Claims XIV, XVI, and XXVI" are not moot, even in part.  *Id.*  Umaña is not correct.

"Claims III, IV, VI.C, and VII.B," *id.*, are moot because they challenge this Court's determination under *Atkins v. Virginia,* 536 U.S. 304, 321 (2002), that Umaña is not intellectually disabled or mentally retarded[2]  and was therefore

---

[1] The *Motion to Dismiss* identifies several additional reasons why these claims would fail as a matter of law if not moot, as does this Court's *March 2022 Order Denying Leave for Discovery* (Doc. No. 108); the United States' *March 2017 Response to Umaña's Motion for Leave to Conduct Discovery* (Doc. No. 52); and the United States' *March 2023 Motion to Dismiss* (Doc. No. 143).  This reply does not attempt to respond to the scores of pages Umaña's *January 2026 Response* devotes to claims Umaña agrees are "moot" and agrees that "this Court should not (and cannot)" address on the merits.  *See Jan. 2026 Response* 135–192.  If this Court would like additional briefing about these claims, however, the United States would be happy to provide it.

[2] After Umaña's trial, the Supreme Court and Congress adopted the term "intellectual disability." *Hall v. Florida,* 572 U.S. 701, 705 (2014).  "[M]ental retardation" and "intellectual disability" are different terms for an "identical phenomenon." *Id.*

3

eligible "for the death penalty." *Mot. to Dismiss* 12–13. Claim 3 alleges that the performance of Umaña's attorneys was constitutionally deficient "at the pretrial *Atkins* hearing" at which this Court determined whether Umaña could "constitutionally be executed." *Amended Mot.* 157. Claim 4 challenges this Court's *Atkins* decision directly, alleging that Umaña's "execution" would violate the Eighth Amendment under *Atkins*. *Id.* at 168–180. Claim 6.C alleges that the "Government did not comply with its obligation to disclose material mitigation information *for purposes of the penalty phase*." *Id.* at 254 (emphasis added). It alleges that the information was "material to the pretrial hearing on *Atkins*." *Id.* at 265. And claim 7.B alleges that the government failed to correct false information "[d]uring the *Atkins* hearing." *Id.* at 267. Umaña's "*Atkins*-related claims," *Jan. 2026 Response* 29–30, are moot.

By their terms, claims 3, 4, 6.C and 7.B challenge only Umaña's now-commuted death sentences. As Umaña's motion reflects, the only issue before the court at the *Atkins* hearing was whether Umaña could "constitutionally *be executed*." *Amended Mot.* 157 (emphasis added); *Mot. to Dismiss* 12–13. The "mental deficiencies" at issue in an *Atkins* determination "do not absolve an offender of criminal sanctions"; they only make him ineligible for the penalty of "death." *Amended Mot.* 157; *Atkins*, 536 U.S. at 306.

If this Court had resolved the *Atkins* issue differently, its decision would not have affected Umaña's convictions or the life sentences he is currently serving. Because relief on these claims would not call for this Court "to vacate,

4

set aside or correct" Umaña's "sentence," 28 U.S.C. § 2255(a), this Court "lack[s] the authority to grant [Umaña] 'any effectual relief whatever'" on them, *Blount v. Clarke*, 890 F.3d 456, 462 (4th Cir. 2018).  They are, therefore, moot.  *Id.*; *Mot. to Dismiss* 36–37, 73, 81, 84, 125–126.

The portion of Umaña's amended claim 4 challenging his appellate attorneys' handling of his direct appeal of this Court's pretrial *Atkins* ruling, *Amended Mot.* 177, is also moot.  *Mot. to Dismiss* 125–126.  The remedy for ineffective assistance of appellate counsel is a "belated appeal on the issue that counsel ineffectively failed to present."  *Id.*  Because the *Atkins* issue is moot, any appeal of that issue would be also.  *Id.*  So this court cannot grant any effectual relief on Umaña's claim challenging his appellate counsel's handling of this Court's *Atkins* decision about his death-penalty eligibility.  *Id.*

