IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV57

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONSE IN OPPOSITION TO UMAÑA'S FOURTH
MOTION FOR LEAVE TO CONDUCT DISCOVERY**

The United States respectfully requests that this Court deny Alejandro

Ramirez Umaña's February 13, 2026, motion, which is his fourth motion for leave

to conduct discovery in this 2255 proceeding.[1]  (Doc. No. 197) (hereinafter "*Mot.*")

First, Umaña's motion is untimely.  He filed it years after the October 2016

deadline for discovery motions, which this Court established at Umaña's request.

Second, this Court has already considered Umaña's request for discovery, it has

determined that Umaña is not entitled to discovery, and it has denied Umaña's

request for reconsideration of that decision.  Umaña's latest motion constitutes

an improper further attempt to relitigate issues that this Court already

---

[1] *See July 20, 2022, "Second" Mot. for Leave to Conduct Discovery* (Doc. No. (Doc. No. 122); *Oct. 2016 Mot. for Leave to Conduct Discovery*, (Doc. No. 37); *Apr. 2016 Mot. for Leave to Conduct Discovery* (Doc. No. 13).

considered or that Umaña should have presented in his earlier discovery motion. Finally, Umaña's motion seeks discovery in support of claims that fail as a matter of law for multiple reasons. This Court should not allow Umaña to seek untimely reconsideration of his entitlement to discovery in support of claims that fail as a matter of law, let alone do so before this Court has decided the pending motion to dismiss Umaña's amended 2255 motion. *See 2025 Mot. to Dismiss* (Doc. No. 187).

## BACKGROUND

In June of 2016, Umaña filed his motion under 28 U.S.C. § 2255 challenging numerous convictions and his death sentences for four capital offenses related to Umaña's murder of Ruben and Manuel Garcia. The United States' March 23, 2017, response to one of Umaña's prior discovery motions, *Mar. 2017 Response* 3–35 (Doc. No. 50), and the motion to dismiss Umaña's amended 2255 motion the United States filed last year, *2025 Mot. to Dismiss*, at 2–21, describe the background of Umaña's criminal case and 2255 motion. This Court ordinarily gives 2255 motions "initial consideration" and orders "the United States Attorney to file an answer, motion, or other response" if it believes the motion should proceed. R. Governing § 2255 Proceedings 4(b). The 2255 movant ordinarily may reply, and this process often identifies claims that can be dismissed as a matter of law, which this Court can resolve fully without further proceedings. *See, e.g., Coleman v. United States*, 3:16-CV-440-RJC, 2020 WL 3799196 (W.D.N.C. July 7, 2020); R. Governing § 2255 Proceedings 4 & advisory

2

committee's note (noting that "the response to a Section 2255 motion may be a motion to dismiss").

Discovery, if any, ordinarily occurs after the court has first decided whether the action should be dismissed. *Dupree v. Younger*, 598 U.S. 729, 731 (2023). The movant can seek leave under Rule 6 of the Rules Governing § 2255 Proceedings to conduct discovery to marshal evidence in support of claims for which his 2255 motion has made "a prima facie case for relief." *Harris v. Nelson*, 394 U.S. 286, 290 (1969); *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004); *Order Denying Leave for Discovery* (Doc. No. 108), at 2. The motion for discovery must, among other things, specify the requested documents and establish that they are material to one or more of the claims in his motion. *Order Denying Leave for Discovery* (Doc. No. 108), at 2; *Mar. 2017 Response* 39–40, 134–135.

Umaña, however, requested that this Court set a time-limited period for discovery *before* it ordered the United States to respond to the 2255 motion. *Sept. 2016 Order* 2 (Doc. No. 30). Umaña's request meant that the discovery period would begin — and end — before the period in which Federal Rule of Civil Procedure 15(a)(1)(B) allows a litigant to "amend its pleading once as a matter of course." *See Jan. 2025 Order* 2–3 (Doc. No. 179). But Umaña told this Court that he preferred to litigate discovery first, citing efficiency and the value of avoiding piecemeal litigation. *Sept. 2016 Order* 2.

