# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| ALEJANDRO UMAÑA, | : | |
| Movant, | : | No. 3:16-CV-00057-MOC |
| | : | |
| v. | : | § 2255 Proceeding |
| | : | |
| UNITED STATES OF AMERICA, | : | Hon. Max O. Cogburn, Jr. |
| Respondent. | : | |

## REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO CONDUCT DISCOVERY

Movant Alejandro Umaña, through undersigned counsel, files this reply to the government's response in opposition, Civ. Docs. 202, 203, to his motion for leave to conduct discovery, Civ. Docs. 197, 198, 199.

This case has a lengthy and complex procedural history. The government seemingly faults Movant for being overly litigious, *see* Civ. Doc. 202 at 4-6, and, at the same time, dilatory, *see id.* at 5. The government is correct that Movant's prior counsel obtained leave to conduct discovery on the initial 2255 motion before the government filed a responsive pleading directed at that 2255 motion. *See id.* at 3-4. When the Court rejected the government's challenge to Movant's 2023 amendment and deemed the 2023 amended 2255 motion to be the operative motion, Civ. Doc. 179 at 9-10, Movant requested – thirty-six days after that order – that the Court suspend the government's deadline to respond to the operative motion to allow Movant to request discovery on his amended claims, in accordance with the procedure previously endorsed by this Court and the caselaw from this district indicating that the Court's acceptance of the superseding, operative 2255 motion moots prior litigation directed at the initial 2255 motion. Civ. Doc. 180. However,

1

this Court did not rule on that request, and the government filed its responsive pleading to the operative 2255 motion. Civ. Doc. 187.

Despite what prior 2255 counsel convinced the Court to do, in the ordinary course of 2255 litigation, a 2255 movant's request for discovery would follow the government's response to the 2255 motion, as Movant has discussed in previous filings. *See* Civ. Doc. 193 at 12; Civ. Doc. 199 at 3. Accordingly, Movant has now filed his discovery motion, thirty-six days after the briefing on the government's motion to dismiss concluded, as he would have done in the ordinary course of 2255 litigation.

Although Movant seeks discovery based on the 2023 amended 2255 motion, Civ. Doc. 146, the government rests the bulk of its argument on prior discovery litigation directed at Movant's initial 2255 motion. However, once the Court determined that the 2023 amended 2255 motion is the operative motion, Civ. Doc. 179 at 9, motions and proceedings directed at the initial, superseded 2255 motion are moot.[1] This Court has already recognized as much when, in its order deeming the 2023 amended 2255 motion the operative motion and directing the government to

---

[1] *See, e.g.*, *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)) ("It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot."); *Richardson v. Casual Male Retail Grp., Inc.*, No. 3:10CV396-RJC-DSC, 2011 WL 1811827, at *2 (W.D.N.C. Jan. 18, 2011), *report and recommendation adopted*, No. 3:10-CV-396-RJC-DSC, 2011 WL 1811216 (W.D.N.C. May 12, 2011) (denying defendant's motion to stay discovery as moot where plaintiff's amended complaint would be superseding, operative complaint); *Ct. of Master Sommeliers Americas v. Broshious*, No. 2:25-CV-05255-RMG, 2025 WL 2590215, at *1 (D.S.C. Sept. 5, 2025) (denying motion to stay discovery as moot, "as [stay] was requested pending the resolution of the now-mooted motion to dismiss" directed to original pleading, which was "no longer operative"); *Buckner v. Tygart Valley Const., Inc.*, No. CIVA 2:04CV75, 2006 WL 1966968, at *1 (N.D.W. Va. July 12, 2006) (ordering "[d]iscovery be reopened with respect to the claims asserted" in superseding complaint).

respond, it denied Movant's Second Motion for Discovery, filed before the operative motion, as moot. *See* Civ. Doc. 179 at 10.

If the prior discovery litigation is moot, Movant's discovery motion is clearly timely (perhaps even, as the government alleges, Civ. Doc. 202 at 13 & n.5, premature); the 2016 discovery scheduling order is effectively a legal nullity; and there is no prior decision of this Court to control these proceedings or to relitigate/reconsider. Accordingly, the government's arguments that Movant's discovery motion is untimely, *see id.* at 8-10, that the motion seeks to circumvent the 2016 scheduling order regarding discovery, *id.* at 7-10 & n.4, that the motion is an improper attempt to relitigate or request reconsideration[2] of issues already decided, *id.* at 10-11, and that discovery should be denied based on the prior discovery order, *id.* at 11-13, all fail.

