# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:16-cv-57-MOC
### (3:08-cr-134-MOC-UMJ-2)

ALEJANDRO ENRIQUE RAMIREZ UMANA,  )
                                                       )

                 **Petitioner,**             )

                                                       )

vs.                                                        )

                                                       )

UNITED STATES OF AMERICA,       )        <u>ORDER</u>

                                                         )

                 **Respondent.**          )

_____  )

      **THIS MATTER** is before the Court on the parties' unopposed Motions to Seal [Docs. 188, 194, 200, 204].

      The Petitioner has filed an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 [Doc. 146] which the Government has moved to dismiss [Doc. 188]. The Petitioner filed a Response in opposition to the Motion to Dismiss [Doc. 193] and seeks discovery [Doc. 199], which the Government opposes [Doc. 202]. The parties have filed unsealed redacted versions of each of these proposed sealed filings, which are available on the Court's public docket. [<u>See</u> Docs. 189, 195, 198, 202]. The parties do not object to each others' Motions to Seal. [Docs. 188, 194, 200, 204].

      There is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); <u>see</u> <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court proceedings includes criminal and civil cases). However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. <u>See</u> <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978). The denial of access to documents

under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest.  See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); In re State-Record Co., Inc., 917 F.2d 124, 127 (4th Cir. 1990).  Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered.  See Press–Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501, 510 (1984); LCvR 6.1.  When addressing motions to seal, the Court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact such orders in its discretion.  LCvR 6.1.

The Court has considered alternatives to sealing and finds that the parties' interests in the confidentiality of certain records overrides the public's right to an open court in this case, that the parties have made the proceedings available to the public to the extent possible by filing redacted versions of the relevant filings on the Court's docket, and there is no alternative that will adequately protect these concerns, and that permanently sealing the unredacted versions of these documents is warranted.

**IT IS, THEREFORE, ORDERED** that:

1. The parties' unopposed Motions to Seal [Docs. 188, 194, 200, 204] are **GRANTED.**

2. The Clerk is respectfully instructed to **PERMANENTLY SEAL** Docket Entries 187, 193, 199, and 202.

**IT IS SO ORDERED**.

Signed: March 9, 2026

Max O. Cogburn Jr.
United States District Judge

2