# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:16CV57

| | |
|---|---|
| ALEJANDRO RAMIREZ UMAÑA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

## RESPONSE IN OPPOSITION TO UMAÑA'S APRIL 2026
## MOTION FOR PERMISSION TO INTERVIEW TRIAL JURORS

The United States respectfully requests that this Court deny Alejandro Ramirez Umaña's April 22, 2026, motion, which seeks this Court's permission to interview jurors who served during his trial nearly sixteen years ago (Doc. No. 207) — permission this Court has already denied. *Mar. 28, 2017 Order* (Doc. No. 56). Umaña sought this Court's permission to interview the same jurors in this 2255 proceeding in 2016. *April 2016 Mot. Interview Trial Jurors* (Doc. No. 11). The United States opposed this request. *May 2016 Response* (Doc. No. 16), at 3–13. And in March of 2017, this Court denied Umaña's request, holding that Umaña failed to meet his burden to demonstrate good cause for interviewing jurors or other individuals. *Mar. 28, 2017 Order* (Doc. No. 56) at 4, 14. As part of his pending fourth motion for leave to conduct discovery filed in February of 2026, Umaña again sought to examine the same jurors. *Mem ISO Feb. 2026 Mot.*

*for Discovery* (Doc. No. 199), at 12–13.

This Court should deny Umaña's latest motion for permission to interview jurors for at least two reasons. Umaña is not entitled to relitigate this Court's determination that he is not entitled to that permission. And he seeks juror interviews in support of claims that fail as a matter of law.

First, this Court should deny Umaña's motion as an improper effort to relitigate and seek reconsideration of this Court's determination that he is not entitled to interview his jurors. Umaña's current motion does not request anything he could not have requested earlier. And reconsideration motions, in the words of this Court, are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Iredell Water Corp. v. City of Statesville*, No. 5:21-CV-132, 2022 WL 1095038, at *1 (W.D.N.C. 2022). Umaña identifies no basis for reconsideration of this Court's 2017 order nine-years later. And Umaña's decision to label his latest effort something other than "reconsideration" does not convert it into a proper request.

Umaña's assertion that this Court's 2017 Order somehow became moot because Umaña chose to amend his 2255 motion, *Mem. ISO May 2026 Mot. for Permission to Interview Jurors* (Doc. No. 207-1), at 3, is baseless. Nothing in the earlier filing he cites holds or suggests that an amendment moots this Court's prior decision about permission to interview jurors. *See Reply ISO Feb. 2026*

2

*Mot. for Leave to Conduct Discovery* (Doc. No. 205), at 2 & n.1. The claim for which Umaña seeks juror interviews — claim 15 — is, moreover, among the 30 claims that were in the initial 2255 motion Umaña filed in 2016. Umaña's 2023 amended motion, by its terms, contains the "same 30 claims." *Amended 2255 Mot.* (Doc. No. 146), 3; *see also 2025 Mot. to Dismiss* (Doc. No. 187) 20, 30. If it were "impossible for the court to grant any effectual relief" on Umaña's 2016 motion for permission to interview jurors, a requisite for mootness, *Lancaster v. Sec'y of Navy,* 109 F.4th 283, 289 (4th Cir. 2024), then it would be impossible for this Court to grant such relief now, on Umaña's 2026 motion. Umaña's decision to amend his 2255 motion does not entitle him to relitigate every prior ruling against him by this Court. Umaña had a fair opportunity to litigate his entitlement to interview jurors, and he is not entitled to another.

Second, this Court should deny Umaña's request because the claims for which he seeks juror interviews fail as a matter of law. As the United States explained in its motion to dismiss, Umaña's amended 2255 motion "does not allege cognizable facts that, if proved, would entitle him to relief" on any of his claims. *2025 Mot. to Dismiss* 126. Any additional evidence Umaña might gain from juror interviews would serve no purpose, because no amount of additional evidence will save claims that would not entitle him to relief even if proved. *See Response to Feb. 2026 Mot. for Leave to Conduct Discovery* (Doc. Nos. 202, 203), at 11–13.

If this Court were to conclude that Umaña's April 2026 motion seeking

3

permission to interview jurors should not be denied for the reasons described above, this Court should defer its decision until after this Court decides the pending motion to dismiss the United States has filed and Umaña's pending fourth motion for leave to conduct discovery. If Umaña's request for juror interviews were properly before this Court, the Court's resolution of the motion to dismiss could make it unnecessary or shape the issues the interview request presents.[1] And Umaña's pending discovery motion seeks a different form of essentially the same relief.

Because this Court has previously considered and rejected Umaña's request for permission to interview jurors, however, this Court need not defer its decision. The United States respectfully requests that this Court deny Umaña's April 2026 motion for leave to interview jurors.

RESPECTFULLY SUBMITTED, this 5th day of May, 2026.

<div style="margin-left: 45%;">

RUSS FERGUSON
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)
anthony.enright@usdoj.gov

</div>

---

[1] If this Court defers its decision on Umaña's juror-interview motion, the United States respectfully requests an opportunity to file a brief further addressing that motion after this Court decides issues raised by the United States' pending motion to dismiss.

4

# ARTIFICIAL-INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and citation of an authority contained in this document has been checked by an attorney or a paralegal working at his direction as to the accuracy of the proposition for which it is offered, and the citation of authority provided

<div style="text-align: right;">

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

</div>

# CERTIFICATE OF SERVICE

I certify that on this 5th day of May, 2026, I caused to be served a copy of the foregoing motion to be served on counsel for Umaña via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

6