## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| ALEJANDRO UMAÑA,<br>　　　　　Movant, | : <br> : <br> : | No. 3:16-CV-00057-MOC |
| v. | : <br> : | § 2255 Proceeding |
| UNITED STATES OF AMERICA,<br>　　　　　Respondent. | : <br> : <br> : <br> : | Hon. Max O. Cogburn, Jr. |

### REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR PERMISSION TO INTERVIEW TRIAL JURORS AND OTHER JURY RELATED WITNESSES

Movant Alejandro Umaña, through undersigned counsel, files this reply to the government's response in opposition, Civ. Doc. 209, to his Motion to Interview Trial Jurors and Other Jury Related Witnesses, Civ. Doc. 207.

Contrary to the government's assertion, Civ. Doc. 209 at 3-4, Movant's allegations of juror misconduct state a claim upon which relief could be granted, sufficient to survive motion to dismiss and entitle Movant to further factual development. *See* Civ. Doc. 146 at 369-98 (Claim XV); Civ. Doc. 199 at 8-13 (Section V.A); Civ. Doc. 207 at 5-18 (Section III.B-C). ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████



Because the 2017 Juror Access Order no longer controls, *see* Civ. Doc. 207 at 3, this Court should reject the government's characterization of Movant's motion, *see* Civ. Doc. 209 at 2-3, as an improper and untimely motion to reconsider. However, were this Court to decide this motion is more appropriately characterized as a request for reconsideration of the 2017 Juror Access Order, Movant meets the principles applied to motions for reconsideration of interlocutory orders under Rule 54(b). Neither Rule 54(b) nor the Fourth Circuit specifies the standard for reconsidering interlocutory orders. The Fourth Circuit has explained that "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). District Courts within the Fourth Circuit consider the principles for reconsidering final judgments under Rule 59(e) when reviewing motions to reconsider non-final judgments under 54(b), but less strictly. *Pender v. Bank of Am. Corp.*, 2011 WL 62115, at *1 (W.D.N.C. Jan. 7, 2011). *Cf.* Civ. Doc. 209 at 2 (quoting *Iredell Water Corp. v. City of Statesville*, 2022 WL 1095038, at *1 (W.D.N.C. Apr. 12, 2022)). Since the filing of the 2016 Juror Access Motion, Civ. Doc. 11, and the Court's 2017 Juror Access Order, Civ. Doc. 56, a superseding 2255 motion has been deemed

2

the operative complaint, Civ. Doc. 179. Thus, contrary to the government's contention, Civ. Doc. 209 at 2, Movant is not seeking a "second bite at the apple," *Iredell Water Corp. v. City of Statesville*, No. 5:21-CV-132, 2022 WL 1095038, at \*1 (W.D.N.C. 2022). Rather, Movant asks that this Court use its discretion to evaluate these arguments because it would be a "manifest injustice" for an order to stand based on a 2255 motion that is no longer part of this Court's consideration when determining if Movant is entitled to relief on his allegations of juror misconduct and for the Court to deny Movant the opportunity to fully develop the factual bases of his juror misconduct claim given the strength of Movant's current proffer of juror misconduct.

Finally, contrary to the government's assertions, Civ. Doc. 209 at 2, 4, Movant's motion is neither too late nor too early. Movant's current request for leave to interview the trial jurors, based on the superseding operative 2255 motion, is timely in relation to the Court's January 2025 acceptance of the superseding 2255 motion as the operative motion and the Court's scheduling of briefing on that motion (which was completed earlier this calendar year). And, as Movant has previously explained, the appropriate next steps after the government's response to the superseding operative 2255 motion are discovery under Rule 6 and expansion of the record under Rule 7. *See* Civ. Doc. 195 at 12. Like his pending discovery motion, Movant's request to interview jurors seeks to develop the factual record further. The most proper and efficient next step is for this Court to resolve this motion along with the discovery motion so that Movant has "the full opportunity for presentation of the relevant facts," as he is entitled. *Harris v. Nelson*, 394 U.S. 286, 298, 300 (1969).

For these reasons and those set forth in his Motion, Movant respectfully requests this Court to grant the Motion to Interview Trial Jurors and Other Jury Related Witnesses.

Respectfully submitted,

*/s/ Kelly D. Miller*
KELLY D. MILLER
Assistant Federal Public Defender
Federal Public Defender, Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: May 12, 2026

4

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and citation of an authority contained in this document has been checked by an attorney or a paralegal working at an attorney's direction as to the accuracy of the proposition for which it is offered, and the citation of authority provided.

/S/ KELLY D. MILLER
KELLY D. MILLER
Asst. Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: May 12, 2026

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and a copy of the foregoing document has been served this day upon the following via email:

Anthony J. Enright
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
anthony.enright@usdoj.gov

*/S/ KELLY D. MILLER*
KELLY D. MILLER
Assistant Federal Public Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: May 12, 2026

6