That a different claim — "Claim II.F" — is not moot, does not save Umaña's "*Atkins*-related claims" from mootness.  *Cf. Jan. 2026 Response* 29–30.  Claim 2.F. alleges that Umaña's trial attorneys were deficient for omitting to introduce mental-health evidence during the "guilt-innocence" phase to "demonstrate that he lacked the *mens* rea" for murder.  *Amended Mot.* 155–157.  As Umaña acknowledges, "the determination that" he "is asking this Court to make in Claim II.F. is simply a different issue than that which was before the court at the *Atkins* hearing."  *Cf. Jan. 2026 Response* 29.  This Court should dismiss Umaña's *Atkins* related claims as moot because those claims challenge his now-commuted death sentences.  *Mot. to Dismiss* 36–37, 51, 73, 81, 84, 125–

126. It should dismiss Claim II.F. because it fails as a matter of law for other reasons described in the *Motion to Dismiss*. *Mot. to Dismiss* 38–39.

Umaña's claims 14, 16, and 26 are also moot to the extent they challenge Umaña's death sentences. *Cf. Jan. 2026 Response* 10. Claim 14 alleges that Umaña's attorneys permitted a violation of the "*Witherspoon-Witt* rule," *Amended Mot.*, 361–362, 366, which ensures "[c]apital defendants" the "right to be *sentenced* by an impartial jury," *Uttecht v. Brown*, 61 U.S 1, 22 (2007) (emphasis added). *Mot. to Dismiss* 52–53. Claim 16 alleges that Umaña's attorneys omitted adequately to voir dire jurors about their ability "to fairly consider any mitigating evidence." *Amended Mot.* 403. Supreme Court precedent establishes that this kind of error affects only a capital sentence, *Mot. to Dismiss* 59–60, and Umaña does not appear to disagree, *see Jan. 2026 Response* 43. And Claim 26 alleges that Umaña's attorneys failed to conduct an adequate "mitigation investigation" into Umaña's Guatemalan background, *Amended Mot.* 544–550, allegations that necessarily challenge the death sentences this evidence would purportedly mitigate.

Parts of each of these claims challenge Umaña's now-commuted death sentences. Those parts are moot. *Mot. to Dismiss* 25–26. The *Motion to Dismiss*, moreover, offers several additional reasons why each of the claims Umaña contends is not moot fails as a matter of law. Even if it agrees with Umaña about mootness, this Court should dismiss Umaña's 2255 motion in its entirety.

6

### 2. Umaña's amended 2255 motion required heightened pleading.

Second, Umaña's response ignores that his 2255 motion is subject to dismissal to the extent it does not allege cognizable facts that, if proved, would entitle him to relief. *Mot. to Dismiss* 21–25. A motion under section 2255 must, among other things, "specify all the grounds for relief available to the moving party." R. Governing § 2255 Proceedings 2(b)(1). And it must "state the facts supporting each ground." R. Governing § 2255 Proceedings 2(b)(2). These requirements are "more demanding" than the notice-pleading requirements of Federal Rule of Civil Procedure "8(a), applicable to ordinary civil proceedings." *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Folkes v. Nelsen*, 34 F.4th 258, 267 (4th Cir. 2022). They required Umaña to "plead with particularity." *Mayle*, 545 U.S. at 656.

The decisions on which Umaña relies, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009), confirm that, even in ordinary civil proceedings, a complaint cannot survive a "motion to dismiss" unless it complies with the applicable pleading standard. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. But those decisions address "the standard necessary to comply with Rule 8" of the ordinary civil rules. *Iqbal*, 556 U.S. at 683. They do not describe the "more demanding" standard of Rule 2 of the Rules Governing § 2255 Proceedings, which controls Umaña's 2255 motion.