This Court granted Umaña's request to litigate discovery before the United

3

States had its first opportunity to respond to Umaña's 2255 motion. *Id.* On September 6, 2016, this Court entered an order specifying that "Umaña shall have forty-five (45) days from entrance of this Order to file a discovery motion in this Court." *Id.* at 3. Umaña had requested "90 days." *Petitioner's Request to Set an Initial Period for Discovery* 1 (Doc. No. 25). But this Court found "the amount of time Umaña request[ed]" to be "excessive." *Sept. 2016 Order* 2. The 45-day period this Court set ended on October 21, 2016.

On October 21, 2016 — the last day of the period this Court set for Umaña "to file a discovery motion," *id.* — Umaña moved for leave to conduct discovery. (Doc. No. 37). Umaña's motion reflected what this Court called the "kitchen-sink approach to seeking discovery" and sought the "perfect example of an improper fishing expedition." *Order Denying Leave for Discovery* (Doc. No. 108), at 53. The United States filed a thorough response to Umaña's discovery motion and his 96-page brief, *Mar. 2017 Response* (Doc. No. 50).

The parties litigated Umaña's discovery request for more than five years. *See Order Denying Leave for Discovery* (Doc. No. 108). During that time, Umaña filed a host of other items with this Court. He moved, for example, to recuse Judge Conrad, a motion this Court found "Frivolous." *Mar. 2018 Order* 5 (Doc. No. 76). He unsuccessfully moved to stay his 2255 proceedings indefinitely due to alleged incompetency. *See Sept. 24, 2018 Order* 12 (Doc. No. 85). And he moved for leave to amend or supplement his 2255 motion three times. (Docs. No. 68, 88, 90). This Court granted two of these three amendment requests and another

4

Umaña filed in 2022. *Oct. 2022 Order* (Doc. No. 131), at 55. But it denied a motion Umaña filed in 2018 (Doc. No. 71) for leave to supplement his 2255 motion with 28 new claims. *Oct. 2022 Order*, at 55. The Court found the claims to be untimely, meritless as a matter of law, or otherwise futile. *Id.* at 5–53.

In March of 2022, this Court denied Umaña's 2016 discovery motion. *Order Denying Leave for Discovery* (Doc. No. 108). Umaña moved for reconsideration. (Doc. No. 113).

In July of 2022 — more than five-and-one-half years after the time this Court set for seeking discovery expired, *Sept. 2016 Order* 2 — Umaña filed another motion for leave to conduct discovery. *July 2022 Disc. Mot.* (Doc. No. 122). He did not obtain this Court's leave to reopen the discovery period.

This Court ordered the United States to respond to Umaña's 2255 motion, *Oct. 2022 Order* at 55, and the United States in early 2023 filed a motion to dismiss. *Mar. 2023 Mot. to Dismiss* (Doc. No. 143). It argued that Umaña's 2255 motion "did not allege cognizable facts that, if proved, would entitle him to relief on any of his claims." *Id.* at 7.

Umaña filed on March 23, 2023, a 592-page "Amended Motion" under § 2255, claiming the right to do so "as a matter of course" under Federal Rule of Criminal Procedure 15(a). *Amended Mot.* (Doc. No. 146). After Umaña filed that amended 2255 motion, this Court denied his motion for reconsideration of its earlier order denying leave to conduct discovery. *May 30, 2024, Order* (Doc. No 174).

About a year after he filed his amended 2255 motion, Umaña successfully petitioned then-President Biden to commute his death sentences to life imprisonment. On December 27, 2024, former President Biden commuted "the sentences of death imposed" on Umaña to "life imprisonment without the possibility of parole." *Executive Grant of Clemency* 2, *United States v. Ayala*, No. 3:08-CR-134 (W.D.N.C. Dec. 27, 2024) (Doc. No. 1803).