If this Court agrees that the superseding, operative motion moots the prior discovery litigation directed at the initial 2255 motion, it should also reach the merits of Movant's discovery requests. As Movant explained at length in his opposition to the government's motion to dismiss, at this stage of the proceedings, all Movant is required to do to survive the government's motion to dismiss is plead claims that contain "sufficient factual matter, accepted as true, to 'state a claim

---

[2] Notwithstanding the government's suggestion, Civ. Doc. 202 at 5, this Court did not decide that the 2022 discovery order remains controlling after the superseding, operative 2255 motion when the Court denied Movant's request for reconsideration of that discovery order after Movant filed the superseding 2255 motion. When the Court denied the discovery reconsideration request, the status of the 2023 amended 2255 motion remained in legal limbo because the government had challenged the propriety of the amendment. *See* Civ. Docs. 159, 160 (sealed). Accordingly, the order denying reconsideration of the discovery order made no mention whatsoever of the 2023 amended 2255 motion. *See generally* Civ. Doc. 174. An order of this Court, issued *before* the Court determined that the 2023 amended 2255 motion constituted the superseding, operative motion, and that did not once mention the 2023 amended 2255 motion, cannot possibly be interpreted to have decided anything about whether the 2022 discovery order survived the Court's acceptance of the 2023 amended 2255 motion as the superseding, operative motion. That issue was clearly not before the Court.

3

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Civ. Doc. 193 at 14-16 (expanding upon this argument in opposition to government's dismissal motion). As Movant demonstrated in his opposition to the government's motion to dismiss, he has met that pleading standard. *See generally* Civ. Doc. 193 at 31-192.

Accordingly, this Court can grant Movant leave to conduct discovery upon a showing of "good cause." *See generally* Civ. Doc. 199 at 4-6 (discussing 2255 discovery standard). Movant need not conclusively establish his entitlement to relief on the merits of his claims to receive discovery; he is required only to present "specific allegations" that "show reason to believe that the petitioner *may*, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (emphasis added) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) ("Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief."). Movant has met that standard in his discovery motion, which seeks specifically identified documents and in-court examination of jurors to further develop evidence in support of his plausible claims for relief, which he contends remain live following President Biden's commutation of his death sentences. *See* Civ. Doc. 199 at 7-38.

If, on the other hand, this Court disagrees with Movant's argument that the superseding, operative 2255 motion moots the prior discovery litigation, this Court should nonetheless reach the merits of Movant's discovery requests and grant the requested discovery. As Movant previously explained in his opposition to the government's motion to dismiss, Civ. Doc. 193 at 26-27, the Court's prior discovery order cannot control the resolution of the government's motion to

dismiss, *see id.* Nor can it control the resolution of these discovery requests. The prior discovery denial relied on the strength of the allegations in Movant's initial 2255 motion. Because the 2023 amended 2255 motion that is now the operative motion adds factual allegations and evidentiary support for Movant's claims and addresses several of the government's default arguments, *see* Civ. Doc. 146 at 3-28 (Statement on Relation Back, explaining how operative motion contains additional factual support for Movant's claims); *see generally* Civ. Doc. 146 (providing copious factual allegations in support of Movant's claims, and its supporting appendices); Civ. Docs. 147 & 150 (proffering documentary evidence substantiating Movant's factual allegations contained in the operative motion), the Order's analysis no longer controls.

For these reasons and those set forth in his Motion, Movant respectfully requests that this Court grant the Motion for Discovery.


Respectfully submitted,

/s/ *Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: March 3, 2026

5

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and citation of an authority contained in this document has been checked by an attorney or a paralegal working at an attorney's direction as to the accuracy of the proposition for which it is offered, and the citation of authority provided.

/S/ KELLY D. MILLER
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: March 3, 2026

## CERTIFICATE OF SERVICE

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and a copy of the foregoing document has been served this day upon the following via CM/ECF:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

Respectfully submitted,

/s/ *Kelly D. Miller*
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated:  March 3, 2026