7

*See Mayle*, 545 U.S. at 655.[3]

Even after four amendments, Umaña does not seriously contend that his motion meets the "heightened pleading requirements" that "habeas corpus petitions must meet." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). His attempt to defend the sufficiency of his claims relies almost entirely on the lower standard of *Iqbal* and *Twombly*. But repeating the incorrect standard across more than 200 pages does not make it correct. And Umaña's amended motion would not survive the standard of *Iqbal* and *Twombly* in any event. The problem with his motion at this stage is not that the "proof" of the "facts" it alleges "is improbable." *Cf. Jan. 2026 Response* 15 (quoting *Twombly*, 550 U.S. at 556). The problem is that the cognizable facts the motion alleges would not entitle Umaña to relief even "if proved." *Mot. to Dismiss* 1.

### 3. Facts entitling Umaña to relief must appear in Umaña's amended motion.

A third faulty premise of Umaña's response is his mistaken assertion that sufficient allegations need not appear in "[t]he motion" under 2255. R.

---

[3] The *Motion to Dismiss* cites, as appropriate, decisions about petitions for writs of habeas corpus under 28 U.S.C. § 2254. *Cf. Jan. 2026 Response*, at 10–12. Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023). And comparable provisions from the different kinds of post-conviction actions are often "read in pari materia." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). The rules governing 2255 proceedings contain the "more demanding" pleading standard that appears in the rules governing habeas-corpus proceedings. *Compare Mayle*, 545 U.S. at 655, *with* R. Governing § 2255 Proceedings 2(b)(1), (2). Umaña, notably, also relies on habeas corpus decisions, including *Mayle*. *See Jan. 2026 Response*, at 111.

Governing § 2255 Proceedings 2(b); *cf. Jan. 2026 Response* 10, 16. The "grounds for relief available to the moving party" and "the facts supporting each ground" all must appear in "[t]he motion." R. Governing § 2255 Proceedings 2(b); *Mot. to Dismiss* 34–35. Further proceedings, such as an evidentiary hearing, are to "test the truth of facts *already alleged in the habeas petition*." *Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005) (emphasis added); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (hearing is vehicle "to prove *the petition's factual allegations*, which, if true, would entitle the applicant to federal habeas relief" (emphasis added)). Even the decisions about ordinary civil litigation on which Umaña improperly relies hold that the "complaint" itself must contain "sufficient factual matter" to "survive a motion to dismiss." *Iqbal*, 556 U.S. at 678. A civil case ordinarily does not "advance[] to discovery," "summary judgment," or "trial" if the "complaint" fails "to state a claim upon which relief can be granted." *Dupree v. Younger*, 598 U.S. 729, 731 (2023).

This Court "must consider" Umaña's claims "as they are presented in the petition." *Folkes*, 34 F.4th at 269; R. Governing 2255 Mot. 2(b). If proving "the petition's factual allegations" would serve no purpose because they would not entitle the prisoner to relief if proved, *Schriro*, 550 U.S. at 474, dismissal is appropriate, *Jones*, 401 F.3d at 269 (affirming dismissal).

Umaña is correct that this Court may consider the allegations in his 2255 motion alongside the "record of *prior* proceedings" in his underlying criminal case, R. Governing § 2255 Proceedings 4(b) (emphasis added), but that record is

9

not what Umaña relies upon to defend his 2255 motion. Umaña instead asks this Court to rely on a host of lengthy documents he filed years after his statute of limitations expired in June of 2016. He asks this Court to rely, for example, on the 221–page proposed amendment he sought leave to file in February of 2018. *Jan. 2026 Response* 68, 98, 109, 117 (citing Doc. No. 71). This Court expressly denied Umaña leave to file that amendment. *Oct. 11, 2022, Order* (Doc. No. 131), at 55. He asks this Court to rely on a 1827–page collection of documents he filed on March 24, 2023, 22 days after the United States filed its original motion to dismiss.[4] *Jan. 2026 Response* 2–3, 48, 55–64, 67–70, 72–78, 90–91, 96–100, 109, 112, 114, 116, 122, 130, 131, 138, 141–142, 145–146, 148, 152, 153, 158, 159, 163, 167, 168, 177, 185, 189, 191–192 (citing Doc. No. 150). He asks this Court to rely on a motion he filed to stay his 2255 proceedings indefinitely, *id.* at 68, 98, 109, 117, 131 (citing Doc. No. 82) — a motion this Court denied. *Sept. 24, 2018, Order* (Doc. No. 85). And he asks this Court to rely on thousands of pages of attachments to memoranda he filed in support of an August 2023 motion to expand the record. *Jan. 2026 Response* 1 (citing Docs. No. 163–165).[5] None of

---

[4] Umaña filed this document outside of the 21-day window in which he has claimed an entitlement under Federal Rule of Civil Procedure 15(a)(1)(B) to file his amended 2255 motion without this Court's leave. *See Amended Mot.* 2–3; Fed. R. Civ. P. 15(a)(1).