On January 6, 2025, as Umaña requested, *Amended Mot.* 591; *Response in Opp. to the Gov't's Mot. to Stay* 24 (Doc. No. 153), this Court ordered the United States to respond to Umaña's amended 2255 motion. *Jan. 2025 Order* 10. Thirty-six days later, Umaña moved this Court to suspend that order, set aside the discovery-litigation schedule it entered in September of 2016, and open a new "discovery period" of sixty days. *Feb. 2025 Mot. to Suspend* (Doc. No. 180). This Court has not ruled on Umaña's February 2025 motion. *Id.*

In August of 2025, the United States moved to dismiss Umaña's 2023 amended 2255 motion. (Doc. No. 187) (hereinafter "*2025 Mot. to Dismiss*"). It argued that the commutation order rendered moot most of his amended 2255 motion, which challenged his death sentences; that the amended motion did not allege cognizable facts that, if proved, would entitle him to relief on any of his claims; and that the amended motion and the record of Umaña's criminal case and direct appeal conclusively show that he is entitled to no relief. *Id.* at 1. The parties completed briefing of that motion to dismiss on January 8, 2026. (Docs. No. 193, 196.) It is currently pending before this Court.

Although this Court has not granted Umaña's request for a modification of this Court's September 2016 scheduling order, Umaña filed on February 13, 2026, the motion for leave to conduct discovery currently before this Court. *Mot.* 1. Accompanying it is a forty-page memorandum, *Mem.* (Doc. No. 199), and a 100-page collection of exhibits containing proposed subpoenas, orders, and other measures to obtain sixty-eight categories of discovery from the United States, the Clerk of this Court, state governmental entities, state and Washington D.C. bar entities, and several individuals. *Exhibits* (Doc. No. 199–1), at 4, 15, 20, 43, 48, 64, 78, 84.[2] Umaña seeks ██████████████████████████ ████████████. *Mem.* 12. He seeks "all documents received" by the "FBI, Transnational Gang Unit, or any other domestically-based agent of the government from" any "Salvadoran law enforcement agency." *Mem.* 25. He seeks "all records" from the "Supreme Court of Pennsylvania Continuing Legal Education Board" of "the continuing legal education programs involving jury selection" attended by one of the prosecutors for a twenty-year period, *Exhibits* 79, in search of evidence to support his claim that his own attorneys failed to pursue *Batson* challenges aggressively enough, *Mem.* 19; *Amended Mot.* 416–423. And these examples are only a few among the scores of categories of items Umaña seeks leave to pursue. *See Mem.* 1–40.

---

[2] Citations of this document refer to the page numbers this Court's electronic-filing system has applied.

7

This Court should deny Umaña's fourth motion for leave to conduct discovery, for at least three reasons. It is untimely by many years. It improperly seeks reconsideration of an issue this Court has already decided and reconsidered. And the claims for which Umaña seeks discovery fail as a matter of law.

First, Umaña's motion is untimely. This Court gave Umaña "forty-five (45) days from entrance of" its September 6, 2016, Order "to file a discovery motion in this court." *Sept. 2016 Order* 3. Umaña filed his most recent discovery motion on February 13, 2026 — nine years, three months, and twenty-three days too late. This Court, moreover, ruled even ninety days to be an "excessive" amount of time for Umaña "to file discovery motions." *Id.* at 3. Umaña waited more than thirty-seven *multiples* of the amount of time this Court ruled "excessive" to file his motion. This Court should deny Umaña's February 2026 discovery motion because it is untimely, to an extraordinary degree. *See Firefighter's Inst. For Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (upholding district court's denial of discovery motion filed "three days after the deadline" established by the district court).

Umaña has acknowledged this Court's "Scheduling Order regarding the timing of discovery." *Reply ISO "Second" Motion for Leave to Conduct Discovery*,

8

at 1–2 (Doc. No. 130).[3]   But he has previously suggested that he could disregard that order without obtaining this Court's leave or consent, *cf.* Fed. R. Civ. P. 16(b)(4), because a conflict allegedly existed between the attorneys who initially represented Umaña in this 2255 proceeding and the attorneys who represented him during his direct appeal.  *Id.* at 1–2.  Umaña has appropriately declined to repeat that suggestion in his memorandum in support of his February 2026 discovery motion.

Nothing about the conflict Umaña has previously asserted with his appellate counsel could justify disregarding the scheduling order this Court entered at his request.  None of the discovery Umaña seeks leave to pursue is directed toward the defense attorneys with whom he purportedly had a conflict. And Umaña's current attorney has now represented Umaña for almost nine years.  *Mar. 28, 2017, Notice of Appearance* (Doc. No. 55).