[5] "[E]xpansion of the record" is a discretionary measure "the judge can direct" to "enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." *Blackledge v. Allison*, 431 U.S. 63, 81–82 (1977). A request is premature before the Court has determined whether a 2255 motion should be "dismissed on the

10

these materials are what counts — "[t]he motion."  R. Governing § 2255 Proceedings 2(b).

To add content to his 2255 "motion" years after the statute of limitations has passed, R. Governing 2255 Mot. 2(b), Umaña must obtain this Court's leave or otherwise comply with the requirements of Federal Rule of Civil Procedure Rule 15.  *See Mayle,* 545 U.S. at 655; *Folkes*, 34 F.4th at 268 n.8.  Umaña acknowledges that Rule 15 regulates amendments to his 2255 motion.  *Amended Mot.* 2.  Yet the materials outside of the amended motion he asks this Court to rely on do not comply with that rule.  The rule's limitations — and this Court's orders applying it, *e.g.*, *Oct. 11, 2022, Order*, at 55 — would have little meaning if Umaña could file documents whenever he wants, without limits or leave from this Court, and have the contents of those documents treated like part of his 2255 motion.[6]

Umaña's 201–page response does not identify any facts in his amended 2255 motion that, if true, would entitle Umaña to relief.  This Court should, therefore, dismiss or deny that motion in its entirety.

---

pleadings."  *Id.*; R. Governing § 2255 Proceedings 7(a).  And expansion is not a substitute for the requirement that a motion contain "facially adequate allegations."  *Blackledge*, 431 U.S. at 82 n.25.  *See Response in Opposition to Mot. to Expand the Record* (Doc. No. 167), at 1–3.

[6]  Nothing indicates that facts appearing outside of Umaña's amended 2255 motion would entitle him to relief if proved.  But the motion to dismiss currently before this Court does not call upon it to sift through the thousands of pages Umaña has filed and evaluate the sufficiency of their contents.

11

### 4. This Court has already rejected many of Umaña's claims.

A fourth faulty premise of Umaña's response is his assertion that this Court's *March 2022 Order*, which determined many of the claims in his 2255 motion to be meritless as a matter of law, does not "exist[]." *Cf. Jan. 2026 Response* 26–27. This Court addressed the legal sufficiency of many of Umaña's claims in that order, which denied Umaña's motion for leave to conduct discovery. *March 2022 Order* (Doc. No. 108). Umaña invited this Court to evaluate the "legal sufficiency" of those "particular claim[s]" in response to his discovery motion. *Dec. 2016 Response* (Doc. No. 43), at 1, 9. The parties litigated, *see United States' March 2017 Response to Umaña's Motion for Leave to Conduct Discovery* (Doc. Nos. 50, 52), and this Court considered their sufficiency because a party is not entitled to discovery for a claim that "fails as a matter of law." *March 2022 Order* (Doc. No. 108), at 2; *see Dupree*, 598 U.S. at 731 (explaining that an ordinary civil case "advances to discovery" after the court determines that the complaint states a claim).

This Court's *March 2022 Order* appropriately decided that Umaña's original 2255 motion failed to allege facts that, if proved, would entitle Umaña to relief on a number of his claims in whole or in part, including claims 1–17, 11, 13–15, 16, 18, 19, 21, 23, and 25. *Id.* Umaña filed his amended motion in March of 2023. But the amended motion, by its terms, included "the same 30 Claims that were included in the *Initial 2255 Motion*," in addition to a few others. *Amended Mot.* 3.