Most importantly, Umaña has no authority unilaterally to disregard this Court's scheduling order.  Modification of such an order requires "good cause and . . . the judge's consent."  Fed. R. Crim. P. 16(b)(4).  The motion Umaña filed a little more than a year ago recognized that he needed this Court to enter an order setting a "new discovery period" before he could properly file another motion for discovery.  *Motion to Suspend the Briefing Schedule & Set a Discovery Period* (Doc. No. 180), at 1.  He acknowledges, *Mot.* 3, that he has not received

---

[3] As Umana acknowledges, the discovery motion he called his "second" was actually "the third."  *Mem.* 2 n.3.

9

such an order or this Court's consent to his filing another discovery motion at this late date.[4]  Because the timing of Umaña's motion conflicts with this Court's September 2016 scheduling order, this Court should deny Umaña's motion.

Second, Umaña's motion is an improper effort to relitigate and seek reconsideration of this Court's prior determinations that he is not entitled to discovery in this 2255 proceeding.  This Court made that determination in its March 2022 *Order Denying Leave for Discovery* (Doc. No. 108), and denied Umaña's motion for reconsideration in its *May 30, 2024, Order* (Doc. No. 174). Umaña identifies no basis for this Court to reconsider his entitlement to discovery.  He previously sought much of what he seeks today.  And to the extent Umaña now presses arguments, allegations, discovery requests, or claims that he failed to press before, his request remains improper.  Reconsideration motions, in the words of this Court, are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Iredell Water Corp. v. City of Statesville*, No.

---

[4] The *United States' Response in Opposition to Umana's February 2025 Motion to Suspend the Briefing Schedule & Set a Discovery Period* (Doc. No. 181), explains why this Court should not modify the September 2016 scheduling order it entered at Umana's request. *Id.* at 6–12.  The "primary consideration" for whether to modify a schedule "is the diligence of the moving party." *Id.* at 7.  The timing of last year's request for such a modification, which Umana filed on February 11, 2025, was already much too late for him to establish that he acted with the necessary diligence. *Id.* at 1, 7–9.  More than a year has now passed since he filed that request.

10

5:21-CV-132, 2022 WL 1095038, at *1 (W.D.N.C. 2022). Umaña's decision to label his latest effort to relitigate his entitlement to discovery something other than "reconsideration" does not convert it into a proper request.

Umaña's amendment to his 2255 motion does not offer any basis for this Court to reconsider whether he is entitled to discovery in this proceeding. The claims for which he seeks discovery — "Claims II.F, III, IV, VII.B., VII.C, XI.C, XIII, XV, XVII, XVIII, XXI, XXIX," and "XXX," *Mot.* 7 — are among the 30 claims that were in the initial 2255 motion Umaña filed in 2016. And Umaña's 2023 amended motion, by its terms, contains the "same 30 claims." *Amended Mot.* 3; *see also 2025 Mot. to Dismiss* 20, 30. Umaña does not seek any discovery he could not have asked for leave to pursue when this Court previously determined he was not entitled to discovery.

This Court gave Umaña a full and fair opportunity to "file a discovery motion in this court" and establish good cause — an opportunity at the time Umaña requested, with a reasonable deadline. *Sept. 2016 Order.* And this Court thoroughly considered — and rejected — his request for reconsideration. Umaña is not entitled to a "second bite at the apple," let alone a third or fourth, nearly a decade later. *Id.*; *Iredell Water Corp.*, 2022 WL 1095038, at *1.

Third, Umaña is not entitled to discovery because the claims for which he seeks discovery fail as a matter of law. "[T]here is no good cause for discovery if the claim fails as a matter of law." *Order Denying Leave for Discovery* 2 (citing *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004), and *Thomas v. Taylor*,

11

170 F.3d 466, 474–475 (4th Cir. 1999)).  This Court must determine, "at a minimum," that Umaña's 2255 motion contains "'specific allegations of fact' that, if proved, 'would entitle him to relief.'"  *Huitt v. United States*, No. 3:16-CR-206-MOC, 2019 WL 1128762, at *2 (W.D.N.C. Mar. 12, 2019) (quoting *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004)); *accord Mar. 2017 Response*, at 37–40.  Discovery in support of claims that do not meet this basic pleading requirement would serve no purpose, because no amount of "additional evidence," *Mem.* 1, will save claims that would not "entitle him to relief" even "if proved."  *Townsend v. Sain*, 372 U.S. 293, 312 (1963); *Hill v. Ozmint*, 339 F.3d 187, 201 (4th Cir. 2003); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