12

This Court's rulings about the 30 claims that appeared in Umaña's original 2255 motion applies with equal force to "the same 30 Claims" in Umaña's amended motion. *Mot. to Dismiss* 26–27. The amended motion represents that it was filed "solely to proffer to this Court *additional evidence* (in the form of witness affidavits, expert reports, and other materials) in support of the allegations he previously pled." *Amended Mot.* 4 (emphasis added). To the extent the factual allegations "previously pled" and addressed by this Court would not entitle Umaña to relief even if proved, dismissal of those claims is appropriate, regardless of what "evidence" exists to prove them. *Mot. to Dismiss* 27. Umaña now asserts that, beyond "add[ing] evidentiary support to the allegations," his amended motion also "addresses several of the government's default arguments." *Jan. 2026 Response* 26. This assertion is a red herring at best, because none of this Court's March 2022 rulings about Umaña's claims turned on the Government's default arguments. *Mar. 2022 Order* (Doc. No. 108) at 54 n.13. To the extent this Court previously decided issues that are now before this Court on the United States' *Motion to Dismiss*, there is no reason that this Court's prior analyses would "no longer appl[y]." *Cf. Jan. 2026 Response* 26.

Umaña offers no support for his contention that his filing of the 2025 amended motion rendered this Court's prior, fully litigated discovery ruling "of no effect." *Jan. 2026 Response* 2026 (quoting *Mitchell v. City of Charlotte*, No. 3:23-CV-6, 2023 WL 3046076, at *1 (W.D.N.C. Apr. 21, 2023)). The decision he quotes states that an "amended pleading" renders the "original *pleading* of no effect."

*Mitchell*, 2023 WL 3046076, at \*1 (emphasis added).  The original "pleading" means the original "Complaint."  *Id.*  It does not mean decisions by this Court about discovery.  *See* Fed. R. Civ. P. 7(a).  This Court, moreover, well after Umaña filed his amended 2255 motion, addressed a request by Umaña to reconsider its *March 2022 Order*.  M*ay 2024 Order* (Doc. No. 174).  The Court denied the request on the merits, holding that Umaña failed to show "any clear error" in the *March 2022 Order*.  *May 2024 Order* 21.  The Court's decision and 21–page analysis of his reconsideration request would make no sense if Umaña's amended 2255 motion had rendered the *March 2022 Order* without effect.  *Id.* at 1–21.

This Court in its *March 2022 Order* decided that many of Umaña's claims fail as a matter of law, and "that decision should continue to govern the same issues in subsequent stages in the same case."  *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009).  If the order had no formal legal significance under the law-of-the-case or other doctrine, moreover, its analysis would remain *correct*.  This Court's thorough, well-reasoned, 54–page opinion was the product of years of litigation, and it received further attention after Umaña's motion for reconsideration.  This Court should apply its March 2022 analysis to Umaña's amended 2255 motion and dismiss its claims to the extent the Court has determined that they fail as a matter of law.

For the reasons explained in this Court's *March 2022 Order* and the United States' *Motion to Dismiss*, all of Umaña's claims fail as a matter of law

14

when evaluated under the applicable rules.  The cognizable facts that Umaña's 2255 motion alleges, even if proved, would not entitle Umaña to relief.  As the United States' motion explains, § 2255 affords "an extraordinary remedy designed 'to correct real and obvious wrongs.'"  *Mot. to Dismiss* 126 (quoting *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999)).  If Umaña's 2255 motion, after four amendments, contained facts that would establish any such wrongs, Umaña would have little reason to ask this Court to dig through thousands of other pages in search of a legally sufficient claim.  The United States respectfully requests that this Court dismiss Umaña's amended 2255 motion.

RESPECTFULLY SUBMITTED, this 8th day of January, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

15

## ARTIFICIAL-INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and citation of an authority contained in this document has been checked by an attorney or a paralegal working at his direction as to the accuracy of the proposition for which it is offered, and the citation of authority provided.

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 8th day of January, 2026, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

2