As the United States has explained in its *2025 Motion to Dismiss*, all of Umaña's claims fail as a matter of law.  *2025 Mot. to Dismiss* 24–121.  Umaña's amended 2255 motion "does not allege cognizable facts that, if proved, would entitle him to relief" on any of his claims.  *Id.* at 126.  And the specific claims for which Umaña seeks discovery, *Mem.* 7, fail for multiple reasons.  Many of Umaña's discovery requests are directed, for example, toward Claims 3, 4, 6.C, 7.B, and 13, which allege errors in this Court's pretrial determination under *Atkins v. Virginia*, 536 U.S. 304, 321 (2002), that Umaña was eligible for the death penalty.  *See Mem.* 20–32.  In addition to the other reasons these claims fail as a matter of law, the commutation order renders them moot.  *See 2025 Mot. to Dismiss* 36–37, 50–51, 73, 81, 84, 125–126; *Reply ISO 2025 Mot. to Dismiss* (Doc. No. 196), at 2–6.  Other discovery requests are directed toward a theory

12

that Umaña did not have an interpreter during his trial, *Mem.* 34–36, a theory the record refutes and that Umaña was, in any event, required to raise long before his 2255 motion, *2025 Mot. to Dismiss* 80, 100. Still others are directed toward alleged violations of statutes and treaties, *Mot.* 6 n.7, 9, 37–38, which are not cognizable under § 2255, *2025 Mot. to Dismiss* 96, 109. These examples reflect only a few of the fatal legal infirmities in his claims. Umaña is not entitled to discovery because *each* of the claims for which he seeks it "fails as a matter of law," *Order Denying Leave for Discovery* 2. *See 2025 Mot. to Dismiss* 24–121.

Umaña has received a full opportunity to litigate discovery on his 2255 motion. And it is Umaña who asked this Court to litigate discovery in the initial period of this case, in his words, to promote "efficien[cy]" and "prevent piecemeal litigation." *Petitioner's Request to Set an Initial Period for Discovery* (Doc. No. 25-1). Umaña is not entitled to another opportunity to litigate and relitigate discovery, and he should not receive one.

But if this Court were to conclude that Umaña's February 2026 discovery motion should not be denied for the reasons described above, this Court should defer its decision on the motion until after this Court decides the pending motion to dismiss the United States has filed.[5] Even in an ordinary civil case, a party

---

[5] If this Court defers its decision on Umana's February 2026 discovery motion, the United States respectfully requests an opportunity to file a brief further addressing that motion after this Court decides issues raised by the United States' pending motion to dismiss.

13

ordinarily "may not seek discovery until after he has not only filed a complaint, but a well-pleaded one." *United States v. Cuya*, 964 F.3d 969, 974 (2020); *Dupree,* 598 U.S. at 731. And "discovery in habeas actions is *more limited* than in other civil cases." *Cuya*, 964 F.3d at 974. Even Umaña describes "[d]iscovery" as one of the "next steps" that should occur if his 2255 motion "survive[s] the government's motion to dismiss." *Mot.* 3. No basis exists for this Court to *grant* Umaña's fourth motion for discovery without first deciding whether Umaña's 2255 motion survives that pending motion.

## CONCLUSION

Umaña's February 2026 discovery motion is untimely, inappropriately seeks to relitigate this Court's determination that he is not entitled to discovery, and improperly seeks discovery for claims that fail as a matter of law. The United States, therefore, respectfully requests that this Court deny Umaña's motion.

RESPECTFULLY SUBMITTED, this 24th day of February, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

14

## <u>ARTIFICIAL-INTELLIGENCE CERTIFICATION</u>

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and citation of an authority contained in this document has been checked by an attorney or a paralegal working at his direction as to the accuracy of the proposition for which it is offered, and the citation of authority provided

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

15

## CERTIFICATE OF SERVICE

I certify that on this 24th day of February, 2026, